**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |
|---|---|
| EARL S. WAGNER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM BRANDS LEGACY, INC. f/k/a SPECTRUM BRANDS HOLDINGS, INC., ANDREAS R. ROUVÉ, and DOUGLAS L. MARTIN, <br><br> Defendants. | No. 3:19-cv-00178-jdp <br><br> Hon. James D. Peterson <br><br> <u>CLASS ACTION</u> |

*Captions continued on next page.*

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE PUBLIC
SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO AND
THE CAMBRIDGE RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD
PLAINTIFF, APPROVAL OF THEIR SELECTION OF COUNSEL,
<u>AND CONSOLIDATION OF RELATED ACTIONS</u>**

WEST PALM BEACH FIREFIGHTERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated,

          Plaintiff,

    v.

SPECTRUM BRANDS LEGACY, INC. f/k/a SPECTRUM BRANDS HOLDINGS, INC., ANDREAS R. ROUVÉ, DAVID M. MAURA, and DOUGLAS L. MARTIN,

          Defendants.

No. 3:19-cv-00347-jdp

Hon. James D. Peterson

CLASS ACTION

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 3

ARGUMENT ......................................................................................................................... 5

I.   CHICAGO TEACHERS AND CAMBRIDGE SHOULD BE APPOINTED AS
     LEAD PLAINTIFF ...................................................................................................... 6

     A.   Chicago Teachers and Cambridge Have the Largest Financial Interest in
          the Relief Sought by the Class .................................................................................. 6

     B.   Chicago Teachers and Cambridge Otherwise Satisfy the Requirements of
          Rule 23 ..................................................................................................................... 7

     C.   Chicago Teachers and Cambridge Are Precisely the Type of Lead Plaintiff
          Envisioned by the PSLRA ........................................................................................ 8

II.  THE COURT SHOULD APPROVE CHICAGO TEACHERS' AND
     CAMBRIDGE'S SELECTION OF LEAD COUNSEL................................................... 12

III. THE RELATED ACTIONS SHOULD BE CONSOLIDATED ..................................... 13

CONCLUSION...................................................................................................................... 14

## TABLE OF AUTHORITIES

CASES                                                                                                    PAGE(S)

*Bristol Cty. Ret. Sys. v. Allscripts Healthcare Sols., Inc.*,
  No. 12 C 3297, 2012 WL 5471110 (N.D. Ill. Nov. 9, 2012).....................................................11

*Craig v. Sears Roebuck & Co.*,
  253 F. Supp. 2d 1046 (N.D. Ill. 2003) ................................................................................5, 6

*Dollens v. Zionts*,
  No. 01 C 5931, 2001 WL 1543524 (N.D. Ill. Dec. 4, 2001) ...................................................14

*Johnson v. Tellabs, Inc.*,
  214 F.R.D. 225 (N.D. Ill. 2002).........................................................................................7, 8

*In re Motorola Sec. Litig.*,
  No. 03 C 287, 2003 WL 21673928 (N.D. Ill. July 16, 2003) .............................................9, 11

*In re Orion Sec. Litig.*,
  No. 08 Civ. 1328(RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) .....................................14

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
  256 F.R.D. 620 (E.D. Wis. 2009) ......................................................................................1, 2

*Takara Trust v. Molex Inc.*,
  229 F.R.D. 577 (N.D. Ill. 2005).............................................................................................6

STATUTES

15 U.S.C. § 78u-4 ...................................................................................................... *passim*

OTHER AUTHORITIES

Fed. R. Civ. P. 23(a)(4)...........................................................................................................8

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995).................9, 11

The Public School Teachers' Pension & Retirement Fund of Chicago ("Chicago Teachers") and the Cambridge Retirement System ("Cambridge") respectfully submit this memorandum of law in support of their motion for the entry of an order: (i) appointing Chicago Teachers and Cambridge as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (i) approving Chicago Teachers' and Cambridge's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class and Rathje Woodward LLC ("Rathje Woodward") as Liaison Counsel for the Class; (iii) consolidating the above-captioned actions and any related securities class actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and (iv) granting any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above-captioned related securities class actions allege violations of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Spectrum Brands Legacy, Inc. (f/k/a Spectrum Brands Holdings, Inc.) ("Spectrum" or the "Company"), and certain of its senior executives, on behalf of all persons or entities who purchased or otherwise acquired Spectrum common stock (the "Class") between June 14, 2016 and November 16, 2018, inclusive (the "Class Period").[1]

---

[1] The complaints filed against Spectrum assert different class periods. The complaint in *Wagner v. Spectrum Brands Legacy, Inc.*, No. 3:19-cv-178-jdp (W.D. Wis. filed Mar. 7, 2019) ("*Wagner*"), asserts a class period of June 14, 2016 through April 25, 2018, while the complaint in *West Palm Beach Firefighters' Pension Fund v. Spectrum Brands Legacy, Inc.*, No. 3:19-cv-347-jdp (W.D. Wis. filed Apr. 30, 2019) ("*West Palm Beach*"), asserts a class period of June 14, 2016 through November 16, 2018. For purposes of appointing a Lead Plaintiff, courts generally

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Chicago Teachers and Cambridge are the "most adequate plaintiff" by virtue of, among other things, the approximately $3.5 million in losses they incurred on their purchases of over 103,500 shares of Spectrum stock during the Class Period.[2]

Chicago Teachers and Cambridge also satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the Class, and they will fairly and adequately represent the Class. Indeed, both Chicago Teachers and Cambridge are paradigmatic Lead Plaintiff under the PSLRA because they are dedicated institutional investors with a real financial interest in the litigation, and they have experience serving as Lead Plaintiff and supervising the work of outside counsel in complex securities and other shareholder class actions. In fact, they have served jointly, and successfully, as lead plaintiff in a past PSLRA case in this Circuit – *Hughes v. Huron Consulting Group, Inc.*, No. 09-cv-4734 (N.D. Ill.) – which recovered $38

---

apply the longest class period. *See Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009) (finding that for the purpose of appointing a lead plaintiff, the longest class period governs).

[2] Chicago Teachers' and Cambridge's PSLRA-required Certifications are attached as Exhibit A to the Declaration of Douglas M. Poland in Support of the Motion of the Public School Teachers' Pension & Retirement Fund of Chicago and the Cambridge Retirement System for Appointment as Lead Plaintiff, Approval of Their Selection of Counsel, and Consolidation of Related Actions (the "Poland Decl."). Charts setting forth calculations of Chicago Teachers' and Cambridge's losses are attached as Exhibit B to the Poland Decl.

million for investors. Accordingly, Chicago Teachers and Cambridge have both the incentive and ability to lead this action.

Further, as set forth in greater detail in their Joint Declaration submitted herewith, Chicago Teachers and Cambridge both fully understand their obligations as Lead Plaintiff to the Class under the PSLRA, and are willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action.[3] As set forth in their Joint Declaration, Chicago Teachers and Cambridge have taken numerous measures to ensure their effective oversight of this action and their counsel, and have reaffirmed their commitment to ensuring the action is vigorously and efficiently prosecuted in the best interests of the Class.

Last, Chicago Teachers and Cambridge have demonstrated their adequacy through their selection of Bernstein Litowitz, a law firm with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel for the Class. Accordingly, Chicago Teachers and Cambridge respectfully request that the Court appoint them as Lead Plaintiff and otherwise grant their motion.

## STATEMENT OF FACTS

Spectrum is a Wisconsin-based company. Its primary business is manufacturing and marketing consumer products, which it then distributes to "big-box" retailers like Home Depot. During the Class Period, Spectrum held licenses for well-known brands like Armor All, Kwikset, and Black & Decker. Spectrum was organized into several divisions, of which two – Global Auto Care ("GAC") and Home & Hardware Improvement ("HHI") – are relevant here.

---

[3] *See* Joint Declaration in Support of the Motion of the Public School Teachers' Pension & Retirement Fund of Chicago and the Cambridge Retirement System for Appointment as Lead Plaintiff, Approval of Their Selection of Counsel, and Consolidation of Related Actions ("Joint Decl."), Poland Decl., Exhibit C.

Spectrum relied heavily on its "distribution centers" – physical plants where Spectrum manufactured, packaged, and/or distributed its products.

On June 14, 2016 and February 3, 2017, Spectrum announced that it was consolidating the operations of its GAC and HHI businesses into two brand-new distribution centers in Dayton, Ohio and Edgerton, Kansas, respectively (the "Consolidations"). These were time- and capital-intensive projects on which analysts and other market-watchers commented extensively. Once operational, the Dayton and Edgerton facilities would impact every aspect of the GAC and HHI businesses.

From June 2016 through April 2018, Spectrum and certain of its senior management ("Defendants") gave real-time updates about the Consolidations that presented the Company's execution as unreservedly positive and effective. For example, the former CEO (Andreas Rouvé) and CFO (Douglas Martin) routinely described the "good progress," asserted that the Consolidations were "on track" to "reduce expenses and inventory in the back half of 2017 and in 2018," and characterized any problems faced as "temporary," "transitional," "short-term," and "quickly addressed." In late 2017, Spectrum announced that the GAC project was complete and the HHI project was nearing completion. Rouvé told the market that the operational improvements were already manifest, and the naturally seasonal Company was on solid footing heading in to its peak spring and summer seasons.

As became clear starting on April 26, 2018, these statements were materially misleading. In truth, the execution of the Consolidations was flawed from the outset and the Company knew the projects were far from complete. On that date, the Company announced disastrous financial results and revised its EBITDA guidance for 2018 downward by about 9%, specifically because of the poorly executed Consolidations. Rouvé resigned and was replaced by the current CEO,

4

David Maura. On this news, the price of the Company's stock fell from $93.14 per share to $72.56 per share (about 22.1%).

Despite acknowledging problems with the Consolidations, Defendants continued to falsely assure investors that those problems had been resolved. On April 26, 2018, and again during a July 26, 2018 earnings call, Maura and Martin represented that the problems at the distribution centers were "largely behind" the Company.

Then, on November 19, 2018, Spectrum stunned the market by announcing a $92.5 million goodwill write down on the GAC business. Maura said that this was necessary to clean up the inventory and balance sheet problems left by the poorly executed Consolidations. On this news, the price of the Company's stock fell another 19%, from $59.35 per share to $48.05 per share.

**ARGUMENT**

The PSLRA governs the selection of the lead plaintiff in class actions brought pursuant to the federal securities laws. *See* 15 U.S.C. § 78u-4(a)(3)(B); *Craig v. Sears Roebuck & Co.*, 253 F. Supp. 2d 1046, 1048 (N.D. Ill. 2003). Under the PSLRA, any class member may move for appointment as lead plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A).

On March 7, 2019, Plaintiff Earl S. Wagner filed the first of the related actions in this District, asserting claims under Sections 10(b) and 20(a) of the Exchange Act. That same day, counsel for Mr. Wagner published a notice on *Globe Newswire*, informing investors of the pendency of the action and setting the deadline to seek Lead Plaintiff status by May 6, 2019. *See* Poland Decl., Exhibit D.

On April 30, 2019, West Palm Beach Firefighters' Pension Fund filed an action in this District substantially similar to *Wagner* and alleged a broader class period of June 14, 2016

5

through November 16, 2018.  That same day, counsel for West Palm Beach Firefighters' Pension Fund, Bernstein Litowitz, published notice of the pendency of *West Palm Beach* on *PR Newswire*, alerting investors to the expanded class period and reiterating that the deadline to seek appointment as Lead Plaintiff is May 6, 2019.  *See* Poland Decl., Exhibit E.  Chicago Teachers and Cambridge satisfy the PSLRA's 60-day deadline by filing this motion on May 6, 2019, within 60 days of the first-published notice of the pendency of the first-filed action asserting substantially similar claims.  *See Sears*, 253 F. Supp. 2d at 1047.

## I.   CHICAGO TEACHERS AND CAMBRIDGE SHOULD BE APPOINTED AS LEAD PLAINTIFF

Chicago Teachers and Cambridge respectfully submit that the Court should appoint them as Lead Plaintiff because they are the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  When selecting a lead plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Here, Chicago Teachers and Cambridge believe they have the largest financial interest in the relief sought by the Class and also more than make the *prima facie* showing required under Rule 23.

### A.   Chicago Teachers and Cambridge Have the Largest Financial Interest in the Relief Sought by the Class

Chicago Teachers and Cambridge should be appointed as Lead Plaintiff because they have the largest financial interest in the relief sought by the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).  As demonstrated in the financial materials filed in support of this motion, Chicago Teachers and Cambridge sustained aggregate losses of approximately $3.5 million from their Class Period transactions in Spectrum stock.  *See* Poland Decl., Exhibits A & B.  To the best of Chicago

Teachers' and Cambridge's knowledge, there are no other applicants who have sought, or are seeking, Lead Plaintiff appointment that have a larger financial interest in this case. Accordingly, based on Chicago Teachers' and Cambridge's significant financial interest in this litigation, they are the presumptive "most adequate plaintiff" and should be appointed as Lead Plaintiff to represent the Class in this litigation.  15 U.S.C. § 78u-4(a)(3)(B)(iii).

> **B.**   **Chicago Teachers and Cambridge Otherwise Satisfy the Requirements of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, Chicago Teachers and Cambridge "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as lead plaintiff, the movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements.  *See Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002) (citation omitted).  Here, Chicago Teachers and Cambridge unquestionably satisfy both requirements.

Chicago Teachers' and Cambridge's claims are typical of the claims of other purchasers of Spectrum common stock.  A lead plaintiff's claims are considered typical if they "arise from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory."  *Tellabs*, 214 F.R.D. at 228 (citation omitted).  "The claims of the class representative need not be identical to satisfy the typicality requirement.  Typicality exists . . . even if there are some factual distinctions between the claims of the named plaintiff and those of other class members."  *Id.*  Here, Chicago Teachers' and Cambridge's individual circumstances and legal claims are substantially identical to the individual circumstances and legal claims of other Class members.  Like all other Class members, Chicago Teachers and Cambridge (1) purchased Spectrum stock during the Class Period, (2) at prices artificially inflated by Defendants' allegedly materially false and misleading

7

statements and/or omissions, and (3) were damaged thereby.  Accordingly, Chicago Teachers' and Cambridge's claims are typical of the Class's claims.

Chicago Teachers and Cambridge likewise satisfy the adequacy requirement of Rule 23. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, a representative party must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Adequacy is established where the proposed lead plaintiff (1) has claims that "are not antagonistic or in conflict with those of the class; (2) [] has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) [] is represented by competent, experienced counsel who [is] able to prosecute the litigation vigorously."  *Tellabs*, 214 F.R.D. at 228-229 (citations omitted); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

Chicago Teachers and Cambridge satisfy these elements because they are committed institutional investors that have experience serving as fiduciaries and possess a substantial financial stake in the litigation, which further bolsters their incentive and ability to vigorously represent the Class's claims.  Indeed, their interests are perfectly aligned with those of the other Class members and are not antagonistic in any way.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between Chicago Teachers, Cambridge, and other Class members.  In addition, both Chicago Teachers and Cambridge submitted a certification affirming their respective understanding of the duties owed to class members and the responsibilities each will accept if appointed as Lead Plaintiff.  *See* Poland Decl., Exhibit A.

### C.    <u>Chicago Teachers and Cambridge Are Precisely the Type of Lead Plaintiff Envisioned by the PSLRA</u>

In addition to satisfying the requirements of Rule 23, Chicago Teachers and Cambridge – experienced and committed institutional investors – are exactly the type of investors Congress sought to empower to lead securities class actions through the enactment of the PSLRA.  The

Conference Committee for the PSLRA wrote in its report recommending the legislation that it "believe[d] that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions." H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995); *see also In re Motorola Sec. Litig.*, No. 03 C 287, 2003 WL 21673928, at *3 (N.D. Ill. July 16, 2003) (same). Appointing Chicago Teachers and Cambridge as Lead Plaintiff would fulfill this Congressional intent. *See* Poland Decl., Exhibit C, Joint Decl. ¶¶2-5.

Chicago Teachers and Cambridge provide retirement and pension benefits to thousands of teachers, government employees, and their beneficiaries, and collectively manage well over $10 billion in assets. Specifically, Chicago Teachers provides pension and health benefits to the public and charter school teachers in the city of Chicago and elsewhere in Illinois, helping to ensure the financial stability and dignity of teachers in retirement. Cambridge provides pension and health benefits to active and retired employees of the City of Cambridge, Massachusetts and certain of its agencies. Both Chicago Teachers and Cambridge are managed and overseen by a board of trustees and professional staff who will ensure active oversight of the prosecution of the action.

Indeed, Chicago Teachers and Cambridge were motivated to come together and serve as Lead Plaintiff based on their understanding of the benefits that such joint leadership can provide to the representation of securities class actions – an understanding that is in part based on their preexisting relationship and prior experience overseeing counsel and serving in lead plaintiff groups in other securities class actions under the PSLRA. In fact, they have served jointly, and successfully, as lead plaintiff in a past PSLRA case in this Circuit – *Hughes v. Huron Consulting Grp., Inc.*, No. 09-cv-4734 (N.D. Ill.) – which recovered $38 million for investors. They have

9

also each been members of successful lead plaintiff groups in PSLRA and other types of investor

class actions. Specifically:

- Chicago Teachers has significant experience serving as lead plaintiff on behalf of defrauded investors, including securing a substantial recovery as lead plaintiff in *Eastwood Enterprises, LLC v. Farha*, No. 07-cv-1940 (M.D. Fla.) (recovering $200 million for the investors of WellCare Health Plans); *Stanley v. Safeskin Corporation*, No. 99-cv-454 (S.D. Cal.) (recovering $55 million for the investors of Safeskin Corporation); and *In re Ambac Financial Grpoup Inc. Securities Litigation*, No. 08-cv-411 (S.D.N.Y.) (recovering $33 million for the investors of Ambac Financial Group).

- Cambridge also gained significant lead plaintiff experience when it served as lead plaintiff in the Delaware Chancery Court action, *In re Starz Stockholder Litigation*, C.A. No. 12584-VCG (Del. Ch. 2016) – an investor class action challenging the 2016 merger of Starz Inc. and Lions Gate Entertainment – which recovered $92.5 million for investors.

As set forth in their Joint Declaration, Chicago Teachers and Cambridge determined to

join together to prosecute this action as Lead Plaintiff based on their prior working relationship

with each other and successful experiences in working in lead plaintiff groups more generally, as

well as their shared commitment and demonstrated ability to work together in a "collaborative,

like-minded manner." Poland Decl., Exhibit C, Joint Decl. ¶11. The Joint Declaration provides

affirmative evidence of Chicago Teachers' and Cambridge's decision to join together to

prosecute this action, and demonstrates their close cooperation and ability to effectively oversee

their counsel and the litigation. *See id.* ¶¶10-14.

As noted in the Joint Declaration, Chicago Teachers and Cambridge recognized that the

Class would benefit from the leadership and cooperation of experienced and committed

institutional investors such as themselves and each independently determined to seek a role

together as Lead Plaintiff. *See id.* ¶¶10-12. In order to formalize their leadership of this action,

representatives from Chicago Teachers and Cambridge held a joint conference call on May 3,

2019 in which they discussed, among other things, litigation strategy, the merits of the claims

10

against defendants, the benefits their joint leadership of this action would provide to the class, and their selection and oversight of their proposed Lead Counsel. *See id.* ¶¶11-12.

Moreover, Chicago Teachers and Cambridge are also the very sort of lead plaintiff envisioned by Congress in its enactment of the PSLRA – sophisticated institutional investors with a substantial financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at *34, *reprinted in* 1995 U.S.C.C.A.N. at 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). As Courts in this Circuit have recognized, Congress's intent in enacting the PSLRA was to guarantee "that 'parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiff' counsel," thereby curtailing lawyer-driven litigation. *In re Motorola*, 2003 WL 21673928, at *3 (citation omitted). Accordingly, Chicago Teachers and Cambridge are a paradigmatic Lead Plaintiff as contemplated by the PSLRA and, because they constitute a small, cohesive group of sophisticated institutional investors, their losses are properly aggregated for purposes of this motion. *See, e.g.*, *Bristol Cty. Ret. Sys. v. Allscripts Healthcare Sols., Inc.*, No. 12 C 3297, 2012 WL 5471110, at *6 (N.D. Ill. Nov. 9, 2012) (appointing a group of three institutional investors as Lead Plaintiff, citing to declarations submitted by its members that they "conferred with one another [and] decided to move together in seeking appointment as lead plaintiff after due consideration and deliberation").

Last, Chicago Teachers and Cambridge have demonstrated their adequacy through their selection of Bernstein Litowitz to serve as Lead Counsel to represent the Class in the action. As discussed below, Bernstein Litowitz is highly qualified and experienced in the area of securities

class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

## II.    THE COURT SHOULD APPROVE CHICAGO TEACHERS' AND CAMBRIDGE'S SELECTION OF LEAD COUNSEL

The Court should approve Chicago Teachers' and Cambridge's selection of Bernstein Litowitz as Lead Counsel, and Rathje Woodward as Liaison Counsel, on behalf of the Class. Pursuant to the PSLRA, a movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Poland Decl., Exhibit F (Bernstein Litowitz's Firm Resume). Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion – the second largest recovery in securities class action history – were obtained for the class. Bernstein Litowitz also secured a recovery of over $2.42 billion on behalf of the class in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), a $1.06 billion recovery (inclusive of attorneys' fees) for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, MDL No. 1658 (D.N.J.), and a $730 million recovery in *In re Citigroup Inc. Bond Litigation*, No. 08-CV-9522 (S.D.N.Y.), for the benefit of the class.

Significant examples in which courts in this Circuit have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Stericycle, Inc. Sec. Litig.*, No. 16-cv-7145 (N.D. Ill.) ($45 million recovery) (pending court approval); *Hughes v. Huron Consulting Grp., Inc.*, No. 09-cv-4734 (N.D. Ill.) ($38 million recovery representing

Chicago Teachers and Cambridge); *La. Firefighters' Ret. Sys. v. N. Trust Invs., N.A.*, No. 09-cv-7203 (N.D. Ill.) ($28.25 million recovery); and *In re Navigant Consulting, Inc. Sec. Litig.*, No. 99-cv-7617 (N.D. Ill.) ($23 million recovery).

Rathje Woodward, and proposed Liaison Counsel Douglas M. Poland, have significant experience in federal class-action lawsuits, and trial experience before this Court.  Mr. Poland has represented clients in class-action lawsuits in federal courts throughout the United States. *See, e.g.*, *Demirjian v. Norman Direct LLC, et al.*, No. 14-cv-1917 (C.D. Cal.); *Moore v. Iod, Inc., et al.* No. 14-cv-8406 (S.D.N.Y.); *Glen Ellyn Pharmacy, Inc. v. Hamacher Resource Group, LLC, et al.*, No. 13-cv-725 (N.D. Ill.); *Cook, et al. v. Rockwell Int'l Corp. et al.*, No. 90-cv-181 (D. Colo.).  Mr. Poland regularly represents clients in this Court and has tried cases in this Court. *See, e.g.*, *Whitford, et al. v. Gill, et al.*, 15-cv-421; *Consumer Financial Protection Bureau v. The Mortgage Law Group, LLP, et al.*, No. 14-cv-513.

The Court may be assured that by granting this motion, the Class will receive the highest quality legal representation.  Accordingly, the Court should approve Chicago Teachers' and Cambridge's selection of Bernstein Litowitz as Lead Counsel, and Rathje Woodward as Liaison Counsel, for the Class.

## III.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Presently pending in this District are at least two related actions:

| Case | Civil No. | Date Filed |
|---|---|---|
| *Wagner v. Spectrum Brands Legacy, Inc., et al.* | 19-cv-178 | March 7, 2019 |
| *West Palm Beach Firefighters' Pension Fund v. Spectrum Brands Legacy, Inc., et al.* | 19-cv-347 | April 30, 2019 |

These actions present virtually identical factual and legal issues because they both allege claims under Sections 10(b) and 20(a) of the Exchange Act against common defendants and arise out of the same alleged misstatements and omissions regarding Spectrum's GAC and HHI consolidation projects during overlapping class periods.[4]    Accordingly, consolidation of these actions, and any similarly related, subsequently filed or transferred actions, is appropriate under Rule 42(a).  *See, e.g.*, *Dollens v. Zionts*, No. 01 C 5931, 2001 WL 1543524, at *2 (N.D. Ill. Dec. 4, 2001) (quoting *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970) ("A court has discretion to consolidate related cases, which involve common questions of fact and law under Fed. R. Civ. P. 42(a), 'under the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event.'"))

### CONCLUSION

For the reasons discussed above, Chicago Teachers and Cambridge respectfully request that the Court:  (i) appoint them to serve as Lead Plaintiff; (ii) approve their selection of Bernstein Litowitz as Lead Counsel for the Class and Rathje Woodward as Liaison Counsel for the Class; (iii) consolidate the Related Actions; and (iv) grant such other relief as the Court may deem just and proper.

Dated:  May 6, 2019                                           Respectfully submitted,

                                                            **RATHJE WOODWARD LLC**


                                                            */s/ Douglas M. Poland*
                                                            Douglas M. Poland

---

[4] The minor variations in the asserted class periods and Defendants named do not render consolidation inappropriate because the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.  *See In re Orion Sec. Litig.*, No. 08 Civ. 1328(RJS), 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008) ("slight differences in the facts alleged and legal issues raised do not preclude consolidation").

14

State Bar No. 1055189
Alison E. Stites
State Bar No. 1104819
10 E. Doty Street, Suite 507
Madison, WI 53703
Telephone:  (608) 960-7430
Facsimile:  (608) 960-7460
dpoland@rathjewoodward.com
astites@rathjewoodward.com

*Liaison Counsel for Proposed Lead Plaintiff the Public School Teachers' Pension & Retirement Fund of Chicago and the Cambridge Retirement System, and Proposed Liaison Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Avi Josefson
(*pro hac vice* application forthcoming)
875 North Michigan Avenue, Suite 3100
Chicago, IL 60611
Telephone:  (312) 373-3880
Facsimile:  (312) 794-7801
avi@blbglaw.com

-and-

Michael D. Blatchley
(*pro hac vice* application forthcoming)
Edward G. Timlin
(*pro hac vice* application forthcoming)
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
michaelb@blbglaw.com
edward.timlin@blbglaw.com

*Counsel for Proposed Lead Plaintiff the Public School Teachers' Pension & Retirement Fund of Chicago and the Cambridge Retirement System, and Proposed Lead Counsel for the Class*

15