**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| EARL S. WAGNER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM BRANDS LEGACY, INC. f/k/a SPECTRUM BRANDS HOLDINGS, INC., ANDREAS R. ROUVÉ, and DOUGLAS L. MARTIN,<br><br>Defendants. | No. 3:19-cv-00178-jdp<br><br>Hon. James D. Peterson<br><br><u>CLASS ACTION</u> |

*Captions continued on next page.*

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE UNOPPOSED MOTION OF THE PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO AND THE CAMBRIDGE RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION <u>OF COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS</u>**

WEST PALM BEACH FIREFIGHTERS'
PENSION FUND, Individually and on Behalf
of All Others Similarly Situated,

> Plaintiff,

> v.

SPECTRUM BRANDS LEGACY, INC. f/k/a
SPECTRUM BRANDS HOLDINGS, INC.,
ANDREAS R. ROUVÉ, DAVID M. MAURA,
and DOUGLAS L. MARTIN,

> Defendants.

No. 3:19-cv-00347-jdp

Hon. James D. Peterson

CLASS ACTION

Chicago Teachers and Cambridge respectfully submit this memorandum of law in further support of their unopposed motion for appointment as Lead Plaintiff, approval of their selection of Bernstein Litowitz as Lead Counsel and Rathje Woodward as Liaison Counsel for the Class, and consolidation of the Related Actions.[1]  *See* ECF No. 12.

Chicago Teachers and Cambridge are the presumptive Lead Plaintiff in this action. Chicago Teachers' and Cambridge's motion is unopposed and, with losses of approximately $3.5 million on their Class Period investments in Spectrum securities, they have the largest financial interest in the outcome of the litigation.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  In recognition that Chicago Teachers and Cambridge have the largest financial interest and otherwise meet the typicality and adequacy requirements of Rule 23, the only other movant to seek appointment as Lead Plaintiff, Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust, has withdrawn its motion.  *See* ECF No. 20.

In addition to possessing the largest financial interest in the relief sought by the Class, Chicago Teachers and Cambridge also satisfy the typicality and adequacy requirements of Rule 23.  The typicality requirement is satisfied if the representative's claims "arise from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory."  *Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002) (citation omitted).  Here, Chicago Teachers', Cambridge's, and all other Class members' claims arise from the same course of events, and their legal arguments to prove Defendants' liability are nearly identical.  Like all other Class members, Chicago Teachers and Cambridge (1) purchased Spectrum stock during the Class Period, (2) at prices artificially inflated by Defendants'

---

[1] All capitalized terms not defined herein have the same meaning as in Chicago Teachers' and Cambridge's initial brief.  *See* ECF No. 13.  All references to "ECF No." are to the docket in the *Wagner* action captioned above.

allegedly materially false and misleading statements and/or omissions, and (3) were damaged thereby. *See id.* (finding a lead plaintiff's claims are considered typical if they "arise from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory").

Chicago Teachers and Cambridge also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4). In order for the Class's interests to be fairly and adequately represented, the representative must (1) ha[ve] claims that "are not antagonistic or in conflict with those of the class; (2) [] ha[ve] sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) . . . [be] represented by competent, experienced counsel who [is] able to prosecute the litigation vigorously." *Tellabs*, 214 F.R.D. at 228-29 (citations omitted).

Chicago Teachers and Cambridge satisfy these elements because there is no antagonism or conflict of interest between Chicago Teachers, Cambridge, and absent Class members; indeed, the interests of Chicago Teachers, Cambridge, and other Class members are squarely aligned. Further, Chicago Teachers' and Cambridge's substantial financial stake in the litigation provides them with the ability and incentive to vigorously represent the Class's claims and oversee proposed Lead Counsel.

Finally, Chicago Teachers and Cambridge are exactly the type of investors that Congress sought, through the enactment of the PSLRA, to encourage to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at \*34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). As set forth in their Joint Declaration, Chicago

Teachers and Cambridge are a small, cohesive partnership of sophisticated institutional investors that are committed to achieving the best possible result for the Class and have already taken affirmative steps to direct the litigation and oversee counsel. *See* ECF No. 18, Joint Decl. ¶¶10-14. Prior to seeking appointment as Lead Plaintiff, representatives of Chicago Teachers and Cambridge consulted extensively with proposed Lead Counsel regarding the merits of the claims against Defendants, and participated in a conference call to discuss, among other things, litigation strategy, their prior experience serving as part of lead plaintiff groups, their commitment to oversee Lead Counsel and this litigation, as well as their common goals in ensuring that the Class achieves the best possible result and that this action is litigated as efficiently as possible. *See id.* ¶¶4-5, 11-12. Such a showing is more than sufficient to satisfy the adequacy requirement here. *See, e.g.*, *Bristol Cty. Ret. Sys. v. Allscripts Healthcare Sols., Inc.*, No. 12 C 3297, 2012 WL 5471110, at \*6 (N.D. Ill. Nov. 9, 2012) (appointing a group of three institutional investors as Lead Plaintiff, citing to declarations submitted by its members that they "conferred with one another [and] decided to move together in seeking appointment as lead plaintiff after due consideration and deliberation").

The Court should also approve Chicago Teachers' and Cambridge's selection of Bernstein Litowitz as Lead Counsel and Rathje Woodward as Liaison Counsel for the Class. Unless it is necessary to "protect the interests of the class," courts should approve a Lead Plaintiff's choice of Lead Counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Chicago Teachers and Cambridge have selected Bernstein Litowitz, one of the preeminent securities class action law firms in the country, to represent the Class as Lead Counsel. *See* ECF Nos. 13 at 12-13 & 14-6. Further, Chicago Teachers and Cambridge have selected Rathje Woodward, counsel with significant experience in federal class-action lawsuits, as well as trial experience before this Court,

to represent the Class as Liaison Counsel.  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

For the reasons discussed above, Chicago Teachers and Cambridge respectfully request that the Court:  (1) appoint them to serve as Lead Plaintiff; (2) approve their selection of Bernstein Litowitz as Lead Counsel and Rathje Woodward as Liaison Counsel for the Class; (3) consolidate the Related Actions; and (4) grant such other relief as the Court may deem just and proper.

Dated:  May 13, 2019

Respectfully submitted,

**RATHJE WOODWARD LLC**

*/s/ Douglas M. Poland*
Douglas M. Poland
State Bar No. 1055189
Alison E. Stites
State Bar No. 1104819
10 E. Doty Street, Suite 507
Madison, WI 53703
Telephone:  (608) 960-7430
Facsimile:  (608) 960-7460
dpoland@rathjewoodward.com
astites@rathjewoodward.com

*Liaison Counsel for Proposed Lead Plaintiff the Public School Teachers' Pension & Retirement Fund of Chicago and the Cambridge Retirement System, and Proposed Liaison Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Avi Josefson
875 North Michigan Avenue, Suite 3100
Chicago, IL 60611
Telephone:  (312) 373-3880
Facsimile:  (312) 794-7801
avi@blbglaw.com

4

-and-

Michael D. Blatchley
Edward G. Timlin
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
michaelb@blbglaw.com
edward.timlin@blbglaw.com

*Counsel for Proposed Lead Plaintiff the Public School Teachers' Pension & Retirement Fund of Chicago and the Cambridge Retirement System, and Proposed Lead Counsel for the Class*

5