# Exhibit 24

# May 6, 2019 Memorandum of Law in Support of Motion for Appointment as Lead Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

EARL S. WAGNER, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

SPECTRUM BRANDS LEGACY, INC. f/k/a
SPECTRUM BRANDS HOLDINGS, INC.,
ANDREAS R. ROUVÉ, and DOUGLAS L.
MARTIN,

        Defendants.

No. 3:19-cv-00178-jdp

Hon. James D. Peterson

<u>CLASS ACTION</u>

*Captions continued on next page.*

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO AND THE CAMBRIDGE RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF COUNSEL, <u>AND CONSOLIDATION OF RELATED ACTIONS</u>

Case: 3:19-cv-00347-jdp   Document #: 4   Filed: 05/06/19   Page 2 of 19

WEST PALM BEACH FIREFIGHTERS'
PENSION FUND, Individually and on Behalf
of All Others Similarly Situated,

               Plaintiff,

      v.

SPECTRUM BRANDS LEGACY, INC. f/k/a
SPECTRUM BRANDS HOLDINGS, INC.,
ANDREAS R. ROUVÉ, DAVID M. MAURA,
and DOUGLAS L. MARTIN,

               Defendants.

No. 3:19-cv-00347-jdp

Hon. James D. Peterson

<u>CLASS ACTION</u>

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 3

ARGUMENT ............................................................................................................. 5

I.     CHICAGO TEACHERS AND CAMBRIDGE SHOULD BE APPOINTED AS
LEAD PLAINTIFF ......................................................................................... 6

      A.     Chicago Teachers and Cambridge Have the Largest Financial Interest in
the Relief Sought by the Class ............................................................. 6

      B.     Chicago Teachers and Cambridge Otherwise Satisfy the Requirements of
Rule 23 ......................................................................................... 7

      C.     Chicago Teachers and Cambridge Are Precisely the Type of Lead Plaintiff
Envisioned by the PSLRA ................................................................. 8

II.    THE COURT SHOULD APPROVE CHICAGO TEACHERS' AND
CAMBRIDGE'S SELECTION OF LEAD COUNSEL ...................................... 12

III.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED .............................. 13

CONCLUSION ........................................................................................................ 14

## TABLE OF AUTHORITIES

**CASES**          **PAGE(S)**

*Bristol Cty. Ret. Sys. v. Allscripts Healthcare Sols., Inc.,*
No. 12 C 3297, 2012 WL 5471110 (N.D. Ill. Nov. 9, 2012) ...................................................11

*Craig v. Sears Roebuck & Co.,*
253 F. Supp. 2d 1046 (N.D. Ill. 2003) ..............................................................................5, 6

*Dollens v. Zionts,*
No. 01 C 5931, 2001 WL 1543524 (N.D. Ill. Dec. 4, 2001) ...................................................14

*Johnson v. Tellabs, Inc.,*
214 F.R.D. 225 (N.D. Ill. 2002) ......................................................................................7, 8

*In re Motorola Sec. Litig.,*
No. 03 C 287, 2003 WL 21673928 (N.D. Ill. July 16, 2003) ................................................9, 11

*In re Orion Sec. Litig.,*
No. 08 Civ. 1328(RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) .......................................14

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.,*
256 F.R.D. 620 (E.D. Wis. 2009) ....................................................................................1, 2

*Takara Trust v. Molex Inc.,*
229 F.R.D. 577 (N.D. Ill. 2005) ..........................................................................................6

**STATUTES**

15 U.S.C. § 78u-4 ..................................................................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4) ......................................................................................................8

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995)..................9, 11

ii

The Public School Teachers' Pension & Retirement Fund of Chicago ("Chicago Teachers") and the Cambridge Retirement System ("Cambridge") respectfully submit this memorandum of law in support of their motion for the entry of an order: (i) appointing Chicago Teachers and Cambridge as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (i) approving Chicago Teachers' and Cambridge's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class and Rathje Woodward LLC ("Rathje Woodward") as Liaison Counsel for the Class; (iii) consolidating the above-captioned actions and any related securities class actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and (iv) granting any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above-captioned related securities class actions allege violations of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Spectrum Brands Legacy, Inc. (f/k/a Spectrum Brands Holdings, Inc.) ("Spectrum" or the "Company"), and certain of its senior executives, on behalf of all persons or entities who purchased or otherwise acquired Spectrum common stock (the "Class") between June 14, 2016 and November 16, 2018, inclusive (the "Class Period").[1]

---

[1] The complaints filed against Spectrum assert different class periods. The complaint in *Wagner v. Spectrum Brands Legacy, Inc.*, No. 3:19-cv-178-jdp (W.D. Wis. filed Mar. 7, 2019) ("*Wagner*"), asserts a class period of June 14, 2016 through April 25, 2018, while the complaint in *West Palm Beach Firefighters' Pension Fund v. Spectrum Brands Legacy, Inc.*, No. 3:19-cv-347-jdp (W.D. Wis. filed Apr. 30, 2019) ("*West Palm Beach*"), asserts a class period of June 14, 2016 through November 16, 2018. For purposes of appointing a Lead Plaintiff, courts generally

Case: 3:19-cv-00347-jdp Document #: 8-4 Filed: 05/06/19 Page 69 of 19

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Chicago Teachers and Cambridge are the "most adequate plaintiff" by virtue of, among other things, the approximately $3.5 million in losses they incurred on their purchases of over 103,500 shares of Spectrum stock during the Class Period.[2]

Chicago Teachers and Cambridge also satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the Class, and they will fairly and adequately represent the Class. Indeed, both Chicago Teachers and Cambridge are paradigmatic Lead Plaintiff under the PSLRA because they are dedicated institutional investors with a real financial interest in the litigation, and they have experience serving as Lead Plaintiff and supervising the work of outside counsel in complex securities and other shareholder class actions. In fact, they have served jointly, and successfully, as lead plaintiff in a past PSLRA case in this Circuit *Hughes v. Huron Consulting Group, Inc.*, No. 09-cv-4734 (N.D. Ill.) which recovered $38

---

apply the longest class period. *See Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009) (finding that for the purpose of appointing a lead plaintiff, the longest class period governs).

[2] Chicago Teachers' and Cambridge's PSLRA-required Certifications are attached as Exhibit A to the Declaration of Douglas M. Poland in Support of the Motion of the Public School Teachers' Pension & Retirement Fund of Chicago and the Cambridge Retirement System for Appointment as Lead Plaintiff, Approval of Their Selection of Counsel, and Consolidation of Related Actions (the "Poland Decl."). Charts setting forth calculations of Chicago Teachers' and Cambridge's losses are attached as Exhibit B to the Poland Decl.

Case: 3:19-cv-00347-jdp Document #: 48-24 Filed: 05/06/19 Page 796 of 19

million for investors. Accordingly, Chicago Teachers and Cambridge have both the incentive and ability to lead this action.

Further, as set forth in greater detail in their Joint Declaration submitted herewith, Chicago Teachers and Cambridge both fully understand their obligations as Lead Plaintiff to the Class under the PSLRA, and are willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action.[3] As set forth in their Joint Declaration, Chicago Teachers and Cambridge have taken numerous measures to ensure their effective oversight of this action and their counsel, and have reaffirmed their commitment to ensuring the action is vigorously and efficiently prosecuted in the best interests of the Class.

Last, Chicago Teachers and Cambridge have demonstrated their adequacy through their selection of Bernstein Litowitz, a law firm with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel for the Class. Accordingly, Chicago Teachers and Cambridge respectfully request that the Court appoint them as Lead Plaintiff and otherwise grant their motion.

## STATEMENT OF FACTS

Spectrum is a Wisconsin-based company. Its primary business is manufacturing and marketing consumer products, which it then distributes to "big-box" retailers like Home Depot. During the Class Period, Spectrum held licenses for well-known brands like Armor All, Kwikset, and Black & Decker. Spectrum was organized into several divisions, of which two — Global Auto Care ("GAC") and Home & Hardware Improvement ("HHI") — are relevant here.

---

[3] *See* Joint Declaration in Support of the Motion of the Public School Teachers' Pension & Retirement Fund of Chicago and the Cambridge Retirement System for Appointment as Lead Plaintiff, Approval of Their Selection of Counsel, and Consolidation of Related Actions ("Joint Decl."), Poland Decl., Exhibit C.

through November 16, 2018.  That same day, counsel for West Palm Beach Firefighters' Pension Fund, Bernstein Litowitz, published notice of the pendency of *West Palm Beach* on *PR Newswire*, alerting investors to the expanded class period and reiterating that the deadline to seek appointment as Lead Plaintiff is May 6, 2019.  *See* Poland Decl., Exhibit E.  Chicago Teachers and Cambridge satisfy the PSLRA's 60-day deadline by filing this motion on May 6, 2019, within 60 days of the first-published notice of the pendency of the first-filed action asserting substantially similar claims.  *See Sears*, 253 F. Supp. 2d at 1047.

## I.   CHICAGO TEACHERS AND CAMBRIDGE SHOULD BE APPOINTED AS LEAD PLAINTIFF

Chicago Teachers and Cambridge respectfully submit that the Court should appoint them as Lead Plaintiff because they are the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  When selecting a lead plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Here, Chicago Teachers and Cambridge believe they have the largest financial interest in the relief sought by the Class and also more than make the *prima facie* showing required under Rule 23.

### A.   Chicago Teachers and Cambridge Have the Largest Financial Interest in the Relief Sought by the Class

Chicago Teachers and Cambridge should be appointed as Lead Plaintiff because they have the largest financial interest in the relief sought by the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).  As demonstrated in the financial materials filed in support of this motion, Chicago Teachers and Cambridge sustained aggregate losses of approximately $3.5 million from their Class Period transactions in Spectrum stock.  *See* Poland Decl., Exhibits A & B.  To the best of Chicago

6

Teachers' and Cambridge's knowledge, there are no other applicants who have sought, or are seeking, Lead Plaintiff appointment that have a larger financial interest in this case. Accordingly, based on Chicago Teachers' and Cambridge's significant financial interest in this litigation, they are the presumptive "most adequate plaintiff" and should be appointed as Lead Plaintiff to represent the Class in this litigation.  15 U.S.C. § 78u-4(a)(3)(B)(iii).

**B.      Chicago Teachers and Cambridge Otherwise Satisfy the Requirements of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, Chicago Teachers and Cambridge "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as lead plaintiff, the movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements.  *See Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002) (citation omitted).  Here, Chicago Teachers and Cambridge unquestionably satisfy both requirements.

Chicago Teachers' and Cambridge's claims are typical of the claims of other purchasers of Spectrum common stock.  A lead plaintiff's claims are considered typical if they "arise from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory."  *Tellabs*, 214 F.R.D. at 228 (citation omitted).  "The claims of the class representative need not be identical to satisfy the typicality requirement.  Typicality exists . . . even if there are some factual distinctions between the claims of the named plaintiff and those of other class members."  *Id.*  Here, Chicago Teachers' and Cambridge's individual circumstances and legal claims are substantially identical to the individual circumstances and legal claims of other Class members.  Like all other Class members, Chicago Teachers and Cambridge (1) purchased Spectrum stock during the Class Period, (2) at prices artificially inflated by Defendants' allegedly materially false and misleading