# Exhibit 3

FILED
2009 Feb-04  AM 09:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN  DIVISION

| | |
|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION | ] ] ] |
| | **Master File No. CV-03-BE-1500-S** |
| This Document Relates To: ALL ACTIONS | ] ] ] ] |
| In re HEALTHSOUTH CORPORATION STOCKHOLDER LITIGATION | ] ] ] |
| | **Consolidated Case No. CV-03-BE-1501-S** |
| This Document Relates To: ALL ACTIONS | ] ] ] ] |
| In re HEALTHSOUTH CORPORATION BONDHOLDER LITIGATION | ] ] ] |
| | **Consolidated Case No. CV-03-BE-1502-S** |
| This Document Relates To: ALL ACTIONS | ] ] |

## ORDER

This case is before the court on "UBS Defendants' Rule 12(C) Motion for Judgment on the Pleadings Dismissing Plaintiffs' Section 10(B) 'Scheme to Defraud' Claims" (doc. 1390). All parties have fully briefed the issue, and the court held a hearing on the Motion on January 27, 2009.

For the reasons stated on the Record at the Hearing and summarized below, the Motion is DENIED.  The court finds that the Third Amended Complaint ("TAC") adequately pleads the requirements established by the United States Supreme Court in *Stoneridge Inv. Partners v. Scientific-Atlanta, Inc.*, 128 S.Ct. 761 (2008), for asserting liability against UBS as a secondary actor.  For example, the TAC adequately pleads that UBS committed a primary

violation/deceptive act that was communicated to the public, influenced the stock price, and caused Plaintiffs' losses. This finding, however, does not preclude UBS from challenging the rebuttable presumption of reliance or of causation in opposition to the Plaintiffs' Motions for Class Certification.

DONE and ORDERED this 4th day of February 2009.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE