# EXHIBIT 1

FILED
08-20-2020
CIRCUIT COURT
DANE COUNTY, WI
2019CV000982

**DATE SIGNED: August 20, 2020**

Electronically signed by Judge Valerie Bailey-Rihn
Circuit Court Judge

| | | |
|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT**<br>**BRANCH 3** | **DANE COUNTY** |

PLYMOUTH COUNTY RETIREMENT
ASSOCIATION, Individually and on Behalf of
All Others Similarly Situated,

                           Plaintiff,

         vs.

SPECTRUM BRANDS HOLDINGS, INC.,
DAVID M. MAURA, JOSEPH S.
STEINBERG, GEORGE C. NICHOLSON,
CURTIS GLOVIER, FRANK IANNA,
GERALD LUTERMAN, ANDREW A.
MCKNIGHT, ANDREW WHITTAKER and
HRG GROUP, INC.,

                          Defendants.

Case No. 2019-CV-000982
Case Code: 30301 (Money Judgment)

Hon. Valerie L. Bailey-Rihn

## FINAL ORDER AND JUDGMENT

WHEREAS:

    A.    As of May 1, 2020, Plymouth County Retirement Association ("Plaintiff" or

"Plymouth County"), on behalf of itself and all other members of the proposed Settlement Class

(defined below), on the one hand, and David M. Maura, Joseph S. Steinberg, George C.

Nicholson, Curtis Glovier, Frank Ianna, Gerald Luterman, Andrew A. McKnight, Andrew

Whittaker, and HRG Group, Inc. ("HRG," and collectively, "Defendants"), on the other, entered

1

into a Stipulation and Agreement of Settlement (the "Settlement Agreement") in the above-titled litigation (the "Action");

B.    Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered on May 20, 2020 (the "Preliminary Approval Order"), the Court scheduled a hearing for August 20, 2020, at 10:00 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Settlement Agreement should be entered; (iii) determine whether the proposed Plan of Allocation for the proceeds of the Settlement should be approved; and (iv) rule on Lead Counsel's Fee and Expense Application;

C.    The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form (the "Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order (the "Notice Date") to all potential Settlement Class Members that could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D.    The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing.  The Notice further advised that

2

any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by July 30, 2020;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. On July 16, 2020, Plaintiff moved for final approval of the Settlement and the proposed Plan of Allocation, as set forth in the Preliminary Approval Order, and Lead Counsel moved for approval of the Fee and Expense Application. The Settlement Hearing was duly held before this Court on August 20, 2020, at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Plaintiff's motion, Lead Counsel's motion, the affidavits, declarations, memoranda of law submitted in support thereof, the Settlement Agreement, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates and makes a part hereof: (i) the Settlement Agreement filed with the Court on May 4, 2020; and (ii) the Notice, which was filed with the Court on July 16, 2020. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Wis. Stat. §803.08(1) and

3

(2)(c), the Settlement Class of: All persons and entities that purchased or otherwise acquired the common stock of Spectrum Brands Holdings, Inc. ("Spectrum" or the "Company"), as successor-in-interest to HRG Group, Inc. ("HRG"), pursuant or traceable to the Registration Statement for the July 13, 2018 merger of Spectrum Brands Legacy, Inc. ("Old Spectrum") and HRG.  Excluded from the Settlement Class are: (i) the current and former Defendants in the Action; (ii) Spectrum; (iii) the officers and directors of Old Spectrum, Spectrum and HRG (at all relevant times); (iv) members of the immediate families of the Individual Defendants; (v) Spectrum's and HRG's employee retirement or benefit plans and their participants and/or beneficiaries to the extent they purchased or otherwise acquired Spectrum common stock pursuant or traceable to the Registration Statement through any such plans; (vi) any firm, trust, corporation, or other entity in which any current or former Defendant has or had a controlling interest; (vii) and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person or entity.  No Persons have requested exclusion from the Settlement Class.

4.    Pursuant to Wis. Stat. §803.08, and for purposes of the Settlement only, the Court hereby reaffirms its determinations in the Preliminary Approval Order and finally certifies Plymouth County as Class Representative for the Settlement Class; finally appoints the law firm of Labaton Sucharow LLP as Class Counsel for the Settlement Class; and finally appoints the law firm of Michael Best & Friedrich LLP as Liaison Counsel for the Settlement Class.

5.    The Court finds that the mailing and publication of the Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, the proposed Plan of

Allocation, Lead Counsel's request for an award of attorney's fees and payment of litigation expenses incurred in connection with the prosecution of the Action, Settlement Class Members' right to object or seek exclusion from the Settlement Class, and their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Wis. Stat. §803.08, the United States Constitution (including the Due Process Clause), and Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

6. There have been no objections to the Settlement.

7. In light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Settlement Agreement in all respects, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of Plaintiff and the Settlement Class. This Court further finds the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiff, the Settlement Class, and Defendants. The Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

8. The Amended Complaint for Violations of the Securities Act of 1933, filed on August 16, 2019, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Settlement Agreement.

9. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Wis. Stat. §802.05.

10. Upon the Effective Date, Plaintiff Releasors shall be deemed to have fully, finally, and forever waived, released, discharged, covenanted not to sue with respect to, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and permanently enjoined and restrained from bringing, commencing, instituting, prosecuting, asserting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

11. Upon the Effective Date, Defendant Releasors shall be deemed to have fully, finally, and forever waived, released, discharged, covenanted not to sue with respect to, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred, enjoined and restrained from bringing, commencing, instituting, prosecuting, asserting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

12. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Settlement Agreement.

13. This Judgment and the Settlement Agreement, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Settlement Agreement, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants as evidence of, or construed as, or deemed to be evidence of

6

any presumption, concession, or admission by any of the Defendants with respect to the truth of any allegation by Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, the deficiency of any defense that has been or could have been asserted by any of the Defendants in this Action or in any other litigation, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiff, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants, Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

(d) do not constitute, and shall not be construed against any of the Defendants, Plaintiff, or any other member of the Settlement Class, as an admission or concession that the

7

consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14. Notwithstanding the foregoing, the Parties and other Released Parties may file or refer to this Judgment, the Settlement Agreement, and/or any Proof of Claim: (i) to effectuate the liability protections granted hereunder, including without limitation, to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements relating thereto; or (iii) to enforce the terms of the Settlement Agreement and/or this Judgment. The Parties and other Released Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

15. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be treated as vacated *nunc pro tunc*, and in such event, all orders entered and releases delivered in connection

8

herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

17.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

18.     The Parties are hereby directed to consummate the Settlement Agreement and to perform its terms.

19.     A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.