# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE SPECTRUM BRANDS SECURITIES | ) | No. 19-cv-347-jdp |
| LITIGATION | ) | |
| | ) | |

**DECLARATION OF JED D. MELNICK IN SUPPORT OF**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, JED D. MELNICK, declare as follows:

1.      I was selected by Lead Plaintiffs and Defendants to serve as the Mediator in the above-captioned action.  I make this declaration based on personal knowledge and am competent to testify to the matters set forth herein.  The Parties have consented to my submitting this declaration regarding the negotiations which led to the proposed Settlement.[1]

2.      As discussed below, I believe that the Settlement in this class action for the total amount of $39 million in cash—after a rigorous mediation process—represents a well-reasoned and sound resolution of the complicated and uncertain claims.  The Court, of course, will make determinations as to the "fairness" of the Settlement under applicable legal standards.  From a mediator's perspective, however, I recommend the proposed Settlement as reasonable, arm's length, and consistent with the risks and potential rewards of the claims asserted in the Action.

3.      I am a mediator associated with JAMS.  I have mediated over one thousand disputes, including complex securities class actions and shareholder derivative actions, published

---

[1] Unless otherwise defined herein, any capitalized terms shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated August 10, 2020, dkt. 44-1.

articles on mediation, founded a nationally ranked dispute resolution journal, and taught young mediators.

4.    As detailed below, I oversaw the settlement negotiations in this case over the course of several weeks, culminating in the Parties agreeing to settle the claims asserted in the Action for $39 million.

5.    Lead Plaintiffs and Defendants engaged me to serve as the mediator for the Parties' dispute in January 2020. A mediation session was originally scheduled for April 6, 2020. However, due to COVID-19-related hardships, the Parties agreed to postpone the mediation to June 3, 2020.

6.    In advance of the mediation, Lead Plaintiffs and Defendants exchanged and submitted confidential mediation statements. The mediation statements contained the Parties' respective views on liability and damages.

7.    On June 3, 2020, the Parties and their counsel participated in a formal, all-day remote mediation session before me. The participants included: (i) Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP; (ii) representatives from both Lead Plaintiffs; (iii) Defendants' Counsel, Paul, Weiss, Rifkind, Wharton & Garrison LLP; (iv) the General Counsel for Defendant Spectrum Brand Holdings, Inc. ("Spectrum") and an additional in-house lawyer for Spectrum; and (v) representatives from Spectrum's directors' and officers' liability insurance carriers. During the session, the Parties made presentations to me and we discussed the merits of the case, including liability and damages. The Parties engaged in vigorous settlement negotiations throughout the mediation session, but the session ended without an agreement.

8.      Although the mediation session ended without a settlement agreement, Lead Counsel and Defendants' Counsel continued to exchange information and remained in communication with me as the mediator in the weeks followed.   After several weeks of additional discussion and negotiation and with the Parties still at an impasse, I issued a mediator's recommendation on June 17, 2020 that Action be resolved in exchange for payment of $39 million.  The proposal was issued on a "double-blind" basis, meaning that if one of the Parties had rejected the proposal they would not find out whether the other side had accepted the proposal.  On June 18, 2020, I informed the Parties that both sides had accepted the mediator's proposal.

9.      The proposed Settlement is the result of good-faith, arm's-length negotiations among the Parties.  As stated above, the Parties participated in an all-day, remote mediation session before me on June 3, 2020.  Both sides made presentations addressing key issues in the case, and advancing aggressive positions on behalf of their clients.  While I am bound by confidentiality with regard to the content of the discussions at the mediation, I can say that the arguments and positions asserted by all involved were plainly the result of detailed analysis and hard work, by competent counsel who are highly experienced in the field of securities litigation. Over the course of the negotiations, I encouraged each side to take a hard look at the merits and value of the claims and defenses in the case.  While the negotiations were professional, they were also highly adversarial.  In the end, the $39 million Settlement Amount itself is the product of a proposal by me that both sides accepted, and that I believe to be fair, reasonable, and adequate under all of the circumstances.

3

I declare, under penalty of perjury, that the foregoing facts are true and correct.

Executed this 15th day of December, 2020.

_____
Jed D. Melnick