# EXHIBIT 10

FILED
08-20-2020
CIRCUIT COURT
DANE COUNTY, WI
2019CV000982

**DATE SIGNED: August 20, 2020**

<u>Electronically signed by Judge Valerie Bailey-Rihn</u>
Circuit Court Judge

| | | |
|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT**<br>**BRANCH 3** | **DANE COUNTY** |

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT ASSOCIATION, Individually and on Behalf of All Others Similarly Situated, | Case No. 2019-CV-000982<br>Case Code: 30301 (Money Judgment) |
| Plaintiff, | Hon. Valerie L. Bailey-Rihn |
| vs. | |
| SPECTRUM BRANDS HOLDINGS, INC., DAVID M. MAURA, JOSEPH S. STEINBERG, GEORGE C. NICHOLSON, CURTIS GLOVIER, FRANK IANNA, GERALD LUTERMAN, ANDREW A. MCKNIGHT, ANDREW WHITTAKER and HRG GROUP, INC., | |
| Defendants. | |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came before the Court for hearing on August 20, 2020 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of expenses. The Court having considered all matters submitted to it at the Settlement Hearing; and it appearing that notice of the motion and Settlement Hearing, substantially in the form approved by the Court, was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice, substantially in the form approved by the Court, was published in *Investor's Business Daily* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated May 1, 2020 (the "Settlement Agreement"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2.     The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3.     Notice of Lead Counsel's motion for an award of attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the motion satisfied the notice requirements of Wis. Stat. §803.08, the United States Constitution (including the Due Process Clause), and Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4.      Lead Counsel is hereby awarded, on behalf of all Plaintiff's Counsel, attorneys'

fees in the amount of $2,700,000, plus any interest earned at the same rate as the Settlement fund

(*i.e.*, 30% of the Settlement Fund), and payment of litigation expenses in the amount of

$46,081.53, plus accrued interest, which sums the Court finds to be fair and reasonable.  Lead

Counsel shall allocate the attorneys' fees awarded amongst Plaintiff's Counsel in a manner

which it, in good faith, believes reflects the contributions of such counsel to the institution,

prosecution, and settlement of the Action.

5.      Plaintiff Plymouth County Retirement Association is hereby awarded $3,200 from

the Settlement Fund for its efforts on behalf of the Settlement Class.

6.      The award of attorneys' fees and expenses may be paid to Lead Counsel from the

Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and

obligations of the Settlement Agreement, which terms, conditions, and obligations are

incorporated herein.

7.      In making this award of attorneys' fees and expenses to be paid from the

Settlement Fund, the Court has found that:

(a)      The Settlement has created a fund of $9,000,000 in cash, pursuant to the

terms of the Settlement Agreement, and numerous Settlement Class Members who submit

acceptable Claim Forms will benefit from the Settlement created by the efforts of Plaintiff's

Counsel;

(b)      The fee sought by Lead Counsel has been reviewed and approved as

reasonable by Plaintiff, a sophisticated institutional investor that was directly involved in

the prosecution and resolution of the Action and who has a substantial interest in ensuring

that any fees paid to counsel are duly earned and not excessive;

2

(c)     Plaintiff's Counsel devoted more than 2,069 hours, with a lodestar value of $1,236,296.50, to achieve the Settlement;

(d)     The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(e)     The amount of attorneys' fees awarded is fair and reasonable and is consistent with fee awards approved in cases within Wisconsin and the Seventh Circuit with similar recoveries;

(f)     Plaintiff's Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy and are highly experienced in the field of commercial litigation;

(g)     Plaintiff's Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved; and

(h)     More than 52,000 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 30% of the Settlement Fund and expenses in an amount not to exceed $70,000, and there were no objections to the requested attorneys' fees and expenses.

8.     Any appeal or any challenge affecting this Court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgment.

9.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Settlement Agreement.

3

10.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

4