**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION | No. 19-cv-347-jdp |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT;
(II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND LITIGATION EXPENSES**

***A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Western District of Wisconsin (the "Court"), if:  (i) during the period from January 26, 2017 to July 13, 2018, you purchased HRG Group, Inc. ("HRG") common stock (NYSE: HRG; CUSIP: 40434J100); (ii) during the period from January 26, 2017 to July 13, 2018, you purchased Spectrum Brands Legacy, Inc. (then known as Spectrum Brands Holdings, Inc.) ("Old Spectrum" or "pre-Merger Spectrum") common stock (NYSE: SPB; CUSIP: 84763R101); or (iii) during the period from July 13, 2018 to November 19, 2018, you purchased Spectrum Brands Holdings, Inc. ("Spectrum," "post-Merger Spectrum," or the "Company") common stock (NYSE: SPB; CUSIP: 84790A105)[1] and were damaged thereby.[2]

---

[1] The Company, *i.e.*, Spectrum Brands Holdings, Inc., was formerly known as HRG Group, Inc. ("HRG").  HRG was a holding company that, from January 7, 2011 until July 13, 2018, held a majority stake in Spectrum Brands Legacy, Inc. ("Old Spectrum"), the company that was then known as Spectrum Brands Holdings, Inc.  During that time, Old Spectrum's common stock traded on the New York Stock Exchange ("NYSE") under the ticker symbol "SPB" and HRG's common stock traded on the NYSE under the ticker symbol "HRG."  On July 13, 2018, Old Spectrum (then known as Spectrum Brands Holdings, Inc.) was wholly acquired by the Company in a reverse merger (the "Merger"), with the surviving entity renamed "Spectrum Brands Holdings, Inc." and trading on the NYSE under the ticker symbol "SPB."  Upon the closing of the Merger, the common stock of Old Spectrum was converted into the common stock of the Company and ceased publicly trading as a separate entity, and Old Spectrum became a wholly owned subsidiary of the Company.  In connection with the Merger, holders of Old Spectrum common stock received one share of Company common stock for each share of Old Spectrum common stock and holders of HRG common stock received 0.16125 shares of Company common stock for each share of HRG common stock.

| EXHIBIT |
|---|
| A |

NOTICE OF SETTLEMENT: Please also be advised that the Court-appointed Lead Plaintiffs, the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 23 below), have reached a proposed settlement of the Action for $39,000,000 in cash.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 93 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Spectrum, Old Spectrum, HRG, Andreas R. Rouvé, David M. Maura, and Douglas L. Martin (collectively, "Defendants") violated the federal securities laws by making false and misleading statements regarding the consolidation of Spectrum's distribution network. A more detailed description of the Action is set forth in ¶¶ 11-22 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 23 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for $39,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation" or "Plan") is set forth in ¶¶ 51-74 below. The Plan of Allocation will determine how the Net Settlement Fund will be allocated among members of the Settlement Class.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimate of the number of shares of Spectrum, Old Spectrum, and HRG common stock purchased during the period from January 26, 2017 to November 19, 2018 (the "Class Period") that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.33 per affected share of HRG common stock, $1.27 per affected share of Old Spectrum common stock, and $0.49 per affected share of Spectrum common stock. Settlement

---

[2] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 10, 2020 (the "Stipulation"), which is available at www.SpectrumBrandsSecuritiesLitigation.com.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

2

Class Members should note, however, that the foregoing average recoveries per share are only estimates. Some Settlement Class Members may recover more or less than these estimated amounts depending on, among other factors, when and at what prices they purchased or sold their Spectrum common stock, Old Spectrum common stock, or HRG common stock, and the total number and value of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* ¶¶ 51-74 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants expressly deny assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute the Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 16% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $400,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.06 per affected share of HRG common stock, $0.22 per affected share of Old Spectrum common stock, and $0.08 per affected share of Spectrum common stock.

6. **Identification of Attorneys' Representative:** Lead Plaintiffs and the Settlement Class are represented by Katherine M. Sinderson, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com.

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

3

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY MAIL *POSTMARKED* NO LATER THAN FEBRUARY 25, 2021 OR ONLINE NO LATER THAN FEBRUARY 25, 2021.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 33 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 34 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN JANUARY 8, 2021.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN JANUARY 8, 2021.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for an award of attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **PARTICIPATE IN A HEARING ON JANUARY 29, 2021 AT 3:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN JANUARY 8, 2021.** | Filing a written objection and notice of intention to appear by January 8, 2021 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. In the Court's discretion, the January 29, 2021 hearing may be conducted by telephone or video conference (*see* ¶¶ 82-83 below). If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

4

| DO NOTHING. | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ................................................................................ Page 5

What Is This Case About? ................................................................................... Page 6

How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class? ...................................................... Page 8

What Are Lead Plaintiffs' Reasons For The Settlement? ..................................... Page 9

What Might Happen If There Were No Settlement? ............................................ Page 10

How Are Settlement Class Members Affected By The Action
    And The Settlement? ...................................................................................... Page 10

How Do I Participate In The Settlement?  What Do I Need To Do? .................... Page 12

How Much Will My Payment Be? ....................................................................... Page 12

What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid? .................................................................... Page 20

What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself? ............................................................................ Page 21

When And Where Will The Court Decide Whether To Approve The
    Settlement?  Do I Have To Come To The Hearing?
    May I Speak At The Hearing If I Don't Like The Settlement? ....................... Page 22

What If I Bought Shares On Someone Else's Behalf? ......................................... Page 24

Can I See The Court File?  Whom Should I Contact If I Have Questions? ......... Page 25

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased Spectrum, Old Spectrum, or HRG common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

5

approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Fairness Hearing"). *See* ¶¶ 82-83 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. Spectrum is a consumer-goods company that provides products to consumers through retail partners such as Wal-Mart, Home Depot, and Lowe's. HRG was Spectrum's majority shareholder, and Lead Plaintiffs allege that HRG's interests in Spectrum comprised the vast bulk of HRG's revenue. In this Action, Lead Plaintiffs allege that the Company and the Individual Defendants made a series of materially misleading statements and omissions regarding the Company's operations and financial results during the Class Period. Lead Plaintiffs further allege that the Settlement Class suffered damages when the alleged truth regarding these matters was publicly disclosed.

12. Beginning on March 7, 2019, certain related class actions (*Earl S. Wagner v. Spectrum Brands Legacy, Inc., et al.*, No. 19-cv-178-jdp and *West Palm Beach Firefighters' Pension Fund v. Spectrum Brands Legacy, Inc., et al.*, No. 19-cv-347-jdp) were filed in the United States District Court for the Western District of Wisconsin (the "Court") alleging violations of the federal securities laws.

13. By Order dated June 12, 2019, the Court: (i) consolidated the related actions; (ii) appointed the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System to serve as lead plaintiffs; and (iii) approved lead plaintiffs' choice of Bernstein Litowitz Berger & Grossmann LLP as lead counsel and Rathje Woodward LLC as liaison counsel.

14. On July 12, 2019, Lead Plaintiffs filed the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint" or "Complaint") asserting claims against Defendants Spectrum, Old Spectrum, and the Individual Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants and Defendant HRG under Section 20(a) of the Exchange Act. Among other things, the Amended Complaint alleges that Defendants falsely stated that Spectrum was successfully executing two major

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

6

supply-chain consolidation projects in its Global Auto Care ("GAC") and Hardware and Home Improvement ("HHI") divisions, when in fact the GAC and HHI consolidations were suffering from fundamental logistical, operational, and technical problems that were far more serious than those disclosed to investors. The Amended Complaint further alleges that the prices of Spectrum's, Old Spectrum's, and HRG's common stock were artificially inflated during the Class Period as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

15. On August 26, 2019, Defendants filed their motion to dismiss the Amended Complaint (the "Motion to Dismiss"). On October 10, 2019, Lead Plaintiffs filed their memorandum of law in opposition to Defendants' Motion to Dismiss and, on November 6, 2019, Defendants filed their reply papers in further support of the Motion to Dismiss.

16. On January 7, 2020, the Parties filed a letter notifying the Court that they had agreed to a mediation of the Action before a private mediator and jointly requested that the Court defer decision on the pending Motion to Dismiss until the Parties could report to the Court on the result of the mediation. That same day, the Court entered an order denying without prejudice the Motion to Dismiss and directing the Parties to file a status report advising the Court of the status of the mediation and whether Defendants wished to renew their Motion to Dismiss.

17. Following the postponement of the originally scheduled date for the mediation due to COVID-19-related hardships, on June 3, 2020, the Parties conducted a full-day mediation under the auspices of Jed Melnick, Esq. of JAMS (the "Mediator"). In advance of that session, the Parties exchanged detailed mediation statements, which addressed the issues of liability and damages. The session ended without any agreement being reached.

18. Following the mediation session, the Parties engaged in additional settlement negotiations under the supervision and guidance of the Mediator. The Parties then reached an agreement in principle to settle the Action that was pursuant to a Mediator's recommendation and memorialized in a term sheet executed on June 24, 2020 (the "Term Sheet"). The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims against Defendants in the Action in return for a cash payment of $39,000,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers. The agreement to settle was further conditioned on Lead Plaintiffs confirming the fairness, reasonableness, and adequacy of the proposed Settlement based on due diligence discovery to be provided by Defendants.

19. The Mediator, Jed D. Melnick, Esq., of JAMS, is an experienced mediator of securities class actions. Mr. Melnick has been involved in the resolution of thousands of disputes, with aggregate values in the billions of dollars, including matters related to the Adelphia and Lehman Brothers bankruptcies, as well as hundreds of securities class actions like this one. Mr. Melnick has authorized the following statement to be included in this Notice:

> "The proposed Settlement is the result of good-faith, arm's-length negotiations among the Parties. The Parties participated in an all-day, remote mediation session before me on June 3, 2020. Both sides made presentations addressing key issues in the case, and advancing aggressive positions on behalf of their clients. While I am bound by confidentiality with regard to the content of the discussions at the mediation, I can say that the arguments and positions asserted by all

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

7

involved were plainly the result of detailed analysis and hard work, by competent counsel who are highly experienced in the field of securities litigation. Over the course of the negotiations, I encouraged each side to take a hard look at the merits and value of the claims and defenses in the case. While the negotiations were professional, they were also highly adversarial. In the end, the Settlement Amount itself is the product of a proposal by me that both sides accepted, and that I believe to be fair, reasonable, and adequate under all of the circumstances."

20. Pursuant to the Term Sheet, Lead Counsel conducted due diligence discovery regarding the strengths and weaknesses of Lead Plaintiffs' claims to assure the fairness, reasonableness, and adequacy of the proposed Settlement. In connection with due diligence discovery, Spectrum produced 2,000 pages of documents, including board and financial materials, to Lead Counsel for review. The due diligence discovery has confirmed Lead Plaintiffs' and Lead Counsel's belief that the Settlement is fair, reasonable, and adequate.

21. On August 10, 2020, the Parties entered into the Stipulation and Agreement of Settlement, which sets forth the terms and conditions of the Settlement. The Stipulation is available at www.SpectrumBrandsSecuritiesLitigation.com.

22. On September 28, 2020, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

23. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

all persons and entities that: (i) purchased common stock of HRG from January 26, 2017 to July 13, 2018; (ii) purchased common stock of Old Spectrum from January 26, 2017 to July 13, 2018; and (iii) purchased common stock of Spectrum from July 13, 2018 to November 19, 2018 (January 26, 2017 to November 19, 2018, the "Class Period") and were damaged thereby (the "Settlement Class").

Excluded from the Settlement Class are: (i) Defendants (including Spectrum); (ii) the Immediate Family members of the Individual Defendants; (iii) the Officers and directors of Old Spectrum, Spectrum, and HRG currently and during the Class Period and their Immediate Family members; (iv) any entity in which any of the foregoing excluded persons or entities has or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 21 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO A PAYMENT FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM**

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

8

THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN BY MAIL POSTMARKED NO LATER THAN FEBRUARY 25, 2021 OR ONLINE USING THE SETTLEMENT WEBSITE, WWW.SPECTRUMBRANDSSECURITIESLITIGATION.COM, NO LATER THAN FEBRUARY 25, 2021.

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|---|

24.   Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.   They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, assuming Lead Plaintiffs were successful in defeating Defendants' pending Motion to Dismiss, as well as the very substantial risks Lead Plaintiffs would face in establishing liability and damages.   For example, Defendants argued that HRG shareholders did not have standing to bring a claim against Spectrum because Spectrum's alleged false and misleading statements did not directly implicate HRG stock.   If the Court were to rule in favor of Defendants on the issue of HRG shareholders' standing, purchasers of HRG stock—which represent a large section of the proposed class—would be dismissed from the case or excluded from the potentially certified class, which would have substantially reduced the potential recovery in the Action.   Lead Plaintiffs would have also faced substantial challenges in proving that certain of Spectrum's statements about the GAC and HHI consolidations were actionable under the federal securities laws.   Specifically, Defendants had credible arguments that their statements about the progress of both initiatives, including the "transitory" nature of the consolidation issues affecting the Company, were not false.   Defendants would have continued to argue that the consolidations were progressing adequately during much of the Class Period, and that the issues facing the consolidations were in fact transitory, because the issues were significantly resolved by the end of the Class Period.   In addition, Lead Plaintiffs would have faced challenges in proving that Defendants made the alleged false statements with the intent to mislead investors or were reckless in making the statements.   For example, Defendants would have continued to argue that the Company was making adequate progress in consolidating its distribution networks, and that Defendants were only made aware of any deeper issues later in the Class Period—directly before Defendants informed the market of these issues.

25.   Lead Plaintiffs would have also faced significant hurdles in proving "loss causation"— that the alleged misstatements were the cause of investors' losses—and in proving damages with respect to the alleged corrective disclosures.   For example, Defendants have argued and would continue to argue that a substantial portion, if not all, of the negative news released to the market that Lead Plaintiffs alleged disclosed the fraud actually was totally unrelated to the alleged fraud. If Defendants were successful, Lead Plaintiffs' maximum damages would be substantially reduced or eliminated entirely.

26.   In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.   Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $39,000,000 in cash (less the various deductions described in this Notice), as compared

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

9

to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after the Motion to Dismiss, summary judgment, trial, and appeals, possibly years in the future.

27.    Defendants have expressly denied the claims asserted against them in the Action and expressly deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any fault, liability, wrongdoing, or damages by Defendants.

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

28.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at the Motion to Dismiss, summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

### HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

29.    As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

30.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," below.

31.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

32.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 33 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 34 below), and will forever be

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

10

barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

33. "Released Plaintiffs' Claims" means all claims, demands, losses, liabilities, rights, and causes of action of any nature whatsoever, whether known claims or Unknown Claims (as defined in ¶ 35 below), whether arising under federal, state, common, or foreign law, whether brought directly or indirectly, that (i) Lead Plaintiffs asserted in the Complaint or (ii) that Lead Plaintiffs or any other members of the Settlement Class, on behalf of themselves and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, could have asserted in this Action or could in the future assert in any forum that arise out of, are based upon, or relate to in any way to (a) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged, or referred to in the Complaint and (ii) the purchase, acquisition, sale, or holding of Spectrum common stock, Old Spectrum common stock, or HRG common stock during the Class Period by members of the Settlement Class. The Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in *Plymouth Cnty. Ret. Ass'n v. Spectrum Brands Holdings, Inc. et al.*, 2019CV000982 (Wis. Cir. Ct. Dane Cnty.); (iii) any claims asserted in any derivative action or ERISA action; and (iv) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

34. "Defendants' Releasees" means (i) Defendants; (ii) the present and former parents, subsidiaries, divisions, and affiliates of Spectrum, Old Spectrum, and HRG; (iii) the present and former employees, Officers, and directors of each of the foregoing in (i)-(ii); (iv) the present and former attorneys, insurers, and agents of each of the foregoing in (i)-(iii); and (v) the predecessors, heirs, successors, and assigns of each of the foregoing in (i)-(iv).

35. "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

11

36.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 37 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 38 below), and will forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

37.    "Released Defendants' Claims" means all claims, demands, losses, liabilities, rights, and causes of action of any nature whatsoever, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, whether brought directly or indirectly, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement, and (ii) any claims against any person or entity who or which submits a request for exclusion that is accepted by the Court.

38.    "Plaintiffs' Releasees" means (i) Lead Plaintiffs, all other plaintiffs in the Action, all other Settlement Class Members, and Plaintiffs' Counsel; (ii) the present and former parents, subsidiaries, divisions, and affiliates of each of the foregoing in (i); (iii) the present and former employees, Officers, directors, and trustees of each of the foregoing in (i)-(ii); (iv) the present and former attorneys, insurers, and agents of each of the foregoing in (i)-(iii); and (v) the predecessors, heirs, successors, and assigns of each of the foregoing in (i)-(iv).

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

39.    To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation by mail *postmarked* **no later than February 25, 2021** or submitted online using the website maintained by the Claims Administrator for the Settlement, www.SpectrumBrandsSecuritiesLitigation.com.  A Claim Form is included with this Notice, or you may obtain one from the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-674-0176 or by emailing the Claims Administrator at info@SpectrumBrandsSecuritiesLitigation.com.  Please retain all records of your ownership of and transactions in Spectrum common stock, Old Spectrum common stock, or HRG common stock, as they will be needed to document your Claim.  The Parties and Claims Administrator do not have information about your transactions in Spectrum, Old Spectrum, or HRG common stock.

40.    If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

41.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

12

42. Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid a total of $39,000,000 in cash (the "Settlement Amount"). The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

43. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

44. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

45. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

46. Unless the Court otherwise orders, any Settlement Class Member who or which fails to submit a Claim Form postmarked or submitted online on or before February 25, 2021 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Settlement Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 33 above) against the Defendants' Releasees (as defined in ¶ 34 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

47. Participants in, and beneficiaries of, a Spectrum, Old Spectrum, or HRG employee benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Spectrum common stock, Old Spectrum common stock, or HRG common stock held through the ERISA Plan in any Claim Form that they submit in this Action. They should include ONLY those shares that they purchased outside of the ERISA Plan. Claims based on any ERISA Plan's purchases of Spectrum common stock, Old Spectrum common stock, or HRG common stock during the Class Period may be made by the plan's trustees.

48. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

49. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

50. Only Settlement Class Members, *i.e.*, persons and entities who purchased Spectrum common stock, Old Spectrum common stock, or HRG common stock during the Class Period and were damaged as a result of such purchases, will be eligible to share in the distribution of

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

13

the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible for a payment and should not submit Claim Forms. The only securities that are included in the Settlement are Spectrum common stock, Old Spectrum common stock, and HRG common stock.

## PROPOSED PLAN OF ALLOCATION

51.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

52.    In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the price of Spectrum Brands common stock[3] allegedly caused by Defendants' alleged false and misleading statements and material omissions. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in the stock in reaction to the public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces. The estimated artificial inflation in the price of Spectrum Brands common stock is stated in Tables A-1, A-2, and A-3 at the end of this Notice.

53.    For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the Spectrum Brands common stock. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from January 26, 2017 to November 19, 2018, which had the effect of artificially inflating the price of Spectrum Brands common stock. Lead Plaintiffs further allege that corrective information was released to the market on April 26, 2018 (before the opening of trading) and November 19, 2018 (before the opening of trading), which partially removed the artificial inflation from the price of the Spectrum Brands common stock on those days.

54.    Recognized Loss Amounts for transactions in Spectrum Brands common stock are calculated under the Plan of Allocation based primarily on the difference in the amount of alleged artificial inflation in the price of Spectrum Brands common stock at the time of purchase and the time of sale or the difference between the actual purchase price and sale price. In order

---

[3] "Spectrum Brands common stock" refers to HRG common stock, pre-Merger Spectrum common stock (also referred to in this Notice as "Old Spectrum" common stock), and post-Merger Spectrum common stock.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

14

to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who purchased Spectrum Brands common stock during the Class Period must have held his, her, or its shares through at least one of the dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Spectrum Brands common stock.

### CALCULATION OF PRE-MERGER SPECTRUM RECOGNIZED LOSS AMOUNTS FOR PURCHASES OF PRE-MERGER SPECTRUM COMMON STOCK FROM JANUARY 26, 2017 THROUGH JULY 13, 2018[4]

55.    Based on the formula stated below, a "Pre-Merger Spectrum Recognized Loss Amount" will be calculated for each purchase of pre-Merger Spectrum common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Pre-Merger Spectrum Recognized Loss Amount calculates to a negative number or zero under the formula below, the Pre-Merger Spectrum Recognized Loss Amount for that transaction will be zero.

56.    For each share of pre-Merger Spectrum common stock purchased from January 26, 2017 through July 13, 2018, and

(a)    sold before April 26, 2018, the Pre-Merger Spectrum Recognized Loss Amount is zero;

(b)    sold on or after April 26, 2018 but before November 19, 2018, the Pre-Merger Spectrum Recognized Loss Amount is **the lesser of**: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-1 *less* the amount of artificial inflation per share on the date of sale as stated in Table A-1; or (ii) the purchase price per share *less* the sale price per share;

(c)    sold from November 19, 2018 through February 15, 2019, the Pre-Merger Spectrum Recognized Loss Amount is **the least of**: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-1; (ii) the purchase price per share *less* the sale price per share; or (iii) the purchase price per share *less* the average closing price between November 19, 2018 and the date of sale as stated in Table B below; or

(d)    held at the close of trading on February 15, 2019, the Pre-Merger Spectrum Recognized Loss Amount is equal to **the lesser of**: (i) the amount of artificial

---

[4] The Settlement Class Members in this section include purchasers of pre-Merger Spectrum common stock from January 26, 2017 through July 13, 2018. Such shares may have been: (i) sold as pre-Merger Spectrum common stock from January 26, 2017 through July 13, 2018; (ii) sold as post-Merger Spectrum common stock after July 13, 2018 through February 15, 2019; or (iii) held as post-Merger Spectrum common stock at the close of trading on February 15, 2019. At the time of the Merger (after market close on July 13, 2018) holders of pre-Merger Spectrum common stock received one share of post-Merger Spectrum common stock for each share of pre-Merger Spectrum common stock.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

15

inflation per share on the date of purchase as stated in Table A-1; or (ii) the purchase price per share *less* $49.35.[5]

## CALCULATION OF HRG RECOGNIZED LOSS AMOUNTS FOR PURCHASES OF HRG COMMON STOCK FROM JANUARY 26, 2017 THROUGH JULY 13, 2018[6]

57.   Based on the formula stated below, an "HRG Recognized Loss Amount" will be calculated for each purchase of HRG common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If an HRG Recognized Loss Amount calculates to a negative number or zero under the formula below, the HRG Recognized Loss Amount for that transaction will be zero.

58.   For each share of HRG common stock purchased from January 26, 2017 through July 13, 2018, and[7]

(a)   sold before April 26, 2018, the HRG Recognized Loss Amount is zero;

(b)   sold on or after April 26, 2018 but before November 19, 2018, the HRG Recognized Loss Amount is **the lesser of**: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-2 *less* the amount of artificial inflation per share on the date of sale as stated in Table A-2; or (ii) the purchase price per share *less* the sale price per share;

(c)   sold from November 19, 2018 through February 15, 2019, the HRG Recognized Loss Amount is **the least of**: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-2; (ii) the purchase price per share *less*

---

[5] Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  The average (mean) closing price of Spectrum common stock during the 90-day look-back period from November 19, 2018 through and including February 15, 2019 was $49.35.

[6] The Settlement Class Members in this section include purchasers of HRG common stock from January 26, 2017 through July 13, 2018.  Such shares may have been: (i) sold as HRG common stock from January 26, 2017 through July 13, 2018; (ii) sold as post-Merger Spectrum common stock after July 13, 2018 through February 15, 2019; or (iii) held as post-Merger Spectrum common stock at the close of trading on February 15, 2019.  At the time of the Merger (after market close on July 13, 2018) holders of HRG common stock received 0.16125 shares of Spectrum common stock for each share of HRG common stock.

[7] The number of shares and per-share values listed throughout the Plan are based on share quantities and prices post-Merger.  In the Claim Form, Claimants should report share quantities and prices exactly as reflected in their documentation.  That is, transactions in HRG common stock from January 26, 2017 through July 13, 2018 should be listed with the HRG share quantities and prices in effect at the time of those transactions, and the Claims Administrator will make the appropriate adjustments to all reported share prices and quantities so that they are equivalent to the share prices and quantities post-Merger.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

16

the sale price per share; or (iii) the purchase price per share *less* the average closing price between November 19, 2018 and the date of sale as stated in Table B below; or

(d)    held at the close of trading on February 15, 2019, the HRG Recognized Loss Amount is equal to **the lesser of:** (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-2; or (ii) the purchase price per share *less* \$49.35.[8]

## CALCULATION OF POST-MERGER SPECTRUM RECOGNIZED LOSS AMOUNTS FOR PURCHASES OF POST-MERGER SPECTRUM COMMON STOCK AFTER JULY 13, 2018 BUT BEFORE NOVEMBER 19, 2018

59.    Based on the formula stated below, a "Post-Merger Spectrum Recognized Loss Amount" will be calculated for each purchase of post-Merger Spectrum common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Post-Merger Spectrum Recognized Loss Amount calculates to a negative number or zero under the formula below, the Post-Merger Spectrum Recognized Loss Amount for that transaction will be zero.

60.    For each share of post-Merger Spectrum common stock purchased after July 13, 2018 but before November 19, 2018, and

(a)    sold before November 19, 2018, the Post-Merger Spectrum Recognized Loss Amount is zero;

(b)    sold from November 19, 2018 through February 15, 2019, the Post-Merger Spectrum Recognized Loss Amount is **the least of**: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-3; (ii) the purchase price per share *less* the sale price per share; or (iii) the purchase price per share *less* the average closing price between November 19, 2018 and the date of sale as stated in Table B below; or

(c)    held at the close of trading on February 15, 2019, the Post-Merger Spectrum Recognized Loss Amount is equal to **the lesser of:** (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-3; or (ii) the purchase price per share *less* \$49.35.[9]

## ADDITIONAL PROVISIONS

61.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its HRG Recognized Loss Amounts as calculated above, multiplied by 0.25,[10] plus the sum of his, her, or its Pre-Merger Spectrum Recognized Loss Amounts, as

---

[8] *See* footnote 5 above.

[9] *See* footnote 5 above.

[10] HRG Recognized Loss Amounts are discounted due to litigation risks associated with those claims.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

17

calculated above, plus the sum of his, her, or its Post-Merger Spectrum Recognized Loss Amounts, as calculated above.

62. **FIFO Matching:** If a Settlement Class Member made more than one purchase or sale of Spectrum Brands common stock during the Class Period, all purchases and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings of Spectrum Brands common stock at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.[11]

63. **"Purchase/Sale" Dates:** Purchases and sales of Spectrum Brands common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. However, the receipt or grant by gift, inheritance, or operation of law of Spectrum Brands common stock during the Class Period shall not be deemed a purchase or sale for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of the stock unless (i) the donor or decedent purchased the Spectrum Brands common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

64. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase of the Spectrum Brands common stock. The date of a "short sale" is deemed to be the date of sale of the Spectrum Brands common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

65. In the event that a Claimant has an opening short position in Spectrum Brands common stock, the earliest purchases of Spectrum Brands common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

66. **Shares Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to shares of Spectrum Brands common stock purchased or sold through the exercise of an option, the purchase/sale date of the Spectrum Brands common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

67. **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Spectrum Brands common stock during the Class Period. For purposes of making this

---

[11] Sales of HRG and pre-Merger Spectrum common stock will be matched first against any holdings of the like security at the beginning of the Class Period, and then against purchases of the like security in chronological order, beginning with the earliest purchase made during the Class Period. In the event that a Claimant documents purchases of HRG common stock and pre-Merger Spectrum common stock transacted on the same day that later converted to post-Merger Spectrum common stock, the HRG common stock purchase will be considered as having been purchased prior to the pre-Merger Spectrum common stock purchase.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

18

calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[12] and (ii) the sum of the Claimant's Total Sales Proceeds[13] and the Claimant's Holding Value.[14]  If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

68.    If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Spectrum Brands common stock, the value of the Claimant's Recognized Claim will be zero, and the Claimant will not be eligible to receive a payment in the Settlement but will, nonetheless, be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Spectrum Brands common stock but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

69.    **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

70.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

71.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

72.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any

---

[12] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all Spectrum Brands common stock purchased during the Class Period.

[13] The Claims Administrator shall match any sales of Spectrum Brands common stock during the Class Period first against the Claimant's opening position in Spectrum Brands common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting any fees, commissions, and taxes) for sales of the remaining Spectrum Brands common stock sold during the Class Period is the "Total Sales Proceeds."

[14] The Claims Administrator shall ascribe a "Holding Value" of $48.05 per share to each share of Spectrum Brands common stock purchased during the Class Period that was still held as of the opening of trading on November 19, 2018.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

19

unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

73. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants. No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages expert, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiffs and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

74. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with its damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

75. Plaintiffs' Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Settlement Class, nor have Plaintiffs' Counsel been paid for their litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for Plaintiffs' Counsel in an amount not to exceed 16% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses incurred by Plaintiffs' Counsel in an amount not to exceed $400,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class, pursuant to the PSLRA. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

20

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?  HOW DO I EXCLUDE MYSELF?

76.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to Spectrum Brands Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91362, Seattle, WA 98111.  The Request for Exclusion must be *received* **no later than January 8, 2021**.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Spectrum Brands Securities Litigation*, Case No. 19-cv-347-jdp"; (iii) state: (A) the number of shares of HRG common stock and the number of shares of Old Spectrum common stock that the person or entity requesting exclusion owned as of the opening of trading on January 26, 2017; (B) the number of shares of HRG common stock and the number of shares of Old Spectrum common stock that the person or entity requesting exclusion purchased and sold during the period from January 26, 2017 to July 13, 2018, including the dates, number of shares, and prices of each such purchase and sale; and (C) the number of shares of Spectrum common stock that the person or entity requesting exclusion purchased and sold during the period from July 13, 2018 to November 19, 2018, including the dates, number of shares, and prices of each such purchase and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion that does not provide all the information called for in this paragraph and is not received within the time stated above will be invalid and will not be allowed.  Lead Counsel may request that the person or entity requesting exclusion submit additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in HRG common stock, Old Spectrum common stock, or Spectrum common stock.

77.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

78.    If you exclude yourself from the Settlement Class, you should understand that Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

79.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

80.    Spectrum has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

21

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

81.    **Settlement Class Members do not need to attend the Settlement Fairness Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Fairness Hearing.**

82.    <u>Please Note</u>: The date and time of the Settlement Fairness Hearing may change without further written notice to the Settlement Class.  In addition, the ongoing COVID-19 health emergency is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Fairness Hearing by telephonic or video conference, or otherwise allow Settlement Class Members to appear at the hearing by phone or video, without further written notice to the Settlement Class.  **In order to determine whether the date and time of the Settlement Fairness Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, <u>www.SpectrumBrandsSecuritiesLitigation.com</u>, before making any plans to attend the Settlement Fairness Hearing.  Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, <u>www.SpectrumBrandsSecuritiesLitigation.com</u>.  Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Fairness Hearing by telephone or video conference, the information needed to access the conference will be posted to the Settlement website, <u>www.SpectrumBrandsSecuritiesLitigation.com</u>.**

83.    The Settlement Fairness Hearing will be held on **January 29, 2021 at 3:00 p.m.**, before the Honorable James D. Peterson, either in person at the United States District Court for the Western District of Wisconsin, Courtroom 260, United States Courthouse, 120 North Henry Street, Madison, WI 53703, or by telephone or video conference (in the discretion of the Court), to determine, among other things: (i) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (ii) whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; (v) whether Lead Counsel's application for an award of attorneys' fees and Litigation Expenses should be approved; and (vi) any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to certify the Settlement Class; approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses; and/or consider any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Settlement Class.

Questions? Visit <u>www.SpectrumBrandsSecuritiesLitigation.com</u>, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

22

84. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. To object, you must: **(1)** file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the U.S. District Court for the Western District of Wisconsin at the address set forth below **on or before January 8, 2021**; **(2)** serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before January 8, 2021**; and **(3)** email a copy of your objection to katiem@blbglaw.com and rrosen@paulweiss.com by **January 8, 2021**.

| CLERK'S OFFICE | |
|---|---|
| Clerk of Court<br>United States District Court<br>Western District of Wisconsin<br>United States Courthouse<br>120 North Henry Street, Room 320<br>Madison, WI 53703 | |
| **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
| **Bernstein Litowitz Berger<br>& Grossmann LLP**<br>Katherine M. Sinderson, Esq.<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020<br>katiem@blbglaw.com | **Paul, Weiss, Rifkind, Wharton<br>& Garrison LLP**<br>Richard A. Rosen, Esq.<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>rrosen@paulweiss.com |

85. Any objection must: (i) identify the case name and docket number, *In re Spectrum Brands Securities Litigation*, Case No. 19-cv-347-jdp; (ii) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (iii) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (iv) include documents sufficient to prove membership in the Settlement Class, including documents showing (A) the number of shares of HRG common stock and the number of shares of Old Spectrum common stock that the objecting Settlement Class Member owned as of the opening of trading on January 26, 2017; (B) the number of shares of HRG common stock and the number of shares of Old Spectrum common stock that the objecting Settlement Class Member purchased and sold during the period from January 26, 2017 to July 13, 2018, including the dates, number of shares, and prices of each such purchase and sale; and (C) the number of shares of Spectrum common stock that the objecting Settlement Class Member purchased and sold during the period from July 13, 2018 to November 19, 2018, including the dates, number of shares, and prices of each such purchase and sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

23

account statement. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

86. You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

87. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, assuming you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶ 84 above so that it is *received* **on or before January 8, 2021**. Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

88. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 84 above so that the notice is *received* **on or before January 8, 2021**.

89. The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Fairness Hearing, you should confirm the date and time with Lead Counsel.

90. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

91. If you purchased: (i) shares of HRG common stock from January 26, 2017 to July 13, 2018; (ii) shares of Old Spectrum common stock from January 26, 2017 to July 13, 2018; or (iii) shares of Spectrum common stock from July 13, 2018 to November 19, 2018, for the beneficial interest of persons or organizations other than yourself, you must either: (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to Spectrum Brands Securities Litigation, c/o JND Legal Administration, P.O. Box

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

24

91362, Seattle, WA 98111. If you choose the first option, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners.

92.    Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com, by calling the Claims Administrator toll free at 1-833-674-0176, or by emailing the Claims Administrator at info@SpectrumBrandsSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

93.    This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk of the Court, U.S. District Court for the Western District of Wisconsin, U.S. Courthouse, 120 North Henry Street, Room 320, Madison, WI 53703. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| Spectrum Brands Securities Litigation | and/or | Katherine M. Sinderson, Esq. |
|---|---|---|
| c/o JND Legal Administration | | Bernstein Litowitz Berger |
| P.O. Box 91362 | | & Grossmann LLP |
| Seattle, WA 98111 | | 1251 Avenue of the Americas, |
| 1-833-674-0176 | | 44th Floor |
| info@SpectrumBrandsSecuritiesLitigation.com | | New York, NY 10020 |
| www.SpectrumBrandsSecuritiesLitigation.com | | 1-800-380-8496 |
| | | settlements@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: October 28, 2020

By Order of the Court
United States District Court
Western District of Wisconsin

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

25

## TABLE A-1

### Estimated Artificial Inflation with Respect to Purchases and Sales of Pre-Merger Spectrum Common Stock[15]

| Date Range | Artificial Inflation Per Share |
|---|---|
| January 26, 2017 – April 25, 2018 | $17.32 |
| April 26, 2018 – November 18, 2018 | $4.63 |
| November 19, 2018 | $0.00 |

## TABLE A-2

### Estimated Artificial Inflation with Respect to Purchases and Sales of HRG Common Stock[16]

| Date Range | Artificial Inflation Per Share |
|---|---|
| January 26, 2017 – April 25, 2018 | $18.29 |
| April 26, 2018 – November 18, 2018 | $4.63 |
| November 19, 2018 | $0.00 |

## TABLE A-3

### Estimated Artificial Inflation with Respect to Purchases and Sales of Post-Merger Spectrum Common Stock

| Date Range | Artificial Inflation Per Share |
|---|---|
| July 14, 2018 – November 18, 2018 | $4.63 |
| November 19, 2018 | $0.00 |

---

[15] Table A-1 is appropriate for all purchases of pre-Merger Spectrum common stock from January 26, 2017 through July 13, 2018, which were later: (i) sold as pre-Merger Spectrum common stock from January 26, 2017 through July 13, 2018; (ii) sold as post-Merger Spectrum common stock after July 13, 2018 through February 15, 2019; or (iii) held as post-Merger Spectrum common stock at the close of trading on February 15, 2019.

[16] Table A-2 is appropriate for all purchases of HRG common stock from January 26, 2017 through July 13, 2018, which were later: (i) sold as HRG common stock from January 26, 2017 through July 13, 2018; (ii) sold as post-Merger Spectrum common stock after July 13, 2018 through February 15, 2019; or (iii) held as post-Merger Spectrum common stock at the close of trading on February 15, 2019.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

26

**TABLE B**

**Spectrum Brands Common Stock Closing Price and Average Closing Price**
**November 19, 2018 – February 15, 2019[17]**

| Date | Closing Price | Average Closing Price Between November 19, 2018 and Date Shown | Date | Closing Price | Average Closing Price Between November 19, 2018 and Date Shown |
|---|---|---|---|---|---|
| 11/19/2018 | $48.05 | $48.05 | 1/4/2019 | $46.94 | $46.30 |
| 11/20/2018 | $49.25 | $48.65 | 1/7/2019 | $47.75 | $46.35 |
| 11/21/2018 | $50.12 | $49.14 | 1/8/2019 | $48.70 | $46.42 |
| 11/23/2018 | $51.42 | $49.71 | 1/9/2019 | $50.85 | $46.55 |
| 11/26/2018 | $50.95 | $49.96 | 1/10/2019 | $51.10 | $46.68 |
| 11/27/2018 | $49.76 | $49.93 | 1/11/2019 | $50.97 | $46.80 |
| 11/28/2018 | $49.43 | $49.85 | 1/14/2019 | $51.54 | $46.93 |
| 11/29/2018 | $49.66 | $49.83 | 1/15/2019 | $51.97 | $47.06 |
| 11/30/2018 | $49.38 | $49.78 | 1/16/2019 | $52.66 | $47.20 |
| 12/3/2018 | $49.68 | $49.77 | 1/17/2019 | $53.73 | $47.37 |
| 12/4/2018 | $47.65 | $49.58 | 1/18/2019 | $55.22 | $47.56 |
| 12/6/2018 | $47.32 | $49.39 | 1/22/2019 | $53.35 | $47.70 |
| 12/7/2018 | $47.36 | $49.23 | 1/23/2019 | $52.70 | $47.81 |
| 12/10/2018 | $46.75 | $49.06 | 1/24/2019 | $53.60 | $47.95 |
| 12/11/2018 | $47.78 | $48.97 | 1/25/2019 | $53.97 | $48.08 |
| 12/12/2018 | $46.71 | $48.83 | 1/28/2019 | $53.66 | $48.20 |
| 12/13/2018 | $45.51 | $48.63 | 1/29/2019 | $54.35 | $48.33 |
| 12/14/2018 | $45.23 | $48.45 | 1/30/2019 | $54.82 | $48.47 |
| 12/17/2018 | $43.95 | $48.21 | 1/31/2019 | $55.88 | $48.62 |
| 12/18/2018 | $44.25 | $48.01 | 2/1/2019 | $56.64 | $48.78 |
| 12/19/2018 | $43.47 | $47.79 | 2/4/2019 | $57.85 | $48.96 |
| 12/20/2018 | $42.79 | $47.57 | 2/5/2019 | $57.42 | $49.12 |
| 12/21/2018 | $42.38 | $47.34 | 2/6/2019 | $57.49 | $49.28 |
| 12/24/2018 | $41.68 | $47.11 | 2/7/2019 | $47.33 | $49.24 |
| 12/26/2018 | $42.20 | $46.91 | 2/8/2019 | $46.91 | $49.20 |
| 12/27/2018 | $42.63 | $46.74 | 2/11/2019 | $46.90 | $49.16 |
| 12/28/2018 | $42.67 | $46.59 | 2/12/2019 | $49.21 | $49.16 |
| 12/31/2018 | $42.25 | $46.44 | 2/13/2019 | $51.43 | $49.20 |
| 1/2/2019 | $43.42 | $46.33 | 2/14/2019 | $53.35 | $49.27 |
| 1/3/2019 | $44.80 | $46.28 | 2/15/2019 | $54.25 | $49.35 |

---

[17] The 90th calendar day of the 90-day lookback period was Saturday, February 16, 2019, which was not a trading day. Therefore, Table B displays closing and average prices through Friday, February 15, 2019.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com, call toll free at 1-833-674-0176, or email info@SpectrumBrandsSecuritiesLitigation.com

27