IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EARL S. WAGNER, individually and on behalf of all
others similarly situated,

        Plaintiff,

      v.

SPECTRUM BRANDS LEGACY, INC. f/k/a
SPECTRUM BRANDS HOLDINGS, INC., ANDREAS
R. ROUVÉ, and DOUGLAS L. MARTIN,

        Defendants.

OPINION and ORDER

19-cv-178-jdp

---

WEST PALM BEACH FIREFIGHTERS' PENSION
FUND, individually and on behalf of all others similarly
situated,

        Plaintiff,

      v.

SPECTRUM BRANDS LEGACY, INC. f/k/a
SPECTRUM BRANDS HOLDINGS, INC., ANDREAS
R. ROUVÉ, DAVID M. MAURA, and DOUGLAS L.
MARTIN,

        Defendants.

OPINION and ORDER

19-cv-347-jdp

---

The plaintiffs in these two proposed class actions brought under the Securities Exchange Act of 1934 say that they purchased securities from defendant Spectrum Brands Legacy, Inc., which manufactures and distributes "a variety of products in approximately 160 countries." Dkt. 1, ¶ 17.[1] Plaintiffs allege that the purchase price of the stock was artificially inflated because of misrepresentations made by Spectrum and some of its officers about the success of

---

[1] Docket entries are from Case No. 19-cv-178-jdp unless otherwise specified.

EXHIBIT

C

tabbies

efforts to consolidate operations in two distribution centers in Dayton, Ohio and Edgerton, Kansas. The cases are now before the court on a motion filed by the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System to: (1) consolidate the cases; (2) appoint the movants "lead plaintiffs" under 15 U.S.C. § 78u-4(a)(3)(B); and (3) approve the law firm Bernstein Litowitz Berger & Grossmann LLP as "lead counsel" and the law firm Rathje Woodward LLC as "liaison counsel." (The court will refer to the movants as the "proposed lead plaintiffs" for the remainder of the opinion.) No one has opposed the motion.[2] For the reasons discussed below, the court will grant the motion in full.

## ANALYSIS

### A. Consolidation

Federal Rule of Civil Procedure 42(a) allows courts to join pending actions when there are common questions of law or fact. The purpose of Rule 42(a) is "to prevent . . . unnecessary duplication of effort in related cases." *EEOC v. G-K-G, Inc.*, 39 F.3d 740, 745 (7th Cir. 1994). The court concludes that consolidation is appropriate here because both cases are based on the same alleged conduct (defendants' misrepresentations in 2016 and 2017 about Spectrum's consolidation of its distribution centers), the same legal theories (violations of 15 U.S.C. §§ 78j(b) and 78t(a)), and similar proposed classes (those who purchased Spectrum stock between 2016 and 2018).

---

[2] Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust also filed a motion to serve as lead plaintiffs, Dkt. 15, but they later withdrew that motion, Dkt. 20.

The classes are not identical because the proposed class period in No. 19-cv-347-jdp encompasses more time. The class period in both proposed classes begins on June 14, 2016, but the class period closes in April 2018 for No. 19-cv-178-jdp and in November 2018 for No. 19-cv-347-jdp. The proposed lead plaintiffs don't explain the reason for the different class periods, but a review of the complaints suggests that it may be the result of Spectrum's second quarter 2018 financial and operational results, which plaintiffs say were released in April 2018 and revealed Spectrum's financial difficulties. But the plaintiffs in No. 19-cv-347-jdp allege that defendants continued making misstatements about the nature of those difficulties in subsequent months. No. 19-cv-347-jdp, Dkt. 1, ¶¶ 45–50. Another difference is that No. 19-cv-347-jdp names an additional officer as a defendant (David Maura, Spectrum's board chair).

These differences may have implications for a motion for class certification, but the standard under Rule 42 is much less demanding than Rule 23. Because there appear to be multiple common questions of law and fact between the two cases and because it would be more efficient to litigate the cases together, the court is persuaded that consolidation is appropriate.

## B. Lead plaintiffs

The Private Securities Litigation Reform Act, which amended the Securities Exchange Act of 1934, imposes various procedural requirements in class actions alleging violations of securities laws. One of these is that the district court must appoint a lead plaintiff or plaintiffs for the proposed class. 15 U.SC. § 78u-4(a)(3).

The named plaintiff or plaintiffs in a proposed class action have 20 days after filing the complaint to give notice of the action to members of the proposed class in a "widely circulated

national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must indicate "the pendancy of the action, the claims asserted therein, and the purported class period." *Id.* § 78u-4(a)(3)(A)(i)(I). Within 60 days after notice is published, any member of the proposed class may move the court for permission to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(A)(i)(II). Anyone seeking appointment as a class representative must file sworn certifications on several issues. *Id.* § 78u-4(a)(2).[3] The court must then determine which

---

[3] The certification must:

| | |
|---|---|
| (i) | state[] that the plaintiff has reviewed the complaint and authorized its filing; |
| (ii) | state[] that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this chapter; |
| (iii) | state[] that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary; |
| (iv) | set[] forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint; |
| (v) | identif[y] any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class; and |
| (vi) | state[] that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4). |

15 U.S.C.A. § 78u-4(a)(2).

4

"member or members" of the proposed class are "the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The court finds that the notice requirements are met. On March 7, 2019, plaintiff Wagner filed a notice in *Globe Newswire*, which courts have consistently found to be a widely-circulated newswire under § 78u-4(a)(3)(A)(i).[4] The notice includes all the information required by § 78u-4(a)(3)(i)(I). *See* Dkt. 14-4. The proposed lead plaintiffs filed their motion to serve as lead plaintiffs on May 6, which is within the deadline. They attached sworn declarations that they meet all the requirements in § 78u-4(a)(2). Dkt. 14-1. There are no other pending motions to serve as lead plaintiff.[5]

The next question is whether the proposed lead plaintiffs are "the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There

---

[4] *See, e.g.*, *Kakkar v. Bellicum Pharm., Inc.*, No. 4:18-cv-338, 2019 WL 1367653, at *1 (S.D. Tex. Mar. 26, 2019); *Mulquin v. Nektar Therapeutics*, No. 18-cv-6607-HSG, 2019 WL 1170774, at *2 (N.D. Cal. Mar. 13, 2019); *Mariconda v. Farmland Partners Inc.*, No. 18-cv-2104-DME-NYW, 2018 WL 6307868, at *2 (D. Colo. Dec. 3, 2018); *In re Herbalife, Ltd. Sec. Litig.*, No. CV142850DSFJCGX, 2014 WL 12586789, at *1 (C.D. Cal. July 30, 2014); *Ghodooshim v. Qiao Xing Mobile Commc'n Co.*, No. 12 CIV. 9264 JSR, 2013 WL 2314267, at *1 (S.D.N.Y. May 21, 2013).

[5] Plaintiff West Palm Firefighters' Pension Fund filed a separate notice for No. 19-cv-347-jdp on April 30, and the deadline for responding to that notice has not yet expired. But it is unnecessary to wait to decide the proposed lead plaintiffs' motion. First, the pension fund's notice was not required. Under §78u-4(a)(3)(A)(ii), "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (i)." As discussed above, these two cases raise substantially the same claims. Second, the only investors who would not have been put on notice by Wagner are those who purchased stock between April and November 2018, but not between June 2016 and April 2018. Such an investor would not be an appropriate lead plaintiff because it would not represent the interests of the largest portion of the class.

is a presumption under the statute that the most adequate plaintiff is "person or group of persons" who:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can be rebutted if a member of the proposed class can show that the presumptively most adequate plaintiff will be unable to represent the class adequately. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

A threshold question is whether the statute permits both the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System to serve as lead plaintiffs together. As noted above, the statute allows the lead plaintiff to be a "person or group of persons," so there is no categorical bar on multiple class members serving as lead plaintiff. In a joint declaration submitted by representatives of both entities, the proposed lead plaintiffs say they worked together as co-lead plaintiffs in another securities class action, *Hughes v. Huron Consulting Group, Inc.*, No. 09-cv-4734 (N.D. Ill.), and they have a good working relationship. Dkt. 18, ¶ 5. The court sees no reason not to consider the proposed lead plaintiffs' request to serve together in the absence of any evidence suggesting that doing so would not be in the best interests of the class.

Turning to the three requirements in § 78u-4(a)(3)(B)(i), the court concludes that the proposed lead plaintiffs meet the first requirement because they filed a motion to serve as lead plaintiffs. As for the second requirement, the retirement fund says that it purchased nearly 74,000 shares of Spectrum stock and lost more than $2.4 million during the class period as a

result of its purchases and sales of Spectrum stock; the retirement system says that it purchased nearly 30,000 shares and lost more than $1 million. Dkt 14-2. *See also Chandler v. Ulta Beauty, Inc.,* No. 18-cv-1577, 2018 WL 3141763, at *3 (N.D. Ill. June 26, 2018) ("[T]he approximate losses suffered . . . is the most critical factor in determining a moving party's financial interest."); *Maiden v. Merge Techs., Inc.*, No. 06-C-349, 2006 WL 3404777, at *2 (E.D. Wis. Nov. 21, 2006) (measuring financial interest by number of shares purchased, amount of funds expended, and amount of losses suffered).

In their motion, the proposed lead plaintiffs say that they are not aware of anyone with a larger financial interest. Because no other class member has come forward to oppose the proposed lead plaintiffs' motion, the court will assume that they have the largest financial interest of all the potential class members.

This leaves the requirements of Rule 23. The two Rule 23 requirements related to the class representative are typicality (whether the representative's claims have "the same essential characteristics as the claims of the class at large," *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)), and adequacy (whether the representative has a sufficient stake in the outcome and is free of any conflicts of interest with other class members, *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997)). In light of the limited information available about the class at this early stage, courts have held that lead plaintiffs need only make a prima facie showing of typicality and adequacy. *E.g.*, *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263–64 (3d Cir. 2001); *Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

The court is persuaded that the proposed lead plaintiffs have made the necessary showing. Their claims appear to be typical of the class because they purchased stock at allegedly

7

inflated prices during the class period and suffered losses as result. And they appear to be adequate representatives in light of their substantial losses. No conflicts of interest are apparent. Their loss charts show that they purchased Spectrum stock throughout the class period, so they have an incentive to represent the interests of the entire proposed class. Because no other party or potential class member has attempted to rebut the presumption that the proposed lead plaintiffs are the most adequate representatives of the class, the court will approve their request to serve as lead plaintiffs.

## C. Lead counsel

Under 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff is authorized to "select and retain counsel to represent the class" "subject to the approval of the court." The proposed lead plaintiffs ask the court to approve the law firm Bernstein Litowitz Berger & Grossmann LLP as lead counsel and the law firm Rathje Woodward LLC as "liaison counsel."

In supporting its selection of Bernstein Litowitz, the proposed lead plaintiffs cite the firm's extensive experience litigating securities class actions and obtaining favorable results. Dkt. 13, at 16. Numerous other courts have approved the firm to serve as lead counsel under § 78u-4(a)(3)(B)(v). *E.g.*, *City of Riviera Beach Gen. Employees Ret. Sys. v. Macquarie Infrastructure Corp.*, No. 18-CV-3608 (VSB), 2019 WL 364570, at *6 (S.D.N.Y. Jan. 30, 2019) ("Bernstein Litowitz is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class actions effectively."). The court will approve the proposed lead plaintiffs' choice of lead counsel.

As for liaison counsel, Rathe Woodward has substantial experience in both litigating class actions and litigating in this court. The court will approve that firm as well.

ORDER

IT IS ORDERED that:

1. The motion filed by the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System to consolidate the cases, appoint lead plaintiffs, and approve counsel is GRANTED.

2. Nos. 19-cv-178-jdp and 19-cv-347-jdp are CONSOLIDATED for all purposes.

3. The Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System are APPOINTED to serve as lead plaintiffs.

4. The court APPROVES lead plaintiffs' choice of Bernstein Litowitz Berger & Grossmann LLP as lead counsel and the law firm Rathje Woodward LLC as liaison counsel.

Entered June 12, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge