# Supplemental Exhibit 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

|                                                      |   |                    |
|------------------------------------------------------|---|--------------------|
|                                                      | ) |                    |
|                                                      | ) |                    |
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION          | ) | No. 19-cv-347-jdp  |
|                                                      | ) |                    |
|                                                      | ) |                    |

### [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES

This matter came on for hearing on January 29, 2021 (the "Settlement Fairness Hearing") on Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Fairness Hearing and otherwise; and it appearing that notice of the Settlement Fairness Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in the *Investor's Business Daily* and was transmitted over the PR Newswire pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the requested award of attorneys' fees and Litigation Expenses;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated August 10, 2020 (Dkt. 44-1) (the "Stipulation"), and all capitalized terms not otherwise defined herein have the same meaning as they have in the Stipulation.

2.    The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3.      Notice of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 15% of the Settlement Fund, net of total Court-awarded Litigation Expenses and estimated Notice and Administration Costs, which sum the Court finds to be fair and reasonable. Plaintiffs' Counsel are also hereby awarded $230,413.02 in payment of litigation expenses to be paid from the Settlement Fund, which sum the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.      In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)      The Settlement has created a fund of $39,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b)      The fee sought has been reviewed and approved as reasonable by Lead Plaintiffs, which are sophisticated institutional investors that actively supervised the Action;

(c)    Over 83,000 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 16% of the Settlement Fund and for payment of Litigation Expenses in an amount not to exceed $400,000, and no objections to the requested attorneys' fees and expenses were received;

(d)    Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e)    The Action raised a number of complex issues;

(f)    Had Lead Counsel not achieved the Settlement, there would have remained a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g)    Plaintiffs' Counsel devoted over 3,700 hours, with a lodestar value of approximately $2.03 million, to achieve the Settlement; and

(h)    The amounts of attorneys' fees and expenses awarded from the Settlement Fund are fair and reasonable and consistent with Seventh Circuit authority and awards in similar cases.

6.    Lead Plaintiff Public School Teachers' Pension and Retirement Fund of Chicago is hereby awarded $5,398.95 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

7.    Lead Plaintiff Cambridge Retirement System is hereby awarded $7,588.40 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

3

8.      Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expenses application shall in no way disturb or affect the finality of the Judgment.

9.      Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

10.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable James D. Peterson
United States District Judge

4