# Supplemental Exhibit 4A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE HENRY SCHEIN, INC. SECURITIES LITIGATION | Master File No. <br><br> 1:18-cv-01428-MKB-VMS <br><br> <u>CLASS ACTION</u> |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED**
**SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND**
**(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

*<u>A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.</u>*

**This notice is about the proposed settlement of a securities class action against Henry Schein, Inc.  You might be a member of the class in that lawsuit, and you might be eligible to receive money under the proposed settlement.**

NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Eastern District of New York (the "Court") if you purchased or otherwise acquired common stock of Henry Schein, Inc. ("Schein" or the "Company") during the period from March 7, 2013 through February 12, 2018, inclusive (the "Class Period") and were damaged thereby.[1]

NOTICE OF SETTLEMENT:  Please also be advised that the Court-appointed Lead Plaintiff, Miami General Employees' & Sanitation Employees' Retirement Trust ("Lead Plaintiff"), on behalf of itself and the Class (as defined in ¶ 23 below), has reached a proposed settlement of the Action for $35,000,000 in cash.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement.  If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, Schein, the other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 88 below).**

1. **<u>Description of the Action and the Class</u>:**  This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging that Schein and certain Schein executives (collectively, "Defendants") violated the federal securities laws by making false and misleading statements concerning Schein's business.  A more detailed description of the Action is set forth in ¶¶ 11-22 below.  The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 23 below.

2. **<u>Statement of the Class's Recovery</u>:**  Subject to Court approval, Lead Plaintiff, on behalf of itself and the Class, has agreed to settle the Action in exchange for $35,000,000 in cash (the "Settlement Amount") to be

---

[1] All capitalized terms that are not otherwise defined in this Notice shall have the meanings ascribed to them in the Settlement Agreement dated April 30, 2020.  The Settlement Agreement is available at www.HSICSecuritiesLitigation.com.

deposited into an escrow account.  The Net Settlement Amount (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Tax Expenses; (ii) any Notice and Administration Expenses; and (iii) any attorneys' fees and expenses awarded by the Court, including any award for the costs and expenses of Lead Plaintiff) will be distributed in accordance with a Plan of Allocation that the Court approves.  The proposed Plan of Allocation is set forth in ¶¶ 51-72 below.  The Plan of Allocation will determine how the Net Settlement Amount will be distributed to members of the Class.

3.    **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiff's damages expert's estimate of the number of shares of Schein common stock that were purchased during the Class Period and that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.43 per affected share.[2]  Class Members should note, however, that the foregoing average recovery is only an estimate.  Some Class Members may recover more or less than the estimated amount depending on, among other factors, when and at what prices they purchased or sold their shares, and the total number and value of valid Claim Forms submitted.  Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* ¶¶ 51-72 below) or such other Plan of Allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share of Schein common stock that would be recoverable if Lead Plaintiff were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any Class Members suffered any damages as a result of Defendants' alleged conduct.

5.    **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.[3]  Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.  In addition, Lead Counsel will apply for payment of expenses paid or incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $200,000, and Lead Plaintiff will apply for payment of the reasonable costs and expenses it incurred directly related to its representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), in an amount not to exceed $25,000.  Any fees and expenses that the Court awards to Plaintiffs' Counsel and Lead Plaintiff will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application and Lead Plaintiff's application for a PSLRA Award, is $0.11 per affected share.

6.    **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Class are represented by James A. Harrod of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com.

7.    **Reasons for the Settlement:**  Lead Plaintiff's principal reason for entering into the Settlement is the substantial and certain recovery for the Class without the risk or the delays inherent in further litigation.  Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

---

[2]  Schein common stock experienced a 2-for-1 stock split during that Class Period on September 15, 2017.  The per-share estimates for recovery and costs stated here and in ¶ 5 are based on the post-split denomination of shares in effect from September 15, 2017 through the end of the Class Period.

[3]  Plaintiffs' Counsel include Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel") and additional counsel for Lead Plaintiff, Klausner, Kaufman, Jensen & Levinson ("Klausner Kaufman").

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN SEPTEMBER 2, 2020.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court, and you will give up any Released Class Claims (defined in ¶ 35 below) that you have against Defendants and the other Releasees (defined in ¶ 36 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION THAT IS *RECEIVED* NO LATER THAN AUGUST 26, 2020.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Releasees concerning the Released Class Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION THAT IS *RECEIVED* NO LATER THAN AUGUST 26, 2020.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, the request for attorneys' fees and expenses, or the proposed award to Lead Plaintiff, you may write to the Court and explain why you do not like them.  You cannot object to any of those matters unless you are a Class Member and do not exclude yourself from the Class. |
| **GO TO A HEARING ON SEPTEMBER 16, 2020 AT 11:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR THAT IS *RECEIVED* NO LATER THAN AUGUST 26, 2020.** | Filing a written objection and notice of intention to appear by August 26, 2020 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses or the award to Lead Plaintiff.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection.  The Court may change the date of the Fairness Hearing and may also order the Hearing to be held by telephone, in which case instructions about date, time, and how to participate will be posted on www.HSICSecuritiesLitigation.com. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement, and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|

Why Did I Get This Notice?                                                                    Page  4

What Is This Case About?                                                                      Page  4

How Do I Know If I Am Affected By The Settlement?

  Who Is Included In Class?                                                                   Page  6

What Are Lead Plaintiff's Reasons For The Settlement?                                         Page  7

What Might Happen If There Were No Settlement?                                                Page  8

How Are Class Members Affected By The Action And The Settlement?                              Page  8

How Do I Participate In The Settlement?  What Do I Need To Do?                                 Page  10

How Much Will My Payment Be?                                                                  Page  10

What Payment Are The Attorneys For The Class Seeking?

  How Will The Lawyers Be Paid?                                                               Page  15

What If I Do Not Want To Be A Member Of The Class?

  How Do I Exclude Myself?                                                                    Page  16

When And Where Will The Court Decide Whether To Approve The

  Settlement? Do I Have To Participate in The Hearing?  May I Speak At

  The Hearing If I Don't Like The Settlement?                                                 Page  16

What If I Bought Shares On Someone Else's Behalf?                                             Page  18

Can I See The Court File?  Whom Should I Contact If I Have

  Questions?                                                                                  Page  18

| WHY DID I GET THIS NOTICE? |
|---|

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Schein common stock during the Class Period.  You therefore might be a Class Member in this Action, so you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation, the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, of your right to object to it, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and litigation expenses, and Lead Plaintiff's application for an award of costs (the "Fairness Hearing").  *See* ¶¶ 79-80 below for details about the Fairness Hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a Plan of Allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11.    Henry Schein, Inc. ("Schein") is one of the largest distributors of dental supplies and equipment in the United States.  The Company's common stock trades on the NASDAQ under the symbol "HSIC."  Lead Plaintiff alleges that Defendants made false and misleading statements and material omissions about Schein's North American Dental business, including the operation of that business in a competitive environment and the

sources of the dental business's financial success.  Lead Plaintiff alleges that these misstatements inflated the price of Schein's common stock during the Class Period and that the price declined when several private collusion lawsuits and a Federal Trade Commission ("FTC") action revealed to investors that Defendants had allegedly sought to reduce competition by entering into agreements to refuse to provide discounts to or compete for the business of groups of independent dentists, rather than compete based on price.  Lead Plaintiff also alleged that, as a result of these lawsuits, Schein ceased to engage in the allegedly collusive behavior and that the cessation adversely affected the Company's publicly reported financial results.  Defendants have denied those allegations.

12.  On March 7, 2018, Joseph Salkowitz filed a class-action complaint in the United States District Court for the Eastern District of New York (the "Court"), asserting federal securities claims against Schein and certain of its executive officers.

13.  By Order dated June 22, 2018, the Court appointed Miami General Employees' & Sanitation Employees' Retirement Trust as Lead Plaintiff for the Action, and approved Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

14.  On September 14, 2018, Lead Plaintiff filed and served the Consolidated Class Action Complaint ("Complaint").  The Complaint asserted claims against Schein and three of its officers, Stanley Bergman, Schein's Chief Executive Officer, Steven Paladino, Schein's Chief Financial Officer, and Timothy J. Sullivan, the president of Schein's North American Dental Group, under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the individual defendants under Section 20(a) of the Exchange Act.  The Complaint alleged that Defendants made materially false and misleading statements during the Class Period about: (i) the competitive environment of Schein's North American Dental business; (ii) Schein's business dealings with dental buying groups; (iii) Schein's financial results; and (iv) the sources of Schein's financial success.  The Complaint also alleged that Schein failed to disclose material information required to be disclosed by Item 303 of Regulation S-K (17 C.F.R. §229.303).  The Complaint further alleged that the price of Schein's common stock was artificially inflated during the Class Period as a result of Defendants' allegedly false and misleading statements and omissions, and declined when the truth was revealed in three partial corrective disclosures in August and November 2017 and in February 2018.

15.  On December 10, 2018, Defendants moved to dismiss the Complaint.  On January 23, 2019, Lead Plaintiff served its response in opposition to Defendants' motion to dismiss, and, on February 22, 2019, Defendants served their reply papers.  The parties also submitted supplemental authorities in connection with the pending motion to dismiss in April and September 2019.

16.  On September 27, 2019, the Court granted in part and denied in part Defendants' motion to dismiss.  The Court dismissed the claims against Bergman and Paladino, and claims based on statements concerning Schein's financial results, but sustained claims under Section 10(b) against Schein and Section 20(a) against Sullivan, including in connection with statements about Schein's competitive environment.  The Court also dismissed claims based on the August 2017 corrective disclosures pleaded in the Complaint, and partially dismissed claims based on the November 2017 disclosures, but sustained in full the claims based on the February 2018 disclosures.

17.  On October 12, 2019, Defendants moved for partial reconsideration of the Court's September 27, 2019 Order.  Defendants sought reconsideration of the Court's findings that Lead Plaintiff had adequately pleaded Schein's scienter and Sullivan's control over Schein.

18.  While the Parties were briefing the reconsideration motion, they discussed the possibility of resolving the litigation through settlement and agreed to mediation before the Hon. Daniel Weinstein (Ret.) and Jed D. Melnick, Esq. of JAMS (the "Mediators").  On November 1, 2019, after the Parties had finished the briefing on the reconsideration motion, they filed a joint request to stay the pending motion until the conclusion of the parties' scheduled mediation.  The Court granted the joint request that same day.

19.    The Parties exchanged detailed mediation statements with numerous exhibits that were also submitted to the Mediators, and they then held two full-day mediation sessions with the Mediators in New York on February 4 and 5, 2020.  During the mediation sessions, the Parties engaged in vigorous settlement negotiations with the assistance of the Mediators, and, at the conclusion of the second day, the Settling Parties reached an agreement in principle to settle the Action for $35,000,000, based on a recommendation by the Mediators.  That same day, the Settling Parties executed a Term Sheet setting forth their agreement in principle to settle and release all claims asserted in the Action in return for a cash payment by or on behalf of Defendants of $35,000,000 for the benefit of the Class, subject to certain terms and conditions (including the completion of due-diligence discovery by Lead Plaintiff), the execution of a stipulation and agreement of settlement and related papers, and approval by the Court.

20.    On April 30, 2020, the Settling Parties entered into the Settlement Agreement, which sets forth the terms and conditions of the Settlement.  The Settlement Agreement is available at www.HSICSecuritiesLitigation.com.  You should read it if you want a full understanding of its terms.

21.    The Settlement Agreement is subject to the completion of Due-Diligence Discovery to confirm the fairness of the Settlement.  In connection with the Due-Diligence Discovery, Schein has been producing documents and information regarding the allegations and claims asserted in the Complaint, and relevant Schein employees will be interviewed by Lead Counsel.  Pursuant to the Settlement Agreement, Lead Plaintiff has the right to withdraw from and terminate the Settlement at any time before filing its motion in support of final approval of the Settlement if information produced during Due-Diligence Discovery causes Lead Plaintiff and Lead Counsel reasonably and in good faith to conclude that the proposed Settlement is not fair, reasonable, and adequate.

22.    On May 5, 2020, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Fairness Hearing to consider whether to grant final approval to the Settlement.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

---

23.    If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of:

all persons and entities who purchased or otherwise acquired Schein common stock during the period from March 7, 2013 through February 12, 2018, inclusive (the "Class Period") and who were damaged thereby.

Excluded from the Class are:

a.  such persons or entities who submit valid and timely requests for exclusion from the Class (For information on how to submit a request for exclusion, see "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?" on page 16 below.);

b.  such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees (defined below in ¶ 36) arising out of or related to the Released Class Claims (defined below in ¶ 35); and

c.  Schein and (*i*) all officers and directors of Schein currently and during the Class Period (including Stanley Bergman, Steven Paladino, and Timothy J. Sullivan), (*ii*) Schein's Affiliates, subsidiaries, successors, and predecessors, (*iii*) any entity in which Schein or any individual identified in (*i*) has or had during the Class Period a Controlling Interest, and (*iv*) for the individuals identified in (*i*), (*ii*), and/or (*iii*), their Family Members, legal representatives, heirs, successors, and assigns.

**PLEASE NOTE:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you must submit the Claim Form that is being distributed with this Notice, as well as the required supporting documentation described in the Claim Form, postmarked no later than September 2, 2020.**

| WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
| --- |

24.   Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  First, Lead Plaintiff would have faced substantial risks from Defendants' motion for partial reconsideration of the Court's ruling on Defendants' motion to dismiss.  That reconsideration motion was pending when the Parties reached an agreement in principle to settle the action.  In partially denying Defendants' motion to dismiss, the Court held that Schein's scienter could be established by Defendant Sullivan's alleged knowledge of anticompetitive activities in the dental supplies market and that Defendant Sullivan had sufficient control over Schein so that he could be held liable as a controlling person for Schein's  alleged primary securities-law violations.  Defendants sought reconsideration of these holdings, contending (among other things) that Lead Plaintiff had failed to plead facts showing that Sullivan had participated in or controlled Schein's allegedly false and misleading statements and omissions.   While Lead Plaintiff opposed Defendants' motion seeking reconsideration and believes that the motion lacks merit, Lead Plaintiff acknowledges that there was a meaningful risk that Defendants could have persuaded the Court to reconsider its rulings on the motion to dismiss.  Significantly, had Defendants succeeded in convincing the Court that Sullivan's knowledge could not establish Schein's scienter, such a ruling would have led to dismissal of the entire case and eliminated entirely any recovery for the Class.

25.   Second, had the Complaint survived Defendants' reconsideration motion, Lead Plaintiff would have faced substantial challenges in developing facts to survive summary judgment or establish Defendants' liability at trial.   To start, Lead Plaintiff would have faced challenges showing that Defendants' statements about the competition facing Schein, trends towards cost containment in the healthcare distribution space, and the emergence of buying groups were materially false and misleading.  For example, Defendants likely would have contended that each of these statements was factually true and therefore non-actionable.  Such arguments likely grew significantly stronger in October 2019, when, following a full trial on the merits, an FTC administrative law judge exonerated Schein from liability over the FTC's claims that Schein violated several provisions of the federal antitrust laws.  In addition, Defendants likely would have continued to argue that such statements were mere corporate optimism or puffery, and therefore non-actionable.  Lead Plaintiff would also have faced challenges in proving that Schein made the alleged false statements with the intent to mislead investors or was reckless in making the statements.  For example, Defendants would likely have continued to argue that scienter was not established as to any of the statements remaining in the case and that Sullivan's knowledge—even if demonstrated—would have been insufficient to establish Schein's scienter.

26.   Lead Plaintiff would also have faced significant hurdles in establishing "loss causation"—i.e., that the alleged misstatements were the cause of investors' losses—and in proving damages.  The Court has already dismissed Lead Plaintiff's allegations of loss causation as to the August 2017 disclosures, and Defendants would likely have raised various arguments as to the other two disclosures.  First, Defendants would likely have argued that key facts that Lead Plaintiff alleged were revealed by the corrective disclosures were actually already well known in the market, because it was public knowledge that Schein had been accused of antitrust law violations before and during the Class Period (including through publicly filed lawsuits by regulators, competitors, and dental practices).  Second, with respect to the November 2017 corrective disclosure in the Complaint, Defendants would have argued that intraday stock pricing information demonstrated that Schein's stock price did not respond to the disclosure of two antitrust lawsuits against the Company, the only aspect of the corrective disclosure sustained by the Court, but was responding to other Company news released that day.  The two lawsuits were mentioned in Schein's Form 10-Q filing, which was not filed until after 2:00 p.m. on November 6, 2017, so Defendants would argue that the drop in the stock price earlier in the day could not have resulted from any news about the two lawsuits, but must have resulted from the earnings release that had been

issued before the market opened.  Third, with respect to the February 2018 disclosure of the FTC's filing of an antitrust complaint against Schein, which was the only other corrective disclosure remaining in the case, Defendants likely would have had strong arguments that the disclosure of a complaint is insufficient to reveal the truth about Defendants' alleged fraud—and that the fact that Schein was exonerated after a trial demonstrates that the filing of the Complaint did not reveal any relevant "truth" to the market.  Fourth, Defendants would have had meaningful arguments that Lead Plaintiff and the Class could not demonstrate any damages in connection with the November 2017 disclosure, and that damages associated with the February 2018 disclosure would have been substantially reduced if the effects of confounding negative information about Schein were appropriately disaggregated.  Moreover, on all these issues, Lead Plaintiff would have to prevail at several stages – on a motion for summary judgment and at trial, and if it prevailed on those, on the appeals that would likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

27.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, and subject to the satisfactory completion of Due-Diligence Discovery, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $35,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

28.    Defendants have denied the claims asserted against them in the Action and deny that the Class was harmed or suffered any damages as a result of the conduct alleged in the Action.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29.    If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

30.    As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but, if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

31.    If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?," below.

32.    If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, Lead Counsel's application for attorneys' fees and expenses, or Lead Plaintiff's PSLRA Award, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

33.    If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court even if you have pending or later file any claim or lawsuit against the Releasees (as

defined in ¶ 36 below) relating to the Released Class Claims (as defined in ¶ 35 below). If the Settlement is approved, the Court will enter a judgment (the "Judgment") and a final approval order (the "Approval Order"). The Judgment and Approval Order will dismiss with prejudice the claims against Defendants and will provide that, upon the Final Settlement Date, Lead Plaintiff and each of the other Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such ("Releasors"), or any person purporting to assert a Released Class Claim on behalf of, for the benefit of, or derivatively for any such Releasors, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged:

  a.   all Released Class Claims (as defined in ¶ 35 below) against each and every one of the Releasees as (defined in ¶ 36 below);

  b.   all Claims, damages, and liabilities as to each and every one of the Releasees to the extent that any such Claims, damages, or liabilities relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (i) the prosecution, defense, or settlement of the Action, (ii) the Settlement Agreement or its implementation, (iii) the Settlement terms and their implementation, (iv) the provision of notice in connection with the proposed Settlement, and/or (v) the resolution of any Claim Forms submitted in connection with the Settlement; and

  c.   all Claims against any of the Releasees for attorneys' fees, costs, or disbursements incurred by Plaintiffs' Counsel or any other counsel representing Lead Plaintiff or any other Class Member in connection with or related in any manner to the Action, the settlement of the Action, or the administration of the Action and/or its Settlement, except to the extent otherwise specified in the Settlement Agreement.

  34.   In addition, the Judgment and Approval Order will provide that:

  a.   all Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating to the Released Class Claims; and

  b.   all persons and entities are permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the Releasees, if such other lawsuit is based on or related to the Released Class Claims.

  35.   "Released Class Claims" means each and every Claim that existed as of, on, or before the Execution Date and that Lead Plaintiff or any other Class Member (*i*) asserted against any of the Releasees in the Action (including all Claims alleged in the Complaint) or (*ii*) could have asserted or could assert against any of the Releasees in connection with or relating directly or indirectly to any of the Operative Facts or any alleged statements about, mischaracterizations of, or omissions concerning them, whether arising under any federal, state, or other statutory or common-law rule or under any foreign law, in any court, tribunal, agency, or other forum, if such Claim also arises out of or relates to the purchase or other acquisition of Schein common stock,

or to any other Investment Decision, during the Class Period; *provided, however*, that the term "Released Class Claims" does not include (and will not release or impair):  (*i*) any claims asserted in any action under the Employee Retirement Income Security Act of 1974 or in any derivative action, including without limitation the claims asserted in the Derivative Settlement (*In re Henry Schein, Inc. Derivative Litigation*, Lead Case No. 1:19-cv-06485-LDH-JO (E.D.N.Y.)) or *Finazzo v. Bergman*, No. 1:19-cv-06485-LDH-JO (E.D.N.Y.), or *Sloan v. Bergman*, No. 1:20-cv-0076 (E.D.N.Y.), or any cases consolidated into those actions; (*ii*) any claims asserted in *City of Hollywood Police Officers Ret. Sys. v. Henry Schein, Inc.*, No. 2:19-cv-5530 (E.D.N.Y.), or any cases consolidated into that action; (*iii*) any claims asserted in the Antitrust Proceedings or by any governmental entity that arise out of any governmental investigation of Defendants relating to the Operative Facts except to the extent that any such claims arise from or are based on the purchase of Schein common stock during the Class Period; or (*iv*) any claims to enforce this Settlement Agreement.

36.    "Releasees" means Schein, its affiliates, and their current and former officers (including Messrs. Bergman, Paladino, and Sullivan), directors, employees, agents, and representatives, counsel, advisors, administrators, accountants, accounting advisors, auditors, consultants, assigns, assignees, beneficiaries, representatives, partners, successors-in-interest, insurance carriers, reinsurers, parents, affiliates, subsidiaries, successors, predecessors, fiduciaries, service providers, and investment bankers, and other certain persons and entities affiliated with or related to them.  The full definition of Releasees is set forth in the Settlement Agreement, available at www.HSICSecuritiesLitigation.com.

37.    The Judgment and Approval Order will also provide that, upon the Final Settlement Date, all Releasees, and anyone purporting to act on behalf of, for the benefit of, or derivatively for any such persons or entities, are permanently enjoined from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to Released Releasees' Claims.

38.    "Released Releasees Claims" means each and every Claim that has been, could have been, or could be asserted in the Action or in any other proceeding by any Releasee against Lead Plaintiff, any other Class Members, or any of their respective attorneys (including, without limitation, Plaintiffs' Counsel) and that arises out of or relates in any way to the initiation, prosecution, or settlement of the Action or the implementation of the Settlement Agreement; *provided, however*, that Released Releasees' Claim shall not include any Claim to enforce the Settlement Agreement.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

39.    To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked* no later than September 2, 2020**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.HSICSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-888-210-5486 or by emailing the Claims Administrator at info@HSICSecuritiesLitigation.com.  Please retain all records of your ownership of and transactions in Schein common stock, as they will be needed to document your Claim.  The Parties and Claims Administrator do not have information about your transactions in Schein common stock.

40.    If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Amount.

## HOW MUCH WILL MY PAYMENT BE?

41.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

42.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid a total of $35,000,000 in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is

approved by the Court, and if the Final Settlement Date occurs, the "Net Settlement Amount" (that is, the Settlement Fund less (i) any Tax Expenses; (ii) any Notice and Administration Expenses; and (iii) any attorneys' fees and expenses awarded to Plaintiffs' Counsel or Lead Plaintiff by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other Plan of Allocation as the Court may approve.

43.   The Net Settlement Amount will not be distributed unless and until the Court has approved the Settlement and a Plan of Allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

44.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Amount, or the Plan of Allocation.

45.   Approval of the Settlement is independent from approval of a Plan of Allocation.  Any determination about a Plan of Allocation will not affect the Settlement, if approved.

46.   Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before September 2, 2020 shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a member of the Class and be subject to the provisions of the Settlement Agreement, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Released Class Claims (as defined in ¶ 35 above) against the Releasees (as defined in ¶ 36 above) and will be barred and enjoined from prosecuting any of the Released Class Claims against any of the Releasees whether or not such Class Member submits a Claim Form.

47.   Participants in, and beneficiaries of, any Schein employee-benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in a Schein common stock held through the ERISA Plan in any Claim Form that they submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Schein common stock during the Class Period may be made by the plan's trustees.

48.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

49.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

50.   Only members of the Class will be eligible to share in the distribution of the Net Settlement Amount. Persons and entities that are excluded from the Class by definition or that request exclusion from the Class will not be eligible for a payment and should not submit Claim Forms.  The only security that is included in the Settlement is Schein common stock.

## PROPOSED PLAN OF ALLOCATION

51.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Amount to those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Amount.

52.    For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the Schein common stock.  In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the period from March 7, 2013 through February 12, 2018, inclusive, which had the effect of artificially inflating the price of Schein common stock.  Lead Plaintiff further alleges that corrective information was released to the market on November 6, 2017 and on February 12, 2018 (after the close of trading), which removed the artificial inflation from the price of Schein common stock on November 6, 2017 and February 13, 2018.  (Lead Plaintiff had also alleged that disclosures on August 8, 2017 constituted corrective information, but the Court dismissed the Complaint's allegations as to those disclosures.)

53.    In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amount of artificial inflation in the price of Schein common stock allegedly caused by Defendants' allegedly false and misleading statements and material omissions.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in the stock in reaction to the public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes on that day that were attributable to market or industry forces.  The Plan of Allocation does not consider price changes following the August 2017 disclosures alleged in the Complaint, because the Court dismissed claims relating to that date.  In addition, the amount of artificial inflation considered to have been removed from the price of Schein common stock on November 6, 2017 has been reduced by 90% as a result of the Court's partial dismissal of the loss-causation allegations related to that alleged corrective disclosure and to account for other difficulties that the Class would face in establishing that the alleged misstatements were responsible for the abnormal price decline on that date (*i.e.*, Defendants' argument that the disclosure of two lawsuits on that date did not occur until after the stock price had already dropped following Schein's issuance of its earnings release).

54.    Recognized Loss Amounts for transactions in Schein common stock are calculated under the Plan of Allocation based primarily on the difference in the amount of alleged artificial inflation in the price of Schein common stock at the time of purchase and the time of sale or the difference between the actual purchase price and sale price.  In order to have a Recognized Loss Amount, a Class Member who purchased Schein common stock during the Class Period must have held his, her, or its shares through at least the close of trading on November 5, 2017, and Class Members who purchased Schein common stock on or after November 6, 2017 must have held those shares through at least the close of trading on February 12, 2018.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

55.    Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of Schein common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, the Recognized Loss Amount for that transaction will be zero.

56.    For each share of Schein common stock purchased during the period from March 7, 2013 through November 5, 2017, inclusive, and

　　a)  sold on or before November 5, 2017, the Recognized Loss Amount is zero;

b)  sold from November 6, 2017 through February 12, 2018, the Recognized Loss Amount is **the lesser of:** (i) $0.73 per share; or (ii) the purchase price per share *less* the sales price per share;

c)  sold from February 13, 2018 through the close of trading on May 11, 2018, the Recognized Loss Amount is **the least of:** (i) $5.47; (ii) the purchase price per share *less* the sales price per share, or (iii) the purchase price per share *less* the average closing price per share applicable to the date of sale as found in Table A at the end of this Notice; or

d)  held at the end of trading on May 11, 2018, the Recognized Loss Amount is **the lesser of:** (i) $5.47 per share; or (ii) the purchase price per share *less* $69.28.[4]

57.   For each share of Schein common stock purchased during the period from November 6, 2017 through February 12, 2018, inclusive, and

a)  sold before the close of trading on February 12, 2018, the Recognized Loss Amount is zero;

b)  sold from February 13, 2018 through the close of trading on May 11, 2018, the Recognized Loss Amount is **the least of:** (i) $4.74; (ii) the purchase price per share *less* the sales price per share, or (iii) the purchase price per share *less* the average closing price per share applicable to the date of sale as found in Table A at the end of this Notice; or

c)  held at the end of trading on May 11, 2018, the Recognized Loss Amount is **the lesser of:** (i) $4.74 per share; or (ii) the purchase price per share *less* $69.28.

58.   Schein common stock experienced a 2-for-1 stock split on September 15, 2017.  The per-share prices and Recognized Loss Amount values listed above in ¶ 56 and ¶ 57 and in Table A are based on the price and number of Schein shares after giving effect to the September 2017 stock split.  Claimants' submitted transactions will be adjusted for this 2-for-1 stock split before calculation of Recognized Loss Amounts.  Specifically, share amounts before September 15, 2017 will be multiplied by two, and per-share purchase/acquisition and sale prices before September 15, 2017 will be divided by two.

### ADDITIONAL PROVISIONS

59.   The Net Settlement Amount will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 68 below) is $10.00 or greater.

60.   **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above for all purchases of Schein common stock during the Class Period.

61.   **FIFO Matching:**  If a Class Member made more than one purchase/acquisition or sale of Schein common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings of Schein common stock at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

62.   **"Purchase/Sale" Dates:**  Purchases and sales of Schein common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  "Purchases" eligible under the Settlement and this Plan of Allocation include all purchases or other acquisitions of Schein common stock in

---

[4]  Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  The average (mean) closing price of Schein common stock during the 90-day look-back period from February 13, 2018 through May 11, 2018, inclusive, was $69.28.

exchange for value and are not limited to purchases made on or through a stock exchange, as long as the purchase is adequately documented.  However, the receipt or grant by gift, inheritance, or operation of law of Schein common stock during the Class Period shall not be deemed a purchase or sale for the calculation of a Claimant's Recognized Loss Amount; nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of the stock unless (i) the donor or decedent purchased the Schein common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, the decedent, or anyone else as to those shares.

63.  **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase of the Schein common stock.  The date of a "short sale" is deemed to be the date of sale of the Schein common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

64.  If a Claimant has an opening short position in Schein common stock, the earliest purchases or acquisitions of Schein common stock during the Class Period will be matched against such opening short position, and will not be entitled to a recovery, until that short position is fully covered.

65.  **Shares Purchased/Sold Through the Exercise of Options:**  Option contracts are not securities eligible to participate in the Settlement.  For shares of Schein common stock purchased or sold through the exercise of an option, the purchase/sale date of the Schein common stock is the exercise date of the option, and the purchase/sale price is the exercise price of the option.

66.  **Market Gains and Losses:**  The Claims Administrator will determine whether the Claimant had a "Market Gain" or a "Market Loss" on his, her, or its overall transactions in Schein common stock during the Class Period.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[5] and (ii) the sum of the Claimant's Total Sales Proceeds[6] and the Claimant's Holding Value.[7]  If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

67.  If a Claimant had a Market Gain from his, her, or its overall transactions in Schein common stock, the value of the Claimant's Recognized Claim will be zero, and the Claimant will not be eligible to receive a payment in the Settlement, but will nonetheless be bound by the Settlement.  If a Claimant suffered an overall Market Loss from his, her, or its overall transactions in Schein common stock but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

68.  **Determination of Distribution Amount:**  The Net Settlement Amount will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant.  That Distribution Amount shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Amount.

---

[5]  The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all Schein common stock purchased or acquired during the Class Period.

[6]  The Claims Administrator shall match any sales of Schein common stock during the Class Period first against the Claimant's opening position in Schein common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting any fees, taxes, and commissions) for sales of the remaining Schein common stock sold during the Class Period is the "Total Sales Proceeds."

[7]  The Claims Administrator shall ascribe a "Holding Value" of $67.39 per share of Schein common stock purchased during the Class Period that was still held as of the close of trading on February 12, 2018.

69.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

70.    After the initial distribution of the Net Settlement Amount, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain after the initial distribution, and if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining is not cost-effective, the remaining balance will be contributed to one or more nonsectarian, not-for-profit, § 501(c)(3) organizations to be recommended by Lead Counsel and approved by the Court.

71.    Payment pursuant to the proposed Plan of Allocation, or such other Plan of Allocation as may be approved by the Court, will be conclusive against all Claimants.  No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Settlement Agreement, the Plan of Allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Amount, any Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

72.    The Plan of Allocation set forth herein is the plan that Lead Plaintiff, after consultation with its damages expert, is proposing to the Court for approval.  The Court may approve this plan as proposed, or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.HSICSecuritiesLitigation.com.

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

73.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class; nor have Plaintiffs' Counsel been paid for their litigation expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.  Lead Counsel has a retention agreement with Lead Plaintiff that provides for a contingency fee to be awarded to Lead Counsel after notice to the class and approval by the Court.  The retention agreement between Lead Plaintiff and Lead Counsel also provides that Klausner Kaufman, additional fiduciary counsel for Lead Plaintiff, will work together with Lead Counsel on this action, and Lead Counsel will compensate Klausner Kaufman for that work from the total attorneys' fees that the Court approves.  Klausner Kaufman will be compensated in an amount commensurate with its efforts in this litigation. At the same time as its motion for attorneys' fees, Lead Counsel also intends to apply for payment of litigation expenses paid or incurred by Plaintiffs' Counsel in an amount not to exceed $200,000, and for the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Class, pursuant to the PSLRA, in an amount not to exceed $25,000.  The Court will determine the amount of any award of attorneys' fees and expenses to Plaintiffs' Counsel or any PSLRA Award to Lead Plaintiff.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members will not be personally liable for any such fees or expenses.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF? |
|---|

74.    Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class, addressed to *In re Henry Schein, Inc. Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217.  The Request for Exclusion must be *received* no **later than August 26, 2020**. You will not be able to exclude yourself from the Class after that date.  A potential Class Member's request for exclusion must include the following information:  (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) email address, if available, (*v*) a statement that the potential Class Member wishes to request exclusion from the Class in *In re Henry Schein, Inc. Securities Litigation*, Master File No. 1:18-cv-01428-MKB-VMS, (*vi*) the number of shares of Schein common stock held as of opening of trading on March 7, 2013 and purchased or otherwise acquired and/or sold during the Class Period, (*vii*) price(s) paid or value at receipt, and, if sold, the sales price(s), (*viii*) the date of each such transaction involving each such security, and (*ix*) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

75.    If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Class Claim against any of the Releasees.

76.    If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Amount.

77.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

| WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO PARTICIPATE IN THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT? |
|---|

78.    **Class Members do not need to participate in the Fairness Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not speak at or otherwise observe the hearing.  You can participate in the Settlement without attending the Fairness Hearing.**

79.    **Please Note:** The date and time of the Fairness Hearing may change without further written notice to the Class.   In addition, the recent outbreak of the Coronavirus (COVID-19) is a fluid situation that creates the possibility that the Court may decide to conduct the Fairness Hearing by telephonic conference, or otherwise allow both counsel for the Parties and Class Members to appear at the hearing by phone, without further written notice to the Class.  **In order to determine whether the date and time of the Fairness Hearing have changed, or whether Class Members must or may participate by phone, you should monitor the Court's docket and the Settlement website, www.HSICSecuritiesLitigation.com, before making any plans to attend the Fairness Hearing in person.  Any updates regarding the Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.HSICSecuritiesLitigation.com.  Also, if the Court requires or allows Class Members to participate in the Fairness Hearing by telephone, the phone number for accessing the telephonic conference will be posted to the website.**

80.    The Fairness Hearing will be held on **September 16, 2020 at 11:00 a.m.**, before the Honorable Margo K. Brodie either in-person at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, Courtroom 6F, or by telephone, to determine, among other things, (i) whether

the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Class, Lead Plaintiff should be certified as Class Representative for the Class, and Lead Counsel should be appointed as Class Counsel for the Class; (iii) whether the Action should be dismissed with prejudice against Defendants and whether the Releases specified and described in the Settlement Agreement (and in this Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; (v) whether Lead Counsel's motion for attorneys' fees and litigation expenses and Lead Plaintiff's motion for costs and expenses should be approved; and (vi) any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to certify the Class; approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and litigation expenses; and/or consider any other matter related to the Settlement at or after the Fairness Hearing without further notice to the members of the Class.

81.   Any Class Member who does not request exclusion may object to the Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and expenses, or Lead Plaintiff's application for expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of New York at the address set forth below **on or before August 26, 2020**.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before August 26, 2020**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court Eastern District of New York 225 Cadman Plaza East Brooklyn, NY 11201 | **Bernstein Litowitz Berger & Grossmann LLP** James A. Harrod, Esq. 1251 Avenue of the Americas 44th Floor New York, NY 10020 | **Proskauer Rose LLP** Jonathan E. Richman, Esq. Eleven Times Square New York, NY 10036 |

You must also *email* the objection and any supporting papers on or before August 26, 2020 to settlements@blbglaw.com and to jerichman@proskauer.com.

82.   Any objection must state the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection, and shall state whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class.  In addition to the reason(s) for the objection, an objection must also include the name and docket number of this case (*In re Henry Schein, Inc. Securities Litigation*, Master File No. 1:18-cv-01428-MKB-VMS) and the following information about the Class Member:  (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) email address, if available, (*v*) number of shares of Schein common stock held as of opening of trading on March 7, 2013 and purchased or otherwise acquired and/or sold during the Class Period, (*vi*) price(s) paid or value at receipt, and, if sold, the sales price(s), (*vii*) the date of each such transaction involving each such security, and (*viii*) account statements verifying all such transactions.  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses if you exclude yourself from the Class or if you are not a member of the Class.

83.   You may file a written objection without having to speak at the Fairness Hearing.  You may not, however, speak at the Fairness Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

84.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and expenses, and if you have timely filed and served a written objection as described above, you must also file a notice of appearance with

the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶ 81 above so that it is *received* **on or before August 26, 2020**.  Persons who intend to object and present evidence at the Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

85.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Fairness Hearing.  However, if you decide to hire an attorney, you may do so at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 81 above so that the notice is *received* **on or before August 26, 2020**.

86.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and expenses.  Class Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval of the proposed Settlement.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

87.    If you purchased or otherwise acquired Schein common stock during the period from March 7, 2013 through February 12, 2018, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within fourteen (14) calendar days after receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and then, within fourteen (14) calendar days after receipt of those Notice Packets, forward them to all such beneficial owners; or (ii) within fourteen (14) calendar days after receipt of this Notice, provide a list of the names, addresses, and email addresses (if available) of all such beneficial owners to *In re Henry Schein, Inc. Securities Litigation*, c/o A.B. Data, Ltd., Attn: Fulfillment Dept., P.O. Box 173098, Milwaukee, WI 53217, or info@HSICSecuritiesLitigation.com.  If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.HSICSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-888-210-5486, or by emailing the Claims Administrator at info@HSICSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

88.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you should review the papers on file in the Action, including the Settlement Agreement, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201.  Additionally, copies of the Settlement Agreement and any related orders entered by the Court will be posted on the Settlement website, www.HSICSecuritiesLitigation.com.

Case 1:18-cv-01428-MKB-VMS   Document 81-3   Filed 08/12/20   Page 26 of 49 PageID #: 3768

All inquiries concerning this Notice and the Claim Form should be directed to:

| *In re Henry Schein, Inc.* | and/or | James A. Harrod, Esq. |
|:---:|:---:|:---:|
| *Securities Litigation* | | Bernstein Litowitz Berger |
| c/o A.B. Data, Ltd. | | & Grossmann LLP |
| P.O. Box 173098 | | 1251 Avenue of the Americas, 44th Floor |
| Milwaukee, WI 53217 | | New York, NY 10020 |
| | | |
| 1-888-210-5486 | | 1-800-380-8496 |
| info@HSICSecuritiesLitigation.com | | settlements@blbglaw.com |
| www.HSICSecuritiesLitigation.com | | |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: May 29, 2020

By Order of the Court
United States District Court
Eastern District of New York

**Table A**

**Henry Schein Common Stock Closing Price and Average Closing Price**
**February 13, 2018 – May 11, 2018**

| Date | Closing Price | Average Closing Price Between February 13, 2018 and Date Shown | Date | Closing Price | Average Closing Price Between February 13, 2018 and Date Shown |
|---|---|---|---|---|---|
| 2/13/2018 | $67.39 | $67.39 | 3/29/2018 | $67.21 | $67.03 |
| 2/14/2018 | $68.43 | $67.91 | 4/2/2018 | $65.83 | $66.99 |
| 2/15/2018 | $68.38 | $68.07 | 4/3/2018 | $66.84 | $66.99 |
| 2/16/2018 | $69.52 | $68.43 | 4/4/2018 | $68.51 | $67.03 |
| 2/20/2018 | $67.97 | $68.34 | 4/5/2018 | $67.82 | $67.05 |
| 2/21/2018 | $68.68 | $68.40 | 4/6/2018 | $66.78 | $67.05 |
| 2/22/2018 | $67.97 | $68.33 | 4/9/2018 | $66.87 | $67.04 |
| 2/23/2018 | $68.05 | $68.30 | 4/10/2018 | $69.34 | $67.10 |
| 2/26/2018 | $67.69 | $68.23 | 4/11/2018 | $69.07 | $67.15 |
| 2/27/2018 | $67.21 | $68.13 | 4/12/2018 | $69.72 | $67.21 |
| 2/28/2018 | $66.19 | $67.95 | 4/13/2018 | $68.98 | $67.25 |
| 3/1/2018 | $63.44 | $67.58 | 4/16/2018 | $69.94 | $67.32 |
| 3/2/2018 | $65.19 | $67.39 | 4/17/2018 | $71.02 | $67.40 |
| 3/5/2018 | $66.04 | $67.30 | 4/18/2018 | $70.93 | $67.48 |
| 3/6/2018 | $66.03 | $67.21 | 4/19/2018 | $69.75 | $67.53 |
| 3/7/2018 | $67.13 | $67.21 | 4/20/2018 | $69.07 | $67.56 |
| 3/8/2018 | $67.13 | $67.20 | 4/23/2018 | $73.79 | $67.69 |
| 3/9/2018 | $68.43 | $67.27 | 4/24/2018 | $73.83 | $67.82 |
| 3/12/2018 | $67.85 | $67.30 | 4/25/2018 | $74.49 | $67.95 |
| 3/13/2018 | $68.04 | $67.34 | 4/26/2018 | $76.25 | $68.11 |
| 3/14/2018 | $68.30 | $67.38 | 4/27/2018 | $76.80 | $68.28 |
| 3/15/2018 | $67.99 | $67.41 | 4/30/2018 | $76.00 | $68.43 |
| 3/16/2018 | $68.05 | $67.44 | 5/1/2018 | $76.87 | $68.58 |
| 3/19/2018 | $67.83 | $67.46 | 5/2/2018 | $76.59 | $68.73 |
| 3/20/2018 | $65.72 | $67.39 | 5/3/2018 | $75.02 | $68.84 |
| 3/21/2018 | $65.67 | $67.32 | 5/4/2018 | $75.55 | $68.96 |
| 3/22/2018 | $65.93 | $67.27 | 5/7/2018 | $76.27 | $69.08 |
| 3/23/2018 | $64.59 | $67.17 | 5/8/2018 | $71.08 | $69.12 |
| 3/26/2018 | $65.54 | $67.12 | 5/9/2018 | $71.58 | $69.16 |
| 3/27/2018 | $65.08 | $67.05 | 5/10/2018 | $72.62 | $69.22 |
| 3/28/2018 | $66.27 | $67.02 | 5/11/2018 | $72.94 | $69.28 |