# Supplemental Exhibit 5A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB (JSC) **CLASS ACTION** |
| This Document Relates To: Securities Actions<br>*City of St. Clair Shores*, 15-1228 (E.D. Va.)<br>*Travalio*, 15-7157 (D.N.J.)<br>*George Leon Family Trust*, 15-7283 (D.N.J.)<br>*Charter Twp. of Clinton*, 15-13999 (E.D. Mich.)<br>*Wolfenbarger*, 15-326 (E.D. Tenn.) | |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of California (the "Court"), if you purchased or otherwise acquired Volkswagen Aktiengesellschaft ("VWAG") Ordinary American Depositary Receipts (CUSIP: 928662303) ("VWAG Ordinary ADRs") and/or VWAG Preferred American Depositary Receipts (CUSIP: 928662402) ("VWAG Preferred ADRs") (collectively, "VWAG ADRs") from November 19, 2010 through January 4, 2016, inclusive (the "Class Period"), and were allegedly damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff, Arkansas State Highway Employees' Retirement System ("ASHERS" or "Lead Plaintiff"), and named plaintiff Miami Police Relief and Pension Fund ("Miami Police," and together with ASHERS, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 26 below), have reached a proposed settlement of the Action for $48,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact any of the Defendants in the Action or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 91 below).**

    1.  **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors in VWAG ADRs alleging, among other things, that Defendants VWAG, Volkswagen Group of America, Inc. ("VWGoA"), Volkswagen Group of America, Inc. d/b/a Volkswagen of America, Inc. ("VWoA"), Audi of America, Inc. ("AoA"), and three of their officers and directors (the "Individual Defendants")[2] violated the federal securities laws by making false and misleading statements regarding Volkswagen's business. A more detailed description of the Action is set forth in ¶¶ 11-25 below. If the Court approves the proposed Settlement, the Action will be dismissed and members of the Settlement Class (as defined in ¶ 26 below) will settle and release all Released Plaintiffs' Claims (as defined in ¶ 37 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 38 below).

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 27, 2018 (the "Stipulation"), which is available at www.VolkswagenADRLitigation.com.

[2] The "Individual Defendants" are Martin Winterkorn ("Winterkorn"), VWAG's former CEO, Michael Horn ("Horn"), the former CEO of VWGoA, and Herbert Diess ("Diess"), a member of VWAG's Management Board. VWAG, VWGoA, VWoA, AoA, and the Individual Defendants are collectively referred to as the "Defendants." The corporate Defendants in the Action, VWAG, VWGoA, VWoA, and AoA, are collectively referred to as "Volkswagen" or "VW."

**Questions? Visit www.VolkswagenADRLitigation.com, Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

2.  **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $48,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (vi) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in ¶¶ 53-72 below.

3.  **Estimate of Average Amount of Recovery Per VWAG Ordinary ADR and VWAG Preferred ADR:** Plaintiffs' damages expert estimates that the conduct alleged in the Action affected approximately 34,300,000 VWAG Ordinary ADRs and approximately 8,300,000 VWAG Preferred ADRs purchased during the Class Period. Assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) will be approximately $1.10 per eligible VWAG Ordinary ADR and approximately $1.24 per eligible VWAG Preferred ADR. **Settlement Class Members should note, however, that the foregoing average recoveries per eligible VWAG Ordinary ADR and eligible VWAG Preferred ADR are only estimates and assume all Settlement Class Members have the same amount of losses under the Plan of Allocation.** Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and the price at which they purchased/acquired VWAG ADRs, whether they sold their VWAG ADRs, and the total number and value of valid Claims submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* ¶¶ 53-72 below) or such other plan of allocation as may be ordered by the Court.

4.  **The Parties Disagree on the Average Amount of Damages Per VWAG Ordinary ADR and VWAG Preferred ADR; Plaintiffs' Estimate of Aggregate Damages to the Settlement Class:** The Parties do not agree on the average amount of damages per VWAG Ordinary ADR and VWAG Preferred ADR that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with, and expressly dispute, the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their alleged conduct. Nevertheless, based on the amounts of per-ADR inflation reflected in the Plan of Allocation, Plaintiffs' best estimate is that, if they were able to prevail in the Action, they would be able to recover a maximum of approximately $115,900,000 for all eligible VWAG Ordinary ADRs and a maximum of approximately $31,500,000 for all eligible VWAG Preferred ADRs, on behalf of the Settlement Class. Accordingly, the aggregate damages corresponding to the inflation amounts in the Plan of Allocation are approximately $147,400,000, and the Settlement reflects a recovery of approximately 33% for the Settlement Class on that basis.

These estimates are based on publicly available information concerning trading in VWAG ADRs and Plaintiffs' damages expert's calculations of the estimated amount of alleged artificial inflation in the per-security closing price of VWAG ADRs during the Class Period. Defendants do not agree with and dispute these estimates and dispute that the Settlement Class would be entitled to any recovery. Indeed, Plaintiffs faced significant risks in proving loss causation and damages. These risks include that: there may not have been any recoverable damages in reaction to the initial disclosure of Volkswagen's use of "defeat devices" on September 18, 2015; and all of the subsequent disclosure events that allegedly caused declines in the prices of the VWAG ADRs did not reveal any previously unknown information about Defendants' alleged misstatements – they only reflected the materialization of previously known risks – and might not have resulted in any damages.

5.  **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, who have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for: (i) an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund (net of Court-approved Litigation Expenses); (ii) reimbursement of Litigation Expenses incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $500,000; and (iii) reimbursement of reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in an amount not to exceed $50,000 in total. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. If the Court approves Lead Counsel's fee and expense application, the estimated average cost per eligible VWAG Ordinary ADR will be approximately $0.28 and the estimated average cost per eligible VWAG Preferred ADR will be approximately $0.32. **Please note that these amounts are only estimates.**

**Questions? Visit www.VolkswagenADRLitigation.com,
Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

V5482 v.08 12.12.2018

2

6. **Identification of Attorneys' Representatives:** Plaintiffs and the Settlement Class are represented by James A. Harrod, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Court-appointed Claims Administrator at: Volkswagen ADR Litigation, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 4390, Portland, OR 97208-4390, 1-888-738-3759, info@VolkswagenADRLitigation.com, www.VolkswagenADRLitigation.com.

7. **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED* **NO LATER THAN APRIL 18, 2019.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (as defined in ¶ 37 below) that you have against Defendants and the other Defendants' Releasees (as defined in ¶ 38 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS** *RECEIVED* **NO LATER THAN APRIL18, 2019.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS** *FILED OR POSTMARKED* **NO LATER THAN APRIL 18, 2019.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON MAY 10, 2019 AT 10:00 A.M., AND MAIL OR FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS** *FILED OR POSTMARKED* **NO LATER THAN APRIL 26, 2019.** | Filing a written objection and notice of intention to appear by April 26, 2019 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**Questions? Visit www.VolkswagenADRLitigation.com,
Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

V5483 v.08 12.12.2018

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ................................................................................................Page 4

What Is This Case About? ...................................................................................................Page 5

How Do I Know If I Am Affected By The Settlement?
Who Is Included In The Settlement Class? ...................................................................Page 7

What Are Plaintiffs' Reasons For The Settlement? ...................................................................Page 7

What Might Happen If There Were No Settlement? ..................................................................Page 8

How Are Settlement Class Members Affected By The Action And The Settlement? .............................Page 8

How Do I Participate In The Settlement? What Do I Need To Do?...........................................................Page 10

How Much Will My Payment Be? What Is The Proposed Plan Of Allocation? .......................................Page 10

What Payment Are The Attorneys For The Settlement Class Seeking?
How Will The Lawyers Be Paid?.......................................................................................Page 14

What If I Do Not Want To Be A Member Of The Settlement Class?
How Do I Exclude Myself? ............................................................................................Page 15

When And Where Will The Court Decide Whether To Approve The Settlement?
Do I Have To Come To The Hearing? May I Object To The Settlement And
Speak At The Hearing If I Don't Like The Settlement? .....................................................Page 15

What If I Bought VWAG ADRs On Someone Else's Behalf? ...................................................Page 17

Can I See The Court File? Whom Should I Contact If I Have Questions? ...............................................Page 17

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired VWAG ADRs during the Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* ¶¶ 79-80 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process will take some time to complete.

**Questions? Visit www.VolkswagenADRLitigation.com,
Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

V5484 v.08 12.12.2018

4

## WHAT IS THIS CASE ABOUT?

11. The Action involves allegations that, during the period from November 19, 2010 through January 4, 2016, inclusive, Defendants made misrepresentations and omissions about, among other things, a key element of Volkswagen's business: its vehicles' compliance with emissions regulations in the United States and other countries. In particular, Plaintiffs allege that Defendants violated the federal securities laws by failing to disclose that Volkswagen sold approximately 585,000 diesel vehicles in the United States and millions of diesel vehicles in other countries that were equipped with illegal "defeat devices." VWAG has admitted that the defeat devices caused the vehicles to emit nitrogen oxide ("NOx"), a regulated pollutant, at levels that complied with U.S. emissions regulations when the vehicles were being tested for regulatory compliance, but caused the vehicles to emit NOx at much higher levels that violated U.S. emissions regulations when the vehicles were being driven in normal road conditions.

12. In September 2015, a class action complaint, styled *City of St. Clair Shores Police and Fire Ret. Sys. v. Volkswagen AG, et al.*, Case No. 15-CV-1228-LMB-TCB, was filed in the United States District Court for the Eastern District of Virginia alleging violations of the federal securities laws on behalf of investors in VWAG ADRs against VWAG, VWGoA, VWoA, AoA, the Individual Defendants, and certain other current or former VWGoA employees. Several related securities class action complaints on behalf of investors in VWAG ADRs were filed in the United States District Courts for the Eastern District of Virginia, the District of New Jersey, the Eastern District of Michigan, and the Eastern District of Tennessee in September 2015–November 2015.

13. In December 2015, the United States Judicial Panel on Multidistrict Litigation ordered that the VWAG ADR class actions be transferred to the United States District Court for the Northern District of California (the "Court").

14. In January 2016, the Court consolidated the VWAG ADR class actions, appointed ASHERS as Lead Plaintiff for the Action, and approved ASHERS' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Action.

15. In May 2016, Plaintiffs filed a Consolidated Securities Class Action Complaint (the "First Consolidated Complaint"). The First Consolidated Complaint asserted securities fraud claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission Rule 10b-5 against Defendants VWAG, VWGoA, VWoA, AoA, Winterkorn, and Diess, as well as claims under Section 20(a) of the Exchange Act against Defendants Winterkorn, Diess, Horn, and another former VWGoA employee. The First Consolidated Complaint alleged that, during the Class Period, Defendants made repeated misrepresentations and omissions about Volkswagen's vehicles' compliance with emissions regulations in the United States and other countries. In particular, the First Consolidated Complaint alleged that Defendants violated the federal securities laws by failing to disclose that Volkswagen sold approximately 585,000 diesel vehicles in the United States and millions of diesel vehicles in other countries that were equipped with illegal "defeat devices," and by representing to the public that VW diesel vehicles complied with U.S. emissions regulations and were "environmentally friendly." The First Consolidated Complaint also alleged that VWAG's financial statements failed to properly record contingent liabilities related to the emissions-cheating scheme. The First Consolidated Complaint further alleged that the prices of VWAG ADRs were artificially inflated during the Class Period as a result of those misrepresentations and omissions, and that the prices fell sharply when the truth began to be revealed in September 2015.

16. In August 2016, Defendants filed motions to dismiss the First Consolidated Complaint. In October 2016, Plaintiffs filed their omnibus opposition to Defendants' motions to dismiss, and in November 2016, Defendants filed their replies in further support of their motions to dismiss. In December 2016, the Court heard oral argument on Defendants' motions to dismiss the First Consolidated Complaint.

17. In January 2017, the Court entered an Order granting in part and denying in part Defendants' motions to dismiss the First Consolidated Complaint. The Court dismissed, without prejudice, the claims with respect to VWAG's financial statements, the claims under Section 20(a) of the Exchange Act against Defendants Diess and Horn, and the claims against the other former VWGoA employee. In all other respects, the Court denied Defendants' motions to dismiss.

18. In February 2017, Plaintiffs filed a First Amended Consolidated Securities Class Action Complaint (the "Amended Complaint" or "Complaint"). The Amended Complaint asserts claims under Section 10(b) of the Exchange Act and Rule 10b-5 against Defendants VWAG, VWGoA, VWoA, AoA, Winterkorn and Diess, and under Section 20(a) of the Exchange Act against Defendants VWAG, Winterkorn, Diess, and Horn. The Amended Complaint generally identifies the same allegedly false and misleading statements as in the First Consolidated Complaint, specifically concerning Volkswagen's vehicles' compliance with U.S. emissions regulations in the United States and other countries, that the diesel vehicles' were "environmentally friendly," and VWAG's allegedly misstated financial statements due to the emissions-cheating scheme. The Complaint's allegations provided additional details

V5485 v.08 12.12.2018

**Questions? Visit www.VolkswagenADRLitigation.com,
Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

5

and information based on VWAG's admissions that the defeat devices caused the affected U.S. vehicles to emit NOx, a regulated pollutant, at levels that complied with U.S. emissions regulations when the vehicles were being tested for regulatory compliance, but caused such vehicles to emit NOx at much higher levels that violated U.S. emissions regulations when the vehicles were being driven in normal road conditions, as well as additional details concerning the Individual Defendants' alleged knowledge of or reckless disregard for the impact of the emissions-cheating scheme on Volkswagen and its financial statements.

19. In March 2017, Defendants filed motions to dismiss the Amended Complaint. In May 2017, Plaintiffs filed their omnibus opposition to Defendants' motions to dismiss, and in June 2017, Defendants filed their replies in further support of their motions to dismiss. Later in June 2017, the Court heard oral arguments on Defendants' motions to dismiss the Amended Complaint.

20. In late June 2017, the Court entered an Order granting in part and denying in part Defendants' motions to dismiss the Amended Complaint. The Court dismissed, with prejudice, the claims with respect to VWAG's financial statements issued before May 2014, the claims against Defendant Diess with respect to VWAG's third quarter 2015 financial statements, and the claims against Diess under Section 20(a) of the Exchange Act. In all other respects, the Court denied Defendants' motions to dismiss.

21. In March 2017, Plaintiffs filed a motion for partial summary judgment, arguing that VWAG's guilty plea in the U.S. District Court for the Eastern District of Michigan, where it pleaded guilty to three felonies related to its diesel emissions-cheating scheme, established as a matter of law that certain of the alleged false statements at issue in the Action were knowingly false. After motion practice, where Defendants first obtained an order staying further briefing and proceedings related to Plaintiffs' summary judgment motion while their motions to dismiss the Amended Complaint were pending, Defendants filed their brief opposing the summary judgment motion in August 2017. Plaintiffs filed their reply in support of the motion in September 2017. In December 2017, the Court issued an Order granting Plaintiffs' motion for partial summary judgment with respect to one of the statements and denying the motion with respect to the other statements.

22. Discovery in the Action commenced in August 2017. The Parties served initial disclosures under Fed. R. Civ. P. 26(a)(1), served and responded to interrogatories, served document requests, and engaged in extensive correspondence and numerous meet and confers over search terms and custodians for their respective document searches and productions. While most discovery disputes were resolved by agreement of the Parties, a number of disputes were presented to the Court, including Plaintiffs' request for access to the documents produced by Defendants in the related multidistrict litigation ("MDL") cases, which the Court denied; Plaintiffs' motions to compel the Volkswagen Defendants to produce certain documents concerning European Union emissions standards and the "acoustic function" technology, which the Court granted; Plaintiffs' motion to compel Defendants to produce the list of document custodians from the MDL cases and documents from custodians in addition to those agreed by Defendants, which the Court granted in part and denied in part; and Defendants' motion to compel Plaintiffs to search document custodians in addition to those agreed by Plaintiffs, which the Court denied. Plaintiffs also filed an unopposed motion to depose two former VWGoA employees who are in federal prison, which the Court granted. In connection with discovery, approximately 50 custodians were negotiated by the Parties and more than 4 million pages of documents were produced by Defendants, including documents from approximately 50 custodians negotiated by the Parties. Review of the documents produced in discovery was underway at the time the Settlement was reached.

23. Through the exchange of information concerning both damages and the merits of the case, counsel for Plaintiffs and Defendants engaged in a series of arm's-length negotiations pursuant to which the Parties reached an agreement in principle to settle and release all claims against Defendants in the Action in return for a cash payment of $48,000,000 to be paid by VWAG on behalf of all Defendants for the benefit of the Settlement Class, subject to the execution of a formal stipulation and agreement of settlement and related papers.

24. On August 27, 2018, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement. The Stipulation can be viewed at www.VolkswagenADRLitigation.com.

25. On November 28, 2018, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

**Questions? Visit www.VolkswagenADRLitigation.com,
Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

V5486 v.08 12.12.2018

6

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

26. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities in the U.S. or elsewhere who purchased or otherwise acquired VWAG Ordinary American Depositary Receipts (CUSIP: 928662303) and/or VWAG Preferred American Depositary Receipts (CUSIP: 928662402) from November 19, 2010 through January 4, 2016, inclusive (the "Class Period"), and who were allegedly damaged thereby.

Excluded from the Settlement Class are: (i) Defendants; (ii) any person who was an Officer or director of VWAG, VWGoA, VWoA, or AoA during the Class Period; (iii) the Immediate Family Members of all individual persons excluded in (i) or (ii); (iv) the parents, subsidiaries, and affiliates of VWAG, VWGoA, VWoA, or AoA; (v) any entity in which any person or entity excluded in (i), (ii), (iii) or (iv) has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, heirs, affiliates, successors, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are any persons or entities who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" on page 15 below. For the avoidance of doubt, VWAG ordinary and preferred shares are not eligible Settlement Class securities, and purchases or other acquisitions of those securities do not establish membership in the Settlement Class.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN *POSTMARKED* NO LATER THAN APRIL 18, 2019.**

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

27. Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit, as indicated by the Court's grant of partial summary judgment for Plaintiffs and by Lead Counsel's review and analysis of both publicly available information and VW documents produced in discovery. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. To develop a complete evidentiary record, Plaintiffs would have to seek testimony from current and former VWAG employees located in Germany, where civil plaintiffs' right to obtain pretrial discovery is significantly more limited than in the United States. To prevail at trial, Plaintiffs would be required to prove not only that Defendants' statements about VW vehicles' compliance with emissions regulations were false, but also that Defendants knew that their statements were false when made or were reckless in making the statements, and that the revelation of the truth about Defendants' false and misleading statements caused declines in the prices of VWAG ADRs. In addition, Plaintiffs would have to establish the amount of Class-wide damages.

28. Defendants would have had substantial arguments to make concerning each of these issues. For example, Defendants would have argued that many of the alleged misstatements they made were immaterial because they vaguely referred to VW's "environmental friendliness" without referring to compliance with emissions regulations. Defendants also would have argued that Plaintiffs could not prove intent to defraud, or "scienter," because VW's senior management, including the Individual Defendants, did not know about the emissions-related misconduct. In addition, Defendants would have argued that the declines in VWAG's ADR prices were not caused by revelations that VW vehicles contained defeat devices, and that, even if some portion of the declines was caused by these revelations, any resulting damages to Plaintiffs and the Settlement Class were small. Had any of these arguments been accepted in whole or in part, they could have eliminated or, at a minimum, drastically limited any potential recovery.

29. Further, in order to obtain any recovery for the Class, Plaintiffs would have to prevail at several stages, including class certification, summary judgment, and trial, and even if they prevailed at those stages, would then have to prevail on the appeals that were likely to follow. Thus, there were significant risks attendant to the continued prosecution of the Action, and there was no guarantee that further litigation would have resulted in a higher recovery, or any recovery at all.

V5487 v.08 12.12.2018

**Questions? Visit www.VolkswagenADRLitigation.com,
Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

7

30. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $48,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery or no recovery after summary judgment, trial, and appeals, possibly years in the future.

31. Defendants have denied all claims asserted against them in the Action, including any claim that damages were suffered by any members of the Settlement Class, and have also denied having engaged in any wrongdoing or violation of law of any kind whatsoever, except as stated in VWAG's plea agreement in the separate criminal case described in ¶ 21 above. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

32. If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

33. As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" on page 15 below.

34. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" on page 15 below.

35. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" on page 15 below.

36. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in ¶ 37 below) on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the Defendants' Releasees (as defined in ¶ 38 below), and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees. This Release shall not apply to any Excluded Plaintiffs' Claims.

37. "Released Plaintiffs' Claims" means any and all claims, debts, demands, rights, and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorney's fees, expert, or consulting fees, and any other costs, expenses, or liability whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, whether class or individual in nature, that Plaintiffs or any other member of the Settlement Class: (i) asserted in the Complaint, or (ii) could have asserted in any forum that concern, arise out of, relate to, involve, or are based upon any of the allegations, circumstances, events, transactions, facts, matters, representations, or omissions involved, set forth, or

**Questions? Visit www.VolkswagenADRLitigation.com,**
**Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

V5488 v.08 12.12.2018

8

referred to in the Complaint and that relate to the purchase, acquisition, or ownership of VWAG ADRs during the Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who submits a request for exclusion that is accepted by the Court ("Excluded Plaintiffs' Claims").

38. "Defendants' Releasees" means Defendants, together with their past, present, or future affiliates, divisions, joint ventures, assigns, assignees, direct or indirect parents or subsidiaries, controlling shareholders, successors, predecessors, and entities in which a Defendant has a controlling interest, and each of their past, present, or future officers, directors, agents, employees, partners, attorneys, controlling shareholders, advisors, investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers), and Immediate Family Members, and the legal representatives, heirs, successors in interest, or assigns of any of the foregoing.

39. "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

40. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶ 41 below) on behalf of the respective Defendant in such capacity only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 42 below), and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against Plaintiffs or any of the other Plaintiffs' Releasees.

41. "Released Defendants' Claims" means any and all claims, debts, demands, rights, and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorney's fees, expert, or consulting fees, and any other costs, expenses, or liability whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

42. "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, all other Settlement Class Members, and their respective attorneys, together with their past, present, or future affiliates, divisions, joint ventures, assigns, assignees, direct or indirect parents or subsidiaries, controlling shareholders, successors, predecessors, and entities in which a Settlement Class Member has a controlling interest, and each of their past, present, or future officers, directors, agents, employees, partners, attorneys, controlling shareholders, trusts, trustees, advisors, investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers), and Immediate Family Members, and the legal representatives, heirs, successors in interest, or assigns of any of the foregoing.

**Questions? Visit www.VolkswagenADRLitigation.com,**
**Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

V5489 v.08 12.12.2018

9

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

43. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked no later than April 18, 2019***. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.VolkswagenADRLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-888-738-3759 or by emailing the Claims Administrator at info@VolkswagenADRLitigation.com. Please retain all records of your ownership of and transactions in VWAG ADRs, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE? WHAT IS THE PROPOSED PLAN OF ALLOCATION?

44. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

45. Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid $48,000,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claims, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

46. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

47. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf is entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

48. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

49. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form ***postmarked*** **on or before April 18, 2019** shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 37 above) against Defendants and the other Defendants' Releasees (as defined in ¶ 38 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants or the other Defendants' Releasees, whether or not such Settlement Class Member submits a Claim.

50. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

51. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim.

52. Only Settlement Class Members or persons authorized to submit Claims on their behalf will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities who are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claims.

### PROPOSED PLAN OF ALLOCATION

53. The Plan of Allocation is not a formal damage analysis. Rather, the objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made under the Plan of Allocation are not intended to

**Questions? Visit www.VolkswagenADRLitigation.com,**
**Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

V54810 v.08 12.12.2018

10

be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations under the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

54. In developing the Plan of Allocation, Plaintiffs' damages expert calculated the estimated amounts of alleged artificial inflation in the per-ADR closing prices of VWAG Ordinary ADRs and VWAG Preferred ADRs, which allegedly were proximately caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Plaintiffs' damages expert considered (i) price changes in VWAG Ordinary ADRs and VWAG Preferred ADRs due to certain allegedly materially false and misleading public announcements and other representations and omissions, adjusting for price changes that were attributable to market, industry, or currency forces; (ii) price changes in VWAG Ordinary ADRs and VWAG Preferred ADRs in reaction to certain public announcements and other statements and events regarding Volkswagen in which the alleged misrepresentations and omissions were alleged to have been revealed to the market, adjusting for price changes that were attributable to market, industry, or currency forces; (iii) the allegations in the Complaint; and (iv) the evidence developed in support of those allegations, as advised by Lead Counsel. The estimated alleged artificial inflation in VWAG Ordinary ADRs is shown in Table A, and the estimated alleged artificial inflation in VWAG Preferred ADRs is shown in Table B, both attached at the end of this Notice.

55. In order to have recoverable damages, the alleged misrepresentations or omissions must be the cause of the decline in the price of the VWAG Ordinary ADRs and/or the VWAG Preferred ADRs. In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the period from November 19, 2010 through and including the close of trading on January 4, 2016, which had the effect of artificially inflating the prices of VWAG Ordinary ADRs and VWAG Preferred ADRs. Alleged corrective disclosures removed alleged artificial inflation from the prices of VWAG Ordinary ADRs and VWAG Preferred ADRs on September 18, 2015 (VWAG Ordinary ADRs only), September 21, 2015, September 22, 2015, September 25, 2015, October 2, 2015, October 15, 2015, November 2, 2015, and January 5, 2016.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

56. Based on the formulas in ¶¶ 57 and 58 below, a "Recognized Loss Amount" or "Recognized Gain Amount" will be calculated for each purchase or acquisition of VWAG Ordinary ADRs or VWAG Preferred ADRs during the Class Period that is listed in the Proof of Claim Form and for which adequate documentation is provided.[3] As further explained in ¶ 59 below, for VWAG ADRs purchased or otherwise acquired during the period from November 19, 2010 through and including the close of trading on April 30, 2014, the Recognized Loss Amounts and Recognized Gain Amounts calculated under ¶¶ 57 and 58 will be reduced by 50 percent (or one-half).

57. For each <u>VWAG Ordinary ADR</u> purchased or otherwise acquired during the period from November 19, 2010 through and including the close of trading on January 4, 2016, and

    (a)    Sold during the period from November 19, 2010 through and including the close of trading on January 4, 2016, a "Recognized Amount" will be calculated, which will be ***the lesser of***: (i) the amount of alleged artificial inflation per VWAG Ordinary ADR on the date of purchase/acquisition as stated in Table A attached to the end of this Notice ***minus*** the amount of alleged artificial inflation per VWAG Ordinary ADR on the date of the sale as stated in Table A; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) ***minus*** the sale price (excluding all fees, taxes, and commissions). If the Recognized Amount calculated under the preceding sentence is a positive number, that amount will be the "Recognized Loss Amount" for such VWAG Ordinary ADRs; if the Recognized Amount calculated under the preceding sentence is a negative number or zero, that amount will the "Recognized Gain Amount" for such VWAG Ordinary ADRs.[4]

    (b)    Sold during the period from January 5, 2016 through and including the close of trading on April 1, 2016, a Recognized Loss Amount will be calculated, which will be ***the least of***: (i) the amount of alleged artificial inflation per VWAG Ordinary ADR on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) ***minus*** the sale price (excluding all fees, taxes, and commissions); or (iii) the purchase/acquisition price

---

[3] Any transactions in VWAG Ordinary ADRs or VWAG Preferred ADRs executed outside regular trading hours for the U.S. financial markets will be deemed to have occurred during the next regular trading session.

[4] For purposes of determining the "lesser" of two negative values under ¶ 57(a), the value closest to zero will be deemed to be the "lesser" value. In addition, "Recognized Gain Amounts" calculated under ¶ 57(a) will be expressed as positive values for purposes of determining a Claimant's Recognized Claim under the Plan of Allocation.

**Questions? Visit www.VolkswagenADRLitigation.com,
Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

V54811 v.08 12.12.2018

(excluding all fees, taxes, and commissions) *minus* the average closing price for VWAG Ordinary ADRs between January 5, 2016 and the date of sale as stated in Table C attached to the end of this Notice. If the Recognized Loss Amount calculated under the preceding sentence is a negative number or zero, that amount will be zero.

(c)     Held as of the close of trading on April 1, 2016, a Recognized Loss Amount will be calculated, which will be *the lesser of*: (i) the amount of alleged artificial inflation per VWAG Ordinary ADR on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* $27.48. [5] If the Recognized Loss Amount calculated under the preceding sentence is a negative number or zero, that amount will be zero.

58.  For each VWAG Preferred ADR purchased or otherwise acquired during the period from November 19, 2010 through and including the close of trading on January 4, 2016, and

(a)     Sold during the period from November 19, 2010 through and including the close of trading on January 4, 2016, a "Recognized Amount" will be calculated, which will be *the lesser of*: (i) the amount of alleged artificial inflation per VWAG Preferred ADR on the date of purchase/acquisition as stated in Table B attached to the end of this Notice *minus* the amount of alleged artificial inflation per VWAG Preferred ADR on the date of the sale as stated in Table B; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* the sale price (excluding all fees, taxes, and commissions). If the Recognized Amount calculated under the preceding sentence is a positive number, that amount will be the "Recognized Loss Amount" for such VWAG Preferred ADRs; if the Recognized Amount calculated under the preceding sentence is a negative number or zero, that amount will the "Recognized Gain Amount" for such VWAG Preferred ADRs.[6]

(b)     Sold during the period from January 5, 2016 through and including the close of trading on April 1, 2016, a Recognized Loss Amount will be calculated, which will be *the least of*: (i) the amount of alleged artificial inflation per VWAG Preferred ADR on the date of purchase/acquisition as stated in Table B; (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* the sale price (excluding all fees, taxes, and commissions); or (iii) the purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* the average closing price for VWAG Preferred ADRs between January 5, 2016 and the date of sale as stated in Table D attached to the end of this Notice. If the Recognized Loss Amount calculated under the preceding sentence is a negative number or zero, that amount will be zero.

(c)     Held as of the close of trading on April 1, 2016, a Recognized Loss Amount will be calculated, which will be *the lesser of*: (i) the amount of alleged artificial inflation per VWAG Preferred ADR on the date of purchase/acquisition as stated in Table B; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* $24.25. [7] If the Recognized Loss Amount calculated under the preceding sentence is a negative number or zero, that amount will be zero.

59.  In this case, Plaintiffs initially alleged that Defendants issued false statements and omitted material facts from November 19, 2010 through January 4, 2016, inclusive (the alleged Class Period) that artificially inflated the prices of VWAG Ordinary ADRs and VWAG Preferred ADRs. The Court, in its June 28, 2017 Order Granting In Part and Denying In Part Defendants' Motions to Dismiss the First Amended Consolidated Securities Class Action Complaint (ECF No. 3392), however, permanently dismissed Plaintiffs' allegations concerning Defendants' alleged failure to record a provision or disclose a contingent liability in VWAG's financial statements for the period before May 2014, on the basis that Plaintiffs' scienter allegations concerning the period prior to May 2014 were inadequate. This dismissal removed a category of allegedly false statements and a theory of liability for the portion of the Class Period prior to May 2014 and reflected a more generalized risk to Plaintiffs' ability to prove scienter for the portion of

---

[5] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of VWAG ADRs during the "90-day look-back period," January 5, 2016 through and including the close of trading on April 1, 2016. The mean (average) closing price for VWAG Ordinary ADRs during this 90-day look-back period was $27.48.

[6] For purposes of determining the "lesser" of two negative values under ¶ 58(a), the value closest to zero will be deemed to be the "lesser" value. In addition, "Recognized Gain Amounts" calculated under ¶ 58(a) will be expressed as positive values for purposes of determining a Claimant's Recognized Claim under the Plan of Allocation.

[7] As explained in footnote 5 above, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of the security during the 90-day look-back period, January 5, 2016 through and including the close of trading on April 1, 2016. The mean (average) closing price for VWAG Preferred ADRs during this 90-day look-back period was $24.25.

**Questions? Visit www.VolkswagenADRLitigation.com,**
**Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

V54812 v.08 12.12.2018

the Class Period prior to May 2014 on all of their remaining claims. To account for the significant risks on the portion of the claims relating to purchases or acquisitions prior to May 2014, for VWAG ADRs purchased or otherwise acquired during the period from <u>November 19, 2010 through and including the close of trading on April 30, 2014</u>, the Recognized Loss Amounts and Recognized Gain Amounts calculated under ¶¶ 57 and 58 above will be reduced by 50 percent (or one-half).

**ADDITIONAL PROVISIONS**

60. **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of VWAG Ordinary ADRs and/or VWAG Preferred ADRs during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis for each respective security. Class Period sales will be matched first against any holdings of that security at the beginning of the Class Period, and then against purchases/acquisitions of that security in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

61. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of VWAG ADRs will be deemed to have occurred on the "contract" or "trade" date, as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of VWAG ADRs during the Class Period will not be deemed a purchase or acquisition of VWAG ADRs for the calculation of an Authorized Claimant's Recognized Loss or Gain Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any VWAG ADRs unless: (i) the donor or decedent purchased or otherwise acquired the VWAG ADRs during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to the VWAG ADRs; and (iii) it is specifically provided in the instrument of gift or assignment that the receipt or grant be deemed an assignment of all claims relating to the purchase/acquisition of the VWAG ADRs.

62. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the VWAG ADRs. The date of a "short sale" is deemed to be the date of sale of the VWAG ADRs. Under the Plan of Allocation, however, the Recognized Loss or Gain Amount on "short sales" is zero and the purchases covering "short sales" is zero.

63. In the event that a Claimant has an opening short position in VWAG ADRs, the earliest purchases or acquisitions of like VWAG ADRs during the Class Period will be matched against such opening short position in the respective security, and not be entitled to a recovery, until that short position is fully covered.

64. **Option Contracts:** Option contracts are not securities eligible to participate in the Settlement. With respect to VWAG ADRs purchased or sold through the exercise of an option, the purchase/sale date of the VWAG ADR is the exercise date of the option, and the purchase/sale price of the VWAG ADR is the exercise price of the option.

65. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" under the Plan of Allocation will be the sum of the Claimant's Recognized Loss Amounts *minus* the sum of the Claimant's Recognized Gain Amounts, unless that calculation results in a negative number (or zero), in which case the Claimant's Recognized Claim under the Plan of Allocation will be zero.

66. **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in VWAG ADRs during the Class Period.

67. For purposes of determining whether a Claimant had a "Market Gain" with respect to his, her, or its overall transactions in VWAG ADRs during the Class Period or suffered a "Market Loss," the Claims Administrator will determine the difference between (i) the Claimant's Total Purchase Amount[8] and (ii) the sum of the Claimant's Total Sales Proceeds[9] and the Claimant's Holding Value.[10] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and Holding Value is a positive number, that number will be the Claimant's "Market Loss"; if the number is a negative number or zero, that number will be the Claimant's "Market Gain."

---

[8] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all VWAG Ordinary ADRs and/or VWAG Preferred ADRs purchased/acquired during the Class Period.

[9] The Claims Administrator shall match any sales of VWAG Ordinary ADRs and/or VWAG Preferred ADRs during the Class Period first against the Claimant's opening position in the like security (the proceeds of those sales will not be considered for purposes of calculating Market Gains or Market Losses). The total amount received (excluding all fees, taxes, and commissions) for sales of the remaining VWAG ADRs sold during the Class Period is the "Total Sales Proceeds."

[10] The Claims Administrator will ascribe a "Holding Value" of (i) $28.34 to each VWAG Ordinary ADR purchased/acquired during the Class Period that was still held as of the close of trading on January 4, 2016 and (ii) $26.16 to each VWAG Preferred ADR purchased/acquired during the Class Period that was still held as of the close of trading on January 4, 2016.

**Questions? Visit www.VolkswagenADRLitigation.com,**
**Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

V54813 v.08 12.12.2018

13

68. To the extent a Claimant had an overall Market Gain with respect to his, her, or its overall transactions in VWAG ADRs during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. To the extent that a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in VWAG ADRs during the Class Period, but that Market Loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss, and the Claimant will in any event be bound by the Settlement.

69. **Calculation of "Distribution Amount":** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to the Authorized Claimant.

70. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a second distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for the second distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from the second distribution. Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on the additional distributions may occur if Lead Counsel, in consultation with the Claims Administrator, determines that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for the additional distributions, would be cost-effective. When Lead Counsel, in consultation with the Claims Administrator, determines that the further distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to the Investor Protection Trust, a nonprofit organization devoted to investor education.

71. Payment in accordance with the Plan of Allocation, or another plan of allocation approved by the Court, will be conclusive against all Authorized Claimants. No person will have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, will have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection with the foregoing.

72. The Plan of Allocation presented in this Notice is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert. The Court may approve this Plan of Allocation as proposed, or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.VolkswagenADRLitigation.com.

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

73. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund (net of Court-approved Litigation Expenses). At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses incurred by Plaintiffs' Counsel in an amount not to exceed $500,000, and for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in an aggregate amount not to exceed $50,000.

74. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

**Questions? Visit www.VolkswagenADRLitigation.com, Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

V54814 v.08 12.12.2018

14

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

75. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails a written Request for Exclusion from the Settlement Class, addressed to Volkswagen ADR Litigation, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 4390, Portland, OR 97208-4390. The exclusion request must be *received* **no later than April 18, 2019**. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation – Securities Actions*, MDL No. 2672 CRB (JSC)"; (iii) state (a) the number of VWAG Ordinary ADRs and/or VWAG Preferred ADRs that the person or entity requesting exclusion owned as of the opening of trading on November 19, 2010, and (b) the number of VWAG Ordinary ADRs and/or VWAG Preferred ADRs that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.*, from November 19, 2010 through January 4, 2016, inclusive), as well as the dates, number of VWAG ADRs, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

76. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants or the other Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against any of the Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

77. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

78. VWAG has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and VWAG.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I OBJECT TO THE SETTLEMENT AND SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

79. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.** Please note: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. You should monitor the Court's docket and the Settlement website, www.VolkswagenADRLitigation.com, before making plans to attend the Settlement Hearing. You may also confirm the date and time of the Settlement Hearing by contacting Lead Counsel.

80. The Settlement Hearing will be held on May 10, 2019, at 10:00 a.m., before the Honorable Charles R. Breyer at the United States District Court for the Northern District of California, Courtroom 6 of the Phillip Burton Federal Building & U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

81. You can ask the Court to deny approval of the Settlement by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the proposed Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

82. You may object to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses in writing. As described further below, you may also appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. Any Settlement Class Member who does not request

**Questions? Visit www.VolkswagenADRLitigation.com,**
**Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

exclusion may object. Your objection and supporting papers must clearly identify the case name and action number, *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation – Securities Actions*, MDL No. 2672 CRB (JSC). You must file any written objection, together with copies of all other papers and briefs supporting the objection, by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, at the address set forth below, or by filing them in person at any location of the United States District Court for the Northern District of California. Any objections must be ***filed or postmarked*** **on or before April 18, 2019**.

United States District Court
Northern District of California
Class Action Clerk
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

83.   Any objection (i) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (ii) must state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iii) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (iv) must include documents sufficient to prove membership in the Settlement Class, consisting of documents showing the number of VWAG Ordinary ADRs and/or VWAG Preferred ADRs that the objector (a) owned as of the opening of trading on November 19, 2010, and (b) purchased/acquired and/or sold during the Class Period (*i.e.*, from November 19, 2010 through January 4, 2016, inclusive), as well as the dates, number of VWAG ADRs, and prices for each such purchase/acquisition and sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

84. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

85.  You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file a written objection in accordance with the procedures described above, unless the Court orders otherwise.

86. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file a written objection as described above, you must also mail a notice of appearance to the Class Action Clerk, United States District Court for the Northern District of California, at the address set forth in ¶ 82 above, or file it in person at any location of the United States District Court for the Northern District of California. Any notice of appearance must be ***filed or postmarked*** **on or before April 26, 2019**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

87.  You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must mail a notice of appearance to the Class Action Clerk, United States District Court for the Northern District of California, at the address set forth in ¶ 82 above, or file it in person at any location of the United States District Court for the Northern District of California. Any notice of appearance by an attorney must be ***filed or postmarked*** **on or before April 26, 2019**.

88. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

V54816 v.08 12.12.2018

**Questions? Visit www.VolkswagenADRLitigation.com,
Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

16

89. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval**.

## WHAT IF I BOUGHT VWAG ADRs ON SOMEONE ELSE'S BEHALF?

90. If you purchased or otherwise acquired VWAG Ordinary ADRs (CUSIP: 928662303) and/or VWAG Preferred ADRs (CUSIP: 928662402) from November 19, 2010 through January 4, 2016, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.VolkswagenADRLitigation.com, by calling the Claims Administrator toll-free at 1-888-738-3759, or by emailing the Claims Administrator at info@VolkswagenADRLitigation.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

91. This Notice summarizes the proposed Settlement. For more detailed information about the terms and conditions of the Settlement, and other matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be reviewed by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court, United States District Court for the Northern District of California, Phillip Burton Federal Building & U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.VolkswagenADRLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| Volkswagen ADR Litigation | and/or | James A. Harrod, Esq. |
| c/o Epiq Class Action & Claims Solutions, Inc. | | BERNSTEIN LITOWITZ BERGER |
| P.O. Box 4390 | | & GROSSMANN LLP |
| Portland, OR 97208-4390 | | 1251 Avenue of the Americas, 44th Floor |
| 1-888-738-3759 | | New York, NY 10020 |
| info@VolkswagenADRLitigation.com | | 1-800-380-8496 |
| www.VolkswagenADRLitigation.com | | settlements@blbglaw.com |

**PLEASE DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE, THE SETTLEMENT, OR THE CLAIMS PROCESS.**

Dated: December 19, 2018                    By Order of the Court
                                            United States District Court
                                            Northern District of California

**Questions? Visit www.VolkswagenADRLitigation.com,
Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

V54817 v.08 12.12.2018

17

**TABLE A**

**Estimated VWAG Ordinary ADR Alleged Artificial Inflation**
**from November 19, 2010 to January 4, 2016**

| Transaction Date | Inflation Per Ordinary ADR |
|---|---|
| November 19, 2010 – January 2, 2011 | $1.22 |
| January 3, 2011 – January 2, 2012 | $2.85 |
| January 3, 2012 – January 1, 2013 | $4.97 |
| January 2, 2013 – January 1, 2014 | $7.72 |
| January 2, 2014 – January 1, 2015 | $10.81 |
| January 2, 2015 – September 17, 2015 | $13.54 |
| September 18, 2015 – September 20, 2015 | $13.27 |
| September 21, 2015 | $8.28 |
| September 22, 2015 – September 24, 2015 | $5.27 |
| September 25, 2015 – October 1, 2015 | $3.47 |
| October 2, 2015 – October 14, 2015 | $2.41 |
| October 15, 2015 – November 1, 2015 | $0.95 |
| November 2, 2015 – January 4, 2016 | $0.47 |

**TABLE B**

**Estimated VWAG Preferred ADR Alleged Artificial Inflation**
**from November 19, 2010 to January 4, 2016**

| Transaction Date | Inflation Per Preferred ADR |
|---|---|
| November 19, 2010 – January 2, 2011 | $1.30 |
| January 3, 2011 – January 2, 2012 | $3.05 |
| January 3, 2012 – January 1, 2013 | $5.32 |
| January 2, 2013 – January 1, 2014 | $8.26 |
| January 2, 2014 – January 1, 2015 | $11.56 |
| January 2, 2015 – September 20, 2015 | $14.48 |
| September 21, 2015 | $8.91 |
| September 22, 2015 – September 24, 2015 | $4.74 |
| September 25, 2015 – October 1, 2015 | $2.86 |
| October 2, 2015 – October 14, 2015 | $1.70 |
| October 15, 2015 – November 1, 2015 | $0.31 |
| November 2, 2015 – January 4, 2016 | $0.21 |

**Questions? Visit www.VolkswagenADRLitigation.com,**
**Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

V54818 v.08 12.12.2018

18

**TABLE C**

**VWAG Ordinary ADR Closing Prices and Average Closing Prices**
**January 5, 2016 – April 1, 2016**

| Date | Closing Price | Average Closing Price Between January 5, 2016 and Date Shown | Date | Closing Price | Average Closing Price Between January 5, 2016 and Date Shown |
|------|--------------|-----------------------------------|------|--------------|-----------------------------------|
| 1/5/2016 | $28.34 | $28.34 | 2/19/2016 | $26.11 | $26.62 |
| 1/6/2016 | $28.14 | $28.24 | 2/22/2016 | $26.99 | $26.63 |
| 1/7/2016 | $26.85 | $27.78 | 2/23/2016 | $26.61 | $26.63 |
| 1/8/2016 | $27.31 | $27.66 | 2/24/2016 | $26.09 | $26.61 |
| 1/11/2016 | $27.85 | $27.70 | 2/25/2016 | $25.91 | $26.59 |
| 1/12/2016 | $27.88 | $27.73 | 2/26/2016 | $26.51 | $26.59 |
| 1/13/2016 | $27.93 | $27.76 | 2/29/2016 | $27.42 | $26.61 |
| 1/14/2016 | $27.80 | $27.76 | 3/1/2016 | $28.41 | $26.66 |
| 1/15/2016 | $26.43 | $27.61 | 3/2/2016 | $29.15 | $26.72 |
| 1/19/2016 | $26.49 | $27.50 | 3/3/2016 | $29.71 | $26.79 |
| 1/20/2016 | $25.86 | $27.35 | 3/4/2016 | $30.23 | $26.88 |
| 1/21/2016 | $26.90 | $27.31 | 3/7/2016 | $29.40 | $26.94 |
| 1/22/2016 | $27.20 | $27.31 | 3/8/2016 | $27.99 | $26.96 |
| 1/25/2016 | $26.51 | $27.25 | 3/9/2016 | $28.67 | $27.00 |
| 1/26/2016 | $27.21 | $27.25 | 3/10/2016 | $28.16 | $27.02 |
| 1/27/2016 | $27.11 | $27.24 | 3/11/2016 | $29.17 | $27.07 |
| 1/28/2016 | $26.84 | $27.21 | 3/14/2016 | $28.57 | $27.10 |
| 1/29/2016 | $26.42 | $27.17 | 3/15/2016 | $28.46 | $27.13 |
| 2/1/2016 | $26.21 | $27.12 | 3/16/2016 | $29.34 | $27.17 |
| 2/2/2016 | $25.59 | $27.04 | 3/17/2016 | $29.36 | $27.21 |
| 2/3/2016 | $25.77 | $26.98 | 3/18/2016 | $29.08 | $27.25 |
| 2/4/2016 | $25.94 | $26.93 | 3/21/2016 | $29.00 | $27.28 |
| 2/5/2016 | $26.42 | $26.91 | 3/22/2016 | $29.80 | $27.33 |
| 2/8/2016 | $25.34 | $26.85 | 3/23/2016 | $28.95 | $27.36 |
| 2/9/2016 | $24.90 | $26.77 | 3/24/2016 | $28.45 | $27.38 |
| 2/10/2016 | $24.94 | $26.70 | 3/28/2016 | $28.40 | $27.40 |
| 2/11/2016 | $25.14 | $26.64 | 3/29/2016 | $28.49 | $27.42 |
| 2/12/2016 | $25.00 | $26.58 | 3/30/2016 | $29.05 | $27.44 |
| 2/16/2016 | $26.37 | $26.57 | 3/31/2016 | $28.98 | $27.47 |
| 2/17/2016 | $27.41 | $26.60 | 4/1/2016 | $28.25 | $27.48 |
| 2/18/2016 | $27.63 | $26.64 | | | |

**Questions? Visit www.VolkswagenADRLitigation.com,**
**Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

V54819 v.08 12.12.2018

19

**TABLE D**

**VWAG Preferred ADR Closing Prices and Average Closing Prices**
**January 5, 2016 – April 1, 2016**

| Date | Closing Price | Average Closing Price Between January 5, 2016 and Date Shown | Date | Closing Price | Average Closing Price Between January 5, 2016 and Date Shown |
|---|---|---|---|---|---|
| 1/5/2016 | $26.16 | $26.16 | 2/19/2016 | $22.68 | $23.68 |
| 1/6/2016 | $25.59 | $25.87 | 2/22/2016 | $23.52 | $23.67 |
| 1/7/2016 | $24.79 | $25.51 | 2/23/2016 | $22.90 | $23.65 |
| 1/8/2016 | $24.90 | $25.36 | 2/24/2016 | $22.06 | $23.60 |
| 1/11/2016 | $25.82 | $25.45 | 2/25/2016 | $22.04 | $23.56 |
| 1/12/2016 | $26.08 | $25.56 | 2/26/2016 | $22.62 | $23.53 |
| 1/13/2016 | $25.90 | $25.61 | 2/29/2016 | $23.16 | $23.52 |
| 1/14/2016 | $25.51 | $25.59 | 3/1/2016 | $24.60 | $23.55 |
| 1/15/2016 | $24.25 | $25.44 | 3/2/2016 | $25.20 | $23.59 |
| 1/19/2016 | $23.98 | $25.30 | 3/3/2016 | $25.56 | $23.64 |
| 1/20/2016 | $22.99 | $25.09 | 3/4/2016 | $26.45 | $23.71 |
| 1/21/2016 | $24.00 | $25.00 | 3/7/2016 | $25.81 | $23.76 |
| 1/22/2016 | $24.52 | $24.96 | 3/8/2016 | $24.05 | $23.76 |
| 1/25/2016 | $23.82 | $24.88 | 3/9/2016 | $24.87 | $23.79 |
| 1/26/2016 | $24.45 | $24.85 | 3/10/2016 | $24.50 | $23.80 |
| 1/27/2016 | $24.01 | $24.80 | 3/11/2016 | $25.35 | $23.84 |
| 1/28/2016 | $23.85 | $24.74 | 3/14/2016 | $25.17 | $23.86 |
| 1/29/2016 | $23.27 | $24.66 | 3/15/2016 | $25.15 | $23.89 |
| 2/1/2016 | $23.10 | $24.58 | 3/16/2016 | $25.64 | $23.93 |
| 2/2/2016 | $22.40 | $24.47 | 3/17/2016 | $25.98 | $23.97 |
| 2/3/2016 | $22.76 | $24.39 | 3/18/2016 | $25.99 | $24.00 |
| 2/4/2016 | $22.60 | $24.31 | 3/21/2016 | $26.13 | $24.04 |
| 2/5/2016 | $22.84 | $24.24 | 3/22/2016 | $26.30 | $24.09 |
| 2/8/2016 | $21.90 | $24.14 | 3/23/2016 | $25.94 | $24.12 |
| 2/9/2016 | $21.61 | $24.04 | 3/24/2016 | $25.73 | $24.15 |
| 2/10/2016 | $21.91 | $23.96 | 3/28/2016 | $25.64 | $24.17 |
| 2/11/2016 | $21.51 | $23.87 | 3/29/2016 | $25.70 | $24.20 |
| 2/12/2016 | $21.46 | $23.78 | 3/30/2016 | $25.57 | $24.22 |
| 2/16/2016 | $22.45 | $23.74 | 3/31/2016 | $25.41 | $24.24 |
| 2/17/2016 | $23.23 | $23.72 | 4/1/2016 | $24.59 | $24.25 |
| 2/18/2016 | $23.33 | $23.71 | | | |

**Questions? Visit www.VolkswagenADRLitigation.com,**
**Call 1-888-738-3759, or Email Info@VolkswagenADRLitigation.com**

V54820 v.08 12.12.2018

20