# Supplemental Exhibit 7A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE CTI BIOPHARMA CORP. SECURITIES LITIGATION | Case No. 2:16-cv-00216-RSL |
| | Hon. Robert S. Lasnik |
| | **CLASS ACTION** |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Western District of Washington (the "Court"), if, during the period from March 9, 2015 through February 9, 2016, inclusive (the "Class Period"), you purchased or otherwise acquired any shares of the common stock of CTI BioPharma Corp. ("CTI"), CTI Series N-1 Preferred Stock, or CTI Series N-2 Preferred Stock, other than shares of such securities that traded on an exchange outside the United States (collectively, the "CTI Securities"), and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff, DAFNA LifeScience, LP and DAFNA LifeScience Select, LP ("Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in ¶ 22 below), has reached a proposed settlement of the Action for $20,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact CTI, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 86 below).**

1.    **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that CTI BioPharma Corp. ("CTI" or the "Company") and its then-CEO James A. Bianco made materially false statements and misleading omissions concerning CTI's drug candidate, pacritinib, and the results of a clinical trial of pacritinib.  A more detailed description of the Action and identification of the additional Defendants is set forth in paragraphs 11-21 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 22 below.

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated September 15, 2017 (the "Stipulation"), which is available at www.CTIBioPharmaSecuritiesSettlement.com.

2.    **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $20,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 9-12 below.

3.    **Estimate of Average Amount of Recovery Per Share:**  Based on an expert's estimate of the number of CTI Securities purchased during the Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs) is $0.13 per eligible share of CTI common stock (including shares of common stock converted from CTI Series N-1 or Series N-2 Preferred Stock).[2]  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate that depends on necessary assumptions.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, which CTI Securities they purchased, when and at what prices they purchased/acquired or sold their CTI Securities, and the total number of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 9-12 below) or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 20% of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $200,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  The estimate of the average cost per affected share, if the Court approves Lead Counsel's fee and expense application, is $0.03 per eligible share of CTI common stock.

6.    **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Settlement Class are represented by David R. Stickney, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San Diego, CA 92130, (800) 380-8496, blbg@blbglaw.com.

7.    **Reasons for the Settlement:**  Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against Defendants' ability to pay a judgment and the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

---

[2] After the end of the Class Period, in January 2017, CTI common stock had a 1-for-10 reverse stock split, meaning that for every ten shares of CTI common stock the shareholder owned before the split, the shareholder now owned one share.  The per-share recovery estimate listed above is based on the number of CTI common shares prior to the split.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN FEBRUARY 20, 2018.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 31 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 32 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION NO LATER THAN JANUARY 11, 2018.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION NO LATER THAN JANUARY 11, 2018.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON FEBRUARY 1, 2018 AT 8:30 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR NO LATER THAN JANUARY 11, 2018.** | Filing a written objection and notice of intention to appear by January 11, 2018 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? ...................................................................................................................................Page 4
What Is This Case About? ....................................................................................................................................Page 4
How Do I Know If I Am Affected By The Settlement?
  Who Is Included In The Settlement Class?........................................................................................................Page 5
What Are Lead Plaintiff's Reasons For The Settlement? ....................................................................................Page 6
What Might Happen If There Were No Settlement? .............................................................................................Page 6
How Are Settlement Class Members Affected By The Action
  And The Settlement?..........................................................................................................................................Page 6
How Do I Participate In The Settlement?  What Do I Need To Do?.....................................................................Page 8
How Much Will My Payment Be?........................................................................................................................Page 8
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid?.......................................................................................................................Page 12
What If I Do Not Want To Be A Member Of The Settlement Class?
  How Do I Exclude Myself?................................................................................................................................Page 13
When And Where Will The Court Decide Whether To Approve The Settlement?
  Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
  Don't Like The Settlement?................................................................................................................................Page 13
What If I Bought Shares On Someone Else's Behalf?..........................................................................................Page 15
Can I See The Court File?  Whom Should I Contact If I Have Questions?...........................................................Page 15

| WHY DID I GET THIS NOTICE? |
|---|

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired CTI common stock, CTI Series N-1 Preferred Stock, or CT Series N-2 Preferred Stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 77 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11.    CTI is a biopharmaceutical company whose stock trades on the NASDAQ stock exchange under the ticker symbol "CTIC."  During the Class Period, one of CTI's drug candidates was "pacritinib," a treatment for myelofibrosis, a type of blood-related cancer.  In the Action, Plaintiffs allege that Defendants made material misstatements and misleading omissions about pacritinib, including in offering documents for CTI Series N-1 Preferred Stock and CTI Series N-2 Preferred Stock, and that persons who purchased CTI Securities during the Class Period were injured when the truth was revealed.

The Defendants are CTI BioPharma Corp. ("CTI" or the "Company"); James A. Bianco, Louis A. Bianco, Jack W. Singer, Frederick W. Telling, Reed V. Tuckson, Phillip M. Nudelman, John H. Bauer, Karen Ignagni, Richard L. Love, and Mary O. Mundinger (collectively, the "Individual Defendants" and, together with CTI, the "CTI Defendants"); and defendants Piper Jaffray & Co., Landenburg Thalmann & Co. Inc., Roth Capital Partners, LLC, and National Securities Corporation (collectively, the "Underwriter Defendants," and, together with the CTI Defendants, the "Defendants").

12.    On February 10, 2016, a securities class action complaint alleging claims against CTI and the Individual Defendants was filed in the United States District Court for the Southern District of New York, styled *Ahrens v. CTI BioPharma Corp.*, No. 1:16-cv-01044-PAE ("*Ahrens*").  On February 12, 2016, a securities class action complaint alleging substantially identical claims was filed in the Western District of Washington, styled *McGlothin v. CTI BioPharma Corp.*, No. 2:16-cv-00216-RSL ("*McGlothin*").

13.    On May 19, 2016, the Southern District of New York granted the CTI Defendants' unopposed motion to transfer *Ahrens* to the Western District of Washington, and on June 13, 2016, the Western District of Washington entered an order consolidating *Ahrens* and *McGlothin* and ordering that the consolidated action be recaptioned as *In re CTI BioPharma Corp. Securities Litigation*, No. 16-cv-216-RSL.

14.    Following a hearing on August 25, 2016, the Court appointed DAFNA LifeScience, LP and DAFNA LifeScience Select, LP as Lead Plaintiff for the consolidated action; and approved Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class.

15.    On November 8, 2016, Lead Plaintiff and additional plaintiff Michael Li filed and served the Consolidated Class Action Complaint (the "Complaint").  The Complaint asserts claims under Section 11 of the Securities Act of 1933 (the "Securities Act") against CTI, the Individual Defendants and the Underwriter Defendants; claims under Section 12(a)(2) of the Securities Act against the Underwriter Defendants; and claims under Section 15 of the Securities Act against James A. Bianco.  The Complaint alleges, among other things, that the Offering Materials issued by Defendants in connection

with the October 2015 offering of CTI Series N-1 Preferred Stock and the December 2015 offering of CTI Series N-2 Preferred Stock contained materially false statements and misleading omissions concerning pacritinib and the results of a Phase III trial of that drug.

16.    The Complaint also asserts claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against CTI and James Bianco; and claims under Section 20(a) of the Exchange Act against James Bianco.  The Complaint alleges that CTI and James Bianco made additional misstatements and material omissions concerning pacritinib during investor conferences and in press releases and that CTI and James Bianco made the false statements and omissions with scienter.  The Complaint further alleges the truth concealed by Defendants' misstatements and omissions was revealed on February 8 and 9, 2016 when CTI disclosed that the FDA had placed a partial hold and hold on clinical trials of pacritinib due to safety concerns, which caused the price of CTI's securities to drop significantly.

17.    On January 9, 2017, Defendants filed and served their motions to dismiss the Complaint.  On February 6, 2017, Lead Plaintiff filed and served its opposition to Defendants' motions and, on February 22, 2017, Defendants filed and served their reply papers.

18.    The Parties participated in two in-person mediation sessions with Jed D. Melnick of JAMS, an experienced mediator.  In advance of the first session on March 29, 2017, the Parties exchanged mediation statements, which were submitted to Mr. Melnick together with numerous exhibits. The first mediation session ended at an impasse.  Discussions and the exchange of information continued telephonically and in writing.  The Parties submitted supplemental mediation statements prior to the second session on June 26, 2017.  That session also ended without agreement being reached.

19.    Following the June 26, 2017 mediation, the Parties continued to conduct arm's-length settlement negotiations, with the assistance of Mr. Melnick.  On August 3, 2017, the Parties reached an agreement in principle to settle the Action that was memorialized in a term sheet (the "Term Sheet") executed that day.  The Term Sheet set forth the Parties' agreement to settle and release all claims asserted in the Action in return for a $20,000,000 cash payment.

20.    On September 15, 2017, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement.  The Stipulation can be viewed at www.CTIBioPharmaSecuritiesSettlement.com.

21.    On October 24, 2017, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

22.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

all persons and entities who purchased or otherwise acquired CTI Securities during the period from March 9, 2015 through February 9, 2016, inclusive (the "Class Period"), and were damaged thereby.[3]

Excluded from the Settlement Class are (a) Defendants; (b) the Officers and directors of CTI during the Class Period (the "Excluded Officers and Directors"); (c) the Immediate Family Members of the Individual Defendants and Excluded Officers and Directors; (d) any entity in which any Defendant, any Excluded Officer or Director, or any of their respective Immediate Family Members had during the Class Period and/or has a controlling interest; (e) Defendants' liability insurance carriers; (f) any affiliates, parents or subsidiaries of CTI; (g) all CTI plans that are covered by ERISA; and (h) the legal representatives, heirs, agents, affiliates, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such.  Also excluded from the Settlement Class are any persons or entities that exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page 13 below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

---

[3] "CTI Securities" means (i) CTI common stock; (ii) CTI Series N-1 Preferred Stock; and/or (iii) CTI Series N-2 Preferred Stock, but does not include any shares of such securities that traded on an exchange outside the United States.

**IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN FEBRUARY 20, 2018.**

**WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?**

23.    Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of proceedings that would be necessary to obtain a judgment against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages in this Action and in collecting a judgment against the CTI Defendants considering their ability to pay.

24.    In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $20,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial, and appeals, possibly years in the future.

25.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?**

26.    If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

**HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?**

27.    As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

28.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," below.

29.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

30.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 31 below) against the Defendants and the other Defendants' Releasees (as

defined in ¶ 32 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

31.    "Released Plaintiffs' Claims" means, to the extent allowed by law, all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Settlement Class, including additional named plaintiff Michael Li: (i) asserted in the Complaint; or (ii) could have asserted or could assert in any forum that arise out of or are based upon the acts, omissions, nondisclosure, allegations, transactions, facts, matters, occurrences, or oral or written representations or statements involved, set forth, or referred to in the Complaint, and that relate to the purchase of CTI Securities during the Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in any shareholder derivative action or action under ERISA that are based on similar allegations, including *In re CTI BioPharma Shareholder Derivative Action*, No. 2:16-cv-00756 (W.D. Wash.) or any of the actions consolidated therein; and (iii) the claims of any person or entity that submits a request for exclusion that is accepted by the Court.

32.    "Defendants' Releasees" means (i) Defendants and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such; and (ii) Berkley Insurance Company, XL Specialty Insurance Company, Allied World National Assurance Company, Continental Casualty Company, and Old Republic Insurance Company (together, the "CTI Insurers"), and each of the CTI Insurers' respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

33.    "Unknown Claims" means any Released Plaintiffs' Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

34.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 35 below) against Lead Plaintiff and the other Plaintiffs' Releasees (as defined in ¶ 36 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

35.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court.

36.    "Plaintiffs' Releasees" means Lead Plaintiff, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

| **HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?** |
|---|

37.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than February 20, 2018**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.CTIBioPharmaSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-844-402-8599.  Please retain all records of your ownership of and transactions in CTI Securities, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| **HOW MUCH WILL MY PAYMENT BE?** |
|---|

38.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

39.    Pursuant to the Settlement, the CTI Defendants agreed to pay or caused to be paid twenty million dollars ($20,000,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state, and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

40.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

41.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

42.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

43.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before February 20, 2018 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 31 above) against the Defendants' Releasees (as defined in ¶ 32 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

44.    Participants in and beneficiaries of a CTI sponsored plan covered by ERISA ("CTI ERISA Plan") should NOT include any information relating to their transactions in CTI Securities held through any CTI ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of any CTI ERISA Plan.

45.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

46.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

47.    Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired CTI Securities during the Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

48.    The proposed Settlement covers members of the Settlement Class who purchased or acquired CTI common stock from March 9, 2015 through February 9, 2016, inclusive.  All such Settlement Class members have a potential claim under Section 10(b) of the Exchange Act.  In addition, Settlement Class members who purchased either the Company's Series N-1 or Series N-2 Preferred Stock that converted to common stock also have claims under Section 11 of the Securities Act.  The claims under Section 11 of the Securities Act are relatively stronger than claims under Section 10(b) of the Exchange Act because the burden of pleading and proving such claims is lower.  The Plan of Allocation is divided into two parts.  The first part governs purchases of either CTI Series N-1 or Series N-2 Preferred Stock that converted to common stock; and the second part governs purchases or acquisitions of CTI common stock.

49.    In developing the Plan of Allocation for purchases of CTI Series N-1 or Series N-2 Preferred Stock that converted to common stock, Lead Plaintiff's damages expert used the statutory formula for Section 11 claims.  That formula calculates damages as the difference between (1) the purchase price (or the price at which the securities were initially offered if such price is lower than the purchase price), and (2) the sale price (or, if sold after the initial lawsuit, the value at the time the suit was filed if such price is greater than the sale price).  Here, the purchase price is the conversion price at which the Preferred Stock converted to common stock.

50.    For purchases or acquisitions of CTI common stock, Lead Plaintiff's damages expert calculated the amount of alleged artificial inflation in the price of CTI's common stock caused by Defendants' alleged false and misleading statements and material omissions.  The calculations are set forth in Table A at the end of this Notice.  The calculations are based on Company-specific stock-price declines following the alleged corrective disclosures on February 8, 2016 and after the market closed on February 9, 2016, taking into account a partial rebound on February 9, 2016.[4]  Such price declines and the partial rebound are set forth below:

February 8, 2016 price decline:  Market-adjusted price decline of $0.65 per share

February 9, 2016 partial rebound:  Market-adjusted price increase of $0.06 per share

February 10, 2016 price decline:  Market-adjusted price decline of $0.20 per share

51.    The Plan of Allocation for purchases or acquisitions of CTI common stock also takes into account the statutory limit on damages known as the "90-day look back."

52.    The calculations for the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations provide a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

53.    A "Recognized Loss Amount" will be calculated for each purchase or acquisition of CTI Preferred Stock and CTI common stock during the Class Period that is listed in the Claim Form and for which adequate documentation is provided. In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero.  For shares with both a Section 11 claim and a Section 10(b) claim, the greater recovery under either of the two Recognized Loss Amount calculations below shall be used.  Specifically, for common stock converted from Series N-1 or Series N-2 Preferred Stock, the Recognized Loss Amount is the greater of the amounts calculated under paragraph 54 or 56.

---

[4] Complaint ¶¶ 171-174.

**Calculation of Recognized Loss for Purchases of Series N-1 or Series N-2 Preferred Stock[5]**

54.    The Recognized Loss Amount for purchases of Series N-1 or Series N-2 Preferred Stock is 120% of the below calculations for such securities in subparagraphs 54.A and 54.B:

October 27, 2015 Offering of Series N-1

A.    On October 27, 2015, CTI issued 50,000 shares of Series N-1 Preferred Stock, at a purchase price of $1,000 per share, or $50,000,000 in aggregate.  The Series N-1 Preferred Stock was converted into 40 million shares of CTI common stock based on a conversion price of $1.25 per CTI common share.  The closing price of CTI common stock on February 10, 2016, when the first suit was filed, was $0.30 per share.  For each share of CTI common stock that was converted from Series N-1 Preferred Stock and

    (i)    sold prior to February 11, 2016, the Recognized Loss Amount is $1.25 per share *less* the sales price per share;

    (ii)    sold from February 11, 2016 through September 1, 2017, inclusive, the Recognized Loss Amount is $1.25 per share *less* the greater of (a) the sales price per share, or (b) $0.30 per share (the February 10, 2016 closing price); or,

    (iii)    was retained as of the close of trading on September 1, 2017, the Recognized Loss Amount is $1.25 per share *less* $0.325 per share (the split-adjusted September 1, 2017 closing price).

December 4, 2015 Offering of Series N-2

B.    On December 4, 2015, CTI issued 55,000 shares of Series N-2 Preferred Stock, at a purchase price of $1,000 per share, or $55,000,000 in aggregate.  The Series N-2 Preferred Stock was converted into 50 million shares of CTI common stock based on a conversion price of $1.10 per CTI common share.  The closing price of CTI common stock on February 10, 2016, when the first suit was filed, was $0.30 per share.  For each share of CTI common stock that was converted from Series N-2 Preferred Stock and

    (i)    sold prior to February 11, 2016, the Recognized Loss Amount is $1.10 per share *less* the sales price per share;

    (ii)    sold from February 11, 2016 through September 1, 2017, inclusive, the Recognized Loss Amount is $1.10 per share *less* the greater of (a) the sales price per share, or (b) $0.30 per share (the February 10, 2016 closing price); or,

    (iii)    was retained as of the close of trading on September 1, 2017, the Recognized Loss Amount is $1.10 per share *less* $0.325 per share (the split-adjusted September 1, 2017 closing price).

**Calculation of Recognized Loss for Purchases or Acquisitions of CTI Common Stock**

55.    The Recognized Loss Amount for purchases or acquisitions of CTI Common Stock by means other than conversion from Series N-1 or Series N-2 Preferred Stock is 100% of the below calculations for such securities:

56.    For each such share of CTI common stock purchased or acquired from March 9, 2015 through February 9, 2016, inclusive, and:

    A.    sold prior to February 8, 2016, the Recognized Loss Amount is $0;

    B.    sold on February 8, 2016 or February 9, 2016, the Recognized Loss Amount is the *lesser* of:

        a.    the amount of artificial inflation per share as set forth in Table A on the date of purchase, minus the amount of artificial inflation per share as set forth in Table A on the date of the sale; or

        b.    purchase/acquisition price minus the sale price.

    C.    sold from February 10, 2016 through May 9, 2016, inclusive, the Recognized Loss Amount is the *least* of:

        a.    the amount of artificial inflation per share as set forth in Table A on the date of purchase;

        b.    the purchase/acquisition price minus the sale price; or

---

[5] All per-share values in paragraph 54 are subject to adjustment for the 1-for-10 reverse common stock split which occurred on January 3, 2017, as discussed in paragraph 59 below.

    c.    the purchase/acquisition price minus the average closing price between February 10, 2016 and the date of sale as shown on Table B set forth at the end of this Notice.

    D.    held as of the close of trading on May 9, 2016, the Recognized Loss Amount is the *lesser* of:

    a.    the amount of artificial inflation per share as set forth in Table A on the date of purchase; or

    b.    the purchase/acquisition price minus $0.53 per share, the average closing price for CTI common stock between February 10, 2016 and May 9, 2016 (the last entry on Table B).

## ADDITIONAL PROVISIONS

57.    The Net Settlement Fund will be allocated among Authorized Claimants based on the amount of each Authorized Claimant's Recognized Claim (defined below).

58.    If a Settlement Class Member has more than one purchase/acquisition or sale of a CTI Security, purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis. For CTI common stock, Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. As noted above, the only shares that are eligible for recovery and for which a Recognized Loss will be calculated are those purchased or acquired during the Class Period. Gains or losses on sales of shares held as of the start of the Class Period are not factored into the calculation of the Recognized Loss Amount.

59.    On January 3, 2017, CTI common stock had a 1-for-10 reverse stock split, meaning that for every ten shares of CTI common stock owned pre-split, the shareholder now owned one share. All per-share prices for CTI common stock used in this Plan of Allocation are based on unadjusted values prior to the January 2017 split. If a Claimant has any sales after January 3, 2017 that are used in the calculation of his, her or its Recognized Loss Amount under paragraph 54, the per-share sale price used for purposes of this Plan of Allocation will be his, her or its actual per-share sale price divided by ten.

60.    A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all purchases or acquisitions of CTI Securities during the Class Period.

61.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

62.    Purchases or acquisitions and sales of CTI Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of CTI Securities during the Class Period shall not be deemed a purchase, acquisition or sale of CTI Securities for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any CTI Security unless (i) the donor or decedent purchased or otherwise acquired such CTI Security during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

63.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the CTI common stock. The date of a "short sale" is deemed to be the date of sale of the CTI common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in CTI common stock, the earliest Class Period purchases or acquisitions of CTI common stock shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

64.    Option contracts are not securities eligible to participate in the Settlement. With respect to CTI common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price of the common stock is the exercise price of the option.

65.    CTI Securities that traded on a foreign exchange are not securities that are eligible to participate in the Settlement.

66.    To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in CTI Securities during the Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its

overall transactions in CTI Securities during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

67.    For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in CTI Securities during the Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[6] and (ii) the sum of the Total Sales Proceeds[7] and Holding Value.[8] This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in CTI Securities during the Class Period.

68.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s) to be recommended by Lead Counsel and approved by the Court, or as otherwise ordered by the Court.

69.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages expert, or the Claims Administrator or other agent designated by Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court. Lead Plaintiff and Defendants, their respective counsel, Lead Plaintiff's damages expert, and all other Releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

70.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with its damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any orders regarding any modification of the Plan of Allocation will be posted on the settlement website.

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?**
**HOW WILL THE LAWYERS BE PAID?**

---

71.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 20% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $200,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation

---

[6] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all CTI Securities purchased or acquired during the Class Period.

[7] The Claims Administrator shall match any sales of CTI common stock during the Class Period, first against the Claimant's opening position in the common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any commissions and other charges) for the remaining sales of CTI Securities sold during the Class Period shall be the "Total Sales Proceeds."

[8] The Claims Administrator shall ascribe a value of $0.30 per share for CTI common stock purchased or acquired during the Class Period (including through conversion from CTI preferred stock) and still held as of the close of trading on February 9, 2016 (the "Holding Value").

Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

---

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

72.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re CTI BioPharma Corp. Securities Litigation*, EXCLUSIONS, c/o GCG, P.O. Box 35100, Seattle, WA 98124-1100.  The exclusion request must be mailed or delivered no later than **January 11, 2018**.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re CTI BioPharma Corp. Securities Litigation*, Case No. 2:16-cv-00216"; and (c) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is mailed or delivered within the time stated above, or is otherwise accepted by the Court.

73.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

74.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

75.    The CTI Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and the CTI Defendants.

---

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

76.    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

77.    The Settlement Hearing will be held on February 1, 2018 at 8:30 a.m., before the Honorable Robert S. Lasnik at the United States District Court for the Western District of Washington, United States Courthouse, 700 Stewart Street, Seattle, WA 98101.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

78.    Any Settlement Class Member that does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Western District of Washington at the address set forth below on or before January 11, 2018.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are mailed or delivered no later than **January 11, 2018**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court<br>Western District of Washington<br>Clerk of the Court<br>United States Courthouse<br>700 Stewart Street, Suite 2310<br>Seattle, WA  98101 | **Bernstein Litowitz Berger &<br>Grossmann LLP**<br>David R. Stickney, Esq.<br>12481 High Bluff Drive,<br>Suite 300<br>San Diego, CA 92130 | **O'Melveny & Myers LLP**<br>Ross B. Galin, Esq.<br>Times Square Tower<br>7 Times Square<br>New York, NY  10036<br><br>and<br><br>**Dorsey & Whitney LLP**<br>Thomas P. Swigert, Esq.<br>50 South Sixth Street,<br>Suite 1500<br>Minneapolis, MN 55402 |

79.    Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of each CTI Security that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period (*i.e.*, from March 9, 2015 through February 9, 2016, inclusive), as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares of CTI common stock held as of the beginning of trading on March 9, 2015.  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

80.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

81.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office no later than January 11, 2018 and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is mailed or delivered no later than January 11, 2018.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

82.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 78 by January 11, 2018.

83.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

84.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above may be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

85.    If you purchased or otherwise acquired any of the CTI Securities from March 9, 2015 through February 9, 2016, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re CTI BioPharma Corp. Securities Litigation*, c/o GCG, P.O. Box 35100, Seattle, WA 98124-1100.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.CTIBioPharmaSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at 1-844-402-8599.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

86.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Western District of Washington, United States Courthouse, 700 Stewart Street, Seattle, WA 98101.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.CTIBioPharmaSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*In re CTI BioPharma Corp.*               and/or               David R. Stickney, Esq.
*Securities Litigation*                                              BERNSTEIN LITOWITZ BERGER
c/o GCG                                                         & GROSSMANN LLP
P.O. Box 35100                                              12481 High Bluff Drive, Suite 300
Seattle, WA 98124-1100                                          San Diego, CA 92130

(844) 402-8599                                                       (800) 380-8496
www.CTIBioPharmaSecuritiesSettlement.com                                    blbg@blbglaw.com
info@CTIBioPharmaSecuritiesSettlement.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: November 9, 2017                                    By Order of the Court
                                                          United States District Court
                                                          Western District of Washington

**TABLE A**
**Estimated Artificial Inflation in CTI Common Stock**

| Purchase or Sale Date | Inflation |
|---|---|
| March 9, 2015 through February 7, 2016 | $0.79 |
| February 8, 2016 | $0.14 |
| February 9, 2016 | $0.20 |

**TABLE B**
**Closing Price and Average Closing Price of**
**CTI Common Stock from February 10, 2016 through May 9, 2016**

| Date | Closing Price | Average Closing Price From February 10, 2016 through Date Shown | Date | Closing Price | Average Closing Price From February 10, 2016 through Date Shown |
|---|---|---|---|---|---|
| 2/10/2016 | $0.30 | $0.30 | 3/28/2016 | $0.50 | $0.55 |
| 2/11/2016 | $0.32 | $0.31 | 3/29/2016 | $0.51 | $0.55 |
| 2/12/2016 | $0.34 | $0.32 | 3/30/2016 | $0.52 | $0.55 |
| 2/16/2016 | $0.42 | $0.34 | 3/31/2016 | $0.53 | $0.54 |
| 2/17/2016 | $0.50 | $0.38 | 4/1/2016 | $0.53 | $0.54 |
| 2/18/2016 | $0.61 | $0.41 | 4/4/2016 | $0.53 | $0.54 |
| 2/19/2016 | $0.63 | $0.44 | 4/5/2016 | $0.51 | $0.54 |
| 2/22/2016 | $0.69 | $0.48 | 4/6/2016 | $0.53 | $0.54 |
| 2/23/2016 | $0.68 | $0.50 | 4/7/2016 | $0.49 | $0.54 |
| 2/24/2016 | $0.67 | $0.51 | 4/8/2016 | $0.49 | $0.54 |
| 2/25/2016 | $0.63 | $0.53 | 4/11/2016 | $0.50 | $0.54 |
| 2/26/2016 | $0.63 | $0.53 | 4/12/2016 | $0.50 | $0.54 |
| 2/29/2016 | $0.54 | $0.53 | 4/13/2016 | $0.52 | $0.54 |
| 3/1/2016 | $0.56 | $0.54 | 4/14/2016 | $0.52 | $0.54 |
| 3/2/2016 | $0.62 | $0.54 | 4/15/2016 | $0.54 | $0.54 |
| 3/3/2016 | $0.60 | $0.55 | 4/18/2016 | $0.54 | $0.54 |
| 3/4/2016 | $0.59 | $0.55 | 4/19/2016 | $0.54 | $0.54 |
| 3/7/2016 | $0.61 | $0.55 | 4/20/2016 | $0.57 | $0.54 |
| 3/8/2016 | $0.57 | $0.55 | 4/21/2016 | $0.56 | $0.54 |
| 3/9/2016 | $0.55 | $0.55 | 4/22/2016 | $0.56 | $0.54 |
| 3/10/2016 | $0.52 | $0.55 | 4/25/2016 | $0.52 | $0.54 |
| 3/11/2016 | $0.53 | $0.55 | 4/26/2016 | $0.53 | $0.54 |
| 3/14/2016 | $0.53 | $0.55 | 4/27/2016 | $0.52 | $0.54 |
| 3/15/2016 | $0.56 | $0.55 | 4/28/2016 | $0.53 | $0.54 |
| 3/16/2016 | $0.56 | $0.55 | 4/29/2016 | $0.50 | $0.54 |
| 3/17/2016 | $0.55 | $0.55 | 5/2/2016 | $0.51 | $0.54 |
| 3/18/2016 | $0.56 | $0.55 | 5/3/2016 | $0.47 | $0.54 |
| 3/21/2016 | $0.55 | $0.55 | 5/4/2016 | $0.44 | $0.53 |
| 3/22/2016 | $0.55 | $0.55 | 5/5/2016 | $0.45 | $0.53 |
| 3/23/2016 | $0.52 | $0.55 | 5/6/2016 | $0.45 | $0.53 |
| 3/24/2016 | $0.51 | $0.55 | 5/9/2016 | $0.44 | $0.53 |

Note:   The values in Tables A and B above have not been adjusted for the 1-for-10 reverse stock split which occurred on January 3, 2017.