# Supplemental Exhibit 9A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HILL v. STATE STREET CORPORATION  ) | |
| ) | |
| ) | |
| THIS DOCUMENT RELATES TO THE SECURITIES  ) | Master Docket No.1:09-cv-12146-GAO |
| ACTION  ) | |
| ) | |
| DOCKET NO. 09-cv-12146-GAO  ) | |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION
OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT;
(II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD
OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of Massachusetts (the "Court"), if, during the period from October 17, 2006 through October 21, 2009, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired publicly traded common stock of State Street Corporation ("State Street"), including if you purchased or otherwise acquired State Street common stock pursuant and/or traceable to a registered public offering conducted on or about June 3, 2008, and were damaged thereby.[1]

NOTICE OF SETTLEMENT: Please also be advised that the Court-appointed Lead Plaintiffs, the Public Employees' Retirement System of Mississippi and Union Asset Management Holding AG ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 21 below), have reached a proposed settlement of the Action for $60,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact State Street, any other Defendants in the Action, or their counsel. All questions should be directed to Co-Lead Counsel or the Claims Administrator (*see* ¶ 79 below).**

1. **Description of the Action and the Settlement Class**: This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging that Defendants (as defined in paragraph 30 below) violated the federal securities laws by, among other things, making false and misleading statements regarding State Street's foreign exchange business and the quality of assets held in State Street's investment portfolio and in off-balance sheet entities known as conduits. The Defendants deny these claims. A more detailed description of the Action is set forth in paragraphs 11-20 below. The proposed Settlement, if approved by the Court, will settle claims in the Action of the Settlement Class, as defined in paragraph 21 below.

The Action is pending before United States District Judge George A. O'Toole. With the consent of the parties, on July 10, 2014, Judge O'Toole referred to Magistrate Judge Judith G. Dein the responsibility to consider approval of the proposed Settlement of the Action and for final decision concerning all matters relating to the proposed Settlement, including, but not limited to, preliminary approval, class certification for settlement purposes, notice, any objections, final approval, fees and expenses of Plaintiffs' Counsel, reimbursement of Plaintiffs' expenses, and entry of final judgment. The parties have consented that Judge Dein's rulings with respect to the Settlement will be final, and those rulings may or may not be reviewed by Judge O'Toole.

2. **Statement of the Settlement Class's Recovery**: Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $60,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 8-10 below.

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 8, 2014 (the "Stipulation"), which is available at www.statestreetclassactionsettlement.com.

3. **Estimate of Average Amount of Recovery Per Share**: Based on Lead Plaintiffs' damages expert's estimate of the number of shares of publicly traded State Street common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is $0.19 per eligible share. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their State Street common stock, and the total number of valid claim forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 8-10 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share**: The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought**: Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since 2010, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Co-Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Motley Rice LLC, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 17% of the Settlement Fund. In addition, Co-Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against Defendants, in an amount not to exceed $1,300,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of State Street common stock, if the Court approves Co-Lead Counsel's fee and expense application, is $0.04 per share.

6. **Identification of Attorneys' Representatives**: Lead Plaintiffs and the Settlement Class are represented by John C. Browne, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019, (800) 380-8496, blbg@blbglaw.com and William H. Narwold, Esq. of Motley Rice LLC, 28 Bridgeside Blvd., Mt. Pleasant, SC 29464, (843) 216-9000, STTsettlement@motleyrice.com.

7. **Reasons for the Settlement**: Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and likely appeals that would follow a trial, a process that could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, distraction, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN DECEMBER 16, 2014.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 31 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 32 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 6, 2014.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 6, 2014.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |

Case 1:09-cv-12146-GAO    Document 496-1    Filed 09/22/14    Page 10 of 39

| | |
|---|---|
| **GO TO A HEARING ON OCTOBER 27, 2014 AT 3:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 6, 2014.** | Filing a written objection and notice of intention to appear by October 6, 2014 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

| | |
|---|---|
| Why Did I Get This Notice? | Page 3 |
| What Is This Case About? | Page 4 |
| How Do I Know If I Am Affected By The Settlement?  Who Is Included In The Settlement Class? | Page 5 |
| What Are Lead Plaintiffs' Reasons For The Settlement? | Page 5 |
| What Might Happen If There Were No Settlement? | Page 6 |
| How Are Settlement Class Members Affected By The Action And The Settlement? | Page 6 |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page 7 |
| How Much Will My Payment Be? | Page 7 |
| What Payment Are The Attorneys For The Settlement Class Seeking?  How Will The Lawyers Be Paid? | Page 10 |
| What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself? | Page 11 |
| When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? | Page 11 |
| What If I Bought Shares On Someone Else's Behalf? | Page 12 |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page 12 |

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired publicly traded State Street common stock during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to so do.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 70 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

M4573 v.09 08.06.2014

3

| WHAT IS THIS CASE ABOUT? |
| --- |

11.   Beginning on December 18, 2009, two class action complaints were filed in the United States District Court for the District of Massachusetts (the "Court"). By order dated May 25, 2010, the Court ordered that these cases be consolidated for all purposes as this Action, approved the appointment of Lead Plaintiffs and Co-Lead Counsel, and approved the appointment of Berman DeValerio as liaison counsel for the class.

12.   On July 29, 2010, Lead Plaintiffs filed and served their Consolidated Amended Class Action Complaint (the "Complaint"). The Complaint asserted claims against State Street, Ronald E. Logue and Edward J. Resch under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder and against Logue and Resch under Section 20(a) of the Exchange Act, alleging that these defendants made, or controlled others who made, materially false and misleading statements and failed to disclose material facts about (i) State Street's foreign exchange business, (ii) the quality of State Street's internal controls, and (iii) the quality of assets held in State Street's investment portfolio and in off-balance-sheet entities known as conduits. The Complaint alleged that these false and misleading statements and material omissions caused the price of State Street common stock to be artificially inflated. The Complaint also asserted claims against all Defendants under Section 11 of the Securities Act of 1933 (the "Securities Act"); against State Street and the Underwriter Defendants under Section 12(a)(2) of the Securities Act; and against certain of the Individual Defendants under Section 15 of the Securities Act, alleging that the defendants named in the Securities Act claims were statutorily liable for the allegedly materially untrue statements and misleading omissions in the registration statement and offering documents for a public offering of State Street common stock that occurred in June 2008.

13.   On September 24, 2010, Defendants filed and served their motions to dismiss the Complaint. The motions were fully briefed and the Court heard oral argument on February 16 and 17, 2011. On August 3, 2011, the Court entered its Memorandum and Order denying Defendants' motions.

14.   On September 30, 2011, Defendants filed and served their answers to the Complaint. Defendants denied all liability and interposed a variety of defenses to the claims set forth in the Complaint.

15.   Following the entry of the Court's opinion on Defendants' motions to dismiss, the Parties engaged in extensive fact discovery. Document discovery included numerous document requests and interrogatories and resulted in the production of more than 24 million pages of documents that were reviewed and analyzed by Plaintiffs' Counsel. Beginning in September 2013, Lead Plaintiffs took the depositions of witnesses, including senior officers of State Street. The Parties also engaged in extensive discovery relating to class certification, which included Plaintiffs' production of hundreds of thousands of pages of documents to Defendants and the depositions of three Plaintiffs' representatives. Discovery was vigorously contested. There were over 20 discovery motions brought by the various Parties, and there were approximately fifteen hearings before the magistrate judge who oversaw discovery issues in the Action.

16.   On October 28, 2013, Lead Plaintiffs filed their motion for class certification. Defendants had not filed their responses to the motion and the Court had not taken any action on the motion at the time that the agreement in principle to settle the Action was reached.

17.   On March 12, 2014, following arm's-length settlement negotiations, Lead Plaintiffs and State Street reached an agreement in principle to settle the Action for a cash payment of $60,000,000 to be made on behalf of State Street for the benefit of the Settlement Class.

18.   Based on their investigation and prosecution of the case, Lead Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of the proposed Settlement are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks of continued litigation and trial; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation.

19.   Defendants are entering into the Stipulation solely to eliminate the uncertainty, distraction, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 32 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action or an admission or concession that any of the Defendants' defenses to liability had any merit.

20.   On July 21, 2014, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

21.   If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

all persons and entities who or which purchased or otherwise acquired publicly traded common stock of State Street during the period from October 17, 2006 through October 21, 2009, inclusive (the "Settlement Class Period"), including all persons and entities who or which purchased or otherwise acquired State Street common stock pursuant and/or traceable to a registered public offering conducted on or about June 3, 2008, and who were damaged thereby.

Excluded from the Settlement Class are (a) Defendants; (b) members of the Immediate Families[2] of the Individual Defendants; (c) the subsidiaries and affiliates of State Street (provided, that no ERISA plan for the benefit of any employees of State Street shall be excluded), the Underwriter Defendants, and Ernst & Young; (d) any person or entity who is a partner, chief executive officer, executive vice president, chief financial officer, principal accounting officer (or if there is no such accounting officer, the controller), director, member, or controlling person of State Street, any Underwriter Defendant, or Ernst & Young; (e) any entity in which any Defendant has a controlling interest; and (f) the legal representatives, heirs, successors and assigns of any such excluded party; provided, however, that any Investment Vehicle[3] shall not be excluded from the Settlement Class.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What if I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page 11 below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN DECEMBER 16, 2014.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

22.   Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  While Lead Plaintiffs allege that State Street's foreign exchange revenues were artificially inflated by the addition of an undisclosed and unauthorized "mark-up" to each transaction for its custodial clients, Defendants contend that State Street's custodial contracts generally did not prohibit it from setting rates for indirect foreign exchange transactions in the way that it did and that there was nothing illicit or improper about the way it conducted its indirect foreign exchange business during the Settlement Class Period.  Lead Plaintiffs also faced significant risks in establishing that the declines in the prices of State Street common stock were caused by revelation of the alleged false and misleading statements made by Defendants, rather than other news concerning State Street.  Lead Plaintiffs would have to prevail at several stages – including motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

23.   In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Lead Plaintiffs and Co-Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $60,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

24.   Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the uncertainty, burden, distraction and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

---

[2]  "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

[3]  "Investment Vehicle" means any investment company, pooled investment fund or customer account of a Defendant, including but not limited to mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which any Defendant has or may have a direct or indirect interest or as to which its affiliates may act as an investment advisor or custodian but of which any Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|---|

25.   If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
|---|

26.   As a Settlement Class Member, you are represented by Lead Plaintiffs and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

27.   If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," below.

28.   If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

29.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and other members of the Settlement Class, on behalf of themselves and each of their respective legal representatives, heirs, executors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, remised, released, resolved, relinquished, waived and discharged Defendants and the other Defendants' Releasees (as defined in ¶ 32 below) and each of their respective legal representatives, heirs, executors, successors, and assigns in their capacities as such, of and from each and every Released Plaintiffs' Claim (as defined in ¶ 31 below) and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

30.   "Defendants" means State Street Corporation, Ronald E. Logue, Edward J. Resch, Pamela D. Gormley, Kennett F. Burnes, Peter Coym, Nader F. Darehshori, Amelia C. Fawcett, David P. Gruber, Linda A. Hill, Charles R. LaMantia, Maureen J. Miskovic, Richard P. Sergel, Ronald L. Skates, Gregory L. Summe, Robert E. Weissman, Goldman, Sachs & Co., Morgan Stanley & Co. LLC (formerly known as Morgan Stanley & Co. Incorporated), Credit Suisse Securities (USA) LLC, UBS Securities LLC and Ernst & Young LLP.

31.   "Released Plaintiffs' Claims" means all individual, representative and class claims, causes of action or rights of recovery of every nature and description, whether known claims or Unknown Claims, direct or indirect, asserted or unasserted, foreseen or unforeseen, matured or unmatured, contingent or vested, whether arising under federal, state, local, statutory, common, foreign or other law, rule or regulation, that Plaintiffs or any other member of the Settlement Class (a) asserted in the Complaint, or (b) could have asserted or could in the future assert in any court or forum based upon, relating to or arising from the allegations, transactions, facts, matters or occurrences, errors, representations, actions, failures to act or omissions that were alleged, set forth, or referred to in the Complaint and that relate in any way, directly or indirectly, to the holding, purchase, or sale of State Street common stock during the Settlement Class Period.  Released Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the Settlement, (ii) any claims that as of May 6, 2014 were or had been asserted in (a) *Richard v. State Street Corp.*, Docket No. 1:10-cv-10184-GAO (D. Mass.); (b) *Kenney v. State Street Corp.*, Docket No. 1:09-cv-10750-DJC (D. Mass.); (c) *Operative Plasterers' & Cement Masons' Local Union Officers' & Employees' Pension Fund v. Hooley*, Docket No. 1:12-cv-10767-GAO (D. Mass.); (d) *Arkansas Teacher Retirement System v. State Street Bank & Trust Co.*, Docket No. 1:11-cv-10230-MLW (D. Mass.); (e) *Henriquez v. State Street Bank & Trust Co.*, Docket No. 1:11-cv-12049-MLW (D. Mass.); and/or (f) *The Andover Companies Employee Savings & Profit Sharing Plan v. State Street Bank & Trust Co.*, Docket No. 1:12-cv-11698-MLW (D. Mass.); and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

32.   "Defendants' Releasees" means the Defendants and State Street Bank and Trust Company, their predecessors, successors, past, present and future parents, subsidiaries and affiliates, and their respective past or present general partners, limited partners, principals, members, officers, directors, trustees, employees, agents, servants, attorneys, accountants, auditors, underwriters, investment advisors, insurers, co-insurers, reinsurers and related or affiliated entities, in their capacities as such and in their capacities as fiduciaries for any ERISA plan for State Street employees.

M4576 v.09 08.06.2014                                                      6

33.   "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs, the other Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

34.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective legal representatives, heirs, executors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, remised, released, resolved, relinquished, waived and discharged Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 36 below) and each of their respective legal representatives, heirs, executors, successors, and assigns in their capacities as such, of and from each and every Released Defendants' Claim (as defined in ¶ 35 below) and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

35.   "Released Defendants' Claims" means all claims, causes of action or rights of recovery of every nature and description, whether known claims or Unknown Claims, whether direct or indirect, asserted or unasserted, foreseen or unforeseen, matured or unmatured, contingent or vested, whether arising under federal, state, local, statutory, common, foreign or other law, rule or regulation that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

36.   "Plaintiffs' Releasees" means all plaintiffs in the Action and their respective attorneys and all other Settlement Class members, and each of the foregoings' predecessors, successors, past, present and future parents, subsidiaries and affiliates, and their respective past or present general partners, limited partners, principals, members, officers, directors, trustees, employees, agents, servants, attorneys, accountants, auditors, insurers, co-insurers, reinsurers and related or affiliated entities, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

37.   To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than December 16, 2014**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.statestreetclassactionsettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-888-287-8136.  Please retain all records of your ownership of and transactions in State Street common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

38.   At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

39.   Pursuant to the Settlement, sixty million dollars ($60,000,000) in cash will be paid on behalf of State Street into an escrow account.  This Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and

Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

40.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

41.    Neither State Street nor any person or entity that paid any portion of the Settlement Amount is entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

42.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

43.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before December 16, 2014 shall be fully and forever barred from receiving payments pursuant to the Settlement but will remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Defendants' Releasees (as defined in ¶ 32 above) of and from the Released Plaintiffs' Claims (as defined in ¶ 31 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

44.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

45.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

46.    Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired publicly traded State Street common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security included in the Settlement is State Street common stock.

## PROPOSED PLAN OF ALLOCATION

47.    The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

48.    In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the potential amount of estimated alleged artificial inflation in the per share closing prices of State Street common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and omissions.  In calculating the estimated alleged artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in State Street common stock in reaction to certain public announcements regarding State Street in which such alleged misrepresentations and omissions were alleged to have been revealed to the market, adjusting for price changes that were attributable to market or industry forces, the allegations in the Complaint and the evidence developed in support thereof, as advised by Co-Lead Counsel.  The estimated potential alleged artificial inflation in State Street common stock is shown in Table A set forth at the end of this Notice.  Defendants disagree with Lead Plaintiffs' damages expert, for among other reasons, because they do not believe that any harm was caused by the statements challenged in the Actions.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

49.    Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of State Street publicly traded common stock during the Settlement Class Period that is listed in the Proof of Claim Form and for which adequate documentation is provided.  In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero.

50.    For each share of State Street common stock purchased or acquired between October 17, 2006 and October 21, 2009, inclusive, and:

    (a)    Sold between October 17, 2006 and the close of trading on October 21, 2009, the Recognized Loss Amount shall be *the lesser of*:  (i) the amount of artificial inflation per share as set forth in Table A on the date of purchase minus the amount of artificial inflation per share as set forth in Table A on the date of the sale; or (ii) purchase/acquisition price minus the sale price.

(b)   Sold between October 22, 2009 and the close of trading on January 19, 2010, the Recognized Loss Amount shall be the *least of*:  (i) the amount of artificial inflation per share as set forth in Table A on the date of purchase; (ii) the purchase/acquisition price minus the sale price; or (iii) the purchase/acquisition price minus the average closing price between October 22, 2009 and the date of sale as shown on Table B set forth at the end of this Notice.

(c)   Held as of the close of trading on January 19, 2010, the Recognized Loss Amount shall be *the lesser of*: (i) the amount of artificial inflation per share as set forth in Table A on the date of purchase; or (ii) the purchase/acquisition price minus $42.54, the average closing price for State Street common stock between October 22, 2009 and January 19, 2010 (the last entry on Table B).[4]

51.    For each share of State Street common stock purchased or acquired from October 17, 2006 through October 21, 2009, inclusive, pursuant to or traceable to the offering of State Street common stock conducted on or about June 3, 2008, if it calculates to a Recognized Loss Amount that is a positive number pursuant to ¶ 50 above, that number shall be increased by 15%.

### ADDITIONAL PROVISIONS

52.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 55 below) is $10.00 or greater.

53.    If a Settlement Class Member has more than one purchase/acquisition or sale of publicly traded State Street common stock, purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

54.    A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts.

55.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

56.    Purchases or acquisitions and sales of State Street common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of State Street common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of State Street common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any State Street common stock unless (i) the donor or decedent purchased or otherwise acquired such State Street common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

57.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the State Street common stock.  The date of a "short sale" is deemed to be the date of sale of the State Street common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in State Street common stock, the earliest Settlement Class Period purchases or acquisitions of State Street common stock shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

58.    Option contracts are not securities eligible to participate in the Settlement.  With respect to State Street common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price of the common stock is the exercise price of the option.

59.    To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in State Street common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in State Street common stock during the Settlement Class Period, but

---

[4]  Pursuant to PSLRA Section 21D(e)(1) "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the PSLRA, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of State Street common stock during the 90-day look-back period. The mean (average) closing price for State Street common stock during this 90-day look-back period was $42.54.

that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

60.   For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in State Street common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Holding Value.[7]   This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in State Street common stock during the Settlement Class Period.

61.   After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.   To the extent any monies remain in the fund nine (9) months after the initial distribution, if Co-Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.   Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Co-Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.   At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s) to be recommended by Co-Lead Counsel and approved by the Court.

62.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.   No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, or the Claims Administrator or other agent designated by Co-Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.   Lead Plaintiffs and Defendants, their respective counsel, Lead Plaintiffs' damages expert, and all other Releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

63.   The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.   The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.   Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.statestreetclassactionsettlement.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

64.   Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.   Before final approval of the Settlement, Co-Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 17% of the Settlement Fund.   At the same time, Co-Lead Counsel also intend to apply for reimbursement of Litigation Expenses in an amount not to exceed $1,300,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.   The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.   Such sums as may be approved by the Court will be paid from the Settlement Fund.   Settlement Class Members are not personally liable for any such fees or expenses.

---

[5]   The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all State Street common stock purchased or acquired during the Settlement Class Period.

[6]   The Claims Administrator shall match any sales of State Street common stock during the Settlement Class Period, first against the Claimant's opening position in the stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).   The total amount received (excluding commissions and other charges) for the remaining sales of State Street common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds".

[7]   The Claims Administrator shall ascribe a value of $46.68 per share for State Street common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on October 21, 2009 (the "Holding Value").

> ## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
> ## HOW DO I EXCLUDE MYSELF?

65.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Hill v. State Street Corporation*, EXCLUSIONS, c/o Epiq Systems, Inc., P.O. Box 2876, Portland, OR 97208-2876.  The exclusion request must be *received* no later than October 6, 2014.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Hill v. State Street Corporation*, Master Docket No. 1:09-cv-12146-GAO"; (c) state the number of shares of publicly traded State Street common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, from October 17, 2006 through October 21, 2009, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

66.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

67.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

68.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

> ## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE
> ## SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?
> ## MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

69*.*    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

70.    The Settlement Hearing will be held on October 27, 2014 at 3:00 p.m., before the Honorable Judith G. Dein at the United States District Court for the District of Massachusetts, Courtroom 15, 5th Floor, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

71.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Massachusetts at the address set forth below on or before October 6, 2014.  You must also serve the papers on Representative Co-Lead Counsel and on Representative Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before October 6, 2014.

| **Clerk's Office** | **Representative Co-Lead Counsel** | **Representative Defendants' Counsel** |
|---|---|---|
| United States District Court District of Massachusetts Clerk of the Court J. J. Moakley U.S. Courthouse 1 Courthouse Way Boston, MA 02210 | **Bernstein Litowitz Berger & Grossmann LLP** John C. Browne, Esq. 1285 Avenue of the Americas New York, NY 10019 | **Wilmer Cutler Pickering Hale and Dorr LLP** William H. Paine, Esq. 60 State Street Boston, MA 02109 |

72.   Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of publicly traded State Street common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, from October 17, 2006 through October 21, 2009, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

73.   You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

74.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Representative Co-Lead Counsel and Representative Defendants' Counsel at the addresses set forth above so that it is *received* on or before October 6, 2014.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

75.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Representative Co-Lead Counsel and Representative Defendants' Counsel at the addresses set forth in ¶ 71 above so that the notice is *received* on or before October 6, 2014.

76.   The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Co-Lead Counsel.

77.   **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
|:---:|

78.   If you purchased or otherwise acquired any State Street common stock from October 17, 2006 through October 21, 2009, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within ten (10) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within ten (10) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Hill v. State Street Corporation*, c/o Epiq Systems, Inc., P.O. Box 2876, Portland, OR 97208-2876.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.statestreetclassactionsettlement.com, or by calling the Claims Administrator toll-free at 1-888-287-8136.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|:---:|

79.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.statestreetclassactionsettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Hill v. State Street Corporation*
c/o Epiq Systems, Inc.
P.O. Box 2876
Portland, OR 97208-2876
888-287-8136
www.statestreetclassactionsettlement.com

| John C. Browne, Esq. | | William H. Narwold, Esq. |
|---|---|---|
| Bernstein Litowitz Berger | | Motley Rice LLC |
| & Grossmann LLP | and/or | 28 Bridgeside Blvd. |
| 1285 Avenue of the Americas | | Mt. Pleasant, SC 29464 |
| New York, NY 10019 | | (843) 216-9000 |
| (800) 380-8496 | | STTsettlement@motleyrice.com |
| blbg@blbglaw.com | | |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: August 18, 2014

By Order of the Court
United States District Court
District of Massachusetts

M45713 v.09 08.06.2014

13

**TABLE A**
**Purchase and Sale Inflation October 17, 2006 — October 21, 2009**

| Transaction Date | Inflation |
|---|---|
| October 17, 2006-October 14, 2008 | $2.40 |
| October 15, 2008-January 19, 2009 | $18.85 |
| January 20, 2009-October 19, 2009 | $2.40 |
| October 20, 2009 | $1.73 |
| October 21, 2009 | $0.71 |

**TABLE B**
**State Street Closing Price and Average Closing Price**
**October 22, 2009 — January 19, 2010**

| Date | Closing Price | Average Closing Price Between 10/22/09 and Date Shown | Date | Closing Price | Average Closing Price Between 10/22/09 and Date Shown |
|---|---|---|---|---|---|
| 10/22/2009 | $46.68 | $46.68 | 12/4/2009 | $41.68 | $42.30 |
| 10/23/2009 | $45.70 | $46.19 | 12/7/2009 | $40.84 | $42.25 |
| 10/26/2009 | $44.50 | $45.63 | 12/8/2009 | $40.74 | $42.21 |
| 10/27/2009 | $43.25 | $45.03 | 12/9/2009 | $41.00 | $42.17 |
| 10/28/2009 | $42.58 | $44.54 | 12/10/2009 | $40.56 | $42.12 |
| 10/29/2009 | $44.52 | $44.54 | 12/11/2009 | $39.40 | $42.05 |
| 10/30/2009 | $41.98 | $44.17 | 12/14/2009 | $39.93 | $41.99 |
| 11/2/2009 | $42.45 | $43.96 | 12/15/2009 | $39.80 | $41.93 |
| 11/3/2009 | $42.21 | $43.76 | 12/16/2009 | $40.19 | $41.89 |
| 11/4/2009 | $40.64 | $43.45 | 12/17/2009 | $39.73 | $41.83 |
| 11/5/2009 | $42.81 | $43.39 | 12/18/2009 | $41.60 | $41.83 |
| 11/6/2009 | $41.45 | $43.23 | 12/21/2009 | $42.26 | $41.84 |
| 11/9/2009 | $43.73 | $43.27 | 12/22/2009 | $43.86 | $41.89 |
| 11/10/2009 | $42.90 | $43.24 | 12/23/2009 | $44.64 | $41.95 |
| 11/11/2009 | $42.23 | $43.18 | 12/24/2009 | $44.99 | $42.02 |
| 11/12/2009 | $40.66 | $43.02 | 12/28/2009 | $44.37 | $42.07 |
| 11/13/2009 | $40.45 | $42.87 | 12/29/2009 | $43.96 | $42.11 |
| 11/16/2009 | $40.69 | $42.75 | 12/30/2009 | $43.89 | $42.15 |
| 11/17/2009 | $41.86 | $42.70 | 12/31/2009 | $43.54 | $42.17 |
| 11/18/2009 | $42.73 | $42.70 | 1/4/2010 | $44.46 | $42.22 |
| 11/19/2009 | $41.69 | $42.65 | 1/5/2010 | $44.55 | $42.26 |
| 11/20/2009 | $40.80 | $42.57 | 1/6/2010 | $43.81 | $42.29 |
| 11/23/2009 | $41.74 | $42.53 | 1/7/2010 | $44.60 | $42.34 |
| 11/24/2009 | $41.56 | $42.49 | 1/8/2010 | $45.51 | $42.40 |
| 11/25/2009 | $41.30 | $42.44 | 1/11/2010 | $44.36 | $42.43 |
| 11/27/2009 | $40.20 | $42.36 | 1/12/2010 | $44.20 | $42.46 |
| 11/30/2009 | $41.30 | $42.32 | 1/13/2010 | $44.61 | $42.50 |
| 12/1/2009 | $42.72 | $42.33 | 1/14/2010 | $43.79 | $42.52 |
| 12/2/2009 | $43.04 | $42.36 | 1/15/2010 | $42.67 | $42.53 |
| 12/3/2009 | $41.15 | $42.32 | 1/19/2010 | $43.20 | $42.54 |