# Supplemental Exhibit 10A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FRESNO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, and WILLIAM HUFF, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:16-cv-01820-JGK |
| Plaintiffs, | |
| v. | |
| COMSCORE, INC., SERGE MATTA, MELVIN WESLEY III, MAGID M. ABRAHAM, KENNETH J. TARPEY, WILLIAM J. HENDERSON, RUSSELL FRADIN, GIAN M. FULGONI, WILLIAM KATZ, RONALD J. KORN, JOAN LEWIS, RENTRAK CORPORATION, DAVID BOYLAN, DAVID I. CHEMEROW, WILLIAM ENGEL, PATRICIA GOTTESMAN, WILLIAM LIVEK, ANNE MACDONALD, MARTIN O'CONNOR, BRENT ROSENTHAL, and RALPH SHAW, | |
| Defendants. | |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned consolidated securities class action pending in the United States District Court for the Southern District of New York (the "Court") if: (i) during the period from February 11, 2014 through November 23, 2016, inclusive (the "Settlement Class Period" or "Class Period"), you purchased or otherwise acquired comScore, Inc. ("comScore" or the "Company") common stock; (ii) you held the common stock of Rentrak Corporation ("Rentrak") as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; and/or (iii) you acquired shares of comScore common stock issued pursuant to the Registration Statement on

Questions? Visit www.comScoreSecuritiesLitigation.com or call toll-free 1-833-609-9715.

Form S-4 filed with the Securities and Exchange Commission (the "SEC") on October 30, 2015 and subsequently amended (the "Registration Statement"), and were damaged thereby.[1]

NOTICE OF SETTLEMENT: Please also be advised that the Court-appointed Lead Plaintiffs, the Fresno County Employees' Retirement Association and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge (collectively, "Lead Plaintiffs"), and Plaintiff William Huff (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 23 below), have reached a proposed settlement of the Action with the remaining Defendants: comScore, Serge Matta, Melvin Wesley III, Magid M. Abraham, Kenneth J. Tarpey, William J. Henderson, Russell Fradin, Gian M. Fulgoni, William Katz, Ronald J. Korn, and Joan Lewis (collectively, the "comScore Defendants" or "Settling Defendants") for $110,000,000.00, with $27,231,527.20 to be paid in cash and $82,768,472.80 to be paid in shares of comScore common stock (the "Settlement"). There is no provision in the Settlement for the claims that Plaintiffs had asserted—and the Court had sustained— against Defendants Rentrak, David Boylan, David I. Chemerow, William Engel, Patricia Gottesman, William Livek, Anne MacDonald, Martin O'Connor, Brent Rosenthal, and Ralph Shaw (the "Rentrak Defendants"). Plaintiffs voluntarily dismissed those claims on September 19, 2017 after an Oregon state court issued an order that released the claims as part of a separate class action settlement (*see* ¶¶ 40-44 below). Thus, if the Court approves this Settlement, it will settle and release all claims remaining in this Action, *i.e.*, the claims asserted against the comScore Defendants.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk of the Court, comScore, Rentrak, any of the other Defendants, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 91 below).**

1. **<u>Description of the Action and the Settlement Class</u>:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that the Settling Defendants violated the federal securities laws by filing financial statements for more than three years that were materially false and misleading, violated Generally Accepted Accounting Principles ("GAAP"), and improperly recognized more than $43 million in fictitious revenues. A more detailed description of the Action is set forth in ¶¶ 11-22 below. The proposed Settlement, if approved by the Court, will settle and release claims of the Settlement Class, as defined in ¶ 23 below.

2. **<u>Statement of the Settlement Class's Recovery</u>:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the claims remaining in the Action in exchange for $110,000,000.00, with $27,231,527.20 paid in cash (the "Cash Settlement Amount") and $82,768,472.80 paid in shares of comScore common stock (the "Settlement Shares" and, together with the Cash Settlement Amount, the "Settlement Amount"). The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated December 28, 2017 (the "Stipulation" or "Stipulation of Settlement"), which is available at www.comScoreSecuritiesLitigation.com.

how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 14-18 below.

3. **Estimate of Average Amount of Recovery Per Share:** Lead Plaintiffs' damages expert estimates that the conduct at issue in the Action affected approximately 39,714,110 shares of comScore common stock. Based on the total Settlement Amount, if all eligible Settlement Class Members elect to participate in the Settlement, the estimated average recovery would be approximately $2.77 per affected share of comScore common stock, before the deduction of any Court-approved fees, expenses, and costs as described in this Notice. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, the total number of valid Claim Forms submitted by Settlement Class Members and, with respect to shares of comScore common stock, when and at what prices they purchased/acquired or sold their shares. Distributions to eligible Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 14-18 below) or such other plan of allocation as may be approved by the Court.

4. **Average Amount of Damages Per Share:** The Settling Parties do not agree on the average amount of damages per share of comScore common stock that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, the Settling Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since March 2016, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund (in combination of cash and stock in the same proportion that the Cash Settlement Amount and the Settlement Shares comprise the Settlement Amount). In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims asserted in the Action, in an amount not to exceed $450,000.00, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. If the Court approves Lead Counsel's fee and expense application, assuming claims are filed for all affected shares, the estimated average amount of fees and expenses, would be approximately $0.70 per affected share of comScore common stock.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by John C. Browne, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, blbg@blbglaw.com.

7. **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial and immediate recovery for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could reasonably be expected to last several years. The Settling Defendants, who make no admissions of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN MAY 29, 2018.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 34 below) that you have against the Settling Defendants and the other Settling Defendants' Released Parties (defined in ¶ 35 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION, SO THAT IT IS *RECEIVED* NO LATER THAN MAY 17, 2018.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Settling Defendants or the other Settling Defendants' Released Parties concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION, SO THAT IT IS *RECEIVED* NO LATER THAN MAY 17, 2018.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, and/or the fee and expense request, unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO THE HEARING ON JUNE 7, 2018 AT 4:30 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR, SO THAT IT IS *RECEIVED* NO LATER THAN MAY 17, 2018.** | Filing a written objection and notice of intention to appear by May 17, 2018 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? ........................................................................................................................5
What Is This Case About? ...........................................................................................................................6
How Do I Know If I Am Affected By The Settlement? Who Is Included In The Settlement Class? .........7
What Are Plaintiffs' Reasons For The Settlement? ....................................................................................8
What Might Happen If There Were No Settlement? ...................................................................................9
How Are Settlement Class Members Affected By The Action And The Settlement? ................................9
Are The Rentrak Defendants Part Of The Settlement? Does The Settlement Class Still Have
   Claims Against The Rentrak Defendants? ..............................................................................................11
How Do I Participate In The Settlement? What Do I Need To Do? ..........................................................12
How Much Will My Payment Be? .............................................................................................................12
What Payment Are The Attorneys For The Settlement Class Seeking? How Will
   The Lawyers Be Paid? ........................................................................................................................... 18
What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself? ..........18
When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come
   To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? ..................................19
What If I Bought Or Acquired Shares On Someone Else's Behalf? .........................................................21
Can I See The Court File? Whom Should I Contact If I Have Questions? ...............................................21

| WHY DID I GET THIS NOTICE? |
|---|

8.   The Court directed that this Notice be mailed to you, because you or someone in your family or an investment account for which you serve as a custodian may have (i) purchased or otherwise acquired comScore common stock during the Settlement Class Period; (ii) held Rentrak common stock as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; and/or (iii) acquired shares of comScore common stock issued pursuant to the Registration Statement. The Court has directed us to send you this Notice, because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.

9.   The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class, if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* ¶¶ 82-89 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), payments pursuant to the Settlement and the Court-approved plan of allocation will be made to Authorized Claimants after any objections and appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11. This case is a consolidated securities class action titled *Fresno County Employees' Retirement Association, et al. v. comScore, Inc., et al.*, Case No.: 1:16-cv-1820-JGK. The Court in charge of the case is the United States District Court for the Southern District of New York, and the presiding judge is the Honorable John G. Koeltl.

12. This case began on March 10, 2016, when the first of two securities class action complaints was filed in the Court. In accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), notice to the public was issued stating the deadline by which class members could move the Court for appointment as lead plaintiff.

13. By Order dated July 19, 2016, the Court appointed the Fresno County Employees' Retirement Association and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge as Lead Plaintiffs for the Action, approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel, and consolidated all related actions into the Action.

14. Thereafter, Lead Counsel conducted an extensive investigation into the claims asserted in the Action, including, among other things, the review and analysis of publicly available documents (including SEC filings; news articles; research reports by securities and financial analysts; transcripts of comScore's investor calls; newspaper, magazine, and trade publication articles; and presentations at investor conferences), as well as interviews with several former comScore employees. Lead Counsel has also retained and consulted with accounting, statistical, and financial economics experts.

15. On October 19, 2016, Lead Plaintiffs filed and served their Consolidated Amended Class Action Complaint (the "First Amended Complaint"), adding Plaintiff Huff as a named Plaintiff. On December 9, 2016, all Defendants filed motions to dismiss the First Amended Complaint. In lieu of responding to the motions to dismiss, Plaintiffs filed the Second Consolidated Amended Class Action Complaint (the "Second Amended Complaint" or "Complaint") on January 13, 2017.

16. The Second Amended Complaint alleges, among other things, that Defendants' publicly filed financial statements for more than three years were materially false and misleading, violated GAAP, improperly recognized more than $43 million in fictitious revenue, and must be formally restated. In particular, the Complaint alleges, among other things, that Defendants reported to investors throughout the Class Period that comScore was achieving record-breaking revenues, and knew that investors valued these statements highly, as the Company touted its revenue and related metrics as the key measures by which it—and its stockholders—gauged its progress. The Second Amended Complaint alleges that, as a result of these statements, comScore's stock price soared, and its officers were compensated accordingly—they engaged in massive insider trading sales and obtained compensation packages tied to the Company's stock price. The Complaint further alleges that comScore's accounting for $43 million in nonmonetary revenue had been false and that comScore would have to restate its financial statements for three years; the Company would also be required to restate its financials for certain monetary transactions. The Complaint further alleges that the price of comScore common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and omissions, and the price declined when the truth was revealed in disclosures that occurred on August 31, 2015, February 29, 2016, and November 23, 2016.

17. Concerning the above allegations, the Second Amended Complaint asserts (i) claims under Section 10(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, against comScore, Magid M. Abraham, Serge Matta, Kenneth J. Tarpey, Melvin Wesley III, and William J. Henderson; (ii) claims under Section 20(a) of the Exchange Act against Magid M. Abraham, Serge Matta, Kenneth J. Tarpey, Melvin Wesley III, and William J. Henderson; and (iii) claims under Section 14(a) of the Exchange Act and Section 11 of the Securities

Act of 1933, as amended (the "Securities Act") against Magid M. Abraham, Serge Matta, Kenneth J. Tarpey, Melvin Wesley III, William J. Henderson, Russell Fradin, Gian M. Fulgoni, William Katz, Ronald Korn, Joan Lewis, Rentrak, David Boylan, David I. Chemerow, William Engel, Patricia Gottesman, William Livek, Anne MacDonald, Martin O'Connor, Brent Rosenthal, and Ralph Shaw, arising from comScore's 2015 merger with Rentrak (the "Merger").

18. On March 13, 2017, Defendants filed motions to dismiss the Second Amended Complaint. On April 13, 2017, Plaintiffs served their papers in opposition and, on April 27, 2017, Defendants served their reply papers. On July 14, 2017, Judge Koeltl held oral argument on Defendants' motions to dismiss, and on July 28, 2017, the Court issued an Opinion and Order denying in full Defendants' motions, which sustained in their entirety the Complaint's allegations.

19. On August 17, 2017, Lead Plaintiffs and the comScore Defendants engaged in a full-day, private mediation session before the Honorable Layn Phillips in an attempt to reach a consensual resolution of the Action. On September 10, 2017, Lead Plaintiffs and the comScore Defendants ultimately agreed, subject to the Due Diligence Discovery described below and the other terms and conditions of the Stipulation of Settlement, to settle and release all claims asserted against the Settling Defendants in the Action in return for $110 million, with $27,231,527.20 paid in cash and $82,768,472.80 in value paid in shares of comScore common stock.

20. On September 19, 2017, Plaintiffs voluntarily dismissed with prejudice their claims against the Rentrak Defendants (discussed further in ¶¶ 40-44 below).

21. On December 28, 2017, after months of good-faith negotiations, the Settling Parties entered into the Stipulation of Settlement, which sets forth the final terms and conditions of the Settlement, including the condition that the Settlement is not final until the completion of Due Diligence Discovery to the satisfaction of Lead Plaintiffs and Lead Counsel. In connection with the Due Diligence Discovery, the Settling Defendants are producing documents and information regarding the allegations and claims asserted in the Complaint, and current and former comScore employees, or other persons within the Settling Defendants' control, will sit for interviews under oath by Lead Counsel. Pursuant to the Stipulation, Lead Plaintiffs have the right to withdraw from and terminate the Settlement at any time prior to filing their motion in support of final approval of the Settlement, if, in their discretion, information is produced during Due Diligence Discovery that renders the proposed Settlement unfair, unreasonable, or inadequate.

22. On January 29, 2018, the Court entered the Order Preliminarily Approving Proposed Settlement and Providing for Notice (the "Preliminary Approval Order"), which, among other things, preliminarily approved the proposed Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?** |
|---|

23. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

all persons or entities who or which (i) purchased or otherwise acquired comScore common stock during the period from February 11, 2014 through November 23, 2016, inclusive; (ii) held the common stock of Rentrak as of December 10, 2015 and were entitled to vote on the Merger between comScore and Rentrak consummated on January 29, 2016; or (iii) acquired shares of comScore common stock issued pursuant to the Registration Statement on Form S-4 filed with the SEC on October 30, 2015 and subsequently amended, and who were damaged thereby.

Excluded from the Settlement Class are Defendants; the officers and directors of comScore and Rentrak during the Settlement Class Period; members of the Immediate Families of any such excluded person; any entity in which any excluded person or entity has, or had during the Settlement Class Period, a controlling interest (including, without limitation, any excluded entity's subsidiaries); and the legal representatives, heirs, successors, and assigns of any excluded person or entity. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 18 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO PAYMENT FROM THE NET SETTLEMENT FUND. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE NET SETTLEMENT FUND, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN, POSTMARKED NO LATER THAN MAY 29, 2018.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|---|

24. Plaintiffs' principal reason for entering the Settlement is the significant payment that the Settlement Class will receive in a timely fashion without the risk or the delays inherent in further litigation. The substantial payment provided by the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions for class certification, summary judgment and other issues, as well as a trial of the Action, and likely appeals that would follow a trial, a process that could be expected to last several years.

25. Moreover, this case presented a number of substantial risks in establishing the Settling Defendants' liability. Although the Court denied the Settling Defendants' motions to dismiss the Complaint in their entirety—sustaining all of Plaintiffs' allegations concerning the theory of the Action developed through Plaintiffs' investigation—the alleged fraud involved dense, complicated, and highly technical financial and accounting issues that the Settling Defendants continue to contest. Courts and commentators have recognized the difficulties of providing fraudulent intent with respect to such matters, which are difficult to explain to a jury. Thus, even if the case were to proceed to trial, there is no guarantee that the jury would find in Plaintiffs' favor and award a substantial monetary judgment to the Settlement Class.

26. In addition, Plaintiffs and Lead Counsel also recognized a substantial risk that, even if they succeeded in establishing the Settling Defendants' liability at trial, comScore would not have been financially viable enough to pay a judgment. Plaintiffs and Lead Counsel determined that this risk was particularly acute here in light of the fact that, as of this date, comScore still has not completed its restatement and therefore does not have public financial statements for any year after 2012. Consequentially, comScore common stock has been delisted from NASDAQ and the Company lacks the ability to access most sources of capital.

27. Thus, there were very significant risks attendant to the continued prosecution of the Action. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, and subject to the satisfactory completion of Due Diligence Discovery, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $110,000,000 (in cash and shares of comScore common stock, less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

28. The Settling Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. The Settling Defendants have agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by the Settling Defendants.

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29. If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against the Settling Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything in this Action. Also, if the Settling Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

### HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
### BY THE ACTION AND THE SETTLEMENT?

30. As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but, if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

31. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

32. If you are a Settlement Class Member and you wish to object to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

33. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims asserted against the Settling Defendants in the Action and will provide that, upon the Effective Date (as defined in the Stipulation), Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will be deemed to have, and by operation of law and of the Judgment will have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 34 below) against the Settling Defendants and the other Settling Defendants' Released Parties (as defined in ¶ 35 below), and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Settling Defendants' Released Parties.

34. "Released Plaintiffs' Claims" mean any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined in ¶ 36 below), and any and all debts, disputes, demands, rights, actions, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs,

expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal, state, or foreign statutory or common law, or any other law, rule, or regulation, that Plaintiffs or any other member of the Settlement Class: (i) asserted in any complaint filed in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the facts, allegations (including any and all allegations relating to the financial statements at issue in the Action), transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts, omissions, or failures to act involved, set forth, or referred to in any complaint filed in the Action and that relate to the purchase or acquisition of comScore common stock during the Settlement Class Period, or that otherwise would have been barred by *res judicata* had the Action been fully litigated to a final judgment. Released Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the Settlement; (ii) any derivative claims asserted in any pending derivative action; (iii) any claims by any governmental entity arising out of any governmental investigation of comScore or Rentrak, or any of their respective former or current officers or directors, relating to the conduct alleged in the Action; (iv) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; and (v) any claims against the Non-Settling Defendants or Ernst & Young.

35. "Settling Defendants' Released Parties" means the Settling Defendants, Settling Defendants' Counsel, and their respective present and former officers and directors, trustees, agents, parents, subsidiaries, affiliates, attorneys, insurers, reinsurers, employees, heirs, executors, administrators, trustees, Immediate Family members, beneficiaries, predecessors, successors, assigns, and assignees, in their capacities as such. For the avoidance of doubt, Settling Defendants' Released Parties do not include any of the Non-Settling Defendants or Ernst & Young.

36. "Unknown Claims" means any Released Plaintiffs' Claims that any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of those claims, and any Released Settling Defendants' Claims that any Settling Defendant or any other Settling Defendants' Released Party does not know or suspect to exist in his, her, or its favor at the time of the release of those claims, which, if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, the Settling Parties will expressly waive, and each of the other Settlement Class Members and Settling Defendants' Released Parties will be deemed to have waived, and by operation of the Judgment will have expressly waived, all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and the Settling Defendants acknowledge, and each of the other Settlement Class Members and Settling Defendants' Released Parties will be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

37. The Judgment will also provide that, upon the Effective Date, the Settling Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will be deemed to have, and by operation of law and of the Judgment will have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Settling Defendants' Claim (as defined in ¶ 38 below) against Plaintiffs and the other Plaintiffs' Released Parties (as defined in ¶ 39 below), and will forever be barred

and enjoined from prosecuting any or all of the Released Settling Defendants' Claims against any of the Plaintiffs' Released Parties.

38. "Released Settling Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, and any and all debts, disputes, demands, rights, actions, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues, and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal, state, or foreign statutory or common law, or any other law, rule, or regulation, that arise out of, are based upon, or relate in any way to the institution, prosecution, or settlement of the claims against the Settling Defendants. Released Settling Defendants' Claims do not include any claims relating to the enforcement of the Settlement.

39. "Plaintiffs' Released Parties" means Plaintiffs, all other Settlement Class Members, and their respective present and former officers and directors, trustees, agents, parents, subsidiaries, affiliates, attorneys, insurers, reinsurers, employees, heirs, executors, administrators, trustees, Immediate Family members, beneficiaries, predecessors, successors, assigns, and assignees.

<div style="border:1px solid black; text-align:center; font-weight:bold;">

ARE THE RENTRAK DEFENDANTS PART OF THE SETTLEMENT? DOES THE SETTLEMENT CLASS STILL HAVE CLAIMS AGAINST THE RENTRAK DEFENDANTS?

</div>

40. The Complaint asserted—and the Court sustained—claims arising from the Merger against the Rentrak Defendants. As discussed in further detail below, however, Plaintiffs have since voluntarily dismissed those claims after an Oregon state court issued an order releasing those claims in connection with the settlement of a separate action. Accordingly, the Rentrak Defendants are not parties to the Settlement, and the Settlement does not provide any recovery specific to the claims previously asserted in this Action against the Rentrak Defendants.

41. Specifically, on September 12, 2017, a state court in Oregon issued an order granting final approval of a class settlement in an action entitled *In re Rentrak Corporation Shareholders Litigation*, No. 15CV27429 (Multnomah County Circuit Court, Oregon) ("*In re Rentrak*") which released (among other things) claims under the federal securities laws against the Rentrak Defendants, including explicitly the claims asserted in this Action (the "*In re Rentrak* Settlement"). All Settlement Class Members on whose behalf the Complaint asserted claims against the Rentrak Defendants are included in the *In re Rentrak* Settlement class. Thus, final approval of the *In re Rentrak* Settlement released all claims against the Rentrak Defendants in this Action.

42. No *In re Rentrak* Settlement class members objected to, or opted-out of, the *In re Rentrak* Settlement. When the *In re Rentrak* Settlement was announced, Plaintiffs' Counsel and Plaintiff Huff evaluated the terms of the settlement and considered whether to object or opt-out prior to the final approval hearing. Plaintiff Huff determined not to object or opt-out, and to pursue his remaining federal claims against the remaining Defendants in this Court. Ultimately, the Oregon court found that the *In re Rentrak* Settlement presented a fair and reasonable settlement. The *In re Rentrak* Settlement recovered $19 million, nearly exhausting Rentrak's remaining insurance coverage. The *In re Rentrak* Settlement expressly did not release the other federal securities claims asserted in this Action.

43. It was an express condition of the *In re Rentrak* Settlement that the settlement proceeds could not be distributed until the claims against the Rentrak Defendants in this Action were dismissed with prejudice. Thus, Plaintiffs and Lead Counsel determined that voluntarily dismissing those claims would serve the Settlement Class's interest by accelerating its access to the recovery from the *In re Rentrak*

Settlement. Lead Plaintiffs and Lead Counsel believed that voluntary dismissal would cause no prejudice to the Settlement Class because the *In re Rentrak* Settlement released the claims of the Settlement Class Members against the Rentrak Defendants in this Action, and further because the *In re Rentrak* Settlement notice provided explicit notice that those claims would be released.

44. Accordingly, on September 19, 2017, Plaintiffs voluntarily dismissed with prejudice the Rentrak Defendants from this Action. This dismissal was without a court order, as permitted by Federal Rule of Civil Procedure 41(a)(1)(A). Thus, the Settlement will settle and release all claims remaining in this Action.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

45. To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation, **postmarked no later than May 29, 2018**. A Claim Form is included with this Notice. You may also obtain a Claim Form from the website maintained by the Claims Administrator for the Settlement, www.comScoreSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-609-9715 or by emailing the Claims Administrator at info@comScoreSecuritiesLitigation.com. Please retain all records of your ownership of and transactions in comScore and Rentrak common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

46. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

47. Pursuant to the Settlement, comScore has agreed to pay or caused to be paid a total of $110,000,000.00 for the benefit of the Settlement Class, with (i) $27,231,527.20 paid in cash (the "Cash Settlement Amount") deposited into an escrow account controlled by Lead Counsel; and (ii) $82,768,472.80 paid in shares of comScore common stock (the "Settlement Shares").[2]

48. The Settlement Amount (*i.e.*, the Cash Settlement Amount plus the Settlement Shares) plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund (including, if applicable, the net cash proceeds from the sale of any Class Settlement Shares as well as accrued interest thereon) less (i) all federal, state and/or local taxes on any income earned by the Settlement Fund (including any appreciation in value of the Settlement Shares); the reasonable expenses and costs incurred in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); and all taxes imposed on payments by

---

[2] The Settlement Shares to be issued will be valued as of the date of the Settlement Hearing in accordance with the terms of the Stipulation. The Settlement Shares, less any Settlement Shares awarded to Plaintiffs' Counsel as attorneys' fees, are referred to as the "Class Settlement Shares." Pursuant to the Stipulation, Lead Counsel has the right to decide, in its sole discretion, whether to (i) distribute the Class Settlement Shares to Settlement Class Members who submit claims that are approved for payment by the Court ("Authorized Claimants") or (ii) sell all or any portion of the Class Settlement Shares and distribute the net cash proceeds from the sale of the shares to Authorized Claimants. Please Note: After the date on which such shares are valued, the value of the Class Settlement Shares may fluctuate. No representation can be made as to what the value of the Class Settlement Shares will be at the time the shares are distributed or, if applicable, sold for the benefit of Settlement Class Members.

the Settlement Fund, including withholding taxes; (ii) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

49. The Net Settlement Fund will not be distributed, unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

50. Neither the Settling Defendants, the Settling Defendants' Released Parties, nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Except as otherwise provided in the Stipulation, the Settling Defendants and the other Settling Defendants' Released Parties shall not have any involvement in, or any responsibility, authority or liability whatsoever for, the administration of the Settlement or the distribution of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity in connection with the foregoing.

51. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

52. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a valid Claim Form **postmarked on or before May 29, 2018** shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 34 above) against the Settling Defendants' Released Parties (as defined in ¶ 35 above) and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Settling Defendants' Released Parties with respect to the Released Plaintiffs' Claims, whether or not such Settlement Class Member submits a Claim Form.

53. Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in comScore or Rentrak common stock held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased, acquired, or held outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of comScore common stock during the Class Period (including shares of comScore common stock acquired in exchange for shares of Rentrak common stock in connection with the Merger), may be made by the plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

54. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

55. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

56. Only Settlement Class Members will be potentially eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are potentially eligible for recovery under the Settlement are shares of comScore common stock

purchased or otherwise acquired during the Settlement Class Period (including shares of comScore common stock acquired in exchange for shares of Rentrak common stock in connection with the Merger).

<div align="center">

**PROPOSED PLAN OF ALLOCATION**

</div>

57. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

58. Subject to the provisions stated below, the proposed Plan of Allocation will calculate a "Recognized Loss Amount" or "Recognized Gain Amount" for all shares of comScore common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, from February 11, 2014 through November 23, 2016, inclusive), with a multiple of 1.15 applied to Recognized Loss Amounts for shares of comScore common stock acquired in exchange for shares of Rentrak common stock in connection with the Merger.[3]

59. In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the per share closing price of comScore common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in comScore common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces. The estimated artificial inflation in comScore common stock is stated in Tables A-1 and A-2 at the end of this Notice.

60. For losses to be compensable damages under Section 10(b) of the Exchange Act, the disclosure of the allegedly misrepresented information must be, among other things, the cause of the decline in the price or value of the security. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period between February 11, 2014 and November 23, 2016, inclusive, which had the effect of artificially inflating the price of comScore common stock. Lead Plaintiffs further allege that corrective information was released to the market on: August 31, 2015 (at 12:37 p.m. New York time), February 29, 2016 (after the close of trading), March 7, 2016 (before the opening of trading), June 27, 2016 (after the close of trading), and November 23, 2016 (after the close of trading), which partially removed the artificial inflation from the price of comScore common stock on: August 31, 2015, September 1, 2015, September 2, 2015, March 1, 2016, March 7, 2016, June 28, 2016, and November 25, 2016.[4]

61. Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of comScore common stock at the time of purchase or acquisition and at

---

[3] The 15% premium is being applied to Recognized Loss Amounts for shares of comScore common stock acquired in exchange for shares of Rentrak common stock in connection with the Merger on account of the fact that such shares also have claims under Section 11 of the Securities Act and/or Section 14(a) of the Exchange Act.

[4] With respect to the partial corrective disclosure that occurred on August 31, 2015, the alleged artificial inflation was removed from the price of comScore common stock over three days: August 31, 2015, September 1, 2015, and September 2, 2015.

the time of sale or the difference between the actual purchase price and sale price. Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who or which purchased or otherwise acquired comScore common stock prior to the first corrective disclosure, which occurred at 12:37 p.m. New York time on August 31, 2015, must have held his, her or its shares of comScore common stock through at least that time. A Settlement Class Member who purchased or otherwise acquired comScore common stock at or after 12:37 p.m. New York time on August 31, 2015 (including shares of comScore common stock acquired on or about February 1, 2016 in exchange for shares of Rentrak common stock in connection with the Merger), must have held those shares through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of comScore common stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

62. Based on the formula stated in ¶ 63 below, a "Recognized Loss Amount" or "Recognized Gain Amount" will be calculated for each purchase or acquisition of comScore common stock during the Settlement Class Period (*i.e.*, from February 11, 2014 through and including the close of trading on November 23, 2016), that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount or Recognized Gain Amount calculates to a negative number or zero under the formula below, that number will be zero.

63. For each share of comScore common stock purchased or otherwise acquired during the period from February 11, 2014 through and including the close of trading on November 23, 2016, and:

(a)   Sold at a loss[5] before August 31, 2015 or on August 31, 2015 before 12:37 p.m. New York time, a Recognized Loss Amount will be calculated, which will be $0.00.

(b)   Sold for a gain[6] before August 31, 2015 or on August 31, 2015 before 12:37 p.m. New York time, a Recognized Gain Amount will be calculated, which will be the sale price *minus* the purchase/acquisition price.

(c)   Sold at a loss during the period from August 31, 2015 at or after 12:37 p.m. New York time through and including the close of trading on November 23, 2016, a Recognized Loss Amount will be calculated, which will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1 *minus* the amount of artificial inflation per share on the date of sale as stated in Table A-2; or (ii) the purchase/acquisition price[7] *minus* the sale price.

(d)   Sold for a gain during the period from August 31, 2015 at or after 12:37 p.m. New York time through and including the close of trading on November 23, 2016, a Recognized Gain Amount will be calculated, which will be the sale price *minus* the purchase/acquisition price.

(e)   Sold during the period from November 25, 2016 through and including the close of trading on February 22, 2017, a Recognized Loss Amount will be calculated, which will be ***the least of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1; (ii) the purchase/acquisition price *minus* the sale price; or (iii) the

---

[5] "Sold at a loss" means the purchase/acquisition price is greater than the sale price.

[6] "Sold for a gain" means the purchase/acquisition price is less than or equal to the sale price.

[7] For shares of comScore common stock acquired in exchange for shares of Rentrak common stock in connection with the Merger, the acquisition price will be $39.00 per share.

purchase/acquisition price *minus* the average closing price between November 25, 2016 and the date of sale as stated in Table B at the end of this Notice.

(f)     Held as of the close of trading on February 22, 2017, a Recognized Loss Amount will be calculated, which will be **the lesser of**: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1; or (ii) the purchase/acquisition price *minus* $30.21, the average closing price for comScore common stock between November 25, 2016 and February 22, 2017 (the last entry on Table B).[8]

## ADJUSTMENT TO RECOGNIZED LOSS AMOUNTS TO ACCOUNT FOR ADDITIONAL SECTION 11 AND/OR SECTION 14(A) CLAIMS

64. Recognized Loss Amounts (calculated pursuant to ¶ 63 above) for shares of comScore common stock acquired in exchange for shares of Rentrak common stock in connection with the Merger will be multiplied by 1.15.

## ADDITIONAL PROVISIONS

65. **FIFO Matching:**  If a Settlement Class Member made more than one purchase/acquisition or sale of comScore common stock during the Settlement Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

66. **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of comScore common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of comScore common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of comScore common stock for the calculation of a Claimant's Recognized Loss or Gain Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of comScore common stock unless (i) the donor or decedent purchased or otherwise acquired comScore common stock during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such comScore common stock shares.

67. **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the comScore common stock.  The date of a "short sale" is deemed to be the date of sale of the comScore common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

---

[8] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day look-back period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of comScore common stock during the 90-day look-back period, November 25, 2016 through February 22, 2017, inclusive. The mean (average) closing price for comScore common stock during this 90-day look-back period was $30.21.

68. In the event that a Claimant has an opening short position in comScore common stock, the earliest purchases or acquisitions of comScore common stock during the Settlement Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

69. **Common Stock Purchased/Sold Through the Exercise of Options:**  With respect to comScore common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

70. **Determination of Recognized Claim:**  A Claimant's Recognized Claim will be the sum of the Claimant's Recognized Loss Amounts *minus* the sum of the Claimant's Recognized Gain Amounts, unless that calculation results in a negative number (or zero), in which case the Claimant's Recognized Claim under the Plan of Allocation will be zero.

71. **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

72. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

73. No cash payments for less than $10.00 will be made. In the event of a distribution of Settlement Shares, no fractional Settlement Shares will be issued.

74. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks and claim their Settlement Shares. To the extent any monies and/or Settlement Shares remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds and/or Settlement Shares remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and claimed their initial Settlement Shares and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and claimed their prior Settlement Shares and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds and/or Settlement Shares remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

75. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, the Settling Defendants, Settling Defendants' Counsel, or any of the other Plaintiffs' Released Parties or Settling Defendants' Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, the Settling Defendants, and their respective counsel, and all other Settling Defendants' Released Parties, shall have no responsibility or liability whatsoever for the investment or

distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

76. The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.comScoreSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

77. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund (in combination of cash and stock in the same proportion that the Cash Settlement Amount and the Settlement Shares comprise the Settlement Amount). Lead Counsel has fee-sharing agreements with the other Plaintiffs' Counsel firms, Kessler Topaz Meltzer & Check, LLP and The McKeige Law Firm, which provide that Lead Counsel will compensate these firms from the attorneys' fees that Lead Counsel receives in this Action in amounts commensurate with those firms' efforts in this litigation. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $450,000.00, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees and reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

78. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to comScore Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91346, Seattle, WA 98111. The exclusion request must be *received* **no later than May 17, 2018**. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (i) state the name, address and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Fresno County Employees' Retirement Association, et al. v. comScore, Inc., et al.*, No. 1:16-cv-1820"; (iii) state the number of shares of comScore common stock that the person or entity requesting exclusion purchased/acquired and sold during the period between February 11, 2014 and November 23, 2016, inclusive (including any shares of comScore common stock acquired as a result of the Merger between comScore and Rentrak consummated on January 29, 2016), as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares of comScore common stock held as of the opening of trading on February 11, 2014; and (iv) be signed by the person or entity requesting exclusion or an authorized representative thereof. A Request for

Exclusion shall not be valid and effective, unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

79. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion, even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Settling Defendants' Released Parties.

80. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

81. comScore has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and comScore.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

82. Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below, even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing. Please Note: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. You should monitor the Court's docket and the website maintained by the Claims Administrator, www.comScoreSecuritiesLitigation.com, before making plans to attend the Settlement Hearing. You may also confirm the date and time of the Settlement Hearing by contacting Lead Counsel.

83. The Settlement Hearing will be held on **June 7, 2018 at 4:30 p.m.**, before the Honorable John G. Koeltl at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 14A, 500 Pearl Street, New York, NY 10007, to determine, among other things, (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against the Settling Defendants and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iii) whether the terms and conditions of the issuance of the Settlement Shares pursuant to an exemption from registration requirements under Section 3(a)(10) of the Securities Act are fair to all persons and entities to whom the shares will be issued; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

84. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below **on or before May 17, 2018**. You must also serve the papers on Lead Counsel and on Representative Settling Defendants' Counsel (defined below) at the addresses set forth below so that the papers are *received* **on or before May 17, 2018.**

| **Clerk's Office** | **Lead Counsel** | **Representative Settling Defendants' Counsel** |
|---|---|---|
| Office of the Clerk<br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan<br> United States Courthouse<br>500 Pearl Street<br>New York, NY 10007-1312 | Bernstein Litowitz Berger &<br> Grossmann LLP<br>John C. Browne, Esq.<br>1251 Avenue of the Americas,<br> 44th Floor<br>New York, NY 10020 | Jones Day<br>Robert C. Micheletto, Esq.<br>250 Vesey Street<br>New York, NY 10281 |

85. Any objection (i) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (ii) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (iii) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of comScore common stock that the person or entity requesting exclusion purchased/acquired and sold during the period between February 11, 2014 and November 23, 2016, inclusive (including any shares of comScore common stock acquired as a result of the Merger between comScore and Rentrak consummated on January 29, 2016), as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares of comScore common stock held as of the opening of trading on February 11, 2014. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

86. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection, unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

87. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Representative Settling Defendants' Counsel at the addresses set forth in ¶ 84 above, so that it is **received on or before May 17, 2018**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

88. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Representative Settling Defendants' Counsel at the addresses set forth in ¶ 84 above so that the notice is **received on or before May 17, 2018**.

89. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT OR ACQUIRED SHARES ON SOMEONE ELSE'S BEHALF?

90. If you purchased or otherwise acquired comScore common stock during the Class Period (*i.e.*, between February 11, 2014 and November 23, 2016, inclusive), including any shares of comScore common stock acquired as a result of the Merger between comScore and Rentrak consummated on January 29, 2016, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to comScore Securities Litigation, c/o JND Legal Administration, P.O. Box 91346, Seattle, WA 98111. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.comScoreSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-833-609-9715, or by emailing the Claims Administrator at info@comScoreSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

91. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.comScoreSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| comScore Securities Litigation | and/or | John C. Browne, Esq. |
|---|---|---|
| c/o JND Legal Administration | | BERNSTEIN LITOWITZ |
| P.O. Box 91346 | | BERGER & GROSSMANN LLP |
| Seattle, WA 98111 | | 1251 Avenue of the Americas |
| 1-833-609-9715 | | New York, NY 10020 |
| info@comScoreSecuritiesLitigation.com | | 1-800-380-8496 |
| www.comScoreSecuritiesLitigation.com | | blbg@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, COMSCORE, RENTRAK, ANY OF THE OTHER DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: March 13, 2018

By Order of the Court
United States District Court
Southern District of New York

**TABLE A-1**

**Estimated Artificial Inflation from February 11, 2014
through and including November 23, 2016
With Respect to Purchases/Acquisitions of comScore Common Stock**

| Purchase/Acquisition Transaction Date | Artificial Inflation Per Share |
|---|:---:|
| February 11, 2014 - August 30, 2015 | $32.78 |
| August 31, 2015: purchased/acquired before 12:37 p.m. New York time | $32.78 |
| August 31, 2015: purchased/acquired at or after 12:37 p.m. New York time | $24.44 |
| September 1, 2015 | $24.44 |
| September 2, 2015 - February 29, 2016 | $24.44 |
| March 1, 2016 - March 6, 2016 | $21.97 |
| March 7, 2016 - June 27, 2016 | $8.00 |
| June 28, 2016 - November 23, 2016 | $1.71 |

**TABLE A-2**

**Estimated Artificial Inflation from February 11, 2014
through and including November 23, 2016
With Respect to Sales of comScore Common Stock**

| Sale Transaction Date | Artificial Inflation Per Share |
|---|:---:|
| February 11, 2014 - August 30, 2015 | $32.78 |
| August 31, 2015: sold before 12:37 p.m. New York time | $32.78 |
| August 31, 2015: sold at or after 12:37 p.m. New York time | $31.88 |
| September 1, 2015 | $29.20 |
| September 2, 2015 - February 29, 2016 | $24.44 |
| March 1, 2016 - March 6, 2016 | $21.97 |
| March 7, 2016 - June 27, 2016 | $8.00 |
| June 28, 2016 - November 23, 2016 | $1.71 |

**TABLE B**

**90-Day Look-Back Table for comScore Common Stock**
(comScore Closing Price and Average Closing Price
November 25, 2016 – February 22, 2017)

| Date | Closing Price | Average Closing Price Between 11/25/2016 and Date Shown | Date | Closing Price | Average Closing Price Between 11/25/2016 and Date Shown |
|---|---|---|---|---|---|
| 11/25/2016 | $28.94 | $28.94 | 1/10/2017 | $33.16 | $31.64 |
| 11/28/2016 | $28.76 | $28.85 | 1/11/2017 | $32.75 | $31.68 |
| 11/29/2016 | $29.15 | $28.95 | 1/12/2017 | $32.11 | $31.69 |
| 11/30/2016 | $29.04 | $28.97 | 1/13/2017 | $32.51 | $31.72 |
| 12/1/2016 | $28.70 | $28.92 | 1/17/2017 | $32.13 | $31.73 |
| 12/2/2016 | $28.95 | $28.92 | 1/18/2017 | $32.34 | $31.75 |
| 12/5/2016 | $29.16 | $28.96 | 1/19/2017 | $31.97 | $31.75 |
| 12/6/2016 | $30.07 | $29.10 | 1/20/2017 | $32.26 | $31.76 |
| 12/7/2016 | $30.17 | $29.22 | 1/23/2017 | $31.80 | $31.77 |
| 12/8/2016 | $31.85 | $29.48 | 1/24/2017 | $32.31 | $31.78 |
| 12/9/2016 | $32.74 | $29.78 | 1/25/2017 | $32.86 | $31.81 |
| 12/12/2016 | $31.99 | $29.96 | 1/26/2017 | $32.66 | $31.83 |
| 12/13/2016 | $32.17 | $30.13 | 1/27/2017 | $33.03 | $31.85 |
| 12/14/2016 | $32.44 | $30.30 | 1/30/2017 | $32.88 | $31.88 |
| 12/15/2016 | $32.87 | $30.47 | 1/31/2017 | $33.55 | $31.91 |
| 12/16/2016 | $32.86 | $30.62 | 2/1/2017 | $32.95 | $31.94 |
| 12/19/2016 | $33.98 | $30.81 | 2/2/2017 | $32.40 | $31.95 |
| 12/20/2016 | $34.50 | $31.02 | 2/3/2017 | $32.44 | $31.96 |
| 12/21/2016 | $33.38 | $31.14 | 2/6/2017 | $23.22 | $31.78 |
| 12/22/2016 | $32.52 | $31.21 | 2/7/2017 | $22.86 | $31.60 |
| 12/23/2016 | $32.67 | $31.28 | 2/8/2017 | $22.98 | $31.43 |
| 12/27/2016 | $32.54 | $31.34 | 2/9/2017 | $23.50 | $31.28 |
| 12/28/2016 | $31.96 | $31.37 | 2/10/2017 | $22.81 | $31.12 |
| 12/29/2016 | $31.86 | $31.39 | 2/13/2017 | $22.80 | $30.96 |
| 12/30/2016 | $31.58 | $31.39 | 2/14/2017 | $21.95 | $30.80 |
| 1/3/2017 | $31.79 | $31.41 | 2/15/2017 | $22.49 | $30.65 |
| 1/4/2017 | $32.61 | $31.45 | 2/16/2017 | $23.15 | $30.52 |
| 1/5/2017 | $33.00 | $31.51 | 2/17/2017 | $24.30 | $30.41 |
| 1/6/2017 | $32.68 | $31.55 | 2/21/2017 | $24.42 | $30.31 |
| 1/9/2017 | $32.89 | $31.59 | 2/22/2017 | $24.05 | $30.21 |