# Supplemental Exhibit 11A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| IN RE IMPINJ, INC. SECURITIES LITIGATION | No. 3:18-cv-05704-RSL <br><br> CLASS ACTION |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND**
**PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING;**
**AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action" or the "Federal Action") pending in the United States District Court for the Western District of Washington (the "Court"), if you purchased or otherwise acquired the publicly traded common stock of Impinj, Inc. ("Impinj") during the period from July 21, 2016 through February 15, 2018, inclusive (the "Class Period"), and were damaged thereby.[1]

NOTICE OF SETTLEMENT:  The Parties have reached a proposed settlement for $20,000,000 in cash (the "Settlement") for the benefit of the Settlement Class (as defined in ¶ 22 below), which is subject to approval by the Court.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, Impinj, the other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 68 below).**

1.     **Description of the Actions and the Settlement Class**:  This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that Impinj and certain of its officers, Chris Diorio, Evan Fein, and Eric Brodersen (collectively, the "Individual Defendants," and, together with Impinj, "Defendants") violated the federal securities laws by making false and misleading statements concerning the Impinj Platform.  The proposed Settlement will also resolve claims asserted in a related action brought in New York State Supreme Court relating to shares of Impinj common stock that were sold in the Company's July 21, 2016 initial public offering or its December 2, 2016 secondary public offering (the "New York Action" and, together with the Action, the "Actions").  A more detailed description of the Actions is set forth in ¶¶ 11-21 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 22 below.

2.     **Statement of the Settlement Class's Recovery**:  Subject to Court approval, Lead Plaintiff, Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for $20,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court.  The Settlement will also resolve the claims asserted by the plaintiff in the New York Action, Plymouth County Retirement System (collectively, with Lead Plaintiff, "Plaintiffs").  The proposed plan of allocation (the "Plan of Allocation") is set forth in Appendix A at the end of

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 9, 2020 (the "Stipulation").  The Stipulation is available at www.ImpinjSecuritiesLitigation.com.

this Notice.  The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.

3.    **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiff's damages expert's estimate of the number of shares of Impinj common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.73 per affected share.  Settlement Class Members should note, however, that the foregoing average recovery is only an estimate.  Some Settlement Class Members may recover more or less than the estimated amount depending on, among other factors, when and at what prices they purchased or sold their shares, and the total number and value of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share of Impinj common stock that would be recoverable if Plaintiffs were to prevail in the Actions.  Among other things, Defendants vigorously deny the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their alleged conduct.

5.    **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Actions on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute the Actions.[2]  Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.  In addition, Lead Counsel will apply for payment of Litigation Expenses paid or incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the Actions in an amount not to exceed $275,000, which may include an application for payment of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78(a)(4).  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.19 per affected share.

6.    **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Settlement Class are represented by Jonathan D. Uslaner of Bernstein Litowitz Berger & Grossmann LLP, 2121 Avenue of the Stars, Suite 2575, Los Angeles, CA 90067, 1-800-380-8496, settlements@blbglaw.com.

7.    **Reasons for the Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery for the Settlement Class without the risk or the delays inherent in further litigation. The substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN NOVEMBER 27, 2020.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 32 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 33 below), so it is in your interest to submit a Claim Form. |

---

[2] Plaintiffs' Counsel include (i) Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel"), (ii) liaison counsel in the Federal Action, Byrnes Keller Cromwell LLP, and (iii) counsel for the New York Action Plaintiff, Thornton Law Firm LLP, Hedin Hall LLP, and Scott + Scott Attorneys at Law LLP.

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 29, 2020.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 29, 2020.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON NOVEMBER 19, 2020 AT 1:30 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 29, 2020.** | Filing a written objection and notice of intention to appear by October 29, 2020 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. In the Court's discretion, the November 19, 2020 hearing may be conducted by telephone or video conference (*see* ¶ 56 below). If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form or request for exclusion, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| |
|---|
| **WHAT THIS NOTICE CONTAINS** |

Why Did I Get This Notice?                                                          Page 4
What Is This Case About?                                                           Page 4
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class?                                        Page 5
What Are Plaintiffs' Reasons For The Settlement?                                  Page 6
What Might Happen If There Were No Settlement?                                     Page 6
How Are Settlement Class Members Affected By The Action
   And The Settlement?                                                             Page 6
How Do I Participate In The Settlement?  What Do I Need To Do?                     Page 8
How Much Will My Payment Be?                                                      Page 8
What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid?                                                   Page 9
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself?                                                        Page 9
When And Where Will The Court Decide Whether To Approve The
   Settlement? Do I Have To Come To The Hearing?  May I Speak At
   The Hearing If I Don't Like The Settlement?                                     Page 10
What If I Bought Shares On Someone Else's Behalf?                                 Page 11
Can I See The Court File?  Whom Should I Contact If I Have
   Questions?                                                                      Page 12
Appendix A – Proposed Plan of Allocation                                          Page 13

| WHY DID I GET THIS NOTICE? |
|---|

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Impinj common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 56-57 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11.    Impinj is a technology company whose common stock trades on the Nasdaq under the ticker symbol "PI."  During the Class Period, Impinj's primary business consisted of selling products within the "Impinj Platform," a hardware and software system that uses radio frequency identification ("RFID") technology to assist companies with inventory management.

12.    In August 2018 and October 2018, two class action complaints were filed in the Court alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Defendants.  On January 14, 2019, the Court entered an order consolidating these two actions into the Action, ordered that the Action be captioned *In re Impinj, Inc. Securities Litigation*, No. 3:18-cv-05704-RSL, appointed the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge as Lead Plaintiff for the Action, and approved Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel and Byrnes Keller Cromwell LLP as liaison counsel.

13.    On January 31, 2019, Plymouth County Retirement System filed a class action complaint in New York State Supreme Court entitled *Plymouth County Retirement System v. Impinj, Inc. et al.*, Index No. 650629/2019 (N.Y. Supreme Ct. N.Y. County) (the "New York Action").  The New York Action alleged claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") based on purchases of Impinj common stock in or traceable to the Company's July 21, 2016 Initial Public Offering ("IPO") or its December 2, 2016 Secondary Public Offering ("SPO") against Defendants, as well as other directors of Impinj and the underwriters of the IPO and SPO.

14.    On February 13, 2019, Lead Plaintiff filed and served the Consolidated Class Action Complaint (the "Complaint") in the Federal Action asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  The Complaint alleged that, during the Class Period, Defendants made materially false and misleading statements or material omissions about the capabilities of the Impinj Platform.  The Complaint further alleged that the price of Impinj common stock was inflated during the Class Period as a result of Defendants' misstatements and omissions and declined when the truth was revealed through a series of disclosures from August 3, 2017 through February 15, 2018.

15.    On March 15, 2019, the parties to the New York Action entered into a Stipulation to stay the New York Action.  On April 15, 2019, the court overseeing the New York Action so-ordered the Stipulation in relevant part.

16.    On March 19, 2019, Defendants served and filed a motion to dismiss the Complaint in the Federal Action.  On April 9, 2019, Lead Plaintiff served its memorandum of law in opposition to this motion and, on April 30, 2019, Defendants served their reply papers.  The Court held oral argument on the motion on September 24, 2019.

17.    On October 4, 2019, the Court issued an Order granting in part and denying in part Defendants' motion to dismiss the Complaint.  On November 15, 2019, Defendants filed and served their Answer to the Complaint.

18.    Discovery in the Action commenced in October 2019.  Lead Plaintiff and Defendants prepared and exchanged initial disclosures, requests for production of documents, and interrogatories.  Lead Plaintiff exchanged numerous letters with Defendants concerning discovery issues, and served document subpoenas on nine third parties.  Defendants and third parties produced a total of over 450,000 pages of documents to Lead Plaintiff, and Lead Plaintiff produced over 5,800 pages of documents to Defendants in response to their requests.

19.    After the resolution of Defendants' motion to dismiss the Complaint and while discovery in the Federal Action was underway, the Parties agreed to engage in private mediation in an attempt to resolve the Actions and further agreed to the appointment of Michelle Yoshida of Phillips ADR to act as mediator.  A mediation session before Ms. Yoshida was held by videoconference on May 28, 2020.  No agreement was reached at the mediation session, but following the mediation, Ms. Yoshida issued a double-blind mediator's recommendation that the Actions be settled for $20,000,000.  On June 10, 2020, Ms. Yoshida informed the Parties that both Plaintiffs and Defendants had accepted the recommendation.

20.    On July 9, 2020, the Parties entered into the Stipulation and Agreement of Settlement, which sets forth the terms and conditions of the Settlement.  The Stipulation is available at www.ImpinjSecuritiesLitigation.com.

21.    On July 29, 2020, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
### WHO IS INCLUDED IN THE SETTLEMENT CLASS?

---

22.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities (including, without limitation, their beneficiaries) who purchased or otherwise acquired the publicly traded common stock of Impinj during the period of July 21, 2016 through February 15, 2018, inclusive (the "Class Period"), and were damaged thereby.

The Settlement Class includes, but is not limited to, those persons and entities who purchased or otherwise acquired their Impinj common stock in, pursuant to, or traceable to the Company's July 21, 2016 initial public offering or December 2, 2016 secondary public offering during the Class Period and were damaged thereby.

Excluded from the Settlement Class are (i) Defendants; (ii) members of the Immediate Families of the Individual Defendants; (iii) any person who is or was an Officer or director of Impinj who served in such capacities during the Class Period; (iv) the defendants in the New York Action; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Impinj; (vii) all Impinj employee plans that are covered by ERISA; (viii) any entity which Defendants or other excluded persons controlled or in which they have a controlling interest, provided however, that any Investment Vehicle[3] shall not be excluded by definition; and (ix) the legal representatives, agents, affiliates, heirs, successors, or assigns of any such excluded person or entity, in their capacity as such.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" on page 9 below.

**PLEASE NOTE:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement.**

---

[3] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which any person excluded from the Settlement Class by definition (including underwriters who were defendants in the New York Action) has or may have a direct or indirect interest or as to which it or its affiliates may act as an investment advisor but in which the excluded person or entity is not a majority owner or does not hold a majority beneficial interest.

**If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice, and the required supporting documentation as set forth therein, postmarked no later than November 27, 2020.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|:---:|

23.    Plaintiffs and their counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages.  For example, those risks include challenges in establishing that Defendants' statements about the Impinj Platform were false or misleading.  Defendants have contended—and would have contended at summary judgment or trial—that their statements about the Impinj Platform were not false or misleading when made or were inactionable statements of "puffery."  With respect to the Exchange Act claims asserted by Lead Plaintiff, there were additional challenges in proving that Defendants knew that the statements were false or were reckless in making them.  Defendants would argue that the statements at issue were not made with intent to mislead and that they had no motive to engage in the alleged fraud.

24.    Plaintiffs also faced risks relating to loss causation and damages.  Defendants would have contended at summary judgment and trial that Plaintiffs could not establish a causal connection between the alleged misrepresentations and the losses investors allegedly suffered, as required by law.

25.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Plaintiffs and Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.  Plaintiffs and Plaintiffs' Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $20,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

26.    Defendants have vigorously denied and continue to deny each and all of the claims asserted against them in the Action and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|:---:|

27.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED<br>BY THE ACTION AND THE SETTLEMENT? |
|:---:|

28.    As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf as provided in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

29.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," below.

30.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement

Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

31.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims in the Action against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 32 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 33 below), and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees. In addition, upon the Effective Date of the Settlement, the New York Action will also be dismissed with prejudice.

32.    "Released Plaintiffs' Claims" means any and all Claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that have been, could have been, or in the future can or might be asserted in this Action, the New York Action, or in any other action, court, or forum by any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, against the Defendants' Releasees arising out of, relating to, or in connection with both (a) the purchase or acquisition of publicly traded Impinj common stock during the Class Period and (b) the acts, facts, events, transactions, occurrences, statements, representations, or omissions that were alleged or asserted by Plaintiffs or any member of the Settlement Class in the Actions, or that otherwise would have been barred by res judicata had the Actions been fully litigated to a final judgment. For the avoidance of doubt, this release does not release or impair (i) any Claims asserted on behalf of the Company in the three consolidated shareholder derivative actions pending in the United States District Court for the District of Delaware under the consolidated caption *In re Impinj, Inc. Derivative Litigation*, Lead Case No. 18-cv-01686-RGA (D. Del.); or (ii) any Claims relating to the enforcement of the Settlement.

33.    "Defendants' Releasees" means Defendants and the defendants in the New York Action—namely Impinj, Inc., Chris Diorio, Evan Fein, Eric Brodersen, Peter van Oppen, Tom A. Alberg, Clinton Bybee, Gregory Sessler, Theresa Wise, RBC Capital Markets, LLC, KeyBanc Capital Markets Inc. (formerly Pacific Crest Securities, Inc.), Piper Jaffray & Co., Needham & Company, LLC, Canaccord Genuity Inc., and Morgan Stanley & Co. LLC—and their present and former parents, subsidiaries, divisions, departments, affiliates, stockholders, partners, officers, directors, employees, members, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors, banks or investment bankers, personal or legal representatives, predecessors, successors, assigns, spouses, heirs, related or affiliated entities, marital communities, any entity in which a Defendant or a defendant in the New York Action has a controlling interest, any member of an Individual Defendant's or defendant in the New York Action's Immediate Family, or any trust of which any Individual Defendant or defendant in the New York Action is the settler or which is for the benefit of any Defendant or defendant in the New York Action and/or member(s) of his or her Immediate Family.

34.    "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

35.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities

as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 36 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 37 below), and will forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

36.    "Released Defendants' Claims" means all Claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the Claims asserted in the Actions against Defendants. Released Defendants' Claims do not include: (i) any Claims relating to the enforcement of the Settlement; or (ii) any Claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

37.    "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Actions, and all other Settlement Class Members, and their present and former parents, subsidiaries, divisions, departments, affiliates, stockholders, partners, officers, directors, employees, members, principals, agents, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors, banks or investment bankers, personal or legal representatives, predecessors, successors, assigns, spouses, heirs, related or affiliated entities, marital communities, any entity in which a Settlement Class Member has a controlling interest, any member of a Settlement Class Member's Immediate Family, or any trust of which any Settlement Class Member is the settler or which is for the benefit of any Settlement Class Member and/or member(s) of his or his Immediate Family.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

38.    To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked* no later than November 27, 2020**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.ImpinjSecuritiesLitigation.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-869-0158 or by emailing the Claims Administrator at info@ImpinjSecuritiesLitigation.com. Please retain all records of your ownership of and transactions in Impinj common stock, as they will be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in Impinj common stock.

39.    If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

40.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

41.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid a total of $20,000,000 in cash (the "Settlement Amount"). The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

42.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

43.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, any actions of the Escrow Agent, or the Plan of Allocation.

44.    Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

45.    Unless the Court otherwise orders, any Settlement Class Member who or which fails to submit a Claim Form postmarked on or before November 27, 2020 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Settlement Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 32 above) against the Defendants' Releasees (as defined in ¶ 33 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

46.    Participants in, and beneficiaries of, any Impinj employee benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Impinj common stock held through the ERISA Plan in any Claim Form that they submit in this Action.

47.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

48.    Only members of the Settlement Class will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible for a payment and should not submit Claim Forms.  The only security that is included in the Settlement is Impinj common stock.

49.    **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Plaintiffs.  At the Settlement Hearing, Plaintiffs will request that the Court approve the Plan of Allocation.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
|---|

50.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been paid for their litigation expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses paid or incurred by Plaintiffs' Counsel in an amount not to exceed $275,000, which may include an application for the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class, pursuant to 15 U.S.C. § 78(a)(4) of the PSLRA.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF? |
|---|

51.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Impinj Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217.  The Request for Exclusion must be *received* **no later than October 29, 2020**.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Impinj, Inc. Securities Litigation*, No. 3:18-cv-05704-RSL (W.D. Wash.)"; and (iii) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.  If you exclude yourself from the Settlement Class, you should understand that Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

52.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

53.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

54.   Impinj has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
> **DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

55.   **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

56.   Please Note: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class.  In addition, the ongoing COVID-19 health emergency is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone or video, without further written notice to the Settlement Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.ImpinjSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.ImpinjSecuritiesLitigation.com.  Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information needed to access the conference will be posted to the Settlement website, www.ImpinjSecuritiesLitigation.com.**

57.   The Settlement Hearing will be held on **November 19, 2020 at 1:30 p.m. Pacific time**, before the Honorable Robert S. Lasnik either in person at the United States District Court for the Western District of Washington, Courtroom 15106, United States Courthouse, 700 Stewart Street, Seattle, WA 98101, or by telephone or videoconference (in the discretion of the Court). At the hearing, the Court will determine, among other things, (i) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (ii) whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; (v) whether Lead Counsel's motion for attorneys' fees and Litigation Expenses should be approved; and (vi) any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to certify the Settlement Class; approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses; and/or consider any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

58.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Objections must be in writing.  To object, you must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Western District of Washington at the address set forth below **on or before October 29, 2020**.

**Clerk's Office**

United States District Court
Western District of Washington
United States Courthouse
700 Stewart Street
Seattle, WA 98101

59.    Any objection must (i) identify the case name and docket number, *In re Impinj, Inc. Securities Litigation*, No. 3:18-cv-05704-RSL; (ii) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (iii) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (iv) include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Impinj common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on July 21, 2016 and (B) purchased/acquired and/or sold during the Class Period (*i.e.*, from July 21, 2016 through February 15, 2018, inclusive).  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

60.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file a written objection in accordance with the procedures described above, unless the Court orders otherwise.

61.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, assuming you timely file a written objection as described above, you must also file a notice of appearance with the Clerk's Office at the address set forth in ¶ 58 above so that it is *received* **on or before October 29, 2020**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or videoconference, with or without the filing of written objections.

62.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court so that the notice is *received* **on or before October 29, 2020**.

63.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

64.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval**.

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
| --- |

65.    If you purchased or otherwise acquired publicly traded Impinj common stock during the period from July 21, 2016 through February 15, 2018, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and email addresses (if available) of all such beneficial owners to *Impinj Securities Litigation*, c/o A.B. Data, Ltd., Attn: Fulfillment Dept., P.O. Box 173051, Milwaukee, WI 53217.

66.    If you choose the first option, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the list of names and addresses for use in connection with any possible future notice to

the Settlement Class.  If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners.

67.    Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.ImpinjSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-877-869-0158, or by emailing the Claims Administrator at info@ImpinjSecuritiesLitigation.com.

---

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

---

68.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Western District of Washington, United States Courthouse, 700 Stewart Street, Seattle, WA 98101.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement website, www.ImpinjSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| *Impinj Securities Litigation* | and/or | Jonathan D. Uslaner, Esq. |
|---|---|---|
| c/o A.B. Data, Ltd. | | Bernstein Litowitz Berger |
| P.O. Box 173051 | | & Grossmann LLP |
| Milwaukee, WI 53217 | | 2121 Avenue of the Stars, Suite 2575 |
| | | Los Angeles, CA 90067 |
| 1-877-869-0158 | | |
| info@ImpinjSecuritiesLitigation.com | | 1-800-380-8496 |
| www.ImpinjSecuritiesLitigation.com | | settlements@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: August 19, 2020                            By Order of the Court
                                                  United States District Court
                                                  Western District of Washington

## APPENDIX A

## PROPOSED PLAN OF ALLOCATION

1.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a proximate result of the alleged violations of the federal securities laws. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

2.    In developing the Plan of Allocation in conjunction with Lead Counsel, Lead Plaintiff's damages expert calculated the estimated amount of artificial inflation in the price of Impinj common stock allegedly caused by Defendants' alleged false and misleading statements and material omissions.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in the stock in reaction to the public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes on that day that were attributable to market or industry forces and based on assumptions related to the case provided by Lead Counsel.

3.    For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the Impinj common stock.  In the Action, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the period from July 21, 2016 through February 15, 2018, inclusive, which had the effect of artificially inflating the price of Impinj common stock. Lead Plaintiff further alleges that corrective information was released to the market on: August 3, 2017, November 1, 2017, February 1, 2018, and February 15, 2018, which partially removed the artificial inflation from the price of Impinj common stock on:  August 4, 2017, November 2, 2017, February 2, 2018, and February 16, 2018.

4.    Recognized Loss Amounts for transactions in Impinj common stock are calculated under the Plan of Allocation based primarily on the difference in the amount of alleged artificial inflation in the price of Impinj common stock at the time of purchase and the time of sale, as limited by the dollar amount of loss measure at each corrective disclosure, or the difference between the actual purchase price and sale price.  In order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who purchased or otherwise acquired Impinj common stock prior to the first corrective disclosure, which occurred after the close of the financial markets on August 3, 2017, must have held his, her, or its shares of Impinj common stock through at least the close of trading on August 3, 2017.  A Settlement Class Member who purchased or otherwise acquired publicly traded Impinj common stock from August 4, 2017 through and including February 15, 2018, must have held those shares through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Impinj common stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

5.    Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of Impinj common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, the Recognized Loss Amount for that transaction will be zero.

6.    For each share of publicly traded Impinj common stock purchased or otherwise acquired during the period from July 21, 2016 through February 15, 2018, inclusive, and

    a) sold before the close of trading on August 3, 2017, the Recognized Loss Amount is zero;

    b) sold from August 4, 2017 through the close of trading on February 15, 2018, the Recognized Loss Amount is **the least of:** (i) (x) the percentage amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A multiplied by the purchase price *minus* (y) the percentage amount of artificial inflation per share on the date of sale as stated in Table A multiplied by the sale price; (ii) the loss limit amount on the date of purchase/acquisition as stated in Table A *minus* the loss limit amount on the date of sale as stated in Table A; or (iii) the purchase price *minus* the sale price;

    c) sold from February 16, 2018 through the close of trading on May 16, 2018, the Recognized Loss Amount is **the least of:** (i) the percentage amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A multiplied by the purchase price; (ii) the loss limit amount on the date of purchase/acquisition as stated

in Table A; (iii) the purchase price *minus* the sale price; or (iv) the purchase price *less* the average closing price per share applicable to the date of sale as stated in Table B;

   d) held at the end of trading on May 16, 2018, the Recognized Loss Amount is equal to **the least of:** (i) the percentage amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A multiplied by the purchase price; (ii) the loss limit amount on the date of purchase/acquisition as stated in Table A; or (iii) the purchase price per share *less* $13.59.[4]

7.     For shares of Impinj common stock that were purchased in Impinj's Initial Public Offering (which occurred on July 21, 2016) or its Secondary Public Offering (which occurred on or about December 2, 2016), the Recognized Loss Amount for those purchases will be increased by 10%. Specifically, the Recognized Loss Amount calculated above in paragraph 6 for these purchases will be multiplied by 1.1. Shares purchased in these offerings will receive this enhancement to their Recognized Loss Amount because the investors who purchased Impinj common stock in those offerings possessed claims under the Securities Act which were not possessed by other members of the Settlement Class, and these Securities Act claims would have been easier to prove at trial because they do not require that plaintiffs prove defendants' fraudulent intent or that the misstatements caused the loss.

## ADDITIONAL PROVISIONS

8.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 16 below) is $10.00 or greater.

9.     **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all purchases or acquisitions of publicly traded Impinj common stock during the Class Period.

10.     **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of Impinj common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings of Impinj common stock at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

11.     **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

12.     **"Purchase/Sale" Dates:** Purchases, acquisitions, and sales of Impinj common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. However, the receipt or grant by gift, inheritance, or operation of law of Impinj common stock during the Class Period shall not be deemed an eligible purchase, acquisition, or sale for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the stock unless (i) the donor or decedent purchased or acquired the Impinj common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

13.     **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase of the Impinj common stock. The date of a "short sale" is deemed to be the date of sale of the Impinj common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

---

[4] Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." This 90-day period is known as the "90-day look-back period." The average (mean) closing price of Impinj common stock during the 90-day look-back period from February 16, 2018 through May 16, 2018, inclusive, was $13.59.

14.    In the event that a Claimant has an opening short position in Impinj common stock, the earliest purchases or acquisitions of Impinj common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

15.    **Shares Purchased/Sold Through the Exercise of Options:**  Option contracts are not securities eligible to participate in the Settlement.  With respect to shares of Impinj common stock purchased or sold through the exercise of an option, the purchase/sale date of the Impinj common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

16.    **Determination of Distribution Amount:**  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

17.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

19.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith

20.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with Lead Plaintiff's damages expert.  The Court may approve this Plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.ImpinjSecuritiesLitigation.com.

**TABLE A**

**Estimated Percent Artificial Inflation and Loss Limit Per Share with Respect to
Publicly Traded Impinj Common Stock from July 21, 2016 through February 15, 2018**

| Date Range | Percent Artificial Inflation Per Share | Loss Limit Per Share |
|---|---|---|
| July 21, 2016 – August 3, 2017 | 76.34% | $34.29 |
| August 4, 2017 – November 1, 2017 | 69.64% | $23.70 |
| November 2, 2017 – February 1, 2018 | 53.56% | $12.34 |
| February 2, 2018 – February 15, 2018 | 17.36% | $2.33 |
| After February 15, 2018 | 0.00% | $0.00 |

**TABLE B**

**90-Day Look-Back Table for Impinj Common Stock
(Average Closing Price: February 16, 2018 – May 16, 2018)**

| Date | Average Closing Price from February 16, 2018 through Date | Date | Average Closing Price from February 16, 2018 through Date | Date | Average Closing Price from February 16, 2018 through Date |
|---|---|---|---|---|---|
| 2/16/2018 | $11.07 | 3/20/2018 | $13.22 | 4/19/2018 | $13.20 |
| 2/20/2018 | $11.56 | 3/21/2018 | $13.25 | 4/20/2018 | $13.20 |
| 2/21/2018 | $11.76 | 3/22/2018 | $13.24 | 4/23/2018 | $13.19 |
| 2/22/2018 | $11.95 | 3/23/2018 | $13.23 | 4/24/2018 | $13.18 |
| 2/23/2018 | $12.13 | 3/26/2018 | $13.22 | 4/25/2018 | $13.17 |
| 2/26/2018 | $12.28 | 3/27/2018 | $13.21 | 4/26/2018 | $13.15 |
| 2/27/2018 | $12.47 | 3/28/2018 | $13.19 | 4/27/2018 | $13.12 |
| 2/28/2018 | $12.50 | 3/29/2018 | $13.19 | 4/30/2018 | $13.10 |
| 3/1/2018 | $12.58 | 4/2/2018 | $13.17 | 5/1/2018 | $13.09 |
| 3/2/2018 | $12.65 | 4/3/2018 | $13.16 | 5/2/2018 | $13.08 |
| 3/5/2018 | $12.76 | 4/4/2018 | $13.15 | 5/3/2018 | $13.07 |
| 3/6/2018 | $12.83 | 4/5/2018 | $13.14 | 5/4/2018 | $13.07 |
| 3/7/2018 | $12.90 | 4/6/2018 | $13.13 | 5/7/2018 | $13.08 |
| 3/8/2018 | $13.00 | 4/9/2018 | $13.11 | 5/8/2018 | $13.16 |
| 3/9/2018 | $13.04 | 4/10/2018 | $13.10 | 5/9/2018 | $13.24 |
| 3/12/2018 | $13.10 | 4/11/2018 | $13.11 | 5/10/2018 | $13.33 |
| 3/13/2018 | $13.13 | 4/12/2018 | $13.14 | 5/11/2018 | $13.40 |
| 3/14/2018 | $13.16 | 4/13/2018 | $13.15 | 5/14/2018 | $13.47 |
| 3/15/2018 | $13.17 | 4/16/2018 | $13.15 | 5/15/2018 | $13.53 |
| 3/16/2018 | $13.19 | 4/17/2018 | $13.17 | 5/16/2018 | $13.59 |
| 3/19/2018 | $13.21 | 4/18/2018 | $13.19 | | |