# Supplemental Exhibit 13

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| IN RE AMERICAN APPAREL, INC. SHAREHOLDER LITIGATION<br><br>This Document Relates To: All Actions | Case No. CV-10-6352 MMM (JCG)<br><br>(**Consolidated**) |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES, AND SETTLEMENT FAIRNESS HEARING**

*A Federal Court authorized this Notice.*
*This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by a class action lawsuit (the "Action") pending in the United States District Court for the Central District of California (the "Court") if you purchased or otherwise acquired the publicly traded common stock of American Apparel, Inc. ("American Apparel" or the "Company") between November 28, 2007 and August 17, 2010, inclusive (the "Class Period").

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff Charles Rendelman, on behalf of himself and the Class (as defined in ¶1 below), has reached a proposed settlement of the Action with defendants American Apparel, Dov Charney ("Charney"), Adrian Kowalewski ("Kowalewski" and collectively with American Apparel and Charney, the "American Apparel Defendants"), Lion Capital LLP and Lion Capital (Americas) Inc. (collectively "Lion Capital") (collectively with the American Apparel Defendants, the "Defendants") for a total of $4.8 million in cash that will resolve all claims in the Action (the "Settlement").[1]

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  If you are a Class Member, your legal rights will be affected whether or not you act.**

1.    **Description of the Action and the Class**:  This Notice relates to a proposed Settlement of claims in a pending class action lawsuit brought by investors alleging that the price of American Apparel common stock was artificially inflated during the Class Period as a result of alleged false and misleading statements and omissions by the American Apparel Defendants during the Class Period concerning, *inter alia*, the Company's compliance with immigration laws and certain financials in the Company's 2009 Annual Statement.  The proposed Settlement, if approved by the Court, will settle claims of all persons and entities who purchased or otherwise acquired the publicly traded common stock of American Apparel between November 28, 2007 and August 17, 2010, inclusive (the "Class"), except for certain persons and entities who are excluded from the Class by definition (*see* ¶22 below) or who validly elect to exclude themselves from the Class (*see* ¶¶39-42 below).

2.    **Statement of the Class' Recovery**:  Subject to Court approval and, as described more fully below, Lead Plaintiff, on behalf of himself and the Class, has agreed to settle all Settled Claims (as defined in ¶31 below) against Defendants and the other Released Parties in exchange for a settlement payment of $4.8 million (the "Settlement Amount") to be deposited into an escrow account (the Settlement Amount, plus any interest earned thereon, is referred to in this Notice as the "Settlement Fund").  The Net Settlement Fund (the Settlement Fund less Taxes, Notice and Administration Costs, and attorneys' fees and Litigation Expenses awarded by the Court) will be allocated among members of the Class in accordance with a plan of allocation that is approved by the Court.  The proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.  The proposed Plan of Allocation may be modified by the Court without further notice.

3.    **Statement of Average Amount of Recovery Per Security**:  Lead Plaintiff's damages consultant estimates that approximately 30.6 million shares of American Apparel common stock purchased or otherwise acquired during the Class Period may have been affected by the conduct at issue in the Action.  If all Class Members elect to participate in the Settlement, the estimated average recovery per damaged share of

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated January 17, 2014 (the "Stipulation"), which is available on the website www.americanapparelshareholdersettlement.com.

American Apparel common stock would be approximately $0.16 before deduction of Court-awarded attorneys' fees and Litigation Expenses, as described below, and the costs of providing notice and administering the Settlement. Class Members should note, however, that this is only an estimate based on the overall number of potentially damaged shares. Some Class Members may recover more or less than the estimated amount per share. Class Member recoveries will depend on, among other things, the number of claims filed, the amount of American Apparel common stock purchased and/or acquired by the Class Member and the timing of such purchases and/or acquisitions, and the timing of the Class Member's sales, if any, of such American Apparel common stock.

4. **Statement of the Parties' Position on Damages:** Defendants deny all claims of wrongdoing, that they are liable to Lead Plaintiff and/or the Class or that Lead Plaintiff or other members of the Class suffered any injury. Moreover, the Parties do not agree on the amount of recoverable damages or on the average amount of damages per share of American Apparel common stock that would be recoverable if Lead Plaintiff was to prevail on each of his claims. The issues on which the Parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were material, false or misleading; and (2) whether Defendants are otherwise liable under the securities laws for those statements or omissions.

5. **Statement of Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Kessler Topaz Meltzer & Check, LLP, has litigated this Action on a wholly contingent basis since its inception and has conducted this litigation and advanced the expenses of litigation with the expectation that if it was successful in recovering money for the Class, it would receive fees and be reimbursed for its expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Amount, plus interest earned at the same rate as the Settlement Fund. Lead Counsel also will apply for the reimbursement of certain Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Action in an amount not to exceed $300,000, plus interest earned at the same rate as the Settlement Fund. In addition, Lead Plaintiff may seek reimbursement from the Settlement Fund in an amount not to exceed $6,600 for reasonable costs and expenses (including lost wages) in connection with his representation of the Class in accordance with 15 U.S.C. § 78u-4(a)(4). Assuming that all of the investors who purchased or otherwise acquired American Apparel common stock during the Class Period and were damaged as a result of the alleged conduct participate in the Settlement, and if the Court approves Lead Counsel's application for attorneys' fees and Litigation Expenses, Lead Counsel estimates that the average cost will be approximately $0.05 per damaged share of American Apparel common stock.

6. **Identification of Attorney Representative:** Lead Plaintiff and the Class are being represented by Kessler Topaz Meltzer & Check, LLP, the Court-appointed Lead Counsel. Any questions regarding the Settlement should be directed to the following representatives of Lead Counsel: Eli R. Greenstein, Esq. and Stacey M. Kaplan, Esq. of Kessler Topaz Meltzer & Check, LLP, One Sansome Street, Suite 1850, San Francisco, CA 94104, (415) 400-3000, info@ktmc.com, and Jennifer L. Enck, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, (610) 667-7706, info@ktmc.com.

7. **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial cash benefit payable to the Class now, without further risk or the delays inherent in further litigation. The significant cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial and likely appeals, a process that could last several years into the future. For Defendants, who deny all allegations of wrongdoing or liability whatsoever, the principal reason for entering into the Settlement is to eliminate the expense, risks, and uncertainty of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY SEPTEMBER 2, 2014.** | This is the only way to be eligible to receive a payment from the Settlement. If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Settled Claims (as defined in ¶31 below) that you have against Defendants and the other Released Parties (defined in ¶32 below), so, if you remain in the Class, it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN JULY 7, 2014.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that *potentially* allows you to ever bring or maintain your own lawsuit against the Defendants or the other Released Parties, or to be part of another lawsuit, concerning the Settled Claims. *See* ¶¶40-41 below. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN JULY 7, 2014.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's request for attorneys' fees and expenses, and/or Lead Plaintiff's request for reimbursement of expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense requests unless you are a Class Member and do not exclude yourself. |
| **GO TO THE HEARING ON JULY 28, 2014 AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN JULY 7, 2014.** | Filing a written objection and notice of intention to appear by July 7, 2014 allows you to speak in Court about the fairness of the proposed Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and expenses, and/or Lead Plaintiff's request for reimbursement of expenses. If you submit a written objection, you may (but do not have to) attend the hearing and speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a Claim Form by September 2, 2014, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|

Why Did I Get This Notice? ........................................................................................................ Page 4
What Is This Case About? ......................................................................................................... Page 5
How Do I Know If I Am Affected By The Settlement?.................................................................. Page 6
What Are Lead Plaintiff's Reasons For The Settlement? ........................................................... Page 6
What Might Happen If There Were No Settlement? ................................................................... Page 7
How Much Will My Payment Be?................................................................................................ Page 7
What Rights Am I Giving Up By Remaining In The Class? ......................................................... Page 7
What Payment Are The Attorneys For The Class Seeking?
    How Will The Lawyers Be Paid? ........................................................................................ Page 8
How Do I Participate In The Settlement? What Do I Need To Do? ............................................ Page 8
What If I Do Not Want To Participate In The Settlement?
    How Do I Exclude Myself? .................................................................................................. Page 8
When And Where Will The Court Decide Whether To Approve
    The Settlement? Do I Have To Come To The Hearing?
    May I Speak At The Hearing If I Don't Like The Settlement?............................................. Page 9
What If I Bought Shares On Someone Else's Behalf? ............................................................... Page 11
Can I See The Court File?
    Whom Should I Contact If I Have Questions? .................................................................... Page 11
Plan of Allocation ............................................................................................................ Appendix A

| WHY DID I GET THIS NOTICE? |
| --- |

8.    This Notice is being sent to you pursuant to an Order of the United States District Court for the Central District of California because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired American Apparel common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement of this case.  Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  In this Action, the Court has appointed Charles Rendelman to serve as "Lead Plaintiff" under a federal law governing lawsuits such as this one, and has appointed the law firm Kessler Topaz Meltzer & Check, LLP as Lead Counsel in the Action.  A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class.  (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Participate In the Settlement?  How Do I Exclude Myself?," on page 8 below.)

10.    The Court in charge of this case is the United States District Court for the Central District of California, and the case is known as *In re American Apparel, Inc. Shareholder Litigation*, Case No. CV-10-6352 MMM (JCG).  The Judge presiding over this case is the Honorable Margaret M. Morrow, United States District Judge.  The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the named plaintiff is referred to as the Lead Plaintiff and he is suing on behalf of himself and the Class, and the Defendants are American Apparel, Dov Charney, Adrian Kowalewski, Lion Capital LLP and Lion Capital (Americas) Inc.  If the Settlement is approved, it will resolve all claims in the Action by Class Members against Defendants and will bring the Action to an end.

11.    This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Fairness Hearing").

12.    The Settlement Fairness Hearing will be held on **July 28, 2014 at 10:00 a.m.**, before the Honorable Margaret M. Morrow, at the United States District Court for the Central District of California, U.S. Courthouse, 255 East Temple Street, Los Angeles, California  90012, to determine:

(a)    whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

(b)    whether the Settled Claims against the Defendants and the other Released Parties should be dismissed with prejudice as set forth in the Stipulation;

(c)    whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court;

(d)    whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court; and

(e)    whether Lead Plaintiff's application for reimbursement of reasonable costs and expenses (including lost wages) in connection with representing the Class should be approved by the Court.

13.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  Please be patient.

| WHAT IS THIS CASE ABOUT? |
| --- |

14.     The case concerns claims brought by investors alleging that the price of American Apparel common stock was artificially inflated during the Class Period as a result of alleged false and misleading statements and omissions by the American Apparel Defendants during the Class Period concerning, *inter alia*, the Company's compliance with immigration laws and certain financials in the Company's 2009 Annual Statement.

15.     Beginning on August 25, 2010, the following putative class action complaints were filed in the Court against American Apparel and certain of the other Defendants: *Anthony Andrade v. American Apparel, Inc., et al.*, No. 2:10-cv-06352-MMM-JCG; *Douglas Ormsby v. American Apparel, Inc., et al.*, No. 2:10-cv-06513-MMM; *James Costa v. American Apparel, Inc., et al.*, No. 2:10-cv-06516-MMM; and *Wesley Childs v. American Apparel, Inc., et al.*, No. 2:10-cv-06680-GW-JCG.    On December 3, 2010, the Court consolidated the foregoing cases under the caption *In re American Apparel, Inc. Shareholder Litigation*, Case No. CV-10-6352 MMM (RCx).    On March 15, 2011, the Court issued an order appointing Charles Rendelman as Lead Plaintiff and approving his selection of Kessler Topaz Meltzer & Check, LLP as Lead Counsel.

16.     On April 29, 2011, Lead Plaintiff filed his Consolidated Class Action Complaint for Violation of Federal Securities Laws ("Consolidated Complaint").    Lead Plaintiff asserted claims against the Defendants pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.    On May 31, 2011, Defendants moved to dismiss the Consolidated Complaint.    On September 12, 2011, the Court held a hearing on Defendants' motions to dismiss and issued a tentative order granting Defendants' motions.    On January 13, 2012, the Court issued its final order largely adopting its tentative ruling, but granting Lead Plaintiff leave to amend.

17.     On February 27, 2012, Lead Plaintiff filed his First Amended Complaint for Violation of Federal Securities Laws ("FAC").    On March 30, 2012, Defendants moved to dismiss the FAC.    On May 21, 2012, the Court issued its tentative opinion and heard oral argument on Defendants' motions.    On January 16, 2013, the Court issued a final order granting in part and denying in part Defendants' motions to dismiss.    By its order, the Court (i) upheld Lead Plaintiff's allegations regarding American Apparel Defendants' immigration compliance statements as to the Company only; (ii) dismissed Lead Plaintiff's allegations regarding the effects of the terminations and the Company's 2009 Annual Report; and (iii) granted Lead Plaintiff one final opportunity to amend.

18.     On February 15, 2013, Lead Plaintiff filed his Second Amended Class Action Complaint for Violation of Federal Securities Laws ("SAC" or "Complaint").    On March 15, 2013, Defendants moved to dismiss the SAC.    On June 3, 2013, the Court issued a tentative order and held oral argument on Defendants' motions.    On August 8, 2013, the Court issued its final order on Defendants' motions to dismiss.    By its order, the Court (i) upheld the SAC's allegations regarding immigration compliance statements as to the Company and the Individual Defendants and the SAC's allegations regarding the 2009 Annual Report statements as to the Company only; (ii) upheld control person allegations against Lion Capital (for the 2009 Annual Report statements only) and the Individual Defendants (for both sets of statements); and (iii) dismissed with prejudice the SAC's allegations regarding the effects of the terminations and the Company's compliance with its debt covenants.[2]

19.     The Parties thereafter engaged in mediation efforts with the assistance of an experienced mediator, including a formal mediation session and the submission of detailed mediation briefs.    The Parties reached a tentative agreement to settle the Action on October 24, 2013.

20.     Lead Counsel has conducted an extensive investigation into the claims and the underlying events and transactions alleged in the Action.    Lead Counsel has also researched the applicable law with respect to the claims of Lead Plaintiff and the Class against Defendants, as well as the potential defenses thereto.    In addition, Lead Counsel has conducted informal discovery in connection with the proposed Settlement.    Based upon the foregoing, Lead Counsel has concluded that the terms and conditions of the

---

[2]  The proposed Plan of Allocation attached as Appendix A hereto takes into account the Court's August 8, 2013 Order on Defendants' Motions to Dismiss the Complaint, which dismissed with prejudice claims relating to the American Apparel Defendants' statements between June 30, 2009 and March 30, 2010.  Because of the dismissal of these claims, it is far less likely that Lead Plaintiff could prevail on those claims.  Accordingly, as set forth in Table 1, 10% of the total estimated artificial inflation for the period July 1, 2009 through March 30, 2010 has been used to reflect the lesser likelihood of success on the dismissed claims.

Stipulation are fair, reasonable and adequate to Lead Plaintiff and the Class, and in their best interests, and, accordingly, Lead Plaintiff has agreed to settle the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering (i) the substantial benefits that Lead Plaintiff and the members of the Class will receive from resolution of the Action as against the Defendants, (ii) the attendant risks of litigation, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation.  Defendants have denied and continue to deny that they have committed any act or omission giving rise to any liability and/or violation of law.  Nonetheless, Defendants are entering into this Settlement to eliminate the burden and expense of further litigation and the risk of not prevailing at trial and, therefore, have determined that it is desirable that the Action fully and finally be settled in the manner and upon the terms and conditions set forth in the Stipulation.

21.     On April 16, 2014, the Court preliminarily approved the Settlement, authorized this Notice to be sent to potential Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**

22.     If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded from the Class.  The Class consists of:

All persons and entities who purchased or otherwise acquired the publicly traded common stock of American Apparel between November 28, 2007 and August 17, 2010, inclusive.

Excluded from the Class are Defendants, the directors and officers of American Apparel and their families and affiliates.  The Class also does not include those persons and entities who timely request exclusion from the Class pursuant to this Notice (*see* "What If I Do Not Want To Participate In The Settlement?  How Do I Exclude Myself?," on page 8 below).

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE PROOF OF CLAIM AND RELEASE FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN SEPTEMBER 2, 2014.**

**WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?**

23.     The principal reason for Lead Plaintiff's consent to the Settlement is that it provides an immediate and substantial benefit to the Class.  The benefit of the present Settlement must be compared to the risk that no recovery might be achieved after contested motions, a contested trial and likely appeals, possibly years into the future.  In addition to the $4.8 million monetary recovery, the Parties have also agreed that, following the Court's entry of an order granting final approval to the Settlement, the Company's General Counsel and Chief Financial Officer ("CFO") will meet with Lead Plaintiff to in good faith discuss his views on the Company's retail operations.  The General Counsel and CFO shall subsequently report Lead Plaintiff's positions to the Company's Chief Executive Officer and Head of Retail Operations for their review and, in their sole discretion, possible implementation.

24.     The claims advanced by the Class in this Action involve numerous complex legal and factual issues, which would require discovery, including extensive expert discovery and testimony, adding considerably to the expense and duration of the litigation.  If the Action were to proceed, Lead Plaintiff would have to overcome significant defenses.  Among other things, the Parties disagree about (i) whether Lead Plaintiff or the Class have suffered any damages, (ii) whether the price of American Apparel common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise, and (iii) whether Lead Plaintiff or the Class were harmed by the conduct alleged in the Complaint.  Even after an extensive investigation, questions remain regarding the extent of Defendants' liability and the extent to which a jury might find them liable, if at all.  This Settlement enables the Class to recover without incurring any additional risk or costs.

25.     Defendants have expressly denied and continue to deny all assertions of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been

alleged, in the Action.  Defendants also continue to believe that the claims asserted against them in the Action are without merit.  Defendants have agreed to enter into the Settlement, as embodied in the Stipulation, solely to avoid the expense, distraction, time, and uncertainty associated with continuing the litigation.

26.    In light of the risks associated with a trial of this Action, the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $4,800,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after summary judgment, trial and appeals, possibly years in the future.

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

27.    If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of his claims, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

### HOW MUCH WILL MY PAYMENT BE?

28.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

29.    Appendix A to this Notice explains the plan for allocation of the Net Settlement Fund among Authorized Claimants ("Plan of Allocation"), as proposed by Lead Plaintiff.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.

### WHAT RIGHTS AM I GIVING UP BY REMAINING IN THE CLASS?

30.    If you remain in the Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and all other Class Members, will fully and finally release, to the fullest extent that the law permits their release in this Action, as against Defendants and the other Released Parties (as defined in ¶32 below) all Settled Claims (as defined in ¶31 below).

31.    "Settled Claims" means, to the extent allowed by law, all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omission involved, set forth, or referred to in the Complaint and that relate to the purchase or other acquisition of the publicly-traded common stock of American Apparel during the Class Period.  Notwithstanding the foregoing, "Settled Claims" does not include claims asserted in any derivative action or ERISA action based on similar allegations or any claims relating to the enforcement of the Settlement.

32.    "Released Parties" means the Defendants and their respective past or present officers, directors, partners, members, parents, subsidiaries, controlling persons, affiliates, employees, agents, attorneys, auditors, underwriters, insurers, representatives, spouses, immediate family members, heirs, predecessors, successors in interest and assigns of the Defendants.

33.    "Unknown Claims" means any and all Settled Claims that Lead Plaintiff and/or any Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date and any Released Parties' Claims that Defendants or any Released Party does not know or suspect to exist in his, her or its favor as of the Effective Date, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Released Parties' Claims, the Parties stipulate and agree that upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by operation of the Judgment shall expressly have waived, any and all provisions, rights and benefits conferred by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties acknowledge, and Class Members and Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Parties' Claims was separately bargained for and was a key element of the Settlement.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
|---|

34.    Lead Counsel has not received any payment for its services in pursuing claims against the Defendants on behalf of the Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses not to exceed $300,000, plus interest earned on this amount at the same rate as the Settlement Fund.  In addition, Lead Plaintiff may seek reimbursement from the Settlement Fund in an amount not to exceed $6,600 for reasonable costs and expenses (including lost wages) in connection with his representation of the Class in accordance with 15 U.S.C. § 78u-4(a)(4).  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Amount. Class Members are not personally liable for any such fees or expenses.

| HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO? |
|---|

35.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked* **no later than September 2, 2014**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator, www.americanapparelshareholdersettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-263-8642.  If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.  Please retain all records of your ownership of and transactions in American Apparel common stock, as they may be needed to document your Claim.

36.     As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

37.    If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Participate in the Settlement?  How Do I Exclude Myself?," below.

38.    If you are a Class Member and you wish to object to the Settlement, the proposed Plan of Allocation, Lead Counsel's request for attorneys' fees and Litigation Expenses, and/or Lead Plaintiff's request for reimbursement of expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

| WHAT IF I DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT? HOW DO I EXCLUDE MYSELF? |
|---|

39.    Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Class, addressed to: *American Apparel, Inc. Shareholder Litigation* - EXCLUSIONS, c/o Gilardi & Co, LLC, P.O. Box 8040, San Rafael, CA  94912-8040.  The request for exclusion must be *received* **no later than July 7, 2014**.  You will not be able to exclude yourself from the Class after that date.  Each request for exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion; (b) state that such person or entity "requests exclusion from the

Class in *American Apparel, Inc. Shareholder Litigation*, Case No. CV-10-6352 MMM (JCG); (c) state the number of shares of American Apparel common stock that the person or entity requesting exclusion purchased, acquired and/or sold during the Class Period, as well as the date(s) and price(s) of each such purchase, acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

40.    Even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Settled Claim against any of the Released Parties, you must follow these instructions for exclusion if you do not want to be part of the Class.  If you have a pending lawsuit, arbitration, or other proceeding against any of the Defendants or any of the other Released Parties, speak to your lawyer in that action immediately.

41.    Should you elect to exclude yourself from the Class, you should understand that Defendants will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including without limitation the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  Although Defendants have decided to settle the Action in its entirety in order to eliminate the burden and expense of continued litigation, Defendants will retain and are not waiving in any way the right to assert that any subsequent claims asserted by any individual Class Members who exclude themselves from this Settlement are time-barred, are otherwise subject to dismissal, or otherwise lack merit. You should discuss these issues with a lawyer.

42.    If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund or any other benefit provided for in the Stipulation.

| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?** |
| --- |

43.    Class Members do not need to attend the Settlement Fairness Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Fairness Hearing.

44.    The Settlement Fairness Hearing will be held on **July 28, 2014 at 10:00 a.m.** before the Honorable Margaret M. Morrow, at the United States District Court for the Central District of California, U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, Courtroom 780.  The Court reserves the right to approve the Settlement, the Plan of Allocation and/or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses at or after the Settlement Fairness Hearing without further notice to the members of the Class.

45.    Any Class Member who does not request exclusion from the Class may object to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's request for attorneys' fees and expenses, and/or Lead Plaintiff's request for reimbursement of expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Central District of California at the address set forth below **on or before July 7, 2014**.  You must also serve the papers on Lead Counsel for the Class and Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before July 7, 2014**.

| **Clerk of the Court** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court<br>Central District of California<br>U.S. Courthouse<br>255 East Temple Street<br>Los Angeles, CA 90012 | Eli R. Greenstein<br>Stacey M. Kaplan<br>Kessler Topaz Meltzer<br>& Check, LLP<br>One Sansome Street,<br>Suite 1850<br>San Francisco, CA  94104<br><br>Jennifer L. Enck<br>Kessler Topaz Meltzer<br>& Check, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 | Harriet S. Posner<br>Peter B. Morrison<br>Allison B. Holcombe<br>Skadden, Arps, Slate, Meagher<br>  & Flom LLP<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071-3144<br><br>Seth Aronson<br>O'Melveny & Myers LLP<br>400 South Hope Street<br>Los Angeles, CA  90071-2899<br><br>Chet A. Kronenberg<br>Simpson Thacher & Bartlett LLP<br>1999 Avenue of the Stars, 29th Floor<br>Los Angeles, CA  90067 |

46.     Any objection to the Settlement (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and/or whether the Class Member intends to present any witnesses; and (c) must include documents sufficient to prove the number of shares of American Apparel common stock that the objecting Class Member purchased, acquired and sold during the Class Period, as well as the date(s) and price(s) of each such purchase, acquisition  and sale.  You may not object to the Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and expenses, and/or Lead Plaintiff's request for reimbursement of expenses if you exclude yourself from the Class or if you are not a member of the Class.

47.     You may file a written objection without having to appear at the Settlement Fairness Hearing.  You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

48.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and expenses, and/or Lead Plaintiff's request for reimbursement of expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received* on or before July 7, 2014**.  Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

49.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel so that the notice is ***received* on or before July 7, 2014**.

50.     The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Class.  If you intend to attend the Settlement Fairness Hearing, you should confirm the date and time with Lead Counsel.

51.     Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's request for attorneys' fees and expenses, and/or Lead Plaintiff's request for reimbursement of expenses.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?**

52.    If you purchased American Apparel common stock during the Class Period for the beneficial interest of a person or entity other than yourself, you must either (a) within ten (10) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within ten (10) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *American Apparel, Inc. Shareholder Litigation*, c/o Gilardi & Co, LLC, P.O. Box 8040, San Rafael, CA  94912-8040.  If you choose the second option, the Claims Administrator will send a copy of the Notice and Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   Copies of this Notice and Claim Form may also be obtained from the website maintained by the Claims Administrator, www.americanapparelshareholdersettlement.com, or by calling the Claims Administrator toll-free at 1-877-263-8642.

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

53.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Central District of California, U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.americanapparelshareholdersettlement.com.  All inquiries concerning this Notice or Claim Form should be directed to the Claims Administrator or Lead Counsel at:

<table>
<tr><td>

*American Apparel, Inc.*
*Shareholder Litigation*
c/o Gilardi & Co, LLC
P.O. Box 8040
San Rafael, CA  94912-8040
1-877-263-8642
www.americanapparelshareholdersettlement.com

</td><td>

Eli R. Greenstein, Esq.
Stacey M. Kaplan, Esq.
**KESSLER TOPAZ MELTZER**
**& CHECK, LLP**
One Sansome Street, Suite 1850
San Francisco, CA  94104
(415) 400-3000
info@ktmc.com

Jennifer L. Enck, Esq.
**KESSLER TOPAZ MELTZER**
**& CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
info@ktmc.com

</td></tr>
</table>

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT**
**REGARDING THIS NOTICE.**

Dated:  April 16, 2014

By Order of the Court
United States District Court
for the Central District of California

## APPENDIX A

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the website maintained by the Claims Administrator, www.americanapparelshareholdersettlement.com.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim.  **Please Note**:  The Recognized Claim formula, set forth below, is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Claim.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Claim bears to the total Recognized Claims of all Authorized Claimants (*i.e.*, "*pro rata* share").  Payment in this manner shall be deemed conclusive against all Authorized Claimants.  No distribution will be made on a Claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late but otherwise valid and fully documented Claims received after the cut-off date used to make the initial distribution, which were not previously authorized by the Court to be paid, provided that such distributions to any late post-distribution Claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set forth in the Notice; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel and approved by the Court.

### THE BASIS FOR CALCULATING YOUR RECOGNIZED CLAIM

1.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market-wide or industry-wide factors, or company-specific factors unrelated to the alleged fraud.  The calculations made pursuant to the Plan of Allocation are generally based upon the measure of damages set forth in Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission.

2.      A "Recognized Loss Amount" or "Recognized Gain Amount" will be calculated as set forth in paragraph 5 below for each share of American Apparel common stock purchased or otherwise acquired during the Class Period (i.e., November 28, 2007 through August 17, 2010, inclusive), and for which adequate documentation is provided (the "Eligible Class Shares").  The calculation of Recognized Loss or Gain Amounts will depend upon several factors, including when the shares of American Apparel common stock were purchased or otherwise acquired during the Class Period, and in what amounts, and whether those shares were sold, and if sold, when they were sold, and for what amounts.  An Authorized Claimant's "Recognized

Claim" shall be calculated by totaling all of the Authorized Claimant's Recognized Loss Amounts and subtracting from that total the sum of all of the Authorized Claimant's Recognized Gain Amounts. If this calculation results in a positive number, that figure will be the Authorized Claimant's Recognized Claim; if this calculation results in a negative number or zero, the Authorized Claimant's Recognized Claim shall be zero.

**Artificial Inflation in American Apparel Common Stock**

3.      The estimated alleged artificial inflation in the price of American Apparel common stock during the Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of American Apparel common stock during the Class Period is based on certain misrepresentations alleged by Lead Plaintiff in the Complaint and the price change of American Apparel common stock, net of market-wide and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations that survived Defendants' Motions to Dismiss. The computation of the estimated alleged artificial inflation in the price of American Apparel common stock during the Class Period takes into account the Court's August 8, 2013 Order on Defendants' Motions to Dismiss the Complaint, which dismissed with prejudice claims relating to Defendants' statements between June 30, 2009 and March 30, 2010. Because of the dismissal of these claims, it is far less likely that Lead Plaintiff could prevail on those claims. Accordingly, 10% of the total estimated artificial inflation for the period July 1, 2009 through March 30, 2010 is used in Table 1 below to reflect the lesser likelihood of success on the dismissed claims.[3]

| Table 1 Artificial Inflation in American Apparel Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| November 28, 2007 | June 30, 2009 | $0.38 |
| July 1, 2009 | March 25, 2010 | $0.24 |
| March 26, 2010 | March 30, 2010 | $0.17 |
| March 31, 2010 | May 18, 2010 | $1.69 |
| May 19, 2010 | July 28, 2010 | $0.62 |
| July 29, 2010 | August 16, 2010 | $0.37 |
| August 17, 2010 | and thereafter | $0.00 |

**90-Day Look Back Provision**

4.      The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount. The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on shares purchased/acquired during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-day look back period") cannot exceed the difference between the purchase price paid for the American Apparel common stock and the average price of American Apparel common stock during the 90-day look back period. Losses on American Apparel common stock purchased/acquired during the Class Period and sold during the 90-day look back period cannot exceed the difference between the purchase price paid for the American Apparel common stock and the rolling average price of American Apparel common stock during the portion of the 90-day look back period elapsed as of the date of sale. Losses on American Apparel common stock purchased/acquired during the Class Period and sold during the Class Period cannot exceed the difference between the purchase price paid for the American Apparel common stock and the average price of American Apparel common stock during the 90-day look back period.

### CALCULATION OF RECOGNIZED LOSS OR GAIN AMOUNTS

5.      An Authorized Claimant's Recognized Loss or Gain Amount per Eligible Class Share will be calculated as follows:

   i.   For each share of American Apparel common stock purchased/acquired during the Class Period and subsequently sold during the Class Period, the Recognized Loss Amount shall be calculated as the lesser of:

---

[3] The total estimated price inflation (which is based on the company-specific price change of American Apparel common stock in reaction to the public announcements that allegedly corrected the misrepresentations) for the period July 1, 2009 through March 25, 2010, inclusive, is $2.35 (10% of which is $0.24). The total estimated price inflation for the period March 26, 2010 through March 30, 2010, inclusive, is $1.69 (10% of which is $0.17).

a. the amount of per-share price inflation on the date of purchase or acquisition as appears in Table 1 above, minus the amount of per-share price inflation on the date of sale or disposition as appears in Table 1 above.  If this calculation results in a negative number, then the Recognized Loss Amount shall be $0, and a Recognized Gain Amount shall be calculated, which shall be the amount of per-share price inflation on the date of sale or disposition as appears in Table 1 above, minus the amount of per-share price inflation on the date of purchase or acquisition as appears in Table 1 above; and

b. the purchase/acquisition price (excluding all fees, taxes and commissions) minus the average closing price for American Apparel common stock during the 90-day period following the Class Period (i.e., August 18, 2010 through November 15, 2010, inclusive), which is $1.12.  If this calculation results in a negative number, then the Recognized Loss Amount shall be $0.

ii. For each share of American Apparel common stock purchased/acquired during the Class Period and subsequently sold during the period August 18, 2010, through November 15, 2010, inclusive, the Recognized Loss Amount shall be calculated as the lesser of:

a. the amount of per-share price inflation on the date of purchase or acquisition as appears in Table 1 above; and

b. the purchase/acquisition price (excluding all fees, taxes and commissions) minus the "90-day look back value" on the date of sale/disposition provided in Table 2 below.  If this calculation results in a negative number, then the Recognized Loss Amount shall be $0.

iii. For each share of American Apparel common stock purchased/acquired during the Class Period and still held as of the opening of trading on November 16, 2010, the Recognized Loss Amount shall be calculated as the lesser of:

a. the amount of per-share price inflation on the date of purchase or acquisition as appears in Table 1 above; and

b. the purchase/acquisition price (excluding all fees, taxes and commissions) minus the average closing price for American Apparel common stock during the 90-day period following the Class Period, which is $1.12.  If this calculation results in a negative number, then the Recognized Loss Amount shall be $0.

| Table 2 PSLRA Loss Limitation for 90-day Lookback Period | | | |
|---|---|---|---|
| Sale / Disposition Date | Rolling Average Price during 90-day Lookback Period as of the Date of Sale/Disposition | Sale / Disposition Date | Rolling Average Price during 90-day Lookback Period as of the Date of Sale/Disposition |
| 08/18/10 | $0.81 | 10/04/10 | $1.09 |
| 08/19/10 | $0.78 | 10/05/10 | $1.10 |
| 08/20/10 | $0.77 | 10/06/10 | $1.10 |
| 08/23/10 | $0.76 | 10/07/10 | $1.10 |
| 08/24/10 | $0.75 | 10/08/10 | $1.11 |
| 08/25/10 | $0.75 | 10/11/10 | $1.11 |
| 08/26/10 | $0.76 | 10/12/10 | $1.11 |
| 08/27/10 | $0.77 | 10/13/10 | $1.12 |
| 08/30/10 | $0.77 | 10/14/10 | $1.12 |
| 08/31/10 | $0.77 | 10/15/10 | $1.12 |
| 09/01/10 | $0.78 | 10/18/10 | $1.12 |
| 09/02/10 | $0.81 | 10/19/10 | $1.13 |
| 09/03/10 | $0.83 | 10/20/10 | $1.13 |

| Table 2 PSLRA Loss Limitation for 90-day Lookback Period | | | |
|---|---|---|---|
| Sale / Disposition Date | Rolling Average Price during 90-day Lookback Period as of the Date of Sale/Disposition | Sale / Disposition Date | Rolling Average Price during 90-day Lookback Period as of the Date of Sale/Disposition |
| 09/07/10 | $0.85 | 10/21/10 | $1.13 |
| 09/08/10 | $0.87 | 10/22/10 | $1.13 |
| 09/09/10 | $0.89 | 10/25/10 | $1.13 |
| 09/10/10 | $0.90 | 10/26/10 | $1.13 |
| 09/13/10 | $0.92 | 10/27/10 | $1.13 |
| 09/14/10 | $0.94 | 10/28/10 | $1.13 |
| 09/15/10 | $0.95 | 10/29/10 | $1.13 |
| 09/16/10 | $0.97 | 11/01/10 | $1.12 |
| 09/17/10 | $0.99 | 11/02/10 | $1.12 |
| 09/20/10 | $1.01 | 11/03/10 | $1.12 |
| 09/21/10 | $1.02 | 11/04/10 | $1.12 |
| 09/22/10 | $1.04 | 11/05/10 | $1.12 |
| 09/23/10 | $1.04 | 11/08/10 | $1.12 |
| 09/24/10 | $1.05 | 11/09/10 | $1.12 |
| 09/27/10 | $1.06 | 11/10/10 | $1.12 |
| 09/28/10 | $1.06 | 11/11/10 | $1.12 |
| 09/29/10 | $1.07 | 11/12/10 | $1.12 |
| 09/30/10 | $1.07 | 11/15/10 | $1.12 |
| 10/01/10 | $1.08 | | |

## ADDITIONAL PLAN OF ALLOCATION PROVISIONS

6.      For purposes of calculating your Recognized Loss or Gain Amounts, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of shares of American Apparel common stock during the Class Period shall not be deemed a purchase, acquisition or sale of those shares of American Apparel common stock for the calculation of an Authorized Claimant's Recognized Loss or Gain Amounts, nor shall such receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of American Apparel common stock during the Class Period unless (a) the donor or decedent purchased or otherwise acquired such American Apparel common stock during the Class Period; (b) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such American Apparel common stock; and (c) it is specifically so provided in the instrument of gift or assignment.

7.      All purchases, acquisitions and sales of American Apparel common stock shall be accounted for and matched using the First In, First Out ("FIFO") method of accounting.  In the event that a claimant has more than one purchase/acquisition or sale of American Apparel common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis, such that sales will be matched first against the claimant's opening holdings of American Apparel common stock on the first day of the Class Period, if any, and then will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

8.      The date of covering a "short sale" is deemed to be the date of purchase or acquisition of American Apparel common stock.  The date of a "short sale" is deemed to be the date of sale of American Apparel common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss and Gain Amounts on "short sales" is zero.  In the event that an Authorized Claimant has an opening short position in American Apparel common stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

9.      American Apparel common stock is the only security eligible for recovery under the Plan of Allocation.  American Apparel warrants[4] and option contracts with American Apparel common stock as the underlying security are not securities eligible to participate in the Settlement.  With respect to American Apparel common stock purchased or sold through the exercise of a warrant or an option, the purchase/sale date of the American Apparel common stock is the exercise date of the warrant or option and the purchase/sale price is the exercise price of the warrant or option.  For American Apparel common stock purchased or sold through the purchase/sale of an American Apparel unit, the purchase/sale date of the American Apparel common stock is the purchase/sale date of the unit and the purchase/sale price of the American Apparel common stock is the closing price of American Apparel common stock on the purchase/sale date of the unit.

10.     Payment pursuant to the plan of allocation approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Lead Counsel, Defendants, Defendants' Counsel, the Claims Administrator or any other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim Form.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

---

4   American Apparel warrants traded on the American Stock Exchange under the symbol APP.WS, and traded on the American Stock Exchange as part of American Apparel's units under the symbol APP.U.   American Apparel units consisted of one share of American Apparel common stock and one American Apparel warrant.  The exercise price of the American Apparel warrants was $6.00.  All outstanding American Apparel warrants were redeemed by the Company in March of 2008.