# Supplemental Exhibit 14A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TOWER GROUP INTERNATIONAL, LTD. SECURITIES LITIGATION | Master File No. 1:13-cv-5852-AT |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASSES, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court"), if either:  (i) you purchased or otherwise acquired the common stock of Tower Group International, Ltd., or its predecessor, Tower Group, Inc. (collectively, "Tower"), between March 1, 2010 and December 17, 2013, inclusive (the "Settlement Class Period"), and were damaged thereby; or (ii) you acquired Canopius Holdings Bermuda Limited ("Canopius") stock in the March 7, 2013 private placement in conjunction to the merger between Canopius and Tower Group, Inc., and were damaged thereby. [1]

NOTICE OF PROPOSED SETTLEMENT WITH TOWER DEFENDANTS:  Please also be advised that the Court-appointed Lead Plaintiffs the Kansas City, Missouri Employees' Retirement System, Jacksonville Police and Fire Pension Fund, the Oklahoma Firefighters Pension & Retirement System, ADAR Enhanced Investment Fund, Ltd. and ADAR Investment Fund, Ltd. ("Lead Plaintiffs"), on behalf of themselves and the Settlement Classes (as defined in ¶6 below), have reached a proposed settlement in the Action with defendants Tower Group, Inc. and Tower Group International, Ltd. (collectively, "Tower"), ACP Re, Ltd. ("ACP"), and Michael H. Lee, and William E. Hitselberger (the "Officer Defendants" and, together with Tower and ACP, the "Settling Defendants" or "Tower Defendants") for $20,500,000.00 in cash that, if approved, will resolve all claims in the Action against the Tower Defendants (the "Settlement").  Claims against PricewaterhouseCoopers LLP ("PwC") are not included in the proposed Settlement and continue to be litigated by Lead Plaintiffs.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Classes, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Tower Defendants or the Tower Defendants' counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶6 below).**

1.    **Description of the Action and the Settlement Classes:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that the Tower Defendants materially misrepresented Tower's financial health, including, among other things, by understating its loss reserves and masking related internal control deficiencies, through the Settlement Class Period.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Classes, as defined below, against the Tower Defendants.

2.    **Statement of the Settlement Classes' Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Classes, have agreed to settle the Action against the Tower Defendants in exchange for a settlement payment of $20,500,000.00 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Classes.  The proposed plan of allocation (the "Plan of Allocation") is set forth below in paragraphs 52-71.

3.    **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimates of the number of shares of Tower common stock purchased in the open market during the Settlement Class Period and the number of shares of Canopius stock acquired in the March 7, 2013 private placement that may have been affected by the conduct at issue in the Action, and, assuming that all members of the Settlement Classes elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per affected share of Tower common stock is $0.24, and per affected share of Canopius stock is $0.37.  Members of the Settlement Classes should note, however, that the foregoing average recoveries per share are only estimates.  Some members of the Settlement Classes may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their shares, and the total number of valid Claim Forms submitted.  Distributions to members of the Settlement Classes will be made based on the Plan of Allocation set forth herein or such other plan of allocation as may be ordered by the Court.

---

[1]  Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation And Agreement Of Settlement With Tower Defendants (the "Stipulation"), which is available at www.TowerSecuritiesSettlement.com.

Case 1:13-cv-05852-AT-RLE   Document 163-5   Filed 10/14/15   Page 9 of 31

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, the Tower Defendants do not agree with the assertion that they violated the federal securities laws, made any misstatements, or breached any contracts and warranties, or that any damages were suffered by any members of the Settlement Classes as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Court-appointed Co-Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, Saxena White P.A., and Bernstein Liebhard LLP ("Lead Counsel"), which have been prosecuting the Action on a wholly contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Settlement Classes and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Amount, plus interest. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Tower Defendants, in an amount not to exceed $600,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Classes. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Members of the Settlement Classes are not personally liable for any such fees or expenses. If the Court approves Lead Counsel's fee and expense application, the average cost per affected share of Tower common stock will be approximately $0.07, and the average cost per affected share of Canopius stock will be approximately $0.10.

6. **Identification of Attorneys' Representatives:** The Court has preliminarily certified for purposes of the proposed Settlement the following classes:

 (i) All persons and entities who or which purchased or otherwise acquired the common stock of Tower during the Settlement Class Period and were damaged thereby (the "Settlement Class"); and

 (ii) All persons and entities who or which acquired Canopius stock in the March 7, 2013 private placement, and were damaged thereby (the "Settlement PPC").

The Settlement Class and/or the Settlement PPC are referred to herein as the "Settlement Classes"; for example, when this Notice refers to "a member of the Settlement Classes," that reference is to any person or entity that is a member of either the Settlement Class or the Settlement PPC, or both.

The Court has appointed Lead Plaintiffs as Class Representatives for the Settlement Class, and Lead Counsel Bernstein Litowitz Berger & Grossmann LLP, Saxena White P.A., and Bernstein Liebhard LLP as Class Counsel for the Settlement Class. The Court has appointed Lead Plaintiff the ADAR Funds as the Class Representative for the Settlement PPC, and Co-Lead Counsel Bernstein Liebhard LLP as Class Counsel for the Settlement PPC.

Lead Counsel's contact information is set forth below:

---

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
James A. Harrod, Esq.
Niki L. Mendoza, Esq.
1285 Avenue of the Americas
New York, New York 10019
(866) 648-2524
blbg@blbglaw.com
-and-
SAXENA WHITE P.A.
Joseph E. White III, Esq.
5200 Town Center Circle, Ste 601
Boca Raton, FL 33486
(561) 394-3399
-and-
BERNSTEIN LIEBHARD LLP
U. Seth Ottensoser, Esq.
Laurence J. Hasson, Esq.
10 East 40th Street
New York, New York 10016
(212) 779-1414
Ottensoser@bernlieb.com
Hasson@bernlieb.com

---

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Classes without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved from the Tower Defendants after contested motions, including the Tower Defendants' motion to dismiss that was pending when the Settlement was reached; a trial of the Action against the Tower Defendants; and likely appeals that would follow a trial, a process that could be expected to last several years. The Tower Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
| --- | --- |
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN DECEMBER 28, 2015.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund.  If you are a member of the Settlement Classes and you remain in the Settlement Classes, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined below) that you have against the Tower Defendants and the other Defendants' Releasees (defined below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASSES BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 28, 2015.** | If you exclude yourself from the Settlement Classes, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Tower Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 28, 2015.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a member of the Settlement Classes and do not exclude yourself from the Settlement Classes. |
| **GO TO A HEARING ON NOVEMBER 23, 2015 AT 4:15 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 28, 2015.** | Filing a written objection and notice of intention to appear by October 28, 2015, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Classes and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Classes, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?........................................................................................................................................Page 3
What Is This Case About?...........................................................................................................................................Page 4
How Do I Know If I Am Affected By The Settlement?  Who Is Included In The Settlement Classes? ............................Page 5
What Are Lead Plaintiffs' Reasons For The Settlement?............................................................................................Page 5
What Might Happen If There Were No Settlement?...................................................................................................Page 6
How Are Members Of The Settlement Classes Affected By The Action And The Settlement?......................................Page 6
How Do I Participate In The Settlement?  What Do I Need To Do?.............................................................................Page 7
How Much Will My Payment Be? ..............................................................................................................................Page 7
What Payment Are The Attorneys For The Settlement Classes Seeking?  How Will The Lawyers Be Paid?...................Page 10
What If I Do Not Want To Be A Member Of The Settlement Classes?  How Do I Exclude Myself?...............................Page 11
When And Where Will The Court Decide Whether To Approve The Settlement?
     Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement?........................Page 11
What If I Bought Shares On Someone Else's Behalf? ................................................................................................Page 12
Can I See The Court File?  Whom Should I Contact If I Have Questions?...................................................................Page 12

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Tower common stock during the Settlement Class Period, or acquired Canopius stock in the March 7, 2013 private placement in conjunction to the merger between Canopius and Tower Group, Inc.  The Court has directed us to send you this Notice because, as a potential member of the Settlement Classes, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

Case 1:13-cv-05852-AT-RLE   Document 163-5   Filed 10/14/15   Page 11 of 31

9.   The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Classes, if you so wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  The date and location of the Settlement Hearing are set forth below.

10.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals related to the Settlement are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
| --- |

11.   Tower is a property-casualty insurance provider, primarily for commercial lines of business including commercial multi-peril and workers' compensation.  As an insurance provider, Tower established loss reserves to ensure that it had sufficient liquid capital to pay submitted claims.  Beginning in August 2013, Tower began disclosing that its loss reserves needed to be increased (which Lead Plaintiffs alleged indicated they had been materially understated since 2009).  Tower ultimately issued a restatement and increased its historical loss reserves, which also resulted in reductions of profit, and disclosed that its internal controls suffered from material weaknesses.  In the Action, Lead Plaintiffs alleged, among other things, that Defendants made false and misleading statements about Tower's loss reserves and internal controls.

12.   Beginning on August 20, 2013, class action complaints were filed in the United States District Court for the Southern District of New York (the "Southern District of New York" or the "Court"), styled *Lang v. Tower Group Int'l Ltd.,* 13-cv-5852-AT, *Feighay v. Tower Group Int'l, Ltd.,* 13-cv-6181-AJN, and *Sharma v. Tower Group Int'l Ltd.,* 13-cv-7085-LLS.

13.   By Order dated June 17, 2014, the Court consolidated and recaptioned the cases as *In re Tower Group International, Ltd. Securities Litigation*, 13 Civ. 5852; appointed the Kansas City, Missouri Employees' Retirement System, Jacksonville Police and Fire Pension Fund, the Oklahoma Firefighters Pension & Retirement System, ADAR Enhanced Investment Fund, Ltd. and ADAR Investment Fund, Ltd. (the "ADAR Funds") as Lead Plaintiffs for the consolidated action; and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP, Saxena White P.A., and Bernstein Liebhard LLP, as Lead Counsel for the class.

14.   On August 22, 2014, Lead Plaintiffs filed their Consolidated Class Action Complaint (the "Consolidated Complaint"), asserting claims on behalf of the Settlement Class against the Settling Defendants and PwC under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; against Michael H. Lee and William E. Hitselberger under Section 20(a) of the Exchange Act; and against Michael H. Lee under Section 20(A) of the Exchange Act.  The Consolidated Complaint further asserted claims on behalf of the Settlement PPC against Tower under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder; Section 18 of the Exchange Act; and state law breach of contract, breach of express warranty, and negligent misrepresentation.  Among other things, the Consolidated Complaint alleged that the Tower Defendants inflated Tower's financial results, including its net income, by understating loss reserves and masking internal control deficiencies.  The Consolidated Complaint further alleged that the prices of Tower securities were artificially inflated as a result of allegedly false and misleading statements, and declined when the truth was revealed.  Moreover, the Consolidated Complaint alleged that Tower breached the contracts and warranties it had with members of the Settlement PPC, including, among other things, by improperly restricting members of the Settlement PPC from selling their "Registrable Shares," *i.e.,* Tower shares acquired through the March 7, 2013 private placement conducted in connection with the Canopius-Tower merger, as the price of Tower securities declined.

15.   On December 3, 2014, the Tower Defendants and PwC separately filed motions to dismiss the Consolidated Complaint.

16.   On December 23, 2014, Lead Plaintiffs filed an Amended Consolidated Class Action Complaint (the "Complaint"), alleging claims under Sections 10(b), 20(a), 20(A) of the Exchange Act and successor and vicarious liability (as to ACP) against the Tower Defendants, and Section 10(b) claims against PwC, on behalf of the Settlement Class, and claims under Sections 10(b) and 18 of the Exchange Act and state law breach of contract, breach of express warranty, and negligent misrepresentation against Tower on behalf of the Settlement PPC.

17.   By stipulated order dated December 30, 2014, the Court denied the original motions to dismiss as moot, and set a briefing schedule for renewed motions to dismiss the Complaint.

18.   On February 3, 2015, the Tower Defendants and PwC separately filed motions to dismiss the Complaint.  Lead Plaintiffs filed their oppositions to the motions to dismiss on March 6, 2015.  On April 17, 2015, the Tower Defendants and PwC separately filed their reply briefs in support of their respective motions to dismiss the Complaint.

19.   After submitting and exchanging several briefs and written communications addressing issues concerning the merits of the case and damages, on June 9, 2015, Lead Plaintiffs and the Tower Defendants participated in a mediation session before nationally recognized mediator Jed Melnick, Esq. of JAMS.  Although a settlement was not reached at that time, the mediator continued to communicate with the Settling Parties, and subsequently made a "mediator's proposal" to settle the claims against the Tower Defendants for $20.5 million in cash, which the Settling Parties separately accepted subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

20.   On June 22, 2015, the Settling Parties informed the Court that they had reached an agreement in principle to settle the outstanding claims against the Tower Defendants in this Action, and that the Settling Parties were working to fully document the terms of the Settlement and expected to submit a motion for preliminary approval in the next thirty (30) days.  The Court ordered that in light of the proposed Settlement, the Tower Defendants' motion to dismiss is withdrawn.

21.   Based upon their investigation, prosecution and mediation of the case Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Classes, and in their best interests.  Based on Lead Plaintiffs' oversight of the prosecution of this matter and with the advice of their counsel, Lead

Case 1:13-cv-05852-AT-RLE   Document 163-5   Filed 10/14/15   Page 12 of 31

Plaintiffs have agreed to settle and release the claims raised in the Action as against the Tower Defendants pursuant to the terms and provisions of the Stipulation, after considering (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Classes will receive under the proposed Settlement; (b) the significant risks of continued litigation and trial against the Tower Defendants; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation.  Claims against Tower's prior auditor, PwC, are not included in the proposed Settlement and continue to be litigated by Lead Plaintiffs.

22.  The Tower Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Tower Defendants denies any wrongdoing, and, as described in and subject to the terms of the Stipulation, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Tower Defendants, or any other of the Defendants' Releasees (defined below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Tower Defendants have, or could have, asserted.  Similarly, as described in and subject to the terms of the Stipulation, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff or any of the other Plaintiffs' Releasees of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the defenses to liability had any merit.

23.  On August 13, 2015, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential members of the Settlement Classes, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASSES? |
| --- |

24.  If you are a member of the Settlement Classes, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Classes consist of:

(i) All persons and entities who or which purchased or otherwise acquired the common stock of Tower during the Settlement Class Period and were damaged thereby (the "Settlement Class"); and

(ii) All persons and entities who or which acquired Canopius stock in the March 7, 2013 private placement, and were damaged thereby (the "Settlement PPC").

Excluded from the Settlement Classes are the Tower Defendants; present or former Officers of Tower; members of the Immediate Family of each of the Officer Defendants or present or formers Officers of Tower; PwC; the Officers and/or directors of Tower or PwC; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Settling Defendant or PwC has a controlling interest or which is related to or affiliated with any of the Settling Defendants or PwC; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Settlement Classes are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court, provided that no Lead Plaintiff will seek exclusion from the Settlement Classes.  *See* "What if I Do Not Want To Be A Member Of The Settlement Classes?  How Do I Exclude Myself," on page  11 below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A MEMBER OF THE SETTLEMENT CLASSES OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASSES AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN DECEMBER 28, 2015.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

25.  Lead Plaintiffs and Lead Counsel believe that the claims they asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue the claims against the Tower Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages against the Tower Defendants.  In particular, Lead Plaintiffs recognize that the Tower Defendants argued in their motion to dismiss that Tower's loss reserve increases are distinct from its restatement, that the Tower Defendants did not act with scienter, that the loss reserves and related disclosures are not actionable false statements, and that the Complaint's loss causation allegations were inadequate.  Tower further argued, among other things, that the state law breach of contract, breach of warranty, and negligent misrepresentation claims asserted by the Settlement PPC sounded in fraud and were nevertheless precluded by the Securities Litigation Uniform Standards Act ("SLUSA").  Had any of these arguments been accepted in whole or part, either at the motion to dismiss stage or at a later stage of litigation, it could have eliminated or, at minimum, dramatically limited any potential recovery against the Tower Defendants.  Further, Lead Plaintiffs would have had to prevail at several stages – motions for class certification and summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  In addition, Lead Plaintiffs were aware of the Tower Defendants' limited ability to pay a substantial judgment, and of the Tower Defendants' argument that ACP (which acquired Tower in September 2014) was not liable on a successor liability theory.  Thus, there were very significant risks attendant to the continued prosecution of the Action against the Tower Defendants.

26.  In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Classes, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Classes.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Classes, namely $20,500,000.00 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action against the Tower Defendants would produce a smaller, or no recovery after motions, trial and appeals, possibly years in the future.

27.  The Tower Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  The Tower Defendants have agreed to the Settlement solely to eliminate the uncertainty, burden

and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by the Tower Defendants.

Case 1:13-cv-05852-AT-RLE    Document 163-5    Filed 10/14/15    Page 13 of 31

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

28.  If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of the claims against the Tower Defendants, neither Lead Plaintiffs nor the other members of the Settlement Classes would recover anything from the Tower Defendants. Also, if the Tower Defendants were successful in establishing any of their defenses or arguments, either at class certification, motion to dismiss or for summary judgment, at trial or on appeal, the Settlement Classes could recover substantially less from the Tower Defendants than the amount provided in the Settlement, or nothing at all.

### HOW ARE MEMBERS OF THE SETTLEMENT CLASSES AFFECTED BY THE ACTION AND THE SETTLEMENT?

29.  As a member of the Settlement Classes, you are represented by Lead Plaintiffs and Lead Counsel as explained above in paragraph 6, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

30.  If you are a member of the Settlement Classes and do not wish to remain a member of the Settlement Classes, you may exclude yourself from the Settlement Classes by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Classes?  How Do I Exclude Myself?," below.

31.  If you are a member of the Settlement Classes and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Classes, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

32.  If you are a member of the Settlement Classes and you do not exclude yourself from the Settlement Classes, you will be bound by any orders issued by the Court related to the Settlement.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against the Tower Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other members of the Settlement Classes (whether or not such person submitted a Claim Form), on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined below, including, without limitation, any Unknown Claims) against the Settling Defendants and the other Defendants' Releasees (as defined below), and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

33.  "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other member of the Settlement Classes (i) asserted in the Complaint against the Defendants' Releasees, or (ii) could have asserted in any forum against the Defendants' Releasees that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of Tower common stock during the Settlement Class Period or to the acquisition of Canopius Holdings Bermuda Limited stock in the March 7, 2013 private placement.  Released Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the Settlement, (ii) any Excluded Claims (defined below), and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

34.  "Defendants' Releasees" means Settling Defendants and their current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, insurers and reinsurers, and attorneys, in their capacities as such. PwC, and its current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, insurers and reinsurers, and attorneys, in their capacities as such, are excluded from the definition of Defendants' Releasees.

35.  "Excluded Claims" means (i) any claims asserted in any pending derivative or deal litigation including *Wilson v. Tower Group International*, 14 Civ. 00254 (S.D.N.Y.); (ii) any claims asserted against PwC; and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court, provided that none of the claims of any of the Lead Plaintiffs against any of the Settling Defendants will be Excluded Claims.

36.  "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other member of the Settlement Classes does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Settling Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Settling Defendants shall expressly waive, and each of the other members of the Settlement Classes and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Case 1:13-cv-05852-AT-RLE  Document 163-5  Filed 10/14/15  Page 14 of 31

Lead Plaintiffs and Settling Defendants acknowledge, and each of the other members of the Settlement Classes and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

37. The Judgment will also provide that, upon the Effective Date of the Settlement, Settling Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined below, including, without limitation, any Unknown Claims) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined below), and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

38. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Settling Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Classes that is accepted by the Court.

39. "Plaintiffs' Releasees" means Lead Plaintiffs and all other members of the Settlement Classes, and their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such. PwC, and its current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, insurers and reinsurers, and attorneys, in their capacities as such, are excluded from the definition of Plaintiffs' Releasees.

40. The Judgment will also provide that, upon the Effective Date of the Settlement, any and all claims for contribution or indemnity, however denominated, based upon, arising out of, or relating to the Released Plaintiffs' Claims (a) by any person or entity against any of the Settling Defendants or (b) by any of the Settling Defendants against any other person or entity, other than a person or entity whose liability has been extinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest extent permitted by law (the "Bar Order").

41. The Judgment will also provide that any final verdict or judgment that may be obtained by or on behalf of the Settlement Classes or a member of the Settlement Classes against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Settling Defendants for common damages; or (b) the amount paid by or on behalf of Settling Defendants to the Settlement Classes or the member of the Settlement Classes for common damages.

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |
|---|

42. To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Classes and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than December 28, 2015**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, at www.TowerSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (800) 328-6074. Please retain all records of your ownership of and transactions in Tower common stock and/or Canopius stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Classes or do not submit a timely and valid Claim Form, you will not be potentially eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

43. At this time, it is not possible to make any determination as to how much any particular member of the Settlement Classes may receive from the Settlement.

44. Pursuant to the Settlement, Tower has agreed to pay or cause to be paid twenty million five hundred thousand dollars ($20,500,000.00) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to members of the Settlement Classes and administering the Settlement; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to members of the Settlement Classes who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

45. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

46. Neither the Tower Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. The Tower Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the Plan of Allocation.

47. Approval of the Settlement is independent from approval of a plan of allocation or an award of attorneys' fees or reimbursement of Litigation Expenses. Any determination with respect to a plan of allocation, an award of attorneys' fees, or reimbursement of Litigation Expenses will not affect the Settlement, if approved.

48. Unless the Court otherwise orders, any member of the Settlement Classes who fails to submit a Claim Form postmarked on or before December 28, 2015, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Settlement Classes and be subject to the provisions of the Stipulation, including the terms of any Judgment

Case 1:13-cv-05852-AT-RLE   Document 163-5   Filed 10/14/15   Page 15 of 31

entered and the releases given. This means that each member of the Settlement Classes releases the Released Plaintiffs' Claims (as defined above) against the Defendants' Releasees (as defined above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such member of the Settlement Classes submits a Claim Form.

49. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any member of the Settlement Classes.

50. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

51. Only members of the Settlement Classes will be potentially eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Classes by definition or that exclude themselves from the Settlement Classes pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities included in the Settlement are Tower common stock and Canopius stock.

## PROPOSED PLAN OF ALLOCATION

52. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those members of the Settlement Classes who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that members of the Settlement Classes might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

53. A "Recognized Loss Amount" will be calculated for each purchase or acquisition of Tower common stock during the Settlement Class Period and for each acquisition of Canopius Holdings Bermuda Limited ("Canopius") stock in the March 7, 2013 private placement (the "Private Placement") (collectively, "Tower Securities") for which adequate documentation is provided.[2] The calculation of the Recognized Loss Amount will depend upon several factors, including (i) when the Tower Securities were purchased or acquired, (ii) whether they were sold, and if so, when and at what price they were sold, and (iii) whether they were purchased or acquired on the open market or in the Private Placement (*i.e.*, whether the Claimant, for purposes of its particular transaction, is a member of the Settlement Class or the Settlement PPC).

54. In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the amount of estimated alleged artificial inflation in the per share closing price of the Tower Securities which allegedly was proximately caused by the Tower Defendants' alleged false and misleading statements and material omissions. In calculating the estimated alleged artificial inflation caused by the Tower Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in the Tower Securities in reaction to certain public announcements regarding Tower in which such misrepresentations and material omissions were alleged to have been revealed to the market, adjusting for price changes that were attributable to market or industry forces, the allegations in the Complaint and the evidence developed in support thereof, as advised by Lead Counsel. The estimated potential alleged artificial inflation in the Tower Securities is shown in Table A set forth at the end of this Notice.

55. In order to have recoverable damages, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the Tower Securities. In this case, Lead Plaintiffs allege, among other things, that the Tower Defendants made false statements and omitted material facts from March 1, 2010 through and including December 17, 2013, which had the effect of allegedly artificially inflating the prices of Tower Securities. Alleged corrective disclosures that removed the alleged artificial inflation from the price of Tower Securities occurred on August 7, 2013 (after the close of trading) and August 8, 2013 (during trading hours); September 17, 2013 (after the close of trading); October 7, 2013 (after the close of trading); November 14, 2013 (during trading hours); and December 17, 2013 (after the close of trading). Accordingly, in order to have a Recognized Loss Amount:

(a) Tower Securities purchased or otherwise acquired from March 1, 2010 through and including August 7, 2013 must have been held through the close of trading on August 7, 2013 and must have suffered a loss.

(b) Tower Securities purchased or otherwise acquired after the close of trading on August 7, 2013 through and including September 17, 2013, must have been held at least through the next alleged corrective disclosure, *i.e.*, through the close of trading on September 17, 2013 and must have suffered a loss.

(c) Tower Securities purchased or otherwise acquired after the close of trading on September 17, 2013 through and including October 7, 2013, must have been held at least through the next alleged corrective disclosure, *i.e.*, through the close of trading on October 7, 2013 and must have suffered a loss.

(d) Tower Securities purchased or otherwise acquired after the close of trading on October 7, 2013 through and including November 13, 2013, must have been held at least through the next alleged corrective disclosure, *i.e.*, through the close of trading on November 13, 2013 and must have suffered a loss.

(e) Tower Securities purchased or otherwise acquired after the close of trading on November 13, 2013 through and including December 17, 2013, must have been held at least through the next alleged corrective disclosure, *i.e.*, through the close of trading on December 17, 2013 and must have suffered a loss.

---

[2] Each share of Canopius stock became one share of Tower common stock as of the consummation of the merger between Tower Group Inc. and Tower Group International Ltd. (f/k/a Canopius Bermuda Ltd.) on March 13, 2013. Tower common stock (not including the shares acquired in the Private Placement) underwent a 1.1330 for 1 automatic conversion during the Settlement Class Period as a result of the March 13, 2013 merger. All references and calculations in this document with regard to Tower common stock shares and prices per share assume conversion of all shares and prices per share to their post-merger equivalent.

Case 1:13-cv-05852-AT-RLE   Document 163-5   Filed 10/14/15   Page 16 of 31

56. To the extent a Claimant's purchase or acquisition does not satisfy one of the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for that purchase or acquisition will be zero.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

57. Based on the formula set forth below, a Recognized Loss Amount shall be calculated for each purchase or acquisition of Tower Securities during the Settlement Class Period that is listed in the Proof of Claim Form and for which adequate documentation is provided. In the calculations below, if a Recognized Loss Amount calculation results in a negative number, that Recognized Loss Amount shall be zero.

58. For each share of Tower Securities purchased or acquired between March 1, 2010 and the close of trading on December 17, 2013, inclusive, and:

(a) Sold between March 1, 2010 and the close of trading on December 18, 2013, the Recognized Loss Amount shall be *the lesser of*: (i) the amount of alleged artificial inflation per share as set forth in Table A on the date of purchase minus the amount of artificial inflation per share as set forth in Table A on the date of the sale; or (ii) purchase/acquisition price minus the sale price.

(b) Sold between December 19, 2013 and the close of trading on March 18, 2014,[3] the Recognized Loss Amount shall be *the lesser of*: (i) the amount of alleged artificial inflation per share as set forth in Table A on the date of purchase; (ii) the purchase/acquisition price minus the sale price; or (iii) the purchase/acquisition price minus the average closing price between December 19, 2013 and the date of sale as shown on Table B set forth at the end of this Notice.

(c) Held as of the close of trading on March 18, 2014, the Recognized Loss Amount shall be *the lesser of*: (i) the amount of alleged artificial inflation per share as set forth in Table A on the date of purchase; or (ii) the purchase/acquisition price minus $2.73, the average closing price for Tower common stock between December 19, 2013, and March 18, 2014 (the last entry on Table B).

59. The purchase/acquisition price for shares acquired in the Private Placement shall be the lesser of $15.45 or the actual purchase price.

60. A ten percent (10%) discount will be applied to Recognized Loss Amounts for the members of the Settlement PPC (*i.e.*, those who purchased/acquired Canopius stock in the Private Placement) based on Lead Counsel's determination that such investors would have been subject to a higher degree of litigation risk. Accordingly, Recognized Loss Amounts for the Settlement PPC calculated pursuant to paragraph 58 above shall be multiplied by ninety percent (90%) to reflect the increased litigation risk.

## ADDITIONAL PROVISIONS

61. If a Settlement Class Member has more than one purchase/acquisition or sale of Tower Securities during the Settlement Class Period, all purchases/acquisitions and sales of Tower Securities shall be matched on a First-In-First-Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

62. A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts (after taking into consideration the discount pursuant to paragraph 60 above).

63. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

64. Purchases or acquisitions and sales of Tower Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Tower Securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Tower Securities for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Tower Securities unless (i) the donor or decedent purchased or otherwise acquired such Tower Securities during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Tower Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

65. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Tower Securities. The date of a "short sale" is deemed to be the date of sale of the Tower Securities. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Tower Securities, the earliest Settlement Class Period purchases or acquisitions of that security shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

66. To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Tower Securities during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the

---

[3] Pursuant to Section 21(D)(e)(1) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the PSLRA, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Tower common stock during the 90-day look-back period (March 18, 2014 was the last trading day during the 90-day look back period). The mean (average) closing price for Tower common stock during this 90-day look-back period was $2.73.

Case 1:13-cv-05852-AT-RLE   Document 163-5   Filed 10/14/15   Page 17 of 31

Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Tower Securities during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

67.  Subject to paragraph 68 below, for purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Tower Securities during the Settlement Class Period or suffered a market loss for purposes of the above paragraph, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6]  This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Tower Securities during the Settlement Class Period.

68.  For purposes of determining a Claimant's Recognized Claim, if a Claimant acquired Canopius stock in the Private Placement, the Recognized Claim for that/those purchases will be considered separately from the Claimant's purchases or acquisitions (if any) in the open market of Tower common stock during the Settlement Class Period.  In other words, such Claimant would have a Recognized Claim for his, her, or its acquisition of Canopius stock, and a separate Recognized Claim for his, her, or its purchase or acquisition of Tower common stock in the open market during the Settlement Class Period, and such transactions will not be netted against each other.  Likewise, market gains and losses for shares of Tower common stock purchased/acquired in the open market during the Settlement Class Period shall not be netted against market gains and losses for shares purchased/acquired in the Private Placement.

69.  After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Plaintiffs and approved by the Court, or as otherwise ordered by the Court.

70.  Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, the Tower Defendants, their counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further Orders of the Court.  Lead Plaintiffs, the Tower Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

71.  The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Classes.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.TowerSecuritiesSettlement.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASSES SEEKING? HOW WILL THE LAWYERS BE PAID?

72.  Lead Counsel to date have not received any payment for their services in pursuing claims against the Tower Defendants on behalf of the Settlement Classes, nor have Lead Counsel been reimbursed for any of their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Amount, plus interest at the same rate and for the same period as earned by the Settlement Fund.  At the same time, Lead Counsel also intend to apply for reimbursement of Litigation Expenses in an amount not to exceed $600,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Classes, plus interest at the same rate and for the same period as earned by the Settlement Amount.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Members of the Settlement Classes are not personally liable for any such fees or expenses.

---

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Tower Securities purchased or acquired during the Settlement Class Period.

[5] The Claims Administrator shall match any sales of Tower Securities during the Settlement Class Period, first against the Claimant's opening position in the Tower Securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Tower Securities sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[6] The Claims Administrator shall ascribe a value of $2.55 per share for Tower Securities purchased or acquired during the Settlement Class Period and still held as of the close of trading on December 19, 2013 (the "Holding Value").

Case 1:13-cv-05852-AT-RLE    Document 163-5    Filed 10/14/15    Page 18 of 31

| **WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASSES? HOW DO I EXCLUDE MYSELF?** |
|:---:|

73.  Each member of the Settlement Classes will be bound by all determinations and judgments in this lawsuit related to the Settlement, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Classes, addressed to *In re Tower Group International, Ltd. Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217-8091.  The exclusion request must be *received* no later than October 28, 2015.  You will not be able to exclude yourself from the Settlement Classes after that date.  Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Classes in *In re Tower Group International, Ltd. Securities Litigation*, Master File No. 1:13-cv-5852-AT"; (c) state the number of shares of Tower common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, and the number of Canopius shares the person or entity requesting exclusion acquired in the March 7, 2013 private placement and/or sold, as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

74.  If you do not want to be part of the Settlement Classes, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any Tower Defendant or any of the other Defendants' Releasees.

75.  Any request for exclusion from one or both of the Settlement Classes will be deemed a request for exclusion from both Settlement Classes, and if the request is approved by the Court, the person or entity will be excluded from both Settlement Classes.

76.  If you ask to be excluded from the Settlement Classes, you will not be eligible to receive any payment out of the Net Settlement Fund.

77.  The Settling Defendants have the right, provided Tower and ACP unanimously agree, to terminate the Settlement if members of the Settlement Classes timely and validly requesting exclusion from the Settlement Classes meet the conditions agreed to by the Settling Parties.

| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?** |
|:---:|

78.  **Members of the Settlement Classes do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

The Settlement Hearing will be held on November 23, 2015 at 4:15 p.m., before the Honorable Analisa Torres at the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 15D, 500 Pearl St., New York, NY 10007-1312.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Classes.

79.  Any member of the Settlement Classes who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before October 28, 2015.  You must also serve the papers on Lead Counsel and on the Tower Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before October 28, 2015.

| **CLERK'S OFFICE** | **LEAD COUNSEL FOR THE CLASS** | **TOWER DEFENDANTS' COUNSEL** |
|:---:|:---:|:---:|
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK<br>500 Pearl Street<br>New York, NY 10007 | BERNSTEIN LITOWITZ BERGER GROSSMANN LLP<br>James A. Harrod, Esq.<br>Niki L. Mendoza, Esq.<br>1285 Avenue of the Americas<br>New York, New York 10019<br>-and-<br>SAXENA WHITE P.A.<br>Joseph E. White III, Esq.<br>5200 Town Center Circle, #601<br>Boca Raton, Florida 33486<br>-and-<br>BERNSTEIN LIEBHARD LLP<br>U. Seth Ottensoser, Esq.<br>Laurence J. Hasson, Esq.<br>10 East 40th Street<br>New York, New York 10016 | WILLKIE FARR & GALLAGHER LLP<br>Richard D. Bernstein, Esq.<br>1875 K Street, N.W.<br>Washington, DC 20006-1238 |

Case 1:13-cv-05852-AT-RLE    Document 163-5    Filed 10/14/15    Page 19 of 31

80.  Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the member of the Settlement Classes wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Classes, including the number of shares of Tower common stock that the objecting member of the Settlement Classes purchased/acquired and/or sold during the Settlement Class Period, and the number of shares of Canopius stock acquired in the March 7, 2013 private placement and/or sold, and as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Classes or if you are not a member of the Settlement Classes.

81.  You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

82.  If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* on or before October 28, 2015.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

83.  You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Tower Defendants' Counsel at the addresses set forth in ¶79 above so that the notice is *received* on or before October 28, 2015.

84.  The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Classes, except that notice of any adjournment will be posted on the Settlement website, www.TowerSecuritiesSettlement.com.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

85.  **Unless the Court orders otherwise, any member of the Settlement Classes who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Members of the Settlement Classes do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

86.  If you purchased or otherwise acquired Tower common stock between March 1, 2010, and December 17, 2013, inclusive, or acquired Canopius stock in the March 7, 2013 private placement, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re Tower Group International, Ltd. Securities Litigation*, c/o A.B. Data, Ltd., FULFILLMENT, 3410 West Hopkins Street, P.O. Box 170500, Milwaukee, WI 53217-8091.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, at www.TowerSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at (800) 328-6074.

### CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

87.  This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312.

88.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.TowerSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

IN RE TOWER GROUP INTERNATIONAL, LTD. SECURITIES LITIGATION
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 53217-8091
(800) 328-6074
info@TowerSecuritiesSettlement.com

**and/or**

| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>James A. Harrod, Esq.<br>Niki L. Mendoza, Esq.<br>1285 Avenue of the Americas<br>New York, New York 10019<br>(866) 648-2524<br>blbg@blbglaw.com | SAXENA WHITE P.A.<br>Joseph E. White III, Esq.<br>5200 Town Center Circle, Ste 601<br>Boca Raton, FL 33486<br>(561) 394-3399 | BERNSTEIN LIEBHARD LLP<br>U. Seth Ottensoser, Esq.<br>Laurence J. Hasson, Esq.<br>10 East 40th Street<br>New York, New York 10016<br>(212) 779-1414<br>Ottensoser@bernlieb.com<br>Hasson@bernlieb.com |

Case 1:13-cv-05852-AT-RLE Document 163-5    Filed 10/14/15    Page 20 of 31

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, THE TOWER DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated:  August 13, 2015

By Order of the Court
United States District Court
Southern District of New York

### TABLE A
**Purchase and Sale Inflation from March 1, 2010 to December 18, 2013**

| Transaction Date | Inflation Per Share |
|---|---|
| March 1, 2010 - August 7, 2013 | $13.84 |
| August 8, 2013 - September 17, 2013 | $8.53 |
| September 18, 2013 - October 7, 2013 | $4.53 |
| October 8, 2013 - November 13, 2013 | $1.64 |
| November 14, 2013 - December 17, 2013 | $1.45 |
| December 18, 2013 | $0.18 |

### TABLE B
**Tower Common Stock Closing Price and Average Closing Price**
**December 19, 2013 —March 18, 2014**

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 12/19/2013 | $2.55 | $2.55 | 2/4/2014 | $2.49 | $2.72 |
| 12/20/2013 | $2.65 | $2.60 | 2/5/2014 | $2.44 | $2.72 |
| 12/23/2013 | $2.89 | $2.70 | 2/6/2014 | $2.67 | $2.71 |
| 12/24/2013 | $2.88 | $2.74 | 2/7/2014 | $2.70 | $2.71 |
| 12/26/2013 | $2.88 | $2.77 | 2/10/2014 | $2.68 | $2.71 |
| 12/27/2013 | $2.94 | $2.80 | 2/11/2014 | $2.65 | $2.71 |
| 12/30/2013 | $3.14 | $2.85 | 2/12/2014 | $2.72 | $2.71 |
| 12/31/2013 | $3.38 | $2.91 | 2/13/2014 | $2.77 | $2.71 |
| 1/2/2014 | $3.18 | $2.94 | 2/14/2014 | $2.75 | $2.71 |
| 1/3/2014 | $2.94 | $2.94 | 2/18/2014 | $2.76 | $2.72 |
| 1/6/2014 | $2.96 | $2.94 | 2/19/2014 | $2.78 | $2.72 |
| 1/7/2014 | $2.93 | $2.94 | 2/20/2014 | $2.75 | $2.72 |
| 1/8/2014 | $2.87 | $2.94 | 2/21/2014 | $2.76 | $2.72 |
| 1/9/2014 | $2.73 | $2.92 | 2/24/2014 | $2.73 | $2.72 |
| 1/10/2014 | $2.73 | $2.91 | 2/25/2014 | $2.77 | $2.72 |
| 1/13/2014 | $2.56 | $2.89 | 2/26/2014 | $2.75 | $2.72 |
| 1/14/2014 | $2.52 | $2.87 | 2/27/2014 | $2.82 | $2.72 |
| 1/15/2014 | $2.54 | $2.85 | 2/28/2014 | $2.76 | $2.72 |
| 1/16/2014 | $2.57 | $2.83 | 3/3/2014 | $2.80 | $2.73 |
| 1/17/2014 | $2.62 | $2.82 | 3/4/2014 | $2.80 | $2.73 |
| 1/21/2014 | $2.61 | $2.81 | 3/5/2014 | $2.78 | $2.73 |
| 1/22/2014 | $2.63 | $2.80 | 3/6/2014 | $2.74 | $2.73 |
| 1/23/2014 | $2.62 | $2.80 | 3/7/2014 | $2.69 | $2.73 |
| 1/24/2014 | $2.58 | $2.79 | 3/10/2014 | $2.73 | $2.73 |
| 1/27/2014 | $2.54 | $2.78 | 3/11/2014 | $2.68 | $2.73 |
| 1/28/2014 | $2.59 | $2.77 | 3/12/2014 | $2.73 | $2.73 |
| 1/29/2014 | $2.47 | $2.76 | 3/13/2014 | $2.70 | $2.73 |
| 1/30/2014 | $2.55 | $2.75 | 3/14/2014 | $2.75 | $2.73 |
| 1/31/2014 | $2.50 | $2.74 | 3/17/2014 | $2.78 | $2.73 |
| 2/3/2014 | $2.43 | $2.73 | 3/18/2014 | $2.76 | $2.73 |