# Supplemental Exhibit 15A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BANCO BRADESCO S.A. SECURITIES LITIGATION | Civil Case No. 1:16-cv-04155 (GHW) ECF CASE |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT;**
**(II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF**
**LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be □ □ □ □by the above-captioned securities class action ("Action") pending in the United States District Court for the Southern District of New York ("Court") if, during the period from August 8, 2014 through July 27, 2016, inclusive ("Settlement Class Period"), you purchased or otherwise acquired the preferred American Depositary Shares ("PADS") issued by Banco Bradesco S.A. ("Bradesco" or the "Company"), and were injured thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead □ □ □ □Public Employees' Retirement System of Mississippi ("Lead □ □ □ □ □on behalf of itself and the Settlement Class (as □ □ □ in ¶ 21 below), has reached a proposed settlement of the Action with defendants Bradesco, Luiz Carlos Trabuco Cappi ("Trabuco"), and Luiz Carlos Angelotti ("Angelotti" and collectively with Bradesco and Trabuco, the "Defendants") for $14,500,000.00 in cash that, if approved, will resolve all claims in the Action ("Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Defendants or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 65 below).**

**Additional information about the Settlement is available on the website,**
**www.BancoBradescoSecuritiesLitigation.com.**

1.      **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending putative securities class action brought by a Bradesco investor alleging, among other things, that Defendants violated the federal securities laws by making false and misleading statements and omissions. A more detailed description of the Action is set forth in ¶¶ 11–20 below. The Settlement, if approved by the Court, will settle □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □.□ □ □ □ □ □

2.      **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead □ □ □ □ □on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $14,500,000.00 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any interest earned thereon while in escrow ("Settlement Fund") less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses, including any reimbursement of costs and expenses to □ □ □ □ awarded by the Court; and (iv) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

---

[1] All capitalized terms used in this Notice that are not otherwise de□ned herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 1, 2019 ("Stipulation"), which is available at www.BancoBradescoSecuritiesLitigation.com.

Y5331 v.09

1

3.      **Estimate of Average Amount of Recovery Per Share:** Based on Lead □ □ □ □s damages consultant's estimate of the number of Bradesco PADS purchased or otherwise acquired during the Settlement Class Period that may have been □ □ □ □by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible PADS is approximately $0.05. **Settlement Class Members should note, however, that the foregoing average recovery per eligible PADS is only an estimate.** Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired Bradesco PADS; (ii) whether they sold their Bradesco PADS and, if so, when; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Settlement Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

4.      **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per Bradesco PADS that would be recoverable if Lead □ □ □ □was to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □

5.      **Attorneys' Fees and Expenses Sought:**Plainti □ □Counsel have not received any payment of attorneys' fees for their representation of the Settlement Class in the Action and have advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if they were successful in recovering money for the Settlement Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel, Kessler Topaz Meltzer & Check, LLP, on behalf of □ □ □ □ □ Counsel, will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred by □ □ □ □Counsel in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $1.1 million, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by □ □ □ □directly related to their representation of the Settlement Class in accordance with 15 U.S.C. §78u-4(a)(4), in an aggregate amount not to exceed $75,000.00. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost per eligible Bradesco PADS, if the Court approves Lead Counsel's fee and expense application, is approximately $0.018 per PADS. **Please note that this amount is only an estimate**.

6.      **Identification of Attorneys' Representatives:** Lead □ □ □ □and the Settlement Class are represented by Andrew L. Zivitz, Esq. and Johnston de F. Whitman, Jr., Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Court-authorized Claims Administrator at: *Banco Bradesco S.A. Securities Litigation Settlement*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 4259, Portland, OR 97208-4259; 1-877-848-4284; info@BancoBradescoSecuritiesLitigation.com; www.BancoBradescoSecuritiesLitigation.com.

7.      **Reasons for the Settlement:**Lead □ □ □ □s principal reason for entering into the Settlement is the immediate □ □ □ □ □for the Settlement Class without the risk or the delays and costs inherent in further litigation. Moreover, the cash □ □ □provided under the Settlement must be considered against the risk that a smaller recovery – or indeed no recovery at all – might be achieved after full discovery, contested motions, a trial of the Action, and the likely appeals that would follow a trial.   This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, have determined that it is desirable and □ □ □ □to them that the Action be settled in the manner and upon the terms and conditions of the Settlement.

Y5332 v.09

2

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN DECEMBER 21, 2019.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Claims in ¶ 30 below) that you have against Defendants and the other Defendant Releasees |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 23, 2019.** | Get no payment. If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you to ever be part of any other lawsuit against the Defendants concerning the claims that were, or could have been, asserted in this Action. It is also the *only* way for Settlement Class Members to remove themselves from the Settlement Class. **If you are considering excluding yourself from the Settlement Class, please note that there is a risk that any new claims asserted against the Defendants may no longer be timely and would be time-barred.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 23, 2019.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. In order to object, you must remain a member of the Settlement Class, may not exclude yourself, and you will be bound by the Court's determinations. |
| **GO TO A HEARING ON NOVEMBER 13, 2019 AT 4:15 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 23, 2019.** | If you have a written objection and wish to appear at the hearing, you must also a notice of intention to appear by October 23, 2019, which allows you to speak in Court, at the discretion of the Court, about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Fairness Hearing – currently scheduled for November 13, 2019 at 4:15 p.m. – is subject to change without further notice to the Settlement Class. If you plan to attend the hearing, you should check the website <u>www.BancoBradescoSecuritiesLitigation.com</u> or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

Y5333 v.09

3

## WHAT THIS NOTICE CONTAINS

What Is The Purpose Of This Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 4
What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 4
How Do I Know If I Am ☐ ☐ ☐ ☐ ☐ The Settlement?
   Who Is Included In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5
What ☐ ☐ ☐ ☐ ☐ ☐ ☐s Reasons For The Settlement? . . . . . . . . . . . . . . . . Page 6
What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . Page 6
How Are Settlement Class Members ☐ ☐ ☐ ☐ ☐ The Action
   And The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6
How Do I Participate In The Settlement?  What Do I Need To Do? . . . . . . . . Page 8
How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 8
What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 10
When And Where Will The Court Decide Whether To Approve The
   Settlement? Do I Have To Come To The Hearing? May I Speak
   At The Hearing If I Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . Page 10
What If I Bought Bradesco PADS On Someone Else's Behalf? . . . . . . . . . . . Page 12
Can I See The Court File? Whom Should I Contact If I Have
   Questions? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 12
Proposed Plan of Allocation of Net Settlement Fund Among
   Authorized Claimants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Appendix A

## WHAT IS THE PURPOSE OF THIS NOTICE?

8. The Court has directed the issuance of this Notice to inform potential Settlement Class Members about the proposed Settlement and their options in connection therewith before the Court rules on the proposed Settlement. Additionally, Settlement Class Members have the right to understand how this class action lawsuit may generally ☐ ☐ their legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead ☐ ☐ ☐ and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform potential Settlement Class Members of the existence of this case, that it is a class action, how you (if you are a Settlement Class Member) might be ☐ ☐ ☐ and how to exclude yourself from the Settlement Class if you wish to do so. This Notice also informs potential Settlement Class Members of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and payment of Litigation Expenses ("Settlement Fairness Hearing"). *See* ¶ 55 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time.

## WHAT IS THIS CASE ABOUT?

11. This Action arose out of Operation Zealots, the Brazilian Federal Police's multi-year investigation into the bribery of Brazilian tax ☐ ☐ ☐ which revealed that, during the relevant time period, Defendants are alleged to have ☐ ☐ ☐ to pay millions of dollars in bribes in exchange for billions of dollars in favorable tax rulings and ☐ ☐ ☐ ☐ for Bradesco. ☐ ☐ ☐ ☐, this Action alleged that the Company and three of its senior executives—Bradesco's Chief Executive ☐ ☐ ☐, Trabuco, Bradesco's Managing ☐ ☐ ☐ and Investor Relations ☐ ☐ ☐, Angelotti, and Bradesco's Executive Vice President during the relevant time period, Domingos Figueiredo de Abreu ("Abreu")—issued false and misleading statements and failed to disclose material adverse facts in an attempt to conceal this tax bribery scheme.

Y5334 v.09

12.     The Action was commenced on June 3, 2016, with the ☐ ☐ ☐ of a putative securities class action complaint in this Court captioned *Bryan v. Banco Bradesco S.A. et al.*, Case No. 1:16-cv-04155-GHW. By Order dated August 15, 2016, the Court appointed Public Employees' Retirement System of Mississippi as lead ☐ ☐ ☐ ☐ ☐ Kessler Topaz Meltzer & Check, LLP as lead counsel and Labaton Sucharow LLP as liaison counsel.

13.     On October 21, 2016, Lead ☐ ☐ ☐ ☐☐☐☐ the operative complaint in the Action—the Amended Class Action Complaint ("Amended Complaint"). The Amended Complaint asserted claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder, including SEC Rule 10b-5 (17 C.F.R. § 240.10b-5), against Bradesco, Trabuco, Angelotti and Abreu.

14.     On December 23, 2016, Bradesco, Trabuco, Angelotti and Abreu moved to dismiss the Amended Complaint ("Motion to Dismiss"). On February 3, 2017, Lead ☐ ☐ ☐ ☐☐☐☐ its opposition to the Motion to Dismiss, and on March 3, 2017, defendants ☐ ☐ a reply in support of their motion. By Order dated September 29, 2017, the Court granted in part and denied in part defendants' Motion to Dismiss the Amended Complaint. Pursuant to its Order, the Court (i) sustained Lead ☐ ☐ ☐ ☐'s claims under § 10(b) of the Exchange Act and Rule 10b-5 thereunder with respect to certain statements made by Bradesco, Trabuco and Angelotti; (ii) sustained Lead ☐ ☐ ☐ ☐'s claims under § 20(a) of the Exchange Act against Trabuco; and (iii) granted the Motion to Dismiss in all other respects, including all claims against Abreu.

15.     Thereafter, the Parties commenced discovery. Defendants ☐ ☐ their answer to the Amended ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ April 6, 2018.

16.     On August 17, 2018, Lead ☐ ☐ ☐ ☐ moved for ☐ ☐ ☐ cation of the class, including appointment of Lead ☐ ☐ ☐ and Boilermaker-Blacksmith National Pension Fund ("Boilermaker-Blacksmith") as class representatives ("Motion to Certify"). On August 21, 2018, Defendants ☐ ☐ a letter seeking a pre-motion conference regarding Defendants' proposed motion to strike Lead ☐ ☐ ☐ ☐'s addition of Boilermaker-Blacksmith. Lead ☐ ☐ ☐ ☐☐☐☐ its response letter on August 27, 2018. On September 14, 2018, pursuant to request of the Court, Lead ☐ ☐ ☐ ☐☐☐☐ a motion for leave to add Boilermaker-Blacksmith as a proposed class representative ("Motion to Add").

17.     Defendants opposed Lead ☐ ☐ ☐ ☐'s Motion to Add and Motion to Certify on September 24, 2018 and November 9, 2018, respectively. Lead ☐ ☐ ☐ ☐☐☐☐ replies in support of its motions on September 28, 2018 and December 14, 2018. Pursuant to leave by the Court, Defendants ☐ ☐ a sur-reply in opposition to the Motion to Certify on February 7, 2019 and Lead ☐ ☐ ☐ ☐☐☐☐ a sur-sur-reply in support of its motion on March 8, 2019. Defendants ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ s sur-sur-reply on April 5, 2018.

18.     While Lead ☐ ☐ ☐ ☐'s Motion to Add and Motion to Certify were pending, the Parties agreed to discuss a possible resolution of the Action. To facilitate their negotiations, the Parties scheduled a formal mediation with Jed D. Melnick, Esq. of JAMS and The Weinstein Melnick Team for April 15, 2019. In advance of the mediation, the Parties exchanged detailed mediation statements. At the mediation, the Parties reached an agreement-in-principle to resolve the Action for $14.5 million in cash.

19.     On July 1, 2019, the Parties entered into the Stipulation, which sets forth the ☐ ☐ terms and conditions of the Settlement. The Stipulation can be viewed at www.BancoBradescoSecuritiesLitigation.com.

20.     On July 24, 2019, the Court preliminarily approved the Settlement, authorized this Notice to potential Settlement Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant ☐ ☐ approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

21.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded from the Settlement Class. The Settlement Class provisionally ☐ ☐ ☐ ☐ by the Court for ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐

**All persons and entities who purchased or otherwise acquired Bradesco PADS during the period from August 8, 2014 through July 27, 2016, inclusive, and were injured thereby.**

Excluded from the Settlement Class are: (i) Defendants; (ii) the individual Defendants' Immediate Family members; (iii) any person who was an □ □ □ or director of Bradesco during the Settlement Class Period; (iv) any □ □ trust, corporation, or other entity in which a Defendant has or had a controlling interest; (v) Bradesco's employee retirement and □ □ □ plan(s) and their participants or □ □ □ □ □ to the extent they made purchases or otherwise acquired PADS through such plan(s); and (vi) the legal representatives, □ □ □ □ heirs, successors-in-interest, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves from the Settlement Class by submitting a request for exclusion that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 10 below.

**PLEASE READ THIS NOTICE CAREFULLY TO DETERMINE WHETHER YOU ARE A SETTLEMENT CLASS MEMBER AND WHETHER YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT A CLAIM FORM AND THE REQUIRED SUPPORTING DOCUMENTATION POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN DECEMBER 21, 2019. YOU CAN OBTAIN A COPY OF THE CLAIM FORM ON THE WEBSITE, WWW.BANCOBRADESCOSECURITIESLITIGATION.COM, OR BY CALLING 1-877-848-4284.**

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

22.     Lead □ □ □ and Lead Counsel believe that the claims asserted against Defendants have merit; however, they also recognize the substantial risks in continuing to litigate the Action. For example, Defendants have raised a number of arguments and defenses, including that Defendants made no misrepresentations, that the alleged misrepresentations were immaterial, and that Lead Plaint□ would not be able to establish that Defendants acted with the requisite intent. Even assuming Lead □ □ □ could establish Defendants' liability, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. Additionally, Lead □ □ □ and Lead Counsel recognize the □ □ □ expense and length of continued proceedings necessary to pursue their claims against Defendants through the completion of discovery, both foreign and domestic, further motion practice, trial, and appeals. □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ Action. □ □ □ □ □

23.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead □ □ □ and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead □ □ □ and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $14,500,000.00 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after further discovery, summary judgment, trial, and appeals, possibly years in the future.

24.     Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

25.     If there were no Settlement and Lead □ □ □ failed to establish any essential legal or factual element of its claims against Defendants, neither Lead □ □ □ nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

26.     The law □ □ of Kessler Topaz Meltzer & Check, LLP was appointed to represent all Settlement Class Members. These lawyers are called Lead Counsel. You will not be separately charged for the services of these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. As a Settlement Class Member, you are represented by Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, such counsel must □ □ a notice of appearance on your behalf. *See* "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?," on page 10 below.

Y5336 v.09

6

27.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 10 below.

28.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and payment of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objection(s) by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?," on page 10 below.

29.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the [Effective] Date of the Settlement, Lead [Plaintiff] and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trusts, trustees, estates, [insurers], reinsurers, predecessors, successors and assigns (and assignees of each of the foregoing) in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, [finally] and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released [Plaintiff]s Claim (as [defined] in ¶ 30 below) against the Defendant Releasees (as [defined] in ¶ 31 below), and shall forever be barred and enjoined [from prosecuting any or all of the Released] Claims against any of the Defendant Releasees.

30.     "Released [Plaintiff] Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead [Plaintiff] or any other member of the Settlement Class have, had, or may in the future have that relate in any way, directly or indirectly, to the purchase, sale, acquisition, disposition, or holding of PADS during the Settlement Class Period and (i) were asserted in the Action or (ii) could have been asserted or could in the future be asserted in any court or forum and arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action. "Released [Plaintiff] Claims" do not include (i) any claims relating to the enforcement of the Settlement; (ii) the right to receive a monetary recovery from any related governmental proceeding; or (iii) any claims of any person or entity who or which submits a timely request for exclusion from the Settlement Class that is accepted by the Court.

31.     "Defendant Releasees" means (i) Defendants and their attorneys; (ii) the current and former parents, [subsidiaries], subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former [officers,] employees, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, [agents,] agents, [insurers,] insurers, reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

32.     "Unknown Claims" means any claims, accrued or unaccrued, that Lead [Plaintiff] any other Settlement Class Member, or any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims. Unknown Claims include claims that, if known by him, her or it, might have [affected] his, her or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to the Settlement or to the release of the Released Claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the [Effective] Date of the Settlement, Lead [Plaintiff] and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, expressly waived, the provisions, rights, and [benefits] conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Y5337 v.09

7

The Parties acknowledge that they may hereafter discover facts in addition to or □ □ □ □from those which he or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the □ □ □ □Date, Lead □ □ □ □and Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such □ □ □ □or additional facts. Lead □ □ □ □and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

33.    The Judgment will also provide that, upon the □ □ □ □Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trusts, trustees, estates, □ □ □ □ □ □ □ □insurers, reinsurers, predecessors, successors and assigns (and assignees of each of the foregoing) in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, □ □ □and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as □ □ □ in ¶ 34 below) against the □ □ □ □Releasees (as □ □ □ in ¶ 35 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants'□ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □

34.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. "Released Defendants' Claims" do not include any claims relating to the enforcement of the Settlement.

35.    □ □ □ □Releasees" means (i) Lead □ □ □ □its attorneys and all other Settlement Class Members, including Boilermaker-Blacksmith; (ii) the current and former parents, □ □ □ □subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former □ □ □ □directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, □ □ □ □ □agents, □ □ □ □insurers, reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?
## WHAT DO I NEED TO DO?

36.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online at www.BancoBradescoSecuritiesLitigation.com, no later than December 21, 2019*. You can obtain a copy of the Claim Form on the website, www.BancoBradescoSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-848-4284, or by emailing the Claims Administrator at info@BancoBradescoSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in Bradesco PADS, as they may be needed to document your Claim.** If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

37.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

38.    Pursuant to the Settlement, Defendants shall pay or cause to be paid $14,500,000.00 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the □ □ □ □Date occurs, the "Net Settlement Fund" (as □ □ □ in ¶ 2 above) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

39.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation and that decision is □ □ □ □on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

40.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final, including following any appeals. Defendants and the other Defendant Releasees shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

41.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (if mailed), or online, on or before December 21, 2019 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Settlement Class Member releases the Released      Claims (as      in ¶ 30 above) against the Defendant Releasees (as      in ¶ 31 above) and will be enjoined and prohibited from prosecuting any of the Released      Claims against any of the Defendant Releasees whether or not such Settlement Class Member submits a Claim Form.

42.     Participants in and      of any employee retirement and/or      plan ("Employee Plan") should NOT include any information relating to Bradesco PADS purchased/acquired through an Employee Plan in any Claim Form they submit in this Action.  They should include ONLY those eligible Bradesco PADS purchased/acquired during the Settlement Class Period outside of an Employee Plan.  Claims based on any Employee Plan(s)' purchases/acquisitions of eligible Bradesco PADS during the Settlement Class Period may be made by the Employee Plan(s)' trustees. **Please Note**: As set forth in ¶ 21 above, Bradesco's employee retirement and      plan(s) and their participants or      to the extent they made purchases or otherwise acquired Bradesco PADS through such plan(s) are excluded from the Settlement Class and such persons or entities shall not receive, either directly or indirectly, any payment from the Settlement Fund in connection with such PADS.

43.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

44.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

45.     Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities who are excluded from the Settlement Class by      or who exclude themselves from the Settlement Class pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

46.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff. At the Settlement Fairness Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

47.     Lead Counsel, on behalf of      Counsel, will apply to the Court for an award of attorneys' fees and payment of Litigation Expenses. Lead Counsel has fee-sharing agreements with Liaison Counsel, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, and additional counsel Gadow Tyler, PLLC, 511 E. Pearl Street, Jackson, MS 39201, which provide that Lead Counsel will compensate these      solely from the attorneys' fees that Lead Counsel receives in this Action in amounts commensurate with those      in the Action, such that this will not increase the fees awarded by the Court. Lead Counsel's application for attorneys' fees will not exceed 25% of the Settlement Fund plus payment of Litigation Expenses not to exceed $1.1 million incurred in connection with the prosecution and resolution of this Action. Lead Counsel's application for attorneys' fees and Litigation Expenses, which may include a request for reimbursement of the reasonable costs and expenses incurred by      directly related to their representation of the Settlement Class in accordance with 15 U.S.C. §78u-4(a)(4), in an aggregate amount not to exceed $75,000.00, will be      by October 9, 2019, and the Court will consider this application at the Settlement Fairness Hearing. A copy of Lead Counsel's application for fees and expenses will be available for review at www.BancoBradescoSecuritiesLitigation.com once it is      Any award of attorneys' fees and payment of Litigation Expenses, including any reimbursement of costs and expenses to      will be paid from the Settlement Fund prior to allocation and payment to Authorized Claimants. *Settlement Class Members are not personally liable for any such attorneys' fees or expenses*.

Y5339 v.09

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

48.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *Banco Bradesco S.A. Securities Litigation Settlement*, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 4259, Portland, OR 97208-4259. The request for exclusion must be *received* **no later than October 23, 2019**. You will not be able to exclude yourself from the Settlement Class after that date.

49.     Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Banco Bradesco S.A. Securities Litigation*, Civil Case No. 1:16-cv-04155 (GHW)"; (iii) state the number of Bradesco PADS that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between August 8, 2014 and July 27, 2016, inclusive), as well as the dates, number of Bradesco PADS, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.

50.     A request for exclusion shall not be valid and ☐ ☐ ☐ ☐unless it provides all the information called for in ¶ 49 and is received within the time stated above, or is otherwise accepted by the Court.

51.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later ☐ ☐another lawsuit, arbitration, or other proceeding relating to any Released ☐ ☐ ☐ ☐Claim against any of the Defendant Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendant Releasees concerning the Released ☐ ☐ ☐ ☐Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. In addition, Defendants and the other Defendant Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

52.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund.

53.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

54.     **Settlement Class Members do not need to attend the Settlement Fairness Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.** Please Note: The date and time of the Settlement Fairness Hearing may change without further written notice to the Settlement Class. If you plan on attending the hearing, please check the website, www.BancoBradescoSecuritiesLitigation.com or contact Lead Counsel to ☐ ☐ ☐ that the date and/or time of the hearing has not changed.

55.     The Settlement Fairness Hearing will be held on **November 13, 2019 at 4:15 p.m.**, before the Honorable Gregory H. Woods at the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY, 10007, Courtroom 12C. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Settlement Class.

56.     Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses. Objections must be in writing. You must ☐ ☐any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's ☐ ☐ ☐ at the United States District Court for the Southern District of New York at the address set forth below as well as serve copies on Lead Counsel and on Defendants' Counsel at the addresses set forth below *on or before October 23, 2019*.

Y53310 v.09

10

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court<br>Southern District of<br>New York<br>Daniel Patrick Moynihan U.S. Courthouse<br>500 Pearl Street<br>New York, NY 10007 | Andrew L. Zivitz<br>Johnston de F. Whitman, Jr.<br>Kessler Topaz Meltzer &<br>Check, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 | Richard C. Pepperman II<br>Marc De Leeuw<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004 |

57.     To object, you must send a letter to the Court saying that you object to the Settlement in *In re Banco Bradesco S.A. Securities Litigation*, Civil Case No. 1:16-cv-04155 (GHW), and stating the reasons that you object to the Settlement, or any part thereof.

58.     Any objection must: (i) state the name, address, and telephone number of the person or entity objecting and be signed by the objector; (ii) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iii) indicate whether the objection applies only to the objector, to a □ □ □ subset of the Settlement Class, or to the entire Settlement Class; (iv) state with □ □ □ □ □ □ the grounds for the Settlement Class Member's objection or objections, and the □ □ □ reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (v) include documents □ □ □ □ to prove membership in the Settlement Class, consisting of documents showing the number of Bradesco PADS that the objector purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between August 8, 2014 and July 27, 2016, inclusive), as well as the dates, number of Bradesco PADS, and prices of each such purchase/acquisition and/or sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage □ □ □ □ slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □ □.

59.     **You may not object to the Settlement, Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.**

60.     You may submit an objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless (1) you □ □ submit a written objection in accordance with the procedures described above, (2) you □ □ submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

61.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, and if you timely submit a written objection as described above, you must also □ □ a notice of appearance with the Clerk's □ □ □ and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 56 above so that it is *received* **on or before October 23, 2019**.  Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

62.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must □ □ a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 56 above so that the notice is *received* **on or before October 23, 2019**.

63.     **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.**

Y53311 v.09

11

## WHAT IF I BOUGHT BRADESCO PADS ON SOMEONE ELSE'S BEHALF?

64.      If you purchased or otherwise acquired Bradesco PADS between August 8, 2014 and July 27, 2016, inclusive, for the ☐ ☐ ☐ ☐ interest of a person or entity other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator ☐ ☐ ☐ ☐ copies of the Postcard Notice to forward to all such ☐ ☐ ☐ ☐ owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such ☐ ☐ ☐ ☐ owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses (and e-mail addresses, if available) of all such ☐ ☐ ☐ ☐ owners to *Banco Bradesco S.A. Securities Litigation Settlement*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 4259, Portland, OR 97208-4259. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the ☐ ☐ ☐ ☐ owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Copies of this Notice and the Claim Form may be obtained from the Settlement Website, www.BancoBradescoSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-877-848-4284, or by emailing the Claims Administrator at info@BancoBradescoSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

65.      This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.BancoBradescoSecuritiesLitigation.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.nysd.uscourts.gov, or by visiting, during regular ☐ ☐ ☐ hours, the ☐ ☐ ☐ of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007. Additionally, copies of any related orders entered by the Court will be posted on the website for the Settlement, www.BancoBradescoSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Banco Bradesco S.A. Securities Litigation Settlement*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 4259
Portland, OR  97208-4259
1-877-848-4284
info@BancoBradescoSecuritiesLitigation.com
www.BancoBradescoSecuritiesLitigation.com

and/or

Andrew L. Zivitz
Johnston de F. Whitman, Jr.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

**PLEASE DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: August 23, 2019

By Order of the Court
United States District Court
Southern District of New York

Y53312 v.09

12

**APPENDIX A**

**Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants**

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Lead ☐ ☐ ☐ after consultation with its damages consultant. The Court may approve the Plan of Allocation with or without ☐ ☐ ☐ ☐ or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a ☐ ☐ ☐ ☐ of the Plan of Allocation will be posted on the website for the Settlement, www.BancoBradescoSecuritiesLitigation.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

The objective of the proposed Plan of Allocation is to equitably distribute the Net Settlement Fund among those Settlement Class Members who ☐ ☐ ☐ economic losses as a result of the alleged violations of the federal securities laws set forth in the Amended Complaint, as opposed to economic losses caused by market or industry factors or ☐ ☐ ☐ ☐ ☐ ☐ factors unrelated thereto. To that end, Lead ☐ ☐ ☐ s damages consultant calculated the estimated amount of alleged ☐ ☐ ☐ ☐☐☐ ☐ in the per share price of Bradesco PADS over the course of the Settlement Class Period that was allegedly proximately caused by Defendants' alleged materially false and misleading misrepresentations and omissions. In calculating the estimated ☐ ☐ ☐ ☐☐☐☐ ☐ allegedly caused by those misrepresentations and omissions, Lead ☐ ☐ ☐ s damages consultant considered price changes in Bradesco PADS in reaction to public disclosures that allegedly corrected the respective alleged misrepresentations and omissions. The calculations made pursuant to the Plan of Allocation, however, do not represent a formal damages analysis that has been adjudicated in the Action and are not intended to measure the amounts that Settlement Class Members would recover after a trial. Nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, a person or entity must have purchased or otherwise acquired Bradesco PADS during the Settlement Class Period (*i.e.*, from August 8, 2014 through July 27, 2016, inclusive) and ***held such Bradesco PADS through*** at least one of the alleged corrective disclosures that removed alleged ☐ ☐ ☐ ☐☐☐ ☐ related to that information. To that end, Lead ☐ ☐ ☐ s damages consultant ☐ ☐ ☐ ☐ four dates (*i.e.*, March 26, 2015, May 20, 2015, May 31, 2016, and July 27, 2016) on which alleged corrective disclosures were made that removed alleged ☐ ☐ ☐ ☐☐☐ ☐ from the price of Bradesco PADS on the following dates: March 27, 2015, May 21, 2015, May 31, 2016, and July 28, 2016.[2]

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

1.      For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of Bradesco P☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐.☐ ☐ ☐ ☐ ☐

2.      A "Recognized Loss Amount" will be calculated as set forth below for each Bradesco PADS purchased or otherwise acquired from August 8, 2014 through July 27, 2016, inclusive, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

---

[2] On March 26, 2015, the Brazilian Federal Police announced their investigation into bribery allegations related to certain tax proceedings, including tax proceedings involving some Brazilian banks. News reports that day and on March 27, 2015 also revealed that certain individuals at some of Brazil's largest banks could face criminal charges for their illegal conduct. On this news, after accounting for a stock dividend, the price of Bradesco PADS fell from an adjusted close of $8.62 [$7.12] on March 25, 2015 to an adjusted close of $8.05 [$6.66] on March 27, 2015. *See* Amended Complaint ¶ 12. Thereafter, on May 20, 2015, the Brazilian Federal Police announced that the police were dividing up their investigation into separate, company-specific investigations in order to expedite the proceedings and that they would focus first on certain "priority" cases. On this day, federal officials also revealed that the Federal Revenue Service of Brazil was "clos[ing] [the] taps" that had previously allowed for companies to illegally manipulate the tax system and divert public funds. In response to this news, the price of Bradesco PADS declined by $0.37 [$0.27] per share, from a close of $10.08 [$7.57] per share on May 20, 2015 to a close of $9.17 [$7.31] per share on May 21, 2015. *See* Amended Complaint ¶ 14. On May 31, 2016, Trabuco, Angelotti and Abreu were formally charged with multiple counts of violating Brazil's anti-corruption laws and in response to news of such indictments, the price of Bradesco PADS declined from a closing price of $6.63 [$5.48] per share on May 27, 2016 to a closing price of $6.26 [$5.17] per share on May 31, 2016. *See* Amended Complaint ¶ 15. Finally, on July 27, 2016 criminal allegations were sustained against Trabuco, Angelotti and Abreu. In response to this news, the price of Bradesco PADS declined from a closing price of $8.73 [$7.21] per share on July 27, 2016 to a closing price of $8.31 [$6.87] per share on July 28, 2016. *See* Amended Complaint ¶¶ 16, 195. The prices appearing in brackets reflect the closing prices after being adjusted to reflect all stock splits that occurred through August 2018.

Y53313 v.09

3. Bradesco PADS underwent a series of stock splits during the Settlement Class Period. To account for this, all prices for Bradesco PADS as well as inﬂation amounts listed in this Plan of Allocation have been adjusted to reﬂect all stock splits that occurred through August 2018.[3] Claimants' submitted transactions will be adjusted using the Split Adjustment Factors set forth in **Table 1** below. Speciﬁcally, share amounts will be multiplied by the relevant Split Adjustment Factor set forth in **Table 1** and purchase/acquisition and sale prices will be divided by the relevant Split Adjustment Factor set forth in **Table 1**.

4. For each Bradesco PADS purchased or otherwise acquired between August 8, 2014 and July 27, 2016, inclusive, and sold on or before October 25, 2016,[4] an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is deﬁned as the per-PADS purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* the per-PADS sale price (excluding all fees, taxes, and commissions) after adjusting for the PADS stock splits as set forth in **Table 1** below. Speciﬁcally, purchase/acquisition and sale prices will be divided by the relevant Split Adjustment Factor set forth in **Table 1**. To the extent that the calculation of an Out of Pocket Loss results in a negative number, that number shall be set to zero.

5. A Claimant's Recognized Loss Amount per Bradesco PADS purchased or otherwise acquired during the Settlement Class Period will be calculated as follows:

A. For each Bradesco PADS purchased or otherwise acquired during the Settlement Class Period and subsequently sold prior to the opening of trading on March 27, 2015, the Recognized Loss Amount is $0.

B. For each Bradesco PADS purchased or otherwise acquired during the Settlement Class Period and subsequently sold after the opening of trading on March 27, 2015 and prior to the close of trading on July 27, 2016, the Recognized Loss Amount shall be *the lesser of*:

(i) the dollar amount of alleged inﬂation applicable to each such PADS on the date of purchase/acquisition as set forth in **Table 2** below *minus* the dollar amount of alleged inﬂation applicable to each such PADS on the date of sale as set forth in **Table 2** below; or

(ii) the Out of Pocket Loss.

C. For each Bradesco PADS purchased or otherwise acquired during the Settlement Class Period and subsequently sold after the close of trading on July 27, 2016 and prior to the close of trading on October 25, 2016 (*i.e.*, the last day of the 90-Day Look-back Period), the Recognized Loss Amount shall be *the least of*:

(i) the dollar amount of alleged inﬂation applicable to each such PADS on the date of purchase/acquisition as set forth in **Table 2**;

(ii) the purchase/acquisition price of each such PADS (excluding all fees, taxes, and commissions) *minus* the 90-Day Look-back Value as set forth in **Table 3** below; or

(iii) the Out of Pocket Loss.

D. For each Bradesco PADS purchased or otherwise acquired during the Settlement Class Period and still held as of the close of trading on October 25, 2016 (*i.e.*, the last day of the 90-Day Look-back Period), the Recognized Loss Amount shall be *the lesser of*:

(i) the dollar amount of alleged inﬂation applicable to each such PADS on the date of purchase/acquisition as set forth in **Table 2** below; or

---

[3] During the Action, expert analysis of Bradesco PADS prices and shares was submitted to the Court in August 2018, and those prices and shares reﬂected all stock splits through August 2018. For consistency, the same adjustments to prices and shares are being used herein.

[4] October 25, 2016 represents the last day of the 90-day period subsequent to the end of the Settlement Class Period, *i.e.*, July 27, 2016 (the "90-Day Look-back Period;" the period of July 28, 2016 through October 25, 2016). The PSLRA imposes a statutory limitation on recoverable damages using the 90-Day Look-back Period. This limitation is incorporated into the calculation of a Settlement Class Member's Recognized Loss Amount. Speciﬁcally, a Settlement Class Member's Recognized Loss Amount cannot exceed the diﬀerence between the purchase price paid for the Bradesco PADS and the average price of Bradesco PADS during the 90-Day Look-back Period if the Bradesco PADS was held through October 25, 2016, the end of this period. Losses on Bradesco PADS purchased/acquired during the period between August 8, 2014 and July 27, 2016, inclusive, and sold during the 90-Day Look-back Period cannot exceed the diﬀerence between the purchase price paid for the Bradesco PADS and the average price of Bradesco PADS during the portion of the 90-Day Look-back Period elapsed as of the date of sale (the "90-Day Look-back Value"), as set forth in **Table 3** below.

(ii)    the purchase/acquisition price of each such PADS (excluding all fees, taxes, and commissions) *minus* $7.56 (the average closing price of Bradesco PADSs during the 90-Day Look-back Period (*i.e.*, July 28, 2016 through October 25, 2016), as shown on the last line in **Table 3** below).

### ADDITIONAL PROVISIONS

6.      The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ 1 below) is $10.00 or greater.

7.      If a Settlement Class Member has more than one purchase/acquisition or sale of Bradesco PADS during the Settlement Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Settlement Class Period sales will be matched ☐ ☐ against any holdings of Bradesco PADS at the beginning of the Settlement Class Period, and then against purchases/acquisitions of Bradesco PADS, in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

8.      Purchases/acquisitions and sales of Bradesco PADS shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Bradesco PADS during the Settlement Class Period, shall not be deemed a purchase, acquisition or sale of these Bradesco PADS for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Bradesco PADS unless (i) the donor or decedent purchased or otherwise acquired such Bradesco PADS during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Bradesco P☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐

9.      The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Bradesco PADS. The date of a "short sale" is deemed to be the date of sale of Bradesco PADS. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Bradesco PADS, the earliest purchases or acquisitions during the Settlement Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

10.     Bradesco PADS are the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Bradesco PADS are not securities eligible to participate in the Settlement. With respect to Bradesco PADS purchased or sold through the exercise of an option, the purchase/sale date of the Bradesco PADS is the exercise date of the option and the purchase/sale price is the exercise price of the option. Any Recognized Loss Amount arising from purchases of Bradesco PADS acquired during the Settlement Class Period through the exercise of an option on Bradesco PADS[5] shall be computed as provided for other purchases of Bradesco PADS in the Plan of Allocation.

11.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. ☐ ☐ ☐ ☐, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent ☐ ☐ ☐ to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is ☐ ☐ ☐ ☐ ☐ to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be ☐ ☐ ☐ ☐ ☐ At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not ☐ ☐ ☐ ☐ ☐ the remaining balance shall be contributed to non-sectarian, not-for☐ ☐ organization(s), to be recommended by Lead Counsel and approved by the Court.

---

[5] This includes (1) purchases of Bradesco PADS as the result of the exercise of a call option, and (2) purchases of Bradesco PADS by the seller of a put option as a result of the buyer of such put option exercising that put option.

Y53315 v.09

13.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person or entity shall have any claim against □ □ □ □ □□□ □ □ □Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendant Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court. □ □ □ □and Defendants, and their respective counsel, Lead □ □ □ □'s damages consultant, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) or Tax Expenses owed by the Settlement Fund, or any losses incurred in connection therewith.

| TABLE 1 Split Adjustment Factors to be Applied to Claimants' Transactions ||
|---|---|
| **Transaction Date** | **Split Adjustment Factor** |
| August 8, 2014 - March 26, 2015 | 1.5972[6] |
| March 27, 2015 - April 17, 2016 | 1.331 |
| April 18, 2016 - May 1, 2017 | 1.21 |
| May 2, 2017 - April 1, 2018 | 1.1 |
| April 2, 2018 - August 31, 2018 | 1 |

| TABLE 2 Estimated Alleged Artificial Inflation in Bradesco PADS |||
|---|---|---|
| **From** | **To** | **Estimated Alleged Artificial Inflation Per PADS** |
| August 8, 2014 | March 26, 2015 | $0.83 |
| March 27, 2015 | May 20, 2015 | $0.69 |
| May 21, 2015 | May 31, 2016 (prior to 2:02 p.m. EST)[7] | $0.49 |
| May 31, 2016 (at or after 2:02 p.m. EST) | July 27, 2016 | $0.27 |
| **PLEASE NOTE**: **The estimated alleged artificial inflation amounts have been adjusted to reflect all stock splits that occurred through August 2018.** |||

---

[6] The appropriate Split Adjustment Factor will be applied to any Bradesco PADS held as of the start of the Settlement Class Period.

[7] For purposes of this Plan of Allocation, the Claims Administrator will assume that any Bradesco PADS purchased/acquired or sold on May 31, 2016 at a price less than $5.34 per PADS occurred *after* the corrective information was released to the market at 2:02 p.m. EST on May 31, 2016, and any PADS purchased/acquired or sold on May 31, 2016 at a price equal to or greater than $5.34 per PADS occurred *prior* to the release of the corrective information at 2:02 p.m. EST on May 31, 2016.

Y53316 v.09

| TABLE 3 | | | |
| Bradesco PADSs 90-Day Look-back Value by Sale/Disposition Date | | | |
| **Sale Date** | **90-Day Look-back Value** | **Sale Date** | **90-Day Look-back Value** |
|---|---|---|---|
| 7/28/2016 | $6.87 | 9/13/2016 | $7.38 |
| 7/29/2016 | $7.03 | 9/14/2016 | $7.36 |
| 8/1/2016 | $7.06 | 9/15/2016 | $7.35 |
| 8/2/2016 | $7.05 | 9/16/2016 | $7.34 |
| 8/3/2016 | $7.09 | 9/19/2016 | $7.34 |
| 8/4/2016 | $7.15 | 9/20/2016 | $7.33 |
| 8/5/2016 | $7.21 | 9/21/2016 | $7.34 |
| 8/8/2016 | $7.24 | 9/22/2016 | $7.34 |
| 8/9/2016 | $7.28 | 9/23/2016 | $7.35 |
| 8/10/2016 | $7.29 | 9/26/2016 | $7.35 |
| 8/11/2016 | $7.32 | 9/27/2016 | $7.35 |
| 8/12/2016 | $7.34 | 9/28/2016 | $7.36 |
| 8/15/2016 | $7.36 | 9/29/2016 | $7.36 |
| 8/16/2016 | $7.38 | 9/30/2016 | $7.37 |
| 8/17/2016 | $7.39 | 10/3/2016 | $7.37 |
| 8/18/2016 | $7.40 | 10/4/2016 | $7.38 |
| 8/19/2016 | $7.40 | 10/5/2016 | $7.39 |
| 8/22/2016 | $7.40 | 10/6/2016 | $7.40 |
| 8/23/2016 | $7.39 | 10/7/2016 | $7.40 |
| 8/24/2016 | $7.38 | 10/10/2016 | $7.41 |
| 8/25/2016 | $7.37 | 10/11/2016 | $7.42 |
| 8/26/2016 | $7.36 | 10/12/2016 | $7.43 |
| 8/29/2016 | $7.36 | 10/13/2016 | $7.44 |
| 8/30/2016 | $7.37 | 10/14/2016 | $7.45 |
| 8/31/2016 | $7.37 | 10/17/2016 | $7.46 |
| 9/1/2016 | $7.36 | 10/18/2016 | $7.48 |
| 9/2/2016 | $7.37 | 10/19/2016 | $7.49 |
| 9/6/2016 | $7.38 | 10/20/2016 | $7.51 |
| 9/7/2016 | $7.39 | 10/21/2016 | $7.53 |
| 9/8/2016 | $7.40 | 10/24/2016 | $7.54 |
| 9/9/2016 | $7.40 | 10/25/2016 | $7.56 |
| 9/12/2016 | $7.39 | | |

**PLEASE NOTE**: The 90-Day Look-back Values have been adjusted to reflect all stock splits that occurred through August 2018.

Y53317 v.09