# Supplemental Exhibit 16A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD J. ISOLDE, Individually and on Behalf of All Others Similarly Situated, §<br><br>Plaintiff, §<br><br>vs. §<br><br>TRINITY INDUSTRIES, INC., et al., §<br><br>Defendants. § | Civil Action No. 3:15-cv-02093-K<br>**(CONSOLIDATED)**<br><br>CLASS ACTION<br><br>Judge Ed Kinkeade |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO:  ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED TRINITY INDUSTRIES, INC. ("TRINITY" OR THE "COMPANY") COMMON STOCK ("SECURITIES") BETWEEN FEBRUARY 16, 2012 AND APRIL 24, 2015, INCLUSIVE, AND WERE DAMAGED THEREBY**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE MARCH 25, 2020.

**A federal court authorized this Notice.  This is not a solicitation from a lawyer.**

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Texas (the "Court").  The purpose of this Notice of Pendency and Proposed Settlement of Class Action ("Notice") is to inform you of the proposed settlement of this securities class action litigation (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement.  The Settlement resolves the Class's claims asserted against the Defendants.  This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement and this class action litigation.

The proposed Settlement creates a fund in the amount of Seven Million, Five Hundred Thousand Dollars ($7,500,000.00) in cash and will include interest that accrues on the fund prior to distribution to eligible Class Members.  Based on the information currently available to Plaintiffs and the analysis performed by their damages consultant, it is estimated that if Class Members submit claims for 100% of the Securities eligible for distribution, the estimated average distribution per share will be approximately $0.10 before deduction of Court-approved fees and expenses.  Historically, actual claims rates are less than 100%, which result in higher distributions per share.  Your actual recovery from this fund will depend on a number of variables, including the number of claimants, the amount of Trinity Securities you and all other claimants purchased or otherwise acquired and sold, the expense of administering the claims process, and the timing of your purchases, acquisitions and sales, if any (*see* the Plan of Allocation below for a more detailed description of how the Settlement proceeds will be allocated among Class Members).

The Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action.  The issues on which the parties disagree include, but are not limited to: (1) whether the statements allegedly made or facts allegedly omitted were false or misleading, material, or otherwise actionable under the federal securities laws; (2) whether any of the Defendants acted intentionally or recklessly in making any alleged misstatements; (3) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of Trinity Securities; (4) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the trading price of Trinity Securities; (5) the extent to which external factors, such as general market conditions, influenced the trading price of Trinity Securities; (6) the effect of various market forces influencing the trading price of Trinity Securities; (7) the amount by which the price of Trinity Securities was allegedly

337

artificially inflated (if at all); and (8) the appropriate economic model for determining the amount by which the price of Trinity Securities was allegedly artificially inflated (if at all). Plaintiffs and Defendants do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to have prevailed on each claim asserted. The Defendants deny that they have violated the federal securities laws or any laws.

Plaintiffs believe that the proposed Settlement is a very good recovery and is in the best interests of the Class. There were significant risks associated with continuing to litigate through trial, and if the Defendants prevailed at trial, the Class would receive nothing. In addition, the amount of damages recoverable by the Class was and is challenged by the Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law, and had the Action gone to trial, the Defendants intended to assert that they have not violated the law, that they are not liable, and that any losses of Class Members were caused by non-actionable market, industry, general economic or company-specific factors.

Plaintiffs' Counsel have not received any payment for their services in conducting this Action on behalf of Plaintiffs and the members of the Class, nor have they been paid their litigation expenses. If the Settlement is approved by the Court, Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for attorneys' fees of $1,125,000, plus expenses not to exceed $200,000, plus interest on such amounts, all of which shall be paid from the Settlement Fund. If the amounts requested by counsel are approved by the Court, the average cost per Security would be approximately $0.02. In addition, the Plaintiffs intend to seek an amount not to exceed $20,000 pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(4), in connection with their representation of the Class.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this Action or the fairness or adequacy of the proposed Settlement.

For further information regarding this Settlement you may contact the Claims Administrator toll-free at 1-866-234-5150 or visit the website www.TrinitySecuritiesSettlement.com. You may also contact a representative of Lead Counsel: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 1-800-449-4900. Please do not call any representative of the Defendants or the Court.

## I.     NOTICE OF HEARING ON PROPOSED SETTLEMENT

A hearing (the "Settlement Hearing") will be held on March 31, 2020, at 10:00 a.m., before the Honorable Ed Kinkeade, United States District Judge, at the United States District Court for the Northern District of Texas, Earle Cabell Federal Building, 1100 Commerce Street, Room 1625, Dallas, Texas 75242. The purpose of the Settlement Hearing will be to determine: (1) whether the Settlement consisting of Seven Million, Five Hundred Thousand Dollars ($7,500,000.00) in cash plus accrued interest on the Settlement Fund should be approved as fair, reasonable, and adequate to the Class, which would result in this Action being dismissed with prejudice against the Released Parties as set forth in the Stipulation of Settlement dated September 23, 2019 (the "Stipulation" or the "Settlement Agreement"); (2) whether the proposed plan to distribute the Settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; and (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved. The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## II.     DEFINITIONS USED IN THIS NOTICE

1.     "Authorized Claimant" means any member of the Class who submits a valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2.     "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

3.     "Class" means all persons and entities who purchased or otherwise acquired publicly traded Trinity common stock between February 16, 2012 and April 24, 2015, inclusive, and were damaged thereby. Excluded from the Class are: (i) Defendants; (ii) the Immediate Family Members of the Individual Defendants; (iii) the officers and directors of Trinity during the Class Period and their Immediate Family Members; (iv) any

338

parents, subsidiaries, or affiliates of Trinity; (v) any firm, trust, corporation, or other entity in which any Defendant has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity. Also excluded from the Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

4.     "Class Member" means a person or entity who falls within the definition of the Class as set forth above in ¶3.

5.     "Class Period" means the period between February 16, 2012 and April 24, 2015, inclusive.

6.     "Court" means the United States District Court for the Northern District of Texas.

7.     "Defendants" means Trinity Industries, Inc., Timothy R. Wallace, James E. Perry, and Gregory B. Mitchell.

8.     "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

9.     "Escrow Account" means the account controlled by the Escrow Agents.

10.     "Escrow Agents" means Lead Counsel or their successor(s).

11.     "Final" means when the last of the following with respect to the Judgment or any other court order shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment or order under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment or order has passed without any appeal having been taken; or (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of the Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses or any Plan of Allocation of the Settlement Fund.

12.     "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

13.     "Individual Defendants" means Timothy R. Wallace, James E. Perry, and Gregory B. Mitchell.

14.     "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached to the Stipulation as Exhibit B.

15.     "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07068; and Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020.

16.     "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court, after provision for the amounts set forth in ¶5.5(a)-(c) of the Stipulation.

17.     "Plaintiffs" or "Lead Plaintiffs" means Plumbers and Pipefitters National Pension Fund ("Plumbers and Pipefitters"), United Association Local Union Officers & Employees' Pension Fund (the "UA Fund"), and the Department of the Treasury of the State of New Jersey and its Division of Investment ("New Jersey").

18.     "Plaintiffs' Counsel" means any counsel who have appeared for any of the Plaintiffs in the Action.

339

19. "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes, and Tax Expenses and such attorneys' fees, expenses, and interest and other expenses as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and Defendants and the Released Parties shall have no responsibility or liability with respect to the Plan of Allocation.

20. "Released Claims" means, collectively, the Released Plaintiffs' Claims and the Released Defendants' Claims.

21. "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever whether known or unknown, whether arising under federal, state, common, or foreign law that arise out of or are based upon or related to the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Plaintiffs' Claims, except for claims relating to the enforcement of the Settlement. "Released Defendants' Claims" includes "Unknown Claims" as defined below in ¶28.

22. "Released Parties" means Defendants and each of their past or present subsidiaries, past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys, accountants, auditors, underwriters, investment advisors, personal or legal representatives, predecessors, successors, parents, divisions, joint ventures, assigns, spouses, heirs, estates, related or affiliated entities, and Individual Defendants' Immediate Family Members.

23. "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description whatsoever whether known or unknown, whether arising under federal, state, common, or foreign law, whether class or individual in nature, that Lead Plaintiffs or any other member of the Class asserted in the Action or could have asserted in any forum that arise out of or are based upon or related to both (i) the purchase or acquisition of Trinity common stock during the Class Period, and (ii) the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in the Complaint, except for claims relating to the enforcement of the Settlement. "Released Plaintiffs' Claims" includes "Unknown Claims" as defined below in ¶28.

24. "Settlement" means the settlement contemplated by the Stipulation.

25. "Settlement Amount" means the principal amount of Seven Million, Five Hundred Thousand Dollars ($7,500,000.00), to be paid pursuant to ¶2.1 of the Stipulation. Such amount is paid as consideration for full and complete settlement and release of all the Released Plaintiffs' Claims.

26. "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to an account controlled by the Escrow Agents, and which may be reduced by payments or deductions as provided for herein or by Court order.

27. "Settling Parties" means Defendants and Lead Plaintiffs on behalf of themselves and the Class Members.

28. "Unknown Claims" means, collectively, any and all Released Plaintiffs' Claims, of every nature and description, that any Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the Effective Date, and any Released Defendants' Claims, of every nature and description, that any Defendant does not know or suspect to exist in his or its favor at the time of the Effective Date, which, if known by him, her, or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her, or its decision not to object to or opt out of this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights, and benefits of California Civil Code §1542, which provides, in relevant part:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive and each of the other Class Members shall be deemed to have, and by operation of the Judgment shall have expressly, waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiffs and the other Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but, upon the Effective Date, Lead Plaintiffs shall expressly, and each other Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims without regard to the subsequent discovery or existence of such different or additional facts. Defendants may hereafter discover facts in addition to or different from those which he or it now knows or believes to be true with respect to the subject matter of the Released Defendants' Claims, but, upon the Effective Date, Defendants shall expressly, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Defendants' Claims without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Defendants acknowledge, and the other Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

### III.    THE LITIGATION

This case is currently pending before the Honorable Ed Kinkeade in the United States District Court for the Northern District of Texas and was brought on behalf of the Class of all persons who purchased or otherwise acquired Trinity common stock between February 16, 2012, through and including April 24, 2015, and were damaged thereby. The initial complaint was filed on April 27, 2015. On March 8, 2016, the Court appointed Plumbers and Pipefitters, the UA Fund, and New Jersey as Lead Plaintiffs and Robbins Geller Rudman & Dowd LLP, Lowenstein Sandler LLP, and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel. On May 11, 2016, Lead Plaintiffs filed the Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint"), which alleges that during the Class Period, Defendants made false and misleading statements by failing to disclose to investors that Trinity secretly made dangerous changes to its ET-Plus guardrail system in 2005 without necessary approval from the Federal Highway Administration, exposing the Company to considerable civil and criminal liabilities, risk of lost business, and other negative financial consequences as a result. These alleged misstatements and omissions artificially inflated Trinity's stock price, ultimately causing substantial damage to the Class when the truth was revealed.

From the outset of the Action, Defendants have denied all of these allegations and consistently maintained that they never made any statement to the market that was false or misleading, nor did they ever direct anyone to make public statements that were false or misleading. Defendants believed at the time and still believe that, during the Class Period and at all other times, Trinity's public statements were truthful, accurate, and not misleading. As a result, Defendants contend that Plaintiffs cannot prove any element of securities fraud, including, but not limited to, falsity, scienter, and loss causation.

On June 14, 2016, Defendants filed a motion to stay and administratively close proceedings pending Trinity's appeal to the Fifth Circuit of a related *qui tam* judgment in *United States ex rel. Joshua Harman v. Trinity Industries, Inc.*, No. 2:12-cv-0089-JRG (E.D. Tex.) ("*Harman*"). Judge Kinkeade denied Defendants' motion to stay on July 5, 2016. On August 18, 2016, Defendants filed motions to dismiss the Complaint on behalf of: 1) Trinity Industries, Inc., James E. Perry and Timothy R. Wallace; and 2) Gregory B. Mitchell. On October 4, 2016, Lead Plaintiffs filed their opposition to Defendants' motions, and Defendants filed their reply briefs on November 18, 2016. On March 13, 2017, the Court *sua sponte* reconsidered its previous denial of Defendants' motion to stay, granted that motion, and administratively closed proceedings pending the Fifth Circuit's decision in the related *Harman* case. On September 29, 2017, the Fifth Circuit reversed the verdict in *Harman* and rendered judgment as a matter of law in favor of Trinity. On February 12, 2018, the plaintiff in *Harman* filed a petition for a writ of certiorari with the U.S. Supreme Court, which was denied on January 7, 2019. On February 21, 2019, the parties in the present Action jointly stipulated to modify the schedule for Plaintiffs to file an amended complaint. On May 8, 2019, the parties agreed to further modify the schedule to allow the parties to focus their efforts on mediation.

341

On June 18, 2019, the parties engaged in a successful mediation session with Gregory P. Lindstrom, and the parties agreed to settle the Action for financial consideration in the amount of Seven Million, Five Hundred Thousand Dollars ($7,500,000.00).  The parties finalized a written term sheet, which documented their agreement to the financial consideration and several non-monetary settlement terms.  The term sheet provided, among other things, that the mediator was vested with binding authority to promptly resolve any disputes arising out of the finalization of the settlement documentation.

## IV.    CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit.  However, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial.  Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of trial, especially in complex matters such as this Action, as well as the risks posed by the difficulties and delays relating to post-trial motions, and potential appeals of the Court's determination of said motions, or the verdict of a jury.  Plaintiffs and Lead Counsel also are aware of the defenses to the securities law violations asserted in the Action.  Plaintiffs and Lead Counsel believe that the Settlement set forth in the Settlement Agreement confers substantial benefits upon the Class in light of the circumstances present here.  Based on their evaluation, Plaintiffs and Lead Counsel have determined that the Settlement set forth in the Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Class.

## V.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny that they have violated the federal securities laws or any laws and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law.  Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Defendants made, knowingly or otherwise, any material misstatements or omissions; that Defendants acted recklessly or with culpable intent; that any member of the Class has suffered any damages; that the price of Trinity Securities was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that the members of the Class were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

Nonetheless, taking into account the uncertainty, risks, costs, and distraction inherent in any litigation, especially in complex cases such as this Action, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in the Settlement Agreement.  As set forth in ¶¶8.2-8.3 of the Settlement Agreement, the Settlement Agreement shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants or any of the Released Parties with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

## VI.    TERMS OF THE PROPOSED SETTLEMENT

The sum of Seven Million, Five Hundred Thousand Dollars ($7,500,000.00) will be transferred to the Escrow Agents within ten (10) business days of the later of (i) entry of preliminary approval order, or (ii) the provision to Defendants of the information necessary to effectuate a transfer of funds.  The principal amount of $7,500,000.00, plus any accrued interest once transferred, constitutes the Settlement Fund.  A portion of the Settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing notice of the Settlement, payment of any taxes assessed against the Settlement Fund, and costs associated with the processing of claims submitted.  In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to Plaintiffs' Counsel as attorneys' fees and for expenses in litigating the case and to Plaintiffs for their costs and expenses in representing the Class. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described below to Class Members who submit valid and timely Proof of Claim and Release forms.

342

## VII.    PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim and Release forms ("Authorized Claimants") under the Plan of Allocation described below.  The Plan of Allocation provides that Authorized Claimants will be eligible to participate in the distribution of the Net Settlement Fund only if Authorized Claimants purchased or otherwise acquired Trinity Securities during the Class Period, between February 16, 2012 and April 24, 2015, inclusive.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel conferred with their damages consultant and the Plan of Allocation reflects an assessment of the damages that they believe could have been recovered had Plaintiffs prevailed at trial.  Defendants have had, and shall have, no involvement or responsibility for the terms or application of the Plan of Allocation described herein.  The Court may approve the Settlement, even if it does not approve the Plan of Allocation.

### A.    Eligible Securities

The Trinity Securities for which an Authorized Claimant may be entitled to receive a distribution from the Net Settlement Fund consist of Trinity common stock.

### B.    Recognized Loss

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's "Recognized Loss," as described below.  If, however, as expected, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants – *i.e.*, the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The proposed Plan of Allocation reflects the Plaintiffs' allegations that over the course of the Class Period, the trading prices of Trinity Securities were artificially inflated as a result of the Defendants' misrepresentations and omissions concerning this matter.

Estimated damages and the Plan of Allocation were developed based on event study analysis, which determines how much artificial inflation was in the stock price on each day during the Class Period by measuring how much the stock price was inflated as a result of the alleged misrepresentations and omissions and declined as a result of alleged disclosures that corrected the alleged misrepresentations and omissions.

### C.    Calculation of Recognized Loss

The allocation formula set forth below is based on the following inflation per share amount for Class Period common stock purchases and sales as well as the statutory PSLRA 90 day-look back amounts set forth below.  If the allocation formula set forth below yields an amount less than $0.00, the claim per share is $0.00.[1]

| Inflation Period | Inflation per Share |
|---|---|
| February 16, 2012 – October 12, 2014 | $6.53 |
| October 13, 2014 – October 23, 2014 | $4.46 |
| October 24, 2014 – October 28, 2014 | $3.54 |
| October 29, 2014 – April 21, 2015 | $0.81 |
| April 22, 2015 – April 24, 2015 | $0.47 |

---

[1]    All amounts are adjusted for the Company's June 19, 2014 two for one stock split.

343

For shares of Trinity common stock **purchased, or acquired, between February 16, 2012 and April 24, 2015, inclusive**, the claim per share shall be as follows:

    (a)    If sold prior to October 13, 2014, the claim per share is $0.00.

    (b)    If sold between October 13, 2014 and April 24, 2015, inclusive, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase/acquisition less the inflation per share at the time of sale; and (ii) the difference between the purchase/acquisition price and the sale price.

    (c)    If retained at the end of April 24, 2015 and sold on or before July 24, 2015, the claim per share shall be the least of: (i) the inflation per share at the time of purchase/acquisition; (ii) the difference between the purchase/acquisition price and the sale price; and (iii) the difference between the purchase/acquisition price and the average closing price up to the date of sale as set forth in the table below.

    (d)    If retained at the end of July 24, 2015, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase/acquisition; and (ii) the difference between the purchase/acquisition price and $28.62.

| Date | Price | Average Closing Price | Date | Price | Average Closing Price |
|---|---|---|---|---|---|
| 4/27/2015 | $28.13 | $28.13 | 6/11/2015 | $30.05 | $29.95 |
| 4/28/2015 | $28.21 | $28.17 | 6/12/2015 | $30.20 | $29.96 |
| 4/29/2015 | $28.07 | $28.14 | 6/15/2015 | $30.01 | $29.96 |
| 4/30/2015 | $27.09 | $27.88 | 6/16/2015 | $29.19 | $29.94 |
| 5/1/2015 | $28.96 | $28.09 | 6/17/2015 | $29.36 | $29.92 |
| 5/4/2015 | $28.66 | $28.19 | 6/18/2015 | $29.70 | $29.91 |
| 5/5/2015 | $29.06 | $28.31 | 6/19/2015 | $29.52 | $29.90 |
| 5/6/2015 | $29.00 | $28.40 | 6/22/2015 | $29.43 | $29.89 |
| 5/7/2015 | $29.96 | $28.57 | 6/23/2015 | $30.33 | $29.90 |
| 5/8/2015 | $30.37 | $28.75 | 6/24/2015 | $29.59 | $29.90 |
| 5/11/2015 | $30.75 | $28.93 | 6/25/2015 | $28.09 | $29.85 |
| 5/12/2015 | $30.45 | $29.06 | 6/26/2015 | $27.24 | $29.79 |
| 5/13/2015 | $30.90 | $29.20 | 6/29/2015 | $26.86 | $29.73 |
| 5/14/2015 | $30.56 | $29.30 | 6/30/2015 | $26.43 | $29.66 |
| 5/15/2015 | $30.75 | $29.39 | 7/1/2015 | $26.30 | $29.59 |
| 5/18/2015 | $31.13 | $29.50 | 7/2/2015 | $25.79 | $29.51 |
| 5/19/2015 | $30.71 | $29.57 | 7/6/2015 | $25.30 | $29.42 |
| 5/20/2015 | $30.88 | $29.65 | 7/7/2015 | $25.34 | $29.34 |
| 5/21/2015 | $31.37 | $29.74 | 7/8/2015 | $24.39 | $29.24 |
| 5/22/2015 | $31.42 | $29.82 | 7/9/2015 | $25.18 | $29.16 |
| 5/26/2015 | $30.19 | $29.84 | 7/10/2015 | $25.48 | $29.09 |
| 5/27/2015 | $30.75 | $29.88 | 7/13/2015 | $25.82 | $29.03 |
| 5/28/2015 | $30.14 | $29.89 | 7/14/2015 | $25.79 | $28.97 |
| 5/29/2015 | $29.99 | $29.90 | 7/15/2015 | $25.81 | $28.92 |
| 6/1/2015 | $29.71 | $29.89 | 7/16/2015 | $26.18 | $28.87 |
| 6/2/2015 | $30.38 | $29.91 | 7/17/2015 | $25.83 | $28.82 |
| 6/3/2015 | $30.70 | $29.94 | 7/20/2015 | $25.77 | $28.77 |
| 6/4/2015 | $30.37 | $29.95 | 7/21/2015 | $26.29 | $28.72 |
| 6/5/2015 | $30.69 | $29.98 | 7/22/2015 | $26.13 | $28.68 |
| 6/8/2015 | $30.04 | $29.98 | 7/23/2015 | $25.97 | $28.64 |
| 6/9/2015 | $29.23 | $29.96 | 7/24/2015 | $27.33 | $28.62 |
| 6/10/2015 | $29.60 | $29.94 | | | |

If a Class Member held Trinity Securities at the beginning of the Class Period or made multiple purchases, acquisitions, or sales of Trinity Securities during or after the Class Period, the starting point for calculating an Authorized Claimant's Recognized Loss is to match the Authorized Claimant's holdings, purchases, and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method.  Under the FIFO method, Trinity Securities sold during the Class Period will be matched, in chronological order first against Trinity Securities held at the beginning of the Class Period.  The remaining sales of Trinity Securities during the Class Period will then be matched, in chronological order against Trinity Securities purchased or acquired during the Class Period.

Purchases or acquisitions and sales of Trinity Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Trinity Securities during the Class Period shall not be deemed a purchase, acquisition, or sale of Trinity Securities for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such shares of Trinity Securities during the Class Period; (ii) no Proof of Claim and Release was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Trinity Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.TrinitySecuritiesSettlement.com.

## VIII.    PARTICIPATION IN THE CLASS

If you fall within the definition of the Class, you are a Class Member unless you elect to be excluded from the Class pursuant to this Notice.  If you do not request to be excluded from the Class, you will be bound by any judgment entered with respect to the Settlement in the Action against the Defendants whether or not you file a Proof of Claim and Release form.

If you are a Class Member, you need do nothing (other than timely file a Proof of Claim and Release if you wish to participate in the distribution of the Net Settlement Fund).  Your interests will be represented by Lead Counsel.  If you choose, you may enter an appearance individually or through your own counsel at your own expense.

TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE THAT ACCOMPANIES THIS NOTICE. A Proof of Claim and Release is enclosed with this Notice and also may be downloaded at www.TrinitySecuritiesSettlement.com.  Read the instructions carefully; fill out the Proof of Claim and Release; sign it; and mail or submit it online so that it is **postmarked (if mailed) or received (if submitted online) no later than March 25, 2020.**  Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Settlement Agreement and the Final Judgment.

## IX.    EXCLUSION FROM THE CLASS

You may request to be excluded from the Class.  To do so, you must mail a written request stating that you wish to be excluded from the Class to:

*Trinity Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
EXCLUSIONS
3301 Kerner Blvd.
San Rafael, CA  94901

The request for exclusion must state: (1) your name, address, and telephone number; (2) all purchases, acquisitions, and sales of Trinity Securities made from February 16, 2012 through April 24, 2015, inclusive, including the dates and prices of each purchase, acquisition, or sale, and the amount of Securities purchased, otherwise acquired, or sold; and (3) that you wish to be excluded from the Class in *Isolde v. Trinity Industries, Inc.*, No. 3:15-cv-02093 (N.D. Tex.). **YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE MARCH 10, 2020.**  If you submit a valid and timely request for exclusion, you shall have no rights under the Settlement, you shall not share in the distribution of the Net Settlement Fund, and you shall not be bound by the Settlement Agreement or the Judgment.

## X.      DISMISSAL AND RELEASES

If the proposed Settlement is approved, the Court will enter a Final Judgment.  The Judgment will dismiss the Released Claims with prejudice as to all Released Parties as provided in the Settlement Agreement.

The Judgment will provide that all Class Members who have not validly and timely requested to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims, including Unknown Claims, against all Released Parties as provided in the Settlement Agreement.

## XI.     APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of $1,125,000, plus litigation expenses not to exceed $200,000, plus interest earned on both amounts.  Class Members are not personally liable for any such fees, expenses, or compensation.  In addition, the Plaintiffs intend to seek an amount not to exceed $20,000 for their costs and expenses incurred in representing the Class.

To date, Plaintiffs' Counsel have not received any payment for their services in conducting this Action on behalf of Plaintiffs and members of the Class, nor have counsel been paid for their expenses.  The fee requested by Lead Counsel would compensate Plaintiffs' Counsel's efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a contingency basis.  The fee requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type.

## XII.    CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Settlement Agreement.  Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Settlement Agreement; and (2) expiration of the time to appeal from or alter or amend the Judgment.  Pending the Court's consideration of this Settlement, the Court has stayed all proceedings, and Class Members are precluded from bringing or pursuing any litigation that seeks to prosecute the Released Claims.

If, for any reason, any one of the conditions described in the Settlement Agreement is not met, the Settlement Agreement might be terminated and, if terminated, will become null and void, and the Settling Parties will be restored to their respective positions as of June 17, 2019.

## XIII.   THE RIGHT TO BE HEARD AT THE SETTLEMENT HEARING

Any Class Member who has not validly and timely requested to be excluded from the Class, and who objects to any aspect of the Settlement, the Plan of Allocation, the application for an award of attorneys' fees and expenses or Plaintiffs' application for an award of their costs and expenses, may appear and be heard at the Settlement Hearing.[1]  Any such Person must submit and serve a written notice of objection, to be *received* **on or before March 10, 2020,** by **each** of the following:

---

[1]    Lead Counsel's pleadings in support of these matters will be filed with the Court on or before March 24, 2020.

346

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Earle Cabell Federal Building
United States Courthouse
1100 Commerce Street, Room 1452
Dallas, TX 75242

ROBBINS GELLER RUDMAN
 & DOWD LLP
NATHAN R. LINDELL
655 West Broadway, Suite 1900
San Diego, CA 92101

*Counsel for Plaintiffs*

GIBSON, DUNN & CRUTCHER LLP
MERYL L. YOUNG
3161 Michelson Drive
Irvine, CA 92612

*Counsel for Defendants*

The objection must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove membership in the Class, consisting of documents showing the number of Trinity Securities that the objector (i) owned as of the opening of trading on February 16, 2012, and (ii) purchased/acquired and/or sold during the Class Period (*i.e.*, between February 16, 2012 and April 24, 2015, inclusive), as well as the dates, number of Trinity Securities, and prices for each such purchase/acquisition and sale. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection.

## XIV.    SPECIAL NOTICE TO BANKS, BROKERS AND OTHER NOMINEES

If you hold or held any Trinity Securities purchased or otherwise acquired between February 16, 2012 and April 24, 2015, inclusive, as nominee for a beneficial owner, then, within seven (7) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim and Release by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*Trinity Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43300
Providence, RI  02940-3300

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and Release and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim and Release, upon submission of appropriate documentation to the Claims Administrator.

347

**XV.    EXAMINATION OF PAPERS**

This Notice is a summary and does not describe all of the details of the Settlement Agreement.  For full details of the matters discussed in this Notice, you may review the Settlement Agreement filed with the Court, which is posted on the Settlement website at www.TrinitySecuritiesSettlement.com, along with certain other papers relating to the Settlement.  The Settlement Agreement may also be inspected during business hours, at the office of the Clerk of the Court, United States District Court, Northern District of Texas, Earle Cabell Federal Building, 1100 Commerce Street, Room 1452, Dallas, Texas 75242.  The motion papers, with exhibits, including the Settlement Agreement, are also available on the Court's ECF website (for a fee).

If you have any questions about the settlement of the Action, please contact the Claims Administrator toll-free at 1-866-234-5150 or visit the website www.TrinitySecuritiesSettlement.com.  You may also contact a representative of Lead Counsel: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA  92101, 1-800-449-4900.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED:  November 12, 2019                                        BY ORDER OF THE COURT
                                                                UNITED STATES DISTRICT COURT
                                                                NORTHERN DISTRICT OF TEXAS

348