# Supplemental Exhibit 17

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Case No. 09-CV-1376-LHK (PSG) <br><br> CONSOLIDATED CLASS ACTION <br> ECF |

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.*
*This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by a class action lawsuit pending in this Court (the "Action") if you purchased or otherwise acquired mortgage pass-through certificates pursuant or traceable to Wells Fargo Asset Securities Corporation's July 29, 2005 Registration Statement, October 20, 2005 Registration Statement, or September 27, 2006 Registration Statement, and the accompanying prospectuses and prospectus supplements in the following 28 offerings and were damaged thereby:  The WFMBS 2006-1 offering, WFMBS 2006-2 offering, WFMBS 2006-3 offering, WFMBS 2006-4 offering, WFMBS 2006-6 offering, WFMBS 2006-AR1 offering, WFMBS 2006-AR2 offering, WFMBS 2006-AR4 offering, WFMBS 2006-AR5 offering, WFMBS 2006-AR6 offering, WFMBS 2006-AR8 offering, WFMBS 2006-AR10 offering, WFMBS 2006-AR11 offering, WFMBS 2006-AR12 offering, WFMBS 2006-AR14 offering, WFMBS 2006-AR17 offering, WFMBS 2007-11 offering, WFMBS 2006-7 offering, WFMBS 2006-10 offering, WFMBS 2006-AR16 offering, WFMBS 2006-18 offering, WFMBS 2006-AR19 offering, WFMBS 2006-20 offering, WFALT 2007-PA1 offering, WFMBS 2007-AR4 offering, WFMBS 2007-10 offering, WFMBS 2007-13 offering, and WFMBS 2006-AR15 offering (the "Offerings").

NOTICE OF SETTLEMENT:   Please also be advised that the Court-appointed Lead Plaintiffs, the Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, New Orleans Employees' Retirement System and Louisiana Sheriffs' Pension and Relief Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and the other Plaintiffs (defined below), have reached a proposed settlement of the Action for a total of $125 million in cash that will resolve all claims in the Action (the "Settlement").

This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully and in its entirety!

1. **Description of the Litigation and Settlement Class**:  This Notice relates to the pendency and proposed settlement of a class action lawsuit against Defendants Wells Fargo Bank, N.A. and Wells Fargo Asset Securities Corporation (together, "Wells Fargo" or the "Company"); David Moskowitz, Franklin Codel, Douglas K. Johnson, and Thomas Neary (collectively, the "Individual Defendants");  and Goldman, Sachs & Co.; Bear Stearns & Co., Inc. (including J.P. Morgan Securities LLC as successor-in-interest); Deutsche Bank Securities, Inc.; UBS Securities, LLC; Credit Suisse Securities (USA) LLC; RBS Securities Inc., f.k.a. Greenwich Capital Markets, Inc.; Banc of America Securities, LLC; Citigroup Global Markets, Inc.; and Merrill Lynch, Pierce, Fenner & Smith Incorporated (collectively, "Underwriter Defendants").  Wells Fargo, the Individual Defendants, and the Underwriter Defendants are collectively referred to as the "Defendants."  "Plaintiffs" means the Class Representatives Alameda County Employees' Retirement

Association, Government of Guam Retirement Fund, New Orleans Employees' Retirement System, Louisiana Sheriffs' Pension and Relief Fund, General Retirement System of the City of Detroit, Vermont Pension Investment Committee, Public Employees' Retirement System of Mississippi, Policemen's Annuity & Benefit Fund of the City of Chicago, Southeastern Pennsylvania Transportation Authority, and Plumbers & Steamfitters Local 60 Pension Plan, and Plaintiff First Star Bank. The "Settling Parties" mean (i) Wells Fargo, (ii) Individual Defendants, (iii) Underwriter Defendants, (iv) the Wells Fargo Mortgage Backed Securities 2006-AR15 Trust, (v) the Lead Plaintiffs on behalf of themselves and the Class Members, and (vi) the other Plaintiffs. The proposed Settlement, if approved by the Court, will settle certain claims of all persons and entities who purchased or otherwise acquired mortgage pass-through certificates pursuant or traceable to Wells Fargo Asset Securities Corporation's July 29, 2005 Registration Statement, October 20, 2005 Registration Statement, or September 27, 2006 Registration Statement, and the accompanying prospectuses and prospectus supplements in the 28 Offerings and were damaged thereby (the "Settlement Class").

2.    **Statement of the Settlement Class' Recovery**: Subject to Court approval and, as described more fully below, Lead Plaintiffs, on behalf of themselves and the Settlement Class, and the other Plaintiffs, have agreed to settle all Settled Claims (as defined in ¶54 below) against Defendants and other Released Parties in exchange for a settlement payment of $125 million to be deposited into an interest-bearing escrow account (the "Settlement Fund"). The Net Settlement Fund (the Settlement Fund less taxes, notice and administration costs, and attorneys' fees and certain Litigation Expenses awarded to Lead Counsel) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be allocated to the members of the Settlement Class. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3.    **Statement of Average Amount of Damages Per $1,000 in Initial Certificate Value**: The Settlement Fund consists of $125 million plus interest earned. Based on the total initial face dollar value of the Certificates as stated in the prospectus supplements (without subtracting the principal paydowns received on the Certificates), and assuming all purchasers of the initially offered certificates elect to participate, the estimated average distribution is $2.70 per $1,000 in initial certificate value of the Wells Fargo Certificates. Class Members may recover more or less than this amount depending on, among other factors, when their certificates were purchased or sold, the amount of principal that has been repaid, the value of the certificates on the applicable Date of First Suit as indicated in the attached Table A, the number of Class Members who timely file Claims, and the Plan of Allocation, as more fully described below in this Notice. In addition, the actual recovery of Class Members may be further reduced by the payment of fees and costs from the Settlement Fund.

4.    **Statement of the Parties' Position on Damages**: Defendants deny all claims of wrongdoing, that they are liable to Lead Plaintiffs and/or the Settlement Class or that Lead Plaintiffs or other members of the Settlement Class suffered any injury. Moreover, the parties do not agree on the amount of recoverable damages or on the average amount of damages per certificate that would be recoverable if Lead Plaintiffs were to prevail on each of their claims. The issues on which the parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were material, false or misleading; and (2) whether Defendants are otherwise liable under the securities laws for those statements or omissions.

5.    **Statement of Attorneys' Fees and Expenses Sought**: Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 19.75% of the Settlement Fund (or $24,687,500.00), net of Court-approved Litigation Expenses, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply for the reimbursement of certain Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Action in an amount not to exceed $2 million plus interest earned at the same rate and for the same period as earned by the Settlement Fund. Litigation Expenses may include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(4).

Based on the total initial face dollar value of the Certificates as stated in the prospectus supplements (without subtracting the principal paydowns received on the Certificates), and assuming all purchasers of the initially offered certificates elect to participate, if the Court approves Lead Counsel's fee and expense application, the estimated average cost is per $0.70 per $1,000 in initial certificate value of the Wells Fargo Certificates. The actual cost may be more or less than this amount depending on, among other factors, when their certificates were purchased or sold, the amount of principal that has been repaid, the value of the certificates on the applicable Date of First Suit as indicated in the attached Table A, the number of Class Members who timely file Claims, and the Plan of Allocation, as more fully described below in this Notice.

6.    **Identification of Attorney Representative:**   Lead Plaintiffs and the Settlement Class are being represented by David R. Stickney, Esq. of Bernstein Litowitz Berger & Grossmann LLP, the Court-appointed Lead Counsel.  Any questions regarding the Settlement should be directed to Mr. Stickney or Niki Mendoza at Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San Diego, CA 92130-3582, (866) 648-2524, blbg@blbglaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **REMAIN A MEMBER OF THE CLASS** | This is the only way to receive a payment.  If you wish to obtain a payment as a member of the Settlement Class, you will need to file a claim form (the "Claim Form"), which is included with this Notice, postmarked no later than December 7, 2011. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 6, 2011.** | Receive no payment pursuant to this Settlement.  If you exclude yourself from the Settlement Class, you may be able to seek recovery against the Defendants or other Released Parties through other litigation. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS SO THAT THEY ARE *RECEIVED* NO LATER THAN OCTOBER 6, 2011.** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses.  You cannot object to the Settlement unless you are a member of the Settlement Class and do not validly exclude yourself. |
| **GO TO THE HEARING ON OCTOBER 27, 2011, AT 1:30 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 6, 2011.** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |
| **DO NOTHING** | Receive no payment, remain a Class Member, give up your rights and be bound by the Final Order and Judgment entered by the Court if it approves the Settlement, including the Release of the Settled Claims. |

| WHAT THIS NOTICE CONTAINS | |
| --- | --- |

| | |
| --- | --- |
| Why Did I Get This Notice? | Page 4 |
| What Is This Case About?  What Has Happened So Far? | Page 5 |
| How Do I Know If I Am Affected By The Settlement? | Page 6 |
| What Are The Settling Parties' Reasons For The Settlement? | Page 7 |
| What Might Happen If There Were No Settlement? | Page 7 |
| How Much Will My Payment Be? | Page 7 |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page 11 |
| What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? | Page 12 |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page 12 |
| What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself? | Page 13 |
| When And Where Will The Court Decide Whether To Approve The Settlement? | |
| Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? | Page 13 |
| What If I Bought Certificates On Someone Else's Behalf? | Page 15 |
| Can I See The Court File? Whom Should I Contact If I Have Questions? | Page 15 |

QUESTIONS? CALL TOLL-FREE 1 (888) 378-8728 OR VISIT WWW.WELLSFARGORMBSLITIGATION.COM

| WHY DID I GET THIS NOTICE? |
| --- |

7.    This Notice is being sent to you pursuant to an Order of the United States District Court for the Northern District of California (the "Court") because you or someone in your family may have purchased certain Wells Fargo mortgage pass-through certificates.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed settlement of this case. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, a claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

8.    In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  In this Action, the Court has appointed the Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, New Orleans Employees' Retirement System and Louisiana Sheriffs' Pension and Relief Fund as Lead Plaintiffs under a federal law governing lawsuits such as this one, and approved Lead Plaintiffs' selection of the law firm of Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel") to serve as Lead Counsel in the Action.  The Class Representatives are the four Lead Plaintiffs as well as General Retirement System of the City of Detroit ("Detroit General"), Vermont Pension Investment Committee, Public Employees' Retirement System of Mississippi, Policemen's Annuity & Benefit Fund of the City of Chicago, Southeastern Pennsylvania Transportation Authority, and Plumbers & Steamfitters Local 60 Pension Plan.  A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class.  (For more information on excluding yourself from the Settlement Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)

9.    The Court in charge of this case is the United States District Court for the Northern District of California, San Jose Division, and the case is known as *In re Wells Fargo Mortgage-Backed Certificates Litigation.*  The Judge presiding over this case is the Honorable Lucy H. Koh, United States District Judge.  The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the four main plaintiffs are referred to as the Lead Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants are Wells Fargo, the Individual Defendants, and the Underwriter Defendants.

10.    This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to receive them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement, the fairness and reasonableness of the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and reimbursement of expenses (the "Final Approval Hearing").

11.    The Final Approval Hearing will be held on October 27, 2011, at 1:30 p.m., before the Honorable Lucy H. Koh, in the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, Courtroom 4, 5th Floor, San Jose, California, to determine:

- whether the Court should grant final certification of the Settlement Class solely for purposes of the Settlement;
- whether the proposed Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court;
- whether the Settled Claims against Defendants and the other Released Parties should be dismissed with prejudice and fully and finally released by Lead Plaintiffs and the Settlement Class as set forth in the Stipulation of Settlement entered into by the Settling Parties as of July 5, 2011 (the "Stipulation");
- whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and
- whether Lead Counsel's request for an award of attorneys' fees and reimbursement of certain litigation expenses should be approved by the Court.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants (defined below) will be made after any appeals are resolved, and after the completion of all claims processing. Please be patient.

| WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR? |
| --- |

13.     On March 27, 2009, plaintiff Detroit General filed a complaint against Wells Fargo Asset Securities Corporation and Wells Fargo Mortgage Backed Securities Trusts and certain other defendants in the United States District Court for the Northern District of California, Case No. 09-CV-01376-SI (N.D. Cal.) ("Detroit Action"), asserting claims under §§ 11, 12 and 15 of the Securities Act of 1933 (the "Securities Act"). On March 31, 2009, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Detroit General published a notice of its action to investors, which provided a deadline of June 1, 2009, to seek lead plaintiff appointment.

14.     On April 13, 2009, plaintiff New Orleans Employees' Retirement System ("New Orleans") filed a related action in the Northern District of California, Case No. 09-CV-01620 (CRB) (N.D. Cal.) ("New Orleans Action"), asserting claims under §§ 11, 12(a)(2) and 15 of the Securities Act. On April 14, 2009, New Orleans published notice of its action, and informed investors of the June 1, 2009 deadline to seek lead plaintiff appointment.

15.     By Order dated July 16, 2009, the Court appointed Lead Plaintiffs as lead plaintiffs, and Bernstein Litowitz Berger & Grossmann LLP as lead counsel, and consolidated the Detroit Action and New Orleans Action into this Action.

16.     On April 22, 2010, the Court granted in part and denied in part defendants' motions to dismiss Lead Plaintiffs' initial Consolidated Class Action Complaint, granting the rating agencies' motion to dismiss and granting in part and denying in part other defendants' motions to dismiss.

17.     Thereafter, on May 28, 2010, Lead Plaintiffs filed the operative complaint in the Action, the Amended Consolidated Class Action Complaint (the "Complaint"), which added five additional named plaintiffs that purchased in ten offerings previously dismissed by the Court. The additional named plaintiffs are Vermont Pension Investment Committee, the Public Employees' Retirement System of Mississippi, the Policemen's Annuity & Benefit Fund of the City of Chicago, the Southeastern Pennsylvania Transportation Authority, and the Plumbers & Steamfitters Local 60 Pension Plan. The Complaint asserts claims under §§ 11, 12(a)(2) and 15 of the Securities Act on behalf of persons or entities who purchased or otherwise acquired mortgage pass-through certificates in certain offerings pursuant or traceable to Wells Fargo Asset Securities Corporation's July 29, 2005 Registration Statement, as amended; October 20, 2005 Registration Statement, as amended; or September 27, 2006 Registration Statement, as amended, and the accompanying prospectuses and prospectus supplements. Defendants named in the Complaint are Wells Fargo Asset Securities Corporation; Wells Fargo Bank, N.A.; Goldman, Sachs & Co.; Bear Stearns & Co., Inc. (of which J.P. Morgan Securities LLC is the successor-in-interest); Deutsche Bank Securities, Inc.; UBS Securities, LLC; Credit Suisse Securities (USA) LLC; RBS Securities Inc., f.k.a. Greenwich Capital Markets, Inc.; Banc of America Securities, LLC; Citigroup Global Markets, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; and David Moskowitz, Franklin Codel, Douglas K. Johnson, and Thomas Neary.

18.     On June 25, 2010, Defendants filed motions to dismiss the Complaint.

19.     On August 13, 2010, Detroit General filed a motion to intervene as a representative plaintiff in the Action to pursue claims on behalf of investors who purchased securities in the Wells Fargo Mortgage Backed Securities 2006-AR15 Trust. On September 16, 2010, Lead Plaintiffs filed a statement of non-opposition to the motion to intervene, and defendants and non-party First Star Bank filed oppositions to the motion.

20.     On October 5, 2010, the Court granted the Wells Fargo Defendants' motion to dismiss as to certain claims and denied the motion with respect to other claims.

21.     On October 19, 2010, the Court granted the motion to dismiss with prejudice of certain underwriter defendants in the Action. It held, *inter alia*, that the claims pursued by the additional plaintiffs based on ten offerings (WFMBS 2007-10, 2007-13, 2007-AR4, 2006-7, 2006-10, 2006-AR16, 2006-AR19, 2006-18, 2006-20 Trusts and the Wells Fargo Alternative Loan 2007-PA1 Trust) were untimely. In the same order, the Court dismissed on the same grounds the claims based on WFMBS 2006-AR15 Trust pursued by proposed intervener Detroit General. The additional

plaintiffs, First Star Bank, and Detroit General have appealed the dismissal to the United States Court of Appeals for the Ninth Circuit. The consolidated appeals will be dismissed as part of this Settlement.

22.    On November 23, 2010, Defendants filed Answers to the Complaint.

23.    On February 11, 2011, Lead Plaintiffs filed a Motion for Class Certification, including an expert report and other supporting material (the "Class Certification Motion"). On May 5, 2011, Wells Fargo and the Individual Defendants filed an opposition to the Class Certification Motion, in which the other defendants joined. Lead Plaintiffs filed a reply brief on June 2, 2011.

24.    On May 5, 2011, Wells Fargo and the Individual Defendants filed a motion for judgment on the pleadings and partial summary judgment, which Lead Plaintiffs opposed on May 26, 2011. Wells Fargo and the Individual Defendants filed a reply brief on June 2, 2011.

25.    Among other things, Lead Plaintiffs obtained and reviewed over 4.2 million pages of documents from Defendants, and produced over 51,000 pages to Defendants. Lead Plaintiffs also took 9 depositions (including 2 of Defendants' experts), and defended 6 depositions (including 5 of the Lead Plaintiffs' representatives and one of Lead Plaintiffs' expert).

26.    On June 2, 2011, after extensive negotiations, Lead Plaintiffs, Wells Fargo and the Individual Defendants executed a Confidential Term Sheet to Settle Class Action reflecting an agreement in principle to settle the action for $125 million in cash.

27.    On or about July 26, 2011, the Court preliminarily approved the Settlement, preliminarily certified the Settlement Class, authorized this Notice to be sent to potential members of the Settlement Class, and scheduled the Final Approval Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
|---|

28.    If you are a member of the Settlement Class, you are subject to the Settlement unless you timely request to be excluded. The Settlement Class consists of all persons and entities who purchased or acquired mortgage pass-through certificates pursuant or traceable to Wells Fargo Asset Securities Corporation's July 29, 2005 Registration Statement, October 20, 2005 Registration Statement, or September 27, 2006 Registration Statement, and the accompanying prospectuses and prospectus supplements in the following 28 Offerings and were damaged thereby: The WFMBS 2006-1 offering, WFMBS 2006-2 offering, WFMBS 2006-3 offering, WFMBS 2006-4 offering, WFMBS 2006-6 offering, WFMBS 2006-AR1 offering, WFMBS 2006-AR2 offering, WFMBS 2006-AR4 offering, WFMBS 2006-AR5 offering, WFMBS 2006-AR6 offering, WFMBS 2006-AR8 offering, WFMBS 2006-AR10 offering, WFMBS 2006-AR11 offering, WFMBS 2006-AR12 offering, WFMBS 2006-AR14 offering, WFMBS 2006-AR17 offering, WFMBS 2007-11 offering, WFMBS 2006-7 offering, WFMBS 2006-10 offering, WFMBS 2006-AR16 offering, WFMBS 2006-18 offering, WFMBS 2006-AR19 offering, WFMBS 2006-20 offering, WFALT 2007-PA1 offering, WFMBS 2007-AR4 offering, WFMBS 2007-10 offering, WFMBS 2007-13 offering, and WFMBS 2006-AR15 offering. Excluded from the Settlement Class are Defendants and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a controlling interest, except that Investment Vehicles shall not be excluded from the Class.[1] Also excluded from the Settlement Class are any persons or entities who exclude themselves by submitting a valid request for exclusion in accordance with the requirements set forth in this Notice (*see* "What If I Do Not Want To Participate In The Settlement Class And The Settlement? How Do I Exclude Myself?" below).

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ELIGIBLE TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN DECEMBER 7, 2011.**

---

[1] "Investment Vehicle" means any investment company or pooled investment fund (including but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds) in which any Underwriter Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as investment advisors, but in which the Underwriter Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

| WHAT ARE THE SETTLING PARTIES' REASONS FOR THE SETTLEMENT? |
|---|

29.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  Lead Plaintiffs and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability.  Lead Plaintiffs and Lead Counsel have considered the uncertain outcome and trial and appellate risk in complex lawsuits like this one.

30.    In light of the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $125 million (less the various deductions described in this Notice), as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

31.    Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiffs in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiffs or the Settlement Class have suffered any damage, or that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in a complex case such as this.  Nonetheless, Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  The Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have or could have asserted. Defendants expressly deny that Lead Plaintiffs have asserted a valid claim and deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|---|

32.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims, neither Lead Plaintiffs nor the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the Settlement Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

## I.    THE PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS

33.    The $125 million settlement amount, and the interest earned thereon, shall be the Gross Settlement Fund. The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund"), shall be distributed based on the acceptable Claim Forms submitted by members of the Settlement Class ("Authorized Claimants").  The Net Settlement Fund will be distributed to Authorized Claimants who timely submit acceptable Claim Forms under the Plan of Allocation described below, or as otherwise ordered by the Court.

34.    Your share of the Net Settlement Fund will depend on the aggregate number of Wells Fargo mortgage pass-through certificates (represented by valid and acceptable Claim Forms) that members of the Settlement Class submit to the Claims Administrator, relative to the Net Settlement Fund; how many mortgage pass-through certificates you purchased; whether you held or sold those certificates; the date on which you sold those certificates; and the price at which you sold them.  At this time, it is not possible to determine how much individual Class Members may receive from the Settlement.

35.    A payment to any Authorized Claimant that would amount to less than $10.00 in total will not be included in the calculation of the Net Settlement Fund, and no payment to those members of the Settlement Class will be made.

36.    To determine the amount that an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel conferred with a valuation consultant.  The proposed Plan of Allocation is generally based upon the statutory measure of damages for claims based on material misrepresentations in Wells Fargo registration statements.  For each

Authorized Claimant, a "Recognized Claim" will be calculated. The calculation of a "Recognized Claim," as defined in paragraph 48 below, is not intended to be an estimate of, nor does it indicate, the amount that a Class Member might have been able to recover after a trial. Nor is the calculation of a Recognized Claim pursuant to the Plan of Allocation an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement, which would depend on the total amount of all Recognized Claims. The Recognized Claim formula provides the basis for proportionately allocating the Net Settlement Fund to Authorized Claimants. That computation is only a method to weigh Class Members' claims against one another. Each Authorized Claimant will receive a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim.

## II.    CALCULATION OF RECOGNIZED LOSS OR GAIN AMOUNTS

37.    A "Recognized Loss or Gain Amount" will be calculated for each Certificate purchased or acquired for which adequate documentation is provided (each an "Eligible Certificate"). The calculation of the Recognized Loss or Gain Amount will depend on several factors, including: (i) when the Certificate was purchased or acquired; (ii) whether it was sold, and if so, when it was sold and for how much; and (iii) the value of the Certificate on its applicable "Date of First Suit" (as stated in the attached Table A).[2]

38.    The "Recognized Loss or Gain Amount" will be calculated solely on the outstanding "Face Value" (*i.e.,* the principal amount) for each Certificate at the time of sale, or if not sold, the applicable Date of First Suit (*i.e.,* Authorized Claimants will not be allocated damages related to principal and interest payments they received). In each calculation of the Recognized Loss or Gain Amount, the Face Value Sold will be limited to 100% of the Face Value Purchased.

39.    The percentage of the original aggregate principal balance that remains to be distributed in a mortgage-backed security is known as the "Factor." A Certificate's Factor will be calculated by the Claims Administrator as follows:

$$\text{Factor} = \frac{\textbf{outstanding aggregate principal balance}}{\textbf{original aggregate principal balance}}$$

The Factor for each Certificate on the applicable Date of First Suit is stated in the attached Table A.

40.    For each calculation of the Recognized Loss or Gain Amount below, the purchase price used for the calculation may not exceed the price at which the Eligible Certificate was offered to the public. Thus, if the actual purchase price exceeds the price at which the Eligible Certificate was offered to the public, the price at which it was offered to the public will be used as the purchase price. If the sales price or value at applicable Date of First Suit exceeds the purchase price, then the calculation will result in a Recognized Gain Amount for that Certificate. If you have a Recognized Gain Amount for a Certificate, you will not receive a recovery in this Settlement for that Certificate.

41.    **Certificates Sold Prior To Date Of First Suit:**  For each Eligible Certificate sold prior to its applicable Date of First Suit, the Recognized Loss Amount or Gain is calculated as follows:

$$\textbf{Face Value sold} \times \left( \frac{\textbf{purchase price} - \textbf{sales price}}{\textbf{100}} \right)$$

**Example 1:**  Investor A purchased $100,000.00 Face Value of Certificate 94983FAA8 (WFMBS 2006-1 A1) on February 27, 2006. The purchase price was 100.00. On February 25, 2007 (prior to the applicable Date of First Suit), Investor A sold $90,000.00 Face Value of Certificate 94983FAA8. The sales price was 90.00. Investor A's Recognized Loss Amount is calculated as follows:

$$\$90,000.00 \times \left( \frac{100.00 - 90.00}{100} \right)$$

---

[2] As indicated in Table A, complaints concerning certain of the Offerings were filed on January 29, 2009, March 27, 2009, and April 13, 2009.

Investor A's Recognized Loss Amount is $9,000.00.

If a sale did not result in a complete disposition of an investor's ownership in a particular Certificate (*i.e.*, only a portion of the Certificate was sold), a Recognized Loss Amount, if any, related to the remaining portion of the Certificate will be calculated separately.

42.    **Certificates Sold On Or After Date Of First Suit:**  For each Eligible Certificate sold on or after its applicable Date of First Suit, the Recognized Loss Amount or Gain shall be calculated as follows:

$$\textbf{Face Value sold x} \left(\frac{\textbf{purchase price} - \textbf{sales price}}{\textbf{100}}\right)$$

For Certificates sold on or after the applicable Date of First Suit, the sales price used to calculate the Recognized Loss Amount or Gain shall be the *greater* of:  (i) the Eligible Certificate's value on the applicable Date of First Suit (as reflected in Table A); or (ii) the sales price of the Eligible Certificate.

**Example 2:**  Investor B purchased $100,000.00 Face Value of Certificate 94983FAB6 (WFMBS 2006-1 A2) on February 27, 2006.  The purchase price was 100.00.  On February 25, 2009 (after the applicable Date of First Suit), Investor B sold $90,000.00 Face Value of Certificate 94983FAB6.  The sales price was 85.00.  The value on the applicable Date of First Suit was 82.20, as reflected in Table A.  Investor B's Recognized Loss Amount is calculated as follows:

$$\$90,000.00 \text{ x } \left(\frac{100.00 - 85.00}{100}\right)$$

Investor B's Recognized Loss Amount is $13,500.00.

**Example 3:**  Investor C purchased $100,000.00 Face Value of Certificate 94983FAC4 (WFMBS 2006-1 A3) on February 27, 2006.  The purchase price was 100.00.  On March 25, 2009 (after the applicable Date of First Suit), Investor C sold $90,000.00 Face Value of Certificate 94983FAC4.  The sales price was 80.00.  The value on the applicable Date of First Suit was 84.38, as reflected in Table A.  Investor C's Recognized Loss Amount is calculated as follows:

$$\$90,000.00 \text{ x } \left(\frac{100.00 - 84.38}{100}\right)$$

Investor C's Recognized Loss Amount is $14,058.00.

If a sale did not result in a complete disposition of an investor's ownership in a particular Certificate (*i.e.*, only a portion of the Certificate was sold), a Recognized Loss Amount, if any, related to the remaining portion of the Certificate will be calculated separately.

43.    **Certificates That Were Not Sold:**  For each Eligible Certificate that was not sold (*i.e.*, the Eligible Certificate is still held by the Authorized Claimant), the Recognized Loss Amount or Gain is calculated as follows:

$$\textbf{Face Value at the applicable Date of First Suit x} \left(\frac{\textbf{purchase price} - \textbf{value at applicable Date of First Suit}}{\textbf{100}}\right)$$

For Certificates that were not sold, the Face Value at the applicable Date of First Suit is calculated as follows:

$$\textbf{Face Value purchased }\text{ x }\frac{\textbf{Factor on the applicable Date of First Suit}}{\textbf{Factor on the purchase date}}$$

**Example 4:**  Investor D purchased $100,000.00 Face Value of Certificate 94983LAA5 (WFMBS 2006-2 1A1) on February 27, 2006.  Investor D did not sell its Certificates.  The purchase price was 100.00.  The factor on the purchase

QUESTIONS? CALL TOLL-FREE 1 (888) 378-8728 OR VISIT WWW.WELLSFARGORMBSLITIGATION.COM

9

date was 1.00. As reflected in Table A, the value on the applicable Date of First Suit was 76.69, and the factor on the applicable Date of First Suit was .83093. First, Investor D's Face Value at the applicable Date of First Suit is calculated as follows:

$$\text{Face Value at the applicable Date of First Suit} = \$100,000.00 \text{ x } \left(\frac{.83093}{1.00}\right) = \$83,093$$

Using the resulting Face Value at the applicable Date of First Suit (i.e., $83,093), Investor D's Recognized Loss Amount is calculated as follows:

$$\text{Recognized Loss Amount} = \$83,093.00 \text{ x } \left(\frac{100.00 - 76.69}{100}\right)$$

Investor D's Recognized Loss Amount is $19,368.98.

44.     Notwithstanding the above provisions, the Recognized Gain or Loss Amount for any purchases or acquisitions that occurred after the applicable Date of First Suit (as indicated in Table A) is zero.

45.     The Court previously dismissed certain of the claims that were asserted by the Class Members. Those dismissed claims are currently on appeal. The appeals will be dismissed as part of the Settlement. Because those claims were previously dismissed, it is less likely that plaintiffs could prevail on those claims. Accordingly, the Recognized Loss Amount for purchases or acquisitions of Certificates for which the claims have been dismissed will be discounted by 50% to reflect the lesser likelihood of success on the dismissed claims. The dismissed claims are for purchases or acquisitions of Certificates (identified by CUSIP in the attached Table A as Dismissed Claims) in the following Offerings: 2006-7, 2006-10, 2006-AR16, 2006-18, 2006-AR19, 2006-20, 2007-AR4, 2007-10, 2007-13 and WFALT 2007-PA1 (the "Dismissed Certificates").

46.     A "Total Recognized Loss By CUSIP" will be calculated for each Authorized Claimant on a CUSIP by CUSIP basis. Accordingly, multiple transactions by an Authorized Claimant in a single CUSIP will be netted; i.e., the total Recognized Gain or Loss Amounts for that CUSIP shall be calculated by (1) totaling all Recognized Loss Amounts for that CUSIP; and (2) subtracting from that total Recognized Loss Amount the total of all Recognized Gain Amounts for that CUSIP. A Total Recognized Loss By CUSIP cannot be less than zero.

47.     Each Authorized Claimant's "Recognized Claim" is the sum of all that Authorized Claimant's Total Recognized Loss By CUSIPs.

## III.     DISTRIBUTION OF THE NET SETTLEMENT FUND

48.     The "Recognized Claim" will be used solely to calculate the relative amount of the Net Settlement Fund for each Authorized Claimant and does not reflect the actual amount an Authorized Claimant may expect to recover from the Net Settlement Fund. The combined Recognized Claims of all Authorized Claimants may be greater than the Net Settlement Fund. If this is the case, and subject to the $10.00 minimum payment requirement described in paragraph 35 above, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund, which shall be his, her or its Recognized Claim divided by the total of all Recognized Claims to be paid, multiplied by the total amount in the Net Settlement Fund.

49.     Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No Person shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Lead Plaintiffs, Plaintiffs in the consolidated cases, Plaintiffs' Counsel in any of the consolidated cases, Class Members, the Claims Administrator, Defendants and their Related Parties (defined below), or any person designated by Lead Counsel. All members of the Settlement Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Settled Claims.

50.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Settlement Class.

51.     The Plan of Allocation set forth herein is the proposed plan submitted by Lead Plaintiffs and Lead Counsel for the Court's approval. The Court may approve this plan as proposed or it may modify it without further notice to the Settlement Class.

| WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? |
|---|

52.    If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims asserted against Defendants in the Action and will provide that Lead Plaintiffs and all other members of the Settlement Class, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns shall be deemed to have – and by operation of the Judgment shall have – fully and finally released, relinquished, waived, discharged and dismissed each and every Settled Claim (as defined in ¶54 below), including Unknown Claims (as defined in ¶53 below), against the Released Parties (as defined in ¶55 below), and shall forever be enjoined from pursuing any or all Settled Claims against any Released Party, whether directly or indirectly, whether on their own behalf or otherwise, and regardless of whether or not such Class Member executes and delivers a Proof of Claim Form (except that the foregoing provision shall not apply to any such representative, spouse, domestic partner, trustee, heir, executor, administrator, successor or assign who independently would be a member of the Settlement Class and timely excludes himself, herself or itself).[3]

53.    "Unknown Claims" means any and all Settled Claims that any Lead Plaintiff and/or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Lead Plaintiffs, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class. With respect to any and all Settled Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but each Lead Plaintiff shall expressly – and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have – fully, finally and forever settled and released any and all Settled Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Defendants acknowledge, and Class Members by law and operation of the Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.

54.    "Settled Claims" means, to the fullest extent permitted by law or equity, any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, or any other law, rule, or regulation, that were asserted, could have been asserted, or that arise out of the same transactions or occurrences as the claims that were asserted, in the Action.

55.    "Released Parties" means Defendants and their Related Parties.

56.    "Related Parties" means the Defendants' respective past or present heirs, executors, estates, administrators, predecessors, successors, assigns, attorneys, parents, subsidiaries, affiliates, insurers and reinsurers, employers, employees, members, directors, managing directors and officers, but this term shall not include any Investment Vehicle (as defined in the Stipulation). Related Parties specifically includes, but is not limited to the WFMBS 2006-1, WFMBS 2006-2, WFMBS 2006-3, WFMBS 2006-4, WFMBS 2006-6, WFMBS 2006-7, WFMBS 2006-10,

---

[3] As part of the Settlement, the following appeals will be voluntarily dismissed with prejudice: *Vermont Pension Investment Committee v. Goldman Sachs & Co.*, Case No. 11-15087 (9th Cir.); *General Retirement Sys. of the City of Detroit v. Goldman Sachs & Co.*, Case No. 10-17647 (9th Cir.); and *First Star Bank v. The Wells Fargo Mortgage Backed Securities*, Case No. 10-17470 (9th Cir.).

WFMBS 2006-18, WFMBS 2006-20, WFMBS 2006-AR1, WFMBS 2006-AR2, WFMBS 2006-AR4, WFMBS 2006-AR5, WFMBS 2006-AR6, WFMBS 2006-AR8, WFMBS 2006-AR10, WFMBS 2006-AR11, WFMBS 2006-AR12, WFMBS 2006-AR14, WFMBS 2006-AR15, WFMBS 2006-AR16, WFMBS 2006-AR17, WFMBS 2006-AR19, WFMBS 2007-10, WFMBS 2007-11, WFMBS 2007-13, and WFMBS 2007-AR4 Trusts and the Wells Fargo Alternative Loan 2007-PA1 Trust.

57.    The Judgment also will provide that Defendants and each of the other Released Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every of the Released Parties' Claims (as defined in ¶58 below), and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims, against Plaintiffs, and their respective attorneys, and all other Class Members.

58.    "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants, except for claims relating to the enforcement of the settlement, against Plaintiffs, and their respective attorneys, or any other Class Member.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
| --- |

59.    Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Settlement Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 19.75% of the Settlement Fund (or $24,687,500.00), net of Court-approved Litigation Expenses, plus interest at the same rate and for the same time period as earned by the Settlement Fund.  At the same time, Lead Counsel also intends to apply for the reimbursement of certain Litigation Expenses in an amount not to exceed $2 million plus interest at the same rate and for the same time period as earned by the Settlement Fund.  Litigation Expenses may include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(4).  The sums approved by the Court will be paid from the Settlement Fund.  Members of the Settlement Class are not personally liable for the payment of these sums.

60.    Defendants take no position on the request by Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses or on the allocation of attorneys' fees and expenses among counsel representing the Settlement Class.

| HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO? |
| --- |

61.    If you purchased mortgage pass-through certificates of Wells Fargo through the Offerings listed above, and you are not excluded by the definition of the Settlement Class and you do not elect to exclude yourself from the Settlement Class, then you are a member of the Settlement Class and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Settlement Class.  If you are a member of the Settlement Class, you must submit a Claim Form and supporting documentation to establish your entitlement to share in the Settlement.  A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you.  The website is www.WellsFargoRMBSlitigation.com.  You may also request a Claim Form by calling toll-free (888) 378-8728.  Copies of the Claim Form can also be downloaded from Lead Counsel's website at www.blbglaw.com.  Those who exclude themselves from the Settlement Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be eligible to share in the Settlement.  Please retain all records of your ownership of, or transactions in Wells Fargo mortgage pass-through certificates in the Offerings, as they may be needed to document your claim.

62.    As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

63.     If you do not wish to remain a Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Part Of The Settlement Class And The Settlement? How Do I Exclude Myself?"

64.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

---

### WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

---

65.     Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the United States), or otherwise delivers a written Request for Exclusion from the Settlement Class, addressed to: Wells Fargo Project Administration, c/o The Garden City Group, Inc., P.O. Box 9767, Dublin, OH 43017-5667. The exclusion request must be *received* no later than October 6, 2011. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must provide (i) name, (ii) address, (iii) telephone number, (iv) number and type of mortgage pass-through certificates traceable to the Offerings purchased (or otherwise acquired) or sold, (v) prices or other consideration paid or received for such mortgage pass-through certificates, (vi) the date of each purchase or sale transaction, and (vii) a statement that the person or entity wishes to be excluded from the Settlement Class in *In re Wells Fargo Mortgage-Backed Certificates Litigation*, CV 09-01376. It must also be signed by the person or entity requesting exclusion, and provide a telephone number for that person or entity. Requests for exclusion will not be valid if they are not received within the time stated above, unless the Court otherwise determines. Keep a copy of everything you mail, in case something is lost during shipping or processing.

66.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration or other proceeding concerning any of the Settled Claims.

67.     If a person or entity requests to be excluded from the Settlement Class, that person or entity will not receive any benefit provided for in the Settlement.

68.     If members of the Settlement Class who purchased more than a certain number of mortgage pass-through certificates of Wells Fargo choose to exclude themselves from the Settlement Class, as set forth in a separate supplemental agreement between Lead Plaintiffs and Wells Fargo (the "Supplemental Agreement"), Wells Fargo shall have, in its sole and absolute discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

---

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

---

69.     If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and reimbursement of litigation expenses, you do not need to attend the Final Approval Hearing. You can object to or participate in the Settlement without attending the Final Approval Hearing.

70.     The Final Approval Hearing will be held on October 27, 2011, at 1:30 p.m. before the Honorable Lucy H. Koh, in the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, Courtroom 4, 5th Floor, San Jose, California. The Court has the right to approve the Settlement, the Plan of Allocation or the request for attorneys' fees and reimbursement of litigation expenses at or after the Final Approval Hearing without further notice to the members of the Settlement Class.

71.     Any member of the Settlement Class who does not request exclusion from the Settlement Class in the manner set forth in ¶65 above may object to or oppose the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections or oppositions must be in writing. You must file any written objection or opposition, together with copies of all other papers (including proof of sales of Wells Fargo mortgage pass-through certificates in the Offerings) and briefs, with the Clerk's Office at the United States District Court for the Northern District of California, San Jose Division, at the address set forth below for receipt on or

before October 6, 2011. You must also serve the papers, by hand or first-class mail, on Lead Counsel for the Settlement Class and counsel for Defendants at the addresses set forth below so that the papers are *received* on or before October 6, 2011.

| **Clerk's Office** | **Lead Counsel for the Settlement Class** |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION Clerk of the Court 280 South 1st Street San Jose, California 95113 | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP David R. Stickney Niki L. Mendoza 12481 High Bluff Drive, Suite 300 San Diego, California 92130-3582 |

**Counsel for Wells Fargo and Individual Defendants**

MUNGER, TOLLES, & OLSON LLP
David H. Fry
560 Mission Street, 27th Floor
San Francisco, California 94105-2907

72.     You may not object to the Settlement or any aspect of it if you are not a member of the Settlement Class or if you excluded yourself from the Settlement Class.

73.     You may file a written objection without having to appear at the Final Approval Hearing. Any objection must include: (a) the full name, address and phone number of the objecting Class Member; (b) a list and documentation of all of that Class Member's transactions involving Wells Fargo mortgage pass-through certificates in the Offerings, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the price paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether you intend to appear at the Final Approval Hearing; (g) a list of other cases in which you or your counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. If you intend to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on your behalf at the Final Approval Hearing. Any member of the Settlement Class who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. You may not appear at the Final Approval Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

74.     If you wish to be heard orally at the Final Approval Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you have filed and served a timely written objection as described above, you also must notify the above counsel on or before October 6, 2011, concerning your intention to appear. Persons who intend to object and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

75.     If you object to the Settlement, the Plan of Allocation and/or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise request to be heard at the Final Approval Hearing in the manner stated above, you are submitting to the jurisdiction of the Court with respect to the subject matter of the Settlement, including, but not limited to, the release of the Settled Claims contained in the Final Order and Judgment. If the Court overrules your objection and approves the Settlement or the part of the Settlement to which you have objected, you only will potentially share in the Settlement Fund if you file a Claim Form in the manner stated in ¶61 above and the Claims Administrator approves your claim.

76.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing. If you decide to hire an attorney, which will be at your own expense, however, he or she

must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before October 6, 2011.

77.    The Final Approval Hearing may be postponed or adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

**UNLESS THE COURT ORDERS OTHERWISE, ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT, THE PROPOSED PLAN OF ALLOCATION, OR LEAD COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES. CLASS MEMBERS DO NOT NEED TO APPEAR AT THE HEARING OR TAKE ANY OTHER ACTION TO INDICATE THEIR APPROVAL.**

| WHAT IF I BOUGHT CERTIFICATES ON SOMEONE ELSE'S BEHALF? |
| --- |

78.    If you purchased or otherwise acquired the mortgage pass-through certificates described above for the beneficial interest of a person or organization other than yourself, you must either (i) send a copy of this Notice to the beneficial owner of such certificates, postmarked no later than fourteen (14) days after you receive this Notice, or (ii) provide to Wells Fargo Project Administration, c/o The Garden City Group, Inc., P.O. Box 9767, Dublin, OH 43017-5667 the names and addresses of such persons no later than fourteen (14) days after you receive this Notice. If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owner. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice may also be obtained by calling toll-free 1 (888) 378-8728, and may be downloaded from the settlement website, www.WellsFargoRMBSlitigation.com or from Lead Counsel's website, www.blbglaw.com.

| CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
| --- |

79.    This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.WellsFargoRMBSlitigation.com, including, among other documents, copies of the Stipulation, the Claim Form and the Complaint.

80.    All inquiries concerning this Notice or the Claim Form should be directed to:

Wells Fargo Project Administration
c/o The Garden City Group, Inc.
P.O. Box 9767
Dublin, Ohio 43017-5667
(888) 378-8728
www.WellsFargoRMBSlitigation.com

**Claims Administrator**

David R. Stickney Esq.
Niki L. Mendoza, Esq.
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, California 92130-3582
Toll-free (866) 648-2524
blbg@blbglaw.com

**Lead Counsel**

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: July 26, 2011

By Order of the Clerk of Court
United States District Court
for the Northern District of California

QUESTIONS? CALL TOLL-FREE 1 (888) 378-8728 OR VISIT WWW.WELLSFARGORMBSLITIGATION.COM

15

**THIS PAGE LEFT INTENTIONALLY BLANK.**

# Table A

| Certificate | CUSIP | Date of First Suit | Value On The Date Of First Suit | Factor on Date Of First Suit |
|---|---|---|---|---|
| WFMBS 2006-1 A1 | 94983FAA8 | 1/29/2009 | 87.38 | 0.681567 |
| WFMBS 2006-1 A2 | 94983FAB6 | 1/29/2009 | 82.20 | 0.681567 |
| WFMBS 2006-1 A3 | 94983FAC4 | 1/29/2009 | 84.38 | 0.681567 |
| WFMBS 2006-1 APO | 94983FAD2 | 1/29/2009 | 82.05 | 0.740507 |
| WFMBS 2006-1 B1 | 94983FAF7 | 1/29/2009 | 75.48 | 0.854399 |
| WFMBS 2006-1 B2 | 94983FAG5 | 1/29/2009 | 63.63 | 0.854399 |
| WFMBS 2006-1 B3 | 94983FAH3 | 1/29/2009 | 59.61 | 0.854399 |
| WFMBS 2006-2 1A1 | 94983LAA5 | 1/29/2009 | 76.69 | 0.830930 |
| WFMBS 2006-2 1A5 | 94983LAE7 | 1/29/2009 | 74.34 | 0.810339 |
| WFMBS 2006-2 1A6 | 94983LAF4 | 1/29/2009 | 74.59 | 0.856790 |
| WFMBS 2006-2 1A7 | 94983LAG2 | 1/29/2009 | 77.41 | 0.830930 |
| WFMBS 2006-2 1A8 | 94983LAH0 | 1/29/2009 | 65.17 | 1.000000 |
| WFMBS 2006-2 1A9 | 94983LAJ6 | 1/29/2009 | 90.27 | 0.734791 |
| WFMBS 2006-2 1A10 | 94983LAK3 | 1/29/2009 | 68.17 | 1.000000 |
| WFMBS 2006-2 1A11 | 94983LAL1 | 1/29/2009 | 46.18 | 1.000000 |
| WFMBS 2006-2 1A12 | 94983LAM9 | 1/29/2009 | 58.88 | 0.875900 |
| WFMBS 2006-2 1A13 | 94983LAN7 | 1/29/2009 | 45.48 | 1.000000 |
| WFMBS 2006-2 1A14 | 94983LAP2 | 1/29/2009 | 77.96 | 0.879350 |
| WFMBS 2006-2 1A15 | 94983LAQ0 | 1/29/2009 | 0.00 | 0.000000 |
| WFMBS 2006-2 1A16 | 94983LAR8 | 1/29/2009 | 75.41 | 0.830930 |
| WFMBS 2006-2 1A17 | 94983LAS6 | 1/29/2009 | 49.15 | 1.000000 |
| WFMBS 2006-2 2A3 | 94983LAW7 | 1/29/2009 | 88.49 | 0.695161 |
| WFMBS 2006-2 2A4 | 94983LAX5 | 1/29/2009 | 34.16 | 1.173529 |
| WFMBS 2006-2 2A5 | 94983LAY3 | 1/29/2009 | 65.24 | 1.000000 |
| WFMBS 2006-2 2A6 | 94983LAZ0 | 1/29/2009 | 71.41 | 0.824520 |
| WFMBS 2006-2 2A7 | 94983LBA4 | 1/29/2009 | 75.41 | 0.824520 |
| WFMBS 2006-2 3A1 | 94983LBB2 | 1/29/2009 | 69.41 | 0.791125 |
| WFMBS 2006-2 3A2 | 94983LBC0 | 1/29/2009 | 65.08 | 0.791125 |
| WFMBS 2006-2 4A1 | 94983LBD8 | 1/29/2009 | 78.13 | 0.773431 |
| WFMBS 2006-2 4A2 | 94983LBE6 | 1/29/2009 | 66.78 | 0.773428 |
| WFMBS 2006-2 APO | 94983LBF3 | 1/29/2009 | 71.80 | 0.862143 |
| WFMBS 2006-2 B1 | 94983LBG1 | 1/29/2009 | 38.01 | 0.999993 |
| WFMBS 2006-2 B2 | 94983LBH9 | 1/29/2009 | 23.89 | 0.999993 |

# Table A

| Certificate | CUSIP | Date of First Suit | Value On The Date Of First Suit | Factor on Date Of First Suit |
|---|---|---|---|---|
| WFMBS 2006-2 B3 | 94983LBJ5 | 1/29/2009 | 21.45 | 0.999993 |
| WFMBS 2006-3 A1 | 94983QAA4 | 1/29/2009 | 80.20 | 0.680749 |
| WFMBS 2006-3 A2 | 94983QAB2 | 1/29/2009 | 59.72 | 1.000000 |
| WFMBS 2006-3 A3 | 94983QAC0 | 1/29/2009 | 48.82 | 0.870742 |
| WFMBS 2006-3 A4 | 94983QAD8 | 1/29/2009 | 31.58 | 0.870742 |
| WFMBS 2006-3 A5 | 94983QAE6 | 1/29/2009 | 39.16 | 0.783057 |
| WFMBS 2006-3 A6 | 94983QAF3 | 1/29/2009 | 31.32 | 1.173561 |
| WFMBS 2006-3 A7 | 94983QAG1 | 1/29/2009 | 56.22 | 0.926254 |
| WFMBS 2006-3 A8 | 94983QAH9 | 1/29/2009 | 35.55 | 0.685843 |
| WFMBS 2006-3 A9 | 94983QAJ5 | 1/29/2009 | 81.31 | 0.634665 |
| WFMBS 2006-3 A10 | 94983QAK2 | 1/29/2009 | 37.29 | 1.000000 |
| WFMBS 2006-3 A11 | 94983QAL0 | 1/29/2009 | 60.54 | 1.000000 |
| WFMBS 2006-3 A12 | 94983QAM8 | 1/29/2009 | 53.92 | 1.000000 |
| WFMBS 2006-3 APO | 94983QAN6 | 1/29/2009 | 38.65 | 0.909894 |
| WFMBS 2006-3 B1 | 94983QAQ9 | 1/29/2009 | 24.32 | 0.960921 |
| WFMBS 2006-3 B2 | 94983QAR7 | 1/29/2009 | 12.88 | 0.960921 |
| WFMBS 2006-3 B3 | 94983QAS5 | 1/29/2009 | 6.13 | 0.960990 |
| WFMBS 2006-4 1A1 | 94983BAA7 | 1/29/2009 | 72.54 | 0.722093 |
| WFMBS 2006-4 1A2 | 94983BAB5 | 1/29/2009 | 68.35 | 0.907903 |
| WFMBS 2006-4 1A3 | 94983BAC3 | 1/29/2009 | 43.39 | 1.176472 |
| WFMBS 2006-4 1A4 | 94983BAD1 | 1/29/2009 | 29.77 | 1.176472 |
| WFMBS 2006-4 1A5 | 94983BAE9 | 1/29/2009 | 65.06 | 0.820339 |
| WFMBS 2006-4 1A6 | 94983BAF6 | 1/29/2009 | 3.03 | 0.820339 |
| WFMBS 2006-4 1A7 | 94983BAG4 | 1/29/2009 | 0.00 | 0.000000 |
| WFMBS 2006-4 1A8 | 94983BAH2 | 1/29/2009 | 93.52 | 0.644159 |
| WFMBS 2006-4 1A9 | 94983BAJ8 | 1/29/2009 | 68.99 | 1.000000 |
| WFMBS 2006-4 1A10 | 94983BAK5 | 1/29/2009 | 34.14 | 1.176472 |
| WFMBS 2006-4 1A11 | 94983BAL3 | 1/29/2009 | 53.18 | 1.000000 |
| WFMBS 2006-4 1A12 | 94983BAM1 | 1/29/2009 | 65.29 | 1.000000 |
| WFMBS 2006-4 1A13 | 94983BAN9 | 1/29/2009 | 55.82 | 1.000000 |
| WFMBS 2006-4 1A14 | 94983BAP4 | 1/29/2009 | 46.48 | 1.000000 |
| WFMBS 2006-4 1AR | 94983BAQ2 | 1/29/2009 | 0.00 | 0.000000 |
| WFMBS 2006-4 1APO | 94983BAR0 | 1/29/2009 | 79.96 | 0.874985 |
| WFMBS 2006-4 2A1 | 94983BAS8 | 1/29/2009 | 63.13 | 0.813430 |

# Table A

| Certificate | CUSIP | Date of First Suit | Value On The Date Of First Suit | Factor on Date Of First Suit |
|---|---|---|---|---|
| WFMBS 2006-4 2A2 | 94983BAT6 | 1/29/2009 | 62.41 | 0.813430 |
| WFMBS 2006-4 2A3 | 94983BAU3 | 1/29/2009 | 55.13 | 0.813430 |
| WFMBS 2006-4 2APO | 94983BAV1 | 1/29/2009 | 77.87 | 0.926073 |
| WFMBS 2006-4 1B1 | 94983BAW9 | 1/29/2009 | 24.08 | 0.966349 |
| WFMBS 2006-4 1B2 | 94983BAX7 | 1/29/2009 | 10.38 | 0.966408 |
| WFMBS 2006-4 1B3 | 94983BAY5 | 1/29/2009 | 5.11 | 0.968957 |
| WFMBS 2006-4 2B1 | 94983BAZ2 | 1/29/2009 | 25.08 | 0.998929 |
| WFMBS 2006-4 2B2 | 94983BBA6 | 1/29/2009 | 8.97 | 0.998929 |
| WFMBS 2006-4 2B3 | 94983BBB4 | 1/29/2009 | 5.15 | 0.998929 |
| WFMBS 2006-6 1A1 | 94984AAA8 | 1/29/2009 | 92.84 | 0.564545 |
| WFMBS 2006-6 1A2 | 94984AAB6 | 1/29/2009 | 80.92 | 1.000000 |
| WFMBS 2006-6 1A3 | 94984AAC4 | 1/29/2009 | 81.26 | 0.687083 |
| WFMBS 2006-6 1A4 | 94984AAD2 | 1/29/2009 | 66.21 | 1.000000 |
| WFMBS 2006-6 1A5 | 94984AAE0 | 1/29/2009 | 59.33 | 0.736558 |
| WFMBS 2006-6 1A6 | 94984AAF7 | 1/29/2009 | 41.57 | 1.170856 |
| WFMBS 2006-6 1A7 | 94984AAG5 | 1/29/2009 | 45.27 | 1.000000 |
| WFMBS 2006-6 1A8 | 94984AAH3 | 1/29/2009 | 53.46 | 1.000000 |
| WFMBS 2006-6 1A9 | 94984AAJ9 | 1/29/2009 | 55.43 | 1.000000 |
| WFMBS 2006-6 1A10 | 94984AAK6 | 1/29/2009 | 86.47 | 0.609688 |
| WFMBS 2006-6 1A11 | 94984AAL4 | 1/29/2009 | 73.94 | 0.705763 |
| WFMBS 2006-6 1A12 | 94984AAM2 | 1/29/2009 | 76.44 | 0.700579 |
| WFMBS 2006-6 1A13 | 94984AAN0 | 1/29/2009 | 70.05 | 0.711619 |
| WFMBS 2006-6 1A14 | 94984AAP5 | 1/29/2009 | 82.52 | 0.689540 |
| WFMBS 2006-6 1A15 | 94984AAQ3 | 1/29/2009 | 57.68 | 1.000000 |
| WFMBS 2006-6 1A16 | 94984AAR1 | 1/29/2009 | 41.52 | 1.000000 |
| WFMBS 2006-6 1A17 | 94984AAS9 | 1/29/2009 | 59.72 | 1.000000 |
| WFMBS 2006-6 1A18 | 94984AAT7 | 1/29/2009 | 60.84 | 1.000000 |
| WFMBS 2006-6 1A19 | 94984AAU4 | 1/29/2009 | 81.27 | 0.663406 |
| WFMBS 2006-6 1A20 | 94984AAV2 | 1/29/2009 | 48.20 | 1.000000 |
| WFMBS 2006-6 1A21 | 94984AAW0 | 1/29/2009 | 35.32 | 1.000000 |
| WFMBS 2006-6 1A22 | 94984AAX8 | 1/29/2009 | 47.02 | 1.000000 |
| WFMBS 2006-6 2A1 | 94984AAY6 | 1/29/2009 | 42.78 | 0.783515 |
| WFMBS 2006-6 2A2 | 94984AAZ3 | 1/29/2009 | 7.18 | 0.783515 |
| WFMBS 2006-6 2A3 | 94984ABA7 | 1/29/2009 | 79.09 | 0.783515 |

# Table A

| Certificate | CUSIP | Date of First Suit | Value On The Date Of First Suit | Factor on Date Of First Suit |
|---|---|---|---|---|
| WFMBS 2006-6 APO | 94984ABC3 | 1/29/2009 | 50.26 | 0.828153 |
| WFMBS 2006-6 B1 | 94984ABD1 | 1/29/2009 | 41.04 | 0.972987 |
| WFMBS 2006-6 B2 | 94984ABE9 | 1/29/2009 | 26.63 | 0.972987 |
| WFMBS 2006-6 B3 | 94984ABF6 | 1/29/2009 | 24.09 | 0.972987 |
| WFMBS 2007-11 A1 | 94985WAA9 | 3/27/2009 | 65.34 | 0.876000 |
| WFMBS 2007-11 A2 | 94985WAB7 | 3/27/2009 | 86.86 | 0.801561 |
| WFMBS 2007-11 A3 | 94985WAC5 | 3/27/2009 | 82.78 | 0.785276 |
| WFMBS 2007-11 A4 | 94985WAD3 | 3/27/2009 | 84.59 | 0.785276 |
| WFMBS 2007-11 A5 | 94985WAE1 | 3/27/2009 | 83.49 | 0.785276 |
| WFMBS 2007-11 A6 | 94985WAF8 | 3/27/2009 | 87.41 | 0.801561 |
| WFMBS 2007-11 A7 | 94985WAG6 | 3/27/2009 | 6.20 | 0.801561 |
| WFMBS 2007-11 A8 | 94985WAH4 | 3/27/2009 | 65.60 | 1.000000 |
| WFMBS 2007-11 A9 | 94985WAJ0 | 3/27/2009 | 58.50 | 1.000000 |
| WFMBS 2007-11 A10 | 94985WAK7 | 3/27/2009 | 46.82 | 0.778901 |
| WFMBS 2007-11 A11 | 94985WAL5 | 3/27/2009 | 6.07 | 0.778901 |
| WFMBS 2007-11 A12 | 94985WAM3 | 3/27/2009 | 64.97 | 0.778901 |
| WFMBS 2007-11 A13 | 94985WAN1 | 3/27/2009 | 31.44 | 1.104858 |
| WFMBS 2007-11 A14 | 94985WAP6 | 3/27/2009 | 72.05 | 0.904048 |
| WFMBS 2007-11 A15 | 94985WAQ4 | 3/27/2009 | 40.53 | 1.104858 |
| WFMBS 2007-11 A16 | 94985WAR2 | 3/27/2009 | 49.20 | 0.872783 |
| WFMBS 2007-11 A17 | 94985WAS0 | 3/27/2009 | 5.67 | 0.872783 |
| WFMBS 2007-11 A18 | 94985WAT8 | 3/27/2009 | 69.15 | 0.872783 |
| WFMBS 2007-11 A19 | 94985WAU5 | 3/27/2009 | 69.76 | 0.809759 |
| WFMBS 2007-11 A20 | 94985WAV3 | 3/27/2009 | 48.98 | 1.000000 |
| WFMBS 2007-11 A21 | 94985WAW1 | 3/27/2009 | 48.71 | 1.000000 |
| WFMBS 2007-11 A22 | 94985WAX9 | 3/27/2009 | 48.59 | 1.000000 |
| WFMBS 2007-11 A23 | 94985WAY7 | 3/27/2009 | 48.33 | 1.000000 |
| WFMBS 2007-11 A24 | 94985WAZ4 | 3/27/2009 | 48.25 | 1.000000 |
| WFMBS 2007-11 A25 | 94985WBA8 | 3/27/2009 | 48.13 | 1.000000 |
| WFMBS 2007-11 A26 | 94985WBB6 | 3/27/2009 | 47.87 | 1.000000 |
| WFMBS 2007-11 A27 | 94985WBC4 | 3/27/2009 | 47.75 | 1.000000 |
| WFMBS 2007-11 A28 | 94985WBD2 | 3/27/2009 | 47.53 | 1.000000 |
| WFMBS 2007-11 A29 | 94985WBE0 | 3/27/2009 | 47.27 | 1.000000 |
| WFMBS 2007-11 A30 | 94985WBF7 | 3/27/2009 | 47.02 | 1.000000 |

4

# Table A

| Certificate | CUSIP | Date of First Suit | Value On The Date Of First Suit | Factor on Date Of First Suit |
|---|---|---|---|---|
| WFMBS 2007-11 A31 | 94985WBG5 | 3/27/2009 | 46.94 | 1.000000 |
| WFMBS 2007-11 A32 | 94985WBH3 | 3/27/2009 | 46.69 | 1.000000 |
| WFMBS 2007-11 A33 | 94985WBJ9 | 3/27/2009 | 46.59 | 1.000000 |
| WFMBS 2007-11 A34 | 94985WBK6 | 3/27/2009 | 46.51 | 1.000000 |
| WFMBS 2007-11 A35 | 94985WBL4 | 3/27/2009 | 44.14 | 1.000000 |
| WFMBS 2007-11 A36 | 94985WBM2 | 3/27/2009 | 52.65 | 1.000000 |
| WFMBS 2007-11 A37 | 94985WBN0 | 3/27/2009 | 82.78 | 0.785277 |
| WFMBS 2007-11 A38 | 94985WBP5 | 3/27/2009 | 49.20 | 0.872781 |
| WFMBS 2007-11 A39 | 94985WBQ3 | 3/27/2009 | 5.67 | 0.872781 |
| WFMBS 2007-11 A40 | 94985WBR1 | 3/27/2009 | 69.15 | 0.872781 |
| WFMBS 2007-11 A41 | 94985WBS9 | 3/27/2009 | 72.05 | 0.904048 |
| WFMBS 2007-11 A42 | 94985WBT7 | 3/27/2009 | 34.95 | 1.104858 |
| WFMBS 2007-11 A43 | 94985WBU4 | 3/27/2009 | 50.83 | 1.000000 |
| WFMBS 2007-11 A44 | 94985WBV2 | 3/27/2009 | 86.00 | 0.806159 |
| WFMBS 2007-11 A45 | 94985WBW0 | 3/27/2009 | 86.19 | 0.806159 |
| WFMBS 2007-11 A46 | 94985WBX8 | 3/27/2009 | 86.38 | 0.806159 |
| WFMBS 2007-11 A47 | 94985WBY6 | 3/27/2009 | 86.57 | 0.806159 |
| WFMBS 2007-11 A48 | 94985WBZ3 | 3/27/2009 | 86.76 | 0.806159 |
| WFMBS 2007-11 A49 | 94985WCA7 | 3/27/2009 | 86.94 | 0.806159 |
| WFMBS 2007-11 A50 | 94985WCB5 | 3/27/2009 | 6.63 | 0.806159 |
| WFMBS 2007-11 A51 | 94985WCC3 | 3/27/2009 | 67.07 | 1.000000 |
| WFMBS 2007-11 A52 | 94985WCD1 | 3/27/2009 | 52.07 | 0.776670 |
| WFMBS 2007-11 A53 | 94985WCE9 | 3/27/2009 | 6.10 | 0.776670 |
| WFMBS 2007-11 A54 | 94985WCF6 | 3/27/2009 | 66.52 | 0.776670 |
| WFMBS 2007-11 A55 | 94985WCG4 | 3/27/2009 | 56.49 | 1.104858 |
| WFMBS 2007-11 A56 | 94985WCH2 | 3/27/2009 | 72.08 | 0.904047 |
| WFMBS 2007-11 A57 | 94985WCJ8 | 3/27/2009 | 43.05 | 1.104858 |
| WFMBS 2007-11 A58 | 94985WCK5 | 3/27/2009 | 50.83 | 1.000000 |
| WFMBS 2007-11 A59 | 94985WCL3 | 3/27/2009 | 39.79 | 0.876000 |
| WFMBS 2007-11 A60 | 94985WCM1 | 3/27/2009 | 39.90 | 0.876000 |
| WFMBS 2007-11 A61 | 94985WCN9 | 3/27/2009 | 0.07 | 0.876000 |
| WFMBS 2007-11 A62 | 94985WCP4 | 3/27/2009 | 6.25 | 0.876000 |
| WFMBS 2007-11 A63 | 94985WCQ2 | 3/27/2009 | 6.32 | 0.876000 |
| WFMBS 2007-11 A64 | 94985WCR0 | 3/27/2009 | 55.80 | 0.876000 |

5

# Table A

| Certificate | CUSIP | Date of First Suit | Value On The Date Of First Suit | Factor on Date Of First Suit |
|---|---|---|---|---|
| WFMBS 2007-11 A65 | 94985WCS8 | 3/27/2009 | 39.34 | 0.876000 |
| WFMBS 2007-11 A66 | 94985WCT6 | 3/27/2009 | 39.34 | 0.876000 |
| WFMBS 2007-11 A67 | 94985WCU3 | 3/27/2009 | 39.34 | 0.876000 |
| WFMBS 2007-11 A68 | 94985WCV1 | 3/27/2009 | 39.34 | 0.876000 |
| WFMBS 2007-11 A69 | 94985WCW9 | 3/27/2009 | 71.10 | 0.785276 |
| WFMBS 2007-11 A70 | 94985WCX7 | 3/27/2009 | 71.31 | 0.785276 |
| WFMBS 2007-11 A71 | 94985WCY5 | 3/27/2009 | 134.37 | 0.872781 |
| WFMBS 2007-11 A72 | 94985WCZ2 | 3/27/2009 | 49.70 | 0.872781 |
| WFMBS 2007-11 A73 | 94985WDA6 | 3/27/2009 | 67.49 | 0.824654 |
| WFMBS 2007-11 A74 | 94985WDB4 | 3/27/2009 | 43.77 | 1.000000 |
| WFMBS 2007-11 A75 | 94985WDC2 | 3/27/2009 | 61.67 | 0.876000 |
| WFMBS 2007-11 A76 | 94985WDD0 | 3/27/2009 | 83.31 | 0.836273 |
| WFMBS 2007-11 A77 | 94985WDE8 | 3/27/2009 | 138.11 | 0.776670 |
| WFMBS 2007-11 A78 | 94985WDF5 | 3/27/2009 | 50.95 | 0.776670 |
| WFMBS 2007-11 A79 | 94985WDG3 | 3/27/2009 | 69.76 | 0.809757 |
| WFMBS 2007-11 A80 | 94985WDH1 | 3/27/2009 | 44.96 | 1.000000 |
| WFMBS 2007-11 A81 | 94985WDJ7 | 3/27/2009 | 66.34 | 0.876000 |
| WFMBS 2007-11 A82 | 94985WDK4 | 3/27/2009 | 56.63 | 0.876000 |
| WFMBS 2007-11 A83 | 94985WDL2 | 3/27/2009 | 139.80 | 0.876000 |
| WFMBS 2007-11 A84 | 94985WDM0 | 3/27/2009 | 140.79 | 0.876000 |
| WFMBS 2007-11 A85 | 94985WDN8 | 3/27/2009 | 61.67 | 0.876000 |
| WFMBS 2007-11 A86 | 94985WDP3 | 3/27/2009 | 56.63 | 0.876000 |
| WFMBS 2007-11 A87 | 94985WDQ1 | 3/27/2009 | 134.37 | 0.872783 |
| WFMBS 2007-11 A88 | 94985WDR9 | 3/27/2009 | 59.34 | 0.872783 |
| WFMBS 2007-11 A89 | 94985WDS7 | 3/27/2009 | 137.79 | 0.778901 |
| WFMBS 2007-11 A90 | 94985WDT5 | 3/27/2009 | 59.34 | 0.778901 |
| WFMBS 2007-11 A91 | 94985WDU2 | 3/27/2009 | 47.59 | 0.779555 |
| WFMBS 2007-11 A92 | 94985WDV0 | 3/27/2009 | 43.77 | 1.000000 |
| WFMBS 2007-11 A93 | 94985WDW8 | 3/27/2009 | 50.92 | 0.777157 |
| WFMBS 2007-11 A94 | 94985WDX6 | 3/27/2009 | 56.63 | 0.876000 |
| WFMBS 2007-11 A95 | 94985WDY4 | 3/27/2009 | 82.78 | 0.785276 |
| WFMBS 2007-11 A96 | 94985WDZ1 | 3/27/2009 | 63.34 | 0.876000 |
| WFMBS 2007-11 A97 | 94985WEA5 | 3/27/2009 | 55.81 | 0.876000 |
| WFMBS 2007-11 A98 | 94985WEB3 | 3/27/2009 | 48.56 | 0.872783 |

6

# Table A

| Certificate | CUSIP | Date of First Suit | Value On The Date Of First Suit | Factor on Date Of First Suit |
|---|---|---|---|---|
| WFMBS 2007-11 A99 | 94985WEC1 | 3/27/2009 | 4.39 | 0.872783 |
| WFMBS 2007-11 APO | 94985WED9 | 3/27/2009 | 55.68 | 0.894718 |
| WFMBS 2007-11 B1 | 94985WEF4 | 3/27/2009 | 20.11 | 0.989372 |
| WFMBS 2007-11 B2 | 94985WEG2 | 3/27/2009 | 11.54 | 0.989372 |
| WFMBS 2007-11 B3 | 94985WEH0 | 3/27/2009 | 7.04 | 0.989857 |
| WFMBS 2006-AR1 1A1 | 94983JAA0 | 1/29/2009 | 60.31 | 0.741753 |
| WFMBS 2006-AR1 2A1 | 94983JAC6 | 1/29/2009 | 72.46 | 0.823957 |
| WFMBS 2006-AR1 2A2 | 94983JAD4 | 1/29/2009 | 78.90 | 0.695055 |
| WFMBS 2006-AR1 2A3 | 94983JAE2 | 1/29/2009 | 68.14 | 1.000000 |
| WFMBS 2006-AR1 2A4 | 94983JAF9 | 1/29/2009 | 64.85 | 1.000000 |
| WFMBS 2006-AR1 2A5 | 94983JAG7 | 1/29/2009 | 48.48 | 1.000000 |
| WFMBS 2006-AR1 2A6 | 94983JAH5 | 1/29/2009 | 35.27 | 0.823957 |
| WFMBS 2006-AR1 B1 | 94983JAJ1 | 1/29/2009 | 16.84 | 0.988462 |
| WFMBS 2006-AR1 B2 | 94983JAK8 | 1/29/2009 | 17.87 | 0.988462 |
| WFMBS 2006-AR1 B3 | 94983JAL6 | 1/29/2009 | 9.24 | 0.988462 |
| WFMBS 2006-AR2 1A1 | 94983KAA7 | 1/29/2009 | 56.66 | 0.689555 |
| WFMBS 2006-AR2 2A1 | 94983KAC3 | 1/29/2009 | 68.32 | 0.709960 |
| WFMBS 2006-AR2 2A2 | 94983KAD1 | 1/29/2009 | 27.35 | 0.709960 |
| WFMBS 2006-AR2 2A3 | 94983KAE9 | 1/29/2009 | 69.71 | 0.709960 |
| WFMBS 2006-AR2 2A4 | 94983KAF6 | 1/29/2009 | 27.44 | 0.709960 |
| WFMBS 2006-AR2 2A5 | 94983KAG4 | 1/29/2009 | 71.90 | 0.709960 |
| WFMBS 2006-AR2 2A6 | 94983KAH2 | 1/29/2009 | 27.72 | 0.709960 |
| WFMBS 2006-AR2 2AIO | 94983KAJ8 | 1/29/2009 | 0.05 | 0.709960 |
| WFMBS 2006-AR2 B1 | 94983KAK5 | 1/29/2009 | 25.48 | 0.994702 |
| WFMBS 2006-AR2 B2 | 94983KAL3 | 1/29/2009 | 20.20 | 0.994702 |
| WFMBS 2006-AR2 B3 | 94983KAM1 | 1/29/2009 | 16.24 | 0.994702 |
| WFMBS 2006-AR2 B4 | 94983KAN9 | 1/29/2009 | 11.63 | 0.994702 |
| WFMBS 2006-AR2 B5 | 94983KAP4 | 1/29/2009 | 7.98 | 0.994702 |
| WFMBS 2006-AR2 B6 | 94983KAQ2 | 1/29/2009 | 7.01 | 0.994702 |
| WFMBS 2006-AR2 B7 | 94983KAR0 | 1/29/2009 | 6.29 | 0.994702 |
| WFMBS 2006-AR2 B8 | 94983KAS8 | 1/29/2009 | 5.45 | 0.994702 |
| WFMBS 2006-AR2 B9 | 94983KAT6 | 1/29/2009 | 4.79 | 0.994702 |
| WFMBS 2006-AR4 1A1 | 94983PAA6 | 1/29/2009 | 63.95 | 0.768769 |
| WFMBS 2006-AR4 1A2 | 94983PAB4 | 1/29/2009 | 36.39 | 0.768769 |

# Table A

| Certificate | CUSIP | Date of First Suit | Value On The Date Of First Suit | Factor on Date Of First Suit |
|---|---|---|---|---|
| WFMBS 2006-AR4 2A1 | 94983PAC2 | 1/29/2009 | 68.91 | 0.742737 |
| WFMBS 2006-AR4 2A2 | 94983PAD0 | 1/29/2009 | 89.75 | 0.365329 |
| WFMBS 2006-AR4 2A3 | 94983PAE8 | 1/29/2009 | 68.44 | 1.000000 |
| WFMBS 2006-AR4 2A4 | 94983PAF5 | 1/29/2009 | 62.90 | 1.000000 |
| WFMBS 2006-AR4 2A5 | 94983PAG3 | 1/29/2009 | 46.63 | 1.000000 |
| WFMBS 2006-AR4 2A6 | 94983PAH1 | 1/29/2009 | 36.56 | 0.742737 |
| WFMBS 2006-AR4 B1 | 94983PAK4 | 1/29/2009 | 23.35 | 0.993948 |
| WFMBS 2006-AR4 B2 | 94983PAL2 | 1/29/2009 | 10.40 | 0.993948 |
| WFMBS 2006-AR4 B3 | 94983PAM0 | 1/29/2009 | 7.78 | 0.993948 |
| WFMBS 2006-AR5 1A1 | 94983RAA2 | 1/29/2009 | 60.64 | 0.724109 |
| WFMBS 2006-AR5 1A2 | 94983RAB0 | 1/29/2009 | 34.34 | 0.724109 |
| WFMBS 2006-AR5 1AR | BCC0PGFB7 | 1/29/2009 | 0.00 | 0.000000 |
| WFMBS 2006-AR5 2A1 | 94983RAD6 | 1/29/2009 | 60.04 | 0.657166 |
| WFMBS 2006-AR5 2A2 | 94983RAE4 | 1/29/2009 | 33.99 | 0.657166 |
| WFMBS 2006-AR5 B1 | 94983RAF1 | 1/29/2009 | 16.49 | 0.996279 |
| WFMBS 2006-AR5 B2 | 94983RAG9 | 1/29/2009 | 11.75 | 0.996279 |
| WFMBS 2006-AR5 B3 | 94983RAH7 | 1/29/2009 | 6.60 | 0.996279 |
| WFMBS 2006-AR6 1A1 | 94983TAA8 | 1/29/2009 | 57.76 | 0.549070 |
| WFMBS 2006-AR6 1AR | 94983TAB6 | 1/29/2009 | 0.00 | 0.000000 |
| WFMBS 2006-AR6 2A1 | 94983TAC4 | 1/29/2009 | 71.42 | 0.711535 |
| WFMBS 2006-AR6 2A2 | 94983TAD2 | 1/29/2009 | 36.98 | 0.711535 |
| WFMBS 2006-AR6 3A1 | 94983TAE0 | 1/29/2009 | 73.93 | 0.710203 |
| WFMBS 2006-AR6 3A2 | 94983TAF7 | 1/29/2009 | 40.28 | 0.710203 |
| WFMBS 2006-AR6 4A1 | 94983TAG5 | 1/29/2009 | 72.20 | 0.713138 |
| WFMBS 2006-AR6 4A2 | 94983TAH3 | 1/29/2009 | 38.82 | 0.713138 |
| WFMBS 2006-AR6 5A1 | 94983TAJ9 | 1/29/2009 | 78.95 | 0.779729 |
| WFMBS 2006-AR6 5A2 | 94983TAK6 | 1/29/2009 | 37.33 | 0.779729 |
| WFMBS 2006-AR6 6A1 | 94983TAL4 | 1/29/2009 | 78.22 | 0.805234 |
| WFMBS 2006-AR6 6A2 | 94983TAM2 | 1/29/2009 | 36.21 | 0.805234 |
| WFMBS 2006-AR6 7A1 | 94983TAN0 | 1/29/2009 | 77.83 | 0.843387 |
| WFMBS 2006-AR6 7A2 | 94983TAP5 | 1/29/2009 | 36.20 | 0.843387 |
| WFMBS 2006-AR6 B1 | 94983TAQ3 | 1/29/2009 | 29.86 | 0.992843 |
| WFMBS 2006-AR6 B2 | 94983TAR1 | 1/29/2009 | 8.76 | 0.992843 |
| WFMBS 2006-AR6 B3 | 94983TAS9 | 1/29/2009 | 6.73 | 0.992635 |

8

# Table A

| Certificate | CUSIP | Date of First Suit | Value On The Date Of First Suit | Factor on Date Of First Suit |
|---|---|---|---|---|
| WFMBS 2006-AR8 1A1 | 94983VAA3 | 1/29/2009 | 69.25 | 0.379407 |
| WFMBS 2006-AR8 1A2 | 94983VAB1 | 1/29/2009 | 35.09 | 0.379407 |
| WFMBS 2006-AR8 1A3 | 94983VAC9 | 1/29/2009 | 71.06 | 0.379407 |
| WFMBS 2006-AR8 1A4 | 94983VAD7 | 1/29/2009 | 35.09 | 0.379407 |
| WFMBS 2006-AR8 1AR | 94983VAE5 | 1/29/2009 | 0.00 | 0.000000 |
| WFMBS 2006-AR8 2A1 | 94983VAF2 | 1/29/2009 | 72.13 | 0.719940 |
| WFMBS 2006-AR8 2A2 | 94983VAG0 | 1/29/2009 | 32.78 | 0.719940 |
| WFMBS 2006-AR8 2A3 | 94983VAH8 | 1/29/2009 | 77.11 | 0.555054 |
| WFMBS 2006-AR8 2A4 | 94983VAJ4 | 1/29/2009 | 74.74 | 0.555054 |
| WFMBS 2006-AR8 2A5 | 94983VAK1 | 1/29/2009 | 50.51 | 0.555054 |
| WFMBS 2006-AR8 2A6 | 94983VAL9 | 1/29/2009 | 51.01 | 1.000000 |
| WFMBS 2006-AR8 2A7 | 94983VAM7 | 1/29/2009 | 28.85 | 1.000000 |
| WFMBS 2006-AR8 3A1 | 94983VAN5 | 1/29/2009 | 73.41 | 0.659082 |
| WFMBS 2006-AR8 3A2 | 94983VAP0 | 1/29/2009 | 48.71 | 1.000000 |
| WFMBS 2006-AR8 3A3 | 94983VAQ8 | 1/29/2009 | 26.16 | 0.745155 |
| WFMBS 2006-AR8 B1 | 94983VAS4 | 1/29/2009 | 31.05 | 0.991609 |
| WFMBS 2006-AR8 B2 | 94983VAT2 | 1/29/2009 | 12.07 | 0.991609 |
| WFMBS 2006-AR8 B3 | 94983VAU9 | 1/29/2009 | 7.36 | 0.991609 |
| WFMBS 2006-AR10 1A1 | 94983YAA7 | 1/29/2009 | 64.65 | 0.715815 |
| WFMBS 2006-AR10 1A2 | 94983YAB5 | 1/29/2009 | 31.01 | 0.715815 |
| WFMBS 2006-AR10 1AR | 94983YAC3 | 1/29/2009 | 0.00 | 0.000000 |
| WFMBS 2006-AR10 2A1 | 94983YAD1 | 1/29/2009 | 63.61 | 0.763126 |
| WFMBS 2006-AR10 2A2 | 94983YAE9 | 1/29/2009 | 30.76 | 0.763126 |
| WFMBS 2006-AR10 3A1 | 94983YAF6 | 1/29/2009 | 71.68 | 0.540532 |
| WFMBS 2006-AR10 3A2 | 94983YAG4 | 1/29/2009 | 30.96 | 0.540532 |
| WFMBS 2006-AR10 4A1 | 94983YAH2 | 1/29/2009 | 58.51 | 0.733901 |
| WFMBS 2006-AR10 4A2 | 94983YAJ8 | 1/29/2009 | 30.69 | 0.733901 |
| WFMBS 2006-AR10 5A1 | 94983YAK5 | 1/29/2009 | 59.72 | 0.702903 |
| WFMBS 2006-AR10 5A2 | 94983YAL3 | 1/29/2009 | 90.39 | 0.460870 |
| WFMBS 2006-AR10 5A3 | 94983YAM1 | 1/29/2009 | 58.80 | 0.643743 |
| WFMBS 2006-AR10 5A4 | 94983YAN9 | 1/29/2009 | 50.00 | 1.000000 |
| WFMBS 2006-AR10 5A5 | 94983YAP4 | 1/29/2009 | 48.06 | 1.000000 |
| WFMBS 2006-AR10 5A6 | 94983YAQ2 | 1/29/2009 | 60.88 | 0.761505 |
| WFMBS 2006-AR10 5A7 | 94983YAR0 | 1/29/2009 | 33.91 | 0.702903 |

9

# Table A

| Certificate | CUSIP | Date of First Suit | Value On The Date Of First Suit | Factor on Date Of First Suit |
|---|---|---|---|---|
| WFMBS 2006-AR10 B1 | 94983YAS8 | 1/29/2009 | 19.94 | 0.996052 |
| WFMBS 2006-AR10 B2 | 94983YAT6 | 1/29/2009 | 9.01 | 0.996052 |
| WFMBS 2006-AR10 B3 | 94983YAU3 | 1/29/2009 | 6.42 | 0.996052 |
| WFMBS 2006-AR11 A1 | 94984CAA4 | 1/29/2009 | 69.92 | 0.678005 |
| WFMBS 2006-AR11 A2 | 94984CAB2 | 1/29/2009 | 73.41 | 0.512688 |
| WFMBS 2006-AR11 A3 | 94984CAC0 | 1/29/2009 | 75.96 | 0.512688 |
| WFMBS 2006-AR11 A4 | 94984CAD8 | 1/29/2009 | 87.21 | 0.409083 |
| WFMBS 2006-AR11 A5 | 94984CAE6 | 1/29/2009 | 65.11 | 1.000000 |
| WFMBS 2006-AR11 A6 | 94984CAF3 | 1/29/2009 | 47.92 | 1.000000 |
| WFMBS 2006-AR11 A7 | 94984CAG1 | 1/29/2009 | 36.10 | 0.678005 |
| WFMBS 2006-AR11 A8 | 94984CAH9 | 1/29/2009 | 0.02 | 0.678005 |
| WFMBS 2006-AR11 AIO | 94984CAJ5 | 1/29/2009 | 0.73 | 0.678005 |
| WFMBS 2006-AR11 B1 | 94984CAL0 | 1/29/2009 | 18.89 | 0.996169 |
| WFMBS 2006-AR11 B2 | 94984CAM8 | 1/29/2009 | 9.20 | 0.996169 |
| WFMBS 2006-AR11 B3 | 94984CAN6 | 1/29/2009 | 7.04 | 0.996169 |
| WFMBS 2006-AR12 1A1 | 94984GAA5 | 1/29/2009 | 61.53 | 0.597483 |
| WFMBS 2006-AR12 1A2 | 94984GAB3 | 1/29/2009 | 32.61 | 0.597483 |
| WFMBS 2006-AR12 2A1 | 94984GAD9 | 1/29/2009 | 70.59 | 0.663009 |
| WFMBS 2006-AR12 2A2 | 94984GAE7 | 1/29/2009 | 34.23 | 0.663009 |
| WFMBS 2006-AR12 1B1 | 94984GAF4 | 1/29/2009 | 15.06 | 0.997075 |
| WFMBS 2006-AR12 1B2 | 94984GAG2 | 1/29/2009 | 9.11 | 0.997075 |
| WFMBS 2006-AR12 1B3 | 94984GAH0 | 1/29/2009 | 6.12 | 0.997075 |
| WFMBS 2006-AR12 2B1 | 94984GAJ6 | 1/29/2009 | 13.00 | 0.995598 |
| WFMBS 2006-AR12 2B2 | 94984GAK3 | 1/29/2009 | 8.79 | 0.995598 |
| WFMBS 2006-AR12 2B3 | 94984GAL1 | 1/29/2009 | 6.70 | 0.995598 |
| WFMBS 2006-AR14 1A1 | 94984MAA2 | 1/29/2009 | 74.02 | 0.671209 |
| WFMBS 2006-AR14 1A2 | 94984MAB0 | 1/29/2009 | 73.81 | 0.671209 |
| WFMBS 2006-AR14 1A3 | 94984MAC8 | 1/29/2009 | 80.19 | 0.561612 |
| WFMBS 2006-AR14 1A4 | 94984MAD6 | 1/29/2009 | 80.64 | 0.561612 |
| WFMBS 2006-AR14 1A5 | 94984MAE4 | 1/29/2009 | 79.60 | 0.561612 |
| WFMBS 2006-AR14 1A6 | 94984MAF1 | 1/29/2009 | 81.63 | 0.561612 |
| WFMBS 2006-AR14 1A7 | 94984MAG9 | 1/29/2009 | 58.78 | 1.000000 |
| WFMBS 2006-AR14 1A8 | 94984MAH7 | 1/29/2009 | 36.39 | 0.671209 |
| WFMBS 2006-AR14 1A9 | 94984MAJ3 | 1/29/2009 | 0.72 | 0.671547 |

# Table A

| Certificate | CUSIP | Date of First Suit | Value On The Date Of First Suit | Factor on Date Of First Suit |
|---|---|---|---|---|
| WFMBS 2006-AR14 1A10 | 94984MAK0 | 1/29/2009 | 0.96 | 1.000000 |
| WFMBS 2006-AR14 2A1 | 94984MAM6 | 1/29/2009 | 65.18 | 0.621845 |
| WFMBS 2006-AR14 2A2 | 94984MAN4 | 1/29/2009 | 0.87 | 0.621845 |
| WFMBS 2006-AR14 2A3 | 94984MAP9 | 1/29/2009 | 64.51 | 0.621845 |
| WFMBS 2006-AR14 2A4 | 94984MAQ7 | 1/29/2009 | 34.56 | 0.621845 |
| WFMBS 2006-AR14 3A1 | 94984MAR5 | 1/29/2009 | 67.29 | 0.677798 |
| WFMBS 2006-AR14 3A2 | 94984MAS3 | 1/29/2009 | 34.96 | 0.677798 |
| WFMBS 2006-AR14 3A3 | 94984MAT1 | 1/29/2009 | 0.76 | 0.677798 |
| WFMBS 2006-AR14 CRB1 | 94984MAU8 | 1/29/2009 | 43.14 | 0.996032 |
| WFMBS 2006-AR14 CRB2 | 94984MAV6 | 1/29/2009 | 11.49 | 0.996032 |
| WFMBS 2006-AR14 CRB3 | 94984MAW4 | 1/29/2009 | 8.41 | 0.996032 |
| WFMBS 2006-AR14 2B1 | 94984MAX2 | 1/29/2009 | 30.94 | 0.995542 |
| WFMBS 2006-AR14 2B2 | 94984MAY0 | 1/29/2009 | 10.56 | 0.995542 |
| WFMBS 2006-AR14 2B3 | 94984MAZ7 | 1/29/2009 | 6.31 | 0.969662 |
| WFMBS 2006-AR17 A1 | 94984LAA4 | 1/29/2009 | 59.85 | 0.577348 |
| WFMBS 2006-AR17 A2 | 94984LAB2 | 1/29/2009 | 60.42 | 0.577348 |
| WFMBS 2006-AR17 A3 | 94984LAC0 | 1/29/2009 | 35.13 | 0.577348 |
| WFMBS 2006-AR17 A4 | 94984LAD8 | 1/29/2009 | 35.51 | 0.577348 |
| WFMBS 2006-AR17 AIO | 94984LAE6 | 1/29/2009 | 0.62 | 0.577348 |
| WFMBS 2006-AR17 B1 | 94984LAG1 | 1/29/2009 | 26.81 | 0.997108 |
| WFMBS 2006-AR17 B2 | 94984LAH9 | 1/29/2009 | 13.24 | 0.997108 |
| WFMBS 2006-AR17 B3 | 94984LAJ5 | 1/29/2009 | 7.65 | 0.997108 |
| DISMISSED CLAIMS | | | | |
| WFMBS 2006-7 1A1 | 94982XAA0 | 1/29/2009 | 83.60 | 0.644479 |
| WFMBS 2006-7 1APO | 94982XAB8 | 1/29/2009 | 82.19 | 0.677900 |
| WFMBS 2006-7 2A1 | 94982XAD4 | 1/29/2009 | 73.13 | 0.791059 |
| WFMBS 2006-7 3A1 | 94982XAE2 | 1/29/2009 | 68.78 | 0.746612 |
| WFMBS 2006-7 APO | 94982XAF9 | 1/29/2009 | 75.28 | 0.881568 |
| WFMBS 2006-7 1B1 | 94982XAG7 | 1/29/2009 | 77.06 | 0.872365 |
| WFMBS 2006-7 1B2 | 94982XAH5 | 1/29/2009 | 65.21 | 0.872365 |
| WFMBS 2006-7 1B3 | 94982XAJ1 | 1/29/2009 | 61.16 | 0.872365 |
| WFMBS 2006-7 CRB1 | 94982XAN2 | 1/29/2009 | 39.00 | 0.999998 |
| WFMBS 2006-7 CRB2 | 94982XAP7 | 1/29/2009 | 24.50 | 0.999998 |
| WFMBS 2006-7 CRB3 | 94982XAQ5 | 1/29/2009 | 22.01 | 0.999998 |

11

# Table A

| Certificate | CUSIP | Date of First Suit | Value On The Date Of First Suit | Factor on Date Of First Suit |
|---|---|---|---|---|
| WFMBS 2006-10 A1 | 94984EAA0 | 1/29/2009 | 89.94 | 0.576976 |
| WFMBS 2006-10 A2 | 94984EAB8 | 1/29/2009 | 88.48 | 0.576976 |
| WFMBS 2006-10 A3 | 94984EAC6 | 1/29/2009 | 52.18 | 1.000000 |
| WFMBS 2006-10 A4 | 94984EAD4 | 1/29/2009 | 77.44 | 1.000000 |
| WFMBS 2006-10 A5 | 94984EAE2 | 1/29/2009 | 0.00 | 0.000000 |
| WFMBS 2006-10 A6 | 94984EAF9 | 1/29/2009 | 4.63 | 0.695789 |
| WFMBS 2006-10 A7 | 94984EAG7 | 1/29/2009 | 90.18 | 0.695789 |
| WFMBS 2006-10 A8 | 94984EAH5 | 1/29/2009 | 50.78 | 0.533923 |
| WFMBS 2006-10 A9 | 94984EAJ1 | 1/29/2009 | 39.42 | 1.161380 |
| WFMBS 2006-10 A10 | 94984EAK8 | 1/29/2009 | 0.00 | 0.000000 |
| WFMBS 2006-10 A11 | 94984EAL6 | 1/29/2009 | 0.00 | 0.000000 |
| WFMBS 2006-10 A12 | 94984EAM4 | 1/29/2009 | 50.45 | 1.161380 |
| WFMBS 2006-10 A13 | 94984EAN2 | 1/29/2009 | 30.48 | 1.161380 |
| WFMBS 2006-10 A14 | 94984EAP7 | 1/29/2009 | 82.24 | 0.650718 |
| WFMBS 2006-10 A15 | 94984EAQ5 | 1/29/2009 | 3.26 | 0.650718 |
| WFMBS 2006-10 A16 | 94984EAR3 | 1/29/2009 | 101.46 | 0.533923 |
| WFMBS 2006-10 A17 | 94984EAS1 | 1/29/2009 | 94.68 | 0.533923 |
| WFMBS 2006-10 A18 | 94984EAT9 | 1/29/2009 | 63.38 | 1.000000 |
| WFMBS 2006-10 A19 | 94984EAU6 | 1/29/2009 | 76.44 | 0.855415 |
| WFMBS 2006-10 A20 | 94984EAV4 | 1/29/2009 | 67.56 | 1.000000 |
| WFMBS 2006-10 A21 | 94984EAW2 | 1/29/2009 | 70.51 | 0.963909 |
| WFMBS 2006-10 A22 | 94984EAX0 | 1/29/2009 | 67.88 | 1.000000 |
| WFMBS 2006-10 A23 | 94984EAY8 | 1/29/2009 | 61.27 | 1.000000 |
| WFMBS 2006-10 A24 | 94984EAZ5 | 1/29/2009 | 0.00 | 0.000000 |
| WFMBS 2006-10 A25 | 94984EBA9 | 1/29/2009 | 81.00 | 1.000000 |
| WFMBS 2006-10 APO | 94984EBB7 | 1/29/2009 | 78.08 | 0.779786 |
| WFMBS 2006-10 B1 | 94984EBD3 | 1/29/2009 | 42.32 | 0.977339 |
| WFMBS 2006-10 B2 | 94984EBE1 | 1/29/2009 | 27.38 | 0.977339 |
| WFMBS 2006-10 B3 | 94984EBJ0 | 1/29/2009 | 21.92 | 0.977339 |
| WFMBS 2006-18 A1 | 94985BAA5 | 3/27/2009 | 62.34 | 0.736604 |
| WFMBS 2006-18 APO | 94985BAB3 | 3/27/2009 | 62.63 | 0.866064 |
| WFMBS 2006-18 B1 | 94985BAD9 | 3/27/2009 | 20.93 | 0.981309 |
| WFMBS 2006-18 B2 | 94985BAE7 | 3/27/2009 | 20.08 | 0.981309 |
| WFMBS 2006-18 B3 | 94985BAF4 | 3/27/2009 | 11.41 | 0.981309 |

# Table A

| Certificate | CUSIP | Date of First Suit | Value On The Date Of First Suit | Factor on Date Of First Suit |
|---|---|---|---|---|
| WFMBS 2006-20 A1 | 94985EAA9 | 3/27/2009 | 89.13 | 0.555772 |
| WFMBS 2006-20 APO | 94985EAB7 | 3/27/2009 | 78.14 | 0.605161 |
| WFMBS 2006-20 B1 | 94985EAD3 | 3/27/2009 | 66.54 | 0.890363 |
| WFMBS 2006-20 B2 | 94985EAE1 | 3/27/2009 | 48.21 | 0.890363 |
| WFMBS 2006-20 B3 | 94985EAF8 | 3/27/2009 | 42.95 | 0.890363 |
| WFMBS 2006-AR15 A1 | 94985AAA7 | 1/29/2009 | 70.89 | 0.649676 |
| WFMBS 2006-AR15 A2 | 94985AAB5 | 1/29/2009 | 72.42 | 0.649676 |
| WFMBS 2006-AR15 A3 | 94985AAC3 | 1/29/2009 | 33.68 | 0.649676 |
| WFMBS 2006-AR15 A4 | 94985AAD1 | 1/29/2009 | 0.01 | 0.649676 |
| WFMBS 2006-AR15 AIO | 94985AAE9 | 1/29/2009 | 0.73 | 0.649676 |
| WFMBS 2006-AR15 B1 | 94985AAG4 | 1/29/2009 | 27.00 | 0.996991 |
| WFMBS 2006-AR15 B2 | 94985AAH2 | 1/29/2009 | 20.31 | 0.996991 |
| WFMBS 2006-AR15 B3 | 94985AAJ8 | 1/29/2009 | 17.75 | 0.996991 |
| WFMBS 2006-AR16 A1 | 94984NAA0 | 1/29/2009 | 64.46 | 0.567342 |
| WFMBS 2006-AR16 A2 | 94984NAB8 | 1/29/2009 | 42.48 | 0.567342 |
| WFMBS 2006-AR16 AIO | 94984NAC6 | 1/29/2009 | 0.54 | 0.567342 |
| WFMBS 2006-AR16 B1 | 94984NAE2 | 1/29/2009 | 16.93 | 0.996898 |
| WFMBS 2006-AR16 B2 | 94984NAF9 | 1/29/2009 | 10.01 | 0.996898 |
| WFMBS 2006-AR16 B3 | 94984NAG7 | 1/29/2009 | 6.67 | 0.996898 |
| WFMBS 2006-AR19 A1 | 949789AA9 | 1/29/2009 | 72.02 | 0.696361 |
| WFMBS 2006-AR19 A2 | 949789AB7 | 1/29/2009 | 74.04 | 0.582138 |
| WFMBS 2006-AR19 A3 | 949789AC5 | 1/29/2009 | 73.02 | 1.000000 |
| WFMBS 2006-AR19 A4 | 949789AD3 | 1/29/2009 | 96.24 | 0.504007 |
| WFMBS 2006-AR19 A5 | 949789AE1 | 1/29/2009 | 96.24 | 0.504007 |
| WFMBS 2006-AR19 A6 | 949789AF8 | 1/29/2009 | 50.19 | 1.000000 |
| WFMBS 2006-AR19 A7 | 949789AG6 | 1/29/2009 | 34.35 | 0.696361 |
| WFMBS 2006-AR19 A8 | 949789AH4 | 1/29/2009 | 7.64 | 0.504007 |
| WFMBS 2006-AR19 AIO | 949789AJ0 | 1/29/2009 | 0.79 | 0.696361 |
| WFMBS 2006-AR19 B1 | 949789AL5 | 1/29/2009 | 22.00 | 0.996036 |
| WFMBS 2006-AR19 B2 | 949789AM3 | 1/29/2009 | 9.91 | 0.996036 |
| WFMBS 2006-AR19 B3 | 949789AN1 | 1/29/2009 | 7.40 | 0.996036 |
| WFMBS 2007-10 1A1 | 949837AA6 | 3/27/2009 | 63.34 | 0.874468 |
| WFMBS 2007-10 1A2 | 949837AB4 | 3/27/2009 | 72.95 | 0.757861 |
| WFMBS 2007-10 1A3 | 949837AC2 | 3/27/2009 | 46.69 | 1.000000 |

13

# Table A

| Certificate | CUSIP | Date of First Suit | Value On The Date Of First Suit | Factor on Date Of First Suit |
|---|---|---|---|---|
| WFMBS 2007-10 1A4 | 949837AD0 | 3/27/2009 | 43.07 | 1.000000 |
| WFMBS 2007-10 1A5 | 949837AE8 | 3/27/2009 | 76.13 | 0.857925 |
| WFMBS 2007-10 1A6 | 949837AF5 | 3/27/2009 | 52.72 | 1.000000 |
| WFMBS 2007-10 1A7 | 949837AG3 | 3/27/2009 | 58.52 | 0.839648 |
| WFMBS 2007-10 1A8 | 949837AH1 | 3/27/2009 | 44.81 | 0.796409 |
| WFMBS 2007-10 1A9 | 949837AJ7 | 3/27/2009 | 44.81 | 0.796409 |
| WFMBS 2007-10 1A10 | 949837AK4 | 3/27/2009 | 61.90 | 0.856048 |
| WFMBS 2007-10 1A11 | 949837AL2 | 3/27/2009 | 8.97 | 0.856049 |
| WFMBS 2007-10 1A12 | 949837AM0 | 3/27/2009 | 53.39 | 1.000000 |
| WFMBS 2007-10 1A13 | 949837AN8 | 3/27/2009 | 0.00 | 0.000000 |
| WFMBS 2007-10 1A14 | 949837AP3 | 3/27/2009 | 40.86 | 0.942855 |
| WFMBS 2007-10 1A15 | 949837AQ1 | 3/27/2009 | 96.74 | 0.942855 |
| WFMBS 2007-10 1A16 | 949837AR9 | 3/27/2009 | 68.86 | 0.878041 |
| WFMBS 2007-10 1A17 | 949837AS7 | 3/27/2009 | 48.73 | 1.000000 |
| WFMBS 2007-10 1A18 | 949837AT5 | 3/27/2009 | 38.10 | 1.110402 |
| WFMBS 2007-10 1A19 | 949837AU2 | 3/27/2009 | 87.29 | 0.842767 |
| WFMBS 2007-10 1A20 | 949837AV0 | 3/27/2009 | 54.21 | 1.000000 |
| WFMBS 2007-10 1A21 | 949837AW8 | 3/27/2009 | 49.72 | 0.702667 |
| WFMBS 2007-10 1A22 | 949837AX6 | 3/27/2009 | 45.56 | 0.874468 |
| WFMBS 2007-10 1A23 | 949837AY4 | 3/27/2009 | 95.84 | 0.924403 |
| WFMBS 2007-10 1A24 | 949837AZ1 | 3/27/2009 | 98.22 | 0.769581 |
| WFMBS 2007-10 1A25 | 949837BA5 | 3/27/2009 | 55.32 | 0.806060 |
| WFMBS 2007-10 1A26 | 949837BB3 | 3/27/2009 | 46.82 | 1.000000 |
| WFMBS 2007-10 1A27 | 949837BC1 | 3/27/2009 | 45.97 | 1.000000 |
| WFMBS 2007-10 1A28 | 949837BD9 | 3/27/2009 | 33.57 | 1.000000 |
| WFMBS 2007-10 1A29 | 949837BE7 | 3/27/2009 | 46.64 | 1.000000 |
| WFMBS 2007-10 1A30 | 949837BF4 | 3/27/2009 | 39.05 | 1.000000 |
| WFMBS 2007-10 1A31 | 949837BG2 | 3/27/2009 | 59.66 | 1.000000 |
| WFMBS 2007-10 1A32 | 949837BH0 | 3/27/2009 | 59.25 | 1.000000 |
| WFMBS 2007-10 1A33 | 949837BJ6 | 3/27/2009 | 41.57 | 1.000000 |
| WFMBS 2007-10 1A34 | 949837BK3 | 3/27/2009 | 45.09 | 1.000000 |
| WFMBS 2007-10 1A35 | 949837BL1 | 3/27/2009 | 53.59 | 0.821456 |
| WFMBS 2007-10 1A36 | 949837BM9 | 3/27/2009 | 53.39 | 0.942855 |
| WFMBS 2007-10 1A37 | 949837BN7 | 3/27/2009 | 48.03 | 1.000000 |

14

# Table A

| Certificate | CUSIP | Date of First Suit | Value On The Date Of First Suit | Factor on Date Of First Suit |
|---|---|---|---|---|
| WFMBS 2007-10 1A38 | 949837BP2 | 3/27/2009 | 59.62 | 0.843086 |
| WFMBS 2007-10 1A39 | 949837BQ0 | 3/27/2009 | 97.25 | 0.874468 |
| WFMBS 2007-10 1A40 | 949837BR8 | 3/27/2009 | 45.56 | 0.874468 |
| WFMBS 2007-10 1A41 | 949837BS6 | 3/27/2009 | 94.50 | 0.874468 |
| WFMBS 2007-10 2A1 | 949837BU1 | 3/27/2009 | 46.55 | 0.853076 |
| WFMBS 2007-10 2A2 | 949837BV9 | 3/27/2009 | 42.38 | 0.904375 |
| WFMBS 2007-10 2A3 | 949837BW7 | 3/27/2009 | 126.83 | 0.904375 |
| WFMBS 2007-10 2A4 | 949837BX5 | 3/27/2009 | 0.00 | 0.000000 |
| WFMBS 2007-10 2A5 | 949837BY3 | 3/27/2009 | 70.19 | 0.770830 |
| WFMBS 2007-10 2A6 | 949837BZ0 | 3/27/2009 | 68.88 | 0.770830 |
| WFMBS 2007-10 2A7 | 949837CA4 | 3/27/2009 | 38.22 | 1.115245 |
| WFMBS 2007-10 2A8 | 949837CB2 | 3/27/2009 | 68.91 | 0.804884 |
| WFMBS 2007-10 2A9 | 949837CC0 | 3/27/2009 | 53.39 | 1.000000 |
| WFMBS 2007-10 2A10 | 949837CD8 | 3/27/2009 | 34.01 | 1.000000 |
| WFMBS 2007-10 2A11 | 949837CE6 | 3/27/2009 | 51.96 | 1.000000 |
| WFMBS 2007-10 2A12 | 949837CF3 | 3/27/2009 | 55.25 | 0.904375 |
| WFMBS 2007-10 APO | 949837CG1 | 3/27/2009 | 58.08 | 0.912312 |
| WFMBS 2007-10 B1 | 949837CH9 | 3/27/2009 | 9.59 | 0.990035 |
| WFMBS 2007-10 B2 | 949837CJ5 | 3/27/2009 | 4.05 | 0.992215 |
| WFMBS 2007-10 B3 | 949837CK2 | 3/27/2009 | 1.84 | 0.993572 |
| WFMBS 2007-13 A1 | 94985LAA3 | 4/13/2009 | 80.01 | 0.922955 |
| WFMBS 2007-13 A2 | 94985LAB1 | 4/13/2009 | 69.97 | 0.761702 |
| WFMBS 2007-13 A3 | 94985LAC9 | 4/13/2009 | 85.02 | 0.761702 |
| WFMBS 2007-13 A4 | 94985LAD7 | 4/13/2009 | 65.91 | 1.000000 |
| WFMBS 2007-13 A5 | 94985LAE5 | 4/13/2009 | 0.00 | 0.000000 |
| WFMBS 2007-13 A6 | 94985LAF2 | 4/13/2009 | 65.62 | 1.000000 |
| WFMBS 2007-13 A7 | 94985LAG0 | 4/13/2009 | 67.75 | 0.853482 |
| WFMBS 2007-13 A8 | 94985LAH8 | 4/13/2009 | 78.75 | 0.853482 |
| WFMBS 2007-13 A9 | 94985LAJ4 | 4/13/2009 | 39.75 | 0.853482 |
| WFMBS 2007-13 A10 | 94985LAK1 | 4/13/2009 | 54.43 | 1.000000 |
| WFMBS 2007-13 APO | 94985LAL9 | 4/13/2009 | 65.47 | 0.889909 |
| WFMBS 2007-AR4 A1 | 94986CAA2 | 4/13/2009 | 52.30 | 0.818496 |
| WFMBS 2007-AR4 A2 | 94986CAB0 | 4/13/2009 | 27.72 | 0.818496 |
| WFMBS 2007-AR4 B1 | 94986CAD6 | 4/13/2009 | 15.04 | 0.998376 |

# Table A

| Certificate | CUSIP | Date of First Suit | Value On The Date Of First Suit | Factor on Date Of First Suit |
|---|---|---|---|---|
| WFMBS 2007-AR4 B2 | 94986CAE4 | 4/13/2009 | 8.28 | 0.998376 |
| WFMBS 2007-AR4 B3 | 94986CAF1 | 4/13/2009 | 6.23 | 0.998376 |
| WFALT 2007-PA1 A1 | 94984TAA7 | 3/27/2009 | 41.92 | 0.833445 |
| WFALT 2007-PA1 A2 | 94984TAB5 | 3/27/2009 | 7.05 | 0.833445 |
| WFALT 2007-PA1 A3 | 94984TAC3 | 3/27/2009 | 44.26 | 1.000000 |
| WFALT 2007-PA1 A4 | 94984TAD1 | 3/27/2009 | 54.00 | 0.800355 |
| WFALT 2007-PA1 A5 | 94984TAE9 | 3/27/2009 | 74.43 | 0.711224 |
| WFALT 2007-PA1 A6 | 94984TAF6 | 3/27/2009 | 56.96 | 1.000000 |
| WFALT 2007-PA1 A7 | 94984TAG4 | 3/27/2009 | 34.10 | 1.000000 |
| WFALT 2007-PA1 A8 | 94984TAH2 | 3/27/2009 | 36.10 | 0.762140 |
| WFALT 2007-PA1 A9 | 94984TAJ8 | 3/27/2009 | 38.23 | 0.762140 |
| WFALT 2007-PA1 A10 | 94984TAK5 | 3/27/2009 | 43.13 | 1.000000 |
| WFALT 2007-PA1 A11 | 94984TAL3 | 3/27/2009 | 46.34 | 0.833445 |
| WFALT 2007-PA1 A12 | 94984TAM1 | 3/27/2009 | 5.16 | 0.762140 |
| WFALT 2007-PA1 A13 | 94984TAN9 | 3/27/2009 | 0.07 | 0.762140 |
| WFALT 2007-PA1 AWIO | 94984TAP4 | 3/27/2009 | 0.93 | 0.791626 |
| WFALT 2007-PA1 APO | 94984TAQ2 | 3/27/2009 | 35.75 | 0.887963 |
| WFALT 2007-PA1 B1 | 94984TAS8 | 3/27/2009 | 4.99 | 0.983072 |
| WFALT 2007-PA1 B2 | 94984TAT6 | 3/27/2009 | 2.21 | 0.987129 |
| WFALT 2007-PA1 B3 | 94984TAU3 | 3/27/2009 | 0.73 | 0.987811 |

16