# Supplemental Exhibit 18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAWN SHANAWAZ, Individually and On Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br> vs.<br><br>INTELLIPHARMACEUTICS INTERNATIONAL INC., ISA ODIDI and DOMENIC DELLA PENNA,<br><br>  Defendants. | Case No. 1:17-cv-05761<br><br>HON. J. PAUL OETKEN<br><br>**NOTICE OF PENDENCY** |

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT HEARING**

**If you purchased or otherwise acquired Intellipharmaceutics International Inc. common stock (trading symbol IPCI) between May 21, 2015 and July 27, 2017, inclusive, you could get a payment from a class action settlement.[1]**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- The Settlement resolves a federal class action lawsuit alleging that Intellipharmaceutics International Inc. ("Intellipharmaceutics") and certain of its officers and directors violated the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, by making materially false and misleading statements and omissions with regard to Intellipharmaceutics' New Drug Application ("NDA") for Rexista, an abuse-deterrent extended release formulation of oxycodone hydrochloride.

- Defendants (as defined below) deny Plaintiffs' allegations. The parties disagree on, among other things, whether Defendants violated any federal securities laws and whether the alleged violations actually caused any damages to the Class Members.

- The federal court has certified, for settlement purposes only, a class consisting of all Persons or entities who purchased or otherwise acquired Intellipharmaceutics common stock in a Covered Transaction between May 21, 2015 and July 27, 2017, inclusive. Excluded from the Class are Defendants, members of their immediate families, and their legal representatives, heirs, successors, or assigns. "Covered Transaction" means either: (i) a transaction in Intellipharmaceutics common stock listed for trading on the NASDAQ Stock Market; or (ii) a transaction in Intellipharmaceutics common stock to which the United States securities laws apply, including as provided in *Morrison v. National Australia Bank*, 561 U.S. 247 (2010). For the avoidance of any doubt, "Covered Transaction" shall not include any transaction in Intellipharmaceutics common stock listed for trading on the Toronto Stock Exchange (TSX).

- The Settlement will provide a $1,600,000 cash Settlement Fund for the benefit of Class Members who purchased or otherwise acquired Intellipharmaceutics common stock between May 21, 2015 and July 27, 2017, inclusive. The minimum "average recovery per damaged share" of Intellipharmaceutics common stock under the Settlement is $0.08 before deduction of fees and expenses.[2]

- The Court-appointed Lead Plaintiffs are David Ducharme, Sam Snyder and Julia Ann Snyder (collectively, "Lead Plaintiffs"). Additional Plaintiffs are Guy Braverman and Eric Ludwig (collectively, "Plaintiffs"). The defendants are Intellipharmaceutics, Isa Odidi and Domenic Della Penna (the "Individual Defendants") (collectively, "Defendants").

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

---

[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation of Settlement, dated November 4, 2019.

[2] In September 2018 there was a 1-for-10 reverse split in Intellipharamaceutics common stock. Values in this document (*e.g.*, artificial inflation per share, share prices, volume, and number of shares, etc.) are unadjusted for this stock split and reflect historical values prior to September 2018. If necessary, the Claims Administrator will adjust Authorized Claimants' submissions to per-split levels.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY JANUARY 5, 2021** | The only way to get a payment in this Settlement. |
| **EXCLUDE YOURSELF FROM THE LAWSUIT BY SUBMITTING AN OPT-OUT FORM BY NOVEMBER 30, 2020** | Get no payment pursuant to this Settlement.  This is the **only** option that allows you to be a part of any other lawsuit against the Defendants and their affiliates involving the claims released by this Settlement. |
| **OBJECT BY OCTOBER 16, 2020** | Write a letter to the Court objecting to the Settlement.  You must still file a claim if you want to receive payment from the Settlement. |
| **ATTEND A TELEPHONIC HEARING ON DECEMBER 4, 2020** | Ask to speak in Court about the Settlement. |
| **DO NOTHING** | Get no payment from this Settlement.  You will also be giving up your rights regarding all claims released by this Settlement and any other lawsuit as to the common stock. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after any appeals by Class Members are resolved.

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery Under the Settlement**

Pursuant to the Settlement described herein, a $1,600,000.00 cash Settlement Fund has been established.  Plaintiffs estimate that there were approximately 18.9 million  Intellipharmaceutics common stock shares traded during the Class Period that may have been damaged.  Plaintiffs estimate that the minimum "average recovery per damaged share" of Intellipharmaceutics common stock under the Settlement is $0.08 before deduction of fees and expenses.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund (defined below), determined by that Claimant's recognized loss (*i.e.*, a claim proved by timely submission of a valid Proof of Claim and Release form) as compared to the total recognized losses of all Class Members.  This proportional allocation is called "proration." *See* the Plan of Allocation beginning on Page 13 for more information.

**Statement of Claims, Issues, Defenses, and Potential Outcome of Case**

Plaintiffs allege that Defendants violated Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, by making materially false and misleading statements and omissions with respect to Intellipharmaceutics' NDA for Rexista, an abuse-deterrent extended release formulation of oxycodone hydrochloride.

Defendants moved to dismiss the Complaint, denying all claims and contentions alleged by Plaintiffs in this Action, and maintaining that Plaintiffs did not adequately allege any valid claim under the federal securities laws.  Specifically, Defendants argued: (1) that the Complaint did not plausibly allege that any challenged statement was materially false or misleading when made; (2) that the Complaint did not plead facts giving rise to the required "strong inference" of scienter; and (3) that because the Complaint did not sufficiently plead the primary violation, the "control person" claims against the Individual Defendants should be dismissed.  Plaintiffs filed their opposition to that motion and Defendants filed a reply.  After that motion to dismiss was fully briefed, on December 17, 2018, the Motion to Dismiss was denied in part and granted in part by Judge J. Paul Oetken.  On May 13, 2019, the proceedings were stayed in connection with an ongoing private mediation with qualified mediator Michelle Yoshida of Phillips ADR.  The Parties came to a settlement agreement on August 9, 2019.

At the time the settlement was reached, Plaintiffs faced the possibility that the Class in this Action would not be certified and that the Action would not survive summary judgment.  Had the case gone to trial, Defendants would have asserted a myriad of factual and legal defenses, including that Intellipharmaceutics and the Individual Defendants fully complied with the federal securities laws and did not make any materially untrue or misleading statements or omissions.  Defendants would also contest: (1) the measure and amount of recoverable damages, if any; (2) the extent to which the statements that Plaintiffs alleged as materially false or misleading influenced (if at all) the trading prices of Intellipharmaceutics common stock at various times during the relevant time period; and (3) whether Plaintiffs have standing to assert all of the claims in the Complaint.

Furthermore, to the extent Plaintiffs succeeded on any claims, Defendants could take those issues on appeal, which could result in additional years of litigation with no certainty as to outcome for either side.  Thus, had this Action continued, Plaintiffs and the proposed Class could face the possibility of obtaining no recovery.  This Settlement enables the Class to

recover a percentage of the alleged damages as calculated by Lead Counsel in conjunction with their economic consultant, without incurring any additional risk.  As a result, Plaintiffs and Counsel believe this settlement is a fair and reasonable recovery.

The Parties disagree on the amount of damages, if any, which would have been recoverable had Plaintiffs prevailed on all claims in this litigation.  Plaintiffs contend that the misrepresentations and omissions alleged in the Complaint were the direct cause of the artificial elevation and eventual decline in the price of Intellipharmaceutics' common stock and caused Plaintiffs and the Class to be damaged.  Plaintiffs further contend that the alleged stock decline is fully attributable to the alleged misrepresentations and omissions set forth in the Complaint.  Defendants contend that they made no misrepresentations or omissions, but in all events the alleged misrepresentations and/or omissions set forth in the Complaint did not cause a decline in Intellipharmaceutics common stock and, therefore, Plaintiffs and the Class have not been damaged.

### Statement of Attorneys' Fees and Costs Sought

Lead Counsel will move the Court to award attorneys' fees in an amount not greater than thirty-three and one-third percent (33 1/3%) of the gross Settlement Fund and reimbursement of expenses incurred in connection with the prosecution of this action not to exceed $110,000.00.  The requested fees and expenses would amount to an average of not more than $0.037 per damaged share in total for fees and expenses for Intellipharmaceutics common stock shares.  *See* Questions 8-11 below for more information.  Class Members are not personally liable for any such fees, expenses, or compensation.

### Further Information

Further information regarding the Action and this Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Hearing (the "Notice") may be obtained by contacting Lead Counsel: Lewis S. Kahn, Esq., Kahn Swick & Foti, LLC, 1100 Poydras Street, Suite 3200, New Orleans, Louisiana 70163, Telephone: 504-455-1400.

### Reasons for the Settlement

For Plaintiffs, the principal reason for the Settlement is the benefit to be provided to the Class now.  This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.  Plaintiffs further considered, after conducting a substantial investigation into the facts of the case, the risks to proving liability and damages.  For Defendants, who deny all allegations of wrongdoing or liability, the principal reason for the Settlement is to eliminate the expense, risks, and uncertain outcome of the litigation.

## HOW YOU GET A PAYMENT—SUBMITTING A PROOF OF CLAIM FORM

### 1. How can I get a payment?

To qualify for a payment, you must send in a Proof of Claim and Release form ("Claim Form").  A Claim Form is being circulated with this Notice. You may also get a Claim Form on the Internet at www.IntellipharmaceuticsSecuritiesLitigation.com.  Read the instructions carefully, fill out the Claim Form, include all the documents the form asks for, sign it, and mail it postmarked no later than January 5, 2021.

### 2. When would I get my payment?

The Court will hold a hearing telephonically on December 4, 2020, at 12:00 p.m. EST , to decide whether to approve the settlement.  Interested parties should dial in at (888) 557-8511.  The access code is 9300838. If the Court approves the settlement, after that, there may be appeals by Class Members.  Resolving appeals can take time, perhaps more than a year.  It also takes time for all the Claim Forms to be processed.

### 3. What am I giving up to get a payment?

Unless you specifically exclude yourself, you will be treated as a member of this class action.  This means that upon the Effective Date, you will relinquish all Released Claims against the Released Defendants' Parties.  These terms are defined below:

"Released Claims" means all claims (including but not limited to Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, by Plaintiffs, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys and agents, whether brought directly, indirectly, or derivatively against any of the Released Defendants' Parties, which arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Action, or which could have been alleged in the Action, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition or sale of Intellipharmaceutics common stock, by any members of the Class during the Class Period, and/or any disclosures, public filings, registration statements, or other statements by Intellipharmaceutics or any Defendant based upon or arising out of

- 3 -

any facts, matters, allegations, transactions, events, disclosures, statements, acts or omissions that were asserted or could have been asserted in this Action or in any other action or forum, whether arising under federal, state, common or foreign law.  For the avoidance of doubt, "Released Claims" does not include claims to enforce the Settlement.

"Released Defendants' Parties" means each and all of the Defendants, each of their respective family members (for individuals) and past, present and future direct and indirect parent entities, subsidiaries, related entities and affiliates, and, as applicable, their respective past and present general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof.

"Released Plaintiffs' Parties" means each and all of the plaintiffs, consisting of Plaintiffs and members of the Class, and, as applicable, their respective family members, and their respective past, present and future general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof.

The "Effective Date" will occur when an order entered by the Court approving the settlement becomes final and not subject to appeal.

If you remain a Member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and the other Released Defendants' Parties in some other lawsuit as to the Released Claims in this lawsuit, then you must take steps to remove yourself from this lawsuit.  This is called excluding yourself from or "opting out" of the Class.  If more than a certain percentage of Class Members opt out or exclude themselves from the Class, Defendants may withdraw from and terminate the Settlement.

| **4. How do I exclude myself from the proposed settlement?** |
| --- |

To exclude yourself from the Class, you must send a signed letter by mail stating that you "request exclusion from the Class in *Shanawaz v. Intellipharmaceutics International Inc. et al.*, Civil Action No. 17-CV-05761-JPO." Your letter should state the date(s), price(s), and number of shares of all your purchases and sales of Intellipharmaceutics common stock in Covered Transactions during the Class Period.  In addition, be sure to include your name, address, telephone number, and signature. You must mail your exclusion request postmarked no later than November 30, 2020 to:

| | |
| --- | --- |
| Intellipharmaceutics Securities Litigation | Intellipharmaceutics Securities Litigation |
| c/o Rust Consulting, Inc. - 7053 | c/o Rust Consulting, Inc. - 7053 |
| P.O. Box 44 | 625 Marquette Ave., Suite 900 |
| Minneapolis, MN 55440-0044 | Minneapolis, MN 55402 |
| (by regular mail) | (by express delivery service) |

You cannot exclude yourself by telephone or by email.  If you ask to be excluded, you will not get any settlement payment and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendants and the other Released Defendants' Parties in the future.  If you exclude yourself, do not send in a Claim Form to ask for any money.

| **5. If I do not exclude myself from the Settlement, can I sue the Defendants and the other Released Defendants' Parties later for the same alleged conduct?** |
| --- |

No.  Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Defendants' Parties for any and all Released Claims.  If you have a pending lawsuit, speak to your lawyer in that case immediately.  You must exclude yourself from *this* Class to continue your own lawsuit.  Remember, the exclusion deadline is November 30, 2020.

| **6. If I exclude myself from the settlement, can I get money from the proposed settlement?** |
| --- |

No, but you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against the Defendants and the other Released Defendants' Parties.

## IF YOU DO NOTHING

| 7. What happens if I do nothing at all? |
|---|

The judgment of the Court will be binding upon you if you do nothing. You will get no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Defendants' Parties about the Released Claims in this case, ever again. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 1). To start, continue, or be a part of any other lawsuit against the Defendants and the other Released Defendants' Parties about the Released Claims in this case, you must exclude yourself from this Class (*see* Question 4).

## THE LAWYERS REPRESENTING CLASS MEMBERS

| 8. Do I have a lawyer in this case? |
|---|

The Court ordered that the law firm of Kahn Swick & Foti, LLC represent all Class Members. This firm is called Lead Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the gross Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 9. How will Lead Counsel be paid? |
|---|

Lead Counsel will move the Court to award plaintiff's counsel's attorneys' fees from the gross Settlement Fund in a total amount not greater than thirty-three and one-third percent (33 1/3%) of the gross Settlement Fund and reimbursement of their expenses in an amount no greater than $110,000.00, plus interest on such expenses may be sought.

| 10. How will the notice costs and expenses be paid? |
|---|

Lead Counsel is authorized by the Stipulation to pay the Claims Administrator's fees and expenses incurred in connection with giving notice, administering the settlement, and distributing the settlement proceeds to the members of the Class. The Claims Administrator's fees and expenses will be paid out of the gross Settlement Fund and are estimated to be $115,000.00. The Claims Administrator was selected through a competitive bidding process and multiple bids were reviewed and considered.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| 11. How do I object to the Settlement? |
|---|

If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the application by Lead Counsel for an award of fees and expenses. You may write to the Court setting out your objection(s). You should state reasons why you think the Court should not approve any or all of the settlement terms or arrangements.

You must object in writing by sending a signed letter stating that you object to the proposed settlement in *Shanawaz v. Intellipharmaceutics International Inc. et al.*, Civil Action No. 17-CV-05761-JPO. Your objection must include a cover page identifying this case name and number and naming the telephonic hearing date of December 4, 2020, at 12:00 p.m. EST. Be sure to include your name, address, telephone number, and signature; identify the date(s), price(s), and number of shares of all purchases and sales of Intellipharmaceutics common stock you made during the Class Period, and state the reasons why you object to the settlement. Your objection must be postmarked on or before to the Court; Kahn Swick & Foti, LLC, on behalf of the Plaintiffs; and Counsel for the Defendants at the following addresses:

**COURT:**

> Clerk of the Court
> Daniel Patrick Moynihan
> United States Courthouse
> 500 Pearl Street
> New York, NY 10007

**FOR LEAD PLAINTIFFS:**

> Lewis S. Kahn
> Kahn Swick & Foti, LLC
> 1100 Poydras Street, Suite 3200
> New Orleans, LA 70163
> *Lead Counsel for Lead Plaintiffs and the Class*

- 5 -

**FOR DEFENDANTS:**

John J. Clarke, Jr.
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020

*Counsel for Defendants Intellipharmaceutics, Isa Odidi and Domenic Della Penna*

You do not need to call in to the Settlement Hearing to have your written objection considered by the Court.

At the Settlement Hearing, any Class Member who has not previously submitted a request for exclusion from the Class may call in and be heard, to the extent allowed by the Court, to state any objection to the settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may arrange, at that objector's expense, for a lawyer to represent the objector at the Settlement Hearing. If you or your representative intend to call in but have not submitted a written objection postmarked by October 16, 2020, it is recommended that you give advance notice to Lead Counsel for the Class and/or counsel for Defendants of your intention to attend the hearing in order to object and the basis for your objection. You may contact them at the addresses provided above.

| **12. What is the difference between objecting to the Settlement and excluding myself from the Settlement?** |
| --- |

Objecting is simply telling the Court that you do not like something about the proposed settlement. You can object only if you remain in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing telephonically to decide whether to approve the proposed settlement. You may call in and you may ask to speak, but you do not have to.

| **13. When and where will the Court decide whether to approve the proposed settlement?** |
| --- |

The Court will hold a Settlement Hearing telephonically on December 4, 2020 at12:00 p.m. EST. Interested parties should dial in at (888) 557-8511. The access code is 9300838. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. At the Settlement Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement and the application of Lead Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections mailed in accordance with the instructions in the answer to Question 11. The Court also will listen to people who seek to speak at the hearing, but decisions regarding the conduct of the hearing will be made by the Court. *See* Question 11 for more information about speaking at the hearing. The Court will also decide how much to pay to Lead Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing. Thus, if you want to come to the hearing, you should check with Lead Counsel before coming to be sure that the date and/or time has not changed.

## GETTING MORE INFORMATION

| **14. Are there more details about the proposed settlement?** |
| --- |

This Notice summarizes the proposed settlement. More details are contained in a Stipulation and Agreement of Settlement with Defendants dated November 4, 2019 (the "Stipulation"). You can get a copy of the Stipulation by writing to Lead Counsel at their address above.

You also can call the Claims Administrator toll-free at 1-866-645-4810; write to the Claims Administrator at Intellipharmaceutics Securities Litigation, c/o Rust Consulting, Inc. - 7053, P.O. Box 44, Minneapolis, MN 55440-0044; or visit the website at www.IntellipharmaceuticsSecuritiesLitigation.com, where you will find a Claim Form, answers to common questions about the Settlement, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

| **15. How do I get more information?** |
| --- |

For more detailed information concerning the matters involved in this Action, you can inspect the pleadings, the Stipulation, the Orders entered by the Court, and the other papers filed in the Action at the office of the Clerk of Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Courtroom 706, New York, NY 10007, during regular business hours. You may also contact Lead Counsel.

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

This Plan of Allocation has been prepared by Plaintiffs and Lead Counsel with the assistance of their economics consultant. Defendants do not agree with the characterization that any damages were suffered by any Members of the Class.

The $1,600,000 cash Settlement Amount, together with any amounts paid in accordance with the Contribution Agreement, and the interest earned thereon, shall be the gross Settlement Fund. The gross Settlement Fund, less all taxes and approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to Members of the Class who submit acceptable Claim Forms ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss. The recognized loss formula is not intended to be an estimate of the amount a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the settlement. The recognized loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The following proposed Plan of Allocation reflects the allegations in the Class Action Complaint for Violation of Securities Laws (the "Complaint") that Defendants made materially untrue and misleading statements and omissions with respect to Intellipharmaceutics' NDA for Rexista, an abuse-deterrent, extended-release formulation of oxycodone hydrochloride. The Complaint alleges that these misrepresentations resulted in the artificial inflation of the prices of the Company's common stock during the Class Period from May 21, 2015 to July 27, 2017, inclusive. Defendants deny that they did anything wrong.

Each Authorized Claimant shall be paid based on the percentage of the Net Settlement Fund that each Authorized Claimant's recognized loss bears to the total of the recognized losses of all Authorized Claimants (the "Pro Rata Share").

Shares eligible for recognizable losses are those shares of Intellipharmaceutics' common stock purchased or otherwise acquired in Covered Transactions from May 21, 2015 to July 27, 2017, inclusive.

"Covered Transaction" means either: (i) a transaction in Intellipharmaceutics common stock listed for trading on the NASDAQ Stock Market; or (ii) a transaction in Intellipharmaceutics common stock to which the United States securities laws apply, including as provided in *Morrison v. National Australia Bank*, 561 U.S. 247 (2010). For the avoidance of any doubt, "Covered Transaction" shall not include any transaction in Intellipharmaceutics common stock listed for trading on the Toronto Stock Exchange (TSX).

### INTELLIPHARMACEUTICS PLAN OF ALLOCATION

1. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws as opposed to losses caused by market or industry factors or company-specific factors unrelated to the alleged violations of law. The Plan of Allocation reflects Plaintiffs' damages expert's analysis undertaken to that end, including a review of publicly available information regarding Intellipharmaceutics and statistical analysis of the price movements of Intellipharmaceutics common stock and the price performance of relevant market and peer indices during the Class Period. The Plan of Allocation, however, is not a formal damages analysis.

2. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

3. The Plan of Allocation generally measures the amount of loss that a Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. In this case, Plaintiffs allege that Defendants made false statements and omitted material facts from May 21, 2015 through July 27, 2017 that inflated the price of Intellipharmaceutics Securities. It is alleged that an FDA disclosure denying Intellipharmaceutics' NDA for Rexista on July 27, 2017 impacted the market price of Intellipharmaceutics Securities and removed the alleged artificial inflation from the stock price.

4. In addition, the Plan of Allocation takes into account the fact that the Court's December 17, 2018 Order dismissed all claims related to allegedly false and misleading statements made between May 21, 2015 and November 24, 2016, inclusive. Because of the dismissal of these claims, it is far less likely that Plaintiffs could prevail on those claims. Accordingly, Recognized Losses resulting from purchases/acquisitions during this time period calculated pursuant to paragraph 6 below shall be discounted by fifty percent (50%) to reflect the increased litigation risk on the dismissed claims.

## CALCULATION OF RECOGNIZED LOSS

5. A Recognized Loss Amount will be calculated for each Intellipharmaceutics common stock purchased or acquired in a Covered Transaction during the Class Period from May 21, 2015 (inclusive) through July 27, 2017 (prior the opening of the market).[3] If the calculation of a Recognized Loss Amount for any particular share purchased or acquired during the Class Period results in a negative number, that number shall be set to zero.

6. For each Intellipharmaceutics common stock share purchased or acquired in a Covered Transaction during the Class Period, and

(i) Sold before the market opened on July 24, 2017, the Recognized Loss Amount for each share shall be zero;

(ii) sold after the market opened on July 24, 2017, and before July 27, 2017, the Recognized Loss Amount for each share is **the least of**; (i) the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 1 below minus the dollar artificial inflation applicable to each such share on the date of sale as set forth in Table 1 below; or (ii) the purchase/acquisition price minus the sale price.;

(iii) sold after the market opened for trading on July 27, 2017, through the close of market trading on October 24, 2017, the Recognized Loss Amount for each share is **the least of** (i) the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 1 below; (ii) the purchase/acquisition price minus the sale price; or (iii) the purchase/acquisition price **minus** the average closing price of Intellipharmaceutics common stock between July 27, 2017 and the date of sale, as shown in Column [3] of Table21 attached to this Notice;

(iv) held as of the close of market trading on October 24, 2017, the Recognized Loss Amount for each share is **the lesser of** (i) the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 1 below; or (ii) the purchase/acquisition price **minus** $1.03, the average closing price of Intellipharmaceutics between July 27, 2017, and October 24, 2017, as shown on the last line of Column [3] of Table 2 attached to this Notice.

## ADDITIONAL PROVISIONS

7. If a Class Member has more than one purchase/acquisition or sale of Intellipharmaceutics common stock in Covered Transactions during the Class Period, all purchases/acquisitions and sales of like securities shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

8. Purchases or acquisitions and sales of Intellipharmaceutics Securities in Covered Transactions shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Intellipharmaceutics Securities during the Class Period shall not be deemed a purchase, acquisition or sale of these shares of Intellipharmaceutics Securities for the calculation of an Authorized Claimant's Recognized Claim nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of Intellipharmaceutics Securities unless (i) the donor or decedent purchased or otherwise acquired such shares of Intellipharmaceutics Securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Intellipharmaceutics Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

9. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Intellipharmaceutics shares. The date of a "short sale" is deemed to be the date of sale of Intellipharmaceutics Securities. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Intellipharmaceutics Securities, the earliest Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

10. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

11. With respect to all shares of Intellipharmaceutics Securities purchased or acquired by a Claimant in Covered Transactions during the Class Period, the Claims Administrator will determine if the Claimant had a market gain or loss with respect to his, her or its overall transactions during the Class Period in those shares. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Sales

---

[3] The Recognized Loss Amount for each Intellipharmaceutics common stock share purchased on July 27, 2017 shall be zero.

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for Intellipharmaceutics Securities purchased or acquired in a Covered Transaction during the Class Period.

Proceeds[5]  and the Holding Value.[6] This difference will be deemed a Claimant's market gain or loss with respect to his, her or its overall transactions in Intellipharmaceutics Securities.  If a Claimant has a market gain, the value of that Claimant's Recognized Claim, and thus that Claimant's actual recovery, will be zero.  If the Claimant has a Recognized Claim **and** a market loss, the value of the Claimant's Recognized Claim will be the lesser of the two.

12. An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

13. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

14. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

### TABLE 1
#### Intellipharmaceutics Common Share Artificial Inflation

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| May 21, 2015 - July 23, 2017 | $1.38 |
| July 24, 2017 – July 26, 2017 | $1.11 |

### TABLE 2
#### Intellipharmaceutics Common Share Price and Average 90-Day Look-Back Price
#### July 27, 2017 – October 24, 2017

| Date | IPCI Common Stock Closing Price | IPCI Common Stock Average Closing Price Between July 27, 2017 and Date Shown Closing Price |
|---|---|---|
| July 27, 2017 | $1.36 | $1.36 |
| July 28, 2017 | $1.41 | $1.39 |
| July 31, 2017 | $1.27 | $1.35 |
| August 1, 2017 | $1.22 | $1.32 |
| August 2, 2017 | $1.25 | $1.30 |
| August 3, 2017 | $1.23 | $1.29 |
| August 4, 2017 | $1.17 | $1.27 |
| August 7, 2017 | $1.26 | $1.27 |
| August 8, 2017 | $1.14 | $1.26 |
| August 9, 2017 | $1.00 | $1.23 |
| August 10, 2017 | $0.92 | $1.20 |
| August 11, 2017 | $0.86 | $1.17 |
| August 14, 2017 | $0.85 | $1.15 |

[5] The Claims Administrator shall match any sales of Intellipharmaceutics Securities during the Class Period first against the Claimant's opening position in Intellipharmaceutics Securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received for sales of the remaining Intellipharmaceutics Securities sold during the Class Period is the "Sales Proceeds."

[6] For each common stock share purchased or acquired in a Covered Transaction during the Class Period that was still held as of the close of trading on October 24, 2017, the Claims Administrator shall ascribe a "Holding Value" of $1.03.

- 9 -

| Date | IPCI Common Stock Closing Price | IPCI Common Stock Average Closing Price Between July 27, 2017 and Date Shown Closing Price |
|---|---|---|
| August 15, 2017 | $1.09 | $1.15 |
| August 16, 2017 | $0.96 | $1.13 |
| August 17, 2017 | $0.97 | $1.12 |
| August 18, 2017 | $0.95 | $1.11 |
| August 21, 2017 | $0.93 | $1.10 |
| August 22, 2017 | $0.89 | $1.09 |
| August 23, 2017 | $0.94 | $1.08 |
| August 24, 2017 | $0.93 | $1.08 |
| August 25, 2017 | $1.00 | $1.07 |
| August 28, 2017 | $0.97 | $1.07 |
| August 29, 2017 | $0.95 | $1.06 |
| August 30, 2017 | $0.93 | $1.06 |
| August 31, 2017 | $0.95 | $1.05 |
| September 1, 2017 | $0.97 | $1.05 |
| September 5, 2017 | $0.97 | $1.05 |
| September 6, 2017 | $0.93 | $1.04 |
| September 7, 2017 | $0.99 | $1.04 |
| September 8, 2017 | $1.03 | $1.04 |
| September 11, 2017 | $1.03 | $1.04 |
| September 12, 2017 | $0.98 | $1.04 |
| September 13, 2017 | $0.98 | $1.04 |
| September 14, 2017 | $1.00 | $1.04 |
| September 15, 2017 | $0.98 | $1.04 |
| September 18, 2017 | $0.92 | $1.03 |
| September 19, 2017 | $0.92 | $1.03 |
| September 20, 2017 | $0.92 | $1.03 |
| September 21, 2017 | $0.90 | $1.02 |
| September 22, 2017 | $0.85 | $1.02 |
| September 25, 2017 | $1.01 | $1.02 |
| September 26, 2017 | $1.04 | $1.02 |
| September 27, 2017 | $1.11 | $1.02 |
| September 28, 2017 | $1.07 | $1.02 |
| September 29, 2017 | $0.99 | $1.02 |
| October 2, 2017 | $1.02 | $1.02 |
| October 3, 2017 | $1.03 | $1.02 |
| October 4, 2017 | $1.09 | $1.02 |
| October 5, 2017 | $1.11 | $1.02 |
| October 6, 2017 | $1.11 | $1.03 |
| October 9, 2017 | $1.13 | $1.03 |
| October 10, 2017 | $1.15 | $1.03 |
| October 11, 2017 | $1.08 | $1.03 |
| October 12, 2017 | $1.07 | $1.03 |

| Date | IPCI Common Stock Closing Price | IPCI Common Stock Average Closing Price Between July 27, 2017 and Date Shown Closing Price |
|---|---|---|
| October 13, 2017 | $1.06 | $1.03 |
| October 16, 2017 | $1.03 | $1.03 |
| October 17, 2017 | $0.99 | $1.03 |
| October 18, 2017 | $0.98 | $1.03 |
| October 19, 2017 | $1.00 | $1.03 |
| October 20, 2017 | $1.00 | $1.03 |
| October 23, 2017 | $0.98 | $1.03 |
| October 24, 2017 | $0.98 | $1.03 |

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If you purchased common stock of Intellipharmaceutics in a Covered Transaction from May 21, 2015 to July 27, 2017, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that WITHIN TEN DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased Intellipharmaceutics common stock during such time period or (b) request additional copies of this Notice and the Claim Form, which will be provided to you free of charge, and within ten days mail the Notice and Claim Form directly to the beneficial owners of that Intellipharmaceutics common stock.  If you choose to follow alternative procedure (b), the Court has directed that upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

Intellipharmaceutics Securities Litigation
c/o Rust Consulting, Inc. - 7053
P.O. Box 44
Minneapolis, MN 55440-0044
(by regular mail)

Intellipharmaceutics Securities Litigation
c/o Rust Consulting, Inc. - 7053
625 Marquette Ave., Suite 900
Minneapolis, MN 55402
(by express delivery service)

If you choose to mail the Notice and Claim Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Claim Form and which would not have been incurred but for the obligation to forward the Notice and Claim Form, upon submission of appropriate documentation to the Claims Administrator.


DATED: 08/13/2020

THE HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK