**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION | ) | No. 19-cv-347-jdp |
| | ) | |
| | ) | |

---

**PETITION TO INTERVENE**

---

NOW COME Intervenors Jet Capital Master Fund LP, Jet Capital SRM Master Fund LP, and Walleye Investments Fund (collectively, the "Jet Capital Funds," and hereinafter, "Jet") by and through their undersigned counsel and pursuant to Rule 24 (a) and (b) of the Federal Rules of Civil Procedure, hereby move this Court before the Honorable James D. Peterson, Courtroom 260, 120 North Henry Street, Madison, WI 53703 on January 29, 2021 at 3:00 p.m., or as soon as the matter may be heard, for the entry of an order granting their motion to intervene in this action for the limited purpose of objecting to the proposed Plan of Allocation and according the relief in the Proposed Order (the "Petition"). In support of this Petition, Intervenors state as follows:

1. This matter arises out of the proposed settlement of a putative class action against Spectrum Brands Holdings, Inc. ("Spectrum"), Spectrum Brands Legacy, Inc. ("Spectrum Legacy"), HRG Group, Inc. ("HRG"), Andreas R. Rouvé, David M. Maura, and Douglas L. Martin, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Class Action"). The Class Action is brought on behalf of all persons or entities who purchased either Spectrum or HRG securities during the period from January 26, 2017 to November 19, 2018, inclusive (the "Class Period").

2. The relevant facts are set forth in the Objection to Plan of Allocation submitted to this Court in connection with the Petition. Intervenors are class members by virtue of their purchase of pre-merger HRG shares during the Class Period that suffered damages. The

Intervenors are moving to intervene to object and protect the interests of HRG claimants such as themselves who are unfairly treated under the proposed Class Action settlement. The Intervenors have a right to intervene because the Lead Plaintiffs, who collectively purchased a significant number of Spectrum Legacy and Spectrum stock but a *de minimis* amount of HRG stock, seek to settle the action through a Plan of Allocation that applies an unjustified **75%** discount to HRG claims, which is procedurally unfair and unreasonably discriminates against class members who purchased pre-merger HRG stock. The settlement shifts value from HRG claimants to Lead Plaintiffs and others similarly situated.

3. Intervention is governed by Rule 24 of the Federal Rules of Civil Procedure. Rule 24 provides two possible paths for intervention:  intervention of right and permissive intervention.  "In the class action context, absent (or unnamed) class members generally can intervene if the class representatives are no longer adequately representing their interests[,] . . . [as] an absent class member would have little difficulty showing an interest in the action . . . ." *In re Discovery Zone Securities Litigation*, 181 F.R.D. 582, 589 (N.D. Il. 1998); *see also Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1405 n.1 (9th Cir. 1989) (class member who timely applies "should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court").[1]

4. Courts also regularly permit an absent class member to participate for the limited purpose of protecting his or her interest in a settlement. *See In re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2013 WL 6406084 at *4 (N.D. Ill. Dec. 6, 2013) (granting limited intervention with respect to objecting to the class settlement); *In re Discovery Zone*, 181 F.R.D. at 601 (granting intervenor's right to intervene as a matter of right with respect to

---

[1] The just determination of this action pursuant to Federal Rule of Civil Procedure 1 requires that the Court grant its petition to intervene.  As the Court "takes seriously its obligations under Federal Rule of Civil Procedure 1," (STANDARD ATTACHMENTS FOR CIVIL CASES ASSIGNED TO JUDGE PETERSON 42), Intervenors take seriously their obligations to their own investors to protect their interests, including as to the value of Intervenors' securities claims.

settlement negotiations, to appear at any fairness hearing on a proposed settlement, and to appeal any settlement order entered).

5. Under Rule 24(a)(2), a court must allow intervention of right to any movant who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." This rule has been restated as a four-factor test, pursuant to which an intervenor must: (1) make a timely application, (2) have an interest relating to the subject matter of the action, (3) be at risk that that interest will be impaired by the action's disposition, and (4) demonstrate a lack of adequate representation of the interest by the existing parties. *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 705 (7th Cir. 2001).

6. Intervenors satisfy each of these requirements. First, the Intervenors' petition to intervene for the limited purpose of objecting to the Plan of Allocation is timely – filed on the same day as Intervenors' objection, which is also timely.

7. Second, the Intervenors clearly have an interest to protect. Intervenors were purchasers of HRG stock who suffered significant damages. Intervenors have an interest in a fair, reasonable, and just settlement allocation that does not discriminate against HRG claimants, like Intervenors. "Interests in property are the most elementary type of right that Rule 24(a) is designed to protect," and many courts find this requirement met with "a readily identifiable interest" in "funds" – here, settlement funds. *In re Discovery Zone*, 181 F.R.D. at 593. "An interest in a specific settlement fund likewise satisfies Rule 24(a)'s interest prong." *Id.*; *see also Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir.1995).

8. Third, the proposed disposition of these proceedings through the approval of the class-wide settlement outlined in the Plan of Allocation would unquestionably impair and adversely affect the Intervenors' rights and interests. Despite the requirements of the Private Securities Litigation Reform Act (PSLRA), the Intervenors and other similarly situated

HRG claimants were not provided with a notice and opportunity to participate in the consolidation of the action and the appointment of lead counsel.  Lead Plaintiffs' failure to provide the adequate notice foreclosed the Court from appointing a lead plaintiff that would have been in a position to protect HRG shareholders.  The consequences of that are now clear, as HRG claimants face a 75% reduction in their claim pursuant to the proposed Plan of Allocation.  Instead, the settlement proceeds are unfairly shifted to Lead Plaintiffs, because they traded in Spectrum and Spectrum Legacy rather than HRG.  For these reasons, granting the Intervenors' the right to intervene is necessary to protect their interest in the settlement.  *See In re Discovery Zone*, 181 F.R.D. at 594.

9.  Lastly, no existing party adequately represents the Intervenors' interests.  "A party seeking intervention as of right must only make a showing that the representation 'may be' inadequate and 'the burden of making that showing should be treated as minimal.'"  *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 774 (7th Cir. 2007) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972)).  The Intervenors clearly meet this "minimal" burden here.  Because the vast preponderance of their shares are Spectrum Legacy and Spectrum, the Lead Plaintiffs have little economic incentive to obtain a maximum recovery for HRG shareholders.  As explained in the Intervenors' Objection to the Plan of Allocation, Lead Plaintiffs stand to benefit by reducing the share of the settlement fund available to HRG shareholders and have applied an unjustified discount to the HRG claims.

10. Intervention is also proper under Rule 24(b), in which a court may, in its discretion, allow a movant to intervene if it "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).  "This boils down to three requirements: (1) the applicant must share a common question of law or fact with a party, (2) its application must be timely, and (3) the court must have independent jurisdiction over [the Intervenors'] claims."  *In re Discovery Zone*, 181 F.R.D. at 598.

11. First, the Intervenors share common questions of law and fact with other class members. The Intervenors' claim is the same claim as every other class member who purchased HRG shares at prices inflated by the allegedly fraudulent statements at issue in the Class Action.

12. Second, the Intervenors' claim is timely under Rule 24(b). The timeliness analysis is substantively the same under both subsections of Rule 24. *See In re Discovery Zone*, 181 F.R.D. at 599; *compare Reich v. ABC York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995) (discussing timeliness standards for intervention as of right), *with Romasanta v. United Airlines, Inc.*, 537 F.2d 915 (7th Cir. 1976) (setting forth timeliness standards for permissive intervention). As explained above, the Intervenors' petition to intervene is timely for purposes of both intervention as of right and permissive intervention.

13. Third, the Court has jurisdiction over the class, which the Intervenors are members of by virtue of their purchase of pre-merger HRG shares during the Class Period.

WHEREFORE, Intervenors respectfully request that the Court grant their petition to intervene and enter an order permitting Intervenors to intervene as a matter of right under Rule 24(a) or, in the alternative, an order permitting Intervenors to intervene at the Court's discretion under Rule 24(b) for the limited purpose of objecting to the proposed Plan of Allocation and according the relief in the Proposed Order.

Dated: January 8, 2021                    Respectfully submitted,

**ROLNICK KRAMER SADIGHI LLP**
By: */s/ Richard A. Bodnar*
Richard A. Bodnar
Lawrence M. Rolnick *(pro hac vice forthcoming)*
Marc B. Kramer *(pro hac vice forthcoming)*
1251 Avenue of the Americas
New York, New York 10020
Tel. 212-597-2800

&

**BASSFORD REMELE**
David M. Dahlmeier

100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Tel. 612-333-3000

*Counsel for Proposed Intervenors, the Jet Capital Funds*