# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION | ) | No. 19-cv-347-jdp |
|  | ) |  |
|  | ) |  |

---

## LEAD PLAINTIFFS' BRIEF IN OPPOSITION TO PROPOSED INTERVENORS JET CAPITAL MASTER FUND LP, JET CAPITAL SRM MASTER FUND LP, AND WALLEYE INVESTMENTS FUND'S PETITION TO INTERVENE

---

**STAFFORD ROSENBAUM LLP**
Douglas M. Poland
State Bar No. 1055189
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
Telephone:  (608) 256-0226
Facsimile:  (608) 259-2600
dpoland@staffordlaw.com

*Liaison Counsel for Lead Plaintiffs the
Public School Teachers' Pension and
Retirement Fund of Chicago and the
Cambridge Retirement System
and the Settlement Class*

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
Katherine M. Sinderson
Jai Chandrasekhar
Matthew Traylor
1251 Avenue of Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
KatieM@blbglaw.com
Jai@blbglaw.com
Matthew.Traylor@blbglaw.com

-and-

Avi Josefson
875 North Michigan Avenue, Suite 3100
Chicago, Illinois 60611
Telephone: (312) 373-3880
Facsimile: (312) 794-7801
avi@blbglaw.com

*Lead Counsel for Lead Plaintiffs the Public
School Teachers' Pension and Retirement
Fund of Chicago and the Cambridge
Retirement System and the Settlement Class*

## TABLE OF CONTENTS

ARGUMENT ........................................................................................................................... 1

I.      Jet Capital Does Not Satisfy the Requirements for Intervention as of Right .................... 1

        A.      Denial of Intervention Will Not Impair or Impede Jet Capital's Interest in the
                Action ................................................................................................................... 2

        B.      Lead Plaintiffs Adequately Represent Jet Capital's Interests ............................... 3

II.     Granting Permissive Intervention Would Unduly Prejudice Lead Plaintiffs and the Rest
        of the Settlement Class ......................................................................................................... 6

# TABLE OF AUTHORITIES

**CASES**                                                                                                    **PAGE(S)**

*Am. Pipe & Constr. Co. v. Utah*,
   414 U.S. 538 (1974)...................................................................................................2

*Bailey v. AK Steel Corp.*,
   2008 WL 148941 (S.D. Ohio Jan. 14, 2008) ...........................................................3

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
   250 F.3d 171 (2d Cir. 2001)....................................................................................4

*In re Cmty. Bank of N. Va.*,
   418 F.3d 277 (3d Cir. 2005)................................................................................2, 4

*Davis v. J.P. Morgan Chase & Co.*,
   775 F. Supp. 2d 601 (W.D.N.Y. 2011) ...................................................................3

*Devlin v. Scardelletti*,
   536 U.S. 1 (2002).................................................................................................1, 2

*Diaz v Trust Territory of the Pacific Islands*,
   876 F.2d 1401 (9th Cir. 1989) ................................................................................5

*In re Discovery Zone Securities Litigation*,
   181 F.R.D. 582 (N.D. Ill. 1998)..............................................................................1

*Doe v. Cin-Lan, Inc.*,
   2011 WL 37970 (E.D. Mich. Jan. 5, 2011)............................................................3

*Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*,
   579 F.2d 964 (5th Cir. 1978) ..................................................................................4

*Ligas ex rel. Foster v. Maram*,
   478 F.3d 771 (7th Cir. 2007) ..................................................................................5

*One Wis. Inst., Inc. v. Nichol*,
   310 F.R.D. 394 (W.D. Wis. 2015)..........................................................................6

*Pearson v. NBTY, Inc.*,
   2015 WL 5781517 (N.D. Ill. Oct. 1, 2015).............................................................2

*Planned Parenthood of Wis., Inc. v. Kaul*,
   942 F.3d 793 (7th Cir. 2019) ..................................................................................4

*Ruggles v. Bulkmatic Transp. Co.*,
   2007 WL 496671 (S.D. Ohio Feb.7, 2007).............................................................3

*Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*,
    69 F.3d 1377 (7th Cir. 1995) ...................................................................1, 3, 6

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    550 B.R. 241 (Bankr. S.D.N.Y. 2016)................................................................4, 5

*In re Southwest Airlines Voucher Litigation*,
    2013 WL 6406084 (N.D. Ill, Dec. 6. 2013)...........................................................2

*Trbovich v. United Mine Workers of America*,
    404 U.S. 528 (1972)................................................................................5

*United States v. City of Chicago*,
    908 F.2d 197 (7th Cir. 1990) .......................................................................2

*Wisconsin Education Association Council v. Walker* (*WEAC*),
    705 F.3d 640 (7th Cir. 2013) .......................................................................4

**RULES**

Fed. R. Civ. P. 24(b)(1)(B) ...........................................................................6

Lead Plaintiffs respectfully submit this brief in opposition to the petition to intervene of Jet Capital Master Fund LP, Jet Capital SRM Master Fund LP, and Walleye Investments Fund (collectively, "Jet Capital"). Lead Plaintiffs address the substance of Jet Capital's separate objection to the Plan of Allocation in Lead Plaintiffs' Reply in Further Support of Final Approval of Settlement and Plan of Allocation (the "Reply"), filed concurrently with this brief. Jet Capital's interests in this securities class action are adequately protected by its rights to appear by counsel and to object to the Plan, as it has already done, and intervention is thus unnecessary. Moreover, Jet Capital does not meet the requirements of Fed. R. Civ. P. 24 for either intervention as of right or permissive intervention. Therefore, the Court should deny Jet Capital's petition.

## ARGUMENT

## I.    Jet Capital Does Not Satisfy the Requirements for Intervention as of Right

An applicant for intervention as of right under Rule 24(a)(2) must demonstrate that each of four requirements is met: (1) the application is timely; (2) the applicant has an "interest" in the property or transaction which is the subject of the action; (3) disposition of the action as a practical matter may impede or impair the applicant's ability to protect that interest; and (4) no existing party adequately represents the applicant's interest. *See Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995).[1] Failing any of these requirements is fatal to the

---

[1] *In re Discovery Zone Securities Litigation*, 181 F.R.D. 582 (N.D. Ill. 1998), on which Jet Capital relies heavily, is inapplicable to this case. The intervenor there was a member of the originally pleaded class but not of the settlement class, but its claim against the limited insurance funds available to resolve claims against the bankrupt Discovery Zone was larger than the available funds. Thus, its interests could be protected only by allowing it to intervene and object to the settlement. *See id.* at 593-94. Here, Jet Capital was free to opt out of the Settlement Class and pursue an individual action against Spectrum, which is not bankrupt and does not present a limited-fund problem. In addition, the *Discovery Zone* court relied significantly on the Seventh Circuit law at the time that intervention was required for an appeal of approval of a class-action settlement, but that law has since been overturned by *Devlin v. Scardelletti*, 536 U.S. 1 (2002). *See also Discovery Zone*, 181 F.R.D. at 589. Here, Jet Capital's interests are fully protected by its right to

application to intervene. *See United States v. City of Chicago*, 908 F.2d 197, 199 (7th Cir. 1990).

While Jet Capital has an interest in this Action, it fails the third and fourth requirements for

intervention as of right. Indeed, objectors do not have a right to intervene in a class action because

intervention as a matter of right is inconsistent with the goals of Rule 23. *See Am. Pipe & Constr.

Co. v. Utah*, 414 U.S. 538, 551 (1974) ("to file earlier individual motions to join or intervene as

parties [is] precisely the multiplicity of activity which Rule 23 was designed to avoid"); *In re Cmty.

Bank of N. Va.*, 418 F.3d 277, 315 (3d Cir. 2005).

A. **Denial of Intervention Will Not Impair or Impede Jet Capital's Interest in the
Action**

Jet Capital claims that the "approval of the class-wide settlement outlined in the Plan of

Allocation would unquestionably impair and adversely affect the Intervenor's rights and interest."

Dkt. 57 at 3. Not true. As noted above, Jet Capital has already exercised its rights to appear through

counsel and to object to the Plan. Thus, Jet Capital has already ensured that its objection will be

adjudicated by the Court, fully protecting Jet Capital's rights and interests without any need for

intervention. Further, as the Supreme Court held in *Devlin v. Scardelletti*, 536 U.S. 1 (2002),

nonnamed class members like Jet Capital who object to a settlement in a timely manner may appeal

approval of the settlement without intervening. *See* 536 U.S. at 14.

Consequently, Jet Capital will lose none of its rights should the Court rightfully reject its

petition to intervene in this Action, because by timely filing an objection, Jet Capital has already

preserved its right to challenge the Plan of Allocation. *See Pearson v. NBTY, Inc.*, 2015 WL

5781517, at *2 (N.D. Ill. Oct. 1, 2015) (denying motion to intervene where proposed intervenor

---

object to the Plan of Allocation, as it has done. Similarly, Jet Capital's reliance on *In re Southwest
Airlines Voucher Litigation*, 2013 WL 6406084 (N.D. Ill, Dec. 6. 2013), is misplaced, because the
court there also allowed intervention because of the pre-*Devlin* rule that intervention was required
to appeal approval of a settlement. *See id.* at *4.

"[could not] establish that he is entitled to intervention as a right because nothing in the settlement impair[ed] [his] individual claim . . . [i]f [proposed intervenor] decide[d] not to opt-out and want[ed] to object to the settlement, he [could] do so at the final approval hearing"; *Doe v. Cin-Lan, Inc.*, 2011 WL 37970, at \*3 (E.D. Mich. Jan. 5, 2011) ("even if Proposed Intervenors and the class members they represent wish to join the settlement, instead of opting out, their interests will not be impaired if they are not permitted to intervene"); *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 605 (W.D.N.Y. 2011) ("Intervention is not necessary here to protect the proposed intervenors' or other class members' interests, and there are alternatives open to them which would be less disruptive to these proceedings and the interests of the settling parties"; "proposed intervenors' interests in this action can be fully protected at the fairness hearing for final approval of the settlement."); *Bailey v. AK Steel Corp.*, 2008 WL 148941, \*7 (S.D. Ohio Jan. 14, 2008) (denying intervention for the "dispositive reason" that potential class members had opportunity to object at fairness hearing); *Ruggles v. Bulkmatic Transp. Co.*, 2007 WL 496671, \*3 (S.D. Ohio Feb.7, 2007) (denying intervention because class members could challenge settlement at fairness hearing).

For these reasons, the Court's ruling on the Plan of Allocation will resolve Jet Capital's objection and protect its interest in the Action, and thus, denial of intervention will not "impede or impair [Jet Capital's] ability to protect that interest." *Sec. Ins. Co. of Hartford*, 69 F.3d at 1380.

B.   **Lead Plaintiffs Adequately Represent Jet Capital's Interests**

Jet Capital argues that "no existing party adequately represents the Intervenors' interests" as "Lead Plaintiffs have little economic incentive to obtain a maximum recovery for HRG shareholders." Dkt. 57 at 4. However, the facts cut the other way. First, the Settlement Class's reaction says otherwise, as Jet Capital is the only Class Member to object to the Plan of Allocation.

3

Second, as discussed both here and in Lead Plaintiffs' Reply, Jet Capital's decision to opt out and then back into the Settlement Class demonstrates the fairness and adequacy of Lead Plaintiffs' and Lead Counsel's representation of HRG shareholders. Far from favoring Spectrum shareholders, Lead Plaintiffs vigorously prosecuted claims on behalf of HRG shareholders against Spectrum despite the vigorous standing challenge to those claims by Defendants. As the facts make plain, Lead Plaintiffs fought tenaciously for the very interests Jet Capital seeks to assert as intervenors: recovery for defrauded HRG shareholders. Accordingly, the Seventh Circuit has held that where the "prospective intervenor and the named party have 'the same goal,' . . . there is a rebuttable presumption of adequate representation that requires a showing of 'some conflict' to warrant intervention." *Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 799 (7th Cir. 2019) (citing *Wis. Educ. Ass'n Council v. Walker* (*WEAC*), 705 F.3d 640, 659 (7th Cir. 2013). Jet Capital's arguments do not overcome this presumption, for the reasons stated above and in further detail in Lead Plaintiffs' Reply.

Similarly, Lead Plaintiffs' conduct in this Action clearly passes the "adequate representation" standards in other jurisdictions as well. *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179-80 (2d Cir. 2001) (defining inadequate representation as "collusion, adversity of interests, nonfeasance, or incompetence"); *see also Cmty. Bank of N. Va.*, 418 F.3d at 315 ("To overcome the presumption of adequate representation, the proposed intervenor must ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the suit."); *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978) ("When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance."); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv.*

4

*Sec. LLC*, 550 B.R. 241, 254 (Bankr. S.D.N.Y. 2016) (denying motion to intervene where proposed intervenors argued that lead plaintiff and counsel were inadequate not for "collusion, adversity of interests, nonfeasance or incompetence" but because proposed intervenors "ha[d] a greater economic incentive and ability to continue the battle.").

Jet Capital does not assert that there is any conflict, collusion, nonfeasance, or incompetence here. To the contrary, Jet Capital's decision to participate in the Settlement Class and its explicit endorsement of the Settlement and of Lead Counsel's application for attorney's fees and expenses demonstrate that Jet Capital recognizes that Lead Plaintiffs and Lead Counsel have done an excellent job representing the Class. To the extent that Jet Capital challenges the Plan of Allocation based on its assertion that Lead Plaintiffs' interests are adverse to Class Members with claims based on purchases of HRG stock, it is wrong—as discussed in Lead Plaintiffs' Reply, Chicago Teachers has those claims, and Lead Plaintiffs fairly, reasonably, and adequately represented Class Members who have those claims. In any event, Jet Capital's Objection will be fully heard and decided by the Court during the Settlement Fairness Hearing. It does not warrant intervention in the Action.[2]

---

[2] Jet Capital cites *Diaz v Trust Territory of the Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989), as support for its assertion of inadequate representation, but intervention was permitted there because the named plaintiffs' "representation was obviously inadequate" where they dismissed claims of a large segment of the class for no compensation and without notice, which is utterly unlike the facts here. *See id.* at 1403, 1405 n.1. Similarly, Jet Capital's reliance on the statement in *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972), that the showing of inadequate representation under Rule 24 need only be minimal is misplaced because *Trbovich* was not a class action, and applying that language to class-action settlements would be contrary to the Supreme Court's subsequent decision in *American Pipe*. And Jet Capital's reliance on the citation of *Trbovich* in *Ligas ex rel. Foster v. Maram*, 478 F.3d 771 (7th Cir. 2007) is off point because *Foster* involved a request for intervention before settlement by putative class members who opposed injunctive relief sought by named plaintiffs; it did not involve a monetary settlement, where absent class members' right to object is fully protected without intervention. *See id.* at 773-74.

**II.    Granting Permissive Intervention Would Unduly Prejudice Lead Plaintiffs and the Rest of the Settlement Class**

Finally, Jet Capital argues that, at minimum, it should be allowed to permissively intervene. Rule 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact" Fed. R. Civ. P. 24(b)(1)(B). "[I]ntervention under 24(b)(2) [now renumbered as 24(b)(1)(B)] is entirely discretionary. . . . In exercising that discretion, the court must give some weight to the impact of the intervention on the rights of the original parties." *Sec. Ins. Co. of Hartford*, 69 F.3d at 1381. For example, a court may deny permissive intervention where "adding the proposed intervenors could unnecessarily complicate and delay all stages of this case." *One Wis. Inst., Inc. v. Nichol*, 310 F.R.D. 394, 399 (W.D. Wis. 2015).

Jet Capital summarily concludes that it satisfies Rule 24(b)(1)(B) (Dkt. 57 at 5), but as discussed above and in Lead Plaintiffs' Reply, Jet Capital's intervention would prejudice Lead Plaintiffs and the rest of the Settlement Class by causing unnecessary delay and expense. For these reasons, the Court should deny Jet Capital's petition to intervene under Rule 24(b)(1)(B). *See Sec. Ins. Co. of Hartford*, 69 F.3d at 1381.

Dated: January 15, 2021                    Respectfully submitted,

                              */s/ Katherine M. Sinderson*
                              **BERNSTEIN LITOWITZ BERGER**
                              **  & GROSSMANN LLP**
                              Katherine M. Sinderson, admitted *pro hac vice*
                              Jai Chandrasekhar, admitted *pro hac vice*
                              Matthew Traylor, admitted *pro hac vice*
                              1251 Avenue of the Americas
                              New York, NY 10020
                              Telephone:  (212) 554-1400
                              Facsimile:  (212) 554-1444
                              KatieM@blbglaw.com
                              Jai@blbglaw.com

6

Matthew.Traylor@blbglaw.com

-and-

Avi Josefson
875 North Michigan Avenue, Suite 3100
Chicago, Illinois 60611
Telephone: (312) 373-3880
Facsimile: (312) 794-7801
avi@blbglaw.com

*Lead Counsel for Lead Plaintiffs the Public School Teachers' Pension & Retirement Fund of Chicago and the Cambridge Retirement System and the Settlement Class*

**STAFFORD ROSENBAUM LLP**
Douglas M. Poland
State Bar No. 1055189
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
Telephone:  (608) 256-0226
Facsimile:  (608) 259-2600
dpoland@staffordlaw.com

*Liaison Counsel for Lead Plaintiffs the Public School Teachers' Pension & Retirement Fund of Chicago and the Cambridge Retirement System and the Settlement Class*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **Lead Plaintiffs' Brief in Opposition to Proposed Intervenors Jet Capital Master Fund LP, Jet Capital SRM Master Fund LP, and Walleye Investment Fund's Petition to Intervene** was served on counsel for all parties electronically via the CM/ECF system on January 15, 2021.

Dated: January 15, 2021                    By: */s/ Katherine M. Sinderson*
                                                        Katherine M. Sinderson