# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION | ) | No. 19-cv-347-jdp |
| | ) | |
| | ) | |

## JET'S OPPOSITION TO LEAD PLAINTIFFS' MOTION TO STRIKE PORTIONS OF ITS REPLY MEMORANDUM OR FOR LEAVE TO FILE A SUR-REPLY

**ROLNICK KRAMER SADIGHI LLP**
Lawrence M. Rolnick (*admitted pro hac vice*)
Marc B. Kramer (*admitted pro hac vice*)
Richard A. Bodnar
Jarett Sena
1251 Avenue of the Americas
New York, New York 10020
Tel. 212-597-2800

*-and-*

Sheila A. Sadighi
300 Executive Drive, Suite 275
West Orange, New Jersey 07052
Tel. 212-597-2800

**BASSFORD REMELE**
David M. Dahlmeier
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Tel. 612-333-3000

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………………1

ARGUMENT………………………………………………………………………...2

      A.  Lead Plaintiffs' "Motion to Strike" Has No Basis in Law………………………..2

      B.  Leave to File a Sur-Reply is Likewise Meritless…………………………………2

CONCLUSION…………………………………………………………………………5

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Alswager v. Rocky Mountain Instrumental Labs. Inc.*,
No. 09-CV-52, 2010 WL 1180620 (E.D. Wis. Mar. 19, 2010) .................................................. 2

*Cose v. Gorske*,
No. 14-CV-540-JDP, 2016 WL 5719818 (W.D. Wis. Oct. 3, 2016).......................................... 2

*Cross v. Karlen*,
No. 03-C-142-C, 2003 WL 23120026 (W.D. Wis. July 14, 2003)............................................ 3

*Custom Vehicles, Inc. v. Forest River, Inc.*,
464 F.3d 725 (7th Cir. 2006) ................................................................................................... 2

*Ennin v. CNH Indus. Am.*, LLC,
878 F.3d 590 (7th Cir. 2017) ................................................................................................... 2

*Jackson v. Runaas*,
No. 07-cv-733-bbc, 2008 WL 5115906 (W.D. Wis. Dec. 4, 2008)........................................... 2

*Love v. Hoffman*,
No. 18-CV-386-JDP, 2019 WL 529935 (W.D. Wis. Feb. 11, 2019) ........................................ 2

*Pope v. Espeseth, Inc.*,
228 F. Supp. 3d 884 (W.D. Wis. 2017) ................................................................................... 2

*Redwood v. Dobson*,
476 F.3d 462 (7th Cir. 2007) ................................................................................................... 2

Jet Capital Master Fund LP, Jet Capital SRM Master Fund LP, and Walleye Investments Fund (collectively, the "Jet Capital Funds," and hereinafter, "Jet") respectfully submit this opposition to Lead Plaintiffs' motion to strike or for leave to file a sur-reply. Lead Plaintiffs' motion must be denied as simply a transparent attempt to submit an unauthorized and procedurally improper sur-reply.[1]

## PRELIMINARY STATEMENT

Lead Plaintiffs seek to submit an unauthorized "sur-reply" brief on the ground that they have just realized that settling claims on behalf of a class they were never authorized to represent raises "due process" concerns. They further assert "surprise" that "due process" might be implicated by their attempt to discount such claims by 75% on the ground that such claims were not typical of those they were authorized to represent. Obviously, "due process" is at the very heart of class action representation and is the very reason that close judicial scrutiny is required at both ends of a class action proceeding. At the beginning—where a proposed class representative must satisfy the court that it can adequately represent absent class members because its claims are "typical" of theirs—and at the end—where the court scrutinizes the fairness of any settlement proposing to release those claims. Here, Lead Plaintiffs utterly failed to adhere to both due process safeguards by first failing to inform the court or HRG shareholders that they proposed to represent them in a class, and then settling their claims at a substantial discount on the ground that the claims were not typical and were subject to unique legal and factual defenses. These are the very pitfalls of class representation that judicial review is meant to prevent.

Lead Plaintiffs now seek to "strike" portions of Jet's reply memorandum – relief that the Seventh Circuit has referred to as "absurd" – or to file a "sur-reply," a copy of which is attached as an addendum to their motion. Jet made no new arguments in its reply papers that would justify either form of relief. The "sur-reply" is simply a further response to Jet's objection – a second bite

---

[1] Undefined capitalized references and citations herein refer to Jet's Objection to the Plan of Allocation, filed January 8, 2021 (the "Objection") and Reply Memorandum of Law in Support of Petition to Intervene and Associated Objection, filed January 19, 2021 (the "Reply").

1

of the apple and stubborn attempt by Lead Plaintiffs to have the "last word" on Jet's motion.  Lead Plaintiffs' notice failures, and the implications of them, were laid out extensively in Jet's objection and petition to intervene.   There is nothing "new" here necessitating or allowing for a sur-reply.

## ARGUMENT

### A.    Lead Plaintiffs' "Motion to Strike" Has No Basis in Law

There is no legal basis under the Federal Rules of Civil Procedure to strike any portion of Jet's reply in support of its petition to intervene and associated objection.  Rule 12(f) allows parties to strike only *pleadings*, and is "not appropriate for briefs and affidavits."  *Alswager v. Rocky Mountain Instrumental Labs. Inc.*, No. 09-CV-52, 2010 WL 1180620, at *2 (E.D. Wis. Mar. 19, 2010).  The Seventh Circuit has described motions to strike portions of briefs as "absurd," *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 726 (7th Cir. 2006), "aggravat[ing]," *Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007), and a "waste [of] everyone's time" that undermines judicial economy.  *id.  Accord Cose v. Gorske*, No. 14-CV-540-JDP, 2016 WL 5719818, at *1 (W.D. Wis. Oct. 3, 2016) (Peterson, J.) (holding motions to strike even *pleadings* are disfavored).  Accordingly, Lead Plaintiffs motion to strike should be denied.

### B.    Leave to File a Sur-Reply is Likewise Meritless

Lead Plaintiffs' request to file a sur-reply is equally without merit.  This Court permits surreplies "only in rare, unusual situations." *Pope v. Espeseth, Inc.*, 228 F. Supp. 3d 884, 887 (W.D. Wis. 2017) (Peterson, J.); *accord Ennin v. CNH Indus. Am.*, LLC, 878 F.3d 590, 595 (7th Cir. 2017).  Absent such a showing, a proposed sur-reply is to be disregarded. *See Love v. Hoffman*, No. 18-CV-386-JDP, 2019 WL 529935, at *2, n.2 (W.D. Wis. Feb. 11, 2019) (Peterson, J.) (disregarding surreply because surreplies "are disfavored in this court" and the court to did "not grant[] him permission to file one."); *see also Jackson v. Runaas*, No. 07-cv-733-bbc, 2008 WL 5115906, at *1 (W.D. Wis. Dec. 4, 2008) ("A party may not file a surreply without permission from the court."); *Cross v. Karlen*, No. 03-C-142-C, 2003 WL 23120026, at *2 (W.D. Wis. July

2

14, 2003) ("plaintiff filed a surreply brief that was not docketed because plaintiff is not entitled to an extra kick at the cat").[2]

Lead Plaintiffs' argument that a "new" "due process argument" appears in Jet's reply papers is simply false. There is nothing new about the "due-process argument" – it is the very basis for the objection and petition to intervene that Jet extensively briefed.  It is the root deficiency in Lead Plaintiffs' notice failures and their attempt in the proposed settlement to discount the claims of class members it was never authorized to represent.  One need not look further than the preliminary statement of the initial objection to realize that this procedural deficiency is not "new."  (Objection at 5-7.).[3]

Lead Plaintiffs' failure to comply with the notice procedures meant to protect HRG shareholders was a central point of Jet's initial briefing and was raised repeatedly throughout its petition for intervention and associated objection:

- "No notice was ever given that HRG investors would be represented in a class action. Had such a notice been given, large investors like the Jet Capital Funds (which purchased over 4,200,000 shares of HRG prior to the merger), or others, could have applied to the Court to be appointed lead plaintiff and would have been in a position to protect HRG shareholders." (Objection at 6.)

- "On September 29, 2020, the Court granted preliminary approval and approved a notice regime. (Dkt. No. 74.) That notice was the first time HRG shareholders were notified that their claims against Spectrum were part of an existing class action, and that those claims were being compromised." (Objection at 11.)

---

[2] A sur-reply is further inappropriate, as this Court will hold a fairness hearing in this matter, effectively guaranteeing a further forum for Lead Plaintiffs' arguments.

[3] Much of Lead Plaintiffs' sur-reply argues that the class *settlement* notice comports with due process, including referring to the "Notice plan submitted to and approved by this Court." (Lead Plaintiffs Motion at 6.)  But this Court had no role whatsoever in the initial notice in this action, sent out almost two years ago, nor any role in Lead Plaintiffs' decision not to provide notice either at the time of their seeking lead, or when they filed a complaint including HRG shareholders – none of that was "submitted to and approved" by this Court.  Jet's objection and reply discusses due process  nearly exclusively within the context of the notice at the start of this action, not the settlement notice.  Therefore, Lead Plaintiffs' sur-reply is of no value to this Court.

3

- "That Lead Plaintiffs in this litigation lacked a meaningful amount of HRG shares sufficient to induce them to fairly protect HRG claimants would have been remedied if the issue had been raised with this Court and an adequate notice had been sent to putative HRG class members." (Objection at 17.)

- "Had a properly noticed and appointed lead plaintiff represented HRG, it would never have imposed a 75% discount on the claims of HRG class members or argued that such a discount would be reasonable and fair." (Objection at 24.)

- "Lead Plaintiffs' failure to provide the adequate notice foreclosed the Court from appointing a lead plaintiff that would have been in a position to protect HRG shareholders. The consequences of that are now clear, as HRG claimants face a 75% reduction in their claim pursuant to the proposed Plan of Allocation." (Petition to Intervene at 4.)

Lead Plaintiffs seek to respond (re-asserting arguments made in their reply[4] as well as new arguments that are equally without merit[5]) only to have the last word, and this should be rejected. That Lead Plaintiffs failed to raise or rectify the fundamental deficiencies at any point during the lead plaintiff approval process, does not now entitle Lead Plaintiffs another opportunity to explain them away through an improper sur-reply.

---

[4] One such re-asserted argument is that Jet did not come forward to represent HRG shareholders earlier. Jet and HRG shareholders were not informed that an HRG class was being prosecuted until the *settlement notice*. And in that same notice, after some digging, Jet and HRG shareholders learned that their claims were suffering a 75% discount. This is the kind of *fait accompli* that the PSLRA process, which was not followed here, is designed to avoid.

Lead Plaintiffs also take the tactic, as they did in opposition to intervention and reply in support of the settlement, of saying there *was no notice failure*. This is simply false. As Jet argued in its briefing, (1) the notice never uses the word "HRG", (2) Lead Plaintiffs did not submit HRG trading data in seeking lead, and (3) their submissions to the Court for lead did not even include HRG's unique CUSIP. Lead Plaintiffs themselves appear not to have believed they were bringing an HRG class. (Reply Mem. at 12-13.)

[5] For example, Lead Plaintiffs now argue that the 'remedy' for their notice failures at the very start of the case would be cured by re-noticing. This makes little sense. The point of the early case PSLRA notice is about finding a proper representative who then guides the litigation. Re-noticing now would accomplish nothing unless it was accompanied by an entirely new lead plaintiff process, creating delay and expense that is far more easily avoided by the relief Jet has requested: that this Court either strike the discount entirely or appoint Jet and its counsel to act for HRG claimants interests in negotiating a proper discount, if any, with Lead Plaintiffs who effectively only have Spectrum claims.

**CONCLUSION**

For the reasons stated above, Lead Plaintiffs' motion to strike, or in the alternative, for leave to file a sur-reply should be denied. If Lead Plaintiffs are permitted to file their sur-reply, Jet respectfully requests that it be permitted to address the arguments in the sur-reply.


Dated: January 25, 2021                    Respectfully submitted,

                                           **ROLNICK KRAMER SADIGHI LLP**

                                           */s/ Richard A. Bodnar*
                                           Richard A. Bodnar
                                           Lawrence M. Rolnick *(admitted pro hac vice)*
                                           Marc B. Kramer *(admitted pro hac vice)*
                                           Jarett Sena
                                           1251 Avenue of the Americas
                                           New York, New York 10020
                                           Tel. 212-597-2800

                                           *-and-*

                                           Sheila A. Sadighi
                                           300 Executive Drive, Suite 275
                                           West Orange, New Jersey 07052
                                           Tel. 212-597-2800

                                           **BASSFORD REMELE**
                                           David M. Dahlmeier
                                           100 South 5th Street, Suite 1500
                                           Minneapolis, MN 55402-1254
                                           Tel. 612-333-3000

5