# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| IN RE SPECTRUM BRANDS LITIGATION | No. 19-cv-347-jdp |

## JET CAPITAL MASTER FUND LP'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF OF THE HRG SUBCLASS AND APPROVAL OF SELECTION OF LEAD COUNSEL

**ROLNICK KRAMER SADIGHI LLP**
Lawrence M. Rolnick (*admitted pro hac vice*)
Marc B. Kramer (*admitted pro hac vice*)
Richard A. Bodnar
Jarett Sena
Anna Menkova (*pro hac vice application forthcoming*)
1251 Avenue of the Americas
New York, New York 10020
Tel. 212-597-2800

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

BACKGROUND AND SUMMARY OF PENDING ACTION .....................................................3

ARGUMENT ............................................................................................................................7

    I.    The Jet Capital Fund Should be Appointed Lead Plaintiff of the HRG Subclass ................7

        A.  The Fund Has the Largest Financial Interest in the Relief Sought by the HRG Subclass 8

        B.  The Jet Capital Fund Satisfies the Relevant Rule 23 Requirements .................................8

    II.  The Court Should Approve the Fund's Selection of Lead Counsel ....................................11

CONCLUSION ........................................................................................................................13

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Cohen v. U.S. Dist. Ct. for the N. Dist. of California*,
586 F.3d 703 (9th Cir. 2009) ..................................................................................11

*Craig v. Sears Roebuck & Co.*,
253 F. Supp. 2d 1046 (N.D. Ill. 2003)......................................................................7

*Glauser v. EVCI Career Colls. Holding Corp.*,
236 F.R.D. 184 (S.D.N.Y. 2006)............................................................................10

*In re Motorola Sec. Litig.*,
2003 WL 21673928 (N.D. Ill. July 16, 2003) .........................................................11

*Johnson v. Tellabs*, Inc.,
214 F.R.D. 225 (N.D. Ill. 2002) ...........................................................................8, 9

*Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*,
357 F. Supp. 2d 1027 (S.D. Ohio 2005)..................................................................10

*Steiner v. Frankino*,
No. 1:98-cv-264, 1998 WL 34309018 (N.D. Ohio July 16, 1998) ..........................10

*Takara Trust v. Molex Inc.*,
229 F.R.D. 577 (N.D. Ill. 2005) ...............................................................................8

**Statutes**

15 U.S.C. § 78u-(a)(3)(B).........................................................................................1

**Other Authorities**

H.R. Conf. Rep. No. 104-369  (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995) ...................10

**Rules**

Fed. R. Civ. P. 23 ...............................................................................................2, 8, 9

Jet Capital Master Fund LP (the "Jet Capital Fund," or the "Fund"), through its undersigned counsel, respectfully submits this memorandum of law in support of its motion for: (1) appointment as Lead Plaintiff of the HRG Subclass in this securities action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), against Spectrum Brands Legacy, Inc. ("Spectrum Legacy"), HRG Group, Inc. ("HRG"), and Spectrum Brands Holdings, Inc. ("Spectrum"), and certain Company officers; and (2) approval of the Fund's selection of Rolnick Kramer Sadighi LLP ("RKS") as Lead Counsel for the HRG Subclass.

## INTRODUCTION

The Jet Capital Fund, which has lost more than $27.4 million on its investments in HRG stock, now moves to represent a subclass of investors in this federal securities class action (the "Class Action") consisting of all persons who purchased or otherwise acquired HRG securities on the open market between January 26, 2017 and November 19, 2018, inclusive (the "Class Period") (the "HRG Subclass"). By virtue of its massive losses and standing to assert claims on behalf of the HRG Subclass, the Jet Capital Fund should be appointed as Lead Plaintiff of the HRG Subclass, and the Fund's selection of the law firm Rolnick Kramer Sadighi LLP as Lead Counsel for the HRG Subclass should be approved.

The Class Action asserts that during the Class Period, Spectrum Legacy and then Spectrum, along with certain of their directors and officers, made material misrepresentations about a transformational consolidation plan that was underway at the Company. Prior to that merger, these misrepresentations inflated the price of Spectrum Legacy and HRG shares. HRG shares were inflated because HRG was a holding company for Spectrum Legacy shares. Partial

1

disclosures of the truth began to drive down the price of both Spectrum Legacy and HRG stock as the merger loomed. After the merger, these partial curative disclosures continued, further driving down the price of Spectrum stock. Spectrum stock, of course, was previously HRG stock that was simply renamed following the merger. The Jet Capital Fund suffered substantial investment losses as a result of these disclosures of the truth.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff for the HRG Subclass. 15 U.S.C. § 78u-4(a)(3)(B)(i). In selecting the "most adequate plaintiff," the Court is required to determine which movant has the "largest financial interest in the relief sought by the class" in this litigation, and whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, the Jet Capital Fund is the "most adequate plaintiff" to represent the HRG Subclass by virtue of the more than $27.4 million the Jet Capital Fund lost on investments in over 5.4 million shares of HRG common stock during the Class Period.[1] The Fund, a private investment fund that manages hundreds of millions of dollars for investors, also satisfies the relevant requirements of

---

[1] The Jet Capital Fund's PSLRA-required Certification is provided as Exhibit A to the Declaration of Jarett Sena ("Sena Decl.") filed herewith. In addition, a chart setting forth calculations of the Jet Capital Fund's losses is provided as Exhibit B to the Sena Declaration. The Jet Capital Fund's total loss, taking the total value of each trade (positive for purchases and negative for sales), and totaling it across all trades in HRG stock during the Class Period is $27,445,143.59. Alternatively, applying a 'loss' of $5.60 (representing the difference in closing price from April 25, 2018 to the low on April 26, 2018) for every share purchased before April 26, 2018 and not sold before that date, and limiting shares sold on April 26, 2018 to their selling price instead of the daily low, results in a loss directly attributable to the April 26, 2018 disclosure of $22,553,528.79. Further, applying an even more conservative 'loss' of $3.32 (representing the change in closing price from April 25, 2018 to April 26, 2018), the Fund's loss directly attributable to the April 26, 2018 disclosure is $13,456,866.36. Jet also held a short position in Spectrum stock during the Class Period.

Rule 23 because its claims are typical of all members of the HRG Subclass and because it will fairly and adequately represent the Subclass.

The Jet Capital Fund is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor that has experience in complex securities actions and supervising the work of outside counsel along with a tangible financial interest in the litigation. Indeed, it is because of the Jet Capital Funds' meritorious objection to a proposed settlement of the Spectrum class action – which did not separately recognize the claims of HRG shareholders – that the HRG Subclass was even created. Further, the Jet Capital Fund fully understands the Lead Plaintiff's obligations to the HRG Subclass under the PSLRA, and is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action. Moreover, the Jet Capital Fund has selected seasoned securities litigators at RKS, who have substantial experience in successfully prosecuting class and direct securities actions, to serve as Lead Counsel for the HRG Subclass.

Accordingly, the Jet Capital Fund respectfully requests that the Court appoint it Lead Plaintiff of the HRG Subclass and approve the Fund's selection of Rolnick Kramer Sadighi LLP as lead counsel for the HRG Subclass.

**BACKGROUND AND SUMMARY OF PENDING ACTION**

The facts relevant to this motion are straightforward. Spectrum and HRG merged on July 13, 2018 (the "Merger"). (Dkt. No. 14, ¶23.) Prior to the Merger, HRG was a holding company whose principal asset was a majority stake in Spectrum, which in turn is a consumer-brands company that provides a wide variety of consumer products through its retail partners. (*Id.* ¶¶ 23, 31.) Defendants are alleged to have falsely stated that Spectrum was successfully consolidating the operations of its critical Global Auto Care ("GAC") and Home & Hardware Improvement

3

("HHI") divisions.  (*See, e.g.*, *id.* ¶¶3-4.)  Defendants repeatedly told the market that the GAC and HHI consolidations were progressing effectively and on schedule, and any issues were merely temporary and transitory and were being quickly corrected.  (*Id.* ¶10.)  In truth, Defendants allegedly knew that the GAC and HHI consolidations were suffering from fundamental execution problems that were far more serious than disclosed to investors.  (*Id.* ¶¶11.)

On April 26, 2018, Spectrum disclosed disappointing financial results for the second quarter of 2018 based on the poorly executed consolidation projects and the resignation of Spectrum's CEO.  (*Id.* ¶12.)  HRG's stock price fell 22%, from $93.15 to $72.56 in one day (adjusted for the subsequent merger).  (*Id.*)  Defendants immediately represented that the problems at the GAC and HHI facilities were being swiftly corrected.  (*Id.* ¶13.)  In July 2018, HRG and Spectrum merged, and the resulting company assumed the Spectrum name.  (*Id.* ¶23.)  Then, on November 19, 2018, Spectrum disclosed another disastrous quarter driven by a $92.5 million goodwill write down for GAC, again because of the poorly executed consolidations.  Spectrum's stock price declined 19%, from $59.35 to $48.05 per share.  (*Id.* ¶183.)  These disclosures caused Spectrum's and HRG's shareholders to suffer massive losses.  (*Id.* ¶18.)

The procedural backdrop is somewhat more convoluted.  In response to these disclosures, Earl Wagner filed a putative class action (the "*Wagner* Action") on March 7, 2019, against Spectrum Legacy, Inc., and two officers of Spectrum alleging violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").  The *Wagner* Action was Case No. 19-cv-00178.  The Complaint in the *Wagner* Action did not mention HRG shareholders.  (Case No. 19-cv-00178, Dkt. No. 1.)  That same day, Levi & Korsinsky, LLP, which filed the *Wagner* Action, issued a notice via Global Newswire (the "March 2019 Notice") directed to "[a]ll persons or entities who purchased or otherwise acquired securities of Spectrum Brands Legacy, Inc. (f/k/a

Spectrum Brands Holdings, Inc.) (NYSE:SPB) between June 14, 2016 and April 25, 2018, inclusive (the "Class Period")." This notice did not mention HRG or shareholders of HRG. (Sena Decl. Ex. D.)

On April 30, 2019, the West Palm Beach Firefighters' Pension Fund filed a putative class action against Spectrum Legacy and three officers or directors of Spectrum alleging violations of Section 10(b) and 20(a) of the Exchange Act. That action was Civil Case No. 19-cv-00347 and was later assigned the caption "*In re Spectrum Brands Securities Litigation.*" The complaint did not mention HRG shareholders (Dkt. No. 1).[2] Lead Counsel, who then represented West Palm Beach Firefighters' Pension Fund, did not issue a further notice advising that a securities class action would be brought on behalf of HRG investors. From May 6, 2019, to May 13, 2019, certain investors filed motions to be appointed lead plaintiff for the class and the Class Action. Neither of the two investors who were eventually appointed lead plaintiff (Dkt No. 8) purported to represent HRG shareholders, and neither filed any information in connection with their application for lead plaintiff disclosing their purchases of HRG stock. (*Id.* at 3-7.)

On June 12, 2019, this Court issued an Order appointing the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System as lead plaintiffs ("Lead Plaintiffs"), and Bernstein Litowitz Berger & Grossman LLP as lead counsel ("Lead Counsel") for the Class. The appointment order did not mention HRG. (Dkt. No. 8.) On July 12, 2019, lead plaintiffs for the Class filed an Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint"). (Dkt. No. 14.) The Amended Complaint, for the very first time and without any notice to HRG shareholders, asserted class action claims on

---

[2] Unless expressly otherwise qualified with a different case number, citations to "Dkt. No." in this brief refer to the docket of Case No. 19-cv-00347.

behalf of pre-merger HRG shareholders. Specifically, the Amended Complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, on behalf of investors – like the Jet Capital Fund – who purchased HRG's publicly traded common stock during the Class Period.

After fully briefing a motion to dismiss, Lead Plaintiffs and Defendants entered into a Stipulation and Agreement of Settlement providing for a proposed settlement of the action for $39 million in cash (the "Settlement"). Lead Plaintiffs moved on August 10, 2020 for preliminary approval of the Settlement, settling and releasing all HRG shareholder claims covered by the class. (Dkt. Nos. 44-45.) On September 29, 2020, the Court granted preliminary approval of the Settlement and approved a notice regime, which notified HRG shareholders for the first time that their claims against Spectrum were part of an existing class action, and that those claims were being compromised. (Dkt. No. 48.) On January 8, 2021, the Fund filed an Objection to the Plan of Allocation contemplated by the settlement. (Dkt. No. 54.) On February 6, 2021, the Court entered an Order (the "Order Denying Approval") denying without prejudice Lead Plaintiffs' motion for final approval of the proposed Settlement and Lead Counsel's motion for an award of attorney's fees and expenses. (Dkt. No. 74.) The Court agreed that Lead Plaintiffs had not provided adequate notice to HRG shareholders, depriving them of the opportunity to serve as a lead plaintiff, and that the current Lead Plaintiffs were inadequate representatives of HRG purchasers. (*Id.*)

The Court gave Lead Plaintiffs two options to cure the deficiencies identified in the Order Denying Approval. First, Lead Plaintiffs could publish a new notice that would include the claims of the HRG Subclass members, in accordance with 15 U.S.C. § 78u-4(a)(3), so that the Court could

6

appoint a lead plaintiff to represent the interests of those class members. Alternatively, Lead Plaintiffs could redefine the Class to exclude the claims of HRG stock purchasers from it. (*Id.*)

Lead Plaintiffs chose to file a new proposed notice, which was approved by the Court and published via PRNewswire on April 2, 2021. (Sena Decl. Ex. E.) This timely motion for appointment as lead plaintiff for the HRG Subclass followed.

## ARGUMENT

The PSLRA governs the selection of Lead Plaintiff in class actions brought under the Exchange Act. *See* 15 U.S.C. § 78u-4; *Craig v. Sears Roebuck & Co.*, 253 F. Supp. 2d 1046, 1048 (N.D. Ill. 2003). Under the PSLRA, any Class member may move for appointment as lead plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A).

Lead Plaintiffs were directed to publish the proposed notice (Dkt 75-3) no later than April 14, 2021. On April 2, 2021, Lead Counsel published notice in PRNewswire apprising investors of the pendency of the Spectrum action and of their right to seek lead plaintiff status within 60 days, *i.e.*, no later than June 1, 2021. (Sena Decl. Ex. E.) The Fund satisfied the statutory deadline by filing this Motion on May 26, 2021.

I. **The Jet Capital Fund Should be Appointed Lead Plaintiff of the HRG Subclass**

The Fund respectfully submits that the Court should appoint the Jet Capital Fund as Lead Plaintiff of the HRG Subclass because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The Jet Capital Fund has the largest financial interest in the relief sought by the Class and satisfies Rule 23.

### A. The Fund Has the Largest Financial Interest in the Relief Sought by the HRG Subclass

The Fund should be appointed Lead Plaintiff of the HRG Subclass because it has the "largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).

The Jet Capital Fund should be the presumptive lead plaintiff under any measure.  As demonstrated herein, the Fund purchased 5.4 million class period shares of HRG and sustained total losses of $27.4 million from its transactions in HRG stock within the HRG Subclass definition.  (See Sena Decl. Ex. B.)  None of the plaintiffs who filed the Spectrum-related class actions in this District suffered anywhere near this amount of economic loss *in HRG stock*, and to the best of the Fund's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation (or one that is even close).

Accordingly, the Fund has the largest financial interest in the HRG Subclass of any qualified movant seeking Lead Plaintiff status, and is presumptively the most adequate plaintiff for the HRG Subclass.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### B. The Jet Capital Fund Satisfies the Relevant Rule 23 Requirements

In addition to possessing the largest known financial interest in the outcome of this litigation, the Jet Capital Fund also satisfies the typicality and adequacy requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as lead plaintiff, the movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements.  *See Johnson v. Tellabs*, Inc., 214 F.R.D. 225, 228 (N.D. Ill. 2002) (citation omitted).  The Jet Capital Fund satisfies both requirements.

The Jet Capital Fund's claims are typical of the claims of the other purchasers of HRG securities. A lead plaintiff's claims are considered typical if they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Tellabs*, 214 F.R.D. at 228 (citation omitted). "The claims of the class representative need not be identical to satisfy the typicality requirement. Typicality exists, however, even if there are some factual distinctions between the claims of the named plaintiff and those of other class members." *Id.*

Here, with respect to the HRG Subclass, the Fund's and all other Class members' claims arise from substantially the same course of conduct, and their legal arguments to prove Defendants' liability are substantially the same. Like all other Class members in the HRG Subclass, the Jet Capital Fund: (1) purchased HRG common stock during the Class Period on the open market; (2) at prices artificially inflated by Defendants' false and misleading statements or omissions; and (3) was damaged thereby. (*See* Sena Decl. Exs. A & B.) Consequently, the Jet Capital Fund is a typical Class representative for the HRG Subclass.

The Jet Capital Fund likewise satisfies Rule 23's adequacy requirement. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). A lead plaintiff is adequate when "(1) his claims are not antagonistic or in conflict with those of the class; (2) he has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) he is represented by competent, experienced counsel who [is] able to prosecute the litigation vigorously." *Tellabs*, 214 F.R.D. at 228-29.

The Fund satisfies these elements. Because of its substantial financial stake in the outcome of the HRG Subclass' claims, it is able and incentivized to vigorously prosecute the litigation, and because the Jet Capital Fund's interests are aligned with those of other HRG Subclass members

9

and are not antagonistic in any way. (Sena Decl. Ex. F.; *see also* Declaration of Alan S. Cooper in Support of Motion for Lead Plaintiff of the HRG Subclass and Approval of Selection of Lead Counsel ("Cooper Decl.").) The Jet Capital Fund is a "well-grounded and sophisticated institutional investor[] that can commit substantial resources to this litigation." *Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1035 (S.D. Ohio 2005). Indeed, Alan S. Cooper, a managing partner of the Fund, submitted a Certification and a Declaration affirming that if the Jet Capital Fund is appointed Lead Plaintiff of the HRG Subclass in this action, the Fund understands and accepts the duties and responsibilities owed to other class members as a representative party to supervise, counsel, and monitor the prosecution of this action in the best interests of the HRG Subclass. (Sena Decl. Exs. A, F.)

Further, the Fund is aware of Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel. (Cooper Decl. ¶3.) The Jet Capital Fund is also the very sort of Lead Plaintiff that Congress envisioned when it enacted the PSLRA: a sophisticated institutional investor with a substantial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) (noting that "the PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in [securities class] actions") (internal citations omitted); *Steiner v. Frankino*, No. 1:98-cv-264, 1998 WL 34309018, at *4 (N.D. Ohio July 16, 1998) ("In enacting the PSLRA, Congress . . . wanted to vest control [of securities litigation] with large investors.").

As Courts in this Circuit have recognized, Congress's intent in enacting the PSLRA was to guarantee "that parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiffs [*sic*] counsel," thereby curtailing lawyer-driven litigation. *In re Motorola Sec. Litig.*, 2003 WL 21673928, at *3 (N.D. Ill. July 16, 2003) (citation omitted). Accordingly, the Fund is a paradigmatic Lead Plaintiff as contemplated by the PSLRA.

Finally, the Jet Capital Fund has demonstrated that it is an adequate Lead Plaintiff by selecting the securities litigators at RKS as Lead Counsel to represent the HRG Subclass in this action. As discussed more fully below, these counsel are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated an ability to conduct such litigation effectively.

## II. The Court Should Approve the Fund's Selection of Lead Counsel

The Court should approve the Jet Capital Fund's selection of the securities litigators at Rolnick Kramer Sadighi LLP ("RKS") to serve as Lead Counsel on behalf of the HRG Subclass. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to court approval, select and retain counsel to represent the class it seeks to represent, and the Court should not disturb Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class[.]" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for the N. Dist. of California*, 586 F.3d 703, 709 (9th Cir. 2009) ("It would be difficult for the statute to be more clear that it is the lead plaintiff who selects lead counsel, not the district court.").

RKS, including the attorneys specifically retained to represent the Fund in this matter, including Lawrence M. Rolnick, Marc B. Kramer, Richard A. Bodnar, Jarett Sena, and Anna Menkova, handle cases across the country on behalf of both plaintiffs and defendants, including

hedge funds; registered investment advisers; private equity and investment funds; and other institutional and private investors. (*See* Sena Decl. Ex. G, counsel and firm biographies.) RKS routinely represents sophisticated institutional investors like the Fund in direct actions to prosecute multimillion dollar claims under the Exchange Act.

Attorneys at RKS have also previously served as lead counsel or co-lead counsel in other notable, large, complex securities class action lawsuits and achieved exceptional results (*see* Sena Decl. ¶¶ 6-10):

- *In re Chembio Diagnostics, Inc. Securities Litigation*, Civil Action No. 2:20-cv-02706 (E.D.N.Y.) (Ross, J.) – RKS attorneys currently serve as co-lead counsel for a class of public investors, representing Special Situations Funds for a class of public investors, in a securities fraud class action in the Eastern District of New York.

- *In re Nortel Networks Corp. Sec. Litig.*, Civil Action No. 05-MD-1659 (S.D.N.Y.) (Nortel II) (Preska, J.) – RKS attorneys and Bernstein Litowitz served as lead counsel, representing New Jersey and another co-lead plaintiff, in this securities fraud class action in the Southern District of New York. In December 2006, the case was settled for $1.3 billion, one of the largest settlements since the inception of the PSLRA.

- *In re Elec. Data Sys. Corp. Sec. Litig.*, Civil Action No. 6:03-MD-1512 (E.D. Tex.) (Davis, J.) – RKS attorneys and Bernstein Litowitz served as co-lead counsel representing New Jersey in this securities fraud class action filed in the Eastern District of Texas. In 2006, the case was settled for $137.5 million, one of the largest settlements ever against a corporation that had not issued a restatement for the relevant class period.

- *In re SFBC Int'l, Inc., Sec. & Derivative Litig.*, Civil Action No. 2:06-165 (D.N.J.) (Chesler, J.) – RKS attorneys, along with Bernstein Litowitz, represented an Arkansas public pension fund in a plaintiffs' securities class action asserting Section 10(b)/Rule 10b-5 claims against a company and its officers for misleading statements and omissions regarding the operations of a clinical testing facility. The matter resulted in a multi-million dollar settlement for the class.

- *The Department of the Treasury of the State of New Jersey and Its Division of Investment v. Cliffs Natural Resources*, Case No. 14-cv-1031-DAP (N.D. Ohio) (Polster, J.) – RKS attorneys and Bernstein Litowitz represented the State of New Jersey in this securities fraud class action in the Northern District of Ohio,

alleging that a mining company and its executives made numerous false and misleading statements about a failed mine acquisition that crippled its business. The matter is resulted in an $84 million settlement for the class.

Ultimately, the Jet Capital Fund believes the experience of the attorneys at RKS, combined with its oversight of counsel pursuant to the PSLRA, will ensure that the HRG Subclass receives the best possible representation in this case.

## <u>CONCLUSION</u>

For the foregoing reasons, the Fund respectfully requests that the Court issue an order: (1) appointing the Jet Capital Fund as Lead Plaintiff of the HRG Subclass; (2) approving RKS as Lead Counsel for the HRG Subclass; and (3) granting such other relief as the Court may deem to be just and proper.

DATED: May 26, 2021

Respectfully submitted,
**ROLNICK KRAMER SADIGHI LLP**
By: <u>*/s/ Jarett Sena*</u>
Jarett Sena
Lawrence M. Rolnick (*admitted pro hac vice*)
Marc B. Kramer (*admitted pro hac vice*)
Richard A. Bodnar
Anna Menkova (*pro hac vice application forthcoming*)
1251 Avenue of the Americas
New York, New York 10020
Tel. 212-597-2800

*Counsel for the Jet Capital Fund*