**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |  |
|---|---|---|
| IN RE SPECTRUM BRANDS LITIGATION | ) ) ) ) ) ) ) | No. 19-cv-347-jdp |

**ALL PARTIES' JOINT RESPONSE
TO THE COURT'S ORDER DATED AUGUST 6, 2021**

On August 6, 2021, the Court entered an Order "to show cause why the two [Spectrum and HRG] subclasses shouldn't be severed in accordance with Federal Rule of Civil Procedure 42 so that each subclass can be resolved separately." Dkt. 89.

All Parties[1] agree that the claims of purchasers of HRG Group, Inc. stock (the "HRG Subclass") and the claims of purchasers of Spectrum Brands Holdings, Inc. stock (the "Spectrum Subclass") have multiple distinct elements and can be resolved independently from each other; and that it is in the interests of justice and judicial efficiency to sever the Spectrum Subclass's claims from the HRG Subclass's claims. The Parties propose that the claims be severed pursuant to Fed. R. Civ. P. 21 (rather than Rule 42) to enable (i) the separate settlement of the Spectrum Subclass's claims and a final judgment with respect to those claims, and (ii) the separate litigation of the HRG Subclass's claims (as a separate civil action under its own docket number). *See* FED. R. CIV. P. 21; *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 440-42 (7th Cir. 2006); *Allstate Prop. & Cas. Ins. Co. v. Omega Flex, Inc.*, 2013 WL 786764, at *2-3 (S.D. Ind. Mar. 1,

---

[1] The Parties consist of the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System (collectively, "Spectrum Subclass Lead Plaintiffs"), HRG Subclass Lead Plaintiff Jet Capital Master Fund, L.P. ("Jet Capital"), and Defendants Spectrum Brands Legacy, Inc., Andreas Rouvé, David Maura, Douglas Martin, and HRG Group, Inc. (collectively, "Defendants").

2013) (facilitation of settlement a key factor to consider in whether to sever pursuant to Rule 21). The Parties respectfully submit that, as discussed in *Gaffney*, Rule 21, which provides for severance for all purposes, rather than simply for trial, is the appropriate rule under which claims should be severed for entry of a separate final judgment.

After the claims are severed (pursuant to either Rule 21 or Rule 42), the Spectrum Subclass Lead Plaintiffs will promptly file their proposed settlement with Defendants for review and approval by the Court in accordance with Fed. R. Civ. P. 23. With respect to the HRG Subclass, Jet Capital and Defendants will file a proposed schedule setting forth deadlines for Jet Capital to file an amended complaint and for Defendants to respond to that complaint. Jet Capital respectfully requests that any severance order reflect the parties' agreement that Defendants shall not assert a statute of limitation or statute of repose defense against the claims asserted by Jet Capital in the newly severed action that would not have been available to Defendants in this action had severance not occurred. *See Allstate Prop. & Cas. Ins. Co.*, 2013 WL 786764, at \*4 (including this language in Rule 21 severance order); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000).

The Parties thank the Court for its attention to this matter and would be happy to address any questions the Court may have.

Dated: August 20, 2021

By: */s/ Katherine M. Sinderson*
**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
Katherine M. Sinderson
Jai Chandrasekhar
Matthew Traylor
1251 Avenue of the Americas, Fl. 44
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
Email: KatieM@blbglaw.com
Email: Jai@blbglaw.com
Email: matthew.traylor@blbglaw.com

*Counsel for Spectrum Subclass Lead Plaintiffs
the Public School Teachers' Pension &
Retirement Fund of Chicago and the
Cambridge Retirement System*

**STAFFORD ROSENBAUM LLP**
Douglas M. Poland
State Bar No. 1055189
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
Tel: (608) 256-0226
Fax: (608) 259-2600
dpoland@staffordlaw.com

*Liaison Counsel for Spectrum Subclass Lead
Plaintiffs the Public School Teachers' Pension
& Retirement Fund of Chicago and
the Cambridge Retirement System*

By: */s/ Richard Rosen*
**PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP**
Richard Rosen, Esq.
Andrew J. Ehrlich, Esq.
Adam Bernstein, Esq.
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3166
Fax: (212) 492-0166
rrosen@paulweiss.com
aehrlich@paulweiss.com
abernstein@paulweiss.com

**FOLEY & LARDNER LLP**
Matthew D. Lee, Esq.
Kevin M. LeRoy, Esq.
150 East Gilman Street, Suite 5000
P.O. Box 1497
Madison, WI 53701-1497
Tel: (608) 258-4203
Fax: (608) 258-4258
mdlee@foley.com
kleroy@foley.com

*Attorneys for Defendants Spectrum
Brands Legacy, Inc., Spectrum Brands
Holdings, Inc., HRG Group, Inc., Andreas
R. Rouvé, Douglas L. Martin, and David
M. Maura*

By: */s/ Lawrence M. Rolnick*
**ROLNICK KRAMER SADIGHI LLP**
Lawrence M. Rolnick
Marc B. Kramer
Richard A. Bodnar
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 597-2800
lrolnick@rksllp.com
mkramer@rksllp.com
rbodnar@rksllp.com

*Counsel for HRG Subclass Lead Plaintiff Jet
Capital Master Fund, L.P.*

3