# Exhibit 1

EXECUTION COPY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION | ) | No. 19-cv-347-jdp |
| | ) | |
| | ) | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of August 27, 2021 (the "Stipulation") is entered into between (a) Lead Plaintiffs the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System (collectively, "Lead Plaintiffs"), on behalf of themselves and the Spectrum Subclass (defined below); and (b) Defendants Spectrum Brands Holdings, Inc. ("Spectrum" or the "Company"), Spectrum Brands Legacy, Inc. ("Old Spectrum"), HRG Group, Inc. ("HRG"), Andreas R. Rouvé, David M. Maura, and Douglas L. Martin (collectively, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice all claims asserted by the Spectrum Subclass in the Action and all Released Plaintiffs' Claims (defined below) against Defendants.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

WHEREAS:

A.      Beginning on March 7, 2019, certain related class actions (*Earl S. Wagner v. Spectrum Brands Legacy, Inc., et al.*, No. 19-cv-178-jdp and *West Palm Beach Firefighters' Pension Fund v. Spectrum Brands Legacy, Inc., et al.*, No. 19-cv-347-jdp) were filed in the United States District Court for the Western District of Wisconsin (the "Court") alleging violations of the federal securities laws.

B.      By Opinion and Order dated June 12, 2019, the Court: (i) consolidated the related actions; (ii) appointed the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System to serve as lead plaintiffs; and (iii) approved lead plaintiffs' choice of Bernstein Litowitz Berger & Grossmann LLP as lead counsel and Rathje Woodward LLC as liaison counsel.

C.      On July 12, 2019, Lead Plaintiffs filed the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint" or "Complaint") asserting claims against Defendants Spectrum, Old Spectrum, and the Individual Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants and Defendant HRG under Section 20(a) of the Exchange Act.  Among other things, the Amended Complaint alleged that Defendants made materially false and misleading statements about the Company's operations and financial results during the Class Period.  The Amended Complaint further alleged that the prices of Spectrum's, Old Spectrum's, and HRG's common stock were artificially inflated during the Class Period as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

2

D.      On August 26, 2019, Defendants filed their motion to dismiss the Amended Complaint (the "Motion to Dismiss").   On October 10, 2019, Lead Plaintiffs filed their memorandum of law in opposition to Defendants' Motion to Dismiss and, on November 6, 2019, Defendants filed their reply papers in further support of the Motion to Dismiss.

E.      On January 7, 2020, the Parties filed a letter notifying the Court that they had agreed to a mediation of the Action before a private mediator and jointly requested that the Court defer decision on the pending motion to dismiss until the Parties could report to the Court on the result of the mediation.  That same day, the Court entered an order denying without prejudice the Motion to Dismiss and directing the Parties to file a status report no later than April 1, 2020 advising the Court of the status of the mediation and whether Defendants wished to renew their Motion to Dismiss.

F.      On January 10, 2020, the Parties filed a joint motion requesting that the Court extend the April 1, 2020 deadline for filing the post-mediation status report to April 15, 2020, based on the fact that the Parties had scheduled their mediation session for April 6, 2020.  That same day, the Court granted the Parties' motion.

G.      After agreeing to postpone the mediation session to June 3, 2020 due to COVID19-related hardships, on April 9, 2020, the Parties filed a joint status report requesting that the Court extend the deadline for the joint status report on the results of the mediation to June 15, 2020.

H.      On June 3, 2020, the Parties conducted a full-day mediation under the auspices of Jed Melnick, Esq. of JAMS (the "Mediator").  In advance of that session, the Parties exchanged detailed mediation statements, which addressed the issues of liability and damages.  The session ended without any agreement being reached.

I.      On June 15, 2020, the Parties filed another joint status report advising the Court that, while they did not reach a resolution of the Action at the June 3, 2020 mediation session, the Parties were continuing to work with the Mediator, and in view of their ongoing settlement negotiations, requested that the Court extend the deadline for filing a status report by two weeks, to June 29, 2020.

J.      Following the mediation session, the Parties engaged in additional settlement negotiations under the supervision and guidance of the Mediator.  On August 10, 2020, Parties entered into a Stipulation and Agreement of Settlement providing for the settlement of the Action for $39 million in cash (the "Prior Settlement").  The Prior Settlement was on behalf of a settlement class consisting of persons and entities who purchased Spectrum, Old Spectrum, or HRG common stock during the period from January 26, 2017 to November 19, 2018, inclusive (the "Class Period"), and were damaged thereby.

K.      On February 6, 2021, the Court entered an Order denying without prejudice Lead Plaintiffs' motion for final approval of the Prior Settlement.

L.      Pursuant to the Court's February 6, 2021 Order, on February 19, 2021, Lead Plaintiffs submitted a proposed plan to the Court to divide the putative class into separate subclasses of Spectrum investors and HRG investors, and to provide a Private Securities Litigation Reform Act ("PSLRA") notice for an additional lead plaintiff to represent the purchasers of HRG common stock during the Class Period (the "HRG Subclass").

M.      Upon approval by the Court, on April 2, 2021, Lead Plaintiffs issued the PSLRA notice to purchasers of HRG common stock during the asserted Class Period via *PRNewswire*.

4

N.      On June 10, 2021, the Court granted the motion of Jet Capital Master Fund LP ("Jet Capital") to serve as lead plaintiff for the HRG Subclass.

O.      Lead Plaintiffs, Defendants, and Jet Capital engaged in mediation before Jed Melnick, Esq. in an effort to reach a settlement on behalf of both the Spectrum Subclass and the HRG Subclass, which included a formal mediation session on July 22, 2021.

P.      Lead Plaintiffs, Defendants, and Jet Capital were unsuccessful in negotiating a mutually acceptable allocation of the $39 million in settlement consideration that had previously been agreed for both sub-classes.

Q.      Lead Plaintiffs and Defendants now seek to resolve the claims of the Spectrum Subclass.  Lead Plaintiffs and Defendants reached an agreement in principle to settle the Action with respect to the Spectrum Subclass, which was memorialized in a term sheet executed on August 3, 2021 (the "Term Sheet").  The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims of the Spectrum Subclass against Defendants in the Action in return for a cash payment of $32,000,000 for the benefit of the Spectrum Subclass, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

R.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the Term Sheet and the Prior Settlement.

S.      Based upon their investigation, prosecution, and mediation of the case, and further confirmation through due diligence discovery, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Spectrum Subclass, and in their best interests.  Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel,

5

Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Spectrum Subclass will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

T.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Spectrum Subclass) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against

6

the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.    As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)    "Action" means the consolidated securities class action in the matter styled *In re Spectrum Brands Securities Litigation*, No. 19-cv-347-jdp, and includes all actions consolidated therein.  To the extent that the Court severs the claims of the HRG Subclass under Rule 21 or Rule 42 of the Federal Rules of Civil Procedure, "Action" or "Spectrum Action" shall refer to the action that continues with respect to the claims of the Spectrum Subclass.

(b)    "Authorized Claimant" means a Spectrum Subclass Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(c)    "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(d)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.  Claimants who previously submitted a claim form in connection with the Prior Settlement will not be required to submit a new Claim Form.  The information those Claimants previously submitted will be used to calculate their claim for this Settlement.

(e)    "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

7

(f)    "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Spectrum Subclass Members and to administer the Settlement.

(g)    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(h)    "Complaint" means the Amended Class Action Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiffs in the Action on July 12, 2019.

(i)    "Court" means the United States District Court for the Western District of Wisconsin.

(j)    "Defendants" means Spectrum, Old Spectrum, HRG, and the Individual Defendants.

(k)    "Defendants' Counsel" means the law firms of Paul, Weiss, Rifkind, Wharton & Garrison LLP and Foley & Lardner LLP.

(l)    "Defendants' Releasees" means (i) Defendants; (ii) the present and former parents, subsidiaries, divisions, and affiliates of Spectrum, Old Spectrum, and HRG; (iii) the present and former employees, Officers, and directors of each of the foregoing in (i)-(ii); (iv) the present and former attorneys, insurers, and agents of each of the foregoing in (i)-(iii); and (v) the predecessors, heirs, successors, and assigns of each of the foregoing in (i)-(iv).

(m)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(n)    "Escrow Account" means an account maintained at Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(o)    "Escrow Agent" means Huntington National Bank.

(p)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(q)    "Excluded Defendants' Claims" means (i) any claims relating to the enforcement of the Settlement, and (ii) any claims against any person or entity who or which previously submitted a request for exclusion from the settlement class in connection with the Prior Settlement or any person or entity that submits a request for exclusion from the Spectrum Subclass that is accepted by the Court.

(r)    "Excluded Plaintiffs' Claims" means (i) any claims relating to the enforcement of the Settlement; (ii) any claims arising out of purchases of HRG common stock on the open market from January 26, 2017 to November 19, 2018; (iii) any claims asserted in *Plymouth Cnty. Ret. Ass'n v. Spectrum Brands Holdings, Inc., et al.*, 2019CV000982 (Wis. Cir. Ct. Dane Cnty.); (iv) any claims asserted in any derivative action or ERISA action; and (v) any claims of any person or entity who or which previously submitted a request for exclusion from the settlement class in connection with the Prior Settlement or any person or entity that submits a request for exclusion from the Spectrum Subclass that is accepted by the Court.

(s)    "Final," with respect to the Judgment or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order;

9

or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(t)       "HRG" means HRG Group, Inc.

(u)       "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(v)       "Individual Defendants" means Andreas R. Rouvé, David M. Maura, and Douglas L. Martin.

(w)       "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(x)       "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(y)       "Liaison Counsel" means the law firm of Stafford Rosenbaum LLP.

(z)       "Lead Plaintiffs" means the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System.

10

(aa)   "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Spectrum Subclass and their previous representation of the HRG Subclass), for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(bb)   "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(cc)   "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Spectrum Subclass Members.

(dd)   "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with:  (i) providing notices of the Prior Settlement and the Settlement; and (ii) administering the Prior Settlement and Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(ee)   "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(ff)   "Old Spectrum" means Spectrum Brands Legacy, Inc.

(gg)   "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Spectrum Subclass.

(hh)   "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Spectrum Subclass (and on behalf of the HRG Subclass before the Court's appointment of a separate lead plaintiff and separate counsel for the HRG Subclass) in the Action.

(ii)   "Plaintiffs' Releasees" means (i) Lead Plaintiffs, all other plaintiffs in the Action, all other Spectrum Subclass Members, and Plaintiffs' Counsel; (ii) the present and former parents, subsidiaries, divisions, and affiliates of each of the foregoing in (i); (iii) the present and former employees, Officers, directors, and trustees of each of the foregoing in (i)-(ii); (iv) the present and former attorneys, insurers, and agents of each of the foregoing in (i)-(iii); and (v) the predecessors, heirs, successors, and assigns of each of the foregoing in (i)-(iv).

(jj)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(kk)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Spectrum Subclass.

(ll)   "Prior Settlement" means the prior settlement between the Parties pursuant to the Stipulation and Agreement of Settlement dated August 10, 2020.

(mm)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(nn)   "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(oo)   "Released Defendants' Claims" means all claims, demands, losses, liabilities, rights, and causes of action of any nature whatsoever, whether known claims or

12

Unknown Claims, whether arising under federal, state, common, or foreign law, whether brought directly or indirectly, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include any of the Excluded Defendants' Claims.

(pp)    "Released Plaintiffs' Claims" means all claims, demands, losses, liabilities, rights, and causes of action of any nature whatsoever, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, whether brought directly or indirectly, that (i) Lead Plaintiffs asserted on behalf of members of the Spectrum Subclass in the Complaint or (ii) that Lead Plaintiffs or any other members of the Spectrum Subclass, on behalf of themselves and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, could have asserted in this Action or could in the future assert in any forum that arise out of, are based upon, or relate to in any way to (a) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged, or referred to in the Complaint and (b) the purchase, acquisition, sale, or holding of Spectrum common stock or Old Spectrum common stock during the Class Period by members of the Spectrum Subclass. The Released Plaintiffs' Claims do not include any of the Excluded Plaintiffs' Claims.

(qq)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(rr)    "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(ss)    "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(tt)    "Settlement Amount" means $32,000,000 in cash.

13

(uu)    "Settlement Class Period" or "Class Period" means the period from January 26, 2017 to November 19, 2018.

(vv)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(ww)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(xx)    "Spectrum" or the "Company" means Spectrum Brands Holdings, Inc.

(yy)    "Spectrum Subclass" means all persons and entities that (i) purchased common stock of Old Spectrum from January 26, 2017 to July 13, 2018; and/or (ii) purchased common stock of Spectrum from July 13, 2018 to November 19, 2018, and were damaged thereby. Excluded from the Spectrum Subclass are: (i) Defendants (including Spectrum); (ii) the Immediate Family members of the Individual Defendants; (iii) the Officers and directors of Old Spectrum, Spectrum, and HRG currently and during the Class Period and their Immediate Family members; (iv) any entity in which any of the foregoing excluded persons or entities has or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity.  Also excluded from the Spectrum Subclass are any persons and entities who or which excluded themselves the settlement class in connection with the Prior Settlement, or any persons or entities who exclude themselves from the Spectrum Subclass in connection with this Settlement by submitting a request for exclusion that is accepted by the Court.  This Settlement does not settle or release claims arising out of purchases of HRG common stock on the open market from January 26, 2017 to November 19, 2018.

(zz)    "Spectrum Subclass Member" means each person and entity who or which is a member of the Spectrum Subclass.

<div align="center">14</div>

(aaa)   "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(bbb)   "Taxes" means: (i) all federal, state and local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(ccc)   "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Spectrum Subclass Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Spectrum Subclass Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Spectrum Subclass Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Spectrum Subclass; (b) certification of Lead Plaintiffs as Class Representatives for the Spectrum Subclass; and (c) appointment of Lead Counsel as Class Counsel for the Spectrum Subclass pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Promptly upon execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Spectrum Subclass, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of all Released Plaintiffs' Claims as against Defendants; and (b) the Releases provided for herein.

5.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Spectrum Subclass Members shall be

16

deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees. This Release shall not apply to any Excluded Plaintiffs' Claim.

6. Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity who or which previously submitted a request for exclusion from the Settlement Class in connection with the Prior Settlement or any person or entity that submits a request for exclusion from the Spectrum Subclass that is accepted by the Court. This Release shall not apply to any Excluded Defendants' Claim.

7. Notwithstanding ¶¶ 5-6 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## THE SETTLEMENT CONSIDERATION

8. In consideration of the Settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Spectrum, on behalf of all Defendants and the

17

other Defendants' Releasees, shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than fifteen (15) business days after the later of (i) preliminary approval of the Settlement by the Court; or (ii) Defendants' Counsel's receipt of a complete IRS Form W-9 and wire transfer, ACH transfer, and check payment instructions (including contact information and a physical address for the recipient of the Settlement Amount).

### USE OF SETTLEMENT FUND

9. The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below.

10. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is

18

necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants'

19

Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.    The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay up to $750,000 from the Settlement Fund, without further approval from Defendants or further order of the Court, for Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, costs associated with notice and administration of the Prior Settlement, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

20

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for an award of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Spectrum Subclass, to be paid solely from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

16.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and Litigation Expenses has become Final.  An award of attorneys' fees and Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement

21

based on this Court's or any appellate court's ruling with respect to attorneys' fees and Litigation Expenses.

17.    Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.  Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Spectrum's obligation to provide its securities holders records as provided in ¶ 19 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Spectrum Subclass Members, or Lead Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of

Claim Form to those members of the Spectrum Subclass as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Spectrum Subclass, within five (5) business days of the date of entry of the Preliminary Approval Order, Defendants shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names and addresses) of the purchasers of Spectrum and Old Spectrum common stock during the Class Period, to the extent not previously provided in connection with the Prior Settlement.

20.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve any notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

21.     Spectrum Subclass Members who wish to be eligible for a payment from the Net Settlement Fund must submit a Claim Form by the date set forth in the Preliminary Approval Order. However, Spectrum Subclass Members who previously submitted a claim form in connection with the Prior Settlement will not be required to submit a new Claim Form. The information those Claimants previously submitted will be used to calculate their claim for this Settlement. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the

23

total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

22.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

23.    Any Spectrum Subclass Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting

24

or rejecting any Claim for payment.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25.    For purposes of determining the extent, if any, to which a Spectrum Subclass Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable.  Claimants who previously submitted a claim form in connection with the Prior Settlement will not be required to submit a new Claim Form.  The information those Claimants previously submitted will be used to calculate their claim for this Settlement;

(b)    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Spectrum Subclass Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Spectrum Subclass Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission

25

deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Spectrum Subclass Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

27.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Spectrum Subclass Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

29.     No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs

27

and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.    All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Spectrum Subclass Members, other Claimants, and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

31.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

32.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

28

(c)     Spectrum has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)     Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Spectrum Subclass and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, and the Judgment has become Final.

33.     Upon the occurrence of all of the events referenced in ¶ 32 above, all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective.

34.     If (i) Spectrum exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on August 3, 2021.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 38, and 58 of this Stipulation, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)    Within thirty (30) calendar days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, any change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to Spectrum (or such other persons or entities as Spectrum may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the thirty (30) calendar days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Spectrum (or such other persons or entities as Spectrum may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

35.    It is further stipulated and agreed that Spectrum and Lead Plaintiffs shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) calendar days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Seventh Circuit or the United States Supreme Court, and the provisions of ¶ 34 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or payment of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the

30

Settlement, shall not affect the finality of any Judgment, and shall not be grounds for termination of the Settlement.

36.    In addition to the grounds set forth in ¶ 35 above, Spectrum shall have the unilateral right to terminate the Settlement in the event that Spectrum Subclass Members timely and validly requesting exclusion from the Spectrum Subclass meet the conditions set forth in Spectrum's confidential supplemental agreement with Lead Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiffs and Spectrum concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.  Lead Counsel and Spectrum's Counsel shall jointly request that the deadline for submitting requests for exclusion from the Spectrum Subclass be no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing.  Copies of all requests for exclusion from the Spectrum Subclass received by the Claims Administrator (or other person designated to receive exclusion requests) shall be provided to Spectrum's Counsel no later than fourteen (14) calendar days prior to the Settlement Fairness Hearing.  To be valid for purposes of the Supplemental Agreement, a request for exclusion must be timely and contain all of the information requested in the Notice.

37.    In addition to the grounds set forth in ¶ 35 above, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as

provided for in ¶ 8 above, by providing written notice of the election to terminate to Defendants' Counsel.

### NO ADMISSION OF WRONGDOING

38.    Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or

wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

39.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.     Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

33

41.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 34 above.

42.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Spectrum Subclass Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action by the Parties.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43. While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Lead Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

44. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

45. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Spectrum Subclass Members.

47. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits and the Supplemental Agreement.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

49.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

51.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate them shall be governed by the internal laws of the State of Wisconsin without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

36

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| If to Lead Plaintiffs or Lead Counsel: | Bernstein Litowitz Berger & Grossmann LLP<br>Attn:  Katherine M. Sinderson, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone:  (212) 554-1400<br>Facsimile:  (212) 554-1444<br>Email:  KatieM@blbglaw.com |
|---|---|
| If to Defendants: | Paul, Weiss, Rifkind, Wharton<br>  & Garrison LLP<br>Attn:  Richard A. Rosen, Esq.<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Telephone:  (212) 373-3000<br>Facsimile:  (212) 757-3990<br>Email:  rrosen@paulweiss.com |

57.     Except as otherwise provided herein, each Party shall bear its own costs.

58.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

59.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Spectrum Subclass Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Spectrum Subclass Member's tax obligations, and the determination thereof, are the sole responsibility of the Spectrum Subclass Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Spectrum Subclass Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of August 27, 2021.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: _____

Katherine M. Sinderson, *admitted pro hac vice*
Jai Chandrasekhar, *admitted pro hac vice*
Matthew Traylor, *admitted pro hac vice*
1251 Avenue of the Americas, Fl. 44
New York, NY 10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
KatieM@blbglaw.com
Jai@blbglaw.com
Matthew.Traylor@blbglaw.com

38

-and-

Avi Josefson
875 North Michigan Avenue, Suite 3100
Chicago, Illinois 60611
Telephone: (312) 373-3880
Facsimile: (312) 794-7801
avi@blbglaw.com

*Lead Counsel for Lead Plaintiffs the Public School Teachers' Pension & Retirement Fund of Chicago and the Cambridge Retirement System and the Spectrum Subclass*

**STAFFORD ROSENBAUM LLP**
Douglas M. Poland
State Bar No. 1055189
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
Telephone:  (608) 256-0226
Facsimile:  (608) 259-2600
dpoland@staffordlaw.com

*Liaison Counsel for Lead Plaintiffs the Public School Teachers' Pension & Retirement Fund of Chicago and the Cambridge Retirement System and the Spectrum Subclass*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: _____
Richard A. Rosen, *admitted pro hac vice*
Andrew J. Ehrlich, *admitted pro hac vice*
Adam J. Bernstein, *admitted pro hac vice*
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
rrosen@paulweiss.com
aehrlich@paulweiss.com
abernstein@paulweiss.com

39

**FOLEY & LARDNER LLP**
Matthew D. Lee
State Bar No. 1061375
Jennifer M. Luther
State Bar No. 1065234
150 East Gilman Street, Suite 5000
Madison, WI 53703-1482
Telephone:  (608) 257-5035
Facsimile:  (608) 258-4258
mdlee@foley.com
jluther@foley.com

*Attorneys for Defendants Spectrum Brands*
*Legacy, Inc., Spectrum Brands Holdings, Inc.,*
*HRG Group, Inc., Andreas R. Rouvé, Douglas L.*
*Martin, and David M. Maura*

#3043218

40

# Exhibit A

**Exhibit A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| IN RE SPECTRUM BRANDS SECURITIES | ) | No. 19-cv-347-jdp |
| LITIGATION | ) |  |
|  | ) |  |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Spectrum Brands Securities Litigation*, No. 19-cv-347-jdp;

WHEREAS, on August 27, 2021, the Court entered an Order severing the claims of purchasers of HRG common stock during the Class Period from the claims of purchasers of Spectrum and Old Spectrum common stock during the Class Period, and the action continuing with respect to claims for Spectrum and Old Spectrum common stock is referred to herein as the "Action";

WHEREAS, (a) Lead Plaintiffs the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System (collectively, "Lead Plaintiffs"), on behalf of themselves and the Spectrum Subclass (defined below); and (b) defendants Spectrum Brands Holdings, Inc. ("Spectrum" or the "Company"), Spectrum Brands Legacy, Inc. ("Old Spectrum"), HRG Group, Inc. ("HRG"), and Andreas R. Rouvé, David M. Maura, and Douglas L. Martin (collectively, the "Individual Defendants" and, together with Spectrum, Old Spectrum, and HRG, "Defendants") (Lead Plaintiffs and Defendants, together, the "Parties"), have determined to settle and dismiss with prejudice all claims asserted in this Action on behalf of the Spectrum Subclass on the terms and conditions set forth in the

Stipulation and Agreement of Settlement dated August 27, 2021 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Spectrum Subclass Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Spectrum Subclass, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.        **Proposed Class Certification for Settlement Purposes** – The Parties have proposed the certification of the following Spectrum Subclass pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement:  all persons and entities that:  (i) purchased common stock of Old Spectrum from January 26, 2017 to July 13, 2018; and/or (ii) purchased common stock of Spectrum from July 13, 2018 to November 19, 2018, and were damaged thereby.   Excluded from the Spectrum Subclass are:  (i) Defendants (including Spectrum); (ii) the Immediate Family members of the Individual Defendants; (iii) the Officers and directors of Old Spectrum, Spectrum, and HRG currently and during the period from January 26, 2017 to November 19, 2018 (the "Class Period") and their Immediate Family members; (iv) any entity in which any of the foregoing excluded persons or entities has or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity.  Also excluded from the Spectrum Subclass

2

are any persons and entities who or which excluded themselves the settlement class in connection with the Prior Settlement.  This Settlement does not settle or release claims arising out of purchases of HRG common stock on the open market from January 26, 2017 to November 19, 2018.

2.     **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Spectrum Subclass for purposes of the proposed Settlement.  Specifically, and solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Spectrum Subclass pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met:  (a) the members of the Spectrum Subclass are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Spectrum Subclass which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Spectrum Subclass; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Spectrum Subclass; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.     The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that it will likely be able to certify Lead Plaintiffs the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System as Class Representatives for the Spectrum Subclass and appoint Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Spectrum Subclass pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being

fair, reasonable, and adequate to the Spectrum Subclass, subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

5. **<u>Settlement Fairness Hearing</u>** – The Court will hold a hearing (the "Settlement Fairness Hearing") on _____, 2021 at __:__ _.m., either in person at the United States District Court for the Western District of Wisconsin, Courtroom 260, United States Courthouse, 120 North Henry Street, Madison, WI 53703400, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Spectrum Subclass, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Spectrum Subclass, Lead Plaintiffs should be certified as Class Representatives for the Spectrum Subclass, and Lead Counsel should be appointed as Class Counsel for the Spectrum Subclass; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the claims asserted in the Action on behalf of the Spectrum Subclass with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Fairness Hearing shall be given to Spectrum Subclass Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Fairness Hearing without further notice to the Spectrum Subclass, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Spectrum Subclass. The Court may decide to hold the Settlement Fairness Hearing by telephone or video conference without further mailed notice to the

4

Spectrum Subclass. If the Court orders that the Settlement Fairness Hearing be conducted telephonically or by video conference, that decision will be posted on a website to be developed for the Settlement as referenced in paragraph 7(c) of this Order. Any Spectrum Subclass Member (or his, her, or its counsel) who wishes to appear at the Settlement Fairness Hearing should consult the Court's docket and/or the settlement website for any change in date, time, or format of the hearing.

7. **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel is hereby authorized to retain JND Legal Administration ("JND" or the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. JND had previously been retained to supervise and administer the notice procedure and claims processing for the Parties' Prior Settlement. Notice of the Settlement and the Settlement Fairness Hearing shall be given by Lead Counsel as follows:

(a) not later than five (5) business days after the date of entry of this Order, Defendants shall, at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator, provide or cause to be provided to the Claims Administrator in electronic format a list consisting of the names and mailing addresses, and, if available, email addresses, of the purchasers of Spectrum and Old Spectrum common stock during Class Period, to the extent not already provided in connection with the Prior Settlement;

(b) beginning not later than fifteen (15) business days after the date of entry of this Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail or emailed to potential Spectrum Subclass Members at the addresses set forth in the records provided by Defendants or in the records which Defendants caused to be provided (in connection with paragraph 7(a) or in connection with the Prior Settlement); to those potential Spectrum Subclass Members previously

5

identified by brokers and nominees in connection with the Prior Settlement or who previously submitted Claim Forms in connection with the Prior Settlement; or who otherwise may be identified through further reasonable effort;

(c)    contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the *Investor's Business Daily* and to be transmitted once over the PR Newswire; and

(e)    not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.    **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Spectrum Subclass Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Spectrum Subclass, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive

notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Fairness Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.    **Nominee Procedures** – Brokers and other nominees who purchased: (i) common stock of Old Spectrum from January 26, 2017 to July 13, 2018 for the benefit of another person or entity; and/or (ii) common stock of Spectrum from July 13, 2018 to November 19, 2018 for the benefit of another person or entity shall: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners. However, brokers and nominees who previously provided names and addresses of potential settlement class members in connection with the Prior Settlement will not be required to provide those names and addresses again, but are required to provide the Claims Administrator only with names and addresses that were not previously provided, or any name or address changes.  Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.    **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Settlement Fairness Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

11.    **Participation in the Settlement** – Spectrum Subclass Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  However, any Spectrum Subclass Members who previously submitted a claim form in connection with the Prior Settlement will not be required to submit a new Claim Form.  The information those Claimants previously submitted with respect to their transactions in Spectrum and Old Spectrum common stock will be used to calculate their claims for this Settlement.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Spectrum Subclass.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12.    Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a

broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Spectrum Subclass Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Spectrum Subclass Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Spectrum Subclass; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.     **Exclusion From the Spectrum Subclass** – Any member of the Spectrum Subclass who wishes to exclude himself, herself, or itself from the Spectrum Subclass must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Spectrum Subclass must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, to:  Spectrum Brands Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91362, Seattle, WA 98111 and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or

9

entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Spectrum Subclass in *In re Spectrum Brands Securities Litigation*, Case No. 19-cv-347-jdp"; (iii) state (A) the number of shares of Old Spectrum common stock that the person or entity requesting exclusion owned as of the opening of trading on January 26, 2017; (B) the number of shares of Old Spectrum common stock that the person or entity requesting exclusion purchased and sold during the period from January 26, 2017 to July 13, 2018, including the dates, number of shares, and prices of each such purchase and sale; and (C) the number of shares of Spectrum common stock that the person or entity requesting exclusion purchased and sold during the period from July 13, 2018 to November 19, 2018, including the dates, number of shares, and prices of each such purchase and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Lead Counsel is authorized to request from any person or entity requesting exclusion additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in Old Spectrum common stock or Spectrum common stock.

15.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Spectrum Subclass shall not be a Spectrum Subclass Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action related to the Settlement, and shall not receive any payment out of the Net Settlement Fund.

16.    Any Spectrum Subclass Member who or which does not timely and validly request exclusion from the Spectrum Subclass in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Spectrum Subclass; (b) shall be forever barred from requesting exclusion from the Spectrum Subclass in this or any other proceeding; (c) shall be bound by

10

the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Spectrum Subclass; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17.    **<u>Appearance and Objections at Settlement Fairness Hearing</u>** – Any Spectrum Subclass Member who or which does not request exclusion from the Spectrum Subclass may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, or as the Court may otherwise direct.  Any Spectrum Subclass Member who does not enter an appearance will be represented by Lead Counsel.

18.    Any Spectrum Subclass Member who or which does not request exclusion from the Spectrum Subclass may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Spectrum Subclass Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses

11

set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing.

| Lead Counsel | Defendants' Counsel |
|:---:|:---:|
| Bernstein Litowitz Berger & Grossmann LLP | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| Katherine M. Sinderson, Esq. | Richard A. Rosen, Esq. |
| 1251 Avenue of the Americas, 44th Floor | 1285 Avenue of the Americas |
| New York, NY 10020 | New York, NY 10019-6064 |

Copies of the objections must also be emailed to katiem@blbglaw.com and rrosen@paulweiss.com by no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing.

19.     Any objections, filings, and other submissions by the objecting Spectrum Subclass Member must:  (a) identify the case name and docket number, *In re Spectrum Brands Securities Litigation*, Case No. 19-cv-347-jdp; (b) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) state with specificity the grounds for the Spectrum Subclass Member's objection, including any legal and evidentiary support the Spectrum Subclass Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Spectrum Subclass, or to the entire Spectrum Subclass; and (d) include documents sufficient to prove membership in the Spectrum Subclass, including documents showing (i) the number of shares of Old Spectrum common stock that the objecting Spectrum Subclass Member owned as of the opening of trading on January 26, 2017; (ii) the number of shares of Old Spectrum common stock that the objecting Spectrum Subclass Member purchased and sold during the period from January 26, 2017 to July 13, 2018, including the dates, number of shares, and prices of each such purchase and sale; and (iii) the number of shares of Spectrum common stock that the objecting Spectrum Subclass Member purchased and sold during the period from July 13, 2018 to November 19, 2018, including the dates, number of shares, and prices of each such purchase and sale.  Documentation establishing membership in the Spectrum Subclass must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an

12

authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. It is within the Court's discretion to allow appearances at the Settlement Fairness Hearing either in person or by telephone or video conference.

20.    Any Spectrum Subclass Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs and all other members of the Spectrum Subclass from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

22.    **Settlement Administration Fees and Expenses** – All costs incurred in identifying Spectrum Subclass Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23.    **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis*

13

of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Spectrum Subclass Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on August 3, 2021, as provided in the Stipulation.

26.     **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted

14

in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

27.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

15

28.     **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable James D. Peterson
United States District Judge

#3043429

16

# Exhibit A-1

**Exhibit A-1**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION | )<br>)<br>)<br>)<br>) | No. 19-cv-347-jdp |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Western District of Wisconsin (the "Court"), if:  (i) during the period from January 26, 2017 to July 13, 2018, you purchased Spectrum Brands Legacy, Inc. (then known as Spectrum Brands Holdings, Inc.) ("Old Spectrum" or "pre-Merger Spectrum") common stock (NYSE: SPB; CUSIP: 84763R101); or (ii) during the period from July 13, 2018 to November 19, 2018, you purchased Spectrum Brands Holdings, Inc. ("Spectrum," "post-Merger Spectrum," or the "Company") common stock (NYSE: SPB; CUSIP: 84790A105)[1] and were damaged thereby.[2]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs, the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System (collectively, "Lead Plaintiffs"), on behalf of themselves and the Spectrum Subclass (as defined in ¶ 28 below), have reached a proposed settlement of the claims asserted by the Spectrum Subclass in the Action for $32,000,000 in cash.

---

[1] The Company, *i.e.*, Spectrum Brands Holdings, Inc., was formerly known as HRG Group, Inc. ("HRG"). HRG was a holding company that, from January 7, 2011 until July 13, 2018, held a majority stake in Spectrum Brands Legacy, Inc. ("Old Spectrum"), the company that was then known as Spectrum Brands Holdings, Inc.  During that time, Old Spectrum's common stock traded on the New York Stock Exchange ("NYSE") under the ticker symbol "SPB".  On July 13, 2018, Old Spectrum was wholly acquired by the Company in a reverse merger (the "Merger"), with the surviving entity renamed "Spectrum Brands Holdings, Inc." and trading on the NYSE under the ticker symbol "SPB."  Upon the closing of the Merger, the common stock of Old Spectrum was converted into the common stock of the Company and ceased publicly trading as a separate entity, and Old Spectrum became a wholly owned subsidiary of the Company. In connection with the Merger, holders of Old Spectrum common stock received one share of Company common stock for each share of Old Spectrum common stock.

[2] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 27, 2021 (the "Stipulation"), which is available at www.SpectrumBrandsSecuritiesLitigation.com.

**PLEASE NOTE:**  You may have received notice of a previous proposed settlement of this Action in late 2020.  That earlier proposed settlement was not approved by the Court due to the scope of the proposed settlement class.  The prior settlement has been withdrawn and is no longer before the Court.  The previously proposed settlement included claims arising from purchases of Spectrum Brands Legacy, Inc. ("Old Spectrum") common stock and Spectrum Brands Holdings, Inc. ("Spectrum") common stock, as well as HRG Group, Inc. ("HRG") common stock.  As further described in this Notice, the new Settlement relates *only* to claims arising from the purchases of Old Spectrum or Spectrum common stock.  The claims arising from purchases of HRG common stock will not be settled or released by this newly proposed Settlement.  The claims arising from purchases of HRG common stock will continue to be litigated in a separate action by a new lead plaintiff, Jet Capital Master Fund LP, which was appointed by the Court to serve as a representative for that group of investors in June 2021.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement.  If you are a member of the Spectrum Subclass, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 97 below).**

1.    **Description of the Action and the Spectrum Subclass:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Spectrum, Old Spectrum, HRG, Andreas R. Rouvé, David M. Maura, and Douglas L. Martin (collectively, "Defendants") violated the federal securities laws by making false and misleading statements regarding the consolidation of Spectrum's distribution network.  A more detailed description of the Action is set forth in ¶¶ 11-27 below.  The proposed Settlement, if approved by the Court, will settle claims of the Spectrum Subclass, as defined in ¶ 28 below.

2.    **Statement of the Spectrum Subclass's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Spectrum Subclass, have agreed to settle the claims of the Spectrum Subclass in the Action in exchange for $32,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court.  The proposed plan of allocation (the "Plan of Allocation" or "Plan") is set forth in ¶¶ 57-78 below.  The Plan of Allocation will determine how the Net Settlement Fund will be allocated among members of the Spectrum Subclass.

3.    **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimate of the number of shares of Spectrum and Old Spectrum common stock purchased during the period from January 26, 2017 to November 19, 2018 (the "Class Period") that may have been affected by the conduct at issue in the Action, and assuming that all Spectrum Subclass Members elect to participate in the Settlement, the estimated average recovery (before

the deduction of any Court-approved fees, expenses, and costs as described herein) is $1.20 per affected share of Old Spectrum common stock, and $0.46 per affected share of Spectrum common stock. Spectrum Subclass Members should note, however, that the foregoing average recoveries per share are only estimates. Spectrum Subclass Members may recover more or less than these estimated amounts depending on, among other factors, when and at what prices they purchased or sold their Spectrum common stock and/or Old Spectrum common stock, and the total number and value of valid Claim Forms submitted. Distributions to Spectrum Subclass Members will be made based on the Plan of Allocation set forth herein (*see* ¶¶ 57-78 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants expressly deny that they violated the federal securities laws or that any damages were suffered by any members of the Spectrum Subclass as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, who have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Spectrum Subclass and have advanced the funds to pay expenses necessarily incurred to prosecute the Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 15% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $400,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Spectrum Subclass, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Spectrum Subclass Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.20 per share of Old Spectrum common stock, and $0.08 per share of Spectrum common stock.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Spectrum Subclass are represented by Katherine M. Sinderson, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com.

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery for the Spectrum Subclass without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

3

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2021.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Spectrum Subclass Member and you remain in the Spectrum Subclass, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 38 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 39 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SPECTRUM SUBCLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you exclude yourself from the Spectrum Subclass, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for an award of attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a member of the Spectrum Subclass and do not exclude yourself from the Spectrum Subclass. |
| **PARTICIPATE IN A HEARING ON _____, 2021 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | Filing a written objection and notice of intention to appear by _____, 2021 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.  In the Court's discretion, the _____, 2021 hearing may be conducted by telephone or video conference (*see* ¶¶ 86-87 below).  If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Spectrum Subclass and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Spectrum Subclass, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

4

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                              Page [___]

What Is This Case About?                                                Page [___]

How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Spectrum Subclass?                           Page [___]

What Are Lead Plaintiffs' Reasons For The Settlement?                   Page [___]

What Might Happen If There Were No Settlement?                          Page [___]

How Are Spectrum Subclass Members Affected By The Action
    And The Settlement?                                                 Page [___]

How Do I Participate In The Settlement?  What Do I Need To Do?          Page [___]

How Much Will My Payment Be?                                           Page [___]

What Payment Are The Attorneys For The Spectrum Subclass Seeking?
    How Will The Lawyers Be Paid?                                       Page [___]

What If I Do Not Want To Be A Member Of The Spectrum Subclass?
    How Do I Exclude Myself?                                            Page [___]

When And Where Will The Court Decide Whether To Approve The
    Settlement? Do I Have To Come To The Hearing?  May I Speak At
    The Hearing If I Don't Like The Settlement?                         Page [___]

What If I Bought Shares On Someone Else's Behalf?                       Page [___]

Can I See The Court File?  Whom Should I Contact If I Have Questions?   Page [___]

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased Spectrum or Old Spectrum common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Spectrum Subclass Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Spectrum Subclass if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Fairness Hearing").  *See* ¶¶ 86-87 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the

5

Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

<div style="border:1px solid black; background:#d9d9d9; text-align:center; font-weight:bold;">WHAT IS THIS CASE ABOUT?</div>

11.    Spectrum is a consumer-goods company that provides products to consumers through retail partners such as Wal-Mart, Home Depot, and Lowe's. HRG was Spectrum's majority shareholder. In this Action, Lead Plaintiffs allege that the Company and the Individual Defendants made a series of materially misleading statements and omissions regarding the Company's operations and financial results during the Class Period. Lead Plaintiffs further allege that the Spectrum Subclass suffered damages when the alleged truth regarding these matters was publicly disclosed.

12.    Beginning on March 7, 2019, certain related class actions (*Earl S. Wagner v. Spectrum Brands Legacy, Inc., et al.*, No. 19-cv-178-jdp, and *West Palm Beach Firefighters' Pension Fund v. Spectrum Brands Legacy, Inc., et al.*, No. 19-cv-347-jdp) were filed in the United States District Court for the Western District of Wisconsin (the "Court") alleging violations of the federal securities laws.

13.    By Order dated June 12, 2019, the Court: (i) consolidated the related actions; (ii) appointed the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System to serve as lead plaintiffs; and (iii) approved lead plaintiffs' choice of Bernstein Litowitz Berger & Grossmann LLP as lead counsel and Rathje Woodward LLC as liaison counsel.

14.    On July 12, 2019, Lead Plaintiffs filed the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint" or "Complaint") asserting claims against Defendants Spectrum, Old Spectrum, and the Individual Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants and Defendant HRG under Section 20(a) of the Exchange Act. Among other things, the Amended Complaint alleges that Defendants falsely stated that Spectrum was successfully executing two major supply-chain consolidation projects in its Global Auto Care ("GAC") and Hardware and Home Improvement ("HHI") divisions, when in fact the GAC and HHI consolidations were suffering from fundamental logistical, operational, and technical problems that were far more serious than those disclosed to investors. The Amended Complaint further alleges that the prices of Spectrum's, Old Spectrum's, and HRG's common stock were artificially inflated during the Class Period as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

15.    On August 26, 2019, Defendants filed their motion to dismiss the Amended Complaint (the "Motion to Dismiss"). On October 10, 2019, Lead Plaintiffs filed their memorandum of law in opposition to Defendants' Motion to Dismiss and, on November 6, 2019, Defendants filed their reply papers in further support of the Motion to Dismiss.

16.    On January 7, 2020, the Parties filed a letter notifying the Court that they had agreed to a mediation of the Action before a private mediator and jointly requested that the Court defer decision on the pending motion to dismiss until the Parties could report to the Court on the result of the mediation. That same day, the Court entered an order denying without prejudice the Motion to Dismiss and directing the Parties to file a status report advising the Court of the status of the mediation and whether Defendants wished to renew their Motion to Dismiss.

17.    On August 10, 2020, Parties entered into a Stipulation and Agreement of Settlement providing for the settlement of all claims in this Action for $39,000,000 in cash (the "Prior Settlement"). The Prior Settlement was on behalf of a settlement class consisting of persons and entities who purchased Spectrum, Old Spectrum, or HRG common stock during the period from January 26, 2017 to November 19, 2018, inclusive (the "Class Period"), and were damaged thereby.

18.    On February 6, 2021, the Court entered an Order denying without prejudice Lead Plaintiffs' motion for final approval of the Prior Settlement.

19.    Pursuant to the Court's February 6, 2021 Order, on February 19, 2021, Lead Plaintiffs submitted a proposed plan to the Court to divide the putative class into separate subclasses of Spectrum investors (the "Spectrum Subclass") and HRG investors (the "HRG Subclass"), and to provide a Private Securities Litigation Reform Act ("PSLRA") notice for an additional lead plaintiff to represent the HRG Subclass.

20.    Upon approval by the Court, on April 2, 2021, Lead Plaintiffs issued the PSLRA notice to purchasers of HRG common stock during the asserted Class Period via PRNewswire.

21.    On June 10, 2021, the Court granted the motion of Jet Capital Master Fund LP ("Jet Capital") to serve as lead plaintiff for the HRG Subclass.

22.    Lead Plaintiffs, Defendants, and Jet Capital engaged in mediation before Jed Melnick, Esq. in an effort to reach a settlement on behalf of both the Spectrum Subclass and the HRG Subclass, which included a formal mediation session on July 22, 2021.

23.    Lead Plaintiffs, Defendants, and Jet Capital were unsuccessful in negotiating a mutually acceptable allocation of the $39,000,000 in settlement consideration that had previously been agreed for both subclasses.

24.    Lead Plaintiffs and Defendants then reached an agreement in principle to settle the Action with respect to the Spectrum Subclass, which was memorialized in a term sheet executed on August 3, 2021 (the "Term Sheet"). The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims of the Spectrum Subclass against Defendants in the Action in return for a cash payment of $32,000,000 for the benefit of the Spectrum Subclass, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers. The proposed Settlement does not affect the claims of the HRG Subclass, which will continue to be litigated by Jet Capital.

25.    On August 27, 2021, the Parties entered into the Stipulation and Agreement of Settlement, which sets forth the terms and conditions of the Settlement. The Stipulation is available at www.SpectrumBrandsSecuritiesLitigation.com.

26.    On August 27, 2021, the Court entered an order severing the claims of the Spectrum Subclass from the claims of the HRG Subclass and allowing the two sets of claims to proceed independently. The action that continues with respect to claims of the Spectrum Subclass is referred to in this Notice as the "Action."

27.    On _____, 2021, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Spectrum Subclass Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval of the Settlement.

7

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SPECTRUM SUBCLASS?

28.    If you are a member of the Spectrum Subclass, you are subject to the Settlement, unless you timely request to be excluded.  The Spectrum Subclass consists of:

> all persons and entities that: (i) purchased common stock of Old Spectrum from January 26, 2017 to July 13, 2018; and/or (iii) purchased common stock of Spectrum from July 13, 2018 to November 19, 2018 (January 26, 2017 to November 19, 2018, the "Class Period") and were damaged thereby (the "Spectrum Subclass").

Excluded from the Spectrum Subclass are:  (i) Defendants (including Spectrum); (ii) the Immediate Family members of the Individual Defendants; (iii) the Officers and directors of Old Spectrum, Spectrum, and HRG currently and during the Class Period and their Immediate Family members; (iv) any entity in which any of the foregoing excluded persons or entities has or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity.  This Settlement does not settle or release claims arising out of purchases of HRG common stock on the open market from January 26, 2017 to November 19, 2018.  Also excluded from the Spectrum Subclass are any persons and entities who or which previously submitted a request for exclusion from the settlement class in connection with the Prior Settlement,[3] or exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Spectrum Subclass?  How Do I Exclude Myself?" on page [___] below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SPECTRUM SUBCLASS MEMBER OR THAT YOU WILL BE ENTITLED TO A PAYMENT FROM THE SETTLEMENT.  IF YOU ARE A SPECTRUM SUBCLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN                     , 2021.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

29.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, assuming Lead Plaintiffs were successful in defeating Defendants' pending motion to dismiss, as well as the very substantial risks Lead Plaintiffs would face in establishing liability and damages.  For example, Lead Plaintiffs would have faced substantial challenges in proving that certain of Spectrum's statements about the GAC and HHI consolidations were actionable under the federal securities laws.  Specifically, Defendants had credible arguments that their statements about the progress of both initiatives, including the "transitory" nature of the consolidation issues affecting

---

[3] A list of the persons who previously submitted a request for exclusion ("Opt-Out List") can be found at www.SpectrumBrandsSecuritiesLitigation.com.

8

the Company, were not false. Defendants would have continued to argue that the consolidations were progressing adequately during much of the Class Period, and that the issues facing the consolidations were in fact transitory, because the issues were significantly resolved by the end of the Class Period. In addition, Lead Plaintiffs would have faced challenges in proving that Defendants made the alleged false statements with the intent to mislead investors or were reckless in making the statements. For example, Defendants would have continued to argue that the Company was making adequate progress in consolidating its distribution networks, and that Defendants were only made aware of any deeper issues later in the Class Period—directly before Defendants informed the market of these issues.

30.    Lead Plaintiffs would also have faced significant hurdles in proving "loss causation"—that the alleged misstatements were the cause of investors' losses—and in proving damages with respect to the alleged corrective disclosures. For example, Defendants have argued and would continue to argue that a substantial portion, if not all, of the negative news released to the market that Lead Plaintiffs alleged disclosed the fraud actually was totally unrelated to the alleged fraud. If Defendants were successful, Lead Plaintiffs' maximum damages would be substantially reduced or eliminated entirely.

31.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Spectrum Subclass, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Spectrum Subclass. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Spectrum Subclass, namely $32,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after the Court's decision on the motion to dismiss, summary judgment, trial, and appeals, possibly years in the future.

32.    Defendants have expressly denied the claims asserted against them in the Action and expressly deny that the Spectrum Subclass was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission by Defendants of any fault, liability, wrongdoing, or damages.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

33.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Spectrum Subclass would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at the motion to dismiss, on summary judgment, at trial, or on appeal, the Spectrum Subclass could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SPECTRUM SUBCLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

34.    As a Spectrum Subclass Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a

9

notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

35.    If you are a Spectrum Subclass Member and do not wish to remain a Spectrum Subclass Member, you may exclude yourself from the Spectrum Subclass by following the instructions in the section entitled "What If I Do Not Want To Be A Member Of The Spectrum Subclass?  How Do I Exclude Myself?" below.

36.    If you are a Spectrum Subclass Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Spectrum Subclass, you may present your objections by following the instructions in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

37.    If you are a Spectrum Subclass Member and you do not exclude yourself from the Spectrum Subclass, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the Spectrum Subclass's claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Spectrum Subclass Members will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all of the Released Plaintiffs' Claims (as defined in ¶ 38 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 39 below), and will forever be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

38.    "Released Plaintiffs' Claims" means all claims, demands, losses, liabilities, rights, and causes of action of any nature whatsoever, whether known claims or Unknown Claims (as defined in ¶ 40 below), whether arising under federal, state, common, or foreign law, whether brought directly or indirectly, that (i) Lead Plaintiffs asserted on behalf of members of the Spectrum Subclass in the Complaint or (ii) that Lead Plaintiffs or any other members of the Spectrum Subclass, on behalf of themselves and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, could have asserted in this Action or could in the future assert in any forum that arise out of, are based upon, or relate to in any way to (a) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged, or referred to in the Complaint and (ii) the purchase, acquisition, sale, or holding of Spectrum common stock or Old Spectrum common stock during the Class Period by members of the Spectrum Subclass.  The Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims arising out of purchases of HRG common stock on the open market from January 26, 2017 to November 19, 2018; (iii) any claims asserted in *Plymouth Cty. Ret. Ass'n v. Spectrum Brands Holdings, Inc., et al.*, 2019CV000982 (Wis. Cir. Ct. Dane Cty.); (iv) any claims asserted in any derivative action or ERISA action; and (v) any claims of any person or entity who or which previously submitted a request for exclusion from the settlement class in connection with Prior Settlement or submits a request for exclusion from the Spectrum Subclass that is accepted by the Court.

39.    "Defendants' Releasees" means (i) Defendants; (ii) the present and former parents, subsidiaries, divisions, and affiliates of Spectrum, Old Spectrum, and HRG; (iii) the present and former employees, Officers, and directors of each of the foregoing in (i)-(ii); (iv) the present and

10

former attorneys, insurers, and agents of each of the foregoing in (i)-(iii); and (v) the predecessors, heirs, successors, and assigns of each of the foregoing in (i)-(iv).

40. "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Spectrum Subclass Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Spectrum Subclass Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Spectrum Subclass Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

41. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims (as defined in ¶ 42 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 43 below), and will forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

42. "Released Defendants' Claims" means all claims, demands, losses, liabilities, rights, and causes of action of any nature whatsoever, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, whether brought directly or indirectly, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement, and (ii) any claims against any person or entity who or which previously submitted a request for exclusion from the settlement class in connection with the Prior Settlement or submits a request for exclusion from the Spectrum Subclass that is accepted by the Court.

43. "Plaintiffs' Releasees" means (i) Lead Plaintiffs, all other plaintiffs in the Action, all other Spectrum Subclass Members, and Plaintiffs' Counsel; (ii) the present and former parents, subsidiaries, divisions, and affiliates of each of the foregoing in (i); (iii) the present and former employees, Officers, directors, and trustees of each of the foregoing in (i)-(ii); (iv) the present and former attorneys, insurers, and agents of each of the foregoing in (i)-(iii); and (v) the predecessors, heirs, successors, and assigns of each of the foregoing in (i)-(iv).

11

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

44.    To be potentially eligible for a payment from the Settlement, you must be a member of the Spectrum Subclass and either you must have submitted a Claim Form to the Claims Administrator in connection with the Prior Settlement (your earlier Claim Form will be considered for participation in this Settlement), or you must timely complete and return the Claim Form with adequate supporting documentation *postmarked* **no later than          , 2021**.

45.    A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.SpectrumBrandsSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-674-0176 or by emailing the Claims Administrator at info@SpectrumBrandsSecuritiesLitigation.com.  Please retain all records of your ownership of and transactions in Spectrum common stock and Old Spectrum common stock, as they will be needed to document your Claim.  The Parties and Claims Administrator do not have information about your transactions in Spectrum or Old Spectrum common stock.

46.    If you request exclusion from the Spectrum Subclass or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.  **PLEASE NOTE: If you submitted a Claim Form in connection with the Prior Settlement, DO NOT submit another form.**

## HOW MUCH WILL MY PAYMENT BE?

47.    At this time, it is not possible to make any determination as to how much any individual Spectrum Subclass Member may receive from the Settlement.

48.    Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid a total of $32,000,000 in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Spectrum Subclass Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

49.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

50.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

51.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

12

52.    Unless the Court otherwise orders, any Spectrum Subclass Member who or which did not previously submit a Claim Form and fails to submit a Claim Form postmarked on or before _____, 2021 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Spectrum Subclass and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Spectrum Subclass Member releases the Released Plaintiffs' Claims (as defined in ¶ 38 above) against the Defendants' Releasees (as defined in ¶ 39 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Spectrum Subclass Member submits a Claim Form.

53.    Participants in, and beneficiaries of, a Spectrum, Old Spectrum, or HRG employee benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Spectrum common stock or Old Spectrum common stock held through the ERISA Plan in any Claim Form that they submit in this Action.  They should include ONLY those shares that they purchased outside the ERISA Plan.  Claims based on any ERISA Plan's purchases of Spectrum common stock or Old Spectrum common stock during the Class Period may be made by the plans' trustees.

54.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Spectrum Subclass Member.

55.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

56.    Only Spectrum Subclass Members, *i.e.*, persons and entities who purchased Spectrum common stock or Old Spectrum common stock during the Class Period and were damaged as a result of such purchases, will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Spectrum Subclass by definition or that exclude themselves from the Spectrum Subclass pursuant to request will not be eligible for a payment and should not submit Claim Forms.  The only securities that are included in the Settlement are Spectrum common stock and Old Spectrum common stock.

## PROPOSED PLAN OF ALLOCATION

57.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Spectrum Subclass Members who suffered economic losses as a result of Defendants' alleged violations of the federal securities laws.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Spectrum Subclass Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

58.    In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the price of Spectrum Brands common stock[4] allegedly caused by Defendants' alleged false and misleading statements and material omissions.  In

---

[4] "Spectrum Brands common stock" refers collectively to pre-Merger Spectrum common stock (also referred to in this Notice as "Old Spectrum" common stock), and post-Merger Spectrum common stock.

13

calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in the stock in reaction to the public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces. The estimated artificial inflation in the price of Spectrum Brands common stock is stated in Tables A-1 and A-2 at the end of this Notice.

59.    For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the Spectrum Brands common stock. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from January 26, 2017 to November 19, 2018, which had the effect of artificially inflating the price of Spectrum Brands common stock. Lead Plaintiffs further allege that corrective information was released to the market on April 26, 2018 (before the opening of trading) and November 19, 2018 (before the opening of trading), which partially removed the artificial inflation from the price of the Spectrum Brands common stock on those days.

60.    Recognized Loss Amounts for transactions in Spectrum Brands common stock are calculated under the Plan of Allocation based primarily on the difference in the amount of alleged artificial inflation in the price of Spectrum Brands common stock at the time of purchase and the time of sale or the difference between the actual purchase price and sale price. In order to have a Recognized Loss Amount under the Plan of Allocation, a Spectrum Subclass Member who purchased Spectrum Brands common stock during the Class Period must have held his, her, or its shares through at least one of the dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Spectrum Brands common stock.

**CALCULATION OF PRE-MERGER SPECTRUM RECOGNIZED LOSS AMOUNTS FOR PURCHASERS OF SPECTRUM COMMON STOCK FROM JANUARY 26, 2017 THROUGH JULY 13, 2018[5]**

61.    Based on the formula stated below, a "Pre-Merger Spectrum Recognized Loss Amount" will be calculated for each purchase of pre-Merger Spectrum common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Pre-Merger Spectrum Recognized Loss Amount calculates to a negative number or zero under the formula below, the Pre-Merger Spectrum Recognized Loss Amount for that transaction will be zero.

62.    For each share of pre-Merger Spectrum common stock purchased from January 26, 2017 through July 13, 2018, and

---

[5] The Spectrum Subclass Members in this section include purchasers of pre-Merger Spectrum common stock from January 26, 2017 through July 13, 2018. Such shares may have been: (i) sold as pre-Merger Spectrum common stock from January 26, 2017 through July 13, 2018; (ii) sold as post-Merger Spectrum common stock after July 13, 2018 through February 15, 2019; or (iii) held as post-Merger Spectrum common stock at the close of trading on February 15, 2019. At the time of the Merger (after market close on July 13, 2018) holders of pre-Merger Spectrum common stock received one share of post-Merger Spectrum common stock for each share of pre-Merger Spectrum common stock.

(a)     sold before April 26, 2018, the Pre-Merger Spectrum Recognized Loss Amount is zero;

(b)     sold on or after April 26, 2018 but before November 19, 2018, the Pre-Merger Spectrum Recognized Loss Amount is **the lesser of**: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-1 *less* the amount of artificial inflation per share on the date of sale as stated in Table A-1; or (ii) the purchase price per share *less* the sales price per share;

(c)     sold from November 19, 2018 through February 15, 2019, the Pre-Merger Spectrum Recognized Loss Amount is **the least of**: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-1; (ii) the purchase price per share *less* the sales price per share; or (iii) the purchase price per share *less* the average closing price between November 19, 2018 and the date of sale as stated in Table B below; or

(d)     held at the close of trading on February 15, 2019, the Pre-Merger Spectrum Recognized Loss Amount is equal to **the lesser of:** (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-1; or (ii) the purchase price per share *less* $49.35.[6]

## CALCULATION OF POST-MERGER SPECTRUM RECOGNIZED LOSS AMOUNTS FOR PURCHASERS OF SPECTRUM COMMON STOCK AFTER JULY 13, 2018 BUT BEFORE NOVEMBER 19, 2018

63.    Based on the formula stated below, a "Post-Merger Spectrum Recognized Loss Amount" will be calculated for each purchase of post-merger Spectrum common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Post-Merger Spectrum Recognized Loss Amount calculates to a negative number or zero under the formula below, the Post-Merger Spectrum Recognized Loss Amount for that transaction will be zero.

64.    For each share of Spectrum common stock purchased after July 13, 2018 but before November 19, 2018, and

(a)     sold before November 19, 2018, the Post-Merger Spectrum Recognized Loss Amount is zero;

(b)     sold from November 19, 2018 through February 15, 2019, the Post-Merger Spectrum Recognized Loss Amount is **the least of**: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-2; (ii) the purchase price per share *less* the sales price per share; or (iii) the purchase price per share

---

[6] Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  The average (mean) closing price of Spectrum common stock during the 90-day look-back period from November 19, 2018 through February 15, 2019 was $49.35.

*less* the average closing price between November 19, 2018 and the date of sale as stated in Table B below; or

(c)    held at the close of trading on February 15, 2019, the Post-Merger Spectrum Recognized Loss Amount is equal to **the lesser of:** (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-2; or (ii) the purchase price per share *less* $49.35.[7]

## ADDITIONAL PROVISIONS

65.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Pre-Merger Spectrum Recognized Loss Amounts, as calculated above, plus the sum of his, her, or its Post-Merger Spectrum Recognized Loss Amounts, as calculated above.

66.    **FIFO Matching:** If a Spectrum Subclass Member made more than one purchase or sale of Spectrum Brands common stock during the Class Period, all purchases and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings of Spectrum Brands common stock at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.[8]

67.    **"Purchase/Sale" Dates:** Purchases and sales of Spectrum Brands common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. However, the receipt or grant by gift, inheritance, or operation of law of Spectrum Brands common stock during the Class Period shall not be deemed a purchase or sale for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of the stock unless (i) the donor or decedent purchased the Spectrum Brands common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

68.    **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase of the Spectrum Brands common stock. The date of a "short sale" is deemed to be the date of sale of the Spectrum Brands common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

69.    In the event that a Claimant has an opening short position in Spectrum Brands common stock, the earliest purchases of Spectrum Brands common stock during the Class Period will be

---

[7] *See* footnote 5 above.

[8] Sales of pre-Merger Spectrum common stock will be matched first against any holdings of pre-Merger Spectrum common stock at the beginning of the Class Period, and then against purchases of that security in chronological order, beginning with the earliest purchase made during the Class Period. Sales of post-Merger Spectrum common stock will be matched (1) *first* against purchases of pre-Merger Spectrum common stock that are still held as of the time of the Merger (in chronological order, beginning with any holdings of pre-Merger Spectrum common stock at the beginning of the Class Period and then the earliest purchases made during the Class Period); (2) *second* against all shares of post-Merger Spectrum common stock received in the July 13, 2018 Merger as a result of holdings of HRG common stock on July 13, 2018; and (3) *third* against any purchases of post-Merger Spectrum common stock purchased after July 13, 2018.

16

matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

70.    **Shares Purchased/Sold Through the Exercise of Options:**  Option contracts are not securities eligible to participate in the Settlement.  With respect to shares of Spectrum Brands common stock purchased or sold through the exercise of an option, the purchase/sale date of the Spectrum Brands common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

71.    **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Spectrum Brands common stock during the Class Period.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[9] and (ii) the sum of the Claimant's Total Sales Proceeds[10] and the Claimant's Holding Value.[11]  If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

72.    If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Spectrum Brands common stock, the value of the Claimant's Recognized Claim will be zero, and the Claimant will not be eligible to receive a payment in the Settlement but will, nonetheless, be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Spectrum Brands common stock but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

73.    **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

74.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess

---

[9] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all Spectrum Brands common stock purchased during the Class Period.

[10] The proceeds of any sales of Spectrum Brands common stock during the Class Period that are matched on a FIFO basis (see ¶ 66 & n.8) with (i) Claimant's opening position in Spectrum Brands common stock as of the opening of trading on January 26, 2017 or (ii) with the post-Merger Spectrum shares received as a result of holdings of HRG shares at the time of the Merger will not be considered for purposes of calculating market gains or losses.  The total amount received (not deducting any fees, commissions, and taxes) for sales of the remaining Spectrum Brands common stock sold during the Class Period is the "Total Sales Proceeds."

[11] The Claims Administrator shall ascribe a "Holding Value" of $48.05 per share to each share of Spectrum Brands common stock purchased during the Class Period that was still held as of the opening of trading on November 19, 2018 (and that was not the result of a conversion from HRG shares).

17

amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

75.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation of Authorized Claimants' *pro rata* shares, and no distribution will be made to that Authorized Claimant.

76.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for that distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from the subsequent distribution.  Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such distributions, would be cost-effective.  At such time as it is determined that the distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

77.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages expert, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

78.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed, or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.SpectrumBrandsSecuritiesLitigation.com.

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SPECTRUM SUBCLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?**

---

79.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Spectrum Subclass, nor have Plaintiffs' Counsel been paid for their litigation expenses.  Before final approval of the Settlement, Lead Counsel will apply to

the Court for an award of attorneys' fees for Plaintiffs' Counsel in an amount not to exceed 15% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses incurred by Plaintiffs' Counsel in an amount not to exceed $400,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Spectrum Subclass, pursuant to the PSLRA. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Spectrum Subclass Members are not personally liable for any such fees or expenses.

| |
|---|
| **WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SPECTRUM SUBCLASS? HOW DO I EXCLUDE MYSELF?** |

80.    Each Spectrum Subclass Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Spectrum Subclass, addressed to Spectrum Brands Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91362, Seattle, WA 98111. The Request for Exclusion must be *received* **no later than _____, 2021**. You will not be able to exclude yourself from the Spectrum Subclass after that date. Each Request for Exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Spectrum Subclass in *In re Spectrum Brands Securities Litigation*, Case No. 19-cv-347-jdp"; (iii) state: (A) the number of shares of Old Spectrum common stock that the person or entity requesting exclusion owned as of the opening of trading on January 26, 2017; (B) the number of shares of Old Spectrum common stock that the person or entity requesting exclusion purchased and sold during the period from January 26, 2017 to July 13, 2018, including the dates, number of shares, and prices of each such purchase and sale; and (C) the number of shares of Spectrum common stock that the person or entity requesting exclusion purchased and sold during the period from July 13, 2018 to November 19, 2018, including the dates, number of shares, and prices of each such purchase and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion that does not provide all the information called for in this paragraph and is not received within the time stated above will be invalid and will not be allowed. Lead Counsel may request that the person or entity requesting exclusion submit additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in Old Spectrum common stock and Spectrum common stock.

81.    If you do not want to be part of the Spectrum Subclass, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

82.    If you exclude yourself from the Spectrum Subclass, you should understand that Defendants and the other Defendants' Releasees will have the right to assert all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

83.    If you ask to be excluded from the Spectrum Subclass, you will not be eligible to receive any payment out of the Net Settlement Fund.

84.    Spectrum has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Spectrum Subclass in an amount that exceeds an amount agreed to by Lead Plaintiffs and Spectrum.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

85.    **Spectrum Subclass Members do not need to attend the Settlement Fairness Hearing. The Court will consider any submission made in accordance with the provisions below even if a Spectrum Subclass Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Fairness Hearing.**

86.    Please Note: The date and time of the Settlement Fairness Hearing may change without further written notice to the Spectrum Subclass.  In addition, the ongoing COVID-19 health emergency is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Fairness Hearing by telephonic or video conference, or otherwise allow Spectrum Subclass Members to appear at the hearing by phone or video, without further written notice to the Spectrum Subclass.  **In order to determine whether the date and time of the Settlement Fairness Hearing have changed, or whether Spectrum Subclass Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com, before making any plans to attend the Settlement Fairness Hearing.  Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com.  Also, if the Court requires or allows Spectrum Subclass Members to participate in the Settlement Fairness Hearing by telephone or video conference, the information needed to access the conference will be posted to the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com**.

87.    The Settlement Fairness Hearing will be held on _____, **2021 at __:__ _.m.**, before the Honorable James D. Peterson, either in person at the United States District Court for the Western District of Wisconsin, Courtroom 260, United States Courthouse, 120 North Henry Street, Madison, WI 53703400, or by telephone or video conference (in the discretion of the Court), to determine, among other things: (i) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Spectrum Subclass, and should be finally approved by the Court; (ii) whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Spectrum Subclass, Lead Plaintiffs should be certified as Class Representatives for the Spectrum Subclass, and Lead Counsel should be appointed as Class Counsel for the Spectrum Subclass; (iii) whether the claims asserted in the Action on behalf of the Spectrum Subclass should be dismissed with prejudice against Defendants and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; (v) whether Lead Counsel's application for an award of attorneys' fees and Litigation Expenses should be approved; and (vi) any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to certify the Spectrum Subclass; approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses; and consider any other matter related to the Settlement

20

at or after the Settlement Fairness Hearing without further notice to the members of the Spectrum Subclass.

88.    Any Spectrum Subclass Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Objections must be in writing.  To object, you must: **(1)** file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the U.S District Court for the Western District of Wisconsin at the address set forth below **on or before** _____, **2021**; **(2)** serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before** _____, **2021**; **and (3)** email a copy of your objection to katiem@blbglaw.com and rrosen@paulweiss.com by _____, **2021**.

| CLERK'S OFFICE | |
|---|---|
| Clerk of Court<br>United States District Court<br>Western District of Wisconsin<br>United States Courthouse<br>120 North Henry Street, Room 320<br>Madison, WI 53703 | |
| **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
| **Bernstein Litowitz Berger<br>& Grossmann LLP**<br>Katherine M. Sinderson, Esq.<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020<br>KatieM@blbglaw.com | **Paul, Weiss, Rifkind, Wharton<br>& Garrison LLP**<br>Richard A. Rosen, Esq.<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>RRosen@paulweiss.com |

89.    Any objection must:  (i) identify the case name and docket number, *In re Spectrum Brands Securities Litigation*, Case No. 19-cv-347-jdp; (ii) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (iii) state with specificity the grounds for the Spectrum Subclass Member's objection, including any legal and evidentiary support the Spectrum Subclass Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Spectrum Subclass, or to the entire Spectrum Subclass; and (iv) include documents sufficient to prove membership in the Spectrum Subclass, including documents showing (A) the number of shares of Old Spectrum common stock that the objecting Spectrum Subclass Member owned as of the opening of trading on January 26, 2017; (B) the number of shares of Old Spectrum common stock that the objecting Spectrum Subclass Member purchased and sold during the period from January 26, 2017 to July 13, 2018, including the dates, number of shares, and prices of each such purchase and sale; and (C) the number of shares of Spectrum common stock that the objecting Spectrum Subclass Member purchased and sold during the period from July 13, 2018 to November 19, 2018, including the dates, number of shares, and prices of each such purchase and sale.  Documentation establishing membership in the Spectrum Subclass must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker

21

containing the transactional and holding information found in a broker confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Spectrum Subclass or if you are not a member of the Spectrum Subclass.

90. You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

91. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, assuming you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶ 88 above so that it is *received* **on or before** _____**, 2021**. Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

92. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing (unless you are a corporation or other entity that may appear in Court only through counsel). However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 88 above so that the notice is *received* **on or before** _____**, 2021**.

93. The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Spectrum Subclass. If you intend to attend the Settlement Fairness Hearing, you should confirm the date and time on the Court's docket or with Lead Counsel.

94. **Unless the Court orders otherwise, any Spectrum Subclass Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Spectrum Subclass Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval**.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

95. If you purchased: (i) shares of Old Spectrum common stock from January 26, 2017 to July 13, 2018; or (ii) shares of Spectrum common stock from July 13, 2018 to November 19, 2018, for the beneficial interest of persons or organizations other than yourself, you must either: **(1)** within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or **(2)** within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to Spectrum Brands Securities Litigation, c/o JND Legal Administration, P.O. Box 91362, Seattle, WA 98111.

**However, if you previously provided names and addresses of potential settlement class members in this Action to the Claims Administrator in connection with the Prior Settlement, you are not required to provide those names and addresses again.**  You are only required to provide the Claims Administrator with names and addresses of beneficial owners described above that were not previously provided, or if there are any name or address changes.  In addition, if you choose the first option, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the list of names and addresses for use in connection with any possible future notice to the Spectrum Subclass.  If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners.

96.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-833-674-0176, or by emailing the Claims Administrator at info@SpectrumBrandsSecuritiesLitigation.com.

---

### CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

---

97.  This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk of the Court, U.S. District Court for the Western District of Wisconsin, U.S. Courthouse, 120 North Henry Street, Room 320, Madison, WI 53703.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

<table>
<tr><td>Spectrum Brands Securities Litigation<br>c/o JND Legal Administration<br>P.O. Box 91362<br>Seattle, WA 98111<br>1-833-674-0176<br>info@SpectrumBrandsSecuritiesLitigation.com<br>www.SpectrumBrandsSecuritiesLitigation.com</td><td>and/or</td><td>Katherine M. Sinderson, Esq.<br>Bernstein Litowitz Berger<br>& Grossmann LLP<br>1251 Avenue of the Americas,<br>44th Floor<br>New York, NY 10020<br>1-800-380-8496<br>settlements@blbglaw.com</td></tr>
</table>

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2021

By Order of the Court
United States District Court
Western District of Wisconsin

23

**TABLE A-1**

**Estimated Artificial Inflation with Respect to Purchases and Sales of
Pre-Merger Spectrum Common Stock ("Old Spectrum")[12]**

| Date Range | Artificial Inflation Per Share |
|---|---|
| January 26, 2017 – April 25, 2018 | $17.32 |
| April 26, 2018 – November 18, 2018 | $4.63 |
| November 19, 2018 | $0.00 |

**TABLE A-2**

**Estimated Artificial Inflation with Respect to Purchases and Sales of
Post-Merger Spectrum Common Stock ("Spectrum")**

| Date Range | Artificial Inflation Per Share |
|---|---|
| July 14, 2018 – November 18, 2018 | $4.63 |
| November 19, 2018 | $0.00 |

---

[12] Table A-1 is appropriate for all purchases of pre-Merger Spectrum common stock from January 26, 2017 through July 13, 2018, which were later either: (i) sold as pre-Merger Spectrum common stock from January 26, 2017 through July 13, 2018; (ii) sold as post-Merger Spectrum common stock after July 13, 2018 through February 15, 2019; or (iii) held as post-Merger Spectrum common stock at the close of trading on February 15, 2019.

24

**TABLE B**

**Spectrum Brands Common Stock Closing Price and Average Closing Price**
**November 19, 2018 – February 15, 2019[13]**

| Date | Closing Price | Average Closing Price Between November 19, 2018 and Date Shown | Date | Closing Price | Average Closing Price Between November 19, 2018 and Date Shown |
|---|---|---|---|---|---|
| 11/19/2018 | $48.05 | $48.05 | 1/4/2019 | $46.94 | $46.30 |
| 11/20/2018 | $49.25 | $48.65 | 1/7/2019 | $47.75 | $46.35 |
| 11/21/2018 | $50.12 | $49.14 | 1/8/2019 | $48.70 | $46.42 |
| 11/23/2018 | $51.42 | $49.71 | 1/9/2019 | $50.85 | $46.55 |
| 11/26/2018 | $50.95 | $49.96 | 1/10/2019 | $51.10 | $46.68 |
| 11/27/2018 | $49.76 | $49.93 | 1/11/2019 | $50.97 | $46.80 |
| 11/28/2018 | $49.43 | $49.85 | 1/14/2019 | $51.54 | $46.93 |
| 11/29/2018 | $49.66 | $49.83 | 1/15/2019 | $51.97 | $47.06 |
| 11/30/2018 | $49.38 | $49.78 | 1/16/2019 | $52.66 | $47.20 |
| 12/3/2018 | $49.68 | $49.77 | 1/17/2019 | $53.73 | $47.37 |
| 12/4/2018 | $47.65 | $49.58 | 1/18/2019 | $55.22 | $47.56 |
| 12/6/2018 | $47.32 | $49.39 | 1/22/2019 | $53.35 | $47.70 |
| 12/7/2018 | $47.36 | $49.23 | 1/23/2019 | $52.70 | $47.81 |
| 12/10/2018 | $46.75 | $49.06 | 1/24/2019 | $53.60 | $47.95 |
| 12/11/2018 | $47.78 | $48.97 | 1/25/2019 | $53.97 | $48.08 |
| 12/12/2018 | $46.71 | $48.83 | 1/28/2019 | $53.66 | $48.20 |
| 12/13/2018 | $45.51 | $48.63 | 1/29/2019 | $54.35 | $48.33 |
| 12/14/2018 | $45.23 | $48.45 | 1/30/2019 | $54.82 | $48.47 |
| 12/17/2018 | $43.95 | $48.21 | 1/31/2019 | $55.88 | $48.62 |
| 12/18/2018 | $44.25 | $48.01 | 2/1/2019 | $56.64 | $48.78 |
| 12/19/2018 | $43.47 | $47.79 | 2/4/2019 | $57.85 | $48.96 |
| 12/20/2018 | $42.79 | $47.57 | 2/5/2019 | $57.42 | $49.12 |
| 12/21/2018 | $42.38 | $47.34 | 2/6/2019 | $57.49 | $49.28 |
| 12/24/2018 | $41.68 | $47.11 | 2/7/2019 | $47.33 | $49.24 |
| 12/26/2018 | $42.20 | $46.91 | 2/8/2019 | $46.91 | $49.20 |
| 12/27/2018 | $42.63 | $46.74 | 2/11/2019 | $46.90 | $49.16 |
| 12/28/2018 | $42.67 | $46.59 | 2/12/2019 | $49.21 | $49.16 |
| 12/31/2018 | $42.25 | $46.44 | 2/13/2019 | $51.43 | $49.20 |
| 1/2/2019 | $43.42 | $46.33 | 2/14/2019 | $53.35 | $49.27 |
| 1/3/2019 | $44.80 | $46.28 | 2/15/2019 | $54.25 | $49.35 |

---

[13] The 90th calendar day of the 90-day lookback period was Saturday, February 16, 2019, which was not a trading day.  Therefore, Table B displays closing and average prices through Friday, February 15, 2019.

# Exhibit A-2

**Exhibit A-2**

# PROOF OF CLAIM AND RELEASE

To be potentially eligible to receive a share of the Net Settlement Fund in connection with this Settlement, you must complete and sign this Proof of Claim and Release Form ("claim form") and mail it by first-class mail to the address below, with supporting documentation, *postmarked* **no later than**             **, 2021**.

**Please Note:  If you previously submitted a Claim Form in connection with the earlier proposed settlement in the Action, which you may have received in late 2020, you do not need to do so again.**  Your earlier Claim Form will be considered for participation in this Settlement.  However, if you are a Spectrum Subclass Member and did NOT previously submit Claim Form you must submit a Claim Form *postmarked no later than*       *, 2021* to be eligible to participate in the Settlement.  If you are not certain whether you previously submitted a Claim Form you may contact the Claims Administrator at 1-833-674-0176 to confirm.

## Mail to:

**Spectrum Brands Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91362**
**Seattle, WA 98111**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| **TABLE OF CONTENTS** | **PAGE #** |
|---|---|
| **PART I – CLAIMANT INFORMATION** | [__] |
| **PART II – GENERAL INSTRUCTIONS** | [__] |
| **PART III – SCHEDULE OF TRANSACTIONS IN OLD SPECTRUM COMMON STOCK (NYSE: SPB; CUSIP: 84763R101)** | [__] |
| **PART IV – SCHEDULE OF TRANSACTIONS IN SPECTRUM COMMON STOCK (NYSE: SPB; CUSIP: 84790A105)** | [__] |
| **PART V – RELEASE OF CLAIMS AND SIGNATURE** | [__] |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                                    Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                                    Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*e.g.*, executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City                                    State/Province    Zip Code

Foreign Postal Code (if applicable)          Foreign Country (if applicable)

Telephone Number (Day)                       Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number (where securities were traded)[1]

| | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)    ☐ Corporation    ☐ UGMA Custodian    ☐ IRA

☐ Partnership    ☐ Estate    ☐ Trust    ☐ Other (describe: _____ )

---

[1] If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity, you may write "multiple."  Please see ¶ 9 of the General Instructions below for more information on when to file separate Claim Forms for multiple accounts.

**PART II – GENERAL INSTRUCTIONS**

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Spectrum Subclass Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to receive a payment from the Settlement described in the Notice.  IF YOU ARE NOT A SPECTRUM SUBCLASS MEMBER (*see* the definition of the Spectrum Subclass in ¶ 28 of the Notice, which sets forth who is included in and who is excluded from the Spectrum Subclass), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SPECTRUM SUBCLASS MEMBER.**  THUS, IF YOU ARE EXCLUDED FROM THE SPECTRUM SUBCLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Parts III and IV of this Claim Form to supply all required details of your transaction(s) in, and holdings of, Spectrum Brands Legacy, Inc. (f/k/a Spectrum Brands Holdings, Inc.) ("Old Spectrum" or "pre-Merger Spectrum") common stock, and/or Spectrum Brands Holdings, Inc. ("Spectrum" or "post-Merger Spectrum") common stock.  On these schedules, provide all of the requested information with respect to your holdings, purchases, and sales of these securities (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

5.      On July 13, 2018, Old Spectrum (then known as Spectrum Brands Holdings, Inc.) was wholly acquired by HRG Group, Inc. in a reverse Merger (the "Merger"), with the surviving entity renamed "Spectrum Brands Holdings, Inc."  In connection with the Merger, holders of Old Spectrum common stock received shares of Spectrum common stock, and Old Spectrum common stock was no longer publicly traded following the closing of the Merger (after the market close on July 13, 2018).  In the Schedule of Transactions in Parts III and IV of this Claim Form, Claimants should state the share quantities and prices exactly as reflected in their supporting documentation.

6.      **Please note**:  Only the following purchase transactions are eligible for recovery under the Settlement: (i) purchases of Old Spectrum common stock from January 26, 2017 through July 13, 2018; and (ii) purchases of Spectrum common stock after July 13, 2018 but before November 19, 2018.  However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), sales of Spectrum common stock during the period from November 19, 2018 through and including the close of trading on February 15, 2019 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase

information during this period must also be provided.  In addition, information on the number of shares of post-Merger Spectrum common stock you received as a result of the conversion of HRG common stock in the Merger (if any) is also required in order to calculate your claim, but those shares are not eligible under the Settlement. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim**.

7.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Old Spectrum and/or Spectrum common stock set forth in the Schedule of Transactions in Parts III and IV of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Old Spectrum or Spectrum common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Old Spectrum and/or Spectrum common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.      **One Claim should be submitted for each separate legal entity or separately managed account.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Old Spectrum and Spectrum common stock made on behalf of a single beneficial owner.

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)     expressly state the capacity in which they are acting;

    (b)     identify the name, account number, Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Old Spectrum and/or Spectrum common stock; and

    (c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to

trade securities in another person's accounts.)

11.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the Old Spectrum and/or Spectrum common stock you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

12.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

14.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

15.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@SpectrumBrandsSecuritiesLitigation.com, or by toll-free phone at 1-833-674-0176, or you can visit the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.SpectrumBrandsSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at SPCSecurities@JNDLA.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at SPCSecurities@JNDLA.com to inquire about your file and confirm it was received.**

### IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS OF YOUR SUBMISSION.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-833-674-0176 OR BY EMAIL AT INFO@SPECTRUMBRANDSSECURITIESLITIGATION.COM.**

**PART III – SCHEDULE OF TRANSACTIONS IN OLD SPECTRUM COMMON STOCK**

Complete this Part III if you purchased Spectrum Brands Holdings, Inc. (now known as Spectrum Brands Legacy, Inc.) ("Old Spectrum") common stock (NYSE: SPB; CUSIP: 84763R101) from January 26, 2017 through July 13, 2018.  Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 7, above.  Do not include information regarding securities other than Old Spectrum common stock.

| **1. HOLDINGS AS OF JANUARY 26, 2017** – State the total number of shares of Old Spectrum common stock held as of the opening of trading on January 26, 2017.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |
|---|---|---|---|---|
| **2. PURCHASES FROM JANUARY 26, 2017 THROUGH JULY 13, 2018** – Separately list each and every purchase or acquisition (including free receipts) of Old Spectrum common stock from after the opening of trading on January 26, 2017 through and including the close of trading on July 13, 2018.  (Must be documented.) | | | | |
| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding any fees, commissions, and taxes) | Confirm Proof of Purchase Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **3. SALES FROM JANUARY 26, 2017 THROUGH JULY 13, 2018** – Separately list each and every sale or disposition (including free deliveries) of Old Spectrum common stock from after the opening of trading on January 26, 2017 through and including the close of trading on July 13, 2018. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **4. HOLDINGS AS OF JULY 13, 2018** – State the total number of shares of Old Spectrum common stock held at the close of trading on July 13, 2018 and prior to the Merger.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |

| | |
|---|---|
| **Please note:** Shares of Spectrum common stock were exchanged for shares of post-Merger Spectrum common stock upon the closing of the Merger (after the market close on July 13, 2018). If you held Old Spectrum common stock at the time of the Merger and received shares of post-Merger Spectrum common stock upon the closing of the Merger, please complete Section IV below to provide the required information regarding the ultimate disposition of those shares. | |
| **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐ | |

**PART IV – SCHEDULE OF TRANSACTIONS IN SPECTRUM COMMON STOCK**

Complete this Part IV if you purchased, acquired, held, and/or sold Spectrum Brands Holdings, Inc. ("Spectrum" or "post-Merger Spectrum") common stock (NYSE: SPB; CUSIP: 84790A105) from July 14, 2018 through the close of trading on February 15, 2019. Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 7, above. Do not include information regarding securities other than Spectrum common stock.

| | |
|---|---|
| **1. SHARES RECEIVED IN JULY 13, 2018 MERGER BETWEEN SPECTRUM BRANDS AND HRG GROUP, INC. –** | |
| A. State the total number of shares of post-Merger Spectrum common stock that you received from the conversion of HRG Group, Inc. ("HRG") common stock into post-Merger Spectrum common stock upon the closing of the Merger (after the market close on July 13, 2018).[2] (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
| B. State the total number of shares of post-Merger Spectrum common stock that you received from the conversion of Old Spectrum common stock into post-Merger Spectrum common stock upon the closing of the Merger (after the market close on July 13, 2018). (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

**2. PURCHASES FROM JULY 14, 2018 THROUGH NOVEMBER 18, 2018** – Separately list each and every purchase or acquisition (including free receipts) of post-Merger Spectrum common stock from July 14, 2018 through and including November 18, 2018. (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding any fees, commissions, and taxes) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS FROM NOVEMBER 19, 2018 THROUGH FEBRUARY 15, 2019** – State the total number of shares of post-Merger Spectrum common stock purchased or acquired (including free receipts) from November 19, 2018 through and including the close of trading on February 15, 2019. If none, write "zero" or "0."[3] _____

---

[2] **Please note**: Information requested with respect to the shares of post-Merger Spectrum common stock that you received from the conversion of HRG common stock as a result of the Merger is needed in order to calculate your claim. However, these shares are not eligible under the Settlement.

[3] **Please note**: Information requested with respect to your purchases or acquisitions of Spectrum common stock from November 19, 2018 through and including the close of trading on February 15, 2019 is needed in order to balance your claim; purchases during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.

| 4. SALES FROM JULY 14, 2018 THROUGH FEBRUARY 15, 2019 – Separately list each and every sale or disposition (including free deliveries) of post-Merger Spectrum common stock from July 14, 2018 through and including the close of trading on February 15, 2019. (Must be documented.) | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

| 5. HOLDINGS AS OF FEBRUARY 15, 2019 – State the total number of shares of post-Merger Spectrum common stock held at the close of trading on February 15, 2019. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

## PART V - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [__] OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we) shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Spectrum Subclass Member(s), as defined in the Notice, and is (are) not excluded by definition from the Spectrum Subclass as set forth in the Notice;

3.      that the claimant(s) did ***not*** previously submit a request for exclusion from the settlement class in connection with the Prior Settlement or submit a request for exclusion from the Spectrum Subclass;

4.      that I (we) own(ed) the Old Spectrum and/or Spectrum common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of Old Spectrum and/or Spectrum common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this claim, and waives any right of appeal or review with respect to such determination;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

Page 11

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

---

Signature of claimant                                                                                    Date

---

Print claimant name here

---

Signature of joint claimant, if any                                                                Date

---

Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

---

Signature of person signing on behalf of claimant                                Date

---

Print name of person signing on behalf of claimant here

---

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page [___] of this Claim Form.)

## <u>REMINDER CHECKLIST</u>

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation, as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days of your submission.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-833-674-0176.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@SpectrumBrandsSecuritiesLitigation.com, or by toll-free phone at 1-833-674-0176, or you may visit www.SpectrumBrandsSecuritiesLitigation.com.  DO NOT call Spectrum or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, *POSTMARKED* **NO LATER THAN _____, 2021,** ADDRESSED AS FOLLOWS:

<div align="center">

**Spectrum Brands Securities Litigation**
**c/o JND Legal Administration**
**PO Box 91362**
**Seattle, WA 98111**

</div>

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2021 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# Exhibit A-3

**Exhibit A-3**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION | ) | No. 19-cv-347-jdp |
|  | ) |  |
|  | ) |  |

---

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES

---

**TO:**   All persons and entities that: (i) purchased common stock of Spectrum Brands Legacy, Inc. (then known as Spectrum Brands Holdings, Inc.) from January 26, 2017 to July 13, 2018; and/or (ii) purchased common stock of Spectrum Brands Holdings, Inc. from July 13, 2018 to November 19, 2018, and were damaged thereby (the "Spectrum Subclass").[1]

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Western District of Wisconsin (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System, on behalf of themselves and the Spectrum Subclass, have reached a proposed settlement of all claims asserted in the Action by members of the Spectrum Subclass for $32,000,000 in cash (the "Settlement").

**PLEASE NOTE:**  You may have received notice of a previous proposed settlement of this Action in late 2020.  That earlier proposed settlement was not approved by the Court due to the scope of the proposed settlement class.  The prior settlement has been withdrawn and is no longer

---

[1] Certain persons and entities are excluded from the Spectrum Subclass by definition, as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.SpectrumBrandsSecuritiesLitigation.com.

before the Court. The previously proposed settlement included claims arising from purchases of Spectrum Brands Legacy, Inc. ("Old Spectrum") common stock and Spectrum Brands Holdings, Inc. ("Spectrum") common stock, as well as HRG Group, Inc. ("HRG") common stock. The new Settlement relates *only* to claims arising from the purchases of Old Spectrum or Spectrum common stock. The claims arising from purchases of HRG common stock will not be settled or released by this newly proposed Settlement. The claims arising from purchases of HRG common stock will continue to be litigated in a separate action by a new lead plaintiff, Jet Capital Master Fund LP, which was appointed by the Court to serve as a representative for that group of investors in June 2021.

A hearing (the "Settlement Fairness Hearing") will be held on _____, **2021 at __:__ .m.**, before the Honorable James D. Peterson either in person at the United States District Court for the Western District of Wisconsin, Courtroom 260, United States Courthouse, 120 North Henry Street, Madison, WI 53703400, or by telephone or video conference (in the discretion of the Court), to determine, among other things: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Spectrum Subclass, Lead Plaintiffs should be certified as Class Representatives for the Spectrum Subclass, and Lead Counsel should be appointed as Class Counsel for the Spectrum Subclass; (iii) whether the claims in the Action asserted by the Spectrum Subclass should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated August 27, 2021 (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; (v) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved; and (vi) any other matters that may properly be brought before the Court in connection with the Settlement.

The ongoing COVID-19 health emergency is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Fairness Hearing by video or telephonic conference, or otherwise allow Spectrum Subclass Members to appear at the hearing by phone or video, without further written notice to the Spectrum Subclass. In order to determine whether the date and time of the Settlement Fairness Hearing have changed, or whether Spectrum Subclass Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com, before making any plans to attend the Settlement Fairness Hearing. Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com. Also, if the Court requires or allows Spectrum Subclass Members to participate in the Settlement Fairness Hearing by telephone or video conference, the information needed to access the conference will be posted to the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com.

**If you are a member of the Spectrum Subclass, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at: Spectrum Brands Securities Litigation, c/o JND Legal Administration, P.O. Box 91362, Seattle, WA 98111, 1-833-674-0176,

info@SpectrumBrandsSecuritiesLitigation.com.  Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com.

**If you are a member of the Spectrum Subclass and previously submitted a Claim Form in connection with the earlier proposed settlement in the Action, do not do so again.** Your earlier Claim Form will be considered for participation in this Settlement.  If you are a Spectrum Subclass Member and did NOT previously submit a Claim Form you must submit a Claim Form *postmarked no later than* _____*, 2021* to be eligible to participate in the Settlement.  If you are not certain whether you previously submitted a Claim Form, you may contact the Claims Administrator at 1-833-674-0176 to confirm.

If you are a member of the Spectrum Subclass and wish to exclude yourself from the Spectrum Subclass, you must submit a request for exclusion such that it is *received* **no later than** _____**, 2021**, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Spectrum Subclass, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than** _____**, 2021**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

Spectrum Brands Securities Litigation
c/o JND Legal Administration
P.O. Box 91362
Seattle, WA 98111
1-833-674-0176
info@SpectrumBrandsSecuritiesLitigation.com
www.SpectrumBrandsSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Katherine M. Sinderson, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

By Order of the Court

3

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION | ) | No. 19-cv-347-jdp |
| | ) | |
| | ) | |

---

**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

---

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Spectrum Brands Securities Litigation*, No. 19-cv-347-jdp;

WHEREAS, on August [__], 2021, the Court entered an Order severing the claims of purchasers of HRG common stock during the Class Period from the claims of purchasers of Spectrum and Old Spectrum common stock during the Class Period, and the action continuing with respect to claims for Spectrum and Old Spectrum common stock is referred to herein as the "Action";

WHEREAS, Lead Plaintiffs the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System (collectively, "Lead Plaintiffs"), on behalf of themselves and the Spectrum Subclass (defined below); and (b) defendants Spectrum Brands Holdings, Inc. ("Spectrum" or the "Company"), Spectrum Brands Legacy, Inc. ("Old Spectrum"), HRG Group, Inc. ("HRG"), and Andreas R. Rouvé, David M. Maura, and Douglas L. Martin (collectively, the "Individual Defendants" and, together with Spectrum, Old Spectrum, and HRG, "Defendants") (Lead Plaintiffs and Defendants, together, the "Parties") have entered into a Stipulation and Agreement of Settlement dated August 27, 2021 (the "Stipulation"), that provides

for a dismissal with prejudice of the claims asserted by the Spectrum Subclass against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____, 2021 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2), and (ii) would likely be able to certify the Spectrum Subclass for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Spectrum Subclass Members; (c) provided Spectrum Subclass Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Spectrum Subclass;

WHEREAS, the Court conducted a hearing on _____, 2021 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Spectrum Subclass, and should therefore be approved, and (b) whether a judgment should be entered dismissing the claims asserted in the Action on behalf of the Spectrum Subclass with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

2

1.   **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Spectrum Subclass Members.

2.   **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on August [___], 2021; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2021.

3.   **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Spectrum Subclass consisting of all persons and entities that:  (i)  purchased common stock of Old Spectrum from January 26, 2017 to July 13, 2018; and/or (ii) purchased common stock of Spectrum from July 13, 2018 to November 19, 2018, and were damaged thereby.  Excluded from the Spectrum Subclass are:  (i) Defendants (including Spectrum); (ii) the Immediate Family members of the Individual Defendants; (iii) the Officers and directors of Old Spectrum, Spectrum, and HRG currently and during the period from January 26, 2017 to November 19, 2018 (the "Class Period") and their Immediate Family members; (iv) any entity in which any of the foregoing excluded persons or entities has or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity.  Also excluded from the Spectrum Subclass are the persons listed on Exhibit 1 hereto who are excluded from the Spectrum Subclass pursuant to their request.

4.   **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Spectrum Subclass pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Spectrum Subclass are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law

3

and fact common to the Spectrum Subclass which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Spectrum Subclass; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Spectrum Subclass; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5. **<u>Adequacy of Representation</u>** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiffs the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System as Class Representatives for the Spectrum Subclass and appoints Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Spectrum Subclass. The Court finds that Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Spectrum Subclass both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. **<u>Notice</u>** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Spectrum Subclass Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder), (iii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, (v) their right to exclude themselves from the Spectrum Subclass, and (vi) their right to appear at the Settlement Fairness

<div align="center">4</div>

Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  [There have been no objections by Spectrum Subclass Members to the Settlement.]

7.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation:  the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action on behalf of the Spectrum Subclass), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Spectrum Subclass.  Specifically, the Court finds that:  (a) Lead Plaintiffs and Lead Counsel have adequately represented the Spectrum Subclass; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Spectrum Subclass under the Settlement is adequate taking into account the costs, risks, and delay of further litigation, including trial and appeal; the proposed means of distributing the Settlement Fund to the Spectrum Subclass; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Spectrum Subclass equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.    All of the claims asserted against Defendants in the Action by the Spectrum Subclass are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.    **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Spectrum Subclass Members (regardless of whether or not any individual Spectrum Subclass Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  The persons listed on Exhibit 1 hereto are excluded from the Spectrum Subclass pursuant to their request and are not bound by the terms of the Stipulation or this Judgment.

10.    **<u>Releases</u>** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Spectrum Subclass Members shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  This Release shall not apply to any of the Excluded Plaintiffs' Claims (as that term is defined in paragraph 1(r) of the Stipulation).

(b)    Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived,

and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any of the Excluded Defendants' Claims (as that term is defined in paragraph 1(q) of the Stipulation).

11.    Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12.    **<u>Rule 11 Findings</u>** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.    **<u>No Admissions</u>** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability,

7

negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)      shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14.      **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation

Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Spectrum Subclass for all matters relating to the Action.

15.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Spectrum Subclass Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Spectrum Subclass Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on August 3, 2021, as provided in the Stipulation.

9

18.    **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2021.


_____
The Honorable James D. Peterson
United States District Judge

10

**Exhibit 1**

**List of Persons Excluded from the Spectrum Subclass Class Pursuant to Their Request**

Douglas A. Broleman and
Judith J. Broleman
St. Louis, MO

Janice M. Yarbrough
Montrose, CO

[If an additional opt-out opportunity is provided,
any further opt-outs received will be added here.]

11