# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE SPECTRUM BRANDS SECURITIES | ) | No. 19-cv-347-jdp |
| LITIGATION | ) | |
| | ) | |

**DECLARATION OF JED D. MELNICK IN SUPPORT OF**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, JED D. MELNICK, declare as follows:

1.      I was selected by Lead Plaintiffs and Defendants to serve as the Mediator in the above-captioned action.  I make this declaration based on personal knowledge and am competent to testify to the matters set forth herein.  The Parties have consented to my submitting this declaration regarding the negotiations which led to the proposed Settlement.[1]

2.      As discussed below, I believe that the Settlement in this class action for the total amount of $32 million in cash—after a rigorous mediation process—represents a well-reasoned and sound resolution of the complicated and uncertain claims.  The Court, of course, will make determinations as to the "fairness" of the Settlement under applicable legal standards.  From a mediator's perspective, however, I recommend the proposed Settlement as reasonable, arm's length, and consistent with the risks and potential rewards of the claims asserted in the Action.

3.      I am a mediator associated with JAMS.  I have mediated over one thousand disputes, including complex securities class actions and shareholder derivative actions, published

---

[1] Unless otherwise defined herein, any capitalized terms shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated August 27, 2021, dkt. 122-1.  I am also submitting a separate declaration in support of the settlement of *Jet Capital Master Fund, L.P. v. HRG Group Inc.*, No. 21-cv-552-jdp (W.D. Wis.) (the "HRG Action").

articles on mediation, founded a nationally ranked dispute resolution journal, and taught young mediators.

4.    As detailed below, I oversaw two rounds of settlement negotiations in this case. The first mediation, in June 2020, ultimately culminated in the Parties agreeing to settle the claims asserted in the Action for both Spectrum Brand and HRG claimants for $39 million.  The second mediation session in July 2021 attempted to resolve the claims of both the Spectrum Brand claimants and HRG claimants.  Shortly after the second mediation session, which failed to reach a global agreement, the Parties reached an agreement to settle the claims of the Spectrum Class only for $32 million.

5.    Both mediations included a thorough exchange of the parties' views and arguments in support of their respective positions.

**The 2020 Mediation**

6.    In advance of the June 2020 mediation, Lead Plaintiffs and Defendants exchanged and submitted confidential mediation statements.  The mediation statements contained the Parties' respective views on liability and damages.

7.    On June 3, 2020, the Parties and their counsel participated in a formal, all-day remote mediation session before me.  The participants included: (i) Plaintiffs' Counsel, Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Rathje Woodward; (ii) representatives from both Lead Plaintiffs; (iii) Defendants' Counsel, Paul, Weiss, Rifkind, Wharton & Garrison LLP; (iv) the General Counsel for Defendant Spectrum Brand Holdings, Inc. ("Spectrum") and an additional in-house lawyer for Spectrum; and (v) representatives from Spectrum's directors' and officers' liability insurance carriers.  During the session, the Parties made presentations to me and we discussed the merits of the case, including liability and damages.

The Parties engaged in vigorous settlement negotiations throughout the mediation session, but the session ended without an agreement.

8.    Although the mediation session ended without a settlement agreement, Lead Counsel and Defendants' Counsel continued to exchange information and remained in communication with me as the mediator in the weeks that followed.    After several weeks of additional discussion and negotiation and with the Parties still at an impasse, I issued a mediator's recommendation on June 17, 2020 that the Action (which then included claims of purchasers of both Spectrum Brand shares and HRG shares) be resolved in exchange for the payment of $39 million (the "Initial Settlement").    The proposal was issued on a "double-blind" basis, meaning that if one of the Parties had rejected the proposal they would not find out whether the other side had accepted the proposal.  On June 18, 2020, I informed the Parties that both sides had accepted the mediator's proposal.

**The 2021 Mediation**

9.    After the Court declined to approve the Initial Settlement and a new lead plaintiff was appointed to represent the interest of the HRG Class, the Parties scheduled a second mediation for July 22, 2021.  In advance of that mediation, Lead Plaintiffs, Defendants, and HRG Class Lead Plaintiff Jet Capital Master Fund LP all exchanged mediation statements setting forth their views on relative risks of liability and damages as to the Spectrum Class and the HRG Class.

10.    On July 22, 2021, I conducted a mediation between the parties by videoconference. Participants in the mediation included Bernstein Litowitz, representatives of both Spectrum Class Lead Plaintiffs, counsel for HRG Class Lead Plaintiff Jet Capital Master Fund LP, and Defendants' Counsel.  At the mediation, Lead Plaintiffs, Defendants, and Jet Capital were unsuccessful in negotiating a mutually acceptable settlement.

11.     Thereafter, following additional settlement discussions with my oversight, I issued a mediator's recommendation that Lead Plaintiffs and Defendants agree to settle the Action for $32 million with respect to the Spectrum Class only (the "Settlement").  The parties both agreed to my mediator's recommendation.

12.     The proposed Spectrum Settlement is the result of extended good-faith, arm's-length negotiations among the Parties.  As stated above, the Parties participated in two remote mediation sessions before me on June 3, 2020 and July 22, 2021.  Both sides made presentations addressing key issues in the case, and advancing aggressive positions on behalf of their clients. While I am bound by confidentiality with regard to the content of the discussions at the mediation, I can say that the arguments and positions asserted by all involved were plainly the result of detailed analysis and hard work, by competent counsel who are highly experienced in the field of securities litigation.  Over the course of the negotiations, I encouraged each side to take a hard look at the merits and value of the claims and defenses in the case.  While the negotiations were professional, they were also highly adversarial.  Based on my understanding of the issues and risks in the case, I believe the $32 million Settlement Amount for the benefit of the Spectrum Class is fair, reasonable, and adequate under all of the circumstances.

I declare, under penalty of perjury, that the foregoing facts are true and correct.

Executed this 7th day of February, 2022.

_____
Jed D. Melnick

4