# Exhibit 4

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION | ) | No. 19-cv-347-jdp |
|  | ) |  |
|  | ) |  |

**DECLARATION OF LUIGGY SEGURA REGARDING: (A) MAILING OF THE
NOTICE AND CLAIM FORM; (B) PUBLICATION OF THE SUMMARY NOTICE;
AND (C) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

I, Luiggy Segura, declare as follows:

1.       I am a Senior Director at JND Legal Administration ("JND").  Pursuant to the Court's November 17, 2021 Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement (ECF No. 98) (the "Preliminary Approval Order"), JND was authorized to act as the Claims Administrator in connection with the Settlement of the above-captioned action (the "Action").[1]  I am over 21 years of age and am not a party to the Action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**PRIOR SETTLEMENT MAILING**

2.       In connection with the Prior Settlement of the Action reached in August 2020, and pursuant to an Order of the Court entered on September 29, 2020, JND caused notice of the Prior Settlement, including a notice and Claim Form (the "Prior Settlement Notice"), to be mailed to potential members of the settlement class for the Prior Settlement (the "Prior Settlement

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated August 27, 2021 (ECF No. 96-1), (the "Stipulation").

Mailing"). On October 28, 2020, JND mailed the Prior Settlement Notice to potential class members whose names and addresses were (1) obtained from the transfer agents for Spectrum Brands and HRG Group, Inc.; (2) uncovered through JND's research of filings with the U.S. Securities and Exchange Commission (SEC) on Form 13-F of institutions or entities who may have held Spectrum Brands or HRG Group securities during the Class Period; and (3) included in JND's proprietary database of the most common bank and brokerage firms, nominees, and known third party filers (the "Broker Database"). *See* Declaration of Luiggy Segura dated December 22, 2020 (ECF No. 53-4), at ¶¶ 2-5.

3.  As in most securities class actions, a large majority of potential class members in are beneficial purchasers whose securities are held in "street name"—i.e., the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the respective nominees, on behalf of the beneficial purchasers. The Prior Settlement Notice directed those who purchased or otherwise acquired HRG and/or Spectrum Common Stock during the Class Period for the beneficial interest of a person or organization other than themselves to either request from JND sufficient copies of the notice packet to forward to all such beneficial owners or to provide to JND the names and addresses of all such beneficial owners. During the course of the Prior Settlement Mailing, JND received names and addresses of potential settlement class members from individuals, brokers, and nominees and received requests from nominees who requested notice packets to forward to their customers. Through January 15, 2021, JND mailed a total of 83,014 copies of the Prior Settlement Notice in the Prior Settlement Mailing. *See* Supplemental Declaration of Luiggy Segura dated January 15, 2021 (ECF No. 65), at ¶ 2.

**MAILING OF THE NOTICE AND CLAIM FORM**

4. Pursuant to the Preliminary Approval Order for the current Settlement, JND mailed the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice") and the Proof of Claim and Release Form (the "Claim Form" and, collectively with the Notice, the "Notice Packet") to potential Spectrum Class Members. A copy of the Notice Packet is attached hereto as Exhibit A

5. On December 9, 2021, JND mailed the Notice Packet to 85,663 potential Spectrum Class Members and nominees, consisting of: (a) 27,927 persons and entities in JND's mailing database who had been identified in connection with the Prior Settlement Mailing (these names were run through the National Change of Address ("NCOA") database to search for updated addresses before mailing); (b) 2,681 persons and entities who submitted claims in connection with the Prior Settlement that contained a purchase of Spectrum or Old Spectrum common stock during the Class Period and who were not already in JND's mailing database; (c) 4,077 of the most common bank and brokerage firms, nominees, and known third party filers in JND's Broker Database; and (d) 50,978 copies of the Notice Packet that were mailed to nominees who had previously requested copies of the Prior Settlement Notice to forward to their customers in the Prior Settlement Mailing.

6. As with the Prior Settlement Notice, the Notice directed brokers and other nominees who purchased or otherwise acquired Spectrum or Old Spectrum common stock during the Class Period for the beneficial interest of a person or entity other than themselves, within seven (7) calendar days of receipt of the Notice, to either: (a) request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and, within seven

(7) calendar days of receipt of those Notice Packets, forward them to all such beneficial owners; or (b) provide a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to JND (who would then mail copies of the Notice Packet to those persons). However, nominees were advised that if they had previously provided the names and addresses of potential Spectrum Class Members in connection with the Prior Settlement, they were not required to provide those names and addresses again. *See* Notice ¶ 95. Brokers and nominees were advised that were only required to provide JND with names and addresses of potential Spectrum Class Members that were not previously provided, or if there are any name or address changes.

7.     As of February 4, 2022, JND has received 4,926 additional names and addresses of potential Spectrum Class Members from individuals or brokerage firms, banks, institutions, and other nominees. All such requests have been, and will continue to be, complied with and addressed in a timely manner.

8.     As of February 4 2022, a total of 90,589 Notice Packets have been mailed to potential Spectrum Class Members and nominees. In addition, JND has re-mailed 234 Notice Packets to persons whose original mailings were returned by the U.S. Postal Service ("USPS") and for whom updated addresses were provided to JND by the USPS or were obtained through other means.

## PUBLICATION OF THE SUMMARY NOTICE

9.     In accordance with Paragraph 7(d) of the Preliminary Approval Order, JND caused the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Summary Notice") to be published in *Investor's Business Daily* and released via *PR Newswire*

4

on December 20, 2021.  Copies of proof of publication of the Summary Notice in *Investor's Business Daily* and over *PR Newswire* are attached hereto as Exhibits B and C, respectively.

## TELEPHONE HELPLINE

10.    On October 28, 2020, JND established a case-specific, toll-free telephone helpline, 1-833-674-0176, with an interactive voice response system and live operators, to accommodate potential Class Members with questions about the Action.  On December 9, 2021, JND updated the interactive voice response system to provide information and options about the proposed Settlement.  The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions.  Callers requiring further help have the option to be transferred to a live operator during business hours.  JND continues to maintain the telephone helpline and will update the interactive voice response system as necessary through the administration of the Settlement.

## WEBSITE

11.    On October 28, 2020, JND established a website dedicated to the Action, www.SpectrumBrandsSecuritiesLitigation.com, to provide information and assist potential Class Members.  On December 9, 2021, JND updated the website to provide information about the proposed Settlement, including the exclusion, objection, and claim filing deadlines, and details about the Court's Settlement Hearing.  Copies of the Notice and Claim Form, the Stipulation, Preliminary Approval Order, and other documents related to the Action are posted on the website and are available for downloading.  The website also allows Spectrum Class Members to submit their claims via the website instead of sending them by mail if they prefer.  The website is accessible 24 hours a day, 7 days a week.  JND will update the website as necessary through the administration of the Settlement.

**REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

12.    The Notice informs potential Spectrum Class Members that requests for exclusion from the Spectrum Class are to be sent to the Claims Administrator, such that they are received no later than February 22, 2022.  The Notice also sets forth the information that must be included in each request for exclusion.  As of February 7, 2022, JND has received one (1) request for exclusion from the Spectrum Class, which was submitted by an individual who previously requested exclusion from the settlement class in connection with the Prior Settlement.  JND will submit a supplemental declaration after the February 22, 2022 deadline for requesting exclusion that will address all requests for exclusion received.

**REPORT ON CLAIMS RECEIVED TO DATE**

13.    The Notice informed potential members of the Spectrum Class that if they wished to be potentially eligible for a payment from the Settlement they must submit a Claim Form to JND, with supporting documentation, postmarked or submitted on-line no later than January 25, 2022.  Spectrum Class Members were also advised that if they had submitted a Claim Form in connection with the Prior Settlement, they did not need to do so again, and that the earlier Claim Form they submitted would be considered for participation in the Settlement.

14.    As of February 4, 2022, JND has received approximately 18,391 claims from potential members of the Spectrum Class.  This claim count may increase if JND receives mailed additional claims that were postmarked before the deadline or late claims that would not delay a future distribution.  Lead Counsel has the discretion to accept late claims for processing provided such acceptance does not delay the distribution of the Net Settlement Fund to the Spectrum Class.  *See* Preliminary Approval Order ¶ 13.  JND will provide more information on the claims received in a supplemental declaration to be filed on March 4, 2022.

6

## REPORT ON ESTIMATED NOTICE AND ADMINISTRATION COSTS

15.    As of the date of this declaration, JND estimates that total Notice and Administration Costs will be $400,000. This is only an estimate and the actual cost may be higher or lower depending on the ultimate factors of the case, including the amount of time required for follow up on and processing of the claims received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of February 2022, at New Hyde Park, New York.

LUIGGY SEGURA

7

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION | ) | No. 19-cv-347-jdp |
|  | ) |  |
|  | ) |  |

---

### NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES

---

### _A Federal Court authorized this Notice.  This is not a solicitation from a lawyer._

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Western District of Wisconsin (the "Court"), if:  (i) during the period from January 26, 2017 to July 13, 2018, you purchased Spectrum Brands Legacy, Inc. (then known as Spectrum Brands Holdings, Inc.) ("Old Spectrum" or "pre-Merger Spectrum") common stock (NYSE: SPB; CUSIP: 84763R101); or (ii) during the period from July 13, 2018 to November 19, 2018, you purchased Spectrum Brands Holdings, Inc. ("Spectrum," "post-Merger Spectrum," or the "Company") common stock (NYSE: SPB; CUSIP: 84790A105)[1] and were damaged thereby.[2]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs, the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System (collectively, "Lead Plaintiffs"), on behalf of themselves and the Spectrum Class (as defined in ¶ 28 below), have reached a proposed settlement of the claims asserted by the Spectrum Class in the Action for $32,000,000 in cash.

---

**PLEASE NOTE:**  You may have received notice of a previous proposed settlement of this Action in late 2020. That earlier proposed settlement was not approved by the Court due to the scope of the proposed settlement class. The prior settlement has been withdrawn and is no longer before the Court.  The previously proposed settlement included claims arising from purchases of Spectrum Brands Legacy, Inc. ("Old Spectrum") common stock and Spectrum Brands Holdings, Inc. ("Spectrum") common stock, as well as HRG Group, Inc. ("HRG") common

---

[1] The Company, _i.e._, Spectrum Brands Holdings, Inc., was formerly known as HRG Group, Inc. ("HRG").  HRG was a holding company that, from January 7, 2011 until July 13, 2018, held a majority stake in Spectrum Brands Legacy, Inc. ("Old Spectrum"), the company that was then known as Spectrum Brands Holdings, Inc.  During that time, Old Spectrum's common stock traded on the New York Stock Exchange ("NYSE") under the ticker symbol "SPB".  On July 13, 2018, Old Spectrum was wholly acquired by the Company in a reverse merger (the "Merger"), with the surviving entity renamed "Spectrum Brands Holdings, Inc." and trading on the NYSE under the ticker symbol "SPB."  Upon the closing of the Merger, the common stock of Old Spectrum was converted into the common stock of the Company and ceased publicly trading as a separate entity, and Old Spectrum became a wholly owned subsidiary of the Company.  In connection with the Merger, holders of Old Spectrum common stock received one share of Company common stock for each share of Old Spectrum common stock.

[2] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 27, 2021 (the "Stipulation"), which is available at www.SpectrumBrandsSecuritiesLitigation.com.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com or call toll-free at 1-833-674-0176

stock. As further described in this Notice, the new Settlement relates *only* to claims arising from the purchases of Old Spectrum or Spectrum common stock. The claims arising from purchases of HRG common stock will not be settled or released by this newly proposed Settlement. The claims arising from purchases of HRG common stock will continue to be litigated in a separate action by a new lead plaintiff, Jet Capital Master Fund LP, which was appointed by the Court to serve as a representative for that group of investors in June 2021. That action is *Jet Capital Master Fund, L.P. v. HRG Group Inc.*, No. 21-cv-552-jdp (W.D. Wis.). A proposed settlement of the *Jet Capital* action, which is separate from the Settlement discussed in this Notice, has been reached and if you purchased HRG common stock during the Class Period you may also receive notice of that proposed settlement.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Spectrum Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 97 below).**

1. **Description of the Action and the Spectrum Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Spectrum, Old Spectrum, HRG, Andreas R. Rouvé, David M. Maura, and Douglas L. Martin (collectively, "Defendants") violated the federal securities laws by making false and misleading statements regarding the consolidation of Spectrum's distribution network. A more detailed description of the Action is set forth in ¶¶ 11-27 below. The proposed Settlement, if approved by the Court, will settle claims of the Spectrum Class, as defined in ¶ 28 below.

2. **Statement of the Spectrum Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Spectrum Class, have agreed to settle the claims of the Spectrum Class in the Action in exchange for $32,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation" or "Plan") is set forth in ¶¶ 57-78 below. The Plan of Allocation will determine how the Net Settlement Fund will be allocated among members of the Spectrum Class.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimate of the number of shares of Spectrum and Old Spectrum common stock purchased during the period from January 26, 2017 to November 19, 2018 (the "Class Period") that may have been affected by the conduct at issue in the Action, and assuming that all Spectrum Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $1.20 per affected share of Old Spectrum common stock, and $0.46 per affected share of Spectrum common stock. Spectrum Class Members should note, however, that the foregoing average recoveries per share are only estimates. Spectrum Class Members may recover more or less than these estimated amounts depending on, among other factors, when and at what prices they purchased or sold their Spectrum common stock and/or Old Spectrum common stock, and the total number and value of valid Claim Forms submitted. Distributions to Spectrum Class Members will be made based on the Plan of Allocation set forth herein (*see* ¶¶ 57-78 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things,

2

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com or call toll-free at 1-833-674-0176

Defendants expressly deny that they violated the federal securities laws or that any damages were suffered by any members of the Spectrum Class as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, who have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Spectrum Class and have advanced the funds to pay expenses necessarily incurred to prosecute the Action.  Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 15% of the Settlement Fund.  In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $400,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Spectrum Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Spectrum Class Members are not personally liable for any such fees or expenses.  The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.20 per share of Old Spectrum common stock, and $0.08 per share of Spectrum common stock.

6.    **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Spectrum Class are represented by Katherine M. Sinderson, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com.

7.    **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery for the Spectrum Class without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years. Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

3

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com or call toll-free at 1-833-674-0176

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN JANUARY 25, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Spectrum Class Member and you remain in the Spectrum Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 38 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 39 below), so it is in your interest to submit a Claim Form. **PLEASE NOTE: If you submitted a Claim Form in connection with the Prior Settlement, you DO NOT need to submit another form.** |
| **EXCLUDE YOURSELF FROM THE SPECTRUM CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN FEBRUARY 22, 2022.** | If you exclude yourself from the Spectrum Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN FEBRUARY 22, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for an award of attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a member of the Spectrum Class and do not exclude yourself from the Spectrum Class. |
| **PARTICIPATE IN A HEARING ON MARCH 18, 2022 AT 10:00 A.M. CENTRAL TIME, AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN FEBRUARY 22, 2022.** | Filing a written objection and notice of intention to appear by February 22, 2022 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. The March 18, 2022 hearing is scheduled to be conducted by video conference (*see* ¶¶ 86-87 below).  If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Spectrum Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Spectrum Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com or call toll-free at 1-833-674-0176

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ...................................................................................................Page 5

What Is This Case About?  .....................................................................................................Page 6

How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Spectrum Class? ...........................................................................Page 7

What Are Lead Plaintiffs' Reasons For The Settlement? ........................................................Page 8

What Might Happen If There Were No Settlement? ................................................................Page 9

How Are Spectrum Class Members Affected By The Action
    And The Settlement? ..........................................................................................................Page 9

How Do I Participate In The Settlement?  What Do I Need To Do?.........................................Page 11

How Much Will My Payment Be?...........................................................................................Page 11

What Payment Are The Attorneys For The Spectrum Class Seeking?
    How Will The Lawyers Be Paid? ........................................................................................Page 17

What If I Do Not Want To Be A Member Of The Spectrum Class?
    How Do I Exclude Myself? .................................................................................................Page 17

When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing
    If I Don't Like The Settlement?...........................................................................................Page 18

What If I Bought Shares On Someone Else's Behalf? .............................................................Page 20

Can I See The Court File?  Whom Should I Contact If I Have Questions? ...............................Page 20

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased Spectrum or Old Spectrum common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Spectrum Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Spectrum Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Fairness Hearing").  *See* ¶¶ 86-87 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals

5

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com or call toll-free at 1-833-674-0176

are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11.     Spectrum is a consumer-goods company that provides products to consumers through retail partners such as Wal-Mart, Home Depot, and Lowe's.  HRG was Spectrum's majority shareholder.  In this Action, Lead Plaintiffs allege that the Company and the Individual Defendants made a series of materially misleading statements and omissions regarding the Company's operations and financial results during the Class Period.  Lead Plaintiffs further allege that the Spectrum Class suffered damages when the alleged truth regarding these matters was publicly disclosed.

12.     Beginning on March 7, 2019, certain related class actions (*Earl S. Wagner v. Spectrum Brands Legacy, Inc., et al.*, No. 19-cv-178-jdp, and *West Palm Beach Firefighters' Pension Fund v. Spectrum Brands Legacy, Inc., et al.*, No. 19-cv-347-jdp) were filed in the United States District Court for the Western District of Wisconsin (the "Court") alleging violations of the federal securities laws.

13.     By Order dated June 12, 2019, the Court: (i) consolidated the related actions; (ii) appointed the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System to serve as lead plaintiffs; and (iii) approved lead plaintiffs' choice of Bernstein Litowitz Berger & Grossmann LLP as lead counsel and Rathje Woodward LLC as liaison counsel.

14.     On July 12, 2019, Lead Plaintiffs filed the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint" or "Complaint") asserting claims against Defendants Spectrum, Old Spectrum, and the Individual Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants and Defendant HRG under Section 20(a) of the Exchange Act.  Among other things, the Amended Complaint alleges that Defendants falsely stated that Spectrum was successfully executing two major supply-chain consolidation projects in its Global Auto Care ("GAC") and Hardware and Home Improvement ("HHI") divisions, when in fact the GAC and HHI consolidations were suffering from fundamental logistical, operational, and technical problems that were far more serious than those disclosed to investors.  The Amended Complaint further alleges that the prices of Spectrum's, Old Spectrum's, and HRG's common stock were artificially inflated during the Class Period as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

15.     On August 26, 2019, Defendants filed their motion to dismiss the Amended Complaint (the "Motion to Dismiss").  On October 10, 2019, Lead Plaintiffs filed their memorandum of law in opposition to Defendants' Motion to Dismiss and, on November 6, 2019, Defendants filed their reply papers in further support of the Motion to Dismiss.

16.     On January 7, 2020, the Parties filed a letter notifying the Court that they had agreed to a mediation of the Action before a private mediator and jointly requested that the Court defer decision on the pending motion to dismiss until the Parties could report to the Court on the result of the mediation.  That same day, the Court entered an order denying without prejudice the Motion to Dismiss and directing the Parties to file a status report advising the Court of the status of the mediation and whether Defendants wished to renew their Motion to Dismiss.

17.     On August 10, 2020, Parties entered into a Stipulation and Agreement of Settlement providing for the settlement of all claims in this Action for $39,000,000 in cash (the "Prior Settlement").  The Prior Settlement was on behalf of a settlement class consisting of persons and entities who purchased Spectrum, Old Spectrum, or HRG common stock during the period from January 26, 2017 to November 19, 2018, inclusive (the "Class Period"), and were damaged thereby.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com or call toll-free at 1-833-674-0176

18.    On February 6, 2021, the Court entered an Order denying without prejudice Lead Plaintiffs' motion for final approval of the Prior Settlement.

19.    Pursuant to the Court's February 6, 2021 Order, on February 19, 2021, Lead Plaintiffs submitted a proposed plan to the Court to divide the putative class into separate subclasses of Spectrum investors and HRG investors, and to provide a Private Securities Litigation Reform Act ("PSLRA") notice for an additional lead plaintiff to represent the HRG Class.

20.    Upon approval by the Court, on April 2, 2021, Lead Plaintiffs issued the PSLRA notice to purchasers of HRG common stock during the asserted Class Period via PRNewswire.

21.    On June 10, 2021, the Court granted the motion of Jet Capital Master Fund LP ("Jet Capital") to serve as lead plaintiff for the HRG Class.

22.    Lead Plaintiffs, Defendants, and Jet Capital engaged in mediation before Jed Melnick, Esq. in an effort to reach a settlement on behalf of both the Spectrum Class and the HRG Class, which included a formal mediation session on July 22, 2021.

23.    Lead Plaintiffs, Defendants, and Jet Capital were unsuccessful in negotiating a mutually acceptable allocation of the $39,000,000 in settlement consideration that had previously been agreed for both subclasses.

24.    Lead Plaintiffs and Defendants then reached an agreement in principle to settle the Action with respect to the Spectrum Class, which was memorialized in a term sheet executed on August 3, 2021 (the "Term Sheet"). The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims of the Spectrum Class against Defendants in the Action in return for a cash payment of $32,000,000 for the benefit of the Spectrum Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.  The proposed Settlement does not affect the claims of the HRG Class, which will continue to be litigated by Jet Capital.

25.    On August 27, 2021, the Parties entered into the Stipulation and Agreement of Settlement, which sets forth the terms and conditions of the Settlement.  The Stipulation is available at www.SpectrumBrandsSecuritiesLitigation.com.

26.    On August 27, 2021, the Court entered an order severing the claims of the Spectrum Class from the claims of the HRG Class and allowing the two sets of claims to proceed independently.  The action that continues with respect to claims of the Spectrum Class is referred to in this Notice as the "Action."

27.    On November 17, 2021, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Spectrum Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval of the Settlement.

> ### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
> ### WHO IS INCLUDED IN THE SPECTRUM CLASS?

28.    If you are a member of the Spectrum Class, you are subject to the Settlement, unless you timely request to be excluded.  The Spectrum Class consists of:

> all persons and entities that: (i) purchased common stock of Old Spectrum from January 26, 2017 to July 13, 2018; and/or (ii) purchased common stock of Spectrum from July 13, 2018 to November 19, 2018 (January 26, 2017 to November 19, 2018, the "Class Period") and were damaged thereby (the "Spectrum Class").

Excluded from the Spectrum Class are:  (i) Defendants (including Spectrum); (ii) the Immediate Family members of the Individual Defendants; (iii) the Officers and directors of Old Spectrum, Spectrum, and HRG currently and

7

during the Class Period and their Immediate Family members; (iv) any entity in which any of the foregoing excluded persons or entities has or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity.  This Settlement does not settle or release claims arising out of purchases of HRG common stock on the open market from January 26, 2017 to November 19, 2018.  Also excluded from the Spectrum Class are any persons and entities who or which previously submitted a request for exclusion from the settlement class in connection with the Prior Settlement,[3] or exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Spectrum Class?  How Do I Exclude Myself?" on page 17 below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SPECTRUM CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO A PAYMENT FROM THE SETTLEMENT.**

**IF YOU ARE A SPECTRUM CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE SETTLEMENT, AND YOU DID NOT PREVIOUSLY SUBMIT A CLAIM FORM, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN JANUARY 25, 2022.**

| **WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?** |
| --- |

29.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, assuming Lead Plaintiffs were successful in defeating Defendants' pending motion to dismiss, as well as the very substantial risks Lead Plaintiffs would face in establishing liability and damages.  For example, Lead Plaintiffs would have faced substantial challenges in proving that certain of Spectrum's statements about the GAC and HHI consolidations were actionable under the federal securities laws.  Specifically, Defendants had credible arguments that their statements about the progress of both initiatives, including the "transitory" nature of the consolidation issues affecting the Company, were not false.  Defendants would have continued to argue that the consolidations were progressing adequately during much of the Class Period, and that the issues facing the consolidations were in fact transitory, because the issues were significantly resolved by the end of the Class Period.  In addition, Lead Plaintiffs would have faced challenges in proving that Defendants made the alleged false statements with the intent to mislead investors or were reckless in making the statements.  For example, Defendants would have continued to argue that the Company was making adequate progress in consolidating its distribution networks, and that Defendants were only made aware of any deeper issues later in the Class Period—directly before Defendants informed the market of these issues.

30.    Lead Plaintiffs would also have faced significant hurdles in proving "loss causation"—that the alleged misstatements were the cause of investors' losses—and in proving damages with respect to the alleged corrective disclosures.  For example, Defendants have argued and would continue to argue that a substantial portion, if not all, of the negative news released to the market that Lead Plaintiffs alleged disclosed the fraud actually was totally unrelated to the alleged fraud.  If Defendants were successful, Lead Plaintiffs' maximum damages would be substantially reduced or eliminated entirely.

31.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Spectrum Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Spectrum Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a

---

[3] A list of the persons who previously submitted a request for exclusion ("Opt-Out List") can be found at www.SpectrumBrandsSecuritiesLitigation.com.

substantial benefit to the Spectrum Class, namely $32,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after the Court's decision on the motion to dismiss, summary judgment, trial, and appeals, possibly years in the future.

32.    Defendants have expressly denied the claims asserted against them in the Action and expressly deny that the Spectrum Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission by Defendants of any fault, liability, wrongdoing, or damages.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

33.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Spectrum Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at the motion to dismiss, on summary judgment, at trial, or on appeal, the Spectrum Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SPECTRUM CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

34.    As a Spectrum Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

35.    If you are a Spectrum Class Member and do not wish to remain a Spectrum Class Member, you may exclude yourself from the Spectrum Class by following the instructions in the section entitled "What If I Do Not Want To Be A Member Of The Spectrum Class?  How Do I Exclude Myself?" below.

36.    If you are a Spectrum Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Spectrum Class, you may present your objections by following the instructions in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

37.    If you are a Spectrum Class Member and you do not exclude yourself from the Spectrum Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the Spectrum Class's claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Spectrum Class Members will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all of the Released Plaintiffs' Claims (as defined in ¶ 38 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 39 below), and will forever be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

38.    "Released Plaintiffs' Claims" means all claims, demands, losses, liabilities, rights, and causes of action of any nature whatsoever, whether known claims or Unknown Claims (as defined in ¶ 40 below), whether arising under federal, state, common, or foreign law, whether brought directly or indirectly, that (i) Lead Plaintiffs asserted on behalf of members of the Spectrum Class in the Complaint or (ii) that Lead Plaintiffs or any other members of the Spectrum Class, on behalf of themselves and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, could have asserted in this Action or could in the future assert in any forum that arise out of, are based upon, or relate to in any way to (a) any of the

allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged, or referred to in the Complaint and (ii) the purchase, acquisition, sale, or holding of Spectrum common stock or Old Spectrum common stock during the Class Period by members of the Spectrum Class. The Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims arising out of purchases of HRG common stock on the open market from January 26, 2017 to November 19, 2018; (iii) any claims asserted in *Plymouth Cty. Ret. Ass'n v. Spectrum Brands Holdings, Inc., et al.*, 2019CV000982 (Wis. Cir. Ct. Dane Cty.); (iv) any claims asserted in any derivative action or ERISA action; and (v) any claims of any person or entity who or which previously submitted a request for exclusion from the settlement class in connection with Prior Settlement or submits a request for exclusion from the Spectrum Class that is accepted by the Court.

39.   "Defendants' Releasees" means (i) Defendants; (ii) the present and former parents, subsidiaries, divisions, and affiliates of Spectrum, Old Spectrum, and HRG; (iii) the present and former employees, Officers, and directors of each of the foregoing in (i)-(ii); (iv) the present and former attorneys, insurers, and agents of each of the foregoing in (i)-(iii); and (v) the predecessors, heirs, successors, and assigns of each of the foregoing in (i)-(iv).

40.   "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Spectrum Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Spectrum Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Spectrum Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

41.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims (as defined in ¶ 42 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 43 below), and will forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

42.   "Released Defendants' Claims" means all claims, demands, losses, liabilities, rights, and causes of action of any nature whatsoever, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, whether brought directly or indirectly, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement, and (ii) any claims against any person or entity who or which previously submitted a request for exclusion from the settlement class in connection with the Prior Settlement or submits a request for exclusion from the Spectrum Class that is accepted by the Court.

43.   "Plaintiffs' Releasees" means (i) Lead Plaintiffs, all other plaintiffs in the Action, all other Spectrum Class Members, and Plaintiffs' Counsel; (ii) the present and former parents, subsidiaries, divisions, and affiliates of

10

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com or call toll-free at 1-833-674-0176

each of the foregoing in (i); (iii) the present and former employees, Officers, directors, and trustees of each of the foregoing in (i)-(ii); (iv) the present and former attorneys, insurers, and agents of each of the foregoing in (i)-(iii); and (v) the predecessors, heirs, successors, and assigns of each of the foregoing in (i)-(iv).

### HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

44.    To be potentially eligible for a payment from the Settlement, you must be a member of the Spectrum Class and either you must have submitted a Claim Form to the Claims Administrator in connection with the Prior Settlement (your earlier Claim Form will be considered for participation in this Settlement), or you must timely complete and return the Claim Form with adequate supporting documentation *postmarked* **no later than January 25, 2022**.

45.    A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.SpectrumBrandsSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-674-0176 or by emailing the Claims Administrator at info@SpectrumBrandsSecuritiesLitigation.com.  Please retain all records of your ownership of and transactions in Spectrum common stock and Old Spectrum common stock, as they will be needed to document your Claim.  The Parties and Claims Administrator do not have information about your transactions in Spectrum or Old Spectrum common stock.

46.    If you request exclusion from the Spectrum Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.  **PLEASE NOTE: If you submitted a Claim Form in connection with the Prior Settlement, DO NOT submit another form.**

### HOW MUCH WILL MY PAYMENT BE?

47.    At this time, it is not possible to make any determination as to how much any individual Spectrum Class Member may receive from the Settlement.

48.    Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid a total of $32,000,000 in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Spectrum Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

49.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

50.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

51.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

52.    Unless the Court otherwise orders, any Spectrum Class Member who or which did not previously submit a Claim Form and fails to submit a Claim Form postmarked on or before January 25, 2022 shall be fully and

11

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com or call toll-free at 1-833-674-0176

forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Spectrum Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Spectrum Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 38 above) against the Defendants' Releasees (as defined in ¶ 39 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Spectrum Class Member submits a Claim Form.

53.    Participants in, and beneficiaries of, a Spectrum, Old Spectrum, or HRG employee benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Spectrum common stock or Old Spectrum common stock held through the ERISA Plan in any Claim Form that they submit in this Action. They should include ONLY those shares that they purchased outside the ERISA Plan. Claims based on any ERISA Plan's purchases of Spectrum common stock or Old Spectrum common stock during the Class Period may be made by the plans' trustees.

54.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Spectrum Class Member.

55.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

56.    Only Spectrum Class Members, *i.e.*, persons and entities who purchased Spectrum common stock or Old Spectrum common stock during the Class Period and were damaged as a result of such purchases, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Spectrum Class by definition or that exclude themselves from the Spectrum Class pursuant to request will not be eligible for a payment and should not submit Claim Forms. The only securities that are included in the Settlement are Spectrum common stock and Old Spectrum common stock.

## PROPOSED PLAN OF ALLOCATION

57.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Spectrum Class Members who suffered economic losses as a result of Defendants' alleged violations of the federal securities laws. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Spectrum Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

58.    In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the price of Spectrum Brands common stock[4] allegedly caused by Defendants' alleged false and misleading statements and material omissions. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in the stock in reaction to the public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces. The estimated artificial inflation in the price of Spectrum Brands common stock is stated in Tables A-1 and A-2 at the end of this Notice.

59.    For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the Spectrum Brands common stock. In

---

[4] "Spectrum Brands common stock" refers collectively to pre-Merger Spectrum common stock (also referred to in this Notice as "Old Spectrum" common stock), and post-Merger Spectrum common stock.

this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from January 26, 2017 to November 19, 2018, which had the effect of artificially inflating the price of Spectrum Brands common stock. Lead Plaintiffs further allege that corrective information was released to the market on April 26, 2018 (before the opening of trading) and November 19, 2018 (before the opening of trading), which partially removed the artificial inflation from the price of the Spectrum Brands common stock on those days.

60. Recognized Loss Amounts for transactions in Spectrum Brands common stock are calculated under the Plan of Allocation based primarily on the difference in the amount of alleged artificial inflation in the price of Spectrum Brands common stock at the time of purchase and the time of sale or the difference between the actual purchase price and sale price. In order to have a Recognized Loss Amount under the Plan of Allocation, a Spectrum Class Member who purchased Spectrum Brands common stock during the Class Period must have held his, her, or its shares through at least one of the dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Spectrum Brands common stock.

**CALCULATION OF PRE-MERGER SPECTRUM RECOGNIZED LOSS AMOUNTS FOR PURCHASERS OF SPECTRUM COMMON STOCK FROM JANUARY 26, 2017 THROUGH JULY 13, 2018[5]**

61. Based on the formula stated below, a "Pre-Merger Spectrum Recognized Loss Amount" will be calculated for each purchase of pre-Merger Spectrum common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Pre-Merger Spectrum Recognized Loss Amount calculates to a negative number or zero under the formula below, the Pre-Merger Spectrum Recognized Loss Amount for that transaction will be zero.

62. For each share of pre-Merger Spectrum common stock purchased from January 26, 2017 through July 13, 2018, and

(a) sold before April 26, 2018, the Pre-Merger Spectrum Recognized Loss Amount is zero;

(b) sold on or after April 26, 2018 but before November 19, 2018, the Pre-Merger Spectrum Recognized Loss Amount is **the lesser of**: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-1 *less* the amount of artificial inflation per share on the date of sale as stated in Table A-1; or (ii) the purchase price per share *less* the sales price per share;

(c) sold from November 19, 2018 through February 15, 2019, the Pre-Merger Spectrum Recognized Loss Amount is **the least of**: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-1; (ii) the purchase price per share *less* the sales price per share; or (iii) the purchase price per share *less* the average closing price between November 19, 2018 and the date of sale as stated in Table B below; or

---

[5] The Spectrum Class Members in this section include purchasers of pre-Merger Spectrum common stock from January 26, 2017 through July 13, 2018. Such shares may have been: (i) sold as pre-Merger Spectrum common stock from January 26, 2017 through July 13, 2018; (ii) sold as post-Merger Spectrum common stock after July 13, 2018 through February 15, 2019; or (iii) held as post-Merger Spectrum common stock at the close of trading on February 15, 2019. At the time of the Merger (after market close on July 13, 2018) holders of pre-Merger Spectrum common stock received one share of post-Merger Spectrum common stock for each share of pre-Merger Spectrum common stock.

(d)    held at the close of trading on February 15, 2019, the Pre-Merger Spectrum Recognized Loss Amount is equal to **the lesser of:** (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-1; or (ii) the purchase price per share *less* $49.35.[6]

## CALCULATION OF POST-MERGER SPECTRUM RECOGNIZED LOSS AMOUNTS FOR PURCHASERS OF SPECTRUM COMMON STOCK AFTER JULY 13, 2018 BUT BEFORE NOVEMBER 19, 2018

63.    Based on the formula stated below, a "Post-Merger Spectrum Recognized Loss Amount" will be calculated for each purchase of post-merger Spectrum common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Post-Merger Spectrum Recognized Loss Amount calculates to a negative number or zero under the formula below, the Post-Merger Spectrum Recognized Loss Amount for that transaction will be zero.

64.    For each share of Spectrum common stock purchased after July 13, 2018 but before November 19, 2018, and

(a)    sold before November 19, 2018, the Post-Merger Spectrum Recognized Loss Amount is zero;

(b)    sold from November 19, 2018 through February 15, 2019, the Post-Merger Spectrum Recognized Loss Amount is **the least of**: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-2; (ii) the purchase price per share *less* the sales price per share; or (iii) the purchase price per share *less* the average closing price between November 19, 2018 and the date of sale as stated in Table B below; or

(c)    held at the close of trading on February 15, 2019, the Post-Merger Spectrum Recognized Loss Amount is equal to **the lesser of:** (i) the amount of artificial inflation per share on the date of purchase as stated in Table A-2; or (ii) the purchase price per share *less* $49.35.[7]

## ADDITIONAL PROVISIONS

65.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Pre-Merger Spectrum Recognized Loss Amounts, as calculated above, plus the sum of his, her, or its Post-Merger Spectrum Recognized Loss Amounts, as calculated above.

66.    **FIFO Matching:**  If a Spectrum Class Member made more than one purchase or sale of Spectrum Brands common stock during the Class Period, all purchases and sales will be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings of Spectrum Brands common stock at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.[8]

---

[6] Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  The average (mean) closing price of Spectrum common stock during the 90-day look-back period from November 19, 2018 through February 15, 2019 was $49.35.

[7] *See* footnote 6 above.

[8] Sales of pre-Merger Spectrum common stock will be matched first against any holdings of pre-Merger Spectrum common stock at the beginning of the Class Period, and then against purchases of that security in chronological order, beginning with the earliest purchase made during the Class Period.  Sales of post-Merger Spectrum common stock will be matched (1) *first* against purchases of pre-Merger Spectrum common stock that are still held as of the time of the Merger (in chronological

14

67.   **"Purchase/Sale" Dates:**  Purchases and sales of Spectrum Brands common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  However, the receipt or grant by gift, inheritance, or operation of law of Spectrum Brands common stock during the Class Period shall not be deemed a purchase or sale for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of the stock unless (i) the donor or decedent purchased the Spectrum Brands common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

68.   **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase of the Spectrum Brands common stock.  The date of a "short sale" is deemed to be the date of sale of the Spectrum Brands common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

69.   In the event that a Claimant has an opening short position in Spectrum Brands common stock, the earliest purchases of Spectrum Brands common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

70.   **Shares Purchased/Sold Through the Exercise of Options:**  Option contracts are not securities eligible to participate in the Settlement.  With respect to shares of Spectrum Brands common stock purchased or sold through the exercise of an option, the purchase/sale date of the Spectrum Brands common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

71.   **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Spectrum Brands common stock during the Class Period.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[9] and (ii) the sum of the Claimant's Total Sales Proceeds[10] and the Claimant's Holding Value.[11]  If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

72.   If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Spectrum Brands common stock, the value of the Claimant's Recognized Claim will be zero, and the Claimant will not be eligible to receive a payment in the Settlement but will, nonetheless, be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Spectrum Brands common stock but

---

order, beginning with any holdings of pre-Merger Spectrum common stock at the beginning of the Class Period and then the earliest purchases made during the Class Period); (2) *second* against all shares of post-Merger Spectrum common stock received in the July 13, 2018 Merger as a result of holdings of HRG common stock on July 13, 2018; and (3) *third* against any purchases of post-Merger Spectrum common stock purchased after July 13, 2018.

[9] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all Spectrum Brands common stock purchased during the Class Period.

[10] The proceeds of any sales of Spectrum Brands common stock during the Class Period that are matched on a FIFO basis (see ¶ 66 & n.8) with (i) Claimant's opening position in Spectrum Brands common stock as of the opening of trading on January 26, 2017 or (ii) with the post-Merger Spectrum shares received as a result of holdings of HRG shares at the time of the Merger will not be considered for purposes of calculating market gains or losses.  The total amount received (not deducting any fees, commissions, and taxes) for sales of the remaining Spectrum Brands common stock sold during the Class Period is the "Total Sales Proceeds."

[11] The Claims Administrator shall ascribe a "Holding Value" of $48.05 per share to each share of Spectrum Brands common stock purchased during the Class Period that was still held as of the opening of trading on November 19, 2018 (and that was not the result of a conversion from HRG shares).

15

that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

73.     **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

74.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

75.     If an Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation of Authorized Claimants' *pro rata* shares, and no distribution will be made to that Authorized Claimant.

76.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for that distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from the subsequent distribution.  Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such distributions, would be cost-effective.  At such time as it is determined that the distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

77.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages expert, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

78.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed, or it may modify the Plan of Allocation without further notice to the Spectrum Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.SpectrumBrandsSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SPECTRUM CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

79.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Spectrum Class, nor have Plaintiffs' Counsel been paid for their litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for Plaintiffs' Counsel in an amount not to exceed 15% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses incurred by Plaintiffs' Counsel in an amount not to exceed $400,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Spectrum Class, pursuant to the PSLRA.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Spectrum Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SPECTRUM CLASS?  HOW DO I EXCLUDE MYSELF?

80.    Each Spectrum Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Spectrum Class, addressed to Spectrum Brands Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91362, Seattle, WA 98111.  The Request for Exclusion must be *received* **no later than February 22, 2022**.  You will not be able to exclude yourself from the Spectrum Class after that date.  Each Request for Exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Spectrum Class in *In re Spectrum Brands Securities Litigation*, Case No. 19-cv-347-jdp"; (iii) state: (A) the number of shares of Old Spectrum common stock that the person or entity requesting exclusion owned as of the opening of trading on January 26, 2017; (B) the number of shares of Old Spectrum common stock that the person or entity requesting exclusion purchased and sold during the period from January 26, 2017 to July 13, 2018, including the dates, number of shares, and prices of each such purchase and sale; and (C) the number of shares of Spectrum common stock that the person or entity requesting exclusion purchased and sold during the period from July 13, 2018 to November 19, 2018, including the dates, number of shares, and prices of each such purchase and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion that does not provide all the information called for in this paragraph and is not received within the time stated above will be invalid and will not be allowed. Lead Counsel may request that the person or entity requesting exclusion submit additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in Old Spectrum common stock and Spectrum common stock.

81.    If you do not want to be part of the Spectrum Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

82.    If you exclude yourself from the Spectrum Class, you should understand that Defendants and the other Defendants' Releasees will have the right to assert all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

83.    If you ask to be excluded from the Spectrum Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com or call toll-free at 1-833-674-0176

84.    Spectrum has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Spectrum Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Spectrum.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

85.    **Spectrum Class Members do not need to attend the Settlement Fairness Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Spectrum Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Fairness Hearing.**

86.    <u>Please Note</u>: The date and time of the Settlement Fairness Hearing may change without further written notice to the Spectrum Class.  In addition, the ongoing COVID-19 health emergency is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Fairness Hearing by telephonic or video conference, or otherwise allow Spectrum Class Members to appear at the hearing by phone or video, without further written notice to the Spectrum Class.  The hearing is currently scheduled to be held by videoconference.  **In order to determine whether the date and time of the Settlement Fairness Hearing have changed, or whether Spectrum Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, <u>www.SpectrumBrandsSecuritiesLitigation.com</u>, before making any plans to attend the Settlement Fairness Hearing.  Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, <u>www.SpectrumBrandsSecuritiesLitigation.com</u>.  Also, if the Court requires or allows Spectrum Class Members to participate in the Settlement Fairness Hearing by telephone or video conference, the information needed to access the conference will be posted to the Settlement website, <u>www.SpectrumBrandsSecuritiesLitigation.com</u>.**

87.    The Settlement Fairness Hearing will be held on **March 18, 2022 at 10:00 a.m. Central Time**, before the Honorable James D. Peterson, by Zoom video conference to determine, among other things: (i) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Spectrum Class, and should be finally approved by the Court; (ii) whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Spectrum Class, Lead Plaintiffs should be certified as Class Representatives for the Spectrum Class, and Lead Counsel should be appointed as Class Counsel for the Spectrum Class; (iii) whether the claims asserted in the Action on behalf of the Spectrum Class should be dismissed with prejudice against Defendants and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; (v) whether Lead Counsel's application for an award of attorneys' fees and Litigation Expenses should be approved; and (vi) any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to certify the Spectrum Class; approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses; and consider any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Spectrum Class.

88.    Any Spectrum Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Objections must be in writing.  To object, you must: **(1)** file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the U.S District Court for the Western District of Wisconsin at the address set forth below **on or before February 22, 2022**; **(2)** serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before**

18

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com or call toll-free at 1-833-674-0176

**February 22, 2022**; **and (3)** email a copy of your objection to katiem@blbglaw.com and rrosen@paulweiss.com by **February 22, 2022**.

| CLERK'S OFFICE | |
| --- | --- |
| Clerk of Court<br>United States District Court<br>Western District of Wisconsin<br>United States Courthouse<br>120 North Henry Street, Room 320<br>Madison, WI 53703 | |
| **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
| **Bernstein Litowitz Berger<br>& Grossmann LLP**<br>Katherine M. Sinderson, Esq.<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020<br>KatieM@blbglaw.com | **Paul, Weiss, Rifkind, Wharton<br>& Garrison LLP**<br>Richard A. Rosen, Esq.<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>RRosen@paulweiss.com |

89.    Any objection must:  (i) identify the case name and docket number, *In re Spectrum Brands Securities Litigation*, Case No. 19-cv-347-jdp; (ii) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (iii) state with specificity the grounds for the Spectrum Class Member's objection, including any legal and evidentiary support the Spectrum Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Spectrum Class, or to the entire Spectrum Class; and (iv) include documents sufficient to prove membership in the Spectrum Class, including documents showing (A) the number of shares of Old Spectrum common stock that the objecting Spectrum Class Member owned as of the opening of trading on January 26, 2017; (B) the number of shares of Old Spectrum common stock that the objecting Spectrum Class Member purchased and sold during the period from January 26, 2017 to July 13, 2018, including the dates, number of shares, and prices of each such purchase and sale; and (C) the number of shares of Spectrum common stock that the objecting Spectrum Class Member purchased and sold during the period from July 13, 2018 to November 19, 2018, including the dates, number of shares, and prices of each such purchase and sale.  Documentation establishing membership in the Spectrum Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Spectrum Class or if you are not a member of the Spectrum Class.

90.    You may file a written objection without having to appear at the Settlement Fairness Hearing.  You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

91.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, assuming you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶ 88 above so that it is *received* **on or before February 22, 2022**.  Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com or call toll-free at 1-833-674-0176

any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

92.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing (unless you are a corporation or other entity that may appear in Court only through counsel).  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 88 above so that the notice is *received* **on or before February 22, 2022**.

93.    The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Spectrum Class  If you plan to attend the Settlement Fairness Hearing, you should confirm the date and time on the Court's docket or with Lead Counsel and contact Lead Counsel to obtain the access information for the video conference.

94.    **Unless the Court orders otherwise, any Spectrum Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  Spectrum Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval**.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

95.    If you purchased: (i) shares of Old Spectrum common stock from January 26, 2017 to July 13, 2018; or (ii) shares of Spectrum common stock from July 13, 2018 to November 19, 2018, for the beneficial interest of persons or organizations other than yourself, you must either: **(1)** within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or **(2)** within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to Spectrum Brands Securities Litigation, c/o JND Legal Administration, P.O. Box 91362, Seattle, WA 98111.  **However, if you previously provided names and addresses of potential settlement class members in this Action to the Claims Administrator in connection with the Prior Settlement, you are not required to provide those names and addresses again.**  You are only required to provide the Claims Administrator with names and addresses of beneficial owners described above that were not previously provided, or if there are any name or address changes.  In addition, if you choose the first option, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the list of names and addresses for use in connection with any possible future notice to the Spectrum Class.  If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners.

96.    Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-833-674-0176, or by emailing the Claims Administrator at info@SpectrumBrandsSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

97.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk of the Court, U.S.

20

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com or call toll-free at 1-833-674-0176

District Court for the Western District of Wisconsin, U.S. Courthouse, 120 North Henry Street, Room 320, Madison, WI 53703.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

Spectrum Brands Securities Litigation   and/or   Katherine M. Sinderson, Esq.
c/o JND Legal Administration      Bernstein Litowitz Berger
P.O. Box 91362      & Grossmann LLP
Seattle, WA 98111      1251 Avenue of the Americas,
1-833-674-0176      44th Floor
info@SpectrumBrandsSecuritiesLitigation.com      New York, NY 10020
www.SpectrumBrandsSecuritiesLitigation.com      1-800-380-8496
     settlements@blbglaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: December 9, 2021        By Order of the Court
         United States District Court
         Western District of Wisconsin

### TABLE A-1

**Estimated Artificial Inflation with Respect to Purchases and Sales of
Pre-Merger Spectrum Common Stock ("Old Spectrum")[12]**

| Date Range | Artificial Inflation Per Share |
|---|---|
| January 26, 2017 – April 25, 2018 | $17.32 |
| April 26, 2018 – November 18, 2018 | $4.63 |
| November 19, 2018 | $0.00 |

### TABLE A-2

**Estimated Artificial Inflation with Respect to Purchases and Sales of
Post-Merger Spectrum Common Stock ("Spectrum")**

| Date Range | Artificial Inflation Per Share |
|---|---|
| July 14, 2018 – November 18, 2018 | $4.63 |
| November 19, 2018 | $0.00 |

---

[12] Table A-1 is appropriate for all purchases of pre-Merger Spectrum common stock from January 26, 2017 through July 13, 2018, which were later either: (i) sold as pre-Merger Spectrum common stock from January 26, 2017 through July 13, 2018; (ii) sold as post-Merger Spectrum common stock after July 13, 2018 through February 15, 2019; or (iii) held as post-Merger Spectrum common stock at the close of trading on February 15, 2019.

**TABLE B**

**Spectrum Brands Common Stock Closing Price and Average Closing Price**
**November 19, 2018 – February 15, 2019[13]**

| Date | Closing Price | Average Closing Price Between November 19, 2018 and Date Shown | Date | Closing Price | Average Closing Price Between November 19, 2018 and Date Shown |
|---|---|---|---|---|---|
| 11/19/2018 | $48.05 | $48.05 | 1/4/2019 | $46.94 | $46.30 |
| 11/20/2018 | $49.25 | $48.65 | 1/7/2019 | $47.75 | $46.35 |
| 11/21/2018 | $50.12 | $49.14 | 1/8/2019 | $48.70 | $46.42 |
| 11/23/2018 | $51.42 | $49.71 | 1/9/2019 | $50.85 | $46.55 |
| 11/26/2018 | $50.95 | $49.96 | 1/10/2019 | $51.10 | $46.68 |
| 11/27/2018 | $49.76 | $49.93 | 1/11/2019 | $50.97 | $46.80 |
| 11/28/2018 | $49.43 | $49.85 | 1/14/2019 | $51.54 | $46.93 |
| 11/29/2018 | $49.66 | $49.83 | 1/15/2019 | $51.97 | $47.06 |
| 11/30/2018 | $49.38 | $49.78 | 1/16/2019 | $52.66 | $47.20 |
| 12/3/2018 | $49.68 | $49.77 | 1/17/2019 | $53.73 | $47.37 |
| 12/4/2018 | $47.65 | $49.58 | 1/18/2019 | $55.22 | $47.56 |
| 12/6/2018 | $47.32 | $49.39 | 1/22/2019 | $53.35 | $47.70 |
| 12/7/2018 | $47.36 | $49.23 | 1/23/2019 | $52.70 | $47.81 |
| 12/10/2018 | $46.75 | $49.06 | 1/24/2019 | $53.60 | $47.95 |
| 12/11/2018 | $47.78 | $48.97 | 1/25/2019 | $53.97 | $48.08 |
| 12/12/2018 | $46.71 | $48.83 | 1/28/2019 | $53.66 | $48.20 |
| 12/13/2018 | $45.51 | $48.63 | 1/29/2019 | $54.35 | $48.33 |
| 12/14/2018 | $45.23 | $48.45 | 1/30/2019 | $54.82 | $48.47 |
| 12/17/2018 | $43.95 | $48.21 | 1/31/2019 | $55.88 | $48.62 |
| 12/18/2018 | $44.25 | $48.01 | 2/1/2019 | $56.64 | $48.78 |
| 12/19/2018 | $43.47 | $47.79 | 2/4/2019 | $57.85 | $48.96 |
| 12/20/2018 | $42.79 | $47.57 | 2/5/2019 | $57.42 | $49.12 |
| 12/21/2018 | $42.38 | $47.34 | 2/6/2019 | $57.49 | $49.28 |
| 12/24/2018 | $41.68 | $47.11 | 2/7/2019 | $47.33 | $49.24 |
| 12/26/2018 | $42.20 | $46.91 | 2/8/2019 | $46.91 | $49.20 |
| 12/27/2018 | $42.63 | $46.74 | 2/11/2019 | $46.90 | $49.16 |
| 12/28/2018 | $42.67 | $46.59 | 2/12/2019 | $49.21 | $49.16 |
| 12/31/2018 | $42.25 | $46.44 | 2/13/2019 | $51.43 | $49.20 |
| 1/2/2019 | $43.42 | $46.33 | 2/14/2019 | $53.35 | $49.27 |
| 1/3/2019 | $44.80 | $46.28 | 2/15/2019 | $54.25 | $49.35 |

---

[13] The 90th calendar day of the 90-day lookback period was Saturday, February 16, 2019, which was not a trading day. Therefore, Table B displays closing and average prices through Friday, February 15, 2019.

22

# PROOF OF CLAIM AND RELEASE

To be potentially eligible to receive a share of the Net Settlement Fund in connection with this Settlement, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and either submit it online, with supporting documentation, using the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com, **no later than January 25, 2022**, or mail it by first-class mail to the address below, with supporting documentation, *postmarked* **no later than January 25, 2022**.

**Please Note:  If you previously submitted a Claim Form in connection with the earlier proposed settlement in the Action, which you may have received in late 2020, you do not need to do so again.**  Your earlier Claim Form will be considered for participation in this Settlement. However, if you are a Spectrum Class Member and did NOT previously submit Claim Form you must submit a Claim Form *postmarked no later than January 25, 2022* to be eligible to participate in the Settlement.  If you are not certain whether you previously submitted a Claim Form you may contact the Claims Administrator at 1-833-674-0176 to confirm.

Mail to:        **Spectrum Brands Securities Litigation**
                **c/o JND Legal Administration**
                **P.O. Box 91362**
                **Seattle, WA 98111**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

# CONTENTS

**02**    I.    **CLAIMANT IDENTIFICATION**

**03**    II.   **GENERAL INSTRUCTIONS**

**06**    III.  **SCHEDULE OF TRANSACTIONS IN OLD SPECTRUM COMMON STOCK (NYSE: SPB; CUSIP: 84763R101)**

**08**    IV.   **SCHEDULE OF TRANSACTIONS IN SPECTRUM COMMON STOCK (NYSE: SPB; CUSIP: 84790A105)**

**10**    V.    **RELEASE OF CLAIMS AND SIGNATURE**

# PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name                    MI        Beneficial Owner's Last Name

Joint Beneficial Owner's First Name (*if applicable*)        MI        Joint Beneficial Owner's Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

Entity Name (if Beneficial Owner is not an individual)

Name of Representative, if applicable (e.g., executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

Last four digits of Social Security Number or Taxpayer Identification Number

Street Address

City                                State/Province        Zip Code

Foreign Postal Code (if applicable)                Foreign Country (if applicable)

Telephone Number (Day)                        Telephone Number (Evening)

Email address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number (where securities were traded)[1]

**Type of Beneficial Owner** (specify one of the following):

☐ Individual(s)        ☐ Corporation        ☐ UGMA Custodian        ☐ IRA        ☐ Partnership
☐ Estate              ☐ Trust              ☐ Other (describe): _____

---

[1] If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity, you may write "multiple."  Please see Paragraph 9 of the General Instructions below for more information on when to file separate Claim Forms for multiple accounts.

Questions? Visit www.SpectrumBrandsSecuritiesLitigation.com or call toll-free at 1-833-674-0176
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

# PART II – GENERAL INSTRUCTIONS

1. It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Spectrum Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2. By submitting this Claim Form, you will be making a request to receive a payment from the Settlement described in the Notice. IF YOU ARE NOT A SPECTRUM CLASS MEMBER (*see* the definition of the Spectrum Class in Paragraph 28 of the Notice, which sets forth who is included in and who is excluded from the Spectrum Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SPECTRUM CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE SPECTRUM CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3. **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4. Use the Schedule of Transactions in Parts III and IV of this Claim Form to supply all required details of your transaction(s) in, and holdings of, Spectrum Brands Legacy, Inc. (f/k/a Spectrum Brands Holdings, Inc.) ("Old Spectrum" or "pre-Merger Spectrum") common stock, and/or Spectrum Brands Holdings, Inc. ("Spectrum" or "post-Merger Spectrum") common stock. On these schedules, provide all of the requested information with respect to your holdings, purchases, and sales of these securities (including free transfers and deliveries), whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

5. On July 13, 2018, Old Spectrum (then known as Spectrum Brands Holdings, Inc.) was wholly acquired by HRG Group, Inc. in a reverse Merger (the "Merger"), with the surviving entity renamed "Spectrum Brands Holdings, Inc." In connection with the Merger, holders of Old Spectrum common stock received shares of Spectrum common stock, and Old Spectrum common stock was no longer publicly traded following the closing of the Merger (after the market close on July 13, 2018). In the Schedule of Transactions in Parts III and IV of this Claim Form, Claimants should state the share quantities and prices exactly as reflected in their supporting documentation.

6. **Please note**: Only the following purchase transactions are eligible for recovery under the Settlement: (i) purchases of Old Spectrum common stock from January 26, 2017 through July 13, 2018; and (ii) purchases of Spectrum common stock after July 13, 2018 but before November 19, 2018. However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), sales of Spectrum common stock during the period from November 19, 2018 through and including the close of trading on February 15, 2019 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during this period must also be provided. In addition, information on the number of shares of post-Merger Spectrum common stock you received as a result of the conversion of HRG common stock in the Merger (if any) is also required in order to calculate your claim, but those shares are not eligible under the Settlement. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim**.

3

7.    You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Old Spectrum and/or Spectrum common stock set forth in the Schedule of Transactions in Parts III and IV of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Old Spectrum or Spectrum common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.    Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Old Spectrum and/or Spectrum common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.    **One Claim should be submitted for each separate legal entity or separately managed account.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Old Spectrum and Spectrum common stock made on behalf of a single beneficial owner.

10.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Old Spectrum and/or Spectrum common stock; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the Old Spectrum and/or Spectrum common stock you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

12.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

4

13.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

14.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

15.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@SpectrumBrandsSecuritiesLitigation.com, or by toll-free phone at 1-833-674-0176, or you can visit the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.SpectrumBrandsSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at SPCSecurities@JNDLA.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The *complete* name of the beneficial owner of the securities must be entered where called for (*see* Paragraph 8 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at SPCSecurities@JNDLA.com to inquire about your file and confirm it was received.**

## IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS OF YOUR SUBMISSION.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-833-674-0176 OR BY EMAIL AT INFO@SPECTRUMBRANDSSECURITIESLITIGATION.COM.**

# PART III – SCHEDULE OF TRANSACTIONS IN OLD SPECTRUM COMMON STOCK

Complete this Part III if you purchased Spectrum Brands Holdings, Inc. (now known as Spectrum Brands Legacy, Inc.) ("Old Spectrum") common stock (NYSE: SPB; CUSIP: 84763R101) from January 26, 2017 through July 13, 2018.  Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 7, above.  Do not include information regarding securities other than Old Spectrum common stock.

| | |
|---|---|
| 1.  **HOLDINGS AS OF JANUARY 26, 2017** – State the total number of shares of Old Spectrum common stock held as of the opening of trading on January 26, 2017. (Must be documented.)  If none, write "zero" or "0." | **Confirm Proof of Holding Position Enclosed** ☐ |

2.  **PURCHASES FROM JANUARY 26, 2017 THROUGH JULY 13, 2018** – Separately list each and every purchase or acquisition (including free receipts) of Old Spectrum common stock from after the opening of trading on January 26, 2017 through and including the close of trading on July 13, 2018. (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding any fees, commissions, and taxes) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |

6

| 3. SALES FROM JANUARY 26, 2017 THROUGH JULY 13, 2018 – Separately list each and every sale or disposition (including free deliveries) of Old Spectrum common stock from after the opening of trading on January 26, 2017 through and including the close of trading on July 13, 2018.  (Must be documented.) | | | | IF NONE, CHECK HERE ☐ |
|---|---|---|---|---|
| **Date of Sale (List Chronologically) (Month/Day/Year)** | **Number of Shares Sold** | **Sale Price Per Share** | **Total Sale Price (not deducting any fees, commissions, and taxes)** | **Confirm Proof of Sale Enclosed** |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

| 4. **HOLDINGS AS OF JULY 13, 2018** – State the total number of shares of Old Spectrum common stock held at the close of trading on July 13, 2018 and prior to the Merger.  (Must be documented.)  If none, write "zero" or "0." | **Confirm Proof of Position Enclosed** |
|---|---|
| **Please note:**  Shares of Old Spectrum common stock were exchanged for shares of post-Merger Spectrum common stock upon the closing of the Merger (after the market close on July 13, 2018).  If you held Old Spectrum common stock at the time of the Merger and received shares of post-Merger Spectrum common stock upon the closing of the Merger, please complete Part IV below to provide the required information regarding the ultimate disposition of those shares. | ☐ |

| ☐ | **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** |
|---|---|

7

# PART IV – SCHEDULE OF TRANSACTIONS IN SPECTRUM COMMON STOCK

Complete this Part IV if you purchased, acquired, held, and/or sold Spectrum Brands Holdings, Inc. ("Spectrum" or "post-Merger Spectrum") common stock (NYSE: SPB; CUSIP: 84790A105) from July 14, 2018 through the close of trading on February 15, 2019.  Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 7, above.  Do not include information regarding securities other than Spectrum common stock.

1. **SHARES RECEIVED IN JULY 13, 2018 MERGER BETWEEN SPECTRUM BRANDS AND HRG GROUP, INC.** –

   A. State the total number of shares of post-Merger Spectrum common stock that you received from the conversion of HRG Group, Inc. ("HRG") common stock into post-Merger Spectrum common stock upon the closing of the Merger (after the market close on July 13, 2018).[2]   (Must be documented.)
   If none, write "zero" or "0."

   **Confirm Proof of Holding Position Enclosed** ☐

   B. State the total number of shares of post-Merger Spectrum common stock that you received from the conversion of Old Spectrum common stock into post-Merger Spectrum common stock upon the closing of the Merger (after the market close on July 13, 2018).  (Must be documented.)
   If none, write "zero" or "0."

   **Confirm Proof of Holding Position Enclosed** ☐

2. **PURCHASES FROM JULY 14, 2018 THROUGH NOVEMBER 18, 2018** – Separately list each and every purchase or acquisition (including free receipts) of post-Merger Spectrum common stock from July 14, 2018 through and including November 18, 2018.  (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding any fees, commissions, and taxes) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

---

[2] **Please note**:  Information requested with respect to the shares of post-Merger Spectrum common stock that you received from the conversion of HRG common stock as a result of the Merger is needed in order to calculate your claim. However, these shares are not eligible under the Settlement.

3. **PURCHASES/ACQUISITIONS FROM NOVEMBER 19, 2018 THROUGH FEBRUARY 15, 2019** – State the total number of shares of post-Merger Spectrum common stock purchased or acquired (including free receipts) from November 19, 2018 through and including the close of trading on February 15, 2019.  If none, write "zero" or "0."[3]

4. **SALES FROM JULY 14, 2018 THROUGH FEBRUARY 15, 2019** – Separately list each and every sale or disposition (including free deliveries) of post-Merger Spectrum common stock from July 14, 2018 through and including the close of trading on February 15, 2019.  (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

5. **HOLDINGS AS OF FEBRUARY 15, 2019** – State the total number of shares of post-Merger Spectrum common stock held at the close of trading on February 15, 2019.  (Must be documented.) If none, write "zero" or "0."

**Confirm Proof of Position Enclosed** ☐

☐  **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.**

---

[3] **Please note**:  Information requested with respect to your purchases or acquisitions of Spectrum common stock from November 19, 2018 through and including the close of trading on February 15, 2019 is needed in order to balance your claim; purchases during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.

# PART V – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND
SIGN ON PAGE 11 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we) shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

     1.     that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

     2.     that the claimant(s) is a (are) Spectrum Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Spectrum Class as set forth in the Notice;

     3.     that the claimant(s) did *not* previously submit a request for exclusion from the settlement class in connection with the Prior Settlement or submit a request for exclusion from the Spectrum Class;

     4.     that I (we) own(ed) the Old Spectrum and/or Spectrum common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

     5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases of Old Spectrum and/or Spectrum common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

     6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

     7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

     8.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this claim, and waives any right of appeal or review with respect to such determination;

     9.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____          _____
Signature of claimant                                                         Date


_____
Print claimant name here


_____          _____
Signature of joint claimant, if any                                      Date


_____
Print joint claimant name here


***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***


_____          _____
Signature of person signing on behalf of claimant            Date


_____
Print name of person signing on behalf of claimant here


_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see Paragraph 10 on page 4 of this Claim Form.)

# REMINDER CHECKLIST



1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then each joint claimant must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.





3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days of your submission. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-833-674-0176.**





6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@SpectrumBrandsSecuritiesLitigation.com, or by toll-free phone at 1-833-674-0176, or you may visit www.SpectrumBrandsSecuritiesLitigation.com. DO NOT call Spectrum or its counsel with questions regarding your claim.



THIS CLAIM FORM MUST BE SUBMITTED ONLINE USING THE SETTLEMENT WEBSITE, WWW.SPECTRUMBRANDSSECURITIESLITIGATION.COM, **NO LATER THAN JANUARY 25, 2022**, OR MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, *POSTMARKED* **NO LATER THAN JANUARY 25, 2022,** ADDRESSED AS FOLLOWS:

**Spectrum Brands Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91362**
**Seattle, WA 98111**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before January 25, 2022 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT B

## Mutual Fund Listings

**Sit Funds**
- $ 3.1 bil 800-332-5580
- A- MidCapGrw +12 -2+105 23.24n +.15

**Spirit of America**
- $ 1.1 bil 800-367-3000
- A+ EnergyA +30 +1 +74 12.70 -.09

**TCM Funds**
- $ 552 mil 800-536-3230
- A- SmCapGr +13 -4+117 41.32n +.24

**TCW Funds**
- $ 24.1 bil 800-386-3829
- A+ SelectEqN +22 -2+190 37.60n -.10

**Thrivent Funds A**
- $ 32.1 bil 800-847-4836
- A+ GrowthA +19 -1+184 16.99 -.08
- A+ LargeCapGrw+19 -1+191 19.63n -.08

**Thrivent Funds Instl**
- $ 11.0 bil 800-847-4836
- A- MidCapStk +22 +1 +95 36.36n -.11

**TIAA-CREF FUNDS**
- $ 49.8 bil 800-842-2252
- A- Growth#Inc +21 +2+110 16.65n -.17
- A- SciChcEqPrm+22+2+111 27.28n -.20

**TIAA-CREF Instl Ret**
- $ 73.0 bil 800-842-2252
- A- EquityIdx +21 +2+116 33.68n -.24
- A LgGrwth +13 -4+160 23.07n -.03
- A+ S#P500Idx +24 +4+118 50.14n -.52
- A- SocialEqty +22 +2+109 27.91n -.20

**TIAA-CREF Instl Funds Reta**
- $ 48.2 bil 800-842-2252
- A- EquityIndex +21 +2+116 33.80n -.24
- A- Growth#Inc +21 +2+111 25.10n -.25
- A LrgCpGrowth+13 -4+160 23.21n -.03
- A- SocialEqty +22 +2+109 23.84n -.17

**Touchstone**
- $ 38.1 bil 800-543-0407
- A- CmmnStkA +23 +1+119 57.50 -.51
- A- EmrgMrktY -13-16+114 19.07n -.29
- A- FocusA +23 +1 +97 61.97 -.41
- A- FocusC +22 +1 +90 56.64n -.38
- A- FocusInstl +24 +1 +99 63.19n -.42
- A- FocY +24 +1 +99 62.86n -.41
- A GrowthInstl +19 -1+160 49.25n -.38
- A GrowthOpper+19+1+149 43.86n -.12
- A- LrgCapFocsd+23 +2+121 57.46n -.51
- A- LrgCpFocsdC+22 +1+110 52.11n -.46
- A MidCapA +11 -4+130 36.00 +.13
- A MidCapGrC +10 -4+114 16.90n +.06
- A MidCapGrwth+11 -4+134 38.85n +.14
- A MidCapGrwth+11 -4+133 38.28n +.14

**TrilliumMutualFnds**
- $ 509 mil 866-209-1962
- A- P21GlbiEqty v+18+0+121x 66.76n -2.9

**UBS Pace Y**
- $ 1.5 bil 800-647-1568
- A+ LrgCoGr +17 +0+150 32.02n -.21

**USAA Group**
- $ 123 bil 800-531-8722
- A- 500Index +24 +4+123 60.55n -.55
- A- 500IndexRew+24+4+124 60.60n -.55
- A- ExtmMktIdx +12 -4 +98 24.23n +.18
- A Growth +14 -2+133 35.32n -.13
- A Growthinst +14 -2+134 35.23n -.12
- A MetalMinrls -14 +5 +52 18.44n +.07
- A+ Nasdaq100 +23 +3+240 41.89n -.17
- A PrcsMetals -14 +5 +50 18.04n +.07
- A+ Sci#Tech -7 -9+157 28.65n +.00
- A+ Scienc#Tech -7 -9+152 27.04 +.00

### –V–W–X–

**Value Line**
- $ 1.2 bil 800-243-2729
- A- MidCap +15 +2+123 29.94n -.28
- A PremierGrw+20+2+129 39.10n -.50

**Vanguard Admiral**
- $ 2102 bil 800-523-1036
- A- 500Index +25 +4+121 427.80n -4.4
- B- BalanceIdx +12 +1 +71 49.03n -.18
- A- CapitalOpps+17 -2+123 208.31n -.32
- D+ EmgMkSt x -1 -3+48x 40.26n -.62
- A- ExtMktIdx +9 -5+102 135.35n +1.3
- A- Growth#Inc +25 +4+109 116.53n -1.1
- A+ Growthldx +23 +2+196 159.97n -.59

**Vanguard Index**
- $ 2978 bil 877-662-7447
- B- BalancedInv+12 +1 +70 49.02n -.17
- E BondMrkt -3 -1 +8 11.25n +.02
- D+ EmgMkSt x -1 -3+48x 30.61n -.47
- D EmgMkSt x -1 -3+47x 30.67n -.46
- D+ EmgMkStk x -1 -3+47x 101.82n -1.6
- A- ExtndMkt +9 -5+101 135.41n +1.3
- D+ FTSEWIldIsP x+5 -3+50x 124.61n -3.0
- D- IntBdAdm -2 +0 +19 12.08n +.01
- D- IntBdInst -2 +0 +19 12.08n +.01
- A MegaCapIdx+24 +4+130 322.70n -3.2
- E STBondInv -1 -1 +8 10.65n +.00
- E TotBdMkt -2 +0 +17 11.25n +.02
- E TotBdMrkt -2 +0 +15 11.25n +.02
- D+ TotInStk x +6 -3+51x 33.26n -.82
- D+ TotInStk x +6 -3+49x 133.05n -3.3
- E TotMrktIdx -3 -1 +7 11.11n +.02
- A- TotStkIdx +22 +2+118 114.36n -.80
- A- TotStMktInv+22 +2+118 114.31n -.80
- C- ValueIndx +23 +4 +66 56.20n -.85
- D+ VangDevIn x -8 -3+52x 24.94n -.66
- D+ VangDevM x -8 -3+51x 12.34n -.32

**Vanguard Instl**
- $ 1150 bil 877-662-7447
- B- BalanceIdx +12 +1 +72 49.04n -.17
- A FTSESocIndx x+24+4+141x 32.44n -.34
- D FTSEWIld x +5 -3+50x 117.67n -2.8
- A IndexExtMkt +9 -5+102 135.34n +1.3
- A+ IndexGr +23 +2+196 159.98n -.59
- A Indexl +25 +4+120 404.84n -4.2
- A- IndexPlus +25 +4+120 404.87n -4.2
- C- IndexValue +23 +4 +66 56.20n -.85
- A- LargeCapIdx+23 +3+122 446.00n -3.9
- A- MktIdx +22 +2+114 89.32n -.63
- E ShlnvGrd 0 -1 +12 10.81n +.00
- E TotBdInstPl -2 +0 +17 11.25n +.02
- E TotIntBdIdx -1 +1 +14 34.43n +.03
- A+ Growth +5 -8+167 46.29n +.53
- A- OppAdmn +21 +0 +98 60.51n -.42

**Vanguard Funds**
- $ 1277 bil 800-523-1036
- A- CapOpport +17 -2+123 90.17n -.14
- B DividendGr +25 +4 +96 39.76n -.52
- A+ ExplorerInv +12 -3+122 144.33n +1.2
- A+ GrowthInv +10 -5+210 63.45n +.20
- A+ GrwtIndxInv+23 +2+194 159.98n -.59
- D+ HlthCareInv +12 +0 +65 238.09n -.24
- D InflProtSec +5 +1 +21 14.66n +.00
- A IntlGrowth -4-10+157 42.50n -.29
- E IntmdTaxEx +1 +0 +18 14.72n +.00
- A- LargeCapInv+23 +3+124 86.63n -.76
- A- IntlSmiCpGr +5-11 +84 15.92n -.23
- D+ TargRet2020 +7 +1 +47 36.76n +.00
- E TotIntBdIx -1 +1 +14 11.48n +.02
- D+ VanDevMkt x +8 -3+52x 15.96n -.42
- B- WellngtnInv+17 +3 +63 51.12n -.37
- D WellslyInc +7 +1 +37 29.91n -.17

**Victory Funds**
- $ 87.8 bil 877-660-4400
- A- DivrsStkA +30 +6 +95 21.91 -.22
- A- DivrsStkC +30 +6 +87 19.85n +.00
- A- DivrsStkI +32 +7 +95 22.13n +.00
- A- DivrsStkR +30 +5 +93 21.25n -.22
- A GrowthA +16 -4+140 25.29 -.08
- A- MidCapCreGr+21 +1 +61 12.06 +.00

**D+ HlthCare** +12 +0 +66 100.43n -.10
- A IntlGrowth -4-10+159 135.11n -.93
- E IntmdTaxEx +1 +0 +18 14.72n +.00
- A- LargeCapIdx+23 +3+125 108.36n -.94
- A- MidCapIdx +20 +1 +99 306.04n -.71
- B+ Primecap +18 +0+112 181.19n -1.4
- E ShTrmBdIdx -1 -1 +10 10.65n +.00
- A- SvcAdmiral +12 -8 +51 67.81n +.08
- E TotBdIdx -2 +0 +17 11.25n +.02
- E TotIntBdIdx -1 +1 +14 22.94n +.02
- A- TotStMktIdx+22 +2+118 114.36n -.80
- A- TxMgdCap +23 +3+124 240.91n -2.1
- A+ USGrowth +10 -5+213 164.35n +.51
- C- ValueIdx +23 +4 +66 56.20n -.85
- D+ VangDev x +8 -3+52x 15.94n -.42
- D WellesIey +8 +1 +38 72.46n -.42
- B- Wellington +17 +3 +65 88.29n -.63
- B+ WindsorII +25 +2 +82 85.50n -1.2

**Wasatch**
- $ 4.3 bil 800-551-1700
- A- IntlOppor -6 -12 +95 4.24n -.09
- A+ MicroCap 0 -9+210 8.89n +.09
- A+ SmallCapGr +2 -11+161 47.20n +.60

**Weitz Funds**
- $ 1.2 bil 800-304-9745
- A- ValueInv +25 +0+104 60.80n -.59

**Wells Fargo**
- $ 12.2 bil 800-359-3379
- A- OpportAdvA +20 +0 +96 53.40 -.38

**Wells Fargo A**
- $ 39.6 bil 800-359-3379
- A- DisUSCor +26 +5+100 22.31 -.25
- A EmGrw +3 -13+145 12.67 +.27
- A+ GrowthA +5 -8+155 36.15 +.41
- A+ OmegaGrwA+1 -4+179 72.10 +.16

**Wells Fargo Ad**
- $ 37.6 bil 800-359-3379
- A Discovery -8 -14+138 33.32n +.57
- A- DisUSCor +26 +5+101 23.12n -.25
- A EmrgGrw +3 -13+147 13.62n +.30
- A+ EndvSelect +17 -2+178 11.46n +.00
- A+ Growth +5 -8+167 46.29n +.53
- A- OppAdmn +21 +0 +98 60.51n -.42

**Wells Fargo Inst**
- $ 26.7 bil 800-359-3379
- A+ GrInstl +6 -8+167 53.41n +.61

**William Blair I**
- $ 6.1 bil 800-742-7272
- A IntlGrowth -5 +5+107 15.49n -.11
- A GlblLeaders +12 -4+125 18.56n -.17
- A- InstIntIGr +5 -8 +92 18.21n -.25
- A IntlGrowth +8 -8 +94 37.04n -.53
- A- IntlSmiCpGr +5-11 +84 15.92n -.23

**William Blair N**
- $ 2.0 bil 800-742-7272
- A EmgMktGrw +1 -6+105 15.19n -.11
- A Growth +18 -2+151 11.46n -.01

**Wilmington**
- $ 1.1 bil 800-836-2211
- A LgCapStInst x+22+3+117x 31.31n -.34

**Wilshire Funds**
- $ 2.3 bil 855-626-8281
- A- 5000ldxInv +22 +3+104 28.74n -.21
- A+ LgCoGrInst +20 +1+148 50.14n +.00
- A LrgCoGrtInv +19 +1+142 42.99n +.00

**A- MidCoreGr** +21 +1 +67 15.86n +.00
- A- MultiCapT +30 +6+103 60.00n -.62
- A RSGrwthY +16 -0+144 26.85n -.09
- A- RSSlctGrwth +2 -7 +83 32.90n +.21
- A Science -11 -10+178 30.81n +.65

**Virtus Funds A**
- $ 69.6 bil 800-243-1574
- A+ KARCapGrw +8 -4+175 28.67 +.00
- A+ KARMCGr -3 -12+232 65.97 +.00
- A- SmiCapCore +15 +3+147 50.05 +.00
- A SustI 0 -6+180 53.75n +.00
- A+ TechA +5 -238 59.38 +.00
- A VirtusSmC 0 -6+210 52.12 +.00
- A+ ZevInnovtGr -15-15+308 53.04 +.00

**Virtus Funds C**
- $ 36.1 bil 800-243-1574
- A+ AliFocGrwtC+17 -1+161 31.92n +.00
- A+ AlizGITech +11 -1+210 47.98n +.00
- A GrowthC -1 -6+199 45.19n +.00
- A- MdCapCore +20 +0+131 51.72n +.00
- A- SmiCapCoreC+14+3+137 39.94n +.00

**Virtus Funds I**
- $ 29.7 bil 800-243-1574
- A- SmiCapCoreI +15 +3+151 53.45n +.00
- A+ ZevenInnoGr -15-15+300 56.81n +.00

**VOYA Fds C**
- $ 12.0 bil 855-337-3064
- A LargeGrow +15 -1+133 36.15n +.00
- A- MidCapOppty +6 -9 +84 8.41n +.00

**VOYA Fds T,M,Q&I**
- $ 8.6 bil 855-337-3064
- A BaronGr +15 -2+144 33.74n +.00
- A LargeGrow +16 -1+148 56.42n +.00

**Wells Funds**
- A- ValueInv +25 +0+104 60.80n -.59

## LEGAL NOTICE

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WISCONSIN

### IN RE SPECTRUM BRANDS SECURITIES LITIGATION

No. 19-cv-347-jdp

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** All persons and entities that: (i) purchased common stock of Spectrum Brands Legacy, Inc. (then known as Spectrum Brands Holdings, Inc.) from January 26, 2017 to July 13, 2018; and/or (ii) purchased common stock of Spectrum Brands Holdings, Inc. from July 13, 2018 to November 19, 2018, and were damaged thereby (the "Spectrum Class").[1]

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Western District of Wisconsin (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System, on behalf of themselves and the Spectrum Class, have reached a proposed settlement of all claims asserted in the Action by members of the Spectrum Class for $32,000,000 in cash (the "Settlement").

**PLEASE NOTE:** You may have received notice of a previous proposed settlement of this Action in late 2020. That earlier proposed settlement was not approved by the Court due to the scope of the proposed settlement class. The prior settlement has been withdrawn and is no longer before the Court. The previously proposed settlement included claims arising from purchases of Spectrum Brands Legacy, Inc. ("Old Spectrum") common stock and Spectrum Brands Holdings, Inc. ("Spectrum") common stock, as well as HRG Group, Inc. ("HRG") common stock. The new Settlement relates *only* to claims arising from the purchases of Old Spectrum or Spectrum common stock. The claims arising from purchases of HRG common stock will not be settled or released by this newly proposed Settlement. The claims arising from purchases of HRG common stock will continue to be litigated in a separate action by a new lead plaintiff, Jet Capital Master Fund LP, which was appointed by the Court to serve as a representative for that group of investors in June 2021.

A hearing (the "Settlement Fairness Hearing") will be held on **March 18, 2022 at 10:00 a.m. CT**, before the Honorable James D. Peterson by video conference, to determine, among other things: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Spectrum Class, Lead Plaintiffs should be certified as Class Representatives for the Spectrum Class, and Lead Counsel should be appointed as Class Counsel for the Spectrum Class; (iii) whether the claims in the Action asserted by the Spectrum Class should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated August 27, 2021 (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; (v) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved; and (vi) any other matters that may properly be brought before the Court in connection with the Settlement.

The Settlement Fairness Hearing is currently scheduled to be conducted by video conference. The ongoing COVID-19 health emergency is a fluid situation that creates the possibility that the Court may change the date or format of the hearing without further written notice to the Spectrum Class. In order to determine whether the date and time of the Settlement Fairness Hearing have changed, or whether Spectrum Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com, before making any plans to attend the Settlement Fairness Hearing. Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com. Also, if the Court requires or allows Spectrum Class Members to participate in the Settlement Fairness Hearing by telephone or video conference, the information needed to access the conference will be posted to the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com.

**If you are a member of the Spectrum Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at: Spectrum Brands Securities Litigation, c/o JND Legal Administration, P.O. Box 91362, Seattle, WA 98111, 1-833-674-0176, info@SpectrumBrandsSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com.

**If you are a member of the Spectrum Class and previously submitted a Claim Form in connection with the earlier proposed settlement in the Action, do not do so again**. Your earlier Claim Form will be considered for participation in this Settlement. If you are a Spectrum Class Member and did NOT previously submit a Claim Form you must submit a Claim Form *postmarked no later than January 25, 2022* to be eligible to participate in the Settlement. If you are not certain whether you previously submitted a Claim Form, you may contact the Claims Administrator at 1-833-674-0176 to confirm.

If you are a member of the Spectrum Class and wish to exclude yourself from the Spectrum Class, you must submit a request for exclusion such that it is *received* **no later than February 22, 2022**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Spectrum Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than February 22, 2022**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

Spectrum Brands Securities Litigation
c/o JND Legal Administration
P.O. Box 91362
Seattle, WA 98111
1-833-674-0176
info@SpectrumBrandsSecuritiesLitigation.com
www.SpectrumBrandsSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Katherine M. Sinderson, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

By Order of the Court

[1] Certain persons and entities are excluded from the Spectrum Class by definition, as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.SpectrumBrandsSecuritiesLitigation.com.

www.SpectrumBrandsSecuritiesLitigation.com | 1-833-674-0176



## INVESTOR'S BUSINESS DAILY®

# 12 DAYS OF DEALS

December 13-24: Save big on IBD's premium products. New deals every day!

**investors.com/12days**

© 2021 Investor's Business Daily, LLC. Investor's Business Daily, IBD and corresponding logos are registered trademarks owned by Investor's Business Daily, LLC.

# EXHIBIT C

# Notice of Pendency and Proposed Settlement of Class Action Involving Persons or Entities Who Purchased Spectrum Brands Holdings, Inc. Common Stock from January 26, 2017 through November 19, 2018

NEWS PROVIDED BY
**JND Legal Administration** →
Dec 20, 2021, 09:18 ET

SEATTLE, Dec. 20, 2021 /PRNewswire/ --

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WISCONSIN**

|  | |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION | ) | No. 19-cv-347-jdp |
| | ) | |
| | ) | |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

This notice is for all persons and entities that: (i) purchased common stock of Spectrum Brands Legacy, Inc. (then known as Spectrum Brands Holdings, Inc.) from January 26, 2017 to July 13, 2018; and/or (ii) purchased common stock of Spectrum Brands Holdings, Inc. from July 13, 2018 to November 19, 2018, and were damaged thereby (the "Spectrum Class").  Certain persons and entities are excluded from the Spectrum Class by definition, as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.SpectrumBrandsSecuritiesLitigation.com.

**YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Western District of Wisconsin (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System, on behalf of themselves and the Spectrum Class, have reached a proposed settlement of all claims asserted in the Action by members of the Spectrum Class for $32,000,000 in cash (the "Settlement").

**PLEASE NOTE:**  You may have received notice of a previous proposed settlement of this Action in late 2020.  That earlier proposed settlement was not approved by the Court due to the scope of the proposed settlement class.  The prior settlement has been withdrawn and is no longer before the Court.  The previously proposed settlement included claims arising from purchases of Spectrum Brands Legacy, Inc. ("Old Spectrum") common stock and Spectrum Brands Holdings, Inc. ("Spectrum") common stock, as well as HRG Group, Inc. ("HRG") common stock.  The new Settlement relates **only** to claims arising from the

purchases of Old Spectrum or Spectrum common stock.  The claims arising from purchases of HRG common stock will not be settled or released by this newly proposed Settlement.  The claims arising from purchases of HRG common stock will continue to be litigated in a separate action by a new lead plaintiff, Jet Capital Master Fund LP, which was appointed by the Court to serve as a representative for that group of investors in June 2021.

A hearing (the "Settlement Fairness Hearing") will be held on **March 18, 2022 at 10:00 a.m. Central Time**, before the Honorable James D. Peterson by video conference to determine, among other things:  (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Spectrum Class, Lead Plaintiffs should be certified as Class Representatives for the Spectrum Class, and Lead Counsel should be appointed as Class Counsel for the Spectrum Class; (iii) whether the claims in the Action asserted by the Spectrum Class should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated August 27, 2021 (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; (v) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved; and (vi) any other matters that may properly be brought before the Court in connection with the Settlement.

The Settlement Fairness Hearing is currently scheduled to be conducted by video conference.  The ongoing COVID-19 health emergency is a fluid situation that creates the possibility that the Court may change the date or format of the hearing, without further written notice to the Spectrum Class.  In order to determine whether the date and time of the Settlement Fairness Hearing have changed, or whether Spectrum Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com, before making any plans to attend the Settlement Fairness Hearing.  Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com.  Also, if the Court requires

or allows Spectrum Class Members to participate in the Settlement Fairness Hearing by telephone or video conference, the information needed to access the conference will be posted to the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com.

**If you are a member of the Spectrum Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**.  If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at:  Spectrum Brands Securities Litigation, c/o JND Legal Administration, P.O. Box 91362, Seattle, WA 98111, 1-833-674-0176, info@SpectrumBrandsSecuritiesLitigation.com.  Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.SpectrumBrandsSecuritiesLitigation.com.

**If you are a member of the Spectrum Class and previously submitted a Claim Form in connection with the earlier proposed settlement in the Action, do not do so again.**  Your earlier Claim Form will be considered for participation in this Settlement.  If you are a Spectrum Class Member and did NOT previously submit a Claim Form you must submit a Claim Form *postmarked no later than January 25, 2022* to be eligible to participate in the Settlement.  If you are not certain whether you previously submitted a Claim Form, you may contact the Claims Administrator at 1-833-674-0176 to confirm.

If you are a member of the Spectrum Class and wish to exclude yourself from the Spectrum Class, you must submit a request for exclusion such that it is *received* **no later than February 22, 2022**, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Spectrum Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than February 22, 2022**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice.** All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel. Visit www.SpectrumBrandsSecuritiesLitigation.com or call toll-free at 1-833-674-0176.

Requests for the Notice and Claim Form should be made to:

Spectrum Brands Securities Litigation

c/o JND Legal Administration

P.O. Box 91362

Seattle, WA 98111

1-833-674-0176

info@SpectrumBrandsSecuritiesLitigation.com

www.SpectrumBrandsSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Katherine M. Sinderson, Esq.

Bernstein Litowitz Berger & Grossmann LLP

1251 Avenue of the Americas, 44th Floor

New York, NY 10020

1-800-380-8496

settlements@blbglaw.com

By Order of the Court