# Exhibit 8

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: PLASMA-DERIVATIVE PROTEIN THERAPIES ANTITRUST LITIGATION | Case No. 09 C 7666 MDL No. 2109 Judge Joan B. Gottschall Magistrate Judge Arlander Keys |
| This Document Relates To All Actions | |

**[PROPOSED] ORDER GRANTING CLASS PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

The Court, having considered Class Plaintiffs' Motion for Award of Attorneys' Fees and Reimbursement of Expenses (the "Motion"), and the memorandum and declarations in support thereof, and after a duly noticed hearing, hereby finds that:

1. The Motion seeks an award of attorneys' fees of 33 1/3% of the $64,000,000 Settlement Fund created by the settlement payments from CSL Limited, CSL Behring LLC, CSL Plasma Inc. (collectively, "CSL") and the Plasma Protein Therapeutics Association ("PPTA") (collectively with CSL, "Settling Defendants"). Class Counsel Richard A. Koffman and Charles E. Tompkins, of Cohen Milstein Sellers & Toll PLLC and Williams Montgomery & John Ltd., respectively, also seek an order awarding reimbursement of $4,095,879.19 in expenses incurred in connection with the prosecution of this action.

2. The amount of attorneys' fees requested is fair and reasonable under the "percentage-of-the-fund" method. This is confirmed by a lodestar "cross-check," which reveals a negative multiplier, based upon 92,281.66 hours of work and a collective lodestar of $37,033,138.22.

3. The attorneys' fees requested were entirely contingent upon success. Class Counsel risked time and effort, and advanced significant costs and expenses with no ultimate

1833058.1

guarantee of compensation. The award of 33 1/3% is warranted for reasons set out in Class Counsel's moving papers.

4. Given the risks involved in this case, the effort put forth by Plaintiffs' Counsel, the level of sophistication of the work done, and the extraordinary results achieved for the Class, an award of 33 1/3% is justified.

5. The expenses sought, as detailed in the Joint Declaration attached to Plaintiffs' brief, were incurred in connection with the prosecution of the litigation for the benefit of the Class, and were reasonable and necessary.

6. Therefore, upon consideration of the Motion and accompanying declarations, and based upon all matters of record including the pleadings and papers filed in this action and oral argument given at the hearing on this matter, the Court hereby finds the following: (1) the attorneys' fees requested are reasonable and proper; and (2) the expenses requested were necessary, reasonable and proper.

7. IT IS HEREBY ORDERED AND DECREED:

(a) Class Counsel are awarded attorneys' fees for distribution to Plaintiffs' Counsel in the amount of $21,333,333 equal to 33 1/3% of the $64,000,000 added to the Settlement Fund. Class Counsel may be paid 33 1/3% of $64,000,000 immediately upon entry of this Order.

(b) Plaintiffs' Counsel are awarded $4,095,879.19 in reimbursement of expenses incurred in connection with the prosecution of this action.

(c) The attorneys' fees and reimbursement of expenses shall be paid from the Settlement Fund.

1833058.1

(d)    The attorneys' fees and expenses shall be allocated amongst Plaintiffs'

Counsel by Class Counsel Richard A. Koffman and Charles E. Tompkins in a manner which, in

Class Counsel's good-faith judgment, accurately reflects each of such Plaintiffs' Counsel's

contributions to the establishment, prosecution, and resolution of this litigation.


IT IS SO ORDERED this ___ day of ___, 2014

_____
Honorable Joan B. Gottschall
United States District Judge

1833058.1