**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION | ) | No. 19-cv-347-jdp |
| | ) | |
| | ) | |

**DECLARATION OF KATHERINE M. SINDERSON IN SUPPORT OF**
**LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**
**AND LITIGATION EXPENSES, FILED ON BEHALF OF**
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

I, Katherine M. Sinderson, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a partner at the law firm of Bernstein Litowitz Berger & Grossmann LLP ("BLB&G").  I submit this declaration in support of Lead Counsel's application for an award of attorneys' fees in connection with services rendered in the above-captioned class action (the "Action"), as well as for payment of expenses incurred by my firm in connection with the Action.[1]

2.      My firm, as Lead Counsel of record in the Action and counsel for Lead Plaintiffs the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System, was involved in all aspects of prosecution and resolution of the Action, as set forth in my Declaration in Support of (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation and (II) Lead Counsel's Motion for Award of Attorneys' Fees and Litigation Expenses, filed herewith.

3.      The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by each BLB&G attorney and professional support staff employee who

---

[1] Unless otherwise defined herein, any capitalized terms shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated August 27, 2021, dkt. 96-1.

devoted ten or more hours to the litigation from its inception through and including January 31, 2022 and the lodestar calculation for those individuals based on my firm's current hourly rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the hourly rates for such personnel in his or her final year of employment by my firm. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by BLB&G. All time expended in preparing this application for fees and expenses has been excluded.

4. As the partner responsible for supervising my firm's work on this case, I reviewed these time and expense records to prepare this declaration. The purpose of this review was to confirm both the accuracy of the time entries and expenses and the necessity for, and reasonableness of, the time and expenses committed to the litigation.

5. Following this review, I believe that the time reflected in my firm's lodestar calculation and the expenses for which payment is sought as stated in this declaration are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation. In addition, based on my experience in similar litigation, the expenses are all of a type that would normally be billed to a fee-paying client in the private legal marketplace.

6. The hourly rates for the BLB&G attorneys and professional support staff employees included in Exhibit 1 are the same as, or comparable to, the rates submitted by my firm and accepted by courts for lodestar cross-checks in other class and derivative litigation fee applications.

7. My firm's rates are set based on periodic analysis of rates charged by firms performing comparable work and have been approved by courts. Different timekeepers within the same employment category (e.g., partners, associates, paralegals, etc.) may have different rates based on a variety of factors, including years of practice, years at the firm, year in the current

2

position (e.g., years as a partner), relevant experience, relative expertise, and the rates of similarly experienced peers at our firm or other firms.

8. The total number of hours expended on this litigation by my firm from its inception through and including January 31, 2021, is 5,078.25 hours. The total lodestar for my firm for that period is $3,099,691.25. My firm's lodestar figures are based upon the firm's hourly rates, which do not include charges for expense items.

9. None of the attorneys listed in the exhibits to this declaration and included in my firm's lodestar for the Action are (or were) "contract attorneys." All attorneys and employees of the firm listed in the attached schedule work (or worked) at BLB&G's offices at 1251 Avenue of the Americas in New York, New York, except following March 16, 2020 when the firm's offices were closed during COVID-19 and all attorneys and staff worked from home thereafter. Except for the partners listed in the attached schedule, all the other attorneys and professional support staff listed in the schedule are (or were) W-2 employees of the firm and were not independent contractors issued Form 1099s. Thus, the firm pays FICA and Medicare taxes on their behalf, along with state and federal unemployment taxes. These employees are (or were) fully supervised by the firm's partners and have (or had) access to secretarial, paralegal, and information technology support. BLB&G also assigns a firm email address to each attorney or other employee it employs, including those listed.

10. As detailed in Exhibit 2, my firm is seeking payment of a total of $326,111.14 in expenses incurred in connection with the prosecution of this Action from its inception through and including January 31, 2022.

11. The following is additional information regarding certain of these expenses:

3

(a)    **Online Legal Research** ($38,838.24) and **Online Factual Research** ($42,038.83).  The charges reflected are for out-of-pocket payments to the vendors such as Westlaw, Lexis/Nexis, and PACER for research done in connection with this litigation. These resources were used to obtain access to court filings, to conduct legal research and cite-checking of briefs, and to obtain factual information regarding the claims asserted through access to various financial databases and other factual databases.  These expenses represent the actual expenses incurred by BLB&G for use of these services in connection with this litigation.  There are no administrative charges included in these figures.  Online research is billed to each case based on actual usage at a charge set by the vendor.  When BLB&G utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated.  At the end of each billing period, BLB&G's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period.

(b)    **Expert** ($203,183.75).  Lead Counsel retained Chad Coffman of Global Economics Group LLC to provide expert advice on market efficiency, damages, and loss causation issues.  Lead Counsel consulted with Mr. Coffman throughout the litigation of the Action, including in connection with the investigation and preparation of the Complaint and during the settlement negotiations.  Lead Counsel also worked with Mr. Coffman and his team in developing the proposed Plan of Allocation.

(c)    **Mediation** ($31,415.52).  This represents Lead Plaintiffs' share of fees paid to JAMS ADR for the services of the mediator, Jed D. Melnick, Esq.  Mr. Melnick conducted the remote mediation sessions in June 2020 and July 2021 and participated in

4

follow-up negotiation efforts after both mediations that led to the Initial Settlement and the Settlement of the Action.

(d)    **Internal Copying & Printing** ($335.70).  Our firm charges $0.10 per page for in-house copying and for printing of documents.

(e)    **Working Meals** ($905.88). In-office working meals are capped at $20 per person for lunch and $30 per person for dinner.

12.    The expenses incurred in this Action are reflected in the records of my firm, which are regularly prepared and maintained in the ordinary course of business.  These records are prepared from expense vouchers, check records, and other source materials and are an accurate record of the expenses incurred.

13.    With respect to the standing of my firm, attached hereto as Exhibit 3 is a brief biography of my firm and the attorneys still employed with the firm and involved in this matter.

I declare, under penalty of perjury, that the foregoing facts are true and correct.

Executed on:  February 7, 2022

*/s/ Katherine M. Sinderson*
Katherine M. Sinderson