## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION | ) | No. 19-cv-347-jdp |
|  | ) |  |
|  | ) |  |

## DECLARATION OF DOUGLAS M. POLAND IN SUPPORT OF
## LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES
## AND LITIGATION EXPENSES, FILED ON BEHALF OF
## STAFFORD ROSENBAUM LLP

I, Douglas M. Poland, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a partner at the law firm of Stafford Rosenbaum LLP ("Stafford Rosenbaum").[1]  I submit this declaration in support of Lead Counsel's application for an award of attorneys' fees in connection with services rendered in the above-captioned class action (the "Action"), as well as for payment of expenses incurred by my firms in connection with the Action.[2]

2.      From approximately April 2019 through and including July 31, 2020, Rathje Woodward acted as Liaison Counsel for Lead Plaintiffs the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System and the Class, and from August 1, 2020 to the present, Stafford Rosenbaum has acted in that role.  The firms participated in, among other tasks, reviewing and editing draft complaints, motions, and responses to

---

[1] I became a partner of Stafford Rosenbaum on July 31, 2020. Prior to Stafford Rosenbaum, I was a partner at the law firm of Rathje Woodward LLC ("Rathje Woodward").  This declaration includes time and expenses incurred by Rathje Woodward personnel through July 31, 2020, and time and expenses incurred by Stafford Rosenbaum personnel from August 1, 2020-January 31, 2022.

[2] Unless otherwise defined herein, any capitalized terms shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated August 27, 2021, dkt. 96-1.

Defendants' filings; preparing and filing various *pro hac vice* motions; ensuring compliance with the local rules, procedures, and practices of the Western District of Wisconsin; and preparing for and attending the remote mediation that took place on June 3, 2020.

3.      The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by each Stafford Rosenbaum and Rathje Woodward attorney who worked on the litigation from its inception through and including January 31, 2022 and the lodestar calculation for those individuals based on my firm's current hourly rates.  For personnel who are no longer employed by either firm, the lodestar calculation is based upon the hourly rates for such personnel in his or her final year of employment.   The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by Rathje Woodward and Stafford Rosenbaum.  All time expended in preparing this application for fees and expenses has been excluded.

4.      As the partner responsible for supervising my firms' work on this case, I reviewed these time and expense records to prepare this declaration.  The purpose of this review was to confirm both the accuracy of the time entries and expenses and the necessity for, and reasonableness of, the time and expenses committed to the litigation.

5.      Following this review, I believe that the time reflected in my firms' lodestar calculation and the expenses for which payment is sought as stated in this declaration are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation.  In addition, based on my experience in similar litigation, the expenses are all of a type that would normally be billed to a fee-paying client in the private legal marketplace.

6.     The hourly rates for the Rathje Woodward and Stafford Rosenbaum attorneys included in Exhibit 1 are consistent with the hourly rates the firms charge for similar services in non-contingent complex litigation matters.

7.     The firms' rates are set based on periodic analysis of rates charged by firms performing comparable work.  Different timekeepers within the same employment category (e.g., partners, associates, paralegals, etc.) may have different rates based on a variety of factors, including years of practice, years at the firm, year in the current position (e.g., years as a partner), relevant experience, relative expertise, and the rates of similarly experienced peers at our firm or other firms.

8.     The total number of hours expended on this litigation by Rathje Woodward and Stafford Rosenbaum from inception through and including January 31, 2022, is 49.50 hours.  The total lodestar for both firms for that period is $24,270.00.  These lodestar figures are based upon the firms' hourly rates, which do not include charges for expense items.

9.     As detailed in Exhibit 1, the firms are seeking payment of a total of $447.56 in expenses incurred in connection with the prosecution of this Action from its inception through and including January 31, 2022.

10.    The expenses incurred in this Action are reflected in the records of Rathje Woodward and Stafford Rosenbaum, which are regularly prepared and maintained in the ordinary course of business.  These records are prepared from expense vouchers, check records, and other source materials and are an accurate record of the expenses incurred.

11.    I am the only attorney from Rathje Woodward or Stafford Rosenbaum who worked on this matter and is still currently employed by either firm. With respect to the standing of my current firm, attached hereto as Exhibit 2 is my brief biography.

3

I declare, under penalty of perjury, that the foregoing facts are true and correct.

Executed on:  February 7, 2022

/s/ Douglas M. Poland
Douglas M. Poland