**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION | ) | No. 19-cv-347-jdp |
| | ) | |
| | ) | |

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**(A) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT**
**AND PLAN OF ALLOCATION AND (B) LEAD COUNSEL'S MOTION FOR**
**AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

---

**STAFFORD ROSENBAUM LLP**
Douglas M. Poland
State Bar No. 1055189
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
Telephone:  (608) 256-0226
Facsimile:  (608) 259-2600
dpoland@staffordlaw.com

*Liaison Counsel for Lead Plaintiffs the*
*Public School Teachers' Pension and*
*Retirement Fund of Chicago and the*
*Cambridge Retirement System*
*and the Spectrum Class*

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**
Katherine M. Sinderson
Jai Chandrasekhar
Matthew Traylor
1251 Avenue of Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
KatieM@blbglaw.com
Jai@blbglaw.com
Matthew.Traylor@blbglaw.com

-and-

Avi Josefson
875 North Michigan Avenue, Suite 3100
Chicago, Illinois 60611
Telephone: (312) 373-3880
Facsimile: (312) 794-7801
avi@blbglaw.com

*Lead Counsel for Lead Plaintiffs the Public*
*School Teachers' Pension and Retirement*
*Fund of Chicago and the Cambridge*
*Retirement System and the Spectrum Class*

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................................1

II.    THE SPECTRUM CLASS'S REACTION STRONGLY SUPPORTS
       APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND
       THE MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES .................2

       A.    The Court-Approved Notice Program ...................................................................2

       B.    The Spectrum Class's Reaction Supports Approval of the Settlement and
             Plan of Allocation .................................................................................................3

       C.    The Spectrum Class's Reaction Also Supports Approval of Lead
             Counsel's Request for Attorneys' Fees and Litigation Expenses...........................5

       D.    Claims Received ....................................................................................................6

III.   CONCLUSION...........................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Beneli v. BCA Fin. Servs., Inc.*,
 2018 WL 734673 (D.N.J. Feb. 6, 2018) ..................................................................................5

*Edwards v. Key 2 Recovery, Inc.*,
 2020 WL 4005080 (S.D. Ind. Feb. 28, 2020), *report and recommendation
 adopted*, 2020 WL 1983091 (S.D. Ind. Apr. 27, 2020) ..............................................................3

*In re AT&T Corp.*,
 455 F.3d 160 (3d Cir. 2006)......................................................................................................5

*In re AT&T Corp. Sec. Litig.*,
 2005 WL 6716404 (D.N.J. Apr. 25, 2005) ...............................................................................4

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
 343 F. Supp. 3d 394 (S.D.N.Y. 2018).......................................................................................4

*In re Lithotripsy Antitrust Litig.*,
 2000 WL 765086 (N.D. Ill. June 12, 2000) ..............................................................................5

*In re Lucent Techs., Inc., Sec. Litig.*,
 307 F. Supp. 2d 633 (D.N.J. 2004) ...........................................................................................4

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
 986 F. Supp. 2d 207 (E.D.N.Y. 2013) .......................................................................................4

*In re Rite Aid Corp. Sec. Litig.*,
 396 F.3d 294 (3d Cir. 2005).......................................................................................................5

*In re Schering-Plough Corp. Enhance ERISA Litig.*,
 2012 WL 1964451 (D.N.J. May 31, 2012) ...............................................................................6

*In re Veeco Instruments Inc. Sec. Litig.*,
 2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007)............................................................................4

*McDaniel v. Qwest Commc'ns Corp.*,
 2011 WL 13257336 (N.D. Ill. Aug. 29, 2011), *aff'd*, 743 F.3d 221 (7th Cir. 2014)................5

*Schilling v. PGA Inc.*,
 2020 WL 7865862 (W.D. Wis. Apr. 14, 2020) ........................................................................3

*Slaughter v. Wells Fargo Advisors, LLC*,
 2017 WL 3128802 (N.D. Ill. May 4, 2017)..............................................................................4

*Standard Iron Works v. ArcelorMittal*,
    2014 WL 7781572 (N.D. Ill. Oct. 22, 2014)...........................................................................5

*Wolfe v. TCC Wireless, LLC*,
    2018 WL 11215318 (N.D. Ill. Mar. 12, 2018)......................................................................3, 4

*Wong v. Accretive Health, Inc.*,
    2014 WL 7717579 (N.D. Ill. Apr. 30, 2014) .........................................................................5

*Wong v. Accretive Health, Inc.*,
    773 F.3d 859 (7th Cir. 2014) ...............................................................................................3

*Young v. City of Chicago*,
    2013 WL 9947387 (N.D. Ill. Dec. 16, 2013) .........................................................................4

Lead Plaintiffs the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System ("Lead Plaintiffs"), on behalf of themselves and the other members of the Spectrum Class, and Lead Counsel respectfully submit this reply memorandum of law in further support of (i) Lead Plaintiffs' motion for final approval of the Settlement and approval of the proposed Plan of Allocation (dkts. 100-101), and (ii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses (dkts. 102-103) (together, the "Motions").[1]

## I.      INTRODUCTION

In Lead Plaintiffs' and Lead Counsel's opening papers in support of the Motions (dkts. 100-104) ("Opening Papers"), Lead Plaintiffs set forth the reasons why the proposed $32 million Settlement for the benefit of the Spectrum Class satisfies the criteria for final approval under Rule 23(e), and Lead Counsel set forth the reasons why its request for attorneys' fees and Litigation Expenses should be approved.

Since then, the Claims Administrator, under the supervision of Lead Counsel, has completed an extensive notice program to potential members of the Spectrum Class pursuant to the Court's Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement (dkt. 98) (the "Preliminary Approval Order"). The notice program included mailing the Notice Packet to over 90,500 potential Spectrum Class Members. In response to this notice program, no member of the Spectrum Class has objected to any aspect of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and expenses. In

---

[1] Unless otherwise defined, all capitalized terms used in this memorandum have the meanings defined in the Stipulation and Agreement of Settlement, dated August 27, 2021 (dkt. 96-1) (the "Stipulation") or in the Declaration of Katherine M. Sinderson in Support of (I) Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses (dkt. 104) (the "Sinderson Declaration" or "Sinderson Decl.").

addition, only one request for exclusion from the Spectrum Class was received, which was submitted by an individual investor who was already excluded from the class. As explained further below, the overwhelmingly positive reaction of the Spectrum Class further demonstrates that the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses should be approved.

**II.   THE SPECTRUM CLASS'S REACTION STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

### A.   The Court-Approved Notice Program

In accordance with the Court's Preliminary Approval Order, the Court-authorized Claims Administrator, JND Legal Administration ("JND"), conducted an extensive notice campaign, including mailing notice of the Settlement to 90,591 potential Spectrum Class Members, publishing a summary notice in *Investor's Business Daily* and over the *PR Newswire*, and posting relevant information and documents—including Lead Plaintiffs' and Lead Counsel's Opening Papers—on a dedicated settlement website, www.SpectrumBrandsSecuritiesLitigation.com. *See* Supplemental Declaration of Luiggy Segura Regarding: (A) Mailing of the Notice and Claim Form; and (B) Report on Requests for Exclusion and Claim Forms Received ("Supp. Segura Decl.") filed herewith, as well as the previously filed Declaration of Luiggy Segura dated February 7, 2022 (dkts. 104-4, 108) ("Initial Segura Decl.").

The foregoing notice efforts have informed Spectrum Class Members of the Settlement, the Plan of Allocation, and the requested fees and Litigation Expenses, as well as Spectrum Class Members' options in connection with the Settlement and the February 22, 2022 deadline for submitting an objection or requesting exclusion from the Spectrum Class. *See, e.g.*, Initial Segura Decl., Ex. A.

Following this robust notice campaign, there have been ***no objections*** to any aspect of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses. In addition, only one request for exclusion from the Spectrum Class was received and it was submitted by an individual who had previously requested exclusion from the settlement class in connection with the Initial Settlement and who was thus excluded from the Spectrum Class by definition.[2]  This individual purchased just 31 shares of Spectrum common stock during the Class Period—representing a tiny portion of the class.

### B.    The Spectrum Class's Reaction Supports Approval of the Settlement and Plan of Allocation

The Seventh Circuit has instructed district courts to consider the reaction of the class in determining whether to approve a class action settlement.  *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) (two factors that should be considered are "the amount of opposition to the settlement" and "the reaction of members of the class to the settlement").

The absence of any objections from Settlement Class Members strongly supports a finding that the Settlement is fair, reasonable, and adequate.  *See Schilling v. PGA Inc.,* 2020 WL 7865862, at *1 (W.D. Wis. Apr. 14, 2020) (considering the "lack of any objections" as a factor in approving a class action settlement); *Edwards v. Key 2 Recovery, Inc.*, 2020 WL 4005080, at *8 (S.D. Ind. Feb. 28, 2020) ("Here, no objections or exclusions have been filed. This absence of opposition strongly favors a finding that the settlement is fair, reasonable, and adequate."), *report and recommendation adopted*, 2020 WL 1983091 (S.D. Ind. Apr. 27, 2020); *Wolfe v. TCC Wireless, LLC*, 2018 WL 11215318, at *2 (N.D. Ill. Mar. 12, 2018) ("The absence of any

---

[2] The three individuals who collectively submitted two requests for exclusion from the settlement class in connection with the Initial Settlement are excluded from the Spectrum Class by the terms of the Stipulation.  Stipulation ¶ 1(yy) (dkt. 96-1).

objections to the Settlement by Class Members . . . supports approval of the Settlement."); *Slaughter v. Wells Fargo Advisors, LLC*, 2017 WL 3128802, at *2 (N.D. Ill. May 4, 2017) ("the lack of objections indicates strong support for the Settlement from the Settlement Class"); *Young v. City of Chicago*, 2013 WL 9947387, at *2 (N.D. Ill. Dec. 16, 2013) ("the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement").

In particular, the absence of any objections from any institutional investors, who possessed ample sophistication, means and incentive to object to the Settlement if they deemed it unsatisfactory, is further evidence of the Settlement's fairness. *See, e.g.*, *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

The lack of objections also supports approval of the Plan of Allocation. *See, e.g.*, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 240 (E.D.N.Y. 2013) (the conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the . . . absence of objections from class members"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation."); *In re Lucent Techs., Inc., Sec. Litig.*, 307 F. Supp. 2d 633, 649 (D.N.J. 2004) ("The favorable reaction of the Class supports approval of the proposed Plan of Allocation. . . . [N]o Class Member has objected to the Plan of Allocation.").

4

### C. The Spectrum Class's Reaction Also Supports Approval of Lead Counsel's Request for Attorneys' Fees and Litigation Expenses

The reaction of the Spectrum Class also supports Lead Counsel's motion for attorneys' fees and Litigation Expenses. Here, the lack of any objections to the requested fees and expenses provides strong support for the approval of the motion. *See, e.g.*, *In re Lithotripsy Antitrust Litig.*, 2000 WL 765086, at *2 (N.D. Ill. June 12, 2000) (considering lack of objection to attorneys' fees request in approving request); *Wong v. Accretive Health, Inc.*, 2014 WL 7717579, at *1 (N.D. Ill. Apr. 30, 2014) ("the reaction of the Class to the fee request supports the fee awarded"); *McDaniel v. Qwest Commc'ns Corp.*, 2011 WL 13257336, at *4 (N.D. Ill. Aug. 29, 2011) (that there were "no objections to the requested attorneys' fee award . . . 'indicates the appropriateness of the [fee] request'") (citation omitted), *aff'd*, 743 F.3d 221 (7th Cir. 2014); *see also In re AT&T Corp.*, 455 F.3d 160, 170 (3d Cir. 2006) ("the absence of substantial objections by class members to the fees requested by counsel strongly supports approval"); *Beneli v. BCA Fin. Servs., Inc.*, 2018 WL 734673, at *17 (D.N.J. Feb. 6, 2018) (the absence of objections "strongly supports approval of Class Counsel's requested fee award").

Again, the absence of any objection to the fees by institutional investors—of which there are many in the Spectrum Class—is of particular note because they are sophisticated and have the capacity to submit an objection if they believed it warranted. *See Standard Iron Works v. ArcelorMittal*, 2014 WL 7781572, at *2 (N.D. Ill. Oct. 22, 2014) (finding that the absence of objections to a fee request from a class that included sophisticated business entities "indicates that the fee is fair and reasonable and consistent with prevailing market rates"); *see also In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of

5

request); *In re Schering-Plough Corp. Enhance ERISA Litig.*, 2012 WL 1964451, at *6 (D.N.J. May 31, 2012) ("The lack of objections to the requested attorneys' fees supports the request, especially because the settlement class includes large, sophisticated institutional investors.").

In sum, the favorable reaction of the Spectrum Class provides strong support for approval of the Settlement, the Plan of Allocation, and Lead Counsel's request for attorneys' fees and Litigation Expenses.

### D.    Claims Received

The Notice informed potential members of the Spectrum Class that if they wished to participate in the Settlement they must submit a Claim Form to JND, with supporting documentation, postmarked or received by January 25, 2022, but that they did not need to do so if they had already submitted a Claim Form in connection with the Initial Settlement. *See* Notice at p. 4 and ¶¶ 44-46; Claim Form at pp. 1, 12.

To date, JND has received approximately 29,254 claims, including 26,798 claims were filed electronically and 2,456 claims that were submitted by mail. *See* Suppl. Segura Decl. ¶¶ 5-6. These claims are still being processed and are subject to a deficiency process (in which Spectrum Class members will be given the chance to cure any deficiencies in their claims) and further reviews and audits for quality control and fraud prevention. *Id*. ¶ 6. Based on JND's review to date of the claims received, the claims received in the Action represent a total of 32,342,837 damaged Spectrum Brand shares. *See id*. This represents 90% of the total number of damaged shares as modeled by Lead Plaintiffs' damages expert based on public SEC filings and market data.

6

## III.    CONCLUSION

For the foregoing reasons, and those set forth in their Opening Papers, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and Lead Counsel's request for attorneys' fees and Litigation Expenses.   Copies of the (1) [Proposed] Judgment Approving Class Action Settlement; (2) [Proposed] Order Approving Plan of Allocation of Net Settlement Fund, and (3) [Proposed] Order Awarding Attorneys' Fees and Litigation Expenses are attached hereto as Exhibits 1, 2, and 3, respectively.[3]

Dated:  March 4, 2022                                      Respectfully submitted,

*/s/ Katherine M. Sinderson*
**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
Katherine M. Sinderson, admitted *pro hac vice*
Jai Chandrasekhar, admitted *pro hac vice*
Matthew Traylor, admitted *pro hac vice*
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
KatieM@blbglaw.com
Jai@blbglaw.com
Matthew.Traylor@blbglaw.com

-and-

Avi Josefson
875 North Michigan Avenue, Suite 3100
Chicago, Illinois 60611
Telephone: (312) 373-3880
Facsimile: (312) 794-7801
avi@blbglaw.com

*Lead Counsel for Lead Plaintiffs the Public School Teachers' Pension & Retirement Fund of Chicago and the Cambridge Retirement System and the Spectrum Class*

---

[3] Lead Counsel is in receipt of the Court's March 3, 2022 Order, directing counsel to file contemporaneous time logs and more detailed records of expenses.  Plaintiffs' Counsel will file supplemental declarations with the requested information promptly for the Court's review.

8

**STAFFORD ROSENBAUM LLP**
Douglas M. Poland
State Bar No. 1055189
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
Telephone:  (608) 256-0226
Facsimile:  (608) 259-2600
dpoland@staffordlaw.com

*Liaison Counsel for Lead Plaintiffs the Public School Teachers' Pension & Retirement Fund of Chicago and the Cambridge Retirement System and the Spectrum Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Katherine M. Sinderson, an attorney, hereby certify that a copy of the foregoing **"Reply Memorandum of Law in Further Support of (A) Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation and (B) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses"** and its exhibits were served on counsel for all parties electronically via the CM/ECF system on March 4, 2022.

Dated:  March 4, 2022

By:    */s/ Katherine M. Sinderson*
          Katherine M. Sinderson

#3086083