# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION | ) | No. 19-cv-347-jdp |
| | ) | |
| | ) | |

**ORDER AWARDING ATTORNEYS' FEES
AND LITIGATION EXPENSES**

This matter came on for hearing on March 18, 2022 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Spectrum Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and released over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated August 27, 2021 (dkt. 96-1) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.     The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Spectrum Class Members.

3.     Plaintiff's Counsel are hereby awarded attorneys' fees in the amount of 15% of the Settlement Fund net of Litigation Expenses and estimated Notice and Administration Costs, or $_____ (plus interest thereon at the same rate as earned by the Settlement Fund) as well as $_____ in payment of Plaintiffs' Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.  Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

4.     In making this award of attorneys' fees and payment of expenses from the Settlement Fund, the Court has considered and found that:

(a)     The Settlement has created a fund of $32,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Spectrum Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b)     The requested fee has been reviewed and approved as reasonable by Lead Plaintiffs, which are sophisticated institutional investors that actively supervised the Action;

(c)     Copies of the Notice were mailed to over 90,500 potential Spectrum Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 15% of the Settlement Fund and for Litigation Expenses in an amount not to exceed $400,000, and no objections to the requested attorneys' fees and Litigation Expenses were received;

(d)    Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e)    The Action raised a number of complex issues;

(f)    Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Spectrum Class may have recovered less or nothing from Defendants;

(g)    Plaintiffs' Counsel devoted over 5,000 hours, with a lodestar value of over $3.1 million, to achieve the Settlement; and

(h)    The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

5.    Lead Plaintiff Public School Teachers' Pension and Retirement Fund of Chicago is hereby awarded $7,706.95 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Spectrum Class.

6.    Lead Plaintiff Cambridge Retirement System is hereby awarded $7,965.60 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Spectrum Class.

7.    Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8.    Exclusive jurisdiction is hereby retained over the Parties and the Spectrum Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

4

9.      In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.      There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____ 2022.


_____
The Honorable James D. Peterson
United States District Judge

#3086268