**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE SPECTRUM BRANDS SECURITIES LITIGATION | ) | No. 19-cv-347-jdp |
| | ) | |
| | ) | |

---

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' UNOPPOSED
MOTION FOR APPROVAL OF DISTRIBUTION PLAN**

---

**STAFFORD ROSENBAUM LLP**
Douglas M. Poland
State Bar No. 1055189
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
Telephone:  (608) 256-0226
Facsimile:  (608) 259-2600
dpoland@staffordlaw.com

*Liaison Counsel for Lead Plaintiffs the
Public School Teachers' Pension and
Retirement Fund of Chicago and the
Cambridge Retirement System
and the Spectrum Class*

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
Katherine M. Sinderson
Jai Chandrasekhar
1251 Avenue of Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
KatieM@blbglaw.com
Jai@blbglaw.com

-and-

Avi Josefson
875 North Michigan Avenue, Suite 3100
Chicago, Illinois 60611
Telephone: (312) 373-3880
Facsimile: (312) 794-7801
avi@blbglaw.com

*Lead Counsel for Lead Plaintiffs the Public
School Teachers' Pension and Retirement
Fund of Chicago and the Cambridge
Retirement System and the Spectrum Class*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................. ii

I.      BACKGROUND ........................................................................................................................2

II.     CLAIMS ADMINISTRATION....................................................................................................3

        A.      No Disputed Claims........................................................................................................4

        B.      Late Claims and Final Cut-Off Date...............................................................................5

III.    FEES AND EXPENSES OF CLAIMS ADMINISTRATOR ............................................6

IV.     DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND ....................................7

        A.      Initial Distribution of the Net Settlement Fund ..........................................................7

        B.      Additional Distribution(s) of the Net Settlement Fund...............................................8

V.      RELEASE OF CLAIMS.............................................................................................................10

VI.     CONCLUSION.........................................................................................................................12

i

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*In re Eletrobras Sec. Litig.*,
  467 F. Supp. 3d 149 (S.D.N.Y. 2020)....................................................................................11

*In re Nu Skin Enters., Inc., Sec. Litig.*,
  Master File No. 14-cv-33 (D. Utah Aug. 30, 2018).................................................................10

*In re Signet Jewelers Ltd. Sec. Litig.*,
  No. 1:16-cv-06728 (CM), 2021 WL 5357468 (S.D.N.Y. Nov. 16, 2021)..............................10

*In re The St. Paul Cos., Inc. Sec. Litig.*,
  No. Civ. 02-3825 (PAM/RLE), 2006 WL 618910 (D. Minn. Mar. 10, 2006) ........................11

*Perkins v. Am. Nat'l Ins. Co.*,
  No. 05-cv-100, 2012 WL 2839788 (CDL) (M.D. Ga. July 10, 2012)....................................10

*Shah v. Zimmer Biomet Holdings, Inc.*,
  No. 3:16-CV-815-PPS-MGG, 2020 WL 7392796 (N.D. Ind. Dec. 14, 2020) ........................11

Lead Plaintiffs, the Public School Teachers' Pension and Retirement Fund of Chicago and the Cambridge Retirement System ("Lead Plaintiffs"), on behalf of themselves and the Spectrum Class, respectfully move for entry of the proposed Order Approving Distribution Plan ("Class Distribution Order") for the proceeds of the Settlement in the above-captioned securities class action (the "Action"). The Distribution Plan is included in the accompanying Declaration of Luiggy Segura ("Segura Declaration" or "Segura Decl."), submitted on behalf of the Court-approved Claims Administrator, JND Legal Administration ("JND").[1]

If entered by the Court, the Class Distribution Order would permit JND to make an Initial Distribution of Settlement proceeds to eligible Claimants. Among other things, the Class Distribution Order would: (i) approve JND's administrative determinations accepting and rejecting Claims submitted in connection with the Settlement; (ii) direct the Initial Distribution of the Net Settlement Fund to Claimants whose Claims are accepted by JND as valid and approved by the Court ("Authorized Claimants"), while maintaining a Reserve for any tax liability and claims administration-related contingencies that may arise; and (iii) approve JND's fees and expenses incurred and estimated to be incurred in the administration of the Settlement and the Initial Distribution.

There are no disputed Claims by any Spectrum Class Member requiring Court review. Further, under the Stipulation, Defendants have no role in or responsibility for the administration of the Settlement Fund or processing of Claims, including determinations as to the validity of

---

[1] Unless otherwise indicated in this memorandum, all terms with initial capitalization shall have the meanings ascribed to them in the Segura Declaration or the Stipulation and Agreement of Settlement, dated as of August 27, 2021 (dkt. 96-1) ("Stipulation"), or the Declaration of Katherine M. Sinderson in Support of (I) Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation and (II) Lead Counsel's Motion for an Award of Attorneys' Fees And Litigation Expenses (dkt. 115). The Settlement is contained in the Stipulation.

Claims or the distribution of the Net Settlement Fund. *See* Stipulation ¶¶ 18, 22, 24; *see also* Notice ¶ 50. Nevertheless, we provided Defendants' Counsel a copy of the motion papers and they informed us that Defendants take no position on this motion. As such, the motion is ripe for determination and Lead Counsel respectfully submits that a hearing on this motion is not required.

## I.    BACKGROUND

As the Court will recall, notice of a proposed Initial Settlement, which would have encompassed the claims of purchasers of Spectrum, Old Spectrum, and HRG shares during the Class Period, was mailed to potential class members in the fall of 2020. After the Court declined to approve the Initial Settlement, the Court severed the claims of purchasers of Spectrum and Old Spectrum shares from those of purchasers of HRG shares in two separate actions in August 2021, and settlements were separately reached in both of the actions. This Action (pertaining to the Spectrum Class) was settled for $32 million in cash. On March 21, 2022, the Court entered the Judgment Approving Class Action Settlement (dkt. 122) and the Order Approving Plan of Allocation of Net Settlement Fund (dkt. 121). The Effective Date of the Settlement has now occurred. *See* Stipulation ¶ 32. Accordingly, the Net Settlement Fund may be distributed to Authorized Claimants. In accordance with paragraph 27 of the Stipulation, Lead Plaintiffs respectfully request that the Court enter the Class Distribution Order approving the Distribution Plan.

In accordance with the Court's Preliminary Approval Order (dkt. 98), JND mailed the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses ("Notice") and the Proof of Claim and Release ("Claim Form" and, collectively with the Notice, the "Notice Packet") to potential Spectrum Class Members, brokers, and other nominees beginning on

December 9, 2021. Segura Decl. ¶ 2. JND has disseminated 90,591 Notice Packets to potential Spectrum Class Members, brokers, and nominees. *Id*. ¶ 4. The Notice informed Spectrum Class Members that if they wished to be eligible to participate in the distribution of the Net Settlement Fund and had not previously submitted a Claim Form in connection with the Initial Settlement, they were required to submit a properly executed Claim Form postmarked no later than January 25, 2022. *Id*. ¶ 7.

## II.    CLAIMS ADMINISTRATION

As set forth in the Segura Declaration, through September 15, 2022, JND received and processed 30,875 Claims. Segura Decl. ¶ 7. This includes Claims that were originally received in connection with the Initial Settlement, which JND reviewed for eligibility under the revised Settlement, as well as additional Claims received after mailing of the Notice of the revised Settlement. All Claims received through September 15, 2022, have been fully processed in accordance with the Stipulation and the Court-approved Plan of Allocation included in the Notice (*see id*.), and JND has worked with Claimants to help them perfect their Claims. *See id.* ¶¶ 19-32. Many of the Claims were initially deficient or ineligible for one or more reasons, including being incomplete, not signed, not properly documented, or otherwise deficient, which required substantial follow-up work by JND. *Id*. ¶¶ 19, 22.

If JND determined a Claim to be defective or ineligible, JND sent a letter (if the Claimant or filer filed a paper Claim) or an email (if the Claimant or filer filed an electronic Claim) to the Claimant or filer, as applicable, describing the defect(s) or condition(s) of ineligibility in the Claim and the steps necessary to cure any curable defect(s) in the Claim ("Deficiency Notices"). *Id*. ¶¶ 20, 22. The Deficiency Notices advised the Claimant or filer that the appropriate information or documentary evidence to complete the Claim had to be sent within 20 days from

the date of the Deficiency Notice or JND would recommend the Claim for rejection to the extent the deficiency or condition of ineligibility was not cured. *Id.* ¶¶ 20, 23. Examples of the Deficiency Notices are attached as Exhibits A, B, and C to the Segura Declaration.

Of the 30,875 Claims that are the subject of this motion, JND has determined that 13,442 Claims are acceptable in whole or in part, and that 17,433 Claims should be rejected because they are ineligible for payment from the Net Settlement Fund. Segura Decl. ¶¶ 39-42. The eligible Claims received represent approximately 27,066,082 allegedly damaged Spectrum shares (Segura Decl. ¶¶ 40-41), which represent 76% of the total number of allegedly damaged Spectrum shares as estimated by Lead Plaintiffs' damages expert based on public SEC filings and market data.

### A.    No Disputed Claims

JND carefully reviewed Claimants' and filers' responses to the Deficiency Notices and worked with them to resolve deficiencies where possible. *Id.* ¶¶ 21, 26. Consistent with paragraph 25(e) of the Stipulation, the Deficiency Notices specifically advised the Claimant or filer of the right, within 20 days after the mailing or emailing of the Deficiency Notice, to contest the rejection of the Claim and request Court review of JND's administrative determination of the Claim. *Id.* ¶¶ 20, 23, and Exhibits A and B.

With respect to the fully processed Claims, JND received five (5) requests for Court review of its administrative determinations. To resolve these disputes without necessitating the Court's intervention, JND contacted the Claimants requesting Court review and attempted to answer all questions, to explain JND's administrative determination of the Claim's status, and to facilitate the submission of missing information or documentation where applicable. *Id.* ¶ 32. As a result of these efforts, these five Claimants understood the reasons for JND's determinations

4

and withdrew their requests for Court review. *Id*. Accordingly, there are no outstanding requests for Court review by any Claimants. *Id*.

### B.    Late Claims and Final Cut-Off Date

The 30,875 Claims received through September 15, 2022, include 851 Claims that were postmarked or received after January 25, 2022, the Court-approved Claim submission deadline. *Id*. ¶¶ 33, 41. Those late Claims have been fully processed, and 408 of them are, but for their late submission, otherwise eligible to participate in the Settlement. *Id*. Although these 408 Claims were late, they were received while the processing of timely Claims was ongoing. *Id*. Due to the amount of time needed to process the timely Claims received, the processing of these late Claims did not delay the completion of the Claims administration process or the distribution of the Net Settlement Fund. *Id*. ¶ 33. The Court has discretion to accept Claims received after the Claim submission deadline. *See* Preliminary Approval Order ¶ 11; Notice ¶ 52. Lead Plaintiffs respectfully submit that, when the equities are balanced, it would be unfair to prevent an otherwise eligible Claim from participating in the distribution of the Net Settlement Fund solely because it was received after the Court-approved Claim submission deadline if it were submitted while timely Claims were still being processed.

To facilitate the efficient distribution of the Net Settlement Fund, however, there must be a final cut-off date after which no other Claims may be accepted. Accordingly, Lead Plaintiffs respectfully request that the Court order that any new Claims and any adjustments to previously filed Claims that would result in an increased Recognized Claim amount received after September 15, 2022, be barred, subject to the provisions of paragraph 45(f) of the Segura Declaration. Paragraph 45(f) of the Segura Declaration applies to any Claims received or modified after September 15, 2022, that would have been eligible for payment or additional payment under the

5

Court-approved Plan of Allocation if timely received. At the time when Lead Counsel, in consultation with JND, determines that an additional distribution is not cost-effective as provided in paragraph 45(e) of the Segura Declaration, the post-September 15, 2022 Claimants, after payment of fees and expenses as provided in paragraph 45(f) of the Segura Declaration and at the discretion of Lead Counsel and to the extent possible, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks.

III.   **FEES AND EXPENSES OF CLAIMS ADMINISTRATOR**

In accordance with JND's agreement with Lead Counsel to act as the Claims Administrator for the Settlement, JND was responsible for, among other things, disseminating notice of the Settlement to the Spectrum Class, creating and maintaining a website and toll-free helpline, processing Claims, and allocating and distributing the Net Settlement Fund to Authorized Claimants. Segura Decl. ¶ 2. JND's fees and expenses for its work performed through August 31, 2022, are $409,978.77. The brokerage firms and nominees charged JND another $38,671.54 for their work providing names and addresses of potential Spectrum Class Members and forwarding notices to their clients. JND anticipates that its fees and expenses for work to be performed on behalf of the Spectrum Class in connection with the Initial Distribution will be $30,372.68. *Id*. ¶ 44. Should the estimate of fees and expenses to conduct the Initial Distribution of the Net Settlement Fund exceed the actual cost, the excess will be returned to the Net Settlement Fund and will be available for subsequent distribution to Authorized Claimants. *Id*. To date, JND has received payment in the amount of $368,083.89 for its fees and expenses. *Id*. Accordingly, there is an outstanding balance of $110,939.10 payable to JND, which amount includes the estimated fees and expenses to be incurred by JND in connection with the Initial

6

Distribution. *Id*. Lead Counsel reviewed JND's invoices and respectfully requests on behalf of Lead Plaintiffs that the Court approve all of JND's fees and expenses.

## IV.   DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND

### A.   Initial Distribution of the Net Settlement Fund

Under the proposed Distribution Plan, JND will distribute 95% of the Net Settlement Fund after deducting (i) all payments previously allowed, (ii) payments approved by the Court on this motion, and (iii) any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees (i.e., the "Initial Distribution"). *See* Segura Decl. ¶ 45(a). In the Initial Distribution, JND will calculate award amounts for all Authorized Claimants as if the entire Net Settlement Fund were to be distributed now. *Id*. ¶ 45(a)(1). JND will first determine each Authorized Claimant's *pro rata* share of the total Net Settlement Fund based on the Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants. *Id*. JND will eliminate from the Initial Distribution any Authorized Claimant whose *pro rata* share calculates to less than $10.00, as these Claimants will not receive any payment from the Net Settlement Fund and will be so notified by JND. *Id*. ¶ 45(a)(2). JND will then recalculate the *pro rata* share of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more based on the amount of the Authorized Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants who would have received $10.00 or more. *Id*. ¶ 45(a)(3). This *pro rata* share is the Authorized Claimant's Distribution Amount. *Id*. Authorized Claimants whose Distribution Amount calculates to less than $200.00 will be paid their full Distribution Amount in the Initial Distribution ("Claims Paid in Full"). *Id*. ¶ 45(a)(4). These Authorized Claimants will receive no additional funds in subsequent distributions. *Id*. After deducting the payments to the Claims Paid in Full, 95% of the remaining balance of the Net

Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $200.00 or more. *Id*. ¶ 45(a)(5). The remaining 5% of the Net Settlement Fund will be held in reserve (the "Reserve") to address any tax liability and claims administration-related contingencies that may arise. *Id*. To the extent the Reserve is not depleted, the remainder will be distributed in the Second Distribution. *Id*.

To encourage Authorized Claimants to cash their checks promptly, Lead Plaintiffs propose that all distribution checks bear the notation, "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." *Id*. ¶ 45(b). Authorized Claimants who do not cash their checks within the time allotted or on the conditions stated in paragraph 45(b) of the Segura Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to these stale-dated checks will be available to be redistributed to other Authorized Claimants in a subsequent distribution, as described below. *Id*. ¶ 45(c).

## B.    Additional Distribution(s) of the Net Settlement Fund

After JND has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks, but not earlier than seven (7) months after the Initial Distribution, JND will, after consulting with Lead Counsel, conduct the Second Distribution of the Net Settlement Fund. *Id.* ¶ 45(d). In the Second Distribution, any amount remaining in the Net Settlement Fund, after deducting any unpaid fees and expenses incurred, will be distributed to all Authorized Claimants (other than Claims Paid in Full) who cashed their Initial Distribution checks and would receive at least $10.00 from the Second Distribution based on their *pro rata* share of the remaining funds. *Id*. If any funds remain in the Net Settlement Fund after the Second Distribution, and if cost-effective, subsequent distributions will take place at six-month intervals.

8

*Id*. When Lead Counsel, in consultation with JND, determines that a further distribution is not cost-effective, if sufficient funds remain to warrant the processing of Claims received after September 15, 2022, JND will process those Claims. *Id*. ¶ 45(e). Any of these Claims that are otherwise valid, as well as any earlier received Claims for which an upward adjustment was received after September 15, 2022, may be paid in accordance with paragraph 45(f) of the Segura Declaration. *Id*.

If any funds remain in the Net Settlement Fund after payment of these Claims and any unpaid fees or expenses, Lead Counsel proposes that such remaining funds (if there are any) be contributed to the National Consumer Law Center ("NCLC"). Lead Counsel proposes that the NCLC be designated as the "non-sectarian, not-for-profit 501(c)(3) organization to be recommended by Lead Counsel" referenced in the Court-approved Plan of Allocation. *See* Notice ¶ 76.

NCLC is a private, non-sectarian, non-profit organization exempt from taxation under Section 501(c)(3) of the Internal Revenue Code. *See About Us*, National Consumer Law Center, https://www.nclc.org/about-us/history/ (last visited Oct. 10, 2022). NCLC was founded in 1969 through a federal grant to provide legal services addressed to two main goals: improving the access of low-income people to the legal system and enabling advocates to seek remedies where needed. *See Our Story*, National Consumer Law Center, nclc.org/about-us/our-story.html (last visited Oct. 10, 2022). Today, NCLC continues to advocate for low-income consumers and provides many resources to civil legal aid and private attorneys representing low-income consumers. *See id.* NCLC's lawyers provide policy analysis, advocacy, litigation, expert-witness services, and training for consumer advocates throughout the United States. *See id.* "NCLC works to ensure a fair marketplace and access to justice for all consumers, including low-income people,

older Americans, students, military service members and veterans," and its "work covers a broad range of consumer issues, including consumer protection, fair credit, debt collection, student loans, mortgages and foreclosures, financial services, bankruptcy, [and] unfair and deceptive acts and practices. . . ." *See Cy Pres Awards*, National Consumer Law Center, nclc.org/about-us/cy-pres-awards.html (last visited Sept. 13, 2022). Federal courts have approved NCLC as a *cy pres* recipient of residual balances of net settlement funds in other settlements. *See, e.g.*, *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728 (CM), 2021 WL 5357468, at *2 (S.D.N.Y. Nov. 16, 2021); *In re Nu Skin Enters., Inc., Sec. Litig.*, No. 14-cv-00033-JNP-BCW, ECF Nos. 152-154 (D. Utah Aug. 30, 2018); *Perkins v. Am. Nat'l Ins. Co.*, No. 05-cv-100 (CDL), 2012 WL 2839788, at *5 (M.D. Ga. July 10, 2012) ("The Court is also satisfied that The National Consumer Law Center's mission, reputation and established track record will ensure that it will be a good steward of the grant award made to it.").

## V.    RELEASE OF CLAIMS

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to (i) bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and (ii) provide that all persons involved in any aspect of Claims processing, or who are involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from all claims arising out of that involvement. *See* Stipulation ¶ 29. Accordingly, Lead Plaintiffs respectfully request that the Court release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from all claims arising out of that involvement, and bar all Spectrum Class Members and

10

other Claimants, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

Courts have repeatedly approved similar releases in connection with the distribution of settlement proceeds. *See, e.g.*, *Shah v. Zimmer Biomet Holdings, Inc.,* No. 3:16-CV-815-PPS-MGG, 2020 WL 7392796, at *2 (N.D. Ind. Dec. 14, 2020) ("All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund, Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to them pursuant to this Order."); *In re Eletrobras Sec. Litig.*, 467 F. Supp. 3d 149, 151 (S.D.N.Y. 2020) (approving substantially similar language in order authorizing distribution of settlement proceeds); *In re The St. Paul Cos., Inc. Sec. Litig.,* No. Civ. 02-3825 (PAM/RLE), 2006 WL 618910, at *2 (D. Minn. Mar. 10, 2006) (same).

## VI.    CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court grant their

Unopposed Motion for Approval of Distribution Plan and enter the proposed Order Approving

Distribution Plan.

Dated:  October 14, 2022                                  Respectfully submitted,

*/s/ Katherine M. Sinderson*
**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
Katherine M. Sinderson, admitted *pro hac vice*
Jai Chandrasekhar, admitted *pro hac vice*
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
KatieM@blbglaw.com
Jai@blbglaw.com

-and-

Avi Josefson
875 North Michigan Avenue, Suite 3100
Chicago, Illinois 60611
Telephone: (312) 373-3880
Facsimile: (312) 794-7801
avi@blbglaw.com

*Lead Counsel for Lead Plaintiffs the Public School
Teachers' Pension & Retirement Fund of Chicago
and the Cambridge Retirement System and the
Spectrum Class*

**STAFFORD ROSENBAUM LLP**
Douglas M. Poland
State Bar No. 1055189
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
Telephone:  (608) 256-0226
Facsimile:  (608) 259-2600
dpoland@staffordlaw.com

*Liaison Counsel for Lead Plaintiffs the Public
School Teachers' Pension & Retirement Fund of
Chicago and the Cambridge Retirement System and
the Spectrum Class*

## CERTIFICATE OF SERVICE

I, Katherine M. Sinderson, an attorney, hereby certify that a copy of the foregoing **"Memorandum of Law in Support of Lead Plaintiffs' Unopposed Motion for Approval of Distribution Plan"** and its exhibits were served on counsel for all parties electronically via the CM/ECF system on October 14, 2022.

Dated:  October 14, 2022            By:    */s/ Katherine M. Sinderson*
                                          Katherine M. Sinderson